UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

WINERIES OF THE OLD MISSION
PENINSULA (WOMP) ASSOC., a Michigan
Nonprofit Corporation, BOWERS HARBOR
VINEYARD & WINERY, INC., a Michigan           Honorable:
Corporation, BRYS WINERY, LC, a Michigan
Corporation, CHATEAU GRAND TRAVERSE,          Case No:
LTD, a Michigan Corporation, CHATEAU
OPERATIONS, LTD, a Michigan Corporation,
GRAPE HARBOR, INC. a Michigan Corporation,
MONTAGUE DEVELOPMENT, LLC, a
Michigan limited liability company, OV THE
FARM, LLC a Michigan limited liability
company, TABONE VINEYARDS, LLC. a
Michigan Limited Liability Company, TWO
LADS, LLC, a Michigan limited liability
company, VILLA MARI LLC, a Michigan
Limited Liability Company, WINERY AT
BLACK STAR FARMS, L.L.C., a Michigan
Limited Liability Company,

    Plaintiffs,

v

PENINSULA TOWNSHIP, a Michigan Municipal
Corporation,

    Defendants.

_____

MILLER, CANFIELD, PADDOCK
AND STONE, PLC
Joseph M. Infante (P68719)
Stephen M. Ragatzki (P81952)
Christopher J. Gartman (P83286)
99 Monroe Avenue NW, Suite 1200
Grand Rapids, MI  49503
(616) 776-6333
infante@millercanfield.com
gartman@millercanfield.com

_____

## **COMPLAINT**

  NOW COMES the Plaintiffs, WINERIES OF THE OLD MISSION PENINSULA

(WOMP) ASSOC., BOWERS HARBOR VINEYARD & WINERY, INC., BRYS WINERY, LC, CHATEAU GRAND TRAVERSE, LTD, CHATEAU OPERATIONS, LTD, GRAPE HARBOR, INC., MONTAGUE DEVELOPMENT, LLC, OV THE FARM, LLC, TABONE VINEYARDS, LLC., TWO LADS, LLC, VILLA MARI LLC and WINERY AT BLACK STAR FARMS, L.L.C. (collectively "Plaintiffs"), by and through their attorneys, MILLER, CANFIELD, PADDOCK and STONE, P.L.C., and for their Complaint against Defendant, PENINSULA TOWNSHIP, state as follows:

## INTRODUCTION

1.      This matter relates to a set of ordinances governing the operation of wineries enacted by Peninsula Township which violate Plaintiffs' Federal constitutional rights and violate Michigan law.

2.      For more than a year, Plaintiffs and their counsel have attempted to work with Peninsula Township on these issues and Peninsula Township has admitted that the ordinances discussed below violate Plaintiffs' constitutional rights and are preempted by Michigan law.

3.      In the words of Defendant Peninsula Township's attorney, the portions of the ordinances at issue "should be revised as it is, under the First Amendment standards, an invalid suppression of the Wineries' First Amendment rights."

4.      He also concluded that portions of the ordinances "violate[] the Commerce Clause."

5.      Finally, he concluded that portions of the ordinance are preempted by Michigan law.

6.      More than a year after this opinion was given, the illegal ordinances are still on the books and being enforced by Peninsula Township.

## JURISDICTION AND VENUE

7.      This action arises under the United States Constitution and 42 U.S.C. § 1983.

8.      The Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343.

9.      This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

10.     This Court has the authority to grant declaratory relief under 28 U.S.C. §§ 2201 and 2202.

11.     This Court has the authority to grant injunctive relief by Federal Rules of Civil Procedure 57 and 65.

12.     Venue is proper in this Court under 28 U.S.C. § 1391(b) because (i) Peninsula Township is located in Grand Traverse County which is in this judicial district, and (ii) the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district.

13.     Plaintiffs' claim for attorneys' fees and costs is authorized by 42 U.S.C. § 1988.

## THE PARTIES

14.     Wineries of Old Mission Peninsula (WOMP) Assoc. ("WOMP") is a Michigan non-profit corporation with its principal place of business in Peninsula Township, Grand Traverse County, located in the Western District of Michigan.

15.     Bowers Harbor Vineyard & Winery, Inc. ("Bowers Harbor") is a Michigan Corporation with its principal place of business in Peninsula Township, Grand Traverse County, located in the Western District of Michigan.

16.     Brys Winery, LC ("Brys") is a Michigan Corporation with its principal place of business in Peninsula Township, Grand Traverse County, located in the Western District of Michigan.

17.     Chateau Grand Traverse, LTD, ("Grand Traverse") is a Michigan Corporation with

its principal place of business in Peninsula Township, Grand Traverse County, located in the Western District of Michigan.

18. Chateau Operations, LTD, is a Michigan Corporation which operates a winery under the trade name Chateau Chantal ("Chateau Chantal") with its principal place of business in Peninsula Township, Grand Traverse County, located in the Western District of Michigan.

19. Grape Harbor, Inc. is a Michigan Corporation which operates a winery under the trade name Peninsula Cellars ("Peninsula Cellars") with its principal place of business in Peninsula Township, Grand Traverse County, located in the Western District of Michigan.

20. Montague Development, LLC is a Michigan Limited Liability Company, operating under the trade name Hawthorne Vineyards ("Hawthorne") with its principal place of business in Peninsula Township, Grand Traverse County, located in the Western District of Michigan.

21. OV the Farm, LLC is a Michigan limited liability company which operates a winery under the trade name Bonobo Winery ("Bonobo") with its principal place of business in Peninsula Township, Grand Traverse County, located in the Western District of Michigan.

22. Tabone Vineyards, LLC ("Tabone") is a Michigan Limited Liability Company with its principal place of business in Peninsula Township, Grand Traverse County, located in the Western District of Michigan.

23. Two Lads, LLC, ("Two Lads") is a Michigan Limited Liability company with its principal place of business in Peninsula Township, Grand Traverse County, located in the Western District of Michigan.

24. Winery at Black Star Farms, L.L.C. ("Black Star") is a Michigan Limited Liability Company with its principal place of business in Peninsula Township, Grand Traverse County, located in the Western District of Michigan.

25. Villa Mari LLC is a Michigan Limited Liability Company which operates a winery

under the trade name Mari Vineyard ("Mari") with its principal place of business in Peninsula Township, Grand Traverse County, located in the Western District of Michigan.

26.     Peninsula Township is located in Grand Traverse County, Michigan, with its offices located at 13235 Center Rd., Traverse City, MI 49686.

## FACTUAL ALLEGATIONS

27.     Peninsula Township is located near Traverse City, Michigan, and comprises Old Mission Peninsula.

28.     Peninsula Township has adopted various ordinances directed at wineries located within the township which control all aspects of the business including the content of commercial speech, restrictions on the free exercise of religion, groups and organizations that may use winery facilities, hours of operation, dictating that wineries use in-township suppliers, requiring commercial speech to favor local businesses and requiring pre-approval of commercial speech.

29.     The Peninsula Township ordinances also arbitrarily dictate the maximum number of guests a winery may have not based on objective criteria like fire code considerations or acreage, but based on the size of one local winery's dining room.

30.     The Peninsula Township ordinances also have placed an arbitrary financial barrier to operating a winery in the township.

31.     As noted above, over the past year, Peninsula Township has admitted that many provisions of its winery ordinances violate the First Amendment to the United States Constitution, violate the Commerce Clause and are preempted by Michigan law, yet the ordinances are still in effect.

**The Peninsula Township Zoning Ordinance.**

32.     Peninsula Township adopted its Zoning Ordinance on June 5, 1972.

33.     The Zoning Ordinance has been amended since that time with various winery

- 5 -

related ordinances added.

34.     Currently, Peninsula Township's regulation of wineries is found in three section of the Zoning Ordinance: Section 6.7.2(19) Use by Right – Farm Processing Facility; Section 8.7.3(10) Winery-Chateau; Section 8.7.3(12) Remote Winery Tasting Room.  (collectively the "Winery Ordinances").  (Exhibit 1.)

**Section 6.7.2(19) Use by Right – Farm Processing Facility**

35.     Black Star and Two Lads have licenses to operate Farm Processing Facilities.

36.     Peninsula Township's intent in enacting the Farm Processing Facility ordinance was "to promote a thriving local agricultural production industry and preservation of rural character by allowing construction and use of a Farm Processing Facility."  Section 6.7.2(19)(a).

37.     Under this ordinance, "[t]he majority of the produce sold fresh or processed has to be grown on the specific farm operation (land owned or leased for the specific farm operation) of the party owning and operating the Specific Farm Processing Facility."  *Id.*

38.     Further, "[e]ighty-five (85) percent of the produce sold fresh or processed has to be grown on Old Mission Peninsula."  *Id.*

39.     "Activities such as weddings, receptions and other social functions for hire are not allowed…."  *Id.*

40.     A Farm Processing Facility is allowed to sell grape wine, but "[g]rape wine that is processed, tasted and sold in a Farm Processing Facility under this section is limited to 'Old Mission Peninsula' appellation wine meaning 85% of the juice will be from fruit grown on Old Mission Peninsula."  Section 6.7.2(19)(b)(1)(ii).

41.     For other types of wine, "wine, that is processed, tasted and sold in a Farm Processing Facility under this section is limited to wine bearing a label identifying that 85% of the juice is from fruit grown on Old Mission Peninsula."  Section 6.7.2(19)(b)(1)(iii).

42.     Thus, a winery operating under the Farm Processing Facility ordinance cannot purchase more than 15% of the fruit it uses to produce wine from anyone outside of Peninsula Township.

43.     A Farm Processing Facility may only sell merchandise which "is directly related to the consumption and use of the fresh and/or processed agricultural produce."   Section 6.7.2(19)(b)(1)(v)(1).

44.     Examples of merchandise which is not allowed are "a) Clothing; b) Coffee Cups; c) Bumper Stickers."  Section 6.7.2(19)(b)(1)(v)(4).

45.     Thus, a winery operating under the Farm Processing Facility ordinance cannot sell a t-shirt bearing its logo.

46.     But, a Farm Processing Facility could sell a wine glass so long as it bore the logo of the winery.

47.     In addition to dictating that 85% of the fruit used in wine sold come from Old Mission Peninsula, the Farm Processing Facility ordinance mandates that 85% of all agricultural produce sold, whether fresh or processed, must have been grown on Old Mission Peninsula and only land owned or leased by the facility owner.  Section 6.7.2(19)(b)(2)(I).

48.     Thus, a winery operating under the Farm Processing Facility ordinance cannot purchase more than 15% of produce it uses in its products from anyone outside of Peninsula Township.

49.     If a Farm Processing Facility sells dried fruit, "a minimum of 85% by weight which is grown on Old Mission Peninsula and a minimum of 50% by weight which is grown on the farm, may be dried off premises and sold in the Farm Processing Facility retail room, provided, no more than the amount of fruit sent out for this processing is returned for retail sale."   Section 6.7.2(19)(b)(2)(V).

50.     A Farm Processing Facility must annually provide data and records to Peninsula Township to substantiate compliance with the requirement that produce used has been grown on land in Peninsula Township.  Section 6.7.2(19)(b)(13).

51.     The Farm Processing Facility ordinance also dictates parcel size and use in the following ways:

      (a)    "A total of forty (40) acres of land are required to be devoted to the operation of a farm processing facility."

      (b)    "The parcel containing the specific Farm Processing Facility shall have a minimum area of 20 acres and a minimum parcel width of 330 feet."

      (c)    "There shall be no more than one house on the 20 acre parcel containing the Farm Processing Facility and no more than one house on the remaining required 20 acres."

      (d)    "If property is leased, the lease shall be for a minimum of one year."

      (e)    "There shall be a minimum of 5 acres of crops grown on the same parcel as the Farm Processing Facility."  Section 6.7.2(19)(b)(4).

52.     The retail space at a Farm Processing Facility cannot be more than 6,000 square feet or one-half of the parcel size, whichever is less.  Section 6.7.2(19)(b)(6).

53.     Any violation of these ordinances "serve[s] as grounds for closing the retail operations, including tasting, portions of the use by the Township Board."   Section 6.7.2(19)(b)(15).

54.     A person who violates the Farm Processing Facility is also subject to "a civil fine for each violation to be determined by the Court, along with costs which may include all expenses, direct and indirect, to which the Township has been put in connection with municipal infraction. Costs of not more than $500.00 shall be ordered."  Section 4.2.1 Violations and Penalties.

**<u>Section 8.7.3(10) Winery-Chateau</u>**

55.     Bowers Harbor, Brys, Grand Traverse, Chateau Chantal, Bonobo, Tabone, and

- 8 -

Mari have licenses to operate Winery-Chateaus.

56.     Peninsula Township's intent in enacting its Winery-Chateau ordinance was to "permit construction and use of a winery, guest rooms, and single family residences as a part of a single site subject to the provisions of this ordinance." Section 8.7.3(10)(a).

57.     The Winery-Chateau ordinance mandates that the minimum parcel size under the ordinance is fifty (50) acres. Section 8.7.3(10)(c).

58.     The principal use of the property under the ordinance must be a winery. Section 8.7.3(10)(d).

59.     In addition to a minimum lot size of fifty acres, the Winery-Chateau ordinance mandates that at least "seventy-five (75%) percent of the site shall be used for the active production of crops that can be used for wine production, such as fruit growing on vines or trees." Section 8.7.3(10)(h).

60.     While the Winery-Chateau ordinance allows for accessory uses in addition to the principal winery use, "[a]ccessory uses such as facilities, meeting rooms, and food and beverage services shall be for registered guests only." Section 8.7.3(10)(m).

61.     Upon prior approval of the Peninsula Township Board, use of the Winery-Chateau by persons other than registered occupants, defined at "Guest Activity Uses", may be allowed. Section 8.7.3(10)(m).

62.     In limiting Guest Activity Uses and requiring prior Peninsula Township Board approval of such activities, Peninsula Township specifically states in its ordinance that its intent was to "assure that, in addition to the minimum parcel size required for a Winery-Chateau, there is additional farm land in wine fruit production in Peninsula Township if Guest Activity Uses are allowed to take place at a Winery-Chateau facility." Section 8.7.3(10)(u)1(a).

63.     As the ordinance further explains, this is because "[t]he current Winery-Chateau

section of the ordinance requires 75% of the site to be used for the active production of crops that can be used for wine production such as fruit growing on vines or trees, but does not require that any of the wine produced on the site be made from wine fruit grown on Old Mission Peninsula." *Id*.

64.     Thus, for the right to have Guest Activities at their winery, Plaintiffs are required to either grow on acreage other than the winery acreage or purchase from a grape grower in Peninsula Township 1.25 tons of grapes for each person participating in a Guest Activity.   Section 8.7.3(10)(u)3.

65.     The Winery-Chateau ordinance also states that "Guest Activity Uses are intended to help in the promotion of Peninsula agriculture by: a) identifying 'Peninsula Produced' food or beverage for consumption by the attendees; b) providing 'Peninsula Agriculture' promotional brochures, maps and awards; and/or c) including tours through the winery and/or other Peninsula agriculture locations.  Section 8.7.3(10)(u)1(b).

66.     Plaintiffs are required under the Winery Ordinance to advertise in support of Peninsula Township agriculture.

67.     In order to have a Guest Activity, the ordinance requires prior approval of the Peninsula Township Board.  Section 8.7.3(10)(u)2.

68.     These Guest Activities are limited to the following:

(a)     "Wine and food seminars and cooking classes that are scheduled at least thirty days in advance with notice provided to the Zoning Administrator." Section 8.7.3(10)(u)2(a);

(b)     Meetings of 501- (C)(3) non-profit groups within Grand Traverse County but full course meals are not allowed. Section 8.7.3(10)(u)2(b);

(c)     Meetings of Agricultural related groups that have a direct relationship to agricultural production provided that one month notice is given and the zoning administrator pre-approves the meeting after determining that the group has a "direct relationship to agricultural production."     Section

8.7.3(10)(u)2(c)

69.     Plaintiffs are prohibited under the ordinance, for example, from hosting a meeting of the United Way, Specials Olympics, American Heart Association, etc.

70.     Guest Activities also "do not include entertainment, weddings, wedding receptions, family reunions or sale of wine by the glass."  Section 8.7.3(10)(u)2(d).  This places a burden on the free exercise of religion.

71.     At a Guest Activity, if wine is served "it must be served with food and shall be limited to Old Mission Peninsula appellation wine produced at the Winery."   Section 8.7.3(10)(u)2(e).

72.     The above appellation requirement, given federal law governing wine appellations, limits service of wine at Guest Activities only to wine where not less than 75% of the wine was produced from grapes grown in Peninsula Township.

73.     The purchase of grapes from places like California or other states is incredibly common in the wine industry.

74.     Plaintiffs cannot serve wine made from California or other states' grapes at Guest Activities.

75.     The number of persons each Plaintiff may have at a Guest Activity is limited to one person per 15 square feet of rooms for Guest Activities.  But in no case may the number of persons exceed 111 or the Fire Marshall maximum occupancy, whichever is less.  Section 8.7.3(10)(u)4.

76.     Upon information and belief, the 111 number contained in Section 8.7.3(10)(u)4 was decided upon in the ordinance as it is the occupancy of Plaintiff Chateau Chantal's dining room.

77.     At all Guest Activities, Plaintiffs are required to promote agricultural production and, specifically, must:

(a)    "Identify 'Peninsula Produced" food or beverage that is consumed by the attendees;

(b)    "Provide 'Peninsula Agriculture' promotional materials; and

(c)    "Include tours through the winery and/or other Peninsula agricultural locations."  Section 8.7.3(10)(u)5

78.    Hours of operation for Guest Activities are left to the discretion of the Town Board, but can be no later than 9:30 p.m.  Section 8.7.3(10)(u)5(b).

79.    Michigan law explicitly allows Michigan wineries to serve food and alcohol until 2:00 a.m., daily.  MCL 436.2113.

80.    The Winery Ordinances limit alcohol sales to only those that are produced on site.  Section 8.7.3(10)(u)5(c).

81.    Under Michigan law, an entity with a catering permit is allowed to serve alcohol on the winery premises, with certain escrow requirements, regardless of where the alcohol is produced.

82.    The Winery Ordinances prohibits amplified music and allows only amplified voice and recorded background noise so long as the amplification level is no greater than normal conversation levels.  Section 8.7.3(10)(u)5(g).

83.    However, MCL 436.1916(11) explicitly allows Michigan licensed wineries to have music and singing.

84.    The Winery Ordinance prohibits the Plaintiffs from using their kitchen facilities for off-site catering.  Section 8.7.3(10)(u)5(i).

85.    MCL 436.1547 explicitly allows a winery to obtain a catering permit which allows it to serve food and drinks off its premises.

86.    Any violation of these ordinances "serve[s] as grounds for closing the Guest Activity Uses by the Township Board."  Section 8.7.3(10)(u)8(d).

- 12 -

87.     A person who violates the Winery Chateau Ordinance is also subject to "a civil fine for each violation to be determined by the Court, along with costs which may include all expenses, direct and indirect, to which the Township has been put in connection with municipal infraction. Costs of not more than $500.00 shall be ordered."  Section 4.2.1 Violations and Penalties.

**Section 8.7.3(12) Remote Winery Tasting Room**

88.     Peninsula Cellars has a license to operate a Remote Winery Tasting Room.

89.     Peninsula Township's intent in passing the Remote Winery Tasting Room Ordinance was to "allow wine tasting in a tasting room that is not on the same property as the winery with which is associated."

90.     At a Remote Winery Tasting Room, sales by the bottle for consumption on the premises is not allowed.   Section 8.7.3(12)(g).

91.     Michigan law explicitly allows sales by the bottle for consumption on the premises.

92.     A Remote Winery Tasting Room is not allowed to offer a full food menu.  Section 8.7.3(12)(h).

93.     Under Michigan law, a winery tasting room is allowed to operate a restaurant with a full menu.

94.     A Remote Winery Tasting Room may only sell non-food items which promote the winery of Peninsula Township agriculture and has the logo of the winery permanently affixed to the product.  Non-logoed products are not allowed to be sold.  Promotional items are limited to "corkscrews, wine glasses, gifts boxes, t-shirts, bumper stickers, etc."  Section 8.7.3(12)(i).

95.     A Remote Winery Tasting Room is not allowed to sell packaged food items unless the food item contains wine or fruit produced in Peninsula Township and bears the winery logo. The food can only be for off-premises consumption and includes, as examples, "mustard, vinegar, non-carbonated beverages, etc."  Section 8.7.3(12)(j).

96. A Remote Winery Tasting Room's "signs and other advertising may not promote, list or in any way identify any of the food or non food items allowed for sale in the tasting room." Section 8.7.3(12)(k).

**Peninsula Township Ordinance Enforcement**

97. To enforce its ordinances, Peninsula Township employs an Ordinance Enforcement Officer.

98. This person is empowered with the authority to determine, based on his subjective opinion, what activities are and are not allowed at wineries in Peninsula Township.

99. Over the years, this has included:

(a) Refusing to allow weddings;

(b) Refusing to allow political fundraisers;

(c) Refusing to allow meetings of books clubs;

(d) Refusing to allow a wine tasting and painting events.  (Exhibit 2.);

(e) Prohibiting a winery from hosting a corporate Holiday party because the company was not a non-profit nor an agricultural entity. *Id*;

(f) Threatened an ordinance violation if a winery held a wine tasting event with local health and wellness companies as they did not promote local agriculture. *Id*;

(g) Allowed some temporary structures deemed acceptable to the enforcement official but not allowing other temporary structures;

(h) Allowed food trucks for events deemed acceptable to the enforcement official but not allowing food trucks at other events;

(i) Refusing to allow live music;

(j) Refusing to allow activities such as yoga, painting and flower arranging outside in the grape vines.

100. Peninsula Township's Winery Ordinances and subjective enforcement activities have caused substantial harm to Plaintiffs.

- 14 -

101.   Plaintiffs are routinely approached to host weddings, corporate events, political events and similar activities which they either must turn down or, if they attempt to hold such events, are forced to cancel the events. (Exhibit 3.)

102.   Each of these events could mean tens of thousands of dollars in revenue to Plaintiffs.

103.   In addition to lost revenue, Plaintiffs lose customer good will when they regularly have to turn down these events.

104.   Plaintiffs receives calls almost daily about hosting weddings.  When the brides and grooms are turned away, their business goes to other wineries outside of Peninsula Township who are glad to receive this much needed revenue.

105.   Each of the Plaintiffs, each year, loses hundreds of thousands of dollars in revenue because of the limitations in the Winery Ordinances.

106.   In total, the Plaintiffs own or lease more than 1,400 acres of land in Peninsula Township with more than 900 of those acres in active agriculture production.

107.   Plaintiffs are forced to own and lease this property because of Peninsula Township's illegal ordinances which damage the Plaintiffs.

108.   In addition, to comply with the Winery Ordinance requirements to purchase fruit from other property owners in Peninsula Township, Plaintiffs purchase fruit from Peninsula Township landowners covering more than 220 acres.

109.   These monies that Plaintiffs are forced to spend on fruit from local farmers could be spent in other areas of the businesses or to purchase fruit from farmers outside of Peninsula Township, or Michigan.

**Plaintiffs Attempt to Prompt Change**

110.   In early 2019, and after years of restrictions, a group of the Plaintiffs attempted to

work with Peninsula Township to re-write the Winery Ordinances.

111.    During a Township meeting, the winery owners advised Peninsula Township that much of its Winery Ordinances were preempted by Michigan law, and specifically the Michigan Liquor Control Code, which completely regulated the areas Peninsula Township attempted to regulate.

112.    In response, on May 30, 2019, Peninsula Township's attorney provided a memorandum to Peninsula Township, which was provided to the winery owners, wherein he concluded that the Michigan Liquor Control Code did not preempt the Peninsula Township Zoning Ordinance.  See **Exhibit 4**.

113.    In response, a group of the Plaintiffs had the Winery Ordinances reviewed by an attorney and, on July 9, 2019, presented Peninsula Township with detailed letter and memorandum which included a line by line review of the Winery Ordinances and outlined how the Winery Ordinances violated the First Amendment to the United States Constitution, the Commerce Clause and were also preempted by Michigan law.  See **Exhibit 5**.

114.    The letter and memorandum were detailed to the point of including case law which was directly on point and dealt with similar issues.

115.    On August 23, 2019, Peninsula Township's attorney responded to the July 9, 2019, letter and conceded that the majority of the legal points were accurate and that his prior memorandum was incorrect.  **Exhibit 6**.

116.    While in his May 30, 2019, letter, the Peninsula Township attorney dismissed the concerns of the winery owners and concluded there were no issues with the Winery Ordinances related to preemption, his tune changes and the following admissions were made:

> (a)    The portions of the Winery Ordinance which prohibit wineries from operating a restaurant should be revised to comply with MCL 436.1536 which expressly preempts the Winery Ordinances on this issue;

(b)     The portions of the Winery Ordinance which prohibit wineries from using their kitchen facilities to engage in off-site catering should be revised to comply with MCL 436.1547 which expressly preempts the Winery Ordinances on this issue;

(c)     The restriction on amplified music should be revisited;

(d)     The portion of the Winery Ordinance which requires wineries to close at 9:30 p.m. should be revisited as it is expressly preempted by MCL 436.1403, a Michigan Supreme Court case and a Sixth Circuit Court of Appeals case directly on point;

117.     As for the Commerce Clause, the Peninsula Township attorney admitted that "[t]here are issues with the Commerce Clause that should be considered in the future revisions to the Township's winery ordinances." He admitted that these issues included:

(a)     The portion of the Winery Ordinance which prohibits meetings of organizations other than Grand Traverse County non-profits should be amended to allow out-of-county non-profits to hold meeting as otherwise the ordinance violates the Commerce Clause;

(b)     The portion of the Winery Ordinance which allows only meetings of agricultural related groups that have a direct relationship to agricultural production should be revised to allow other groups to hold meetings as otherwise the ordinance violates the Commerce Clause.

(c)     The portion of the Winery Ordinance which limits wine served to only Old Mission Peninsula appellation wine "violates the Commerce Clause unless the Township can demonstrate that it has no impact on out-of-state interest and that the Township has no other reasonable means in which to advance its local interest of wine sales";

(d)     The portion of the Winery Ordinance which requires a winery to grow or purchase 1.25 tons of grapes from another farm in Peninsula Township for each person at a Guest Activity "violates the Commerce Clause unless the Township can demonstrate that it has no impact on out-of-state interest and that the Township has no other reasonable means in which to advance its local interest of wine sales";

(e)     The potion of the Winery Ordinance which restricts the use of out-of-states grapes "is, arguably, a restriction on interstate commerce";

118.     As for the First Amendment, the Peninsula Township attorney was clear in his conclusion that "[t]hese ordinances should be also be revised as they would most likely be viewed

as constitutionally invalid suppressions of First Amendment rights."  His conclusions included the following:

> (a)    The Township Ordinances which require winery logos on products, restrict the products that may be sold specifically does not allow the sale of clothing, coffee cups, bumper stickers, etc, "should be revised as it is, under the First Amendment standards, an invalid suppression of the Wineries' First Amendment rights";

> (b)    The Township Ordinances which restrict the sale of non-food items, require certain logos, restrict others, restrict the sale of certain items and which prohibit the advertising and promotion of food and non-food items "should be revised as they would most likely be viewed as constitutionally invalid suppression of First Amendment rights";

> (c)    As for the section of the Township Ordinance which limits capacity to 111 persons based on the capacity of one winery's dining room, the Peninsula Township attorney concluded that it was "arguably not unconstitutionally vague."

119.    The Peninsula Township attorney concluded his letter by stating that at the next Township Board meeting "the Township will be taking prompt action" "regarding some of the items I mention on my opinion letter to ensure compliance."

120.    Given that the Peninsula Township attorney admitted that the Winery Ordinances violate the First Amendment, violate the Commerce Clause and are preempted by Michigan law, one would expect that this "prompt action" would be to rescind these illegal ordinances.

121.    Instead, more than a year later, these illegal ordinances are still in effect in Peninsula Township and still causing damage to Plaintiffs.

122.    In fact, Peninsula Township, on September 21, 2020, published a proposed redraft of its Zoning Ordinances which contain the same Winery Ordinances their attorney stated were illegal. (Exhibit 7.)

123.    While the majority of the redraft only made grammatical changes, Peninsula Township actually used the redraft to take away additional rights from the Wineries.

124.     In the redraft, Peninsula Township stated that wine tastings, winery tours, political rallies and free entertainment without fee are now Guest Activities subject to the restrictions discussed above when the current ordinances state these are not Guest Activities.  *Id*. at 6-32.

125.     The United States Constitution and Michigan law explicitly allows these types of activities in the Michigan Liquor Control Code which preempts this revision.

126.     Presumably, Peninsula Township seeks to punish the Wineries for challenging the Winery Ordinances.

127.     Thus, this lawsuit is necessary.

## COUNT I

### FACIAL CHALLENGE TO VIOLATION OF FREEDOM OF SPEECH, FREEDOM OF EXPRESSION AND FREE EXERCISE OF RELIGION UNDER THE FIRST AND FOURTEENTH AMENDMENTS (42 U.S.C. § 1983)

128.     Plaintiffs incorporate and reallege the preceding paragraphs as if fully restated herein.

129.     The First Amendment to the United States Constitution prohibits the abridgement of the freedom of speech.

130.     Political, religious, commercial, and artistic speech are the highest and most important forms of speech protected by the First Amendment to the United States Constitution.

131.     Charitable and political events are forms of speech protected by the First Amendment to the United States Constitution.

132.     The protections of the First Amendment have been extended through the Fourteenth Amendment to prohibit the abridgement of the freedom of speech, freedom of expression and of the free exercise of religion by state and local governments.

133.     Persons violating the First and Fourteenth Amendments under color of state law are liable under 42 U.S.C. § 1983.

134.    Peninsula Township's winery ordinances are a content-based restriction on speech.

135.    Peninsula Township's winery ordinances are not narrowly tailored to advance any compelling government interest.

136.    In addition, Peninsula Township's winery ordinances are a prior restraint on speech and the exercise of religion because they require a winery to receive prior approval from the government before certain types of speech or religious ceremonies are allowed.

137.    Peninsula Township has unfettered discretion in interpreting the meaning of the definition of Event and in limiting the number of times that a winery can use its land to engage in certain types of protected speech, including religious and political speech.

138.    Even if the winery ordinances were a content-neutral restriction on speech, they would still be unconstitutionally overbroad because (i) the rationales explicitly provided for the winery ordinance provisions do not advance a substantial government interest and (ii) winery ordinances are not narrowly tailored to meet those rationales.

139.    Through the winery ordinances, Peninsula Township is acting under color of law to deprive Plaintiffs of their constitutional rights, in violation of 42 U.S.C. § 1983.

140.    Through the winery ordinances, Peninsula Township further deprives the general public of their constitutional rights to engage in protected speech and the free exercise of religion, also in violation of 42 U.S.C. § 1983.

141.    Peninsula Township's violations of the First Amendment are even more egregious given that its own attorney concluded more than a year ago that portions of the Winery Ordinance are unconstitutional.

142.    Plaintiffs have suffered damages due to the unconstitutional Winery Ordinances.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

(a)    Enter a judgment declaring that, on its face and as applied, the winery ordinances

violate the United States Constitution;

(b) Enjoin Peninsula Township, its employees, officers, and agents, from enforcing the winery ordinance permanently and preliminarily while this litigation is pending;

(c) Award Plaintiffs monetary damages in an amount to be proven at trial;

(d) Award Plaintiffs their reasonable costs, including attorneys' fees, incurred in bringing this action pursuant to 42 U.S.C. § 1988; and

(e) Grant such other and further relief as this Court deems just and proper.

**COUNT II**
**AS-APPLIED CHALLENGE TO VIOLATION OF PLAINTIFF'S FREEDOM OF SPEECH UNDER THE FIRST AND FOURTEENTH AMENDMENTS (42 U.S.C. § 1983)**

143. Plaintiffs incorporate and reallege the preceding paragraphs as if fully restated herein.

144. The winery ordinances restrict Plaintiffs' speech based on its content, specifically by disallowing Plaintiffs from certain political, religious and commercial speech.

145. For example, the winery ordinances prohibit Plaintiffs from hosting a campaign event for a United State President candidate, prohibit Plaintiffs from hosting a religious service such as a wedding, funeral or Sunday service and prohibit Plaintiffs from advertising their non-agricultural products.

146. The winery ordinances are unconstitutional as applied to Plaintiffs because they face the imminent threat of being fined if they engage in constitutionally protected speech, because Plaintiffs' speech has been chilled and because they has been forced to incur significant expense to undertake the Peninsula Township Guest Activity application process pursuant to the unconstitutional winery ordinances

- 21 -

147.     Peninsula Township's violations of the First Amendment are even more egregious given that its own attorney concluded more than a year ago that portions of the Winery Ordinance are unconstitutional.

148.     Plaintiffs have suffered damages due to the unconstitutional Winery Ordinances.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

(a)     Enter a judgment declaring that, on its face and as applied, the winery ordinances violate the United States Constitution;

(b)     Enjoin Peninsula Township, its employees, officers, and agents, from enforcing the winery ordinance permanently and preliminarily while this litigation is pending;

(c)     Award Plaintiffs monetary damages in an amount to be proven at trial;

(d)     Award Plaintiffs their reasonable costs, including attorneys' fees, incurred in bringing this action pursuant to 42 U.S.C. § 1988; and

(e)     Grant such other and further relief as this Court deems just and proper.

## COUNT III
## VIOLATION OF FREEDOM OF ASSOCIATION UNDER THE FIRST AND FOURTEENTH AMENDMENTS (42 U.S.C. § 1983)

149.     Plaintiffs incorporate and reallege the preceding paragraphs as if fully restated herein.

150.     The First Amendment to the United States Constitution protects the right to peaceably assemble and associate with others in pursuit of a wide variety of political, social, economic, educational, religious, and cultural ends.

151.     The right to peaceably assemble and the freedom of expressive association applies to state and local governments through the Fourteenth Amendment.

152.     The constitutional right to peaceably assemble and to the freedom of expressive association is directly and substantially burdened by the winery ordinances. Plaintiffs cannot

- 22 -

gather or host gatherings on their property which express a political, religious or commercial view and the limited ability to host Guest Activities on their property are subject to prior approval of Peninsula Township.

153.    The winery ordinances are unconstitutional because, among other things, the burdens imposed by the winery ordinances are not narrowly tailored, necessary, or even substantially related to any compelling government interest.

154.    The winery ordinances are unconstitutionally overbroad because the total ban on Guest Activity uses outside of the targeted allowance for local non-profit organizations and agricultural organizations is not narrowly tailored to achieve any purportedly compelling state interests.

155.    The winery ordinances burden substantially more constitutionally protected activities than necessary to achieve the government's interests in the winery ordinances.

156.    Plaintiffs have suffered damages due to the unconstitutional Winery Ordinances.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

(a)    Enter a judgment declaring that, on its face and as applied, the winery ordinances violate the United States Constitution;

(b)    Enjoin Peninsula Township, its employees, officers, and agents, from enforcing the winery ordinance permanently and preliminarily while this litigation is pending;

(c)    Award Plaintiffs monetary damages in an amount to be proven at trial;

(d)    Award Plaintiffs their reasonable costs, including attorneys' fees, incurred in bringing this action pursuant to 42 U.S.C. § 1988; and

(e)    Grant such other and further relief as this Court deems just and proper.

## COUNT IV
## VIOLATION OF DUE PROCESS
### (42 U.S.C. § 1983)

157.    Plaintiffs incorporate and reallege the preceding paragraphs as if fully restated herein.

158.    The winery ordinances proscribe constitutionally protected speech and expressive association.

159.    The winery ordinance are unconstitutionally vague because the person of average intelligence cannot tell from the face of the winery ordinances what constitutes a "Guest Activity" prohibited under the winery ordinances and cannot govern his or her behavior to comply with the winery ordinances.

160.    This vagueness will chill, and is currently chilling, the speech and expressive association of the residents of Peninsula Township.

161.    The facial unconstitutionality of the winery ordinances entitle Plaintiffs to declaratory relief as to their unconstitutionality and injunctive relief against their enforcement by Peninsula Township.

162.    Plaintiffs have suffered damages due to the unconstitutional Winery Ordinances.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

(a)    Enter a judgment declaring that, on its face and as applied, the winery ordinances violate the United States Constitution;

(b)    Enjoin Peninsula Township, its employees, officers, and agents, from enforcing the winery ordinance permanently and preliminarily while this litigation is pending;

(c)    Award Plaintiffs monetary damages in an amount to be proven at trial;

(d)    Award Plaintiffs their reasonable costs, including attorneys' fees, incurred in bringing this action pursuant to 42 U.S.C. § 1988; and

(e)      Grant such other and further relief as this Court deems just and proper.

## COUNT V
## DORMANT COMMERCE CLAUSE
### (Discrimination Against Interstate Commerce)

163.    Plaintiffs incorporate and reallege the preceding paragraphs as if fully restated herein.

164.    As discussed above, the Winery Ordinances discriminate against interstate commerce in violation of the Commerce Clause, Article I, § 8, Clause 3, of the United States Constitution, by favoring, and mandating in Township products and persons over out-of-township products and persons.

165.    Plaintiffs are therefore entitled to a declaratory judgment that the Winery Ordinances discriminate against out-of-Township products and persons are unconstitutional under the Commerce Clause.

166.    Plaintiffs will suffer irreparable harm if Peninsula Township is allowed to enforce the unconstitutional Winery Ordinances.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

(a)      Enter a judgment declaring that, on its face and as applied, the winery ordinances violate the United States Constitution;

(b)      Enjoin Peninsula Township, its employees, officers, and agents, from enforcing the winery ordinance permanently and preliminarily while this litigation is pending;

(c)      Award Plaintiffs monetary damages in an amount to be proven at trial;

(d)      Award Plaintiffs their reasonable costs, including attorneys' fees, incurred in bringing this action pursuant to 42 U.S.C. § 1988; and

(e)      Grant such other and further relief as this Court deems just and proper.

- 25 -

## COUNT VI
## DORMANT COMMERCE CLAUSE
### (Excessive Burden on Interstate Commerce)

167.    Plaintiffs incorporate and reallege the preceding paragraphs as if fully restated herein.

168.    As discussed above, the Winery Ordinances place an excessive burden on interstate commerce in excess of the putative benefit to Peninsula Township in violation of the Commerce Clause, Article I, § 8, Clause 3, of the United States Constitution, by favoring, and mandating in Township products and persons over out-of-township products and persons.

169.    Plaintiffs are therefore entitled to a declaratory judgment that the Winery Ordinances discriminate against out-of-Township products and persons are unconstitutional under the Commerce Clause.

170.    Plaintiffs will suffer irreparable harm if Peninsula Township is allowed to enforce the unconstitutional Winery Ordinances.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

(a)    Enter a judgment declaring that, on its face and as applied, the winery ordinances violate the United States Constitution;

(b)    Enjoin Peninsula Township, its employees, officers, and agents, from enforcing the winery ordinance permanently and preliminarily while this litigation is pending;

(c)    Award Plaintiffs monetary damages in an amount to be proven at trial;

(d)    Award Plaintiffs their reasonable costs, including attorneys' fees, incurred in bringing this action pursuant to 42 U.S.C. § 1988; and

(e)    Grant such other and further relief as this Court deems just and proper.

## COUNT VII
## REGULATORY TAKING
### (Fifth and Fourteenth Amendment)

171.    Plaintiffs incorporate and reallege the preceding paragraphs as if fully restated herein.

172.    As discussed above, Peninsula Township has enacted a series of Winery Ordinances which deprive Plaintiffs of the full use of their property.

173.    The Winery Ordinances are "not reasonably necessary to the effectuation of a substantial public purpose." *Penn Cent. Transp. Co. v. City of New York*, 438 U.S. 104, 127 1978.)

174.    As discussed above, the stated purposes for the Winery Ordinances are themselves violations of Plaintiffs' First Amendment rights and the Commerce Clause.

175.    Plaintiffs will suffer irreparable harm if Peninsula Township is allowed to enforce the unconstitutional Winery Ordinances.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

(a)    Enter a judgment declaring that, on its face and as applied, the winery ordinances violate the United States Constitution;

(b)    Enjoin Peninsula Township, its employees, officers, and agents, from enforcing the winery ordinance permanently and preliminarily while this litigation is pending;

(c)    Award Plaintiffs monetary damages in an amount to be proven at trial;

(d)    Award Plaintiffs their reasonable costs, including attorneys' fees, incurred in bringing this action pursuant to 42 U.S.C. § 1988; and

(e)    Grant such other and further relief as this Court deems just and proper.

## COUNT VII
## STATE LAW PREEMPTION

176.    Plaintiffs incorporate and reallege the preceding paragraphs as if fully restated herein.

177.    The Michigan Liquor Control Code, MCL 436.110, et sec, is a comprehensive set of statutes which regulate the sale of alcohol in this State.

178.    Peninsula Township has enacted ordinances which prohibit conduct which is expressly allowed by the Michigan Liquor Control Code.

179.    The Peninsula Township ordinances which conflict with Michigan law are preempted.

180.    Plaintiffs have suffered damages due the Peninsula Township's enforcement of ordinances which are preempted by Michigan law.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

(a)     Enter a judgment declaring that certain portions of Peninsula Township's Winery Ordinances are preempted by Michigan law;

(b)     Enjoin Peninsula Township, its employees, officers, and agents, from enforcing the preempted Winery Ordinances permanently and preliminarily while this litigation is pending;

(c)     Award Plaintiffs monetary damages in an amount to be proven at trial;

(d)     Award Plaintiffs their reasonable costs, including attorneys' fees, incurred in bringing this action; and

(e)     Grant such other and further relief as this Court deems just and proper.

## COUNT IX
## VIOLATION OF MICHIGAN ZONING ENABLING ACT

181.    Plaintiffs incorporate and reallege the preceding paragraphs as if fully restated herein.

182.    Under Michigan's Zoning Enabling Act, MCL 125.3101 et seq, local units of government are authorized to enact zoning ordinances "to promote public health, safety, and welfare."

183.    Peninsula Township's Winery Ordinances do not promote public health, safety, and welfare.

184.    Therefore, Peninsula Township has exceeded its authority under Michigan's Zoning Enabling Act which renders the Winery Ordinances void.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

(a)    Enter a judgment declaring that certain portions of Peninsula Township's Winery Ordinances are void;

(b)    Enjoin Peninsula Township, its employees, officers, and agents, from enforcing the preempted Winery Ordinances permanently and preliminarily while this litigation is pending;

(c)    Award Plaintiffs monetary damages in an amount to be proven at trial;

(d)    Award Plaintiffs their reasonable costs, including attorneys' fees, incurred in bringing this action; and

(e)    Grant such other and further relief as this Court deems just and proper.

**COUNT X**
**INJUNCTIVE RELIEF**

185.    Plaintiffs incorporate and reallege the preceding paragraphs as if fully restated herein.

186.    Plaintiffs are likely to succeed on the merits of their lawsuit.

187.    Plaintiffs will be irreparably harmed if an injunction does not issue preventing Peninsula Township from continuing to enforce the Winery Ordinances.

188.   Peninsula Township will not be harmed if it is prohibited from enforcing its illegal ordinances.

189.   Issuance of a preliminary injunction preventing Peninsula Township from continuing to enforce its illegal Winery Ordinances will serve the public interest.

190.   Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

(a)   Enjoin Peninsula Township, its employees, officers, and agents, from enforcing the Winery Ordinances permanently and preliminarily while this litigation is pending;

(b)   Award Plaintiffs monetary damages in an amount to be proven at trial;

(c)   Award Plaintiffs their reasonable costs, including attorneys' fees, incurred in bringing this action; and

(d)   Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

MILLER, CANFIELD, PADDOCK
AND STONE, P.L.C.

By:   ___/s/ Joseph M. Infante_____
      Joseph M. Infante (P68719)
      Stephen M. Ragatzki (P81952)
      Christopher J. Gartman (P83286)
      Attorneys for Plaintiffs
      99 Monroe Avenue NW, Suite 1200
      Grand Rapids, MI  49503
      (616) 776-6333
      infante@millercanfield.com

Dated:  October 21, 2020

36649384.4/159392.00001

- 30 -