UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WINERIES OF THE OLD MISSION
PENINSULA (WOMP) ASSOC.,
a Michigan Nonprofit Corporation,
BOWERS HARBOR VINEYARD
& WINERY, INC., a Michigan
Corporation, BRYS WINERY, LC,
a Michigan Corporation, CHATEAU
GRAND TRAVERSE, LTD,
a Michigan Corporation, CHATEAU
OPERATIONS, LTD, a Michigan
Corporation, GRAPE HARBOR, INC.
a Michigan Corporation, MONTAGUE
DEVELOPMENT, LLC, a Michigan
limited liability company, OV THE FARM, LLC
a Michigan limited liability company,
TABONE VINEYARDS, LLC. a Michigan
Limited Liability Company, TWO LADS, LLC,
a Michigan limited liability company,
VILLA MARI LLC, a Michigan
Limited Liability Company, WINERY
AT BLACK STAR FARMS, L.L.C.,
a Michigan Limited Liability Company,

        Plaintiff,

vs.

PENINSULA TOWNSHIP, a Michigan
Municipal Corporation,

        Defendant.

Case № 1:20-cv-01008-PLM-RSK
Hon. Paul L. Maloney
Mag. Ray S. Kent

**DEFENDANT PENINSULA
TOWNSHIP'S RULE
12(b)(1) AND 12(b)(6)
MOTION FOR PARTIAL
DISMISSAL AND
BRIEF IN SUPPORT**

---

| MILLER, CANFIELD, PADDOCK | GREGORY M. MEIHN (P38939) |
|---|---|
| AND STONE, PLC | MATTHEW T. WISE (P76794) |
| Joseph M. Infante (P68719) | FOLEY & MANSFIELD, P.L.L.P. |
| Stephen M. Ragatzki (P81952) | Attorneys for Defendant |
| Christopher J. Gartman (P83286) | 130 E. 9 Mile Rd. |
| 99 Monroe Avenue NW, Suite 1200 | Ferndale, MI 48220-3728 |
| Grand Rapids, MI 49503 | (248) 721-4200 / Fax: (248) 721-4201 |
| (616) 776-6333 | gmeihn@foleymansfield.com |
| infante@millercanfield.com | mwise@foleymansfield.com |
| gartman@millercanfield.com | |

Foley & Mansfield, PLLP
130 East Nine Mile Road
Ferndale, MI  48220  (248) 721-4200

## DEFENDANT PENINSULA TOWNSHIP'S
## RULE 12(b)(1) and 12(b)(6) MOTION FOR PARTIAL DISMISSAL
## AND BRIEF IN SUPPORT

Defendant, Peninsula Township, by its attorneys, Foley & Mansfield, PLLP, moves this Court for partial dismissal pursuant to Fed. R. Civ. P. 12(b)(1) for want of standing and lack of subject matter jurisdiction as to Plaintiffs Wineries of the Old Missions Peninsula (WOMP) Assoc. and Montague Development, LLC, and pursuant to Fed. R. Civ. P. 12(b)(6), against Plaintiffs Wineries of the Old Mission Peninsula (WOMP) Assoc., Brys Winery, LC, Chateau Grand Traverse, LTD, Chateau Operations, LTD, Grape Harbors, Inc., Montague Development, LLC, Tabone Vineyards, LLC, Winery at Black Star Farms, LLC, and Villa Mari LLC, for failure to state a claim upon which relief may be granted.  In support of the motion, Defendant relies upon the Brief submitted herewith.

Pursuant to Local Rule 7.1(d), undersigned counsel contacted counsel for Plaintiffs by email on December 11, 2020 regarding the relief requested and Plaintiffs' counsel stated that this motion would be opposed.

Respectfully submitted,

s/ *Gregory M. Meihn*

FOLEY & MANSFIELD PLLP
130 E. Nine Mile Road
Ferndale, MI 48220
(248) 721-4200
gmeihn@foleymansfield.com
P38939

Dated:  December 11, 2020

2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WINERIES OF THE OLD MISSION
PENINSULA (WOMP) ASSOC.,
a Michigan Nonprofit Corporation,
BOWERS HARBOR VINEYARD
& WINERY, INC., a Michigan
Corporation, BRYS WINERY, LC,
a Michigan Corporation, CHATEAU
GRAND TRAVERSE, LTD,
a Michigan Corporation, CHATEAU
OPERATIONS, LTD, a Michigan
Corporation, GRAPE HARBOR, INC.
a Michigan Corporation, MONTAGUE
DEVELOPMENT, LLC, a Michigan
limited liability company, OV THE FARM, LLC
a Michigan limited liability company,
TABONE VINEYARDS, LLC. a Michigan
Limited Liability Company, TWO LADS, LLC,
a Michigan limited liability company,
VILLA MARI LLC, a Michigan
Limited Liability Company, WINERY
AT BLACK STAR FARMS, L.L.C.,
a Michigan Limited Liability Company,
          Plaintiff,

vs.

PENINSULA TOWNSHIP, a Michigan
Municipal Corporation,

        Defendant.

Case № 1:20-cv-01008-PLM-RSK
Hon. Paul L. Maloney
Mag. Ray S. Kent

**BRIEF IN SUPPORT OF
DEFENDANT PENINSULA
TOWNSHIP RULE 12(b)(1)
AND 12(b)(6) MOTION FOR
PARTIAL DISMISSAL**

MILLER, CANFIELD, PADDOCK
AND STONE, PLC
Joseph M. Infante (P68719)
Stephen M. Ragatzki (P81952)
Christopher J. Gartman (P83286)
99 Monroe Avenue NW, Suite 1200
Grand Rapids, MI 49503
(616) 776-6333
infante@millercanfield.com
gartman@millercanfield.com

GREGORY M. MEIHN (P38939)
MATTHEW T. WISE (P76794)
FOLEY & MANSFIELD, P.L.L.P.
Attorneys for Defendant
130 E. 9 Mile Rd.
Ferndale, MI 48220-3728
(248) 721-4200 / Fax: (248) 721-4201
gmeihn@foleymansfield.com
mwise@foleymansfield.com

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI  48220  (248) 721-4200

# **<u>Table of Contents</u>**

STATEMENT OF THE ISSUES..................................................................................iii

CONTROLLING AUTHORITY ............................................................................. iv

I.    INTRODUCTION ......................................................................................... 1

II.   FACTUAL ALLEGATIONS ........................................................................ 3

III.  STANDARD OF REVIEW......................................................................... 10

IV.  LAW AND ARGUMENT........................................................................... 12

1.    The Complaint Should Be Dismissed Under Fed. R. Civ. P. 12(b)(1) For Lack of Subject Matter Jurisdiction as To Plaintiffs WOMP And Hawthorne Based On Their Lack Of Standing In This Matter........................12

    A.    WOMP And Hawthorne Have No Standing Based Upon Complaint Allegations..... 12

    B.    WOMP Has No Associational Standing................................................. 15

2.    The Complaint Should be Dismissed Under Fed. R. Civ. P. 12(b)(6) Because It Fails to Meet the Requisite Pleading Standards Under *Iqbal*, *Twombly*, and Rule 8(a). ...................................................................................16

V.   CONCLUSION ......................................................................................... 21

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI  48220  (248) 721-4200

i

# INDEX OF AUTHORITIES

**CASES**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)... 11, 17, 20

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)............................................................................................. 11, 17, 20

*Davis v. American Broad. Cos.*, 2010 WL 2998476, at *5 (W.D.Mich. July 28, 2010)(J. Jonker) .......................................................................................11

*Friends of Tims Ford v. Tennessee Valley Auth.*, 585 F.3d 955, 967 (6th Cir. 2009) .................................................................................................................15

*Hunt v. Washington State Apple Adver. Comm'n,* 432 U.S. 333, 343, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977).......................................................................15

*Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) ..................................14

*Lyshe v. Levy*, 854 F.3d 855, 857 (6th Cir. 2017)................................... 13, 14

*Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993) .......................... 11, 18

*Parsons v. U.S. Dep't of Justice*, 801 F.3d 701, 710 (6th Cir. 2015) .....................11

*Spokeo, Inc. v. Robins*, --- U.S. ---, 136 S. Ct. 1540, 1547, 194 L.Ed.2d 635 (2016) ....................................................................................... 11, 13, 14

*Stalley v. Methodist Healthcare*, 517 F.3d 911, 916 (6th Cir. 2008) ....................14

*Warth v. Seldin*, 422 U.S. 490, 501 (1975) ..................................... 11, 15

**RULES**

Fed. R. Civ. P. 10 ...............................................................................7
Fed. R. Civ. P. 12(b)(1)............................................................. 2, 10, 12
Fed. R. Civ. P. 12(b)(6)............................................................... passim
Fed. R. Civ. P. 8(a).........................................................................16
Fed. R. Civ. P. 8(a)(2).....................................................................17

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI  48220  (248) 721-4200

## <u>STATEMENT OF THE ISSUES</u>

A.   Whether under Fed. R. Civ. P. 12(b)(1), this Court should dismiss claims of Wineries of the Old Mission Peninsula (WOMP) Assoc. and Montague Development, LLC for want of standing and lack of subject matter jurisdiction?

    a.  Defendant answers "yes"

    b.  Plaintiffs answer, presumably, "no"

B.   Whether under Fed. R. Civ. P. 12(b)(6), this Court should dismiss claims of Wineries of the Old Mission Peninsula (WOMP) Assoc., Brys Winery, LC, Chateau Grand Traverse, LTD, Chateau Operations, LTD, Grape Harbors, Inc., Montague Development, LLC, Tabone Vineyards, LLC, Winery at Black Star Farms, LLC, and Villa Mari LLC because they have failed to state a claim upon which relief can be granted against Defendant?

    a.  Defendant answers "yes"

    b.  Plaintiffs answer, presumably, "no"

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI  48220  (248) 721-4200

## <u>CONTROLLING AUTHORITY</u>

*Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50, 119 S.Ct. 977, 143 L.Ed.2d
    130 (1999)

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929
    (2007)

*Ellison v. Garbarino,* 48 F.3d 192 (6th Cir. 1995)

*HDC, LLC v. City of Ann Arbor,* 675 F.3d 603 (6th Cir. 2012)

*Hood v. Midwest Sav. Bank,* 95 F.App'x 768 (6th Cir. 2004)

*Mayer v. Mylod,* 988 F.2d 635 (6th Cir. 1993)

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI  48220  (248) 721-4200

iv

## I.    **INTRODUCTION**

Plaintiffs filed a single Complaint against Defendant Peninsula Township (the "Township"), alleging violations of various state and federal laws stemming from the Peninsula Township Zoning Ordinance ("PTZO").   Plaintiffs' Complaint contains ten counts:

- Facial Challenge to Violation of Freedom of Speech, Freedom of Expression and Free Exercise of Religion under the First and Fourteenth Amendments;

- As-Applied Challenge To Violation of Plaintiff's Freedom of Speech Under the First and Fourteenth Amendments;

- Violation of Freedom of Association under the First and Fourteenth Amendments;

- Violation of Due Process;

- Discrimination Against Interstate Commerce (Dormant Commerce Clause);

- Excessive Burden on Interstate Commerce (Dormant Commerce Clause);

- Regulatory Taking under the Fifth and Fourteenth Amendments;

- State Law Preemption;

- Violation of Michigan Zoning Enabling Act; and

- Injunctive Relief.

(ECF No. 1).

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI  48220  (248) 721-4200

1843161 v1

The ten counts of the Complaint are purportedly made by all twelve (12) Plaintiffs[1], collectively as "Plaintiffs", but the claims are not supported by factual allegations for each specific Plaintiff.  Rather, the collective Plaintiffs, through their Complaint comprising 190 paragraphs, make vague allegations that are convoluted and entirely lacking in the specificity sufficient to enable the Township to ascertain the nature of the factual bases, legal claims and damages for each of the following Plaintiffs: Wineries of the Old Mission Peninsula Association ("WOMP"), Brys Winery, LC ("Brys"), Chateau Grand Traverse, LTD ("Grand Traverse"), Chateau Operations, LTD, ("Chateau Chantal"), Grape Harbors, Inc. ("Peninsula Cellars"), Montague Development, LLC ("Hawthorne"), Tabone Vineyards, LLC ("Tabone"), Winery at Black Star Farms, LLC ("Black Star"), and Villa Mari LLC ("Mari"). Accordingly, these parties should be dismissed as plaintiffs in this matter under Fed. R. Civ. P. 12(b)(6).

Additionally, the Complaint is devoid of any allegation related to WOMP and Hawthorne.  WOMP and Hawthorne have failed to demonstrate they have standing to bring the claims in this litigation, and this Court should dismiss their claims for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

---

[1] The Township notes that this Motion does not currently seek dismissal of Plaintiffs Two Lads, LLC ("Two Lads") or Bowers Harbor Vineyard and Winery, LLC ("BHV").  The Township will file a separate Answer and Affirmative Defenses to the Complaint with respect to those two Plaintiffs separately from this Motion.

2

Foley & Mansfield, PLLP
130 East Nine Mile Road
Ferndale, MI  48220  (248) 721-4200

For the reasons that follow, dismissal of the Complaint is appropriate as to the following Plaintiffs pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6): WOMP; Hawthorne; Brys; Grand Traverse; Chateau Chantal; Peninsula Cellars; Tabone, Black Star and Mari.

## II.   **FACTUAL ALLEGATIONS**

Plaintiffs' Complaint attempts to group the Plaintiffs in three categories to correspond to the three sections of the Zoning Ordinance which regulate wineries: Farm Processing Facility, Winery-Chateau, and Remote Winery Tasting Room.  The allegations in the Complaint pertaining to the Plaintiffs' statuses are as follows:

- "Black Star and Two Lads have licenses to operate Farm Processing Facilities." (ECF No. 1, Page ID# 6, ¶ 35);

- "Bowers Harbor, Brys, Grand Traverse, Chateau Chantal, Bonobo, Tabone, and Mari have licenses to operate Winery-Chateaus." (ECF No. 1, Page ID# 8-9, ¶ 55); and

- "Peninsula Cellars has a license to operate a Remote Winery Tasting Room." (ECF No. 1, Page ID #13, ¶ 88).

The Complaint does not contain any individual allegations regarding the status of WOMP or Hawthorne as a Farm Processing Facility, Winery-Chateau, or Remote Winery Tasting Room.  In fact, except for the three paragraphs above, the Complaint and its allegations merely refer to the Plaintiffs collectively as a whole without distinguishing their claims or damages.

Foley & Mansfield, PLLP
130 East Nine Mile Road
Ferndale, MI  48220  (248) 721-4200

3

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI  48220  (248) 721-4200

The Plaintiffs' Complaint contains sections regarding Farm Processing Facilities, Winery-Chateaus, and Remote Winery Tasting Rooms.  As to the first, regarding Farm Processing Facilities, it alleges that Black Star and Two Lads have licenses to operate Farm Processing Facilities and then provides numerous citations to Section 6.7.2(19) of the PTZO with examples of required, permitted, and prohibited activities.  (ECF No. 1, Page ID## 6-8, ¶¶ 35-54).

The allegations in the Winery-Chateau section of the Complaint are similar. Seven of the Plaintiffs, BHV, Brys, Grand Traverse, Chateau Chantal, Bonobo, Tabone and Mari, allege that they have licenses to operate a Winery-Chateau and provide numerous citations to Section 8.7.3(10) of the PTZO with examples of required, permitted, and prohibited activities.  (ECF No. 1, Page ID##8-13, ¶¶ 55-87).  The only other allegations in this regard as follows:

- "Thus, for the right to have Guest Activities at their winery, Plaintiffs are required to either grow on acreage other than the winery acreage or purchase from a grape grower in Peninsula Township 1.25 tons of grapes for each person participating in a Guest Activity." (ECF No. 1, Page ID# 10, ¶ 64);

- "Plaintiffs are required under the Winery Ordinance to advertise in support of Peninsula Township agriculture." (ECF No. 1, Page ID# 10, ¶ 66);

- "Plaintiffs are prohibited under the ordinance, for example, from hosting a meeting of the United Way, Special Olympics, American Heart Association, etc." (ECF No. 1, Page ID# 11, ¶ 69);

4

- "Plaintiffs cannot serve wine made from California or other states' grapes at Guest Activities." (ECF No. 1, Page ID# 11, ¶ 74);

- "The number of persons each Plaintiff may have at a Guest Activity is limited to one person per 15 square feet of rooms for Guest Activities…" (ECF No. 1, Page ID# 11, ¶ 75);

- "At all Guest Activities, Plaintiffs are required to promote agricultural production…" (ECF No. 1, Page ID# 11, ¶ 77); and,

- "The Winery Ordinance prohibits the Plaintiffs from using their kitchen facilities for off-site catering." (ECF No.1, Page ID# 12, ¶ 84).

Next, the allegations supporting claims related to Remote Winery Tasting Rooms alleges that Peninsula Cellars has a license to operate a Remote Winery Tasting Room, and as with the other sections of the Complaint, provides citations to Section 8.7.3(12) of the PTZO with examples of required, permitted, and prohibited activities. (ECF No. 1, Page ID# 13-14 ¶¶ 88-96).

After failing to articulate any more specific allegations for each of the three groupings of Plaintiffs, their Complaint then turns to allegations concerning the Township's zoning ordinance enforcement, again collectively referring to Plaintiffs as a group and which is limited to the following allegations:

- "Peninsula Township's Winery Ordinances and subjective enforcement activities have caused substantial harm to Plaintiffs." (ECF No. 1, Page ID# 14, ¶ 100);
- "Plaintiffs are routinely approached to host weddings, corporate events, political events and similar activities which they either must turn down or, if they attempt to hold such events, are forced to cancel the events. (Exhibit 3.)" (ECF No. 1, Page ID# 15, ¶ 101);

Foley & Mansfield, PLLP
130 East Nine Mile Road
Ferndale, MI  48220  (248) 721-4200

5

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI  48220  (248) 721-4200

- "Each of these events could mean tens of thousands of dollars in revenue to Plaintiffs" (ECF No. 1, Page ID# 15, ¶ 102);

- "In addition to lost revenue, Plaintiffs lose customer good will when they regularly have to turn down these events." (ECF No. 1, Page ID# 15, ¶ 103);

- "Plaintiffs receives calls almost daily about hosting weddings. When the bridges and grooms are turned away, their business goes to other wineries outside of Peninsula Township who are glad to receive this much needed revenue." (ECF No. 1, Page ID# 15, ¶ 104);

- "Each of the Plaintiffs, each year, loses hundreds of thousands of dollars in revenue because of the limitations in the Winery Ordinances." (ECF No. 1, Page ID# 15, ¶ 105);

- "In total, the Plaintiffs own or lease more than 1,400 acres of land in Peninsula Township with more than 900 of those acres in active agriculture production." (ECF No. 1, Page ID# 15, ¶ 106);

- "Plaintiffs are forced to own and lease this property because of Peninsula Township's illegal ordinances which damage the Plaintiffs." (ECF No. 1, Page ID# 15, ¶ 107);

- "In addition, to comply with the Winery Ordinance requirements to purchase fruit from other property owners in Peninsula Township, Plaintiffs purchase fruit from Peninsula Township landowners covering more than 220 acres." (ECF No. 1, Page ID# 15, ¶ 108); and,

- "These monies that Plaintiffs are forced to spend on fruit from local farmers could be spent in other areas of the businesses or to purchase fruit from farmers outside of Peninsula Township, or Michigan." (ECF No. 1, Page ID# 15, ¶ 109).

And, in a general and collective reference to all Plaintiffs, the Complaint references the inadmissible Opinions of the Township's legal counsel[2] and claims in a conclusory allegation that, "more than a year later, these illegal ordinances are still in effect in Peninsula Township and still causing damage to Plaintiffs." (ECF No. 1, Page ID# 18, ¶ 121).

The last support, or lack thereof, that comprises the overbroad and vague allegations of the Plaintiffs' Complaint are two affidavits attached to the Complaint which all Plaintiffs rely on to support their claims in the Complaint. (ECF No. 1-3).  The first affidavit is by Linda Stegenga, owner of BHV.  With respect to BHV, only, Ms. Stegenga avers as follows:

- BHV has been subject to the enforcement efforts of Peninsula Township;

- BHV operates as a Winery-Chateau under the Winery Ordinances;

- The Township has prohibited BHV from hosting weddings, having live music, having temporary structures and corporate events among other types of activities;

- BHV has received letters and telephone calls from the Township demanding that it cancel events or be subject to penalties;

- BHV has received violations and fines from the Township after events have occurred;

---

[2] Plaintiffs have also filed a Motion for a Preliminary Injunction in this matter.  (ECF No. 3).  The Township hereby incorporates its Response to that Motion into the instant Motion to Dismiss by reference pursuant to Fed. R. Civ. P. 10 and relies upon its discussion of the Opinions rendered by its legal counsel during negotiations with Plaintiffs as described therein.

1843161 v1

Foley & Mansfield, PLLP
130 East Nine Mile Road
Ferndale, MI  48220  (248) 721-4200

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI 48220 (248) 721-4200

- She would estimate that the restrictions contained in the Winery Ordinances have cost BHV at least several hundred thousand dollars in revenue;

- BHV receives requests for weddings and other private events almost daily, but is not allowed to accept the events and must send the customers elsewhere, which typically makes the customers upset with the BHV and causes a loss of goodwill;

- BHV has been forced by the ordinances to expend money for the few events it is allowed to have;

- BHV purchases fruit annually from farmers in the Township to comply with the tonnage requirement in the Winery Ordinances, which is money her business would not normally spend;

- BHV is not allowed to engage in certain types of advertising due to the Winery Ordinances;

- In the summertime when daylight stays later into the evening, customers wish to engage BHV into the evening, but because the Winery Ordinances force BHV to close at 9:30 p.m., BHV is forced to ask customers to leave and loses additional revenue for the evening.

(ECF No. 1-3, Page ID## 211-213).

Ms. Stegenga's affidavit does not contain any allegations regarding any of the remaining eleven Plaintiffs in this matter.

The second affidavit attached to Plaintiffs' Complaint is from Chris Baldyga, the owner of Two Lads.  (ECF No. 1-3, Page ID## 214-216).  That affidavit contains similar averments to that of the one provided on behalf of BHV and provides sworn allegations as to Two Lads, only.  Through his affidavit, Mr. Baldyga claims:

- Two Lads has been subject to the enforcement efforts of the Township;

8

1843161 v1

- Two Lads operates as a Farm Processing Facility under the Winery Ordinances;

- The Township has prohibited Two Lads from hosting weddings, having live music, having temporary structures and corporate events among other types of activities;

- Two Lads has received letters and telephone calls from the Township demanding that it cancel events or be subject to penalties;

- He would estimate that the restrictions contained in the Winery Ordinances have cost Two Lads at least several hundred thousand dollars in revenue;

- Two Lads routinely receives requests for weddings and other private events almost daily, but is not allowed to accept the events and must send the customers elsewhere, which often makes the customers upset with the Two Lads and hurts its goodwill and reputation;

- Two Lads is not allowed to engage in certain types of advertising due to the Winery Ordinances;

- In the summertime when daylight stays later into the evening, customers wish to engage Two Lads into the evening, but because the Winery Ordinances force Two Lads to close at 9:30 p.m., Two Lads is forced to ask customers to leave and loses additional revenue for the evening.

(ECF No. 1-3, Page ID## 214-216).

While the majority of the averments contained in Mr. Baldyga's affidavit regarding Two Lads are the same as the averments contained in Ms. Stegenga's affidavit regarding BHV, Mr. Baldyga confirms by omission that, unlike BHV, Two Lads has not: (1) received violations and fines from Peninsula Township after events have occurred; (2) been forced by the ordinances to expend money for events it is allowed

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI  48220  (248) 721-4200

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI 48220 (248) 721-4200

to have; or (3) purchased fruit annually from Farmers in the Township to comply with the tonnage requirement in the Winery Ordinances.  Like Ms. Stegenga's affidavit, Mr. Baldyga's affidavit does not contain any allegations regarding the other eleven Plaintiffs.

To that end, Plaintiffs' Complaint contains no allegations of when, where, how, or to what extent, if any, Plaintiffs WOMP, Hawthorne, Brys, Grand Traverse, Chateau Operations, Chateau Chantal, Peninsula Cellars, Bonobo, Tabone, Black Star, or Mari have been injured by the Township or any factual allegations to support any damages for the same.  Significantly, the allegations referenced above are the entirety of allegations made by Plaintiffs upon which the Township must rely to ascertain the claims and damages of **all twelve of the Plaintiffs**.  They are insufficient to do so with respect to the ten Plaintiffs which the Township requests should be dismissed via this Motion and as a result, these ten Plaintiffs should be dismissed from this matter.[3]

## III.   <u>STANDARD OF REVIEW</u>

Whether a party has standing is an issue of the court's subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  For purposes of ruling on a motion to dismiss for lack of standing, the court "must accept as true all material

---

[3] The Township does not concede that Two Lads or BHV have stated claims upon which relief may be granted or that their claims are not otherwise subject to summary judgment merely because they are not included in the requested relief of this Motion.

allegations of the complaint, and must construe the complaint in favor of the complaining party." *Parsons v. U.S. Dep't of Justice*, 801 F.3d 701, 710 (6th Cir. 2015)(quoting *Warth v. Seldin*, 422 U.S. 490, 501 (1975)). "Where, as here, a case is at the pleading stage, the plaintiff must 'clearly ... allege facts demonstrating' each element" of standing. *Spokeo, Inc. v. Robins*, --- U.S. ---, 136 S. Ct. 1540, 1547, 194 L.Ed.2d 635 (2016)(quoting *Warth,* 422 U.S. at 518).

For a motion under Rule 12(b)(6), a complaint must be dismissed where the complaint fails to allege "sufficient facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). To survive a 12(b)(6) motion, the claimant must demonstrate there is sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The purpose of Rule 12(b)(6) is to "allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).

A court must accept as true all factual allegations, but it need not accept legal conclusions. *Davis v. American Broad. Cos.*, 2010 WL 2998476, at *5 (W.D.Mich. July 28, 2010)(J. Jonker), citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937,

Foley & Mansfield, PLLP
130 East Nine Mile Road
Ferndale, MI  48220  (248) 721-4200

11

1949 (2009).  "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*

## IV.  <u>LAW AND ARGUMENT</u>

**1.  The Complaint Should Be Dismissed Under Fed. R. Civ. P. 12(b)(1) For Lack of Subject Matter Jurisdiction as To Plaintiffs WOMP And Hawthorne Based On Their Lack Of Standing In This Matter.**

### A. WOMP And Hawthorne Have No Standing Based Upon Complaint Allegations

As noted above, the Complaint contains ten legal counts alleged by the Plaintiffs collectively. Presumably, WOMP and Hawthorne seek to be included in those allegations and have attempted to assert ten claims against the Township. However, their respective roles in this matter, as well as any allegations to support the same, are entirely unknown.  Indeed, neither WOMP nor Hawthorne is described in the Plaintiffs' Complaint as a Farm Processing Facility, Winery-Chateau, or Remote Winery Tasting Room.   The only instance WOMP is identified in the Complaint is under the Parties heading, wherein WOMP is described as follows:

> Wineries of Old Mission Peninsula (WOMP) Assoc. ("WOMP") is a Michigan non-profit corporation with its principal place of business in Peninsula Township, Grand Traverse County, located in the Western District of Michigan.

(ECF No. 1, Page ID# 3, ¶ 14).

Similarly, the only instance Hawthorne is identified in the Complaint is under the Parties heading, wherein Hawthorne is described as follows:

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI 48220 (248) 721-4200

12

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI  48220  (248) 721-4200

> Montague Development, LLC is a Michigan Limited Liability Company, operating under the trade name Hawthorne Vineyards ("Hawthorne") with its principal place of business in Peninsula Township, Grand Traverse County, located in the Western District of Michigan.

(ECF No. 1, Page ID #4, ¶ 20).

These "identification only" allegations are insufficient to permit their standing or state a claim in this matter.

WOMP does not provide any details regarding its organization, including, but not limited to, structure, history, mission, purpose, membership, activities, or interest in this litigation.  Likewise, Hawthorne does assert any allegations relevant to this litigation or its business, including, but not limited to, its history, operations, or applicability of the PTZO to it.  Instead, WOMP and Hawthorne are only referred to in the Complaint as part of the collective Plaintiffs.  WOMP and Hawthorne have failed to demonstrate that they have standing to bring claims in this litigation in this Court, and the Court should dismiss them from this case.

Article III, § 1, of the Constitution limits the jurisdiction of federal courts to hear only actual cases and controversies. *Spokeo, Inc. v. Robins*, --- U.S. ---, 136 S. Ct. 1540, 1547, 194 L.Ed.2d 635 (2016); *Lyshe v. Levy*, 854 F.3d 855, 857 (6th Cir. 2017). "Where, as here, a case is at the pleading stage, the plaintiff must 'clearly … allege facts demonstrating' each element" of standing. *Spokeo,* 136 S.Ct. at 1547. Standing to sue is a doctrine rooted in the traditional understanding of a case or

13

controversy. *Id*. "The doctrine limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Id.*

Specifically, to satisfy the "irreducible constitutional minimum of standing," a plaintiff must establish that: "(1) [s]he has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent rather than conjectural or hypothetical; (2) that there is a causal connection between the injury and the defendant's alleged wrongdoing; and (3) that the injury can likely be redressed." *Lyshe*, 854 F.3d at 857 (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements. *Spokeo*, 136 S. Ct. at 1547; *Stalley v. Methodist Healthcare*, 517 F.3d 911, 916 (6th Cir. 2008).

Considering the complete absence of allegations relative to WOMP and Hawthorne in the Complaint, they have failed to satisfy the constitutional minimum of standing necessary to proceed in this litigation.  Instead, WOMP and Hawthorne have identified themselves as parties and joined in the shared counts asserted against the Township without identifying any injuries in fact that are concrete, particularized, actual, imminent, or fairly traceable to the Township's actions that are likely to be redressed by a favorable decision.  In short, WOMP and Hawthorne have glossed over the elements without even attempting to demonstrate standing. They have not alleged any injury, harm, or damage.   Accepting the material

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI  48220  (248) 721-4200

14

allegations as true and construing the Complaint in favor of WOMP and Hawthorne, this Court cannot find that either party has standing to bring these claims.

### B. WOMP Has No Associational Standing

Though the Complaint contains no allegations related to WOMP that would enable this Court to find it has standing, even if WOMP provided such allegations, it has no associational standing, either and such an argument would also fail.

In order to demonstrate it has associational standing, WOMP must show "(1) the organization's members would otherwise have standing to sue in their own right; (2) the interests it seeks to protect are germane to the organization's purpose, and (3) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Friends of Tims Ford v. Tennessee Valley Auth.*, 585 F.3d 955, 967 (6th Cir. 2009)(quoting *Hunt v. Washington State Apple Adver. Comm'n,* 432 U.S. 333, 343, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977)(quotation marks omitted)).

To demonstrate the first element of associational standing, an association must "allege that its members, or any one of them, are suffering immediate or threatened injury as a result of the challenged action of the sort that would make out a justiciable case had the members brought suit." *Warth v. Seldin*, 422 U.S. 490, 511, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975).  WOMP made no allegations of its own in the Complaint in this regard and thus, this element is not satisfied.

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI 48220 (248) 721-4200

Regarding the second element, WOMP has not even identified the purpose of its organization, let alone shown that the interests it seeks to protect are germane to its purpose. The allegations made by other Plaintiffs are insufficient to do so. As a result, WOMP fails the second requirement for associational standing.

Finally, in the claims asserted and relief requested in Plaintiffs' Complaint, some of the individual Plaintiffs are seeking monetary damages, which would require individualized proof on from each individual Plaintiff.  Accordingly, the "participation of the individual members in the lawsuit" is required for the claims and WOMP has failed to satisfy the third element of associational standing. Therefore, for the additional reason that WOMP cannot satisfy the necessary elements to demonstrate associational standing, the Court should dismiss WOMP from this litigation.[4]

## 2. The Complaint Should be Dismissed Under Fed. R. Civ. P. 12(b)(6) Because It Fails to Meet the Requisite Pleading Standards Under *Iqbal*, *Twombly*, and Rule 8(a).

As to the ten Plaintiffs identified above, the Plaintiffs' Complaint also fails to state a claim upon which relief may be granted against the Township.  As the Court is aware, Fed. R. Civ. P. 8(a) governs pleadings and requires that a claim contain "a

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI  48220  (248) 721-4200

---

[4] The Township notes that it addresses the lack of standing issue facing WOMP in its Response to Plaintiffs' Motion for Preliminary Injunction.  The Township incorporates the same by reference into this Motion and relies upon it for further support in its requested relief, inclusive of its additional analysis of *Warth v. Seldin*, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975).

short and plain statement of the claim showing that the pleader is entitled to relief."

Fed. R. Civ. P. 8(a)(2).  In *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173

L.Ed.2d 868 (2009), the United States Supreme Court clarified the standard for

determining whether a complaint should be dismissed under Fed. R. Civ. P. 12(b)(6)

for failure to state a claim due to non-compliance with Rule 8(a):

> **To survive a motion to dismiss, a complaint must contain factual matter, accepted as true, to "state a claim for relief that is plausible on its face."** … A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. … **The plausibility standard is not akin to a "probability requirement,"** but it asks for more than the sheer possibility that a defendant has acted unlawfully. … **Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"**

*Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)[emphasis added].

Two working principles underlie this standard: "First, the tenet that a court

must accept as true all of the allegations contained in a complaint is inapplicable to

legal conclusions.  Threadbare recitals of the elements of a cause of action, supported

by mere conclusory statements, do not suffice." *Iqbal,* 129 S.Ct. at 1949.  As a result,

a court considering a motion to dismiss should begin by determining whether a

complaint contains factual allegations as opposed to legal conclusions, the latter of

which are not entitled to the presumption of truth. *Id.* at 1950.  Second,

"[d]etermining whether a complaint states a plausible claim for relief will … be a

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI 48220 (248) 721-4200

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI  48220  (248) 721-4200

context-specific task that requires the reviewing court to draw on its judicial experience and common sense … **But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n] – 'that the pleader is entitled to relief.'"** *Id.* (emphasis added).  Here, Plaintiffs' Complaint fails to comply with the pleading requirements and, accordingly, it should be dismissed.

As demonstrated above, Plaintiffs' Complaint lacks well-pleaded facts showing when, where, how, or to what extent, if any, the Township violated *each Plaintiffs'* First and Fourteenth Amendment speech; violated the Commerce Clause and Dormant Commerce Clause; and engaged in a regulatory taking.  The ten Plaintiffs identified in the requested relief attempt to incorporate and allege violations and entitlement to damages by relying on the particularized allegations in the affidavits of Ms. Stegenga and Mr. Baldyga, which clearly apply only to their respective entities, BHV and Two Lads.  As such, without well-pleaded allegations by the remaining ten Plaintiffs, they have failed to allege plausible liability and the Township is deprived of the opportunity to test whether, as a matter of law, they are entitled to legal relief even if everything alleged in the Complaint is true. *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir. 1993).  In other words, these Plaintiffs do not assert any factual allegations that would push the Complaint beyond a simple pronouncement that they believe the Township has acted unlawfully.

18

First, there are no allegations in the Complaint pertaining to WOMP or Hawthorne at all other than identifying them. Thus, quite simply, there are no allegations which the Court could even accept as true to determine whether WOMP and Hawthorne are entitled to legal relief. The Complaint must be dismissed as to those two entities for failure to state a claim upon which relief may be granted under Rule 12(b)(6).

As to Plaintiffs Brys, Grand Traverse, Chateau Chantal, Peninsula Cellars, Bonobo, Tabone, Black Star and Mari, the Complaint contains no specific allegations or well-pleaded facts to enable the Township to determine whether they are entitled to legal relief. Instead, the Township would be required to decipher Plaintiffs' convoluted, vague Complaint and the many refences to Plaintiffs as a group to evaluate whether *each Plaintiff* has a plausible claim against it. The Township is not required to do so, and the pleading standards referenced above put the onus on each Plaintiff to articulate the same so that the Township may properly defend the claims asserted against it. These Plaintiffs have failed in this regard.

For example, Plaintiffs make the general conclusion that "Peninsula Township's Winery Ordinances and subjective enforcement activities have caused substantial harm to Plaintiffs." (ECF No. 1, Page ID# 14, ¶ 100). Plaintiffs provide a bulleted list of examples of allowed and prohibited activities in ¶ 99 which they describe as having occurred "over the years", but the Township is left to guess to

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI 48220 (248) 721-4200

19

which Plaintiffs these allegations apply, including when, how often, and to what extent.  This conclusory allegation does not satisfy the pleading standards under *Iqbal* and *Twombly*.

Moreover, ¶¶ 101 and 105, respectively, attempt to attribute to all Plaintiffs the sworn allegations by Linda Stegenga and Chris Baldyga, which are clearly particularized to BHV and Two Lads, only.  Based on these general allegations, Plaintiffs would have the Township assume, for instance, that all twelve Plaintiffs are approached almost daily about hosting weddings, or that WOMP, a non-profit corporation, loses customer goodwill when it regularly has to turn down requests to host events such as weddings, corporate events, and political events.  That is not alleged nor are there any affidavits or allegations to support such an assumption.

Further, Plaintiffs allege that they all purchase fruit from Peninsula Township landowners covering more than 220 acres to comply with the Winery Ordinance requirements to purchase fruit from other property owners in the Township.  However, this unsworn factual allegation is internally inconsistent with the affidavit of Chris Baldyga, which conspicuously omitted similar allegations contained in the affidavit of Linda Stegenga.  This is yet another example of the lack of well-pleaded facts in the Complaint which deprive the Township of the opportunity to evaluate whether *each Plaintiff* is entitled to legal relief based on the allegations contained therein.  Ten of the twelve Plaintiffs fail in this regard.

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI  48220  (248) 721-4200

20

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI 48220 (248) 721-4200

While the Court must, for the purposes of a Rule 12(b)(6) motion, read the Complaint indulgently, the Court is not required to accept as true unsupported legal conclusions or unwarranted factual inferences.  Plaintiffs' Complaint is replete with general legal conclusions and requires numerous, unwarranted factual inferences to assess whether the following Plaintiffs are entitled to relief: WOMP, Hawthorne, Brys, Grand Traverse, Chateau Operations, Chateau Chantal, Peninsula Cellars, Bonobo, Tabone, Black Star, and Mari.  Therefore, these Plaintiffs have failed to set forth sufficient, well-pleaded facts to permit the court to infer more than the mere possibility of misconduct by the Township.  Accordingly, as to these Plaintiffs, the Complaint should be dismissed.

## V.    CONCLUSION

The Township requests this Court grant its Motion for Partial Dismissal and dismiss, with prejudice, the claims asserted by Wineries of the Old Mission Peninsula (WOMP) Assoc., Brys Winery, LC, Chateau Grand Traverse, LTD, Chateau Operations, LTD, Grape Harbors, Inc., Montague Development, LLC, Tabone Vineyards, LLC, Winery at Black Star Farms, LLC, and Villa Mari LLC.

Respectfully submitted,

s/ *Gregory M. Meihn*
FOLEY & MANSFIELD PLLP
130 E. Nine Mile Road
Ferndale, MI 48220
(248) 721-4200
gmeihn@foleymansfield.com
P38939

Dated:  December 11, 2020

## __CERTIFICATE OF SERVICE__

I hereby certify that on December 11, 2020, I electronically filed __PENINSULA__

__TOWNSHIP'S RULE 12(b)(1) and 12(b)(6) MOTION FOR PARTIAL__

__DISMISSAL__ with the Clerk of the Court using the ECF system.


s/ *Gregory M. Meihn*
FOLEY & MANSFIELD PLLP
130 E. Nine Mile Road
Ferndale, MI 48220
(248) 721-4200
gmeihn@foleymansfield.com
Dated:  December 11, 2020       P38939

1843161 v1

*(sidebar, left margin, rotated):* **Foley & Mansfield, PLLP** 130 East Nine Mile Road Ferndale, MI  48220  (248) 721-4200