UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WINERIES OF THE OLD MISSION
PENINSULA (WOMP) ASSOC.,
a Michigan Nonprofit Corporation,
BOWERS HARBOR VINEYARD
& WINERY, INC., a Michigan
Corporation, BRYS WINERY, LC,
a Michigan Corporation, CHATEAU
GRAND TRAVERSE, LTD,
a Michigan Corporation, CHATEAU
OPERATIONS, LTD, a Michigan
Corporation, GRAPE HARBOR, INC.          Case № 1:20-cv-01008-PLM-RSK
a Michigan Corporation, MONTAGUE         Hon. Paul L. Maloney
DEVELOPMENT, LLC, a Michigan             Mag. Ray S. Kent
limited liability company, OV THE FARM, LLC
a Michigan limited liability company,
TABONE VINEYARDS, LLC. a Michigan
Limited Liability Company, TWO LADS, LLC,
a Michigan limited liability company,
VILLA MARI LLC, a Michigan
Limited Liability Company, WINERY
AT BLACK STAR FARMS, L.L.C.,
a Michigan Limited Liability Company,

                Plaintiff,
vs.

PENINSULA TOWNSHIP, a Michigan
Municipal Corporation,

                Defendant.
_____

MILLER, CANFIELD, PADDOCK          GREGORY M. MEIHN (P38939)
AND STONE, PLC                     MATTHEW T. WISE (P76794)
Joseph M. Infante (P68719)         FOLEY & MANSFIELD, P.L.L.P.
Stephen M. Ragatzki (P81952)       Attorneys for Defendant
Christopher J. Gartman (P83286)    130 E. 9 Mile Rd.
99 Monroe Avenue NW, Suite 1200    Ferndale, MI 48220-3728
Grand Rapids, MI 49503             (248) 721-4200 / Fax: (248) 721-4201
(616) 776-6333                     gmeihn@foleymansfield.com
infante@millercanfield.com         mwise@foleymansfield.com
gartman@millercanfield.com
_____

1843432 v1

## DEFENDANT PENINSULA TOWNSHIP'S
## ANSWER TO PLAINTIFFS TWO LADS, LLC AND
## BOWERS HARBOR VINEYARD AND WINERY, INC.'S COMPLAINT

Defendant, PENINSULA TOWNSHIP (the "Defendant"), by and through its attorneys Foley & Mansfield, PLLP and in answer to Plaintiff Two Lads, LLC ("Two Lads") and Bowers Harbor Vineyard & Winery, Inc.'s ("BHV") Complaint, states as follows:

### INTRODUCTION

1.      This matter relates to a set of ordinances governing the operation of wineries enacted by Peninsula Township which violate Plaintiffs' Federal constitutional rights and violate Michigan law.

**RESPONSE:  Defendant admits it has a set of ordinances governing the operation of wineries but denies that the same violate Plaintiffs' Federal constitutional rights or violate Michigan law for the reason that it is untrue.**

2.      For more than a year, Plaintiffs and their counsel have attempted to work with Peninsula Township on these issues and Peninsula Township has admitted that the ordinances discussed below violate Plaintiffs' constitutional rights and are preempted by Michigan law.

**RESPONSE:  Defendant admits that it has attempted to negotiate with Plaintiffs regarding the subject ordinances but denies that it has admitted the same violate Plaintiffs' Federal constitutional rights or violate Michigan law for the reason that it is untrue.**

3.      In the words of Defendant Peninsula Township's attorney, the portions of the ordinances at issue "should be revised as it is, under the First Amendment standards, an invalid suppression of the Wineries' First Amendment rights."

**RESPONSE:  Defendant admits that its counsel has provided opinions regarding to a subcommittee engaged in the negotiations with Plaintiffs, which said opinions have not been adopted by the Township Board, but denies that it has admitted the same violate any of Plaintiffs' First Amendment rights for the reason that it is untrue.**

4.      He also concluded that portions of the ordinances "violate[] the Commerce Clause."

**RESPONSE: Defendant admits that its counsel has provided opinions regarding these ordinances to a subcommittee engaged in the negotiations with Plaintiffs, which said opinions have not been adopted by the Township Board, but denies that it has admitted the same violate the Commerce Clause for the reason that it is untrue.**

5.      Finally, he concluded that portions of the ordinance are preempted by Michigan law.

**RESPONSE:  Defendant admits that its counsel has provided opinions regarding these ordinances to a subcommittee engaged in the negotiations with Plaintiffs, which said opinions have not been adopted by the Township**

1843432 v1

**Board, but denies that it has admitted the same are preempted by Michigan law for the reason that it is untrue.**

6.      More than a year after this opinion was given, the illegal ordinances are still on the books and being enforced by Peninsula Township.

**RESPONSE:  Defendant admits that its counsel has provided opinions regarding these ordinances to a subcommittee engaged in the negotiations with Plaintiffs, which said opinions have not been adopted by the Township Board and that they remain in effect in its jurisdiction, but denies the same are illegal as it is untrue.**

## JURISDICTION AND VENUE

7.      This action arises under the United States Constitution and 42 U.S.C. § 1983.

**RESPONSE:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7.**

8.      The Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343.

**RESPONSE:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.**

9.      This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

**RESPONSE:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.**

3

10.    This Court has the authority to grant declaratory relief under 28 U.S.C. §§ 2201 and 2202.

**RESPONSE:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.**

11.    This Court has the authority to grant injunctive relief by Federal Rules of Civil Procedure 57 and 65.

**RESPONSE:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11.**

12.    Venue is proper in this Court under 28 U.S.C. § 1391(b) because (i) Peninsula Township is located in Grand Traverse County which is in this judicial district, and (ii) the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district.

**RESPONSE:  Defendant admits that Peninsula Township is located in Grand Traverse County but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 12.**

13.    Plaintiffs' claim for attorneys' fees and costs is authorized by 42 U.S.C. § 1988.

**RESPONSE:  Defendant denies as untrue the allegations in paragraph 13 and leaves the Plaintiffs' to their proofs.**

**THE PARTIES**

1843432 v1

14.     Wineries of Old Mission Peninsula (WOMP) Assoc. ("WOMP") is a Michigan non-profit corporation with its principal place of business in Peninsula Township, Grand Traverse County, located in the Western District of Michigan.

**RESPONSE:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14.**

15.     Bowers Harbor Vineyard & Winery, Inc. ("Bowers Harbor") is a Michigan Corporation with its principal place of business in Peninsula Township, Grand Traverse County, located in the Western District of Michigan.

**RESPONSE:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.**

16.     Brys Winery, LC ("Brys") is a Michigan Corporation with its principal place of business in Peninsula Township, Grand Traverse County, located in the Western District of Michigan.

**RESPONSE:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16.**

17.     Chateau Grand Traverse, LTD, ("Grand Traverse") is a Michigan Corporation with its principal place of business in Peninsula Township, Grand Traverse County, located in the Western District of Michigan.

**RESPONSE:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17.**

18.     Chateau Operations, LTD, is a Michigan Corporation which operates a winery under the trade name Chateau Chantal ("Chateau Chantal") with its

principal place of business in Peninsula Township, Grand Traverse County, located in the Western District of Michigan.

**RESPONSE: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18.**

19.    Grape Harbor, Inc. is a Michigan Corporation which operates a winery under the trade name Peninsula Cellars ("Peninsula Cellars") with its principal place of business in Peninsula Township, Grand Traverse County, located in the Western District of Michigan.

**RESPONSE:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19.**

20.    Montague Development, LLC is a Michigan Limited Liability Company, operating under the trade name Hawthorne Vineyards ("Hawthorne") with its principal place of business in Peninsula Township, Grand Traverse County, located in the Western District of Michigan.

**RESPONSE:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20.**

21.    OV the Farm, LLC is a Michigan limited liability company which operates a winery under the trade name Bonobo Winery ("Bonobo") with its principal place of business in Peninsula Township, Grand Traverse County, located in the Western District of Michigan.

**RESPONSE:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21.**

1843432 v1

22.     Tabone Vineyards, LLC ("Tabone") is a Michigan Limited Liability Company with its principal place of business in Peninsula Township, Grand Traverse County, located in the Western District of Michigan.

**RESPONSE:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22.**

23.     Two Lads, LLC, ("Two Lads") is a Michigan Limited Liability company with its principal place of business in Peninsula Township, Grand Traverse County, located in the Western District of Michigan.

**RESPONSE:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23.**

24.     Winery at Black Star Farms, L.L.C. ("Black Star") is a Michigan Limited Liability Company with its principal place of business in Peninsula Township, Grand Traverse County, located in the Western District of Michigan.

**RESPONSE:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24.**

25.     Villa Mari LLC is a Michigan Limited Liability Company which operates a winery under the trade name Mari Vineyard ("Mari") with its principal place of business in Peninsula Township, Grand Traverse County, located in the Western District of Michigan.

**RESPONSE:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25.**

7

1843432 v1

26.     Peninsula Township is located in Grand Traverse County, Michigan, with its offices located at 13235 Center Rd., Traverse City, MI 49686.

**RESPONSE: Defendant admits the allegations in paragraph 26.**

## FACTUAL ALLEGATIONS

27.     Peninsula Township is located near Traverse City, Michigan, and comprises Old Mission Peninsula.

**RESPONSE: Defendant admits the allegations in paragraph 27.**

28.     Peninsula Township has adopted various ordinances directed at wineries located within the township which control all aspects of the business including the content of commercial speech, restrictions on the free exercise of religion, groups and organizations that may use winery facilities, hours of operation, dictating that wineries use in-township suppliers, requiring commercial speech to favor local businesses and requiring pre-approval of commercial speech.

**RESPONSE:  Defendant admits it has adopted ordinances regarding wineries within its jurisdiction and that the same speak for themselves but denies that any of these ordinances are illegal for the reasons alleged as it is untrue.**

29.     The Peninsula Township ordinances also arbitrarily dictate the maximum number of guests a winery may have not based on objective criteria like fire code considerations or acreage, but based on the size of one local winery's dining room.

1843432 v1

**RESPONSE:   Defendant admits it has adopted ordinances regarding wineries within its jurisdiction and that the same speak for themselves but denies that any of these ordinances are illegal for the reasons alleged as it is untrue.**

30.    The Peninsula Township ordinances also have placed an arbitrary financial barrier to operating a winery in the township.

**RESPONSE:   Defendant admits it has adopted ordinances regarding wineries within its jurisdiction and that the same speak for themselves but denies that any of these ordinances are illegal for the reasons alleged as it is untrue.**

31.    As noted above, over the past year, Peninsula Township has admitted that many provisions of its winery ordinances violate the First Amendment to the United States Constitution, violate the Commerce Clause and are preempted by Michigan law, yet the ordinances are still in effect.

**RESPONSE:   Defendant admits that its ordinances regarding wineries within its jurisdiction are still in effect but denies the remaining allegations of paragraph 31 as untrue.**

**The Peninsula Township Zoning Ordinance.**

32.    Peninsula Township adopted its Zoning Ordinance on June 5, 1972.

**RESPONSE: Defendant admits the allegations of paragraph 32.**

33.    The Zoning Ordinance has been amended since that time with various winery related ordinances added.

9

**RESPONSE:  Defendant admits the allegations of paragraph 33.**

34.    Currently, Peninsula Township's regulation of wineries is found in three section of the Zoning Ordinance: Section 6.7.2(19) Use by Right – Farm Processing Facility; Section 8.7.3(10) Winery-Chateau; Section 8.7.3(12) Remote Winery Tasting Room. (collectively the "Winery Ordinances"). (Exhibit 1.)

**RESPONSE: Defendant admits that the ordinances references are some of the ordinances applicable to wineries within its jurisdiction.**

**Section 6.7.2(19) Use by Right – Farm Processing Facility**

35.    Black Star and Two Lads have licenses to operate Farm Processing Facilities.

**RESPONSE: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35.**

36.    Peninsula Township's intent in enacting the Farm Processing Facility ordinance was "to promote a thriving local agricultural production industry and preservation of rural character by allowing construction and use of a Farm Processing Facility." Section 6.7.2(19)(a).

**RESPONSE:  Defendant admits that Plaintiffs have accurately quoted, in part, Section 6.7.2(19)(a) of its Zoning Ordinances and otherwise states that the ordinance speaks for itself.**

37.    Under this ordinance, "[t]he majority of the produce sold fresh or processed has to be grown on the specific farm operation (land owned or leased for

1843432 v1

the specific farm operation) of the party owning and operating the Specific Farm Processing Facility." *Id*.

**RESPONSE: Defendant admits that Plaintiffs have accurately quoted, in part, Section 6.7.2(19)(a) of the Zoning Ordinances and otherwise states that the ordinance speaks for itself.**

38.    Further, "[e]ighty-five (85) percent of the produce sold fresh or processed has to be grown on Old Mission Peninsula." *Id*.

**RESPONSE: Defendant admits that Plaintiffs have accurately quoted, in part, Section 6.7.2(19)(a) of the Zoning Ordinances and otherwise states that the ordinance speaks for itself.**

39.    "Activities such as weddings, receptions and other social functions for hire are not allowed...." *Id*.

**RESPONSE: Defendant admits that Plaintiffs have accurately quoted, in part, Section 6.7.2(19)(a) of the Zoning Ordinances and otherwise states that the ordinance speaks for itself.**

40.    A Farm Processing Facility is allowed to sell grape wine, but "[g]rape wine that is processed, tasted and sold in a Farm Processing Facility under this section is limited to 'Old Mission Peninsula' appellation wine meaning 85% of the juice will be from fruit grown on Old Mission Peninsula." Section 6.7.2(19)(b)(1)(ii).

**RESPONSE: Defendant admits that Plaintiffs have accurately quoted, in part, Section 6.7.2(19)(b)(1)(ii) of the Zoning Ordinances and otherwise states that the ordinance speaks for itself.**

41. For other types of wine, "wine, that is processed, tasted and sold in a Farm Processing Facility under this section is limited to wine bearing a label identifying that 85% of the juice is from fruit grown on Old Mission Peninsula." Section 6.7.2(19)(b)(1)(iii).

**RESPONSE:  Defendant admits that Plaintiffs have accurately quoted, in part, Section 6.7.2(19)(b)(1)(iii) of the Zoning Ordinances and otherwise states that the ordinance speaks for itself.**

42. Thus, a winery operating under the Farm Processing Facility ordinance cannot purchase more than 15% of the fruit it uses to produce wine from anyone outside of Peninsula Township.

**RESPONSE: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43.**

43. A Farm Processing Facility may only sell merchandise which "is directly related to the consumption and use of the fresh and/or processed agricultural produce." Section 6.7.2(19)(b)(1)(v)(1).

**RESPONSE:  Defendant admits that Plaintiffs have accurately quoted, in part, Section 6.7.2(19)(b)(1)(v)(1) of the Zoning Ordinances and otherwise states that the ordinance speaks for itself.**

44.     Examples of merchandise which is not allowed are "a) Clothing; b) Coffee Cups; c) Bumper Stickers." Section 6.7.2(19)(b)(1)(v)(4).

**RESPONSE:  Defendant admits that Plaintiff have accurately quoted, in part, Section 6.7.2(19)(b)(1)(v)(4) of the Zoning Ordinances and otherwise states that the ordinance speaks for itself.**

45.     Thus, a winery operating under the Farm Processing Facility ordinance cannot sell a t-shirt bearing its logo.

**RESPONSE:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45.**

46.     But, a Farm Processing Facility could sell a wine glass so long as it bore the logo of the winery.

**RESPONSE: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46.**

47.     In addition to dictating that 85% of the fruit used in wine sold come from Old Mission Peninsula, the Farm Processing Facility ordinance mandates that 85% of all agricultural produce sold, whether fresh or processed, must have been grown on Old Mission Peninsula and only land owned or leased by the facility owner. Section 6.7.2(19)(b)(2)(I).

**RESPONSE: Defendant admits that Plaintiffs have paraphrased, in part, Section 6.7.2(19)(b)(2)(I) of the Zoning Ordinances and otherwise states that the ordinance speaks for itself.**

48.     Thus, a winery operating under the Farm Processing Facility ordinance cannot purchase more than 15% of produce it uses in its products from anyone outside of Peninsula Township.

**RESPONSE:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48.**

49.     If a Farm Processing Facility sells dried fruit, "a minimum of 85% by weight which is grown on Old Mission Peninsula and a minimum of 50% by weight which is grown on the farm, may be dried off premises and sold in the Farm Processing Facility retail room, provided, no more than the amount of fruit sent out for this processing is returned for retail sale." Section 6.7.2(19)(b)(2)(V).

**RESPONSE:  Defendant admits that Plaintiffs have accurately quoted, in part, Section 6.7.2(19)(b)(2)(V) of the Zoning Ordinances and otherwise states that the ordinance speaks for itself.**

50.     A Farm Processing Facility must annually provide data and records to Peninsula Township to substantiate compliance with the requirement that produce used has been grown on land in Peninsula Township. Section 6.7.2(19)(b)(13).

**RESPONSE:  Defendant admits that Plaintiffs have paraphrased, in part, Section 6.7.2(19)(b)(13) of the Zoning Ordinances and otherwise states that the ordinance speaks for itself.**

51.     The Farm Processing Facility ordinance also dictates parcel size and use in the following ways:

(a)     "A total of forty (40) acres of land are required to be devoted to the operation of a farm processing facility."

    (b)    "The parcel containing the specific Farm Processing Facility shall have a minimum area of 20 acres and a minimum parcel width of 330 feet."

    (c)    "There shall be no more than one house on the 20 acre parcel containing the Farm Processing Facility and no more than one house on the remaining required 20 acres."

    (d)    "If property is leased, the lease shall be for a minimum of one year."

    (e)    "There shall be a minimum of 5 acres of crops grown on the same parcel as the Farm Processing Facility." Section 6.7.2(19)(b)(4).

**RESPONSE: Defendant admits that Plaintiffs have quoted, in part, Section 6.7.2(19)(b)(2)(I) of the Zoning Ordinances and otherwise states that the ordinance speaks for itself.**

52.    The retail space at a Farm Processing Facility cannot be more than 6,000 square feet or one-half of the parcel size, whichever is less. Section 6.7.2(19)(b)(6).

**RESPONSE:  Defendant admits that Plaintiffs have y paraphrased, in part, Section 6.7.2(19)(b)(6) of the Zoning Ordinances and otherwise states that the ordinance speaks for itself.**

53.    Any violation of these ordinances "serve[s] as grounds for closing the retail operations, including tasting, portions of the use by the Township Board." Section 6.7.2(19)(b)(15).

**RESPONSE:  Defendant admits that Plaintiffs have quoted, in part, Section 6.7.2(19)(b)(15) of the Zoning Ordinances and otherwise states that the ordinance speaks for itself.**

1843432 v1

54. A person who violates the Farm Processing Facility is also subject to "a civil fine for each violation to be determined by the Court, along with costs which may include all expenses, direct and indirect, to which the Township has been put in connection with municipal infraction. Costs of not more than $500.00 shall be ordered." Section 4.2.1 Violations and Penalties.

**RESPONSE: Defendant admits that Plaintiffs have quoted, in part, Section 6.7.2(19)(b)(2)(I) of the Zoning Ordinances and otherwise states that the ordinance speaks for itself.**

**Section 8.7.3(10) Winery-Chateau**

55. Bowers Harbor, Brys, Grand Traverse, Chateau Chantal, Bonobo, Tabone, and Mari have licenses to operate Winery-Chateaus.

**RESPONSE: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55.**

56. Peninsula Township's intent in enacting its Winery-Chateau ordinance was to "permit construction and use of a winery, guest rooms, and single family residences as a part of a single site subject to the provisions of this ordinance." Section 8.7.3(10)(a).

**RESPONSE: Defendant admits that Plaintiffs have quoted, in part, Section 8.7.3(10)(a) of the Zoning Ordinances and otherwise states that the ordinance speaks for itself.**

57. The Winery-Chateau ordinance mandates that the minimum parcel size under the ordinance is fifty (50) acres. Section 8.7.3(10)(c).

16

**RESPONSE: Defendant admits that Plaintiffs have paraphrased, in part, Section 8.7.3(10)(c) of the Zoning Ordinances and otherwise states that the ordinance speaks for itself.**

58. The principal use of the property under the ordinance must be a winery. Section 8.7.3(10)(d).

**RESPONSE: Defendant admits that Plaintiffs have paraphrased, in part, Section 8.7.3(10)(d) of the Zoning Ordinances and otherwise states that the ordinance speaks for itself.**

59. In addition to a minimum lot size of fifty acres, the Winery-Chateau ordinance mandates that at least "seventy-five (75%) percent of the site shall be used for the active production of crops that can be used for wine production, such as fruit growing on vines or trees." Section 8.7.3(10)(h).

**RESPONSE: Defendant admits that Plaintiffs have quoted, in part, Section 8.7.3(10)(h) of the Zoning Ordinances and otherwise states that the ordinance speaks for itself.**

60. While the Winery-Chateau ordinance allows for accessory uses in addition to the principal winery use, "[a]ccessory uses such as facilities, meeting rooms, and food and beverage services shall be for registered guests only." Section 8.7.3(10)(m).

**RESPONSE: Defendant admits that Plaintiffs have quoted, in part, Section 8.7.3(10)(m) of the Zoning Ordinances and otherwise states that the ordinance speaks for itself.**

61.   Upon prior approval of the Peninsula Township Board, use of the Winery-Chateau by persons other than registered occupants, defined at "Guest Activity Uses", may be allowed. Section 8.7.3(10)(m).

**RESPONSE:  Defendant admits that Plaintiffs have paraphrased, in part, Section 8.7.3(10)(m) of the Zoning Ordinances and otherwise states that the ordinance speaks for itself.**

62.   In limiting Guest Activity Uses and requiring prior Peninsula Township Board approval of such activities, Peninsula Township specifically states in its ordinance that its intent was to "assure that, in addition to the minimum parcel size required for a Winery-Chateau, there is additional farm land in wine fruit production in Peninsula Township if Guest Activity Uses are allowed to take place at a Winery-Chateau facility." Section 8.7.3(10)(u)1(a).

**RESPONSE:  Defendant admits that Plaintiffs have quoted, in part, Section 8.7.3(10)(u)(1)(a) of the Zoning Ordinances and otherwise states that the ordinance speaks for itself.**

63.   As the ordinance further explains, this is because "[t]he current Winery-Chateau section of the ordinance requires 75% of the site to be used for the active production of crops that can be used for wine production such as fruit growing on vines or trees, but does not require that any of the wine produced on the site be made from wine fruit grown on Old Mission Peninsula." *Id.*

1843432 v1

**RESPONSE: Defendant admits that Plaintiffs have quoted, in part, Section 8.7.3(10)(u)(1)(a) of the Zoning Ordinances and otherwise states that the ordinance speaks for itself.**

64.     Thus, for the right to have Guest Activities at their winery, Plaintiffs are required to either grow on acreage other than the winery acreage or purchase from a grape grower in Peninsula Township 1.25 tons of grapes for each person participating in a Guest Activity. Section 8.7.3(10)(u)3.

**RESPONSE: Defendant admits that Plaintiffs have paraphrased, in part, Section 8.7.3(10)(u)(3) of the Zoning Ordinances and otherwise states that the ordinance speaks for itself.**

65.     The Winery-Chateau ordinance also states that "Guest Activity Uses are intended to help in the promotion of Peninsula agriculture by: a) identifying 'Peninsula Produced' food or beverage for consumption by the attendees; b) providing 'Peninsula Agriculture' promotional brochures, maps and awards; and/or c) including tours through the winery and/or other Peninsula agriculture locations. Section 8.7.3(10)(u)1(b).

**RESPONSE:  Defendant admits that Plaintiffs have quoted, in part, Section 8.7.3(10)(u)(1)(b) of the Zoning Ordinances and otherwise states that the ordinance speaks for itself.**

66.     Plaintiffs are required under the Winery Ordinance to advertise in support of Peninsula Township agriculture.

**RESPONSE:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66.**

67.     In order to have a Guest Activity, the ordinance requires prior approval of the Peninsula Township Board. Section 8.7.3(10)(u)2.

**RESPONSE: Defendant admits that Plaintiffs have paraphrased, in part, Section 8.7.3(10)(u)(2) of the Zoning Ordinances and otherwise states that the ordinance speaks for itself.**

68.    These Guest Activities are limited to the following:

(a)     "Wine and food seminars and cooking classes that are scheduled at least thirty days in advance with notice provided to the Zoning Administrator." Section 8.7.3(10)(u)2(a);

(b)     Meetings of 501- (C)(3) non-profit groups within Grand Traverse County but full course meals are not allowed. Section 8.7.3(10)(u)2(b);

(c)     Meetings of Agricultural related groups that have a direct relationship to agricultural production provided that one month notice is given and the zoning administrator pre-approves the meeting after determining that the group has a "direct relationship to agricultural production." Section8.7.3(10)(u)2(c)

**RESPONSE:  Defendant admits that Plaintiffs have paraphrased and quoted, in part, Section 8.7.3(10)(u)(2) of the Zoning Ordinances and otherwise states that the ordinance speaks for itself.**

69.    Plaintiffs are prohibited under the ordinance, for example, from hosting a meeting of the United Way, Specials Olympics, American Heart Association, etc.

**RESPONSE:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69.**

20

70.    Guest Activities also "do not include entertainment, weddings, wedding receptions, family reunions or sale of wine by the glass." Section 8.7.3(10)(u)2(d). This places a burden on the free exercise of religion.

**RESPONSE: Defendant admits that Plaintiffs have quoted, in part, Section 8.7.3(10)(u)(2)(d) of the Zoning Ordinances and otherwise states that the ordinance speaks for itself.**

71.    At a Guest Activity, if wine is served "it must be served with food and shall be limited to Old Mission Peninsula appellation wine produced at the Winery." Section 8.7.3(10)(u)2(e).

**RESPONSE: Defendant admits that Plaintiffs have quoted, in part, Section 8.7.3(10)(u(2)(e) of the Zoning Ordinances and otherwise states that the ordinance speaks for itself.**

72.    The above appellation requirement, given federal law governing wine appellations, limits service of wine at Guest Activities only to wine where not less than 75% of the wine was produced from grapes grown in Peninsula Township.

**RESPONSE:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72.**

73.    The purchase of grapes from places like California or other states is incredibly common in the wine industry.

**RESPONSE: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73.**

74.    Plaintiffs cannot serve wine made from California or other states' grapes at Guest Activities.

**RESPONSE: Defendant admits that its Zoning Ordinances speak for themselves and otherwise leave Plaintiffs to their proofs.**

75.    The number of persons each Plaintiff may have at a Guest Activity is limited to one person per 15 square feet of rooms for Guest Activities. But in no case may the number of persons exceed 111 or the Fire Marshall maximum occupancy, whichever is less. Section 8.7.3(10)(u)4.

**RESPONSE:  Defendant admits that Plaintiffs have paraphrased, in part, Section 8.7.3(10)(u)(4) of the Zoning Ordinances and otherwise states that the ordinance speaks for itself.**

76.    Upon information and belief, the 111 number contained in Section 8.7.3(10)(u)4 was decided upon in the ordinance as it is the occupancy of Plaintiff Chateau Chantal's dining room.

**RESPONSE:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76.**

77.    At all Guest Activities, Plaintiffs are required to promote agricultural production and, specifically, must:

(a)    "Identify 'Peninsula Produced" food or beverage that is consumed by the attendees;

(b)    "Provide 'Peninsula Agriculture' promotional materials; and

(c)    "Include tours through the winery and/or other Peninsula agricultural locations." Section 8.7.3(10)(u)5

**RESPONSE: Defendant admits that Plaintiffs have paraphrased and quoted, in part, Section 8.7.3(10)(u)(5) of the Zoning Ordinances and otherwise states that the ordinance speaks for itself.**

78.   Hours of operation for Guest Activities are left to the discretion of the Town Board, but can be no later than 9:30 p.m. Section 8.7.3(10)(u)5(b).

**RESPONSE: Defendant admits that Plaintiffs have paraphrased, in part, Section 8.7.3(10)(u)(5)(b) of the Zoning Ordinances and otherwise states that the ordinance speaks for itself.**

79.   Michigan law explicitly allows Michigan wineries to serve food and alcohol until 2:00 a.m., daily. MCL 436.2113.

**RESPONSE:  Paragraph 79 is an attempt to cite Michigan law for which no response is required.  To the extent a response is required, Defendant admits that MCL 436.2113 speaks for itself and permits that certain liquor licensees may sell alcohol during the hours proscribed therein. Defendant denies any allegations in paragraph 79 that are contrary to MCL 436.2113.**

80.   The Winery Ordinances limit alcohol sales to only those that are produced on site. Section 8.7.3(10)(u)5(c).

**RESPONSE: Defendant admits that Plaintiffs have paraphrased, in part, Section 8.7.3(10)(u)(5)(c) of the Zoning Ordinances and otherwise states that the ordinance speaks for itself.**

81.     Under Michigan law, an entity with a catering permit is allowed to serve alcohol on the winery premises, with certain escrow requirements, regardless of where the alcohol is produced.

**RESPONSE: Paragraph 81 is an attempt to cite Michigan law for which no response is required.  To the extent a response is required Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81.**

82.     The Winery Ordinances prohibits amplified music and allows only amplified voice and recorded background noise so long as the amplification level is no greater than normal conversation levels. Section 8.7.3(10)(u)5(g).

**RESPONSE: Defendant admits that Plaintiffs have paraphrased, in part, Section 8.7.3(10)(u)(5)(g) of the Zoning Ordinances and otherwise states that the ordinance speaks for itself.**

83.     However, MCL 436.1916(11) explicitly allows Michigan licensed wineries to have music and singing.

**RESPONSE:  Paragraph 83 is an attempt to cite Michigan law for which no response is required.  To the extent a response is required, Defendant admits that MCL 436.1916(11) speaks for itself.**

84.     The Winery Ordinance prohibits the Plaintiffs from using their kitchen facilities for off-site catering. Section 8.7.3(10)(u)5(i).

1843432 v1

**RESPONSE:   Defendant admits that Plaintiffs have paraphrased, in part, Section 8.7.3(10)(u)(5)(i) of the Zoning Ordinances and otherwise states that the ordinance speaks for itself.**

85.   MCL 436.1547 explicitly allows a winery to obtain a catering permit which allows it to serve food and drinks off its premises.

**RESPONSE:  Paragraph 85 is an apparent statement of Michigan law for which no response is required.   To the extent a response is required, Defendant admits that MCL 436.1547 speaks for itself.   Defendant denies as untrue any allegations that are contrary to MCL 436.1547.**

86.   Any violation of these ordinances "serve[s] as grounds for closing the Guest Activity Uses by the Township Board." Section 8.7.3(10)(u)8(d).

**RESPONSE:   Defendant admits that Plaintiffs have quoted, in part, Section 8.7.3(10)(u)(8)(d) of its Zoning Ordinances and otherwise states that the ordinance speaks for itself.**

87.   A person who violates the Winery Chateau Ordinance is also subject to "a civil fine for each violation to be determined by the Court, along with costs which may include all expenses, direct and indirect, to which the Township has been put in connection with municipal infraction. Costs of not more than $500.00 shall be ordered." Section 4.2.1 Violations and Penalties.

**RESPONSE: Defendant admits that Plaintiffs have paraphrased, in part, Section 4.2.1 of the Zoning Ordinances and otherwise states that the ordinance speaks for itself.**

25

**Section 8.7.3(12) Remote Winery Tasting Room**

88.     Peninsula Cellars has a license to operate a Remote Winery Tasting Room.

**RESPONSE:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88.**

89.     Peninsula Township's intent in passing the Remote Winery Tasting Room Ordinance was to "allow wine tasting in a tasting room that is not on the same property as the winery with which is associated."

**RESPONSE: Defendant admits that Plaintiffs have paraphrased and quoted, in part, Section 8.7.3(12)(a) of the Zoning Ordinances and otherwise states that the ordinance speaks for itself.**

90.     At a Remote Winery Tasting Room, sales by the bottle for consumption on the premises is not allowed. Section 8.7.3(12)(g).

**RESPONSE:  Defendant denies the allegations of paragraph 90 as untrue as 8.7.3(12)(g) states that "Tasting of wine produced at the winery shall be the only wine tasted in the Tasting Room."**

91.     Michigan law explicitly allows sales by the bottle for consumption on the premises.

**RESPONSE:  Paragraph 91 is an apparent statement of Michigan law for which no response is required.  To the extent a response is required, Defendant admits that Michigan law speaks for itself and admits any**

obligations imposed upon it by law, and specifically denies any other allegations.

92.   A Remote Winery Tasting Room is not allowed to offer a full food menu. Section 8.7.3(12)(h).

**RESPONSE:  Defendant admits that Section 8.7.3(12)(h) permits the sales of limited food items in accordance with applicable Michigan laws.**

93.   Under Michigan law, a winery tasting room is allowed to operate a restaurant with a full menu.

**RESPONSE:  Paragraph 93 is an attempt to cite Michigan law for which no response is required.  To the extent a response is required, Defendant admits that Michigan law speaks for itself.**

94.   A Remote Winery Tasting Room may only sell non-food items which promote the winery of Peninsula Township agriculture and has the logo of the winery permanently affixed to the product. Non-logoed products are not allowed to be sold. Promotional items are limited to "corkscrews, wine glasses, gifts boxes, t-shirts, bumper stickers, etc." Section 8.7.3(12)(i).

**RESPONSE:  Defendant admits that Plaintiffs have quoted, in part, Section 8.7.3(12)(i) and otherwise state the ordinance speaks for itself. Defendant admits any obligations imposed upon it by law, and specifically denies as untrue all other allegations.**

95.   A Remote Winery Tasting Room is not allowed to sell packaged food items unless the food item contains wine or fruit produced in Peninsula Township

27

1843432 v1

and bears the winery logo. The food can only be for off-premises consumption and includes, as examples, "mustard, vinegar, non-carbonated beverages, etc." Section 8.7.3(12)(j).

**RESPONSE:  Defendant admits that Plaintiffs have paraphrased and quoted, in part, Section 8.7.3(12)(j) of the Zoning Ordinances and otherwise states that the ordinance speaks for itself.**

96.    A Remote Winery Tasting Room's "signs and other advertising may not promote, list or in any way identify any of the food or non food items allowed for sale in the tasting room." Section 8.7.3(12)(k).

**RESPONSE:  Defendant admits that Plaintiffs have quoted, in part, Section 8.7.3(12)(k) of the Zoning Ordinances and otherwise states that the ordinance speaks for itself.**

**Peninsula Township Ordinance Enforcement**

97.    To enforce its ordinances, Peninsula Township employs an Ordinance Enforcement Officer.

**RESPONSE:  Defendant admits that it appoints an Enforcement Officer in accordance with Article IV of the Peninsula Township Zoning Ordinances.**

98.    This person is empowered with the authority to determine, based on his subjective opinion, what activities are and are not allowed at wineries in Peninsula Township.

**RESPONSE:   Defendant admits that its Enforcement Officer is authorized to act in accordance with Article IV of the Peninsula Township Zoning Ordinances.**

1843432 v1

99.    Over the years, this has included:

(a)    Refusing to allow weddings;

(b)    Refusing to allow political fundraisers;

(c)    Refusing to allow meetings of books clubs;

(d)    Refusing to allow a wine tasting and painting events. (Exhibit 2.);

(e)    Prohibiting a winery from hosting a corporate Holiday party because the company was not a non-profit nor an agricultural entity. *Id*;

(f)    Threatened an ordinance violation if a winery held a wine tasting event with local health and wellness companies as they did not promote local agriculture. *Id*;

(g)    Allowed some temporary structures deemed acceptable to the enforcement official but not allowing other temporary structures;

(h)    Allowed food trucks for events deemed acceptable to the enforcement official but not allowing food trucks at other events;

(i)    Refusing to allow live music;

(j)    Refusing to allow activities such as yoga, painting and flower arranging outside in the grape vines.

**RESPONSE:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99.**

100.   Peninsula Township's Winery Ordinances and subjective enforcement activities have caused substantial harm to Plaintiffs.

**RESPONSE:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100.**

101.   Plaintiffs are routinely approached to host weddings, corporate events, political events and similar activities which they either must turn down or, if they attempt to hold such events, are forced to cancel the events. (Exhibit 3.)

29

**RESPONSE:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101.**

102.   Each of these events could mean tens of thousands of dollars in revenue to Plaintiffs.

**RESPONSE: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102.**

103.   In addition to lost revenue, Plaintiffs lose customer good will when they regularly have to turn down these events.

**RESPONSE: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103.**

104.   Plaintiffs receives calls almost daily about hosting weddings. When the brides and grooms are turned away, their business goes to other wineries outside of Peninsula Township who are glad to receive this much needed revenue.

**RESPONSE:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104.**

105.   Each of the Plaintiffs, each year, loses hundreds of thousands of dollars in revenue because of the limitations in the Winery Ordinances.

**RESPONSE:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105.**

106.   In total, the Plaintiffs own or lease more than 1,400 acres of land in Peninsula Township with more than 900 of those acres in active agriculture production.

1843432 v1

**RESPONSE:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106.**

107.   Plaintiffs are forced to own and lease this property because of Peninsula Township's illegal ordinances which damage the Plaintiffs.

**RESPONSE:   Defendant denies its ordinances are illegal as it is untrue and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 107.**

108.   In addition, to comply with the Winery Ordinance requirements to purchase fruit from other property owners in Peninsula Township, Plaintiffs purchase fruit from Peninsula Township landowners covering more than 220 acres.

**RESPONSE:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108.**

109.   These monies that Plaintiffs are forced to spend on fruit from local farmers could be spent in other areas of the businesses or to purchase fruit from farmers outside of Peninsula Township, or Michigan.

**RESPONSE:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109.**

**Plaintiffs Attempt to Prompt Change**

110.   In early 2019, and after years of restrictions, a group of the Plaintiffs attempted to work with Peninsula Township to re-write the Winery Ordinances.

1843432 v1

**RESPONSE:   Defendant admits that it has engaged in negotiations regarding the ordinances at issue and that instead of continuing the same Plaintiffs have filed the instant litigation. Further, Defendant has recently sought to continue engagement with Plaintiffs only to have Plaintiffs respond that their proposal is a take it or leave.   Plaintiffs' proposal requires elimination of the winery ordinance permitting the wineries to conduct their business without control, regulation of protection of the residents of Peninsula Township, is a take it or leave it.**

111.   During a Township meeting, the winery owners advised Peninsula Township that much of its Winery Ordinances were preempted by Michigan law, and specifically the Michigan Liquor Control Code, which completely regulated the areas Peninsula Township attempted to regulate.

**RESPONSE:   Defendant admits that Plaintiff have expressed their views regarding the ordinances at issue but deny that they are illegal for the reason that it is untrue.**

112.   In response, on May 30, 2019, Peninsula Township's attorney provided a memorandum to Peninsula Township, which was provided to the winery owners, wherein he concluded that the Michigan Liquor Control Code did not preempt the Peninsula Township Zoning Ordinance. See Exhibit 4.

**RESPONSE:   Defendant admits that its legal counsel provided an interpretative legal opinion to a subcommittee engaged in the negotiations with Plaintiffs, which said opinions have not been adopted by the Township**

Board.  **Defendant denies as untrue the remaining allegations of paragraph 112.**

113.   In response, a group of the Plaintiffs had the Winery Ordinances reviewed by an attorney and, on July 9, 2019, presented Peninsula Township with detailed letter and memorandum which included a line by line review of the Winery Ordinances and outlined how the Winery Ordinances violated the First Amendment to the United States Constitution, the Commerce Clause and were also preempted by Michigan law. See Exhibit 5.

**RESPONSE:  Defendant admits that Plaintiffs' counsel provided his own interpretative legal opinion to a subcommittee engaged in the negotiations with Plaintiffs, which said opinions have not been adopted by the Township Board.  Defendant denies as untrue the remaining allegations of paragraph 113.**

114.   The letter and memorandum were detailed to the point of including case law which was directly on point and dealt with similar issues.

**RESPONSE:  Defendant admits that Plaintiffs' counsel provided his own interpretative legal opinion to a subcommittee engaged in the negotiations with Plaintiffs, which said opinions have not been adopted by the Township Board.  Defendant denies as untrue the remaining allegations of paragraph 114.**

33

115.   On August 23, 2019, Peninsula Township's attorney responded to the July 9, 2019, letter and conceded that the majority of the legal points were accurate and that his prior memorandum was incorrect. Exhibit 6.

**RESPONSE:  Defendant admits that its legal counsel engaged in further negotiations regarding the ordinances at issue but denies that it has conceded any of Plaintiffs' legal points are accurate as untrue.**

116.   While in his May 30, 2019, letter, the Peninsula Township attorney dismissed the concerns of the winery owners and concluded there were no issues with the Winery Ordinances related to preemption, his tune changes and the following admissions were made:

(a)   The portions of the Winery Ordinance which prohibit wineries from operating a restaurant should be revised to comply with MCL 436.1536 which expressly preempts the Winery Ordinances on this issue;

(b)   The portions of the Winery Ordinance which prohibit wineries from using their kitchen facilities to engage in off-site catering should be revised to comply with MCL 436.1547 which expressly preempts the Winery Ordinances on this issue;

(c)   The restriction on amplified music should be revisited;

(d)   The portion of the Winery Ordinance which requires wineries to close at 9:30 p.m. should be revisited as it is expressly preempted by MCL 436.1403, a Michigan Supreme Court case and a Sixth Circuit Court of Appeals case directly on point;

**RESPONSE:   Defendant denies that it made any of the admissions alleged in paragraph 116 as it is untrue.  The letter speaks for itself.**

117.   As for the Commerce Clause, the Peninsula Township attorney admitted that "[t]here are issues with the Commerce Clause that should be

considered in the future revisions to the Township's winery ordinances." He

admitted that these issues included:

> (a) The portion of the Winery Ordinance which prohibits meetings of organizations other than Grand Traverse County non-profits should be amended to allow out-of-county non-profits to hold meeting as otherwise the ordinance violates the Commerce Clause;

> (b) The portion of the Winery Ordinance which allows only meetings of agricultural related groups that have a direct relationship to agricultural production should be revised to allow other groups to hold meetings as otherwise the ordinance violates the Commerce Clause.

> (c) The portion of the Winery Ordinance which limits wine served to only Old Mission Peninsula appellation wine "violates the Commerce Clause unless the Township can demonstrate that it has no impact on out-of-state interest and that the Township has no other reasonable means in which to advance its local interest of wine sales";

> (d) The portion of the Winery Ordinance which requires a winery to grow or purchase 1.25 tons of grapes from another farm in Peninsula Township for each person at a Guest Activity "violates the Commerce Clause unless the Township can demonstrate that it has no impact on out-of-state interest and that the Township has no other reasonable means in which to advance its local interest of wine sales";

> (e) The potion of the Winery Ordinance which restricts the use of out-of-states grapes "is, arguably, a restriction on interstate commerce";

**RESPONSE:   Defendant denies that it made any of the admissions alleged in paragraph 117 as it is untrue.  The letter speaks for itself.**

118.   As for the First Amendment, the Peninsula Township attorney was

clear in his conclusion that "[t]hese ordinances should be also be revised as they

would most likely be viewed as constitutionally invalid suppressions of First

Amendment rights." His conclusions included the following:

> (a) The Township Ordinances which require winery logos on products, restrict the products that may be sold specifically

does not allow the sale of clothing, coffee cups, bumper stickers, etc, "should be revised as it is, under the First Amendment standards, an invalid suppression of the Wineries' First Amendment rights";

(b)     The Township Ordinances which restrict the sale of non-food items, require certain logos, restrict others, restrict the sale of certain items and which prohibit the advertising and promotion of food and non-food items "should be revised as they would most likely be viewed as constitutionally invalid suppression of First Amendment rights";

(c)     As for the section of the Township Ordinance which limits capacity to 111 persons based on the capacity of one winery's dining room, the Peninsula Township attorney concluded that it was "arguably not unconstitutionally vague."

**RESPONSE:  Defendant denies that it made any of the conclusions or admissions alleged in paragraph 118 as it is untrue.  The letter speaks for itself.**

119.   The Peninsula Township attorney concluded his letter by stating that at the next Township Board meeting "the Township will be taking prompt action" "regarding some of the items I mention on my opinion letter to ensure compliance."

**RESPONSE:  Defendant admits that its legal counsel wrote a letter and that it intended to continue negotiations with the Plaintiffs.  The letter speaks for itself.**

120.   Given that the Peninsula Township attorney admitted that the Winery Ordinances violate the First Amendment, violate the Commerce Clause and are preempted by Michigan law, one would expect that this "prompt action" would be to rescind these illegal ordinances.

1843432 v1

**RESPONSE:   Defendant denies that it made any of the admissions alleged in paragraph 120.   Its attorney's letter(s) and opinion(s) speak for themselves.**

121.   Instead, more than a year later, these illegal ordinances are still in effect in Peninsula Township and still causing damage to Plaintiffs.

**RESPONSE:  Defendant admits that the ordinances at issue are still in effect, but denies that they are illegal as alleged as it is untrue.**

122.   In fact, Peninsula Township, on September 21, 2020, published a proposed redraft of its Zoning Ordinances which contain the same Winery Ordinances their attorney stated were illegal. (Exhibit 7.)

**RESPONSE:   Defendant admits that they are in the process of redrafting some of their ordinances and that Exhibit 7 to Plaintiffs' Complaint contains substantially similar ordinances to those at issue.**

123   While the majority of the redraft only made grammatical changes, Peninsula Township actually used the redraft to take away additional rights from the Wineries.

**RESPONSE:   Defendant denies the allegations of paragraph 123 as untrue as written.**

124.   In the redraft, Peninsula Township stated that wine tastings, winery tours, political rallies and free entertainment without fee are now Guest Activities subject to the restrictions discussed above when the current ordinances state these are not Guest Activities. *Id*. at 6-32.

1843432 v1

**RESPONSE:   Defendant denies the allegations of paragraph 124 as untrue as written.**

125.   The United States Constitution and Michigan law explicitly allows these types of activities in the Michigan Liquor Control Code which preempts this revision.

**RESPONSE:   Defendant denies the allegations of paragraph 125 as untrue.**

126.   Presumably, Peninsula Township seeks to punish the Wineries for challenging the Winery Ordinances.

**RESPONSE:   Defendant denies the allegations of paragraph 126 as untrue.**

127.   Thus, this lawsuit is necessary.

**RESPONSE:   Defendant denies the allegations of paragraph 127 as untrue.**

## COUNT I

**FACIAL CHALLENGE TO VIOLATION OF FREEDOM OF SPEECH, FREEDOM OF EXPRESSION AND FREE EXERCISE OF RELIGION UNDER THE FIRST AND FOURTEENTH AMENDMENTS (42 U.S.C. § 1983)**

128.   Plaintiffs incorporate and reallege the preceding paragraphs as if fully restated herein.

**RESPONSE:   Defendant reincorporates each and every previous answer as if fully stated herein.**

38

129.   The First Amendment to the United States Constitution prohibits the abridgement of the freedom of speech.

**RESPONSE:  Paragraph 129 is an attempt to cite federal law to which no response is required.   To the extent a response is required, Defendant admits that the First Amendment prohibits some forms of speech.**

130.   Political, religious, commercial, and artistic speech are the highest and most important forms of speech protected by the First Amendment to the United States Constitution.

**RESPONSE:  Paragraph 130 is an attempt to cite federal law for which no response is required.   To the extent a response is required, Defendant admits the First Amendment provides for protections of some forms of speech.**

131.   Charitable and political events are forms of speech protected by the First Amendment to the United States Constitution.

**RESPONSE:  Paragraph 131 is an attempt to cite federal law for which no response is required.   To the extent a response is required, Defendant admits that the First Amendment provides for protection of some forms of speech.**

132.   The protections of the First Amendment have been extended through the Fourteenth Amendment to prohibit the abridgement of the freedom of speech, freedom of expression and of the free exercise of religion by state and local governments.

1843432 v1

**RESPONSE:  Paragraph 132 is an attempt to cite federal law for which no response is required.  To the extent a response is required, Defendant admits that the First Amendment provides for some protections of speech.**

133.   Persons violating the First and Fourteenth Amendments under color of state law are liable under 42 U.S.C. § 1983.

**RESPONSE:  Paragraph 133 is an attempt to cite federal law for which no response is required.  To the extent a response is required, Defendant admits that the First Amendment provides for some protections of speech.**

134.   Peninsula Township's winery ordinances are a content-based restriction on speech.

**RESPONSE:   Defendant denies the allegations of paragraph 134 as untrue.**

135.   Peninsula Township's winery ordinances are not narrowly tailored to advance any compelling government interest.

**RESPONSE:   Defendant denies the allegations of paragraph 135 as untrue.**

136.   In addition, Peninsula Township's winery ordinances are a prior restraint on speech and the exercise of religion because they require a winery to receive prior approval from the government before certain types of speech or religious ceremonies are allowed.

**RESPONSE:   Defendant denies the allegations of paragraph 136 as untrue.**

1843432 v1

137.   Peninsula Township has unfettered discretion in interpreting the meaning of the definition of Event and in limiting the number of times that a winery can use its land to engage in certain types of protected speech, including religious and political speech.

**RESPONSE:   Defendant denies the allegations of paragraph 137 as untrue.**

138.   Even if the winery ordinances were a content-neutral restriction on speech, they would still be unconstitutionally overbroad because (i) the rationales explicitly provided for the winery ordinance provisions do not advance a substantial government interest and (ii) winery ordinances are not narrowly tailored to meet those rationales.

**RESPONSE:   Defendant denies the allegations of paragraph 138 as untrue.**

139.   Through the winery ordinances, Peninsula Township is acting under color of law to deprive Plaintiffs of their constitutional rights, in violation of 42 U.S.C. § 1983.

**RESPONSE:   Defendant denies the allegations of paragraph 139 as untrue.**

140.   Through the winery ordinances, Peninsula Township further deprives the general public of their constitutional rights to engage in protected speech and the free exercise of religion, also in violation of 42 U.S.C. § 1983.

1843432 v1

**RESPONSE:   Defendant denies the allegations of paragraph 140 as untrue.**

141.   Peninsula Township's violations of the First Amendment are even more egregious given that its own attorney concluded more than a year ago that portions of the Winery Ordinance are unconstitutional.

**RESPONSE:   Defendant denies the allegations of paragraph 141 as untrue.**

142.   Plaintiffs have suffered damages due to the unconstitutional Winery Ordinances.

**RESPONSE:   Defendant denies the allegations of paragraph 142 as untrue as written.**

WHEREFORE, Defendant respectfully requests that this Honorable Court dismiss Plaintiffs Two Lads and BHV's Complaint with prejudice and grant Defendant such other and further relief as this Court deems just and proper.

## COUNT II

### AS-APPLIED CHALLENGE TO VIOLATION OF PLAINTIFF'S FREEDOM OF SPEECH UNDER THE FIRST AND FOURTEENTH AMENDMENTS (42 U.S.C. § 1983)

143.   Plaintiffs incorporate and reallege the preceding paragraphs as if fully restated herein.

**RESPONSE:    Defendant reincorporates each and every previous answer as if fully stated herein.**

144.    The winery ordinances restrict Plaintiffs' speech based on its content, specifically by disallowing Plaintiffs from certain political, religious and commercial speech.

**RESPONSE:   Defendant denies the allegations of paragraph 144 as untrue.**

145.    For example, the winery ordinances prohibit Plaintiffs from hosting a campaign event for a United State President candidate, prohibit Plaintiffs from hosting a religious service such as a wedding, funeral or Sunday service and prohibit Plaintiffs from advertising their nonagricultural products.

**RESPONSE:   Defendant denies the allegations of paragraph 145 as untrue.**

146.    The winery ordinances are unconstitutional as applied to Plaintiffs because they face the imminent threat of being fined if they engage in constitutionally protected speech, because Plaintiffs' speech has been chilled and because they has been forced to incur significant expense to undertake the Peninsula Township Guest Activity application process pursuant to the unconstitutional winery ordinances.

**RESPONSE:   Defendant denies the allegations of paragraph 146 as untrue.**

147.    Peninsula Township's violations of the First Amendment are even more egregious given that its own attorney concluded more than a year ago that portions of the Winery Ordinance are unconstitutional.

**RESPONSE: Defendant denies the allegations of paragraph 147 as untrue.**

148.   Plaintiffs have suffered damages due to the unconstitutional Winery Ordinances.

**RESPONSE: Defendant denies the allegations of paragraph 148 as untrue as written.**

WHEREFORE, Defendant respectfully requests that this Honorable Court dismiss Plaintiffs Two Lads and BHV's Complaint with prejudice and grant Defendant such other and further relief as this Court deems just and proper.

## COUNT III

### VIOLATION OF FREEDOM OF ASSOCIATION UNDER THE FIRST AND FOURTEENTH AMENDMENTS (42 U.S.C. § 1983)

149.   Plaintiffs incorporate and reallege the preceding paragraphs as if fully restated herein.

**RESPONSE: Defendant reincorporates each and every previous answer as if fully stated herein.**

150.   The First Amendment to the United States Constitution protects the right to peaceably assemble and associate with others in pursuit of a wide variety of political, social, economic, educational, religious, and cultural ends.

**RESPONSE: Paragraph 150 is an attempt to cite federal law for which no response is required.   To the extent a response is required, Defendant**

admits that the First Amendment provides for some rights to peaceably assemble and associate with others.

151.   The right to peaceably assemble and the freedom of expressive association applies to state and local governments through the Fourteenth Amendment.

**RESPONSE: Paragraph 151 is an attempt to cite federal law for which no response is required.  To the extent a response is required, Defendant admits Defendant admits that the First Amendment provides for some rights to peaceably assemble and associate with others.**

152.   The constitutional right to peaceably assemble and to the freedom of expressive association is directly and substantially burdened by the winery ordinances. Plaintiffs cannot gather or host gatherings on their property which express a political, religious or commercial view and the limited ability to host Guest Activities on their property are subject to prior approval of Peninsula Township.

**RESPONSE: Defendant denies the allegations of paragraph 152 as untrue.**

153.   The winery ordinances are unconstitutional because, among other things, the burdens imposed by the winery ordinances are not narrowly tailored, necessary, or even substantially related to any compelling government interest.

**RESPONSE: Defendant denies the allegations of paragraph 153 as untrue.**

1843432 v1

154.  The winery ordinances are unconstitutionally overbroad because the total ban on Guest Activity uses outside of the targeted allowance for local non-profit organizations and agricultural organizations is not narrowly tailored to achieve any purportedly compelling state interests.

**RESPONSE: Defendant denies the allegations of paragraph 154 as untrue.**

155.  The winery ordinances burden substantially more constitutionally protected activities than necessary to achieve the government's interests in the winery ordinances.

**RESPONSE: Defendant denies the allegations of paragraph 155 as untrue.**

156.  Plaintiffs have suffered damages due to the unconstitutional Winery Ordinances.

**RESPONSE: Defendant denies the allegations of paragraph 156 as untrue as written.**

WHEREFORE, Defendant respectfully requests that this Honorable Court dismiss Plaintiffs Two Lads and BHV's Complaint with prejudice and grant Defendant such other and further relief as this Court deems just and proper.

**COUNT IV**

**VIOLATION OF DUE PROCESS**
**(42 U.S.C. § 1983)**

157.  Plaintiffs incorporate and reallege the preceding paragraphs as if fully restated herein.

**RESPONSE:   Defendant reincorporates each and every previous answer as if fully stated herein.**

158.   The winery ordinances proscribe constitutionally protected speech and expressive association.

**RESPONSE: Defendant denies the allegations of paragraph 158 as untrue.**

159.   The winery ordinance are unconstitutionally vague because the person of average intelligence cannot tell from the face of the winery ordinances what constitutes a "Guest Activity" prohibited under the winery ordinances and cannot govern his or her behavior to comply with the winery ordinances.

**RESPONSE: Defendant denies the allegations of paragraph 159 as untrue.**

160.   This vagueness will chill, and is currently chilling, the speech and expressive association of the residents of Peninsula Township.

**RESPONSE: Defendant denies the allegations of paragraph 160 as untrue.**

161.   The facial unconstitutionality of the winery ordinances entitle Plaintiffs to declaratory relief as to their unconstitutionality and injunctive relief against their enforcement by Peninsula Township.

**RESPONSE: Defendant denies the allegations of paragraph 161 as untrue.**

162.   Plaintiffs have suffered damages due to the unconstitutional Winery Ordinances.

**RESPONSE: Defendant denies the allegations of paragraph 162 as untrue as written.**

WHEREFORE, Defendant respectfully requests that this Honorable Court dismiss Plaintiffs Two Lads and BHV's Complaint with prejudice and grant Defendant such other and further relief as this Court deems just and proper.

## COUNT V

### DORMANT COMMERCE CLAUSE
### (Discrimination Against Interstate Commerce)

163.   Plaintiffs incorporate and reallege the preceding paragraphs as if fully restated herein.

**RESPONSE:   Defendant reincorporates each and every previous answer as if fully stated herein.**

164.   As discussed above, the Winery Ordinances discriminate against interstate commerce in violation of the Commerce Clause, Article I, § 8, Clause 3, of the United States Constitution, by favoring, and mandating in Township products and persons over out-of-township products and persons.

**RESPONSE: Defendant denies the allegations of paragraph 164 as untrue.**

165.   Plaintiffs are therefore entitled to a declaratory judgment that the Winery Ordinances discriminate against out-of-Township products and persons are unconstitutional under the Commerce Clause.

48

**RESPONSE: Defendant denies the allegations of paragraph 165 as untrue.**

166.   Plaintiffs will suffer irreparable harm if Peninsula Township is allowed to enforce the unconstitutional Winery Ordinances.

**RESPONSE: Defendant denies the allegations of paragraph 166 as untrue.**

WHEREFORE, Defendant respectfully requests that this Honorable Court dismiss Plaintiffs' complaint with prejudice and grant Defendant such other and further relief as this Court deems just and proper.

## COUNT VI

### DORMANT COMMERCE CLAUSE
### (Excessive Burden on Interstate Commerce)

167.   Plaintiffs incorporate and reallege the preceding paragraphs as if fully restated herein.

**RESPONSE: Defendant reincorporates each and every previous answer as if fully stated herein.**

168.   As discussed above, the Winery Ordinances place an excessive burden on interstate commerce in excess of the putative benefit to Peninsula Township in violation of the Commerce Clause, Article I, § 8, Clause 3, of the United States Constitution, by favoring, and mandating in Township products and persons over out-of-township products and persons.

**RESPONSE: Defendant denies the allegations of paragraph 168 as untrue.**

49

169.   Plaintiffs are therefore entitled to a declaratory judgment that the Winery Ordinances discriminate against out-of-Township products and persons are unconstitutional under the Commerce Clause.

**RESPONSE: Defendant denies the allegations of paragraph 169 as untrue.**

170.   Plaintiffs will suffer irreparable harm if Peninsula Township is allowed to enforce the unconstitutional Winery Ordinances.

**RESPONSE: Defendant denies the allegations of paragraph 170 as untrue.**

WHEREFORE, Defendant respectfully requests that this Honorable Court dismiss Plaintiffs Two Lads and BHV's Complaint with prejudice and grant Defendant such other and further relief as this Court deems just and proper.

## COUNT VII

### REGULATORY TAKING
### (Fifth and Fourteenth Amendment)

171.   Plaintiffs incorporate and reallege the preceding paragraphs as if fully restated herein.

**RESPONSE:   Defendant reincorporates each and every previous answer as if fully stated herein.**

172.   As discussed above, Peninsula Township has enacted a series of Winery Ordinances which deprive Plaintiffs of the full use of their property.

**RESPONSE:   Defendant denies the allegations of paragraph 172 as untrue.**

1843432 v1

173.   The   Winery   Ordinances   are   "not   reasonably   necessary   to   the effectuation of a substantial public purpose." *Penn Cent. Transp. Co. v. City of New York*, 438 U.S. 104, 127 1978.)

**RESPONSE:   Defendant denies the allegations of paragraph 173 as untrue.**

174.   As discussed above, the stated purposes for the Winery Ordinances are themselves violations of Plaintiffs' First Amendment rights and the Commerce Clause.

**RESPONSE:   Defendant denies the allegations of paragraph 174 as untrue.**

175.   Plaintiffs will suffer irreparable harm if Peninsula Township is allowed to enforce the unconstitutional Winery Ordinances.

**RESPONSE:   Defendant denies the allegations of paragraph 175 as untrue.**

WHEREFORE, Defendant respectfully requests that this Honorable Court dismiss Plaintiffs Two Lads and BHV's Complaint with prejudice and grant Defendant such other and further relief as this Court deems just and proper.

## COUNT VII
## STATE LAW PREEMPTION

176.   Plaintiffs incorporate and reallege the preceding paragraphs as if fully restated herein.

51

**RESPONSE:  Defendant reincorporates each and every previous answer as if fully stated herein.**

177.  The Michigan Liquor Control Code, MCL 436.110, et sec, is a comprehensive set of statutes which regulate the sale of alcohol in this State.

**RESPONSE:  Paragraph 177 is an apparent statement of law for which no response is required.   To the extent a response is required, Defendant admits that the Michigan Liquor Control Code regulates the sale of alcohol in Michigan and allows that local ordinances be proscribed regarding the same.**

178. Peninsula Township has enacted ordinances which prohibit conduct which is expressly allowed by the Michigan Liquor Control Code.

**RESPONSE:  Defendant denies the allegations of paragraph 178 as untrue.**

179. The Peninsula Township ordinances which conflict with Michigan law are preempted.

**RESPONSE:  Defendant denies the allegations of paragraph 179 as untrue.**

180. Plaintiffs have suffered damages due the Peninsula Township's enforcement of ordinances which are preempted by Michigan law.

**RESPONSE:  Defendant denies the allegations of paragraph 180 as untrue as written.**

1843432 v1

WHEREFORE, Defendant respectfully requests that this Honorable Court dismiss Plaintiff Two Lads and BHV's Complaint with prejudice and grant Defendant such other and further relief as this Court deems just and proper.

## COUNT IX
## VIOLATION OF MICHIGAN ZONING ENABLING ACT

181. Plaintiffs incorporate and reallege the preceding paragraphs as if fully restated herein.

**RESPONSE:   Defendant reincorporates each and every previous answer as if fully stated herein.**

182. Under Michigan's Zoning Enabling Act, MCL 125.3101 et seq, local units of government are authorized to enact zoning ordinances "to promote public health, safety, and welfare."

**RESPONSE:  Paragraph 182 is an apparent statement of law for which no response is required.   To the extent a response is required, Defendant admits Plaintiffs have partially quoted Michigan's Zoning Enabling Act and that this statute speaks for itself.**

183. Peninsula Township's Winery Ordinances do not promote public health, safety, and welfare.

**RESPONSE:   Defendant denies the allegations of paragraph 183 as untrue.**

184. Therefore, Peninsula Township has exceeded its authority under Michigan's Zoning Enabling Act which renders the Winery Ordinances void.

53

**RESPONSE:   Defendant denies the allegations of paragraph 184 as untrue.**

WHEREFORE, Defendant respectfully requests that this Honorable Court dismiss Plaintiffs Two Lads and BHV's Complaint with prejudice and grant Defendant such other and further relief as this Court deems just and proper.

**COUNT X**
**INJUNCTIVE RELIEF**

185. Plaintiffs incorporate and reallege the preceding paragraphs as if fully restated herein.

**RESPONSE:   Defendant reincorporates each and every previous answer as if fully stated herein.**

186. Plaintiffs are likely to succeed on the merits of their lawsuit.

**RESPONSE:   Defendant denies the allegations of paragraph 186 as untrue.**

187. Plaintiffs will be irreparably harmed if an injunction does not issue preventing Peninsula Township from continuing to enforce the Winery Ordinances.

**RESPONSE:   Defendant denies the allegations of paragraph 187 as untrue.**

188. Peninsula Township will not be harmed if it is prohibited from enforcing its illegal ordinances.

1843432 v1

**RESPONSE:   Defendant  denies  the  allegations  of  paragraph  188  as untrue.**

189.   Issuance of a preliminary injunction preventing Peninsula Township from continuing to enforce its illegal Winery Ordinances will service the public interests.

**RESPONSE:   Defendant  denies  the  allegations  of  paragraph  189  as untrue.**

190.   Plaintiffs have no adequate remedy at law.

**RESPONSE:   Defendant  denies  the  allegations  of  paragraph  190  as untrue.**

**WHEREFORE**, Defendant respectfully requests that this Honorable Court dismiss Plaintiffs Two Lads and BHV's Complaint with prejudice and grant Defendant such other and further relief as this Court deems just and proper.

## <u>AFFIRMATIVE DEFENSES</u>

Defendant, Peninsula Township, by and through its attorneys, Foley & Mansfield PLLP, and for its Affirmative Defenses to Plaintiff Two Lads and BHV's Complaint, alleges as follows:

A.    Plaintiffs have failed to state a claim upon which relief can be granted.

B.    Plaintiffs' claims are barred in whole or in part as a result of the expiration of the applicable statute of limitations.

C.    Plaintiffs have failed, neglected and/or refused to properly and adequately mitigate the damages they claim to have suffered.

1843432 v1

D.      Some or all of Plaintiffs' claims are barred because of their failure to exhaust administrative or other remedies or to satisfy jurisdictional requirements.

E.      Some or all of Plaintiffs' claims are preempted by applicable state or federal law.

F.      Plaintiffs have failed to identify any Michigan law in which zoning ordinance provisions were invalidated for restrictions placed on liquor-license holders.

G.      Plaintiffs have prayed for damages that are not awardable under controlling law.

H.      Plaintiffs have failed to follow the statutorily prescribed process for amending the Defendant's zoning ordinances under the Michigan Zoning Enabling Act.

I.      Plaintiffs' reliance on the legal opinions rendered by the Defendant's attorney during pre-litigation negotiations in this matter is inadmissible and improper.

J.      The Defendant has not made any admissions or otherwise adopted its attorney's pre-litigation legal opinions upon which Plaintiffs' claims rely.

K.      Plaintiffs do not have a strong likelihood of success on the merits of their claims such that injunctive relief is improper.

L.      Plaintiffs have failed to identify irreparable injury such that their claim for injunctive relief is improper.

1843432 v1

M.     Defendant maintains that there will be substantial harm to others and that harm to the public interest weigh against Plaintiffs' claims for injunctive relief.

N.     Plaintiffs have failed to identify the damage claims for violation of the First and Fourteenth Amendments in which they state zoning ordinance provisions were unconstitutional.

O.     Plaintiffs have failed to identify any provision of Defendant's zoning ordinances that compel or suppress their speech in violation of the First or Fourteenth Amendments.

P.     Plaintiffs have failed to identify any provision of the Defendant's zoning ordinances that constitute prior restraints or are unconstitutionally vague.

Q.     Defendant provided Plaintiff with adequate due process with respect to the claims made in this matter.

R.     Plaintiffs have failed to identify any provision of the Defendant's zoning ordinances that violate the dormant Commerce Clause.

S.     The Defendant's zoning ordinances have not resulted in any regulatory taking as to the Plaintiffs.

T.     The Michigan Liquor Control Code does not expressly preempt any portion of the Defendant's zoning ordinances.

U.     The Defendant's zoning ordinances are not subject to field preemption by the Michigan Liquor Control Code.

V.     Plaintiffs unreasonably failed to take advantage of preventative and corrective opportunities provided.

57

W.    Defendant acted at all times pertinent herein, within the bounds of the law and good faith.

X.    Any violations of the law by Defendant, which are denied, were inadvertent and not willful or intentional.

Y.    Defendant reserves the right to file further affirmative defenses and to amend its affirmative defenses upon the completion of discovery.

**WHEREFORE**, Defendant respectfully requests that this Honorable Court dismiss Plaintiffs Two Lads and BHV's Complaint with prejudice and grant Defendant such other and further relief as this Court deems just and proper.

Dated:  December 11, 2020

By:/s/ Matthew T. Wise
Foley & Mansfield, PLLP
130 E. 9 Mile Rd.
Ferndale, MI 48220
(248) 721-4200
mwise@foleymansfield.com
P76794

58

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 11, 2020, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, and I hereby certify that I have mailed by US Postal Service and sent via email to the following:  none.

By:    <u>/s/ Matthew T. Wise</u>
Foley & Mansfield, PLLP
130 E. 9 Mile Rd.
Ferndale, MI 48220
(248) 721-4200
<u>mwise@foleymansfield.com</u>
P76794