UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WINERIES OF THE OLD MISSION
PENINSULA (WOMP) ASSOC.,
a Michigan Nonprofit Corporation,
BOWERS HARBOR VINEYARD
& WINERY, INC., a Michigan
Corporation, BRYS WINERY, LC,
a Michigan Corporation, CHATEAU
GRAND TRAVERSE, LTD,
a Michigan Corporation, CHATEAU
OPERATIONS, LTD, a Michigan
Corporation, GRAPE HARBOR, INC.
a Michigan Corporation, MONTAGUE
DEVELOPMENT, LLC, a Michigan
limited liability company, OV THE FARM, LLC
a Michigan limited liability company,
TABONE VINEYARDS, LLC. a Michigan
Limited Liability Company, TWO LADS, LLC,
a Michigan limited liability company,
VILLA MARI LLC, a Michigan
Limited Liability Company, WINERY
AT BLACK STAR FARMS, L.L.C.,
a Michigan Limited Liability Company,

Case № 1:20-cv-01008
Hon. Paul L. Maloney
Magistrate Judge Ray S. Kent

      Plaintiffs,

vs.

PENINSULA TOWNSHIP, a Michigan
Municipal Corporation,

      Defendant.

---

| | |
|---|---|
| MILLER, CANFIELD, PADDOCK et al<br>JOSEPH M. INFANTE (P68719)<br>CHRISTOPHER J. GARTMAN (P83286)<br>Attorneys for Plaintiffs<br>99 Monroe Avenue NW, Suite 1200<br>Grand Rapids, MI 49503<br>(616) 776-6333<br>infante@millercanfield.com<br>gartman@millercanfield.com | GREGORY M. MEIHN (P38939)<br>MATTHEW T. WISE (P76794)<br>FOLEY & MANSFIELD, P.L.L.P.<br>Attorneys for Defendant<br>130 E. 9 Mile Rd.<br>Ferndale, MI 48220-3728<br>(248) 721-4200 / Fax: (248) 721-4201<br>gmeihn@foleymansfield.com<br>mwise@foleymansfield.com |

1781827 v1

**DEFENDANT PENINSULA TOWNSHIP'S JOINDER AND CONCURRENCE WITH PROTECT THE PENINSULA, INC.'S MOTION TO INTERVENE PURSUANT TO FED. R. CIV. P. 24**

Defendant, Peninsula Township (the "Township"), hereby joins and concurs in Protect the Peninsula, Inc.'s Motion to Intervene Pursuant to Fed. R. Civ. P. 24 (ECF No. 40) filed by non-party Protect the Peninsula, Inc. ("PTP") on February 16, 2021 for the reasons and to the extent stated herein.

Plaintiffs have filed a Response in Opposition to PTP's Motion (ECF No. 46). They primarily argue that PTP has no substantial legal interest in this matter, but even if they do, that PTP may protect its interests without intervention and/or that the Township adequately represents those interests as the sole Defendant in this matter. (ECF No. 46). The Township does not agree and believe that at this stage in the litigation, intervention is appropriate.

Fed. R. Civ. P. 24 contemplates two types of intervention—by right and by permission. As to the former, the Township believes that PTP does "claim[] an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(1)-(2). This type of intervention is applicable where the intervener shows: (1) timeliness of the application to intervene; (2) the applicant's substantial legal interest in the case; (3)

1

impairment of the applicant's ability to protect that interest in the absence of intervention; and (4) inadequate representation by the parties already before the Court. *Cuyahoga Valley Ry. Co. v. Tracy*, 6 F.3d 389, 395 (6th Cir.1993).

In this matter, neither Plaintiffs nor the Township contests the timeliness of PTP's Motion. Indeed, the Township's lack of opposition to this proposed intervention is, in part, premised on the fact that this lawsuit is still in its very early stages (e.g., Initial Disclosures are not due until March 17, 2021) and the parties seek to mediate their dispute before that date. The intervention of PTP at this stage, when its request has been made, will bring all interests to the table at the outset rather than complicate matters as the matter proceeds through complex litigation and/or various challenges to the outcome of this case occur. From the Township's perspective, this would weigh in favor of PTP's intervention into this case given the timeframe in which they have decided to do so.

As noted, Plaintiffs argue that PTP has no substantial legal interest in this case. The Township does not agree with that position, In fact, the very issues at stake in this matter—Plaintiffs' end-around attempt to nullify years of careful negotiation, balancing of interests and preservation of agricultural and rural character of the Township through its Zoning Ordinances—are the very interests for which PTP has often had a seat at the table since 1979. The Township does not take Plaintiffs' attempt to ignore and single-handedly overturn nearly five decades

2

of this balancing act for agricultural preservation, residential interests and commercial impact on its lands and citizenry at large lightly.  These interests are those that the Township has attempted to carefully craft over the decades and which it was considering with the Plaintiffs before they chose to pursue a backdoor re-write to its Ordinances with this lawsuit.

PTP represents the interests of the individual citizens, neighbors and others within the Township that, according to both affidavits attached to their Motion and correspondence sent to the Township, staunchly oppose the efforts the Plaintiffs are making here to disrupt the balance of these interests.  If PTP is attempting to intervene to protect those interests on behalf of those individuals, which as it appears in their Motion they are, then the Township would not be properly representing its citizenry at large if it opposed this Motion.  PTP has a substantial legal interest in this case just as they have for many years with respect to various zoning and land use issues within the Township.

In addition, the Township also does not oppose PTP's intervention in this matter because as a governmental body, it can represent the citizenry at large and its interests on a macro level.   But, PTP has the ability and interests of individual neighbors of the Plaintiffs, individual citizens and others very concerned with the Plaintiffs' attempts to completely change the complexion of the Township's zoning and land use Ordinances to their individual detriment.  The Township is not legally

3

permitted or able to represent those specific interests on the micro level to the extent that PTP is able to do so.  As such, although their may be *some* overlapping interests between PTP and the Township, the Township is not necessarily able to represent the specific interests of PTP in this lawsuit and intervention by right is appropriate and not to its detriment.

And, even if the Court determines PTP should not intervene as a matter of right, permissive intervention is appropriate here.  Fed. R. Civ. P. 24(b)(1)(B) provides that the Court may permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact."  In such an instance, the Court should also consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties. *Purnell v. City of Akron*, 925 F.2d 941, 951 (2005).

The Township believes that PTP has articulated its interests such that they do share common questions of law or fact that would otherwise require separate proceedings to resolve.  Moreover, as this lawsuit is in its infancy, delay and/or prejudice are simply non-existent at this juncture.  In fact, the Township would prefer to resolve all of these issues simultaneously, which would also seem in the best interests of the Plaintiffs, rather than to litigate here, uncertain outcomes leads to PTP litigating against the Plaintiffs or vice versa.  In terms of delay or prejudice,

4

5

there is none and even if intervention of right is not allowed, permissive intervention is warranted at this time.

Accordingly, the Township concurs with PTP's request to intervene as a party in this matter so that the Court is able to fully consider *all* of the interests relevant to the Plaintiffs' attempts to change its Ordinances through litigation rather than through the normal land use and zoning processes.

Dated:  March 3, 2021			By:	/s/ Gregory M. Meihn
					Foley & Mansfield, PLLP
					130 E. 9 Mile Rd.
					Ferndale, MI 48220
					(248) 721-4200
					gmeihn@foleymansfield.com
					P38939

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2021, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, and I hereby certify that I have mailed by US Postal Service and sent via email to the following: none.

        By:   /s/ Gregory M. Meihn
                Foley & Mansfield, PLLP
                130 E. 9 Mile Rd.
                Ferndale, MI 48220
                (248) 721-4200
                gmeihn@foleymansfield.com
                P38939