# Exhibit C

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WINERIES OF THE OLD MISSION
PENINSULA (WOMP) ASSOC.,
a Michigan Nonprofit Corporation,
BOWERS HARBOR VINEYARD                          Case № 1:20-cv-01008
& WINERY, INC., a Michigan                      Hon. Paul L. Maloney
Corporation, BRYS WINERY, LC,                   Magistrate Judge Ray S. Kent
a Michigan Corporation, CHATEAU
GRAND TRAVERSE, LTD,
a Michigan Corporation, CHATEAU
OPERATIONS, LTD, a Michigan
Corporation, GRAPE HARBOR, INC.
a Michigan Corporation, MONTAGUE
DEVELOPMENT, LLC, a Michigan
limited liability company, OV THE FARM, LLC
a Michigan limited liability company,
TABONE VINEYARDS, LLC. a Michigan
Limited Liability Company, TWO LADS, LLC,
a Michigan limited liability company,
VILLA MARI LLC, a Michigan
Limited Liability Company, WINERY
AT BLACK STAR FARMS, L.L.C.,
a Michigan Limited Liability Company,

          Plaintiffs,

vs.

PENINSULA TOWNSHIP, a Michigan
Municipal Corporation,

          Defendant.

| | |
|---|---|
| MILLER, CANFIELD, PADDOCK et al<br>JOSEPH M. INFANTE (P68719)<br>CHRISTOPHER J. GARTMAN (P83286)<br>Attorneys for Plaintiffs<br>99 Monroe Avenue NW, Suite 1200<br>Grand Rapids, MI 49503<br>(616) 776-6333<br>infante@millercanfield.com<br>gartman@millercanfield.com | GREGORY M. MEIHN (P38939)<br>MATTHEW T. WISE (P76794)<br>FOLEY & MANSFIELD, P.L.L.P.<br>Attorneys for Defendant<br>130 E. 9 Mile Rd.<br>Ferndale, MI 48220-3728<br>(248) 721-4200 / Fax: (248) 721-4201<br>gmeihn@foleymansfield.com<br>mwise@foleymansfield.com |

1904737 v1

## DEFENDANT PENINSULA TOWNSHIP'S ANSWERS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant, Peninsula Township (the "Township"), through their attorneys, Foley & Mansfield, PLLP, and in response to Plaintiffs' First Set of Requests for Production of Documents, states as follows:

### General Objections

1. The Township objects to Plaintiffs' Requests for Production to the extent they seek to impose obligations on it that exceed those allowed under the Federal Rules of Civil Procedure, any applicable law or regulation, or Order of this Court.

2. The Township objects to each and every Request for Production to the extent it seeks information or documents that are (i) not in the Township's possession, custody or control, (ii) publicly or otherwise available to Plaintiffs, (iii) more appropriately obtained from other sources, and/or (iv) the information or documents are already in Plaintiffs' possession, custody or control, including but not limited to information or documents any other party to this action produced or will produce in response to discovery requests.

3. The Township objects to each and every Request for Production to the extent it seeks to impose discovery obligations on it greater than the discovery obligations of the Plaintiffs.

2

4.     The Township objects to each and every Request for Production to the extent that it contains erroneous or contentious factual allegations or legal assertions, or assumes facts not in evidence.  By responding and objecting to such Request for Admission, the Township does not admit the correctness of such allegations or assertions.

5.     The Township objects to each and every Request for Production to the extent that it seeks a legal conclusion, opinion and/or argument in response.

6.     The Township objects to each and ever Request for Production to the extent that it is vague, ambiguous, unreasonable, overbroad, unduly burdensome or seeks irrelevant information and/or information not reasonably calculated to lead to the discovery of admissible evidence.

7.     The Township objects to each and every Request for Production to the extent that it seeks the discovery of information protected by the attorney-client privilege, the attorney work-product doctrine or any other privilege, doctrine or immunity.

8.     By responding to the Request for Production, the Township does not waive, intentionally or otherwise, any attorney-client privilege, attorney work-product or any other privilege, doctrine or immunity protecting any information from disclosure.  The Township will not disclose any such privileged information and does not waive any privilege through an inadvertent disclosure.  Accordingly,

3

any response inconsistent with the foregoing is wholly inadvertent and shall not constitute a waiver of any such privilege or protection.

## **Responses to Requests for Production**

**Request to Produce #1**:  Produce all documents identified in Defendant's initial disclosures pursuant to Federal Rules of Civil Procedure 26(a), or any supplements thereto.

**ANSWER:**  Objection.  The Township's initial disclosures are due, per this Court's Order, on March 17, 2021.  As such, this request is premature.  Subject to and without waiving the same, the Township will permit inspection and copying of any documents identified on said initial disclosures once filed and in accordance with Fed. R. Civ. P. 34 and for the Plaintiffs' convenience and in the spirit of cooperation, Counsel for the Plaintiffs and the Township have agreed that the Township will deliver original copies of the same to Plaintiffs' counsel office for the purposes of doing so.

**Request to Produce #2**:  Produce all documents "identified" in answering Plaintiffs' Interrogatories.

**ANSWER:**  The Township will permit inspection and copying of any such documents identified in accordance with Fed. R. Civ. P. 34 and for the Plaintiffs' convenience and in the spirit of cooperation, Counsel for the Plaintiffs and the

4

Township have agreed that the Township will deliver original copies of the same to Plaintiffs' counsel office for the purposes of doing so.

**Request to Produce #3**:  Produce all other documents relied upon in answering Plaintiffs' Interrogatories.

**ANSWER:** The Township will permit inspection and copying of any such document relied upon in accordance with Fed. R. Civ. P. 34 and for the Plaintiffs' convenience and in the spirit of cooperation, Counsel for the Plaintiffs and the Township have agreed that the Township will deliver original copies of the same to Plaintiffs' counsel office for the purposes of doing so.

**Request to Produce #4**:  Produce a copy of all documents and communication relating to any of the Plaintiffs in this case.

**ANSWER**:  Objection.  Request to Produce #4 is overbroad as requested as it requests documents, in part, that are wholly unrelated to this litigation.  Moreover, any such documents should already be in Plaintiffs' possession.  Subject to and without waiving the same, the Township will permit inspection and copying of these documents in accordance with Fed. R. Civ. P. 34 and for the Plaintiffs' convenience and in the spirit of cooperation, Counsel for the Plaintiffs and the Township have agreed that the Township will deliver original copies of the same to Plaintiffs' counsel office for the purposes of doing so.

1904737 v1

**Request to Produce #5**:  Produce a copy of all Peninsula Township meeting minutes in which Section 6.7.2(19), Section 8.7.3(10), or Section 8.7.3(12) of the Ordinance are discussed or mentioned.

**ANSWER:**  Objection.  Request to Produce #5 requests documents that are publicly available.  Subject to and without waiving the same, the Township will permit inspection and copying these documents in accordance with Fed. R. Civ. P. 34 and for the Plaintiffs' convenience and in the spirit of cooperation, Counsel for the Plaintiffs and the Township have agreed that the Township will deliver original copies of the same to Plaintiffs' counsel office for the purposes of doing so.

**Request to Produce #6**:  Produce a copy of all documents which provide guidance for Enforcement Activity.

**ANSWER**:  The Township will permit inspection and copying of any such documents in accordance with Fed. R. Civ. P. 34 and for the Plaintiffs' convenience and in the spirit of cooperation, Counsel for the Plaintiffs and the Township have agreed that the Township will deliver original copies of the same to Plaintiffs' counsel office for the purposes of doing so.

**Request to Produce #7**:  Produce a copy of all documents which relate to Peninsula Township's enforcement of the Ordinance.  This request is not limited to winery uses.

6

1904737 v1

**ANSWER**:  Objection.  Request to Produce #7 is overbroad as requested as it requests documents, in part, that are wholly unrelated to this litigation and does not meet the scope of Fed. R. Civ. P. 26(b)(1).  Subject to and without waiving the same, the Township will permit inspection and copying of these documents that relate to this litigation in accordance with Fed. R. Civ. P. 34 and for the Plaintiffs' convenience and in the spirit of cooperation, Counsel for the Plaintiffs and the Township have agreed that the Township will deliver original copies of the same to Plaintiffs' counsel office for the purposes of doing so.

**Request to Produce #8**:  Produce a copy of all documents which relate to the standards, procedures of guidance Peninsula Township uses when determining whether to approve a request for a Guest Activity.

**ANSWER:**  The Township will permit inspection and copying of any such documents in accordance with Fed. R. Civ. P. 34 and for the Plaintiffs' convenience and in the spirit of cooperation, Counsel for the Plaintiffs and the Township have agreed that the Township will deliver original copies of the same to Plaintiffs' counsel office for the purposes of doing so.

**Request to Produce #9**:  Produce a copy of all requests for Special Use Permits and applications relating to Ordinance Section 8.7.3(10).

**ANSWER:**  Objection.  Request to Produce #9 is overbroad as requested as it requests documents, in part, that are wholly unrelated to this litigation and does not

1904737 v1

meet the scope of Fed. R. Civ. P. 26(b)(1).  Subject to and without waiving the same, the Township will permit inspection and copying of these documents that relate to this litigation in accordance with Fed. R. Civ. P. 34 and for the Plaintiffs' convenience and in the spirit of cooperation, Counsel for the Plaintiffs and the Township have agreed that the Township will deliver original copies of the same to Plaintiffs' counsel office for the purposes of doing so.

**Request to Produce #10**:  Produce a copy of all documents related to Peninsula Township's internal communications regarding all requests for Special Use Permits relating to Ordinance 8.7.3(10) and Peninsula Township's responses, whether approval, denial or no action, to, all requests for Special Use Permits relating to Ordinance Section 8.7.3(10).

**ANSWER:**  Objection.  Request to Produce #10 is overbroad as requested as it requests documents, in part, that are wholly unrelated to this litigation and does not meet the scope of Fed. R. Civ. P. 26(b)(1).  Subject to and without waiving the same, the Township will permit inspection and copying of these documents that relate to this litigation in accordance with Fed. R. Civ. P. 34 and for the Plaintiffs' convenience and in the spirit of cooperation, Counsel for the Plaintiffs and the Township have agreed that the Township will deliver original copies of the same to Plaintiffs' counsel office for the purposes of doing so.

8

**Request to Produce #11**:  Produce a copy of all requests for Special Use Permits and applications relating to Ordinance Section 8.7.3(12).

**ANSWER:**  Objection.  Request to Produce #11 is overbroad as requested as it requests documents, in part, that are wholly unrelated to this litigation and does not meet the scope of Fed. R. Civ. P. 26(b)(1).  Subject to and without waiving the same, the Township will permit inspection and copying of these documents that relate to this litigation in accordance with Fed. R. Civ. P. 34 and for the Plaintiffs' convenience and in the spirit of cooperation, Counsel for the Plaintiffs and the Township have agreed that the Township will deliver original copies of the same to Plaintiffs' counsel office for the purposes of doing so.

**Request to Produce #12**:  Produce a copy of all documents related to Peninsula Township's internal communications regarding all requests for Special Use Permits relating to Ordinance 8.7.3(12) and Peninsula Township's responses, whether approval, denial or no action, to, all requests for Special Use Permits relating to Ordinance Section 8.7.3(12).

**ANSWER:**  Objection.  Request to Produce #12 is overbroad as requested as it requests documents, in part, that are wholly unrelated to this litigation and does not meet the scope of Fed. R. Civ. P. 26(b)(1).  Subject to and without waiving the same, the Township will permit inspection and copying of these documents that relate to this litigation in accordance with Fed. R. Civ. P. 34 and for the Plaintiffs'

1904737 v1

convenience and in the spirit of cooperation, Counsel for the Plaintiffs and the Township have agreed that the Township will deliver original copies of the same to Plaintiffs' counsel office for the purposes of doing so.

**Request to Produce #13**: Produce a copy of all requests for Guest Activity Uses received by Peninsula Township from a Peninsula Township Winery-Chateau.

**ANSWER:**  The Township will permit inspection and copying of these documents in accordance with Fed. R. Civ. P. 34 and for the Plaintiffs' convenience and in the spirit of cooperation, Counsel for the Plaintiffs and the Township have agreed that the Township will deliver original copies of the same to Plaintiffs' counsel office for the purposes of doing so.

**Request to Produce #14**:  Produce a copy of all documents related to Peninsula Township's internal communications regarding all requests for Guest Activity Uses from Peninsula Township Wineries and related to Peninsula Township's responses, whether approval, denial or no action, to, all requests for Guest Activity Uses from Peninsula Township Wineries.

**ANSWER:**  The Township will permit inspection and copying of these documents in accordance with Fed. R. Civ. P. 34 and for the Plaintiffs' convenience and in the spirit of cooperation, Counsel for the Plaintiffs and the Township have agreed that the Township will deliver original copies of the same to Plaintiffs' counsel office for the purposes of doing so.

1904737 v1

**Request to Produce #15**:  Produce a copy of all documents related to Peninsula Township's policies, rules, Ordinance, Enforcement Activity relating to the hours of operation of the tasting rooms of Peninsula Township Wineries.

**ANSWER:**  The Township will permit inspection and copying of these documents in accordance with Fed. R. Civ. P. 34 and for the Plaintiffs' convenience and in the spirit of cooperation, Counsel for the Plaintiffs and the Township have agreed that the Township will deliver original copies of the same to Plaintiffs' counsel office for the purposes of doing so.

**Request to Produce #16**:  Produce a copy of all documents related to the letter dated August 23, 2019 (and/or the attached memorandum) from Attorney Greg Meihn to Attorney Joseph Infante.

**ANSWER:**  Objection.  Request to Produce #16 request documents that may be protected work-product and/or attorney-client privileged.  Moreover, said documents are already in Plaintiffs' possession and for the Plaintiffs' convenience and in the spirit of cooperation, Counsel for the Plaintiffs and the Township have agreed that the Township will deliver original copies of the same to Plaintiffs' counsel office for the purposes of doing so.

**Request to Produce #17**:  Produce a copy of all documents related to any application for an event filed by any resident, private property owner, or business

11

within Peninsula Township for the previous five years.  By way of an example and for purposes of this request, "event" includes but is not limited to weddings, barn parties, graduation parties, charitable events, dinner parties, viewing parties, art shows, or similar events/activities.

**ANSWER:**  Objection.  Request to Produce #18 is overbroad as requested as it requests documents, in part, that are wholly unrelated to this litigation and does not meet the scope of Fed. R. Civ. P. 26(b)(1).  Subject to and without waiving the same, the Township will permit inspection and copying of these documents that relate to this litigation in accordance with Fed. R. Civ. P. 34 and for the Plaintiffs' convenience and in the spirit of cooperation, Counsel for the Plaintiffs and the Township have agreed that the Township will deliver original copies of the same to Plaintiffs' counsel office for the purposes of doing so.

**Request to Produce #18**:  Produce all documents that support the factual basis for Defendant's allegation in Paragraph C of its Affirmative Defenses that "Plaintiffs have failed, neglected and/or refused to properly and adequately mitigate the damages they claim to have suffered."

**ANSWER:**  To the extent these documents are not already in Plaintiffs' possession, the Township will permit inspection and copying of these documents in accordance with Fed. R. Civ. P. 34 and for the Plaintiffs' convenience and in the spirit of cooperation, Counsel for the Plaintiffs and the Township have agreed that

1904737 v1

the Township will deliver original copies of the same to Plaintiffs' counsel office for the purposes of doing so.

**Request to Produce #19**:  Produce all documents which refer to or relate to Peninsula Township's purpose in enacting Section 6.7.2(19), Section 8.7.3(10), or Section 8.7.3(12) of the Ordinance.

**ANSWER:**  The Township's Ordinances, including those cited in Request to Produce #19, and the intent of the same, speak for themselves.  To the extent there are documents that expand upon the stated purposes of the same, Township will permit inspection and copying of those documents in accordance with Fed. R. Civ. P. 34 and for the Plaintiffs' convenience and in the spirit of cooperation, Counsel for the Plaintiffs and the Township have agreed that the Township will deliver original copies of the same to Plaintiffs' counsel office for the purposes of doing so.

**Request to Produce #20**:  Produce a copy of all documents which refer or related to Peninsula Township's efforts to maintain the agricultural nature of Peninsula Township.

**ANSWER:**  Objection.  Request to Produce #20 is vague and overbroad as requested as it requests documents, in part, that are wholly unrelated to this litigation and does not meet the scope of Fed. R. Civ. P. 26(b)(1).  Subject to and without waiving the same, the Township will permit inspection and copying of

13

these documents that relate to this litigation in accordance with Fed. R. Civ. P. 34 and for the Plaintiffs' convenience and in the spirit of cooperation, Counsel for the Plaintiffs and the Township have agreed that the Township will deliver original copies of the same to Plaintiffs' counsel office for the purposes of doing so.

**Request to Produce #21**:  Produce a copy of all documents related to possible revisions to the Ordinance related to Wineries.

**ANSWER:**  The Township will permit inspection and copying of these documents in accordance with Fed. R. Civ. P. 34 and for the Plaintiffs' convenience and in the spirit of cooperation, Counsel for the Plaintiffs and the Township have agreed that the Township will deliver original copies of the same to Plaintiffs' counsel office for the purposes of doing so.

Dated:  February 25, 2021

By:    /s/ Gregory M. Meihn
Foley & Mansfield, PLLP
130 E. 9 Mile Rd.
Ferndale, MI 48220
(248) 721-4200
gmeihn@foleymansfield.com
P38939

---

**Proof of Service**

I, Matthew T. Wise, certify that the ***Defendant Peninsula Township's Answers to Plaintiff's First Set of Request for Production of Documents*** was served on all parties in this case to each of the attorneys of record at their respective addresses as disclosed on the pleadings in this case on **February 25, 2021** by:

| | |
|---|---|
| [  ] U.S. Mail | [  ] Fax |
| [  ] Hand Delivery (2/26/2021) | [  ] UPS Overnight |
| [  ] Federal Express | [ X ] Email: infante@millercanfield.com; gartman@millercanfield.com |
| [  ] Other- E-FILING | |

Signature:  _/s/ Matthew T. Wise_
        Matthew T. Wise

1904737 v1