UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WINERIES OF THE OLD MISSION
PENINSULA (WOMP) ASSOC., a Michigan
Nonprofit Corporation, et al.,

        Plaintiffs,

v

PENINSULA TOWNSHIP, Michigan Municipal
Corporation,

        Defendant.

Case No: 1:20-cv-01008

Honorable Paul L. Maloney
Magistrate Ray S. Kent

---

MILLER, CANFIELD, PADDOCK
AND STONE, PLC
*Attorneys for Plaintiffs*
Joseph M. Infante (P68719)
Stephen M. Ragatzki (P81952)
Christopher J. Gartman (P83286)
99 Monroe Avenue NW, Suite 1200
Grand Rapids, MI 49503
(616) 776-6333
infante@millercanfield.com
ragatzki@millercanfield.com
gartman@millercanfield.com

FOLEY & MANSFIELD, P.L.L.P.
*Attorneys for Defendant*
Gregory M. Meihn (P38939)
Matthew T. Wise (P76794)
130 East 9 Mile Road
Ferndale, MI 48220-3728
(248) 721-4200 / Fax: (248) 721-4201
gmeihn@foleymansfield.com
mwise@foleymansfield.com

---

## STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), the Court hereby enters the following protective order:

To expedite the flow of discovery material, to facilitate the prompt resolution of disputes over claims of confidentiality, and to provide adequate protection for business and personal information, this Confidentiality Agreement ("Agreement") is entered into by and between Plaintiffs WINERIES OF THE OLD MISSION PENINSULA (WOMP) ASSOC., BOWERS HARBOR VINEYARD &

WINERY, INC, BRYS WINERY, LLC, CHATEAU GRAND TRAVERSE, LTD, CHATEAU OPERATIONS, LTD, GRAPE HARBOR, INC., MONTAGUE DEVELOPMENT, LLC, OV THE FARM, LLC, TABONE VINEYARDS, LLC., TWO LADS, LLC, VILLA MARI LLC, WINERY AT BLACK STAR FARMS, L.L.C., ("WOMP") and Defendant PENINSULA TOWNSHIP (collectively the "Parties"). The Parties agree to seek promptly the Court's approval of this Agreement as a Protective Order, and to seek approval of an appropriately modified Agreement if this version is not approved by the Court.

1. Discovery proceedings in the above-captioned action (the "Litigation") will necessarily involve the production of certain information which the parties to the Litigation (the "Parties", each a "Party") believe to be confidential and sensitive commercial, financial, proprietary, business or personal information.

2. The Parties agree through their respective counsel, that this Confidentiality Agreement and Protective Order (the "Agreement") shall govern the handling of written discovery requests, documents, depositions, deposition transcripts and exhibits, interrogatory responses, admissions, and responses to requests for documents served or filed in this Litigation, access to premises for inspection or information, hearing and trial testimony of any witness and transcripts of any conference, hearing, or argument, or any part thereof, court filings or submissions, including, without limitation, exhibits offered into evidence, and any information produced, given or exchanged, including any information contained therein or derived therefrom, including discovery produced or provided in response to a subpoena ("Discovery Material") by or among any Party or non-party providing Discovery Material (each a "Producing Party") in this Litigation.

3. Any Party or Producing Party may designate any Discovery Material as "CONFIDENTIAL" if the Party or Producing Party in good faith reasonably believes that such

Discovery Material contains non-public, confidential, proprietary, commercially sensitive or personally sensitive information that requires the protections provided in this Agreement ("Confidential Material"). For purposes of this Stipulated Protective Order, Discovery Material considered Confidential may include all non-public Discovery Material containing information related, but not limited to business, financial, personal and personnel matters of the Party, Producing Party or a client of the Parties.

4. Any Party or Producing Party may designate any Discovery Material as "ATTORNEYS' EYES ONLY" if the Party or Producing Party in good faith reasonably believes that such Discovery Material contains highly sensitive business or personal information, the disclosure of which is likely to cause significant harm to an individual or to the business or competitive position of the designating party that requires the protections provided in this Agreement ("Attorneys' Eyes Only Material").

5. The Party or Producing Party may invoke the protection of this Agreement with respect to any Discovery Material as follows:

(a) Document Production – With respect to documents, the copy of the document, when produced, shall bear the clear and legible legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on the cover or initial page of the document or thing being produced.

(b) Written Discovery—With respect to interrogatories or requests for admissions, when served, the pages of those responses containing "CONFIDENTIAL" information or "ATTORNEYS' EYES ONLY" information, and the specific information therein being so designated, shall be so marked.

     (c)    Testimony—With respect to any deposition, hearing, or trial testimony, the parties may invoke the protection of this Agreement by declaring the same on the record at the deposition/hearing/trial designating specific pages as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" and serving such designations within thirty (30) days of receipt of the transcript of the deposition/hearing/trial in which the designations are made.  All transcripts shall be treated as Confidential for the thirty (30) day period following receipt of the transcript (the "Transcript Designation Period").  Further, during the Transcript Designation Period, any portion of the transcript that was designated as "ATTORNEYS' EYES ONLY" on the record or by subsequent written notice, shall not be provided to any persons other than those set forth in paragraph 5 below, unless such "ATTORNEYS' EYES ONLY" portions of the transcripts are redacted.

6.    All information designated "CONFIDENTIAL" pursuant to the terms of this Agreement may be disclosed or made available only to the persons specified below:

     (a)    The Parties, including their past or present officers, directors, employees, and agents;

     (b)    The court presiding over this Litigation and its personnel, clerical assistants, and staff, and court reporters, subject to the provisions of paragraph 8 below;

     (c)    Outside and in-house counsel for the Parties to this Litigation (including their employees, agents and clerical assistants;

     (d)    Any witnesses and/or potential witnesses whose testimony may or will be given at a deposition in or arbitration hearing of this action, provided,

however, that prior to the disclosure to such person of any Confidential Material, counsel for the Party proposing to make such disclosure shall advise the witness or potential witness of the terms of this Agreement and his or her obligations thereunder and

(e) Outside experts, consultants, and/or advisors (including their employees and clerical assistants) consulted by the Parties or their counsel in connection with this Litigation, whether or not retained to testify at trial, provided, however, that prior to the disclosure to such expert, or advisor of any Confidential Material, counsel for the Party proposing to make such disclosure shall advise the expert or advisor of the terms of this Agreement and his or her obligations hereunder;

7. All information designated "ATTORNEYS' EYES ONLY" pursuant to the terms of this Agreement may be disclosed or made available only to the persons specified below:

(a) Outside counsel for the Parties to this Litigation (including their employees, agents, and clerical assistants);

(b) Experts and consultants employed or retained by a Party in the Litigation

(c) The court presiding over this Litigation and its personnel, clerical assistants, and staff, and court reporters, subject to the provisions of paragraph 8 below;

(d) Deposition, hearing, and/or trial witnesses if it is clear from the designated documents that the witness(es) previously had access to such information; and

(e) Such other persons Producing Party agrees to in writing or as ordered by the Court.

8. Each person described in paragraphs 6 and 7 above (other than the Parties, their respective counsel, and the Court) to whom Confidential Material or Attorneys' Eyes Only Material is disclosed shall first be provided with a copy of this Agreement and advised that such Confidential Material and/or Attorneys' Eyes Only Material is being disclosed pursuant to and subject to the terms

of this Agreement and that the Confidential Material and/or Attorneys' Eyes Only may not be disclosed other than pursuant to the terms herein. It shall be the responsibility of counsel providing such access to each person to whom Confidential Material and/or Attorneys' Eyes Only Material is disclosed to provide a copy of this Agreement. Prior to disclosing Confidential Material and/or Attorneys' Eyes Only Material to each person described in paragraphs 6 or 7 above, counsel shall cause each such person to execute a certificate in the form attached as Exhibit A hereto. Counsel shall be responsible for retaining executed certificates.

9. Persons receiving Confidential Material and/or Attorneys' Eyes Only Material shall use such material only for the purpose of preparing for and conducting litigation relating to this Litigation, and for no other purpose, and no person receiving any Confidential Material or Attorneys' Eyes Only Material shall disclose such material to any person other than those described above.

10. With respect to any information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY to be filed with the Court in connection with any pleading, motion, or other such paper, the party desiring to file the CONFIDENTIAL or ATTORNEYS' EYES ONLY information shall file it with all confidential information redacted. Information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY may also be filed under seal pursuant to Fed. R. Civ. P 26(c)(1)(H) and in accordance with the local rules of the Court, without filing a separate motion for permission to file documents under seal, unless the Court's or Federal Rules of Civil Procedure provide otherwise. If the Court enters an Order finding that (a) any document filed under seal was improperly designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY and that (b) such document is not subject to protections of a document designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, the filing party shall re-file such document unsealed within five (5) days of the date of such Order.

11. Upon a final determination of the above-captioned action, the Parties shall within sixty (60) days (or such shorter or longer time as the Court may on motion direct) return to counsel for the producing Party all documents, things, deposition testimony, transcripts or exhibits, and other tangible materials that constitute, reproduce, or reflect any Confidential Material and/or Attorneys' Eyes Only Material (and all copies thereof), except that counsel for each Party may maintain in its files one copy of each document, which shall remain subject to his Agreement.

12. To the extent that a Party who is in receipt of Confidential Material and/or Attorneys' Eyes Only Material receives a subpoena from a third party for the Confidential Material and/or Attorneys' Eyes Only Material, the Party shall promptly notify the Producing Party in writing as to the receipt of the subpoena to allow the Producing Party an opportunity to move to quash the subpoena or for a protective order in relation to the subpoena.

13. This Agreement shall not constitute a waiver by any Party of the right to oppose any discovery request.

14. Nothing in this Agreement shall be deemed a waiver of any Party's right to claim that material is not confidential, attorneys' eyes only, or is otherwise proprietary to that Party.  In the event of a dispute as to whether material is properly designated as Confidential Material or Attorneys' Eyes Only Material, the Party challenging the designation shall notify counsel for the designating Party in writing and within 45 days after the receipt of the information or materials that it does not agree with the designation.  The Parties shall then attempt in good faith to resolve any dispute without judicial intervention.  If good faith efforts to resolve the dispute are not successful, counsel challenging a designation of the information may apply for appropriate relief from this Court, which shall be permitted to conduct an *in camera* inspection of the materials. The burden of proving the confidentiality of information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY

remains with the designating Party. After designation of Confidential Material or Attorneys' Eyes Only Material, such documents shall remain subject to the protections of this Agreement until the Court enters an Order invalidating the designation.

15. Any third- party required to produce documents, information, or provide testimony in this civil action through subpoena or otherwise shall be afforded the same protections and have the same obligations as the parties as set forth in this Agreement with respect to Confidential Information.

16. The restrictions set forth in any of the preceding paragraphs shall not apply to information or material that was, is or becomes public knowledge, not by any act of a Party or person in violation of this Agreement.

17. Upon the final termination of this Litigation, those Parties and non-parties having copies and/or originals of Confidential Material and/or Attorneys' Eyes Only Material of another Party or non-party shall, upon request, return all originals or copies, including any confidential documents or things provided to experts or consultants or others pursuant to this Agreement, to counsel for the producing Party.

18. Inadvertent disclosure of any document or other Discovery Material during this Litigation, or inadvertent disclosure of Confidential Material or Attorney' Eyes Only Material without appropriate designation, shall be without prejudice to any claim that such document or other Discovery Material is non-responsive, privileged, "CONFIDENTIAL," or "ATTORNEYS' EYES ONLY," and no Party shall be held to have waived any rights by such inadvertent disclosure, including but not limited to the right to claim the documents are privileged or protected by the attorney client privilege or work product privilege. If a Party produces Discovery Material it considers Confidential Material or Attorneys' Eyes Only Material, without making the required designation (or for deposition or hearing testimony, fails to make a designation within 30 days of receipt of the

transcript), it may later designate such Discovery Material as Confidential Material or Attorneys' Eyes Only Material by giving written notice to the Party who received copies of the Discovery Material.  The Party seeking to designate the Discovery Material as Confidential Material or Attorneys' Eyes Only Material must then furnish labeled copies of the produced documents designating them as such.  Upon receipt of such notice and labeled copies, the party who received undesignated copies of the produced documents shall either promptly return all unlabeled copies or certify that all unlabeled copies have been destroyed.  The Parties agree to return any non-responsive and/or privileged material inadvertently disclosed immediately upon receipt of notice of the inadvertent disclosure and take reasonable steps to ensure that all copies of such non-responsive and/or privileged material are returned or deleted.

19. Any Party or non-party, if it has cause to believe that a violation of this Agreement has occurred or is about to occur, has the right to petition the Court for appropriate relief.

20. This Agreement shall remain in full force and effect until such time as it is modified, amended or rescinded by the Court. The Parties may petition the Court to modify or to amend its terms as the scope of discovery dictates.

21. The parties acknowledge that the Court can amend this Order *sua sponte* in its sole discretion at any time during the litigation.

22. Entering into, agreeing to, and/or producing or receiving Confidential Information or otherwise complying with the terms of this Protective Order shall not:

    (a) Operate as an admission, or create an interference, by any party that any confidential information contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;

(b) Prejudice in any way the rights of any party to object to the authenticity, relevance or admissibility into evidence of any document, testimony or other evidence subject to this Agreement/ Protective Order;

(c) Prejudice in any way the rights of a party to seek determination by the Court whether any information or material should be subject to the terms of this Agreement/ Protective Order;

(d) Prejudice in any way the rights of a party to petition the Court for a further Protective order relating to any purportedly Confidential Information or persons to whom such information may be disclosed;

(e) Prevent the parties to this Agreement/Protective Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material produced by the parties;

(f) Be construed to require disclosure of information, documents or tangible things that counsel contends is protected from disclosure by the attorney-client privilege, the attorney work-product immunity, or any other applicable privilege or immunity. A Producing Party may produce a redacted version of information, document, or tangible things that counsel contends is protected from disclosure by the attorney- client privilege, the attorney work-product immunity, or any other identified applicable privilege or immunity, identifying where the privileged or immune material was redacted with the designation "Redacted" or other suitable designation; or

  (g)  Be construed to otherwise expand the scope of discovery in this matter beyond the limits otherwise prescribed by law, not to enlarge the scope of discovery to matters unrelated to this matter.

NOW THEREFORE, the Court having read the above Confidentiality Agreement and Protective Order and been fully advised in the premises,

IT IS HEREBY ORDERED THAT THE Stipulated Protective Order be entered pursuant to all terms set forth above.

Date: July 30, 2021

/s/ Paul L. Maloney
Honorable Paul L. Maloney
District Court Judge

Stipulated and Agreed:

Dated: July 29, 2021

/s/ Gregory M. Meihn (w/permission)
Gregory M. Meihn (P38939)
Matthew T. Wise (P76794)
FOLEY & MANSFIELD, P.L.L.P.
*Attorneys for Peninsula Township*
130 East 9 Mile Road
Ferndale, MI 48220-3728
(248) 721-4200 / Fax: (248) 721-4201
gmeihn@foleymansfield.com
mwise@foleymansfield.com

Dated: July 29, 2021

/s/ Joseph M. Infante
Joseph M. Infante (P68719)
Stephen M. Ragatzki (P81952)
Christopher J. Gartman (P83286)
MILLER, CANFIELD, PADDOCK AND STONE, PLC
*Attorneys for Plaintiffs*
99 Monroe Avenue NW, Suite 1200
Grand Rapids, MI 49503
(616) 776-6333
infante@millercanfield.com
ragatzki@millercanfield.com
gartman@millercanfield.com

37527204.1/159392.00002