UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WINERIES OF THE OLD MISSION
PENINSULA (WOMP) ASSOC.,
a Michigan Nonprofit Corporation,
BOWERS HARBOR VINEYARD
& WINERY, INC., a Michigan
Corporation, BRYS WINERY, LC,
a Michigan Corporation, CHATEAU
GRAND TRAVERSE, LTD,
a Michigan Corporation, CHATEAU
OPERATIONS, LTD, a Michigan
Corporation, GRAPE HARBOR, INC.
a Michigan Corporation, MONTAGUE
DEVELOPMENT, LLC, a Michigan
limited liability company, OV THE FARM, LLC
a Michigan limited liability company,
TABONE VINEYARDS, LLC. a Michigan
Limited Liability Company, TWO LADS, LLC,
a Michigan limited liability company,
VILLA MARI LLC, a Michigan
Limited Liability Company, WINERY
AT BLACK STAR FARMS, L.L.C.,
a Michigan Limited Liability Company,

Case № 1:20-cv-01008-PLM-RSK
Hon. Paul L. Maloney
Mag. Ray S. Kent

**DEFENDANT PENINSULA
TOWNSHIP'S MOTION TO
COMPEL DEPOSITION OF
JOSEPH M. INFANTE
AND BRIEF IN SUPPORT**

       Plaintiff,

vs.

PENINSULA TOWNSHIP, a Michigan
Municipal Corporation,

       Defendant.

---

| MILLER, CANFIELD, PADDOCK | GREGORY M. MEIHN (P38939) |
|---|---|
| AND STONE, PLC | MATTHEW T. WISE (P76794) |
| Joseph M. Infante (P68719) | FOLEY & MANSFIELD, P.L.L.P. |
| Stephen M. Ragatzki (P81952) | Attorneys for Defendant |
| Christopher J. Gartman (P83286) | 130 E. 9 Mile Rd. |
| 99 Monroe Avenue NW, Suite 1200 | Ferndale, MI 48220-3728 |
| Grand Rapids, MI 49503 | (248) 721-4200 / Fax: (248) 721-4201 |
| (616) 776-6333 | gmeihn@foleymansfield.com |
| infante@millercanfield.com | mwise@foleymansfield.com |
| gartman@millercanfield.com | |

Foley & Mansfield, PLLP
130 East Nine Mile Road
Ferndale, MI 48220 (248) 721-4200

## DEFENDANT PENINSULA TOWNSHIP'S
## MOTION TO COMPEL THE DEPOSITION OF JOSEPH M. INFANTE

Defendant, Peninsula Township, by its attorneys, Foley & Mansfield, PLLP, pursuant to Fed. R. Civ. P. 37, moves this Court to compel the discovery deposition of Joseph M. Infante. The Township relies upon the attached Brief in Support of Motion to Compel the Deposition of Joseph M. Infante and the Exhibits attached thereto in support of the relief requested.

WHEREFORE, Defendant, Peninsula Township respectfully request that this Court order Joseph M. Infante to sit for a deposition and award the Township their costs and attorneys' fees incurred in bringing this motion.

Pursuant to Local Rule 7.1(d), undersigned counsel contacted counsel for Plaintiffs regarding the relief requested and Plaintiffs' counsel objected to the relief requested by this Motion.

Respectfully submitted,

s/ *Gregory M. Meihn*
FOLEY & MANSFIELD PLLP
130 E. Nine Mile Road
Ferndale, MI 48220
(248) 721-4200
gmeihn@foleymansfield.com
P38939

Dated: October 12, 2021

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI 48220  (248) 721-4200

1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WINERIES OF THE OLD MISSION
PENINSULA (WOMP) ASSOC.,
a Michigan Nonprofit Corporation,
BOWERS HARBOR VINEYARD
& WINERY, INC., a Michigan
Corporation, BRYS WINERY, LC,
a Michigan Corporation, CHATEAU
GRAND TRAVERSE, LTD,
a Michigan Corporation, CHATEAU
OPERATIONS, LTD, a Michigan
Corporation, GRAPE HARBOR, INC.
a Michigan Corporation, MONTAGUE
DEVELOPMENT, LLC, a Michigan
limited liability company, OV THE FARM, LLC
a Michigan limited liability company,
TABONE VINEYARDS, LLC. a Michigan
Limited Liability Company, TWO LADS, LLC,
a Michigan limited liability company,
VILLA MARI LLC, a Michigan
Limited Liability Company, WINERY
AT BLACK STAR FARMS, L.L.C.,
a Michigan Limited Liability Company,
   Plaintiff,
vs.

PENINSULA TOWNSHIP, a Michigan
Municipal Corporation,

   Defendant.

Case № 1:20-cv-01008-PLM-RSK
Hon. Paul L. Maloney
Mag. Ray S. Kent

**BRIEF IN SUPPORT OF
DEFENDANT PENINSULA
TOWNSHIP MOTION TO
COMPEL THE DEPOSITION OF
JOSEPH M. INFANTE**

___

| MILLER, CANFIELD, PADDOCK AND STONE, PLC | GREGORY M. MEIHN (P38939) |
|---|---|
| Joseph M. Infante (P68719) | MATTHEW T. WISE (P76794) |
| Stephen M. Ragatzki (P81952) | FOLEY & MANSFIELD, P.L.L.P. |
| Christopher J. Gartman (P83286) | Attorneys for Defendant |
| 99 Monroe Avenue NW, Suite 1200 | 130 E. 9 Mile Rd. |
| Grand Rapids, MI 49503 | Ferndale, MI 48220-3728 |
| (616) 776-6333 | (248) 721-4200 / Fax: (248) 721-4201 |
| infante@millercanfield.com | gmeihn@foleymansfield.com |
| gartman@millercanfield.com | mwise@foleymansfield.com |

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI  48220  (248) 721-4200

1843161 v1

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ................................................................................................ ii

STATEMENT OF THE ISSUES ........................................................................................ iii

I. INTRODUCTION ......................................................................................................... 1

     A.    Infante Drafts Pre-Suit Memorandums ................................................... 2

     B.    Plaintiffs File Motion To Compel Gregory M. Meihn Deposition ....... 3

     C.    Magistrate Kent Orders Limited Deposition Of Mr. Meihn ................ 4

     D.    Plaintiffs Refuse To Produce Mr. Infante For Deposition .................... 5

III.    STANDARD OF REVIEW ...................................................................................... 6

IV.    LAW AND ARGUMENT ........................................................................................ 7

     1.    Mr. Infante has Relevant and Non-Privileged Information Related to the Interpretation of the Winery Ordinances ................................................................ 7

     2.    Mr. Infante Has Information that No One Else with the Plaintiffs Does ............. 8

     3.    The Deposition of Mr. Infante is Crucial to the Township's Defenses ............... 8

V.    CONCLUSION ........................................................................................................ 9

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI  48220  (248) 721-4200

# **INDEX OF AUTHORITIES**

**Cases**
*Chrysler Corp. v. Fedders Corp.*, F.2d 1229, 1240 (6th Cir.1981) ................................................. 6
*Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F.3d 621, 628 (6th Cir.2002) ............................. 7
*Pamida, Inc. v. E.S. Originals, Inc.*, 281 F.3d 726, 730 (8th Cir.2002) ......................................... 7
*Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir.1986)............................................ 6, 7

**Rules**
Fed. R. Civ. P. 26(b) ....................................................................................................................... 6
Fed. R. Civ. P. 26(b)(1).................................................................................................................. 6

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI 48220  (248) 721-4200

## STATEMENT OF THE ISSUES

A. Whether Joseph M. Infante should be ordered to sit for a discovery deposition limited to three hours given the Court's prior ruling and indications on the record ordering the deposition of Gregory M. Meihn and for the same reasons as the same?

    a. Defendant answers "yes"

    b. Plaintiffs answer, "no"

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI  48220  (248) 721-4200

**I.    INTRODUCTION**

On September 22, 2021, Magistrate Judge Kent heard three discovery Motions filed by the Plaintiffs—ECF Nos. 77, 81 and 83—and, on September 28, 2021, the Court entered an Order reflecting its rulings upon the same. (ECF No. 94, Page ID## 3777-3778). In particular, the Court ruled that the Plaintiffs "may take the deposition of Gregory Meihn, limited to the subject matters agreed upon on the record, and limited to a time period of three hours." (ECF No. 94, Page ID# 3777). In hearing oral argument regarding the same, Magistrate Judge Kent discussed Plaintiffs' argument that Mr. Meihn could be a potential fact witness regarding this litigation based upon pre-suit memorandums/correspondence he wrote regarding the Township's Winery Ordinances that are at issue in this case.[1]

In doing so, the Magistrate also noted that Mr. Infante wrote memorandums and correspondence regarding those Ordinances prior to this litigation—essentially the same as Mr. Meihn—and that if Mr. Meihn was a potential fact witness in that limited scope, so too was Mr. Infante. Ultimately, the Court determined that the Plaintiffs could take Mr. Meihn's limited deposition on these pre-suit issues, but a formal Motion for Mr. Infante's deposition was not pending at that time. Through this Motion, the Township is merely seeking the same relief which this Court has already granted to the Plaintiffs and for largely the same rationale. Despite the Court's prior Order, Plaintiffs have refused to produce Mr. Infante for a deposition, claiming that the Court already refused this request, which is a misrepresentation to this Court. Accordingly,

---

[1] The Township has requested a transcript of the September 22, 2021 hearing, but has not yet received a copy of the same. The Township maintains that the same will support its contentions herein and support the relief requested. Upon receipt, the Township will immediately provide this supplemental authority to the Court with appropriate citations.

1

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI 48220 (248) 721-4200

for the reasons set forth below, the Township requests the same relief granted to the Plaintiffs and a limited deposition of Mr. Infante.

## II.      FACTUAL BACKGROUND

### A.      Infante Drafts Pre-Suit Memorandums

As this Court is aware, this litigation involves Plaintiffs' claims that the Township's applicable to wineries within the Township are unconstitutional, preempted, and otherwise unenforceable based upon a variety of legal theories. (ECF No. 29 – Notably, the Court has already denied a preliminary injunction regarding those theories (ECF No. 34) and currently has cross-motions for summary judgment pending on the preemption issue (ECF Nos. 53, 62)).  In support of its theories, Plaintiffs attached a legal memorandum regarding preemption dated May 30, 2019 to its First Amended Complaint (ECF No. 29-14, Page ID## 1355-1364) and signed by Mr. Meihn. They also attach a July 9, 2019 letter and legal memorandum regarding preemption and the pre-suit, "line by line review of the winery ordinances to determine whether those ordinances are enforceable." (ECF No. 29-15, Page ID## 1366-1380)(**Ex. 1**, 7.9.19 Letter and Memorandum of Joseph M. Infante). Further, the Plaintiffs also attach a subsequent letter of August 23, 2019 from Mr. Meihn and attached legal memorandum. (ECF No. 29-16, Page ID## 1382-1400).

In addition, as has been cited by this Court and both parties, Mr. Infante's involvement reaches back well prior to the filing of this litigation. Indeed, on March 12, 2019, Mr. Infante drafted a letter to the Township regarding one of the Plaintiffs, Bowers Harbor Vineyards, which stated, in relevant parts:

> The Michigan Liquor Control Code, enforced by the Liquor Control Commission, allows an individual or entity to obtain a license to manufacture wine without requirement that the individual or entity have a certain number of acres or grow a certain number of crops. No such requirement exists in the Michigan Liquor Control Code and licensed wineries throughout Michigan operate without any winemaking crops. Thus, the Township's zoning

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI 48220 (248) 721-4200

2

ordinance, which requires a winery to have at least 50 acres and at least 75% of those acres used to produce wine making fruits, conflicts with Michigan law and is preempted.

\*\*\*

Further, as a state actor, Peninsula Township may not enforce ordinances against BHV if doing so would operate to deprive BHV of its property without due process of law or amount to a taking of its private property for public use without just compensation.

(**Ex. 2**, 3.12.19 Correspondence from Joseph M. Infante).

Just as Mr. Meihn, Mr. Infante was involved and provided his own opinions and interpretations of the facts, circumstances and legal issues involved in this case *well prior* to the Plaintiffs' choice to abandon negotiations with the Township and file suit in October of 2020.

### B. Plaintiffs File Motion To Compel Gregory M. Meihn Deposition

On August 23, 2021, the Plaintiffs filed their Motion to Compel the Deposition of Gregory M. Meihn, current lead litigation counsel for the Township in this matter. (ECF No. 78). In attempting to support its request for Mr. Meihn's deposition, the Plaintiffs argued, introductorily:

Mr. Meihn sits on a committee created by the Township regarding revisions to the Winery Ordinances and has authored numerous emails, letters and memorandums regarding the interpretation, enforcement, and constitutionality of the Winery Ordinances. In short, Mr. Meihn is not a far-removed hired gun trial lawyer, but his role was more akin to a general counsel and township employee as he was intimately involved in the facts leading up to this case. Thus, his deposition is relevant and proper.

(ECF No. 78, Page ID# 3215).

Thus, there were essentially three arguments for Mr. Meihn's deposition: (1) he drafted letters and memorandums regarding the Winery Ordinances; (2) he sat on a committee created by the Township regarding potential revisions to the same; and, (3) he was or is a "township employee."

In response to the Plaintiffs' Motion, the second argument above was shown to be a demonstrably false representation—a fact known to Plaintiffs' counsel *well before* filing that Motion—because the committee that was formed did not involve Mr. Meihn nor Mr. Infante so as

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI 48220 (248) 721-4200

3

to prevent any "outside" influences upon the constructive discussions that were taking place prior to this litigation. (See, e.g., ECF No. 91-2, Page I## 3738-3740, attached as **Ex. 3**, Affidavit of Robert Manigold, "I requested that this subcommittee not include the attorney for the Township nor the attorneys nor for the Plaintiffs" and "Any representation that Mr. Meihn was apart of the subcommittee formed to examine these Ordinances is false."). And, the Court flatly rejected the Plaintiffs' characterization of Mr. Meihn as a Township employee as the Township was not permitted to even hire Mr. Meihn as an employee. Thus, what was left was the fact that Mr. Meihn, identical to Mr. Infante, signed letter and memorandums regarding the Ordinances contested in this lawsuit.[2]

### C. Magistrate Kent Orders Limited Deposition Of Mr. Meihn

On September 22, 2021, after the Township responded to Plaintiffs' Motion to Compel Mr. Meihn's Deposition, the Court heard oral argument regarding that Motion and the others referenced above. While the transcript is the best evidence of what was said during that hearing, Magistrate Kent generally made the following observations:

- That Mr. Meihn was not an employee of the Township;

- Inquiring that if Mr. Meihn was a potential fact witness based upon the letter(s) and memorandum he signed, why then would Mr. Infante not be a potential fact witness;

- That it was unlikely that the statements made by Mr. Meihn in those written documents would be construed as *admissions* of the Township, despite Plaintiffs' protestation to the contrary;

---

[2] Notably, on November 23, 2020 the Township Board unanimously passed a formal motion from one of its members that they had "received opinions from counsel regarding the winery lawsuit, but we never adopted those opinions, which were made in the timeframe of settlement negotiations." (**Ex. 4**, 11.23.2020 Board Minutes). Plaintiffs, on the other hand, stand steadfastly with their counsel's opinions, underscoring that if anyone is making admission on behalf of their clients, it is the Plaintiffs' counsel.

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI 48220 (248) 721-4200

4

- It was evident from the pleadings and affidavit of Robert Manigold that Mr. Meihn was not apart of the subcommittee formed to examine the Winery Ordinances.[3]

Seemingly, it appeared as if the Court disagreed with the Plaintiffs' positions, but, as noted above, ultimately ordered as follows:

> **Plaintiffs' Motion to Compel (ECF No. 77)**: The motion is **GRANTED.** Plaintiffs may take the deposition of Gregory Meihn, limited to the subject matters agreed upon on the record, and limited to a time period of three hours.

(ECF No. 94, Page ID# 3777).

Accordingly, the Township will comply with the Court's Order and Mr. Meihn will sit for a limited deposition on a mutually agreed upon date.

### D. Plaintiffs Refuse To Produce Mr. Infante For Deposition

Given Magistrate Kent's indications on the record during the September 22, 2021 hearing that Mr. Infante would equally be a potential fact witness for the same reasons that it determined it was appropriate for Mr. Meihn to be deposed, the Township sought Mr. Infante's deposition. Indeed, on September 22, 2021, the very same day, the Township served a Notice of Deposition regarding Mr. Infante's deposition, with the same limitations as that of the deposition of Mr. Meihn. (**Ex. 5**, 9.22.21 Notice of Deposition). Over two weeks later, the Plaintiffs provided the following boilerplate and unsustainable objections to the deposition of Mr. Infante:

> Plaintiffs hereby object to your notice of taking deposition of Joseph Infante. The requested deposition could not possibly seek relevant information, nor could it be reasonably calculated to lead to the discovery of admissible evidence. Further, the expense of taking such a deposition so far outweighs any possible benefit to the Township could have from it that the [sic] any time spent on it would not be proportional to the needs of the case.
>
> As you recall, in response to Plaintiffs' motion to compel your deposition, Peninsula Township asked that Judge Kent order the taking of my deposition. The issue was argued

---

[3] While the Court did not directly address or admonish the Plaintiffs' blatant misrepresentation in this regard, the record speaks for itself—Plaintiffs presented zero evidence that Mr. Meihn was apart of the subcommittee formed with the Township's Planning Commission, yet trumpeted that allegation as if it were based in fact.

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI 48220 (248) 721-4200

5

during a hearing on September 22, 2021, and Judge Kent denied this request. Thus, the issue has been resolved and your deposition notice is improper. I will not be appearing on October 13, 2021.

(**Ex. 6**, 10.7.21 Correspondence from Mr. Infante).

Finally, on October 8, 2021, after the parties were unable to resolve this matter, counsel for the Township requested dates for the eleven (11) depositions it originally asked for months ago in an attempt to complete discovery in this matter within the November 15, 2021 current fact discovery deadline. In response, Plaintiffs provided no dates and simply unilaterally noticed the dates of eleven (11) witnesses associated with the Township. (**Ex. 7**, 10.8.21 E-mail Correspondence). Plaintiffs clearly want to engage in whatever discovery they please, but not provide any cooperation. The Township is not asking for any more than that which the Court has already granted to the Plaintiffs and for the same reasons.

### III.   STANDARD OF REVIEW

Fed. R. Civ. P. 26(b) governs the scope of discovery in these proceedings and provides that parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

As cited by Plaintiffs, "[w]hen faced with questions over, or disputes about, what information or documents may be obtained based on their relevancy, it is axiomatic that the trial court is afforded broad discretion to determine the boundaries of inquiry." *Chrysler Corp. v. Fedders Corp.*, F.2d 1229, 1240 (6th Cir.1981). In arguing for the deposition of Mr. Meihn, Plaintiffs also relied upon the *Shelton* test articulated by the Eighth Circuit and applied in limited

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI 48220 (248) 721-4200

circumstances by the Sixth Circuit. (ECF No. 78, Page ID# 3218). The *Shelton* test generally applies to a party seeking to depose the opposing party's counsel and requires a showing that no other means exist to obtain the information than to depose opposing counsel; the information sought is relevant and nonprivileged; and the information is crucial to the preparation of the case. *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F.3d 621, 628 (6th Cir.2002)(citing *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir.1986). The rationale behind the *Shelton* test is to prevent exposure of attorney's litigation strategy. See, *Pamida, Inc. v. E.S. Originals, Inc.*, 281 F.3d 726, 730 (8th Cir.2002). Just as the Plaintiffs sought as to Mr. Meihn, the Township does not seek to depose Mr. Infante on Plaintiffs' litigation strategy, but on "prior positions and statements made regarding the interpretation and applicability of the Winery Ordinances." (ECF No. 78, Page ID# 3218). The Township's Motion should be granted under these standards.

### IV. LAW AND ARGUMENT

#### 1. Mr. Infante has Relevant and Non-Privileged Information Related to the Interpretation of the Winery Ordinances

As noted above, Mr. Infante has acted as a consultant and advisor to the Plaintiffs in this matter for at least a year and a half prior to this litigation (See, **Ex. 2**, 3.12.19 Correspondence). It is likely given that March 12, 2019 was the date of the attached correspondence, that Mr. Infante was involved and advising the Plaintiffs well before that time as well, advising them as to what activities they are allowed to engage in under the Township's Ordinances. It was Mr. Infante who demanded that the Township cease enforcement of certain aspects of the Township's Ordinances on behalf of Bowers Harbor and accused the Township of enforcing preempted and unconstitutional ordinances at that time. His letter(s) and memorandums are not privileged as they are attached as exhibits to the First Amended Complaint and are certainly relevant to these proceedings in the same manner in which the Court has previously determined Mr. Meihn's are.

Foley & Mansfield, PLLP
130 East Nine Mile Road
Ferndale, MI 48220 (248) 721-4200

7

There is no distinction and Plaintiffs' refusal to produce Mr. Infante, but deposing Mr. Meihn is speaking out of both sides of their mouth and an untenable position.

### 2. Mr. Infante Has Information that No One Else with the Plaintiffs Does

Mr. Infante has authored several documents prior to the onset of this litigation. As noted above and in the attached exhibits, Mr. Infante has made admissions and allegations on behalf of the Plaintiffs in interpreting the Township's Ordinances. It is also likely that he has advised the Plaintiffs regarding the enforcement (or refusal to comply) with the same and what actions they could or could not take relative to the same. As argued by Plaintiffs regarding Mr. Meihn, there is no "other person who could speak to the basis for some of the admissions therein." (ECF No. 78, Page ID# 3220). Just as they claim Mr. Meihn has, Mr. Infante has made decisions and interpretations on behalf of his clients regarding the Winery Ordinances and is the only person who can authenticate his writings and testify to what led to those decisions and actions.

### 3. The Deposition of Mr. Infante is Crucial to the Township's Defenses

Mr. Infante has authored letters and memorandums addressed to the Township prior to the commencement of this litigation wherein he concluded certain things about the Township's Ordinances. The Plaintiffs clearly stand by these interpretations and admissions as they did in fact engage in trying to re-write the Ordinances in a manner they believed appropriate until they abandoned those efforts and sought an "end around" route to amending the Ordinances by filing this litigation. Unlike the Township, the Plaintiffs have doubled down on Mr. Infante's admissions and interpretations, thus making his deposition all the more important where the Township has not adopted Mr. Meihn's opinions. Again, Mr. Infante's status and deposition are no different than that of Mr. Meihn as it relates to the events leading up to this lawsuit. The Township makes this request out of fundamental fairness and maintains that the Court has already recognized the merit

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI 48220 (248) 721-4200

8

to the same. The Township is entitled to know from Mr. Infante when the Plaintiffs first believed, based upon his interpretations, that the Ordinances were preempted, or unconstitutional, or whether he stated they could not be enforced or should not be followed. The Ordinances have been around for decades and it was not until Mr. Infante entered the picture that this matter began. If Mr. Meihn's deposition is permissible here, there is no reason for which Mr. Infante should not be deposed with the same limitations and, that is all the Township has requested. Plaintiffs' boilerplate objections do not excuse them from a one-eighty reversal of their prior positions regarding the deposition of Mr. Meihn.

## V.  CONCLUSION

The Township requests this Court grant its Motion to Compel the Deposition of Joseph M. Infante and enter an Order that requires Mr. Infante to sit for a deposition of three (3) hours and limited to the scope discussed on the record regarding the deposition of Mr. Meihn during the September 22, 2021 hearing and memorialized by the Court in its September 28, 2021 Order. The Township also requests its costs and fees in having to bring this Motion.

Respectfully submitted,

s/ *Gregory M. Meihn*
FOLEY & MANSFIELD PLLP
130 E. Nine Mile Road
Ferndale, MI 48220
(248) 721-4200
gmeihn@foleymansfield.com
Dated: October 12, 2021              P38939

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI 48220 (248) 721-4200

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 12, 2021, I electronically filed <u>PENINSULA TOWNSHIP'S MOTION TO COMPEL THE DEPOSITION OF JOSEPH M. INFANTE</u> with the Clerk of the Court using the ECF system.

                                           s/ *Gregory M. Meihn*
                                           FOLEY & MANSFIELD PLLP
                                           130 E. Nine Mile Road
                                           Ferndale, MI 48220
                                           (248) 721-4200
                                           gmeihn@foleymansfield.com
Dated:  October 12, 2021             P38939