# Exhibit 3

# Exhibit 3

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WINERIES OF THE OLD MISSION
PENINSULA (WOMP) ASSOC.,
a Michigan Nonprofit Corporation,
BOWERS HARBOR VINEYARD
& WINERY, INC., a Michigan
Corporation, BRYS WINERY, LC,
a Michigan Corporation, CHATEAU
GRAND TRAVERSE, LTD,
a Michigan Corporation, CHATEAU
OPERATIONS, LTD, a Michigan
Corporation, GRAPE HARBOR, INC.
a Michigan Corporation, MONTAGUE
DEVELOPMENT, LLC, a Michigan
limited liability company, OV THE FARM, LLC
a Michigan limited liability company,
TABONE VINEYARDS, LLC. a Michigan
Limited Liability Company, TWO LADS, LLC,
a Michigan limited liability company,
VILLA MARI LLC, a Michigan
Limited Liability Company, WINERY
AT BLACK STAR FARMS, L.L.C.,
a Michigan Limited Liability Company,

   Plaintiffs,

vs.

PENINSULA TOWNSHIP, a Michigan
Municipal Corporation,

   Defendant.

Case № 1:20-cv-01008
Hon. Paul L. Maloney
Magistrate Judge Ray S. Kent

| MILLER, CANFIELD, PADDOCK et al | GREGORY M. MEIHN (P38939) |
|---|---|
| JOSEPH M. INFANTE (P68719) | MATTHEW T. WISE (P76794) |
| CHRISTOPHER J. GARTMAN (P83286) | FOLEY & MANSFIELD, P.L.L.P. |
| Attorneys for Plaintiffs | Attorneys for Defendant |
| 99 Monroe Avenue NW, Suite 1200 | 130 E. 9 Mile Rd. |
| Grand Rapids, MI 49503 | Ferndale, MI 48220-3728 |
| (616) 776-6333 | (248) 721-4200 / Fax: (248) 721-4201 |
| infante@millercanfield.com | gmeihn@foleymansfield.com |
| gartman@millercanfield.com | mwise@foleymansfield.com |

2088853 v1

## AFFIDAVIT OF ROBERT MANIGOLD

I, Robert Manigold, being first duly sworn, deposes and says:

1. I am currently the Township Supervisor for Defendant Peninsula Township and have served in this capacity at all times relevant to this affidavit.

2. In 2019, while I was also serving as the Township Supervisor, the Township proposed and formed a subcommittee, which included Planning Commission members, including members Hall, Hornberger and Dioski, as well as the Township Planner to examine and discuss the Peninsula Township Zoning Ordinances (the "Ordinances") applicable to the Plaintiffs in this matter.

3. The purpose of that subcommittee was to work a cohesive and cooperative manner to look at the Ordinances applicable to the Plaintiffs, address any conflicts that exists and work toward amicable solutions to the same.

4. At the time this subcommittee was formed, the Plaintiffs in this matter had already retained their current counsel, Mr. Joseph Infante, to write letters, form opinions and challenge the Township's Ordinances, many of which were sent to the Township for consideration.

5. The Township, likewise, had asked their current counsel in this lawsuit, Mr. Gregory Meihn, someone who advised the Township on unrelated matters as well, to examine the Ordinances solely in the context of the claims and allegations made by Mr. Infante in his evaluation of the same. Mr. Meihn did not

evaluate the Ordinances with respect to the Special Use Permit terms and conditions under which the Plaintiffs have operated for years at that time.

6. When the subcommittee mentioned above was formed, I wanted it to remain independent, with representatives of the Township and some of the Plaintiffs in this matter working directly with one another to find potential solutions to areas of disagreement between each side.

7. I requested that this subcommittee not include the attorneys for the Township nor the attorneys for the Plaintiffs.

8. At no time was Mr. Meihn nor anyone from his law firm, Foley & Mansfield, PLLP, a part of the aforementioned subcommittee. Similarly, Mr. Infante nor anyone from his law firm, Miller, Canfield, Paddock and Stone, PLC, a part of the aforementioned subcommittee.

9. Presumably, the Plaintiffs' representatives that worked with the Township subcommittee received advice from their counsel during the time they were doing so, just as the Township received advice from their counsel as well.

10. Any representation that Mr. Meihn was apart of the subcommittee formed to examine these Ordinances is false.

11. I have personal knowledge of the facts stated herein and if sworn as a witness, I am competent to testify to them.

AFFIANT SAYS NOTHING FURTHER.

Dated: September 2, 2021

_____
ROBERT MANIGOLD

Subscribed and sworn to before me on September 2, 2021

Susan Lee Piehl
Susan Lee Piehl, Notary Public
Grand Traverse County, Michigan
My Commission Expires: March 08, 2025

4

2088853 v1