UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WINERIES OF THE OLD MISSION
PENINSULA (WOMP) ASSOC.,
a Michigan Nonprofit Corporation,
BOWERS HARBOR VINEYARD
& WINERY, INC., a Michigan
Corporation, BRYS WINERY, LC,
a Michigan Corporation, CHATEAU
GRAND TRAVERSE, LTD,
a Michigan Corporation, CHATEAU
OPERATIONS, LTD, a Michigan
Corporation, GRAPE HARBOR, INC.
a Michigan Corporation, MONTAGUE
DEVELOPMENT, LLC, a Michigan
limited liability company, OV THE FARM, LLC
a Michigan limited liability company,
TABONE VINEYARDS, LLC. a Michigan
Limited Liability Company, TWO LADS, LLC,
a Michigan limited liability company,
VILLA MARI LLC, a Michigan
Limited Liability Company, WINERY
AT BLACK STAR FARMS, L.L.C.,
a Michigan Limited Liability Company,

        Plaintiff,

vs.

PENINSULA TOWNSHIP, a Michigan
Municipal Corporation,

        Defendant.

Case № 1:20-cv-01008-PLM-RSK
Hon. Paul L. Maloney
Mag. Ray S. Kent

**DEFENDANT PENINSULA TOWNSHIP'S MOTION TO COMPEL RESPONSES TO DEFENDANT'S SECOND REQUEST FOR PRODUCTION AND BRIEF IN SUPPORT**

---

| | |
|---|---|
| MILLER, CANFIELD, PADDOCK AND STONE, PLC<br>Joseph M. Infante (P68719)<br>Stephen M. Ragatzki (P81952)<br>Christopher J. Gartman (P83286)<br>99 Monroe Avenue NW, Suite 1200<br>Grand Rapids, MI 49503<br>(616) 776-6333<br>infante@millercanfield.com<br>gartman@millercanfield.com | GREGORY M. MEIHN (P38939)<br>MATTHEW T. WISE (P76794)<br>FOLEY & MANSFIELD, P.L.L.P.<br>Attorneys for Defendant<br>130 E. 9 Mile Rd.<br>Ferndale, MI 48220-3728<br>(248) 721-4200 / Fax: (248) 721-4201<br>gmeihn@foleymansfield.com<br>mwise@foleymansfield.com |

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI 48220 (248) 721-4200

**DEFENDANT PENINSULA TOWNSHIP'S**
**MOTION TO COMPEL PLAINTIFFS' RESPONSES TO DEFENDANT'S SECOND**
**REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant, Peninsula Township, by its attorneys, Foley & Mansfield, PLLP, pursuant to Fed. R. Civ. P. 37, moves this Court to compel complete and non-evasive answers to the Defendant's Second Request for Production of Documents. The Township relies upon the attached Brief in Support of Motion to Compel Plaintiffs' Responses to Defendant's Second Request for Production of Documents and the Exhibits attached thereto in support of the relief requested.

WHEREFORE, Defendant, Peninsula Township respectfully request that this Court order Plaintiffs to provide full and complete answers to its Second Request for Production of Documents within seven (7) days and award the Township their costs and attorneys' fees incurred in bringing this motion.

Pursuant to Local Rule 7.1(d), undersigned counsel contacted counsel for Plaintiffs regarding the relief requested on multiple occasions, most recently on October 8, 2021, and Plaintiffs' counsel has not concurred in the relief sought.

Respectfully submitted,

s/ *Gregory M. Meihn*
FOLEY & MANSFIELD PLLP
130 E. Nine Mile Road
Ferndale, MI 48220
(248) 721-4200
gmeihn@foleymansfield.com
P38939

Dated: October 12, 2021

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI 48220  (248) 721-4200

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WINERIES OF THE OLD MISSION PENINSULA (WOMP) ASSOC., a Michigan Nonprofit Corporation, BOWERS HARBOR VINEYARD & WINERY, INC., a Michigan Corporation, BRYS WINERY, LC, a Michigan Corporation, CHATEAU GRAND TRAVERSE, LTD, a Michigan Corporation, CHATEAU OPERATIONS, LTD, a Michigan Corporation, GRAPE HARBOR, INC. a Michigan Corporation, MONTAGUE DEVELOPMENT, LLC, a Michigan limited liability company, OV THE FARM, LLC a Michigan limited liability company, TABONE VINEYARDS, LLC. a Michigan Limited Liability Company, TWO LADS, LLC, a Michigan limited liability company, VILLA MARI LLC, a Michigan Limited Liability Company, WINERY AT BLACK STAR FARMS, L.L.C., a Michigan Limited Liability Company,  <br>       Plaintiff,  <br>vs.  <br><br>PENINSULA TOWNSHIP, a Michigan Municipal Corporation,  <br><br>       Defendant. | Case № 1:20-cv-01008-PLM-RSK  <br>Hon. Paul L. Maloney  <br>Mag. Ray S. Kent  <br><br>**BRIEF IN SUPPORT OF DEFENDANT PENINSULA TOWNSHIP'S MOTION TO COMPEL PLAINTIFFS' RESPONSE TO DEFENDANT'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS** |

| | |
|---|---|
| MILLER, CANFIELD, PADDOCK AND STONE, PLC  <br>Joseph M. Infante (P68719)  <br>Stephen M. Ragatzki (P81952)  <br>Christopher J. Gartman (P83286)  <br>99 Monroe Avenue NW, Suite 1200  <br>Grand Rapids, MI 49503  <br>(616) 776-6333  <br>infante@millercanfield.com  <br>gartman@millercanfield.com | GREGORY M. MEIHN (P38939)  <br>MATTHEW T. WISE (P76794)  <br>FOLEY & MANSFIELD, P.L.L.P.  <br>Attorneys for Defendant  <br>130 E. 9 Mile Rd.  <br>Ferndale, MI 48220-3728  <br>(248) 721-4200 / Fax: (248) 721-4201  <br>gmeihn@foleymansfield.com  <br>mwise@foleymansfield.com |

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI 48220  (248) 721-4200

## **TABLE OF CONTENTS**

INDEX OF AUTHORITIES ................................................................................................... ii
STATEMENT OF THE ISSUES .......................................................................................... iii
I.         INTRODUCTION ........................................................................................ 1
II.        FACTUAL BACKGROUND ...................................................................... 2
        A.    The Township Sends Second Requests For Production Of Documents ....................................................................................... 2
        B.    The Township Sends Correspondence Regarding Discovery Deficiencies ..................................................................................... 4
        C.    The Matter Is Not Resolved And Discovery Is Moving Forward ....... 8
III.      STANDARD OF REVIEW ........................................................................... 8
IV.     ANALYSIS .................................................................................................... 8
V.       CONCLUSION ............................................................................................. 9

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI  48220  (248) 721-4200

# INDEX OF AUTHORITIES

**Rules**

Fed. R. Civ. P. 1 ............................................................................................................... 1
Fed. R. Civ. P. 26(b) ........................................................................................................ 8

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI  48220  (248) 721-4200

## STATEMENT OF THE ISSUES

A.     Whether all Plaintiffs should be compelled to provide supplemental and complete answers to Defendant's Second Request for Production of Documents?

        a. Defendant answers "yes"

        b. Plaintiffs answer, "no"

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI 48220  (248) 721-4200

**I.     INTRODUCTION**

Most recently, the Court has heard a variety of discovery motions filed by the Plaintiffs (e.g., ECF Nos. 77, 81 and 83) in which the Plaintiffs accuse the Township of failing or refusing to participate in discovery in this case. Plaintiffs believed that so much so that they requested sanctions from the Court. (ECF No. 81). In hearing those Motions, Magistrate Kent read/paraphrased Fed. R. Civ. P. 1, on the record, to Plaintiffs' counsel, noting that the Federal Rules are meant to be "…construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."[1] Plaintiffs' request for sanctions was denied. Plaintiffs' Motion to Compel regarding document requests was denied with the exception of an insurance policy the Township had stipulated to producing and an attestation that no further documents were found after a diligent search. (ECF No. 94, Page ID## 3777-3778). Indeed, it is the Plaintiffs who have frustrated this discovery process and engaged in unnecessary motion practice.

At issue here are the Township's Second Requests for Production of Documents. The Township sent these requests to each of the Plaintiffs in this matter, with the aim particularly being focused on each particular Plaintiffs' damages, as well as each particular Plaintiffs' capabilities to engage in the activities they seek through this lawsuit and their potential to comply not only with the Township's Ordinances, but with other authorities as well. In response, the Plaintiffs have provided woefully inadequate answers and boilerplate objections—at times even claiming that documents relating to the very activities they claim they want, i.e., additional commercial

---

[1] The Township does not yet have the transcript of the September 22, 2021 hearing, but has requested the same and will provide it to the Court immediately upon receipt.

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI 48220 (248) 721-4200

1

2168509 v1

operations on their agriculturally zoned lands, are irrelevant to this case. For the reasons more fully detailed below, the objections and responses provided by the Plaintiffs are inadequate and the Court should Order the Plaintiffs to provide full and complete responses to the same, especially in light of numerous upcoming depositions of Plaintiffs' representatives, as well as depositions of Township representatives.

## II.     FACTUAL BACKGROUND

### A.     The Township Sends Second Requests For Production Of Documents

After receiving Plaintiffs' responses to its First Request for Production of Documents, the Township sought further documents and information relative to each Plaintiffs' damages as well as documents supporting their capabilities/permissions to engage in many of the activities they seek to engage in via their proposed claims in this lawsuit. (**Ex. 1**, Township's Second Request for Production to Black Star Farms, Chateau Chantal and Peninsula Cellars).[2]

For example, Plaintiffs seek to engage in expanded food service and catering services and were asked to provide licenses from the Grand Traverse County Health Department for use of the same. (**Ex. 1**, Request to Produce #2). In response, they provided a license from the State of Michigan Department of Agriculture and Rural Development. (**Ex. 2**, Plaintiffs' Responses from Black Star Farms, Chateau Chantal and Peninsula Cellars). The same is true for Bowers Harbor. (**Ex. 2**).

---

[2] The Township provides three copies of these requests—as well as the three answers to the same—for each type of Winery entity at issue, Black Star Farms being the Farm Processing Facility, Chateau Chantal being a Winery-Chateau and Peninsula Cellars, operating a Remote Tasting Room. Despite these differences, it appears the answers to these requests, regardless of type of entity or under which part of the Township's Ordinances the Plaintiff was operating, the objections and responses were, in large part, merely repeated and/or copy and pasted.

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI  48220   (248) 721-4200

2

2168509 v1

Likewise, in Requests to Produce ##3 and 4, the Township sought violations and/or citations issued to each Plaintiff from not only the Township, but the Grand Traverse County Health Department, Sheriff and Michigan Liquor Control Commission. In response, the Plaintiffs all responded with an objection and stated that these documents are more readily accessible from third party sources. (**Ex. 2**). While it is evident that Plaintiffs do not want to turn over documents related to any violation histories they may have with various government and enforcement agencies, these objections are improper, and they have not articulated whether the subject documents are being withheld merely because they are possibly obtainable from a third-party.

Another example, Requests to Produce ##9 and 10 and 11, which seek documents relative to Plaintiffs' operations for septic pumping, grease trap pumping and rinse water capture. (**Ex. 1**). In response, Plaintiffs all make the same boilerplate objection:

> [Plaintiff] objects to this request as irrelevant to its claims and to Defendant's defenses. [This request] has no reasonable relation to [Plaintiff's] claims of preemption; unconstitutional restrictions violating the First, Fifth and Fourteenth Amendments and the Dormant Commerce Clause or to Defendant's related defenses.

(**Ex. 2**).

Again, Plaintiffs appear to argue that their ability to engage activities from which they claim to have been prevented by the Township's Ordinances and by which they have sustained damages are irrelevant to this case. If the Plaintiffs wish to concede they have been or still currently are unable to engage in the numerous commercial activities in which they desire to do and/or are not properly licensed for the same, they have not sustained any damages relative to those activities.

Another example is in Request to Produce #17, in which Plaintiffs claims "guest activities" is not defined, yet in their own First Amended Complaint, they center a vast portion of their claims around the Township's Ordinances vis-à-vis "guest activities." Do the Plaintiffs know what guest activities are as used in their First Amended Complaint, or not? They similarly make the same

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI 48220 (248) 721-4200

3

objection relative to the term "music." (**Ex. 2**, Request to Produce #18). These answers are clearly evasive and seeking to frustrate the discovery process in this matter.

Yet another example are Requests to Produce ##19 and 20—requesting documents related to their food service activities and advertising and events/gatherings and guest activities. There, Plaintiffs do not need the term "guest activities" defined, but rather are able to simply object to the requests as they claim, "it seeks information not relevant to this case, is overbroad and unduly burdensome." (**Ex. 2**). Where Plaintiffs make arguments that the Township's Ordinances are preempted and unconstitutional as it relates to their marketing practices, advertising, guest activities and food service, they respond that documents related to the same are irrelevant. If that is so, then they must not have any documents to support those claims. And, if that is the case, then they should be compelled to state that in their responses as they have asked the Township to do with respect to its responses (and as required by the Federal Rules).

As a final example, Requests to Produce ##21 and 22 request financial information for the Plaintiffs so that it can assess the "thousands and thousands" of dollars in purported monetary damages they seek to recover through this lawsuit. Plaintiffs again deem this irrelevant and make unsupported claims that the Township will use this information for purposes outside of this litigation to harm the Plaintiffs—despite the entry of a *Stipulated* Protective Order regarding all of the documents produced in discovery in this case that has been in place since July 30, 201. (ECF No. 75). These objections and responses are deficient and should be supplemented.

**B.    The Township Sends Correspondence Regarding Discovery Deficiencies**

On May 11, 2021, the Township sent correspondence to Plaintiffs' counsel regarding numerous discovery deficiencies relative to each Plaintiffs' responses. Plaintiffs generally

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI 48220 (248) 721-4200

4

2168509 v1

objected to requests ##2-23 and did not state whether they were withholding any documents on the basis of any of those objections. The issues with their responses were outlined for them:

- In response to requests for production 2, 3, 4, 5, 9, 10, 11, 12, 15 and 19, Plaintiffs' objections to these requests are improper. The requests are relevant to determine if Plaintiffs' claim for using kitchen facilities, septic systems, grease trap pumping, fire safety, sanitation capabilities and other health and safety-related aspects of their operations are adequate to engage in the uses the Plaintiffs propose to change in this lawsuit. Defendant seeks documentation that would describe, summarize or support the elements of Plaintiffs' claim for their facilities if in fact the Ordinances you seek to change were amended. If such facilitates are not adequately equipped, then these proposed changes are irrelevant and provide no basis for damages or harm to your clients and the Defendant is entitled to know the same.

- In response to requests for production 6, 7 and 14, Plaintiffs object to this request as overbroad and unduly burdensome and the records are not in Plaintiffs' possession, custody or control. Plaintiffs also objects to this request as to the extent the request seeks documents that are equally, if not more, readily available from other sources, including but not limited to, third parties or publicly available sources. The Plaintiffs objections are

Foley & Mansfield, PLLP
130 East Nine Mile Road
Ferndale, MI 48220 (248) 721-4200

5

2168509 v1

improper. The Plaintiffs claim Michigan law explicitly allows "Guest Activities" in the Michigan Liquor Control Code, "MLCC." Any and all correspondence, letters, statements, emails, inspections and complaints between Plaintiff and MLCC is appropriate to this litigation to support or refute Plaintiffs' claims and if such documents are in their possession, custody and control, they must be produced, especially in light of Plaintiffs' recent Motion for Partial Summary Judgment on Count VIII of its First Amended Complaint. Compliance with the MLCC is also a material terms of agreement that all Plaintiffs have agreed to with the Township as a condition of their Special-Use Permits in connection with their operations. These records are relevant and should be produced.

- In response to request for production 8, 13 and 23, Plaintiffs' responses are invalid. Plaintiffs object to this request to the extent the request seeks documents already in the Defendant's possession, custody or control. Plaintiffs also object to request as documents are not in Plaintiffs' possession, custody or control and Defendant should already have them in its possession. Responses to requests for production for Production must adhere to Fed. R. Civ. P. 34. This Rule requires Plaintiff to either produce copies of documents or permit inspection of requested documents or indicate they are not withholding any such documents. This includes emails and text messages that may demonstrate the substance, or lack thereof of Plaintiffs'' claims in this case.

- In response to request for production 17 and 18, Defendant has not received any draft, let alone an actual Stipulated Protective Order entered by the Court that is referenced by the Plaintiffs in their incomplete responses. Should the Plaintiffs propose such an Order, which has, to date, not been contemplated by the parties, please advise immediately so that the Defendant may review the same and the Plaintiffs can properly answer these requests. "Event", "gatherings" and "guest activities" are described in the Special Use Permits and the guidelines to host any "events", "gatherings" and "guest activities". Plaintiffs' other objections to these requests is improper. The requests are relevant to determine if Plaintiffs' alleged claims to hold weddings/corporate events/private events and other social events, including having live music, is feasible, to what extent and whether they have previously violated the Defendant's Ordinances. These documents may also be relevant to alleged damages in this matter.

- In response to request for production 20, Plaintiff's object to this request as overly broad and unduly burdensome. Plaintiffs allege the Defendant's Ordinances prevent the Plaintiffs from taking advantage of marketing, advertising and limiting the ability to grow and promote its business. Defendant seeks documentation that would describe, summarize or support the elements of Plaintiffs' claims in this regard. No such document has been provided and the boilerplate objection used to respond is unacceptable under the Federal Rules.

Foley & Mansfield, PLLP
130 East Nine Mile Road
Ferndale, MI 48220 (248) 721-4200

6

2168509 v1

- In response to request for production 21 and 22, Plaintiff's object to this request because it seeks sensitive and confidential business records. The tax filings are highly relevant to Plaintiffs' claims of "thousands of dollars" in lost revenue in this litigation and general claims for damages. The unfounded and offensive claim that the Defendant has "stated during a public meeting that it intends to publish this information and use it for purposes outside of this litigation to harm Bowers Harbor" is ridiculous. Please provide any documentation and the date(s) of any such public meetings at which this alleged intention was expressed. Should you fail to do so, we will assume you stand by these defamatory statements and take appropriate action. Regardless, please produce these documents as they are clearly relevant to the Plaintiffs' damages claims.

- Finally, as a general matter, as you know, with respect to the requests where Plaintiffs has objected—essentially all of the requests—Plaintiffs must all state whether any documents have been withheld in response to any of these requests under Rule 34.

Additionally, you have failed to provide any dates any of the logistical information we discussed relative to the depositions we seek to take per your last conversation with our office. You stated you wanted to discuss with your clients regarding whether to do the deposition in person or via Zoom and we agreed to adjourn the depositions previously noticed as a courtesy to your clients. We have not heard back from you on the logistical requests or dates. Should we not have that information by May 15, 2021, we will unilaterally re-notice the same for those depositions and/or be forced to file a Motion to Compel the same as to the following individuals:

| Ann Petty John | Marty Lagina |
|---|---|
| Bob Begin | Patrick Brys |
| Chris Baldyga | Sherri Fenton |
| Joan Kroupa | Spencer Stegenga |
| Mario Tabone | Todd Oosterhouse |

(**Ex. 3**, 5.11.21 Correspondence to Plaintiffs' Counsel).

Notably, the Township has been requesting dates for these depositions for months. Most recently, on October 8, 2021, the Township again requested dates for these depositions given that mediation had not resolved the matter and there is a November 15, 2021 discovery cut-off. In response, Plaintiffs provided no dates and unilaterally noticed eleven (11) depositions of Township representatives without any consultation whatsoever.

Foley & Mansfield, PLLP
130 East Nine Mile Road
Ferndale, MI 48220 (248) 721-4200

7

2168509 v1

### C. The Matter Is Not Resolved And Discovery Is Moving Forward

Despite extensive efforts from the parties, this matter has not yet been resolved outside of the courtroom. Countless hours of alternative dispute resolution activities have taken place, but the matter remains. The fact witness deposition deadline and discovery deadline is set for November 15, 2021. (ECF No. 89). This date has been moved twice—the last time noting that the "parties have focused their efforts on several rounds of mediation over the past three weeks." (ECF No. 89, Page ID# 3595). Prior to that, the Court agreed to extend the fact witness deposition deadline to September 2, 2021 given the parties' stipulation that there was "uncertainly as to whether Proposed Intervenor Protect the Peninsula will be allowed to intervene in this matter…" and the desire not to duplicate discovery should they be permitted to intervene. (ECF No. 71). Given these adjournments, while mediation efforts could continue, but remain unsuccessful, discovery was, to some extent, put on hold. The instant Motion is the Township's effort to move forward with discovery without further adjournment and to obtain relevant documents and information it needs to complete the same.

### III. STANDARD OF REVIEW

Fed. R. Civ. P. 26(b) allows for discovery of the following information and documents:

> …any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Rule 34 permits the parties to serve requests for production of documents within the scope of Rule 26. Each and every Plaintiffs' discovery responses with respect to the Township's second request for production is deficient.

### IV. ANALYSIS

Foley & Mansfield, PLLP
130 East Nine Mile Road
Ferndale, MI 48220 (248) 721-4200

8

2168509 v1

The Township relies upon its outlining of the facts above, the Plaintiffs' responses and its correspondence to the Plaintiffs regarding its discovery responses in demonstrating why all of the Plaintiffs' responses are deficient. **Exhibit 3** details for the Plaintiffs and the Court why their responses are deficient, and Plaintiffs have made no effort to cure the same. Certainly documents relevant to the Plaintiffs' operations (with claims they are not permitted to engage in numerous desired activities), their finances (with claims of extensive monetary damages) and documents that go to the heart of their claims (relative to guest activities, advertising, food service, and the like) are relevant to these proceedings. Plaintiffs' nearly wholesale refusal to respond to these requests is contrary to the Federal Rules, they have failed to articulate proper objections and have failed to state whether they are withholding certain documents on the basis of their numerous objections. For these reasons, supplemental and complete responses should be required.

## V. <u>CONCLUSION</u>

The Township requests this Court grant its Motion to Compel Plaintiffs' responses to its Second Request for Production of Documents and enter an Order requiring each Plaintiff to provide full, complete and non-evasive answers to the same within seven (7) days of such an Order. The Township also requests its costs and fees in having to bring this Motion.

    Respectfully submitted,

    s/ *Gregory M. Meihn*
    FOLEY & MANSFIELD PLLP
    130 E. Nine Mile Road
    Ferndale, MI 48220
    (248) 721-4200
    gmeihn@foleymansfield.com
Dated: October 12, 2021    P38939

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI 48220 (248) 721-4200

9

2168509 v1

Case 1:20-cv-01008-PLM-RSK   ECF No. 97, PageID.3855   Filed 10/12/21   Page 16 of 16

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 12, 2021, I electronically filed <u>PENINSULA TOWNSHIP'S MOTION TO COMPEL</u> with the Clerk of the Court using the ECF system.

                                                      <u>s/ *Gregory M. Meihn*</u>
                                                      FOLEY & MANSFIELD PLLP
                                                      130 E. Nine Mile Road
                                                      Ferndale, MI 48220
                                                      (248) 721-4200
                                                      gmeihn@foleymansfield.com
Dated:  October 12, 2021                      P38939

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI 48220  (248) 721-4200

1

2168509 v1