UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| WINERIES OF THE OLD MISSION PENINSULA ASSOCIATION, *et al.*, | ) ) | |
| Plaintiffs, | ) ) | No. 1:20-cv-1008 |
| -v- | ) ) | Honorable Paul L. Maloney |
| PENINSULA TOWNSHIP, | ) ) | |
| Defendant. | ) ) ) | |

## ORDER

Pending before the Court is proposed intervenor Defendant Protect the Peninsula, Inc.'s ("PTP") motion to intervene (ECF No. 40). Stemming from that motion are four other pending motions: Defendant Peninsula Township's joint motion for joinder and concurrence with PTP's motion to intervene (ECF No. 47), PTP's "motion for leave to supplement pending motion to intervene with proposed motion to dismiss plaintiffs' state law claims" (ECF No. 56), Plaintiffs' motion to strike PTP's motion to supplement its motion to intervene (ECF No. 59), and Plaintiffs' motion for sanctions pursuant to 28 U.S.C. § 1927 (ECF No. 59). The Court will address each motion in chronological order.

### A. PTP's Motion to Intervene

PTP is a self-described "watchdog over [Peninsula] [T]ownship['s] government, policies, and decisions related to land use inconsistent with the community's agricultural and residential character" (ECF No. 41 at PageID.1976). PTP is a volunteer organization that has an interest in "preserving and supporting the pastoral quality of life" on Old Mission Peninsula. *Id.* Its mission is to "foster and promote the benefits of life on Old Mission

Peninsula to the members of PTP and the Old Mission Peninsula" (ECF No. 41-2 at PageID.2069).

PTP seeks to intervene because it claims to have an interest related to the zoning ordinance provisions that Plaintiffs' action seeks to nullify. The bottom line is that PTP appears to be composed of people who live on Old Mission Peninsula and do not want the township ordinances to change because such changes could result in increased traffic and tourism on the peninsula (*see* ECF No. 41 at PageID.1973). PTP is not a winery or agricultural business, nor is it subject to any of the ordinances at issue.

Rule 24 of the Federal Rules of Civil Procedure governs intervention. Subpart (a) requires a court to allow intervention when either of two situations exist: (1) the party is given an unconditional right to intervene by a federal statute, or (2) the party claims an interest in the property or transaction that is the subject of the lawsuit and resolution of the matter would impair or impede the party's ability to protect his or her interest. Fed. R. Civ. P. 24(a). The latter situation does not require a court to allow the party to intervene if one of the existing parties in the lawsuit would adequately represent the party's interest. Decisions to grant or deny intervention under subpart (a), other than a decision based on timeliness, are reviewed de novo. *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989). The party requesting intervention bears the burden of proving each element and "failure to meet one of the criteria will require that the motion to intervene be denied." *Id.*

Subpart (b) of Rule 24 authorizes a court to permit a party to intervene when either (1) the party is given a conditional right to intervene by a federal statute or (2) when the party has a claim or defense that shares a common question of law or fact with the main action.

2

Fed. R. Civ. P. 24(b). Decisions to grant or deny intervention under subpart (b) fall within the Court's discretion. *Coal. to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 784 (6th Cir. 2007).

PTP first seeks to intervene as a matter of right under Fed. R. Civ. P. 24(a)(2). To do so, it must establish four elements: "(1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court." *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997). The first element, timeliness, is not being challenged because PTP timely filed its motion to intervene. The remaining three elements, however, are being challenged by Plaintiffs.

Under the second element of intervention as of right, PTP must establish that it has a substantial legal interest in the present case. PTP argues that it has substantial legal interest because its members' use and enjoyment of their property is impacted by Peninsula Township's zoning ordinances (*see* ECF No. 41 at PageID.1971-72). PTP is the self-proclaimed "watchdog" of the peninsula, and it asserts that it helped draft the zoning ordinances at issue in this matter. Finally, PTP argues that because Mich. Comp. Laws § 125.3306(1) grants residents of a township the right to participate in public hearings before the Planning Commission, it must also have a substantial interest in participating in this litigation concerning the zoning of Peninsula Township.

The Court finds that PTP does not have a substantial interest in this litigation. First, PTP is not regulated by the ordinances at issue because it is not a winery or a farm. PTP

3

does not claim to be regulated by the ordinances; rather, it claims that this lawsuit implicates its mission to "maintain the rural and agricultural character of the peninsula" (ECF No. 41 at PageID.1972). PTP appears to assert that it has a general interest in this lawsuit because it seeks to maintain the current ordinances, and such an interest is not enough to establish the requisite "substantial legal interest." *See Granholm*, 501 F.3d at 782 ("Where . . . an organization has only a general ideological interest in the lawsuit—like seeing that the government zealously enforces some piece of legislation that the organization supports—and the lawsuit does not involve the regulation of the organization's conduct, without more, such an organization's interest in the lawsuit cannot be deemed substantial."). As Plaintiffs point out in their response to PTP's motion to intervene, if PTP's asserted interest was enough to intervene in this case, then every resident of Peninsula Township could intervene.

Further, even though PTP participated in the drafting of the ordinances at issue, the Sixth Circuit has held that "an organization involved in the process of leading to the adoption of a challenged law, does not have a substantial legal interest in the subject matter of a lawsuit challenging the legality of that already-enacted law, unless the challenged law regulates the organization or its members." *Id.* at 781 (citing *Northland Family Planning Clinic, Inc. v. Cox*, 487 F.3d 323, 343-46 (6th Cir. 2007)). As stated above, PTP does not assert to be regulated by the ordinances, and thus, it lacks substantial interest in this litigation.

Although PTP's motion to intervene fails because it does not have a substantial interest in this litigation, it similarly cannot show that this case impairs PTP's ability to protect its interests as required by factor three, or that Peninsula Township will not adequately represent PTP's interests as required by factor four. Under factor three, PTP asserts that

4

without being permitted to intervene, "this case may impair PTP's ability to protect its interests by effectively nullifying the zoning ordinance that PTP supported and which PTP's members rely on in investing in this community" (ECF No. 41 at PageID.1980). But because PTP is not regulated by the zoning ordinances, there is no effect on PTP if the zoning ordinances are amended. Even if PTP had a substantial interest in this case, its interest would not be impaired by a lack of intervention. Finally, under factor four, Defendant Peninsula Township adequately represents PTP's interests. Ultimately, both PTP and Peninsula Township want the zoning ordinances to remain, and Plaintiffs want the zoning ordinances to be amended. Because PTP and Peninsula Township seek the same relief, there is no need for PTP to intervene.

Accordingly, PTP cannot meet the four requisite factors to intervene as a matter of right under Fed. R. Civ. P 24(a)(2).

PTP alternatively seeks permissive intervention under Fed. R. Civ. P. 24(b)(1)(B). "To intervene permissively, a proposed intervenor must establish that the motion for intervention is timely and alleges at least one common question of law or fact." *United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005). But if a proposed intervenor's arguments mirror the positions already advanced by one of the parties, permissive intervention is not proper. *See Kirsch v. Dean*, 733 F. App'x 268, 279 (6th Cir. 2018). Finally, if a proposed intervenor would complicate the case by raising additional fact-intensive issues, permissive intervention should be denied. *See Michigan*, 424 F.3d at 445.

PTP cannot properly permissively intervene. Its argument—that the current zoning ordinances should be maintained to prevent disruption to the surrounding community—is

essentially the same argument that Peninsula Township has already asserted. Moreover, PTP raises additional traffic and property issues that would complicate this matter. PTP is not permitted to permissively intervene under Fed. R. Civ. P. 24(b)(1)(B).

### B.  Peninsula Township's Motion for Joinder and Concurrence

Because the Court will deny PTP's motion to intervene, consequently, it will also deny Defendant Peninsula Township's motion for joinder and concurrence with PTP's motion to intervene (ECF No. 47). In its motion, Peninsula Township reiterates the rules for intervention as of right and permissive intervention, but it makes no further arguments that PTP did not already assert. And as stated above, the Court finds that intervention of PTP is not proper in this case.

### C.  PTP's Motion to Supplement

While PTP's motion to intervene was still pending, it then filed a "motion for leave to supplement pending motion to intervene with proposed motion to dismiss plaintiffs' state law claims" (ECF No. 56). There are two problems with this motion. First, PTP fails to cite any authority that permits a party to file a motion for leave to supplement. Second, while PTP titles this motion as a "motion to leave to supplement," it is really a dispositive motion disguised as a motion for leave to supplement. The Court will deny this motion.

PTP is not a party in this case. At the time it filed its motion for leave to supplement, PTP was merely a proposed intervenor. Instead of PTP citing authority that showed that it was permitted to file a motion for leave to supplement as a proposed intervenor, it simply "[sought] leave to supplement its pending motion to intervene" (ECF No. 56 at PageID.2558) and then immediately shifted its argument to seeking dismissal of two of Plaintiffs' claims.

6

The Court will first deny this motion because PTP has not shown the Court that it had the authority to file this motion in the first place.

Second, the title of PTP's "motion for leave to supplement" is a misnomer. Rather, the substance of the motion contains arguments in favor of dismissing two of Plaintiffs' claims with an attached proposed motion to dismiss. The motion for leave to supplement has nothing to do with intervention and fails to make any supporting arguments supplementing the motion to intervene. As a non-party to this matter, PTP does not have standing to seek dismissal. *See N.Y. News Inc. v. Newspaper & Mail Deliverers' Union of N.Y.*, 139 F.R.D. 291, 293 (S.D.N.Y. 1991) ("Under the Federal Rules, . . . once a motion for intervention has been granted, the intervenor is treated as if he or she were an original party."); *see also* Wright & Miller, Federal Practice and Procedure § 1920 (3d ed. 2021) ("[T]he intervenor is entitled to litigate fully on the merits *once intervention has been granted*. The intervenor may move to dismiss the proceeding and may challenge the subject-matter jurisdiction of the court.") (emphasis added). Case law suggests that PTP may file a proposed motion to dismiss along with a motion to intervene, but the motion to dismiss will not be granted unless the motion to intervene is first granted. *See League of Women Voters of Mich. v. Johnson*, 902 F.3d 572, 580 (6th Cir. 2007) (accepting the proposed intervenors' motion to dismiss filed along with their motion to intervene, which the court granted); *Dubay v. Wells*, 506 F.3d 422, 427 (6th Cir. 2007) (same); *Donald J. Trump for President, Inc. v. Benson*, No. 1:20-cv-1083, 2021 WL 8573863, at *2 (W.D. Mich. Nov. 17, 2020) (same). Because the Court will deny PTP's motion to intervene, PTP does not have standing to seek dismissal of any of Plaintiffs' claims.

7

### D. Plaintiffs' Motion to Strike and for Sanctions

Rather than filing a response to PTP's motion for leave to supplement, Plaintiffs filed a motion to strike PTP's motion for leave to supplement and PTP's proposed motion to dismiss (ECF No. 59). Plaintiffs seek to strike under Fed. R. Civ. P. 12(f): "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, Rule 12(f) does not allow for a court to strike an entire motion; rather, it allows a court to strike certain material from a pleading. Under Rule 7(a), a motion for leave to supplement is not a pleading. *See* Fed. R. Civ. P. 7(a). Thus, Plaintiffs' motion to strike is procedurally improper. *See Davis v. Cox*, No. 2:18-cv-11255, 2019 WL 1783066, at *10 (E.D. Mich. Mar. 29, 2019) (concluding that "a motion to strike is the wrong vehicle for overcoming Defendants' motions [for summary judgment]" because Rule 12(f) only permits the striking of pleadings).

In their motion to strike, Plaintiffs' also request that the Court sanction PTP under 28 U.S.C. § 1927 "for wasting time and resources on a frivolous and vexatious motion" (ECF No. 60 at PageID.2729). Plaintiffs seek reasonable attorneys' fees, costs, and expenses from PTP's counsel for the time it took Plaintiffs' counsel to prepare the motion to strike because "PTP's counsel reasonably should have known that PTP's motion is frivolous" (*Id.* at PageID.2730).

The Court will deny Plaintiffs' motion for sanctions for two reasons. First, PTP's motion was not frivolous. As the Sixth Circuit and this district have concluded, intervenors may file motions to dismiss along with their motions to intervene. Although courts will not grant proposed intervenors' dispositive motions if their motion to intervene is not granted, it

is not vexatious or frivolous to seek dismissal while a motion to intervene is still pending. Second, Plaintiffs' counsel chose to compose the motion to strike rather than simply responding to PTP's motion for leave to supplement. Because Plaintiffs opposed PTP's motion for leave to supplement, the proper vehicle for Plaintiffs to explain why they opposed the motion was to file a response in opposition, not file a procedurally improper motion to strike. As such, Plaintiffs' motion for sanctions is denied.

Accordingly,

**IT IS HEREBY ORDERED** that PTP's motion to intervene (ECF No. 40) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's joint motion concurring in PTP's intervention (ECF No. 47) is **DENIED.**

**IT IS FURTHER ORDERED** that PTP's motion to supplement (ECF No. 56) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' motion to strike PTP's motion for leave to supplement and proposed motion to dismiss (ECF No. 59) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs' motion for sanctions (ECF No. 59) is **DENIED**.

**IT IS SO ORDERED.**

Date:  October 21, 2021                                          /s/ Paul L. Maloney
                                                                                              Paul L. Maloney
                                                                                              United States District Judge