UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WINERIES OF THE OLD MISSION
PENINSULA (WOMP) ASSOC.,
a Michigan Nonprofit Corporation,
BOWERS HARBOR VINEYARD
& WINERY, INC., a Michigan
Corporation, BRYS WINERY, LC,
a Michigan Corporation, CHATEAU
GRAND TRAVERSE, LTD,
a Michigan Corporation, CHATEAU
OPERATIONS, LTD, a Michigan
Corporation, GRAPE HARBOR, INC.
a Michigan Corporation, MONTAGUE
DEVELOPMENT, LLC, a Michigan
limited liability company, OV THE FARM, LLC
a Michigan limited liability company,
TABONE VINEYARDS, LLC. a Michigan
Limited Liability Company, TWO LADS, LLC,
a Michigan limited liability company,
VILLA MARI LLC, a Michigan
Limited Liability Company, WINERY
AT BLACK STAR FARMS, L.L.C.,
a Michigan Limited Liability Company,

Case № 1:20-cv-01008
Hon. Paul L. Maloney
Magistrate Judge Ray S. Kent

       Plaintiffs,

vs.

PENINSULA TOWNSHIP, a Michigan
Municipal Corporation,

       Defendant.

| | |
|---|---|
| MILLER, CANFIELD, PADDOCK et al<br>JOSEPH M. INFANTE (P68719)<br>CHRISTOPHER J. GARTMAN (P83286)<br>Attorneys for Plaintiffs<br>99 Monroe Avenue NW, Suite 1200<br>Grand Rapids, MI 49503<br>(616) 776-6333<br>infante@millercanfield.com<br>gartman@millercanfield.com | GREGORY M. MEIHN (P38939)<br>MATTHEW T. WISE (P76794)<br>FOLEY & MANSFIELD, P.L.L.P.<br>Attorneys for Defendant<br>130 E. 9 Mile Rd.<br>Ferndale, MI 48220-3728<br>(248) 721-4200 / Fax: (248) 721-4201<br>gmeihn@foleymansfield.com<br>mwise@foleymansfield.com |

**DEFENDANT PENINSULA TOWNSHIP'S MOTION FOR EVIDENTIARY HEARING REGARDING PLAINTIFFS' REQUEST FOR SANCTIONS RELATED TO SETTLEMENT NEGOTIATIONS AND BRIEF IN SUPPORT**

Defendant, Peninsula Township, (the "Township"), by its attorneys, Foley & Mansfield, PLLP, files this Motion for Evidentiary Hearing Regarding Plaintiffs' Request for Sanctions Related to Settlement Negotiations, and relies upon its Brief in Support of the same as the necessary support and facts for the requested relief.

WHEREFORE, Defendant, Peninsula Township, respectfully requests that this Court grant its Motion for Evidentiary Hearing Regarding Plaintiffs' Request for Sanctions Related to Settlement Negotiations and hold an evidentiary hearing before the Court to determine whether sanctions are warranted for the Township in having to defend Plaintiffs' Motion to Enforce Settlement, which has been denied, and their subsequent request for sanctions related to the same.

Dated: November 16, 2021    By:    /s/ Gregory M. Meihn
                                   Foley & Mansfield, PLLP
                                   130 E. 9 Mile Rd.
                                   Ferndale, MI 48220
                                   (248) 721-4200
                                   gmeihn@foleymansfield.com
                                   P38939

**BRIEF IN SUPPORT OF**
**DEFENDANT PENINSULA TOWNSHIP'S**
**MOTION FOR EVIDENTIARY HEARING REGARDING PLAINTIFFS' REQUEST**
**FOR SANCTIONS RELATED TO SETTLEMENT NEGOTIATIONS**

**I.     Factual Background Leading to Plaintiffs' Motion to Enforce Settlement**

The parties in this matter have engaged in what the Township believes to be extensive, good-faith alternative dispute resolution efforts throughout the course of this litigation. To date, despite these efforts, the matter has not been resolved. The parties are in the process of completing their factual discovery and there are cross-motions for partial summary judgment on Plaintiffs' preemption claims. The Township anticipates filing a motion for summary judgment at the conclusion of discovery by the December 15, 2021 cut-off for the same, and Plaintiffs have indicated at various times that they intend to file a motion for summary judgment as well. Trial is currently set for August 16, 2022. (ECF No. 72, Page ID# 3182).

However, on October 12, 2021, the Plaintiffs filed a Motion to Enforce Settlement or for Sanctions Against Peninsula Township, in which they claim that this entire matter settled at a mediation session a month prior to that filing. (ECF No. 100, Page ID# 4009). And, on October 26, 2021, the Township filed a Response to that Motion (ECF No. 110), arguing that this matter had not settled as the Township Board unanimously voted, on October 6, 2021, to reject the settlement proposal put forth by the Plaintiffs at the conclusion of the mediation sessions. Through their Response, the Township also requested sanctions as the Plaintiffs Motion was not based in well-grounded fact or law. (ECF No. 110, Page ID# 4207). And, on October 28, 2021, because of their misrepresentations to the Court that this matter had been settled in multiple filings, despite obvious and clear evidence to the contrary, the Township put Plaintiffs on notice of their intent to file a Rule 11 Sanctions motion. (**Ex. 1**, 10.28.21 Rule 11 Letter).

2

2194112 v1

On November 3, 2021, the Plaintiffs filed a Reply Brief (ECF No. 113) and the Township also filed supplemental authority in support of their Response.  (ECF No. 114).  The Motion, Response and other briefings contain redacted e-mail exhibits, a sworn declaration from Plaintiffs' lead counsel and an affidavit from the Township's lead counsel regarding the mediation process and purported understandings between the parties' representatives.

The briefing from the Township also contains correspondence from the neutral mediator, Mr. Joseph Quandt, based upon the Township's limited privilege waiver, that "…any final acceptance of a Mediation Settlement Agreement would need to be approved by the full Peninsula Township Board." (ECF No. 114, Page ID# 4296). The Plaintiffs have not, to the Township's knowledge, provided this limited waiver of privilege on their conversations with Mr. Quandt, although their counsel stated on the record during a November 12, 2021 unrelated hearing with Magistrate Kent, that they did have correspondence from Mr. Quandt to apparently support their position.  The Township has not been provided that evidence to date, but anticipates that it will attempt to refute their position.

The Township also incorporates by reference, pursuant to Fed. R. Civ. P. 10, both its Response to Plaintiffs' Motion (ECF No. 110) and its Supplemental Authority (ECF No. 114), to this Motion and Brief in Support of the same.

**II.     Court's Decision Denying Motion to Enforce Settlement**

On November 15, 2021, the Court rendered a decision denying Plaintiffs' Motion to Enforce Settlement.  (**Ex. 2**, 11.15.21 Order Denying Plaintiffs' Motion to Enforce Settlement Agreement).  In denying the Plaintiffs' Motion, the Court's Order recognized the following:

- Counsel for the Township reinitiated settlement discussions, obtaining Board approval to discuss settlement terms with Plaintiffs' counsel. (ECF No. 117, Page ID# 4309);

3

- Negotiations would continue in-person and via Zoom, with the Township having three members present along with their counsel. (ECF No. 117, Page ID# 4309);

- That there was no quorum present at the mediation sessions engaged in by the parties because the Township "..ensured that only three members would be present at each mediation session to avoid a violation of the Open Meetings Act" and that other members being "available by phone" did not create a quorum "…Plaintiffs have cited no authority that supports this position." (ECF No. 117, Page ID# 4313);

- That Plaintiffs' claim that the entire Township Board agreed to the terms of the Plaintiffs' settlement proposal on September 13, 2021 is incorrect. (ECF No. 117, Page ID## 4313-4314);

- And that Plaintiffs' argument that a settlement occurred "…runs contrary to Plaintiffs' attorney's own statements." (ECF No. 117, Page ID# 4313);

- That the Township Board held a formal vote on the settlement proposal from the Plaintiffs on October 6, 2021 and rejected the all or nothing proposal. (ECF No. 117, Page ID# 4311);

- And that the Township "could not legally enter into a settlement agreement without doing so at an open meeting" because this would violate the Open Meetings Act and that the Plaintiffs' argument that they did so before the October 6, 2021 meeting is "without merit." (ECF No. 117, Page ID# 4313);

- Plaintiffs' position regarding the settlement was not supported by a single of the "several cases" they cited in their Motion to Enforce Settlement or for Sanctions as "…every case [was] distinguishable from the present matter." (ECF No. 117, Page ID# 4314).

Ultimately, the Court founds that "…the parties did not enter into a binding settlement agreement because the Township Board did not approve the agreement at the October 6 public meeting." (ECF No. 117, Page ID#4316). This has been the Township's position since the Plaintiffs' filed their Motion and was clearly presented by the record.

The Court has now ordered a hearing "on Plaintiffs' motion for sanctions…" that it has set for December 2, 2021. (ECF No. 117, Page ID# 4316; ECF No. 118). The Township notes that it has also requested sanctions against the Plaintiffs for having to defend against a publicly filed accusation that settled a case and reneged and claims that it engaged in bad-faith negotiations despite a contrary finding by this Court at least on the issue of whether the matter

4

was settled. The Township maintains that the Plaintiffs are not entitled to sanctions, but believes that if the Court intends to hold a hearing on this issue, that testimony from the third-party neutral who can provide the most unbiased view of what occurred and that the Township engaged in good-faith is necessary to complete the record.

### III.     Requested Relief

Given the disputed positions, sensitive nature of the confidential information and discussions involved, as well as the fact that the Court has heard only from one side of this dispute as it pertains to the mediator's views on whether a settlement occurred (the Township), the Township believes it is necessary for the Court to hold an evidentiary hearing so that the Court may be fully informed as to the mediator's understanding of all of the moving parts and discussions had by the parties. The Township is the only party which has presented direct evidence of the mediator's views on this matter. If the Plaintiffs have competing evidence, it should be put to the Court, but more significantly, the mediator is in the best position to articulate the facts and clarify any such evidence. This would also clear the issue of many of the redacted portions of e-mails and correspondence that Plaintiffs originally submitted to the Court in their original Motion. (See, e.g., ECF No. 117, Page ID# 4309).

There are clearly factual disputes between the positions of the parties' attorneys and the neutral third-party mediator is in the best position to articulate his understanding, on both sides, of what occurred, what was put in writing, and whether there were any bad faith negotiations by either side, which the Township maintains there was not. The only bad faith occurring is the Plaintiffs trying to force a settlement that did not occur. Additionally, if the Court finds it necessary, other witnesses can testify as to their understanding and recollection of what occurred, their individual purpose in being present—i.e., the Township had only three members of its

5

Board present so it would not violate the Open Meetings Act, and other factual and evidentiary issues necessary to reach a decision.

On November 15, 2021, the Township reached out to the Plaintiffs to request concurrence for an evidentiary hearing regarding "whether this case has settled" as they claimed in their Motion filed with the Court. Plaintiffs' counsel requested a copy of what is to be filed before deciding, which is not required by the Local Rules of this district. On the same date, the Court rendered its Opinion denying the Plaintiffs' Motion with respect to their claim that this matter had settled on September 13, 2021. (ECF No. 117). Notably, the Township has already indicated an evidentiary hearing may be necessary to resolve this (ECF No. 114, Page ID# 4297) and the Plaintiffs have claimed that the Township is trying to avoid one. (ECF No. 113, Page ID# 4281). The Township seeks an evidentiary hearing on December 2, 2021, the same date set for hearing on the issue of whether sanctions are appropriate relative to settlement negotiations that did not resolve this matter.

The Township respectfully requests that the Court grant its Motion and order an evidentiary hearing to resolve the remaining issues at odds in ECF Nos. 100, 110, 113, 114 on December 2, 2021.


Dated:  November 16, 2021           By:    /s/ Gregory M. Meihn
                                           Foley & Mansfield, PLLP
                                           130 E. 9 Mile Rd.
                                           Ferndale, MI 48220
                                           (248) 721-4200
                                           gmeihn@foleymansfield.com
                                           P38939

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2021, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, and I hereby certify that I have mailed by US Postal Service and sent via email to the following:  none.

        By:    /s/ Gregory M. Meihn
                Foley & Mansfield, PLLP
                130 E. 9 Mile Rd.
                Ferndale, MI 48220
                (248) 721-4200
                gmeihn@foleymansfield.com
                P38939