# Exhibit 1

# Exhibit 1



Chicago | Denver | **Detroit** | Edwardsville | Indianapolis | Kansas City | Los Angeles | Miami | Minneapolis
New Orleans | New York | Portland | St. Louis | Seattle | Tampa Bay | Walnut Creek

October 28, 2021

**Gregory M. Meihn**
Direct Dial: (248) 721-8183
*gmeihn@foleymansfield.com*

VIA EMAIL infante@millercanfield.com

Joseph M. Infante, Esq.
Miller Canfield Paddock & Stone PLC
99 Monroe Avenue NW, Ste. 1200
Grand Rapids, MI 49503-2670

**Re:    WOMPs, et al. v. Peninsula Township – Notice of Intent – Rule 11 Sanctions**

Dear Mr. Infante:

As you know, this firm represents Peninsula Township in *WOMPs, et al. v. Peninsula Township*, Case No. 20-cv-01008 in the United States District Court for the Western District of Michigan.

This correspondence is addressed to you, as lead counsel for the Plaintiffs the above-referenced action, and is sent pursuant to Rule 11 of the Federal Rules of Civil Procedure, which require notice in writing prior to filing a motion for sanctions for the following:

1. On October 12, 2021, your office filed a Motion to Enforce Settlement or for Sanctions (ECF No. 100)(the "Motion") claiming this matter has settled that has been presented for an improper purpose, unsupported by existing law or any nonfrivolous argument and contains factual contentions that have zero evidentiary support.  See Fed. R. Civ. P. 11(b)(1)-(3);

2. That Motion can only be meant to harass our client, cause unnecessary delay in these proceedings and needlessly increase the cost of litigation that is ongoing.  Moreover, the general claim that this matter settled on September 13, 2021 when you stated, at times after that purported settlement, that the case had not in fact settled or needed further review/approval by your clients; there is no indication from Mr. Quandt, in writing or otherwise, that this matter was settled; as well as the fact that you were present for and did not object to the legitimate voting process that took place on October 6, 2021 when the Township Board voted to reject your clients' "all or nothing" settlement proposal, is clearly false and unsupported;

3. In addition, that Motion also violates Rule 408 of the Federal Rules of Evidence in that you have publicly filed and disclosed confidential communications and represented communications between the parties during their mediation sessions, as well as purported communications of the private facilitative mediator, Joseph Quandt.  These violations can only have been made for an improper purpose and violate Rule 11 as well;

Joseph M. Infante, Esq.
Notice of Intent – Rule 11 Sanctions
October 28, 2021
Page 2

FOLEY & MANSFIELD

4. Since that time, you have also filed two other pleadings, a Response to Defendant's Motion to Compel Deposition of Attorney Joseph Infante (ECF No. 109) and a Response to Defendant's Motion to Compel Responses to Second Set of Requests to Produce in which you falsely state, in each, "This case settled following mediation on September 13, 2021" and continue to reiterate the incorrect allegation that Mr. Quandt "announced the parties had reached a settlement."

Based upon the above, as well as those facts, arguments and evidence support our Response to Plaintiffs' Motion (ECF No. 110), which we incorporate herein by reference, we intend to, file a Motion for Rule 11 Sanctions on these bases should you choose not to withdraw the Motion, associated exhibits and the portions of the Responses mentioned above which further violate this Rule. We will be seeking sanctions for this frivolous Motion and pursuing attorneys' fees, costs and expenses pursuant to Rule 11 for this unjustified and factually unsupported filing.

Please advise, or simply withdraw, within twenty-one (21) days, the above-referenced pleadings or we intend to move forward with our Motion for Sanctions.

Very truly yours,

*Gregory M. Meihn*

Gregory M. Meihn