UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| WINERIES OF THE OLD MISSION PENINSULA ASSOCIATION, *et al.*, | ) ) | |
| Plaintiffs, | ) ) | No. 1:20-cv-1008 |
| -v- | ) ) | Honorable Paul L. Maloney |
| PENINSULA TOWNSHIP, | ) ) | |
| Defendant. | ) ) | |

## ORDER GRANTING DEFENDANT'S MOTION FOR EVIDENTIARY HEARING

On October 12, 2021, Plaintiffs filed a motion to enforce the parties' settlement agreement, or in the alternative, a motion for sanctions if the settlement agreement was not enforceable (ECF No. 100). This Court subsequently denied the motion to enforce the settlement agreement and set a hearing for December 2, 2021, to hear argument on the sanctions issue (ECF No. 117). Defendant Peninsula Township has now moved for an evidentiary hearing regarding Plaintiffs' sanctions request (ECF No. 119).

Plaintiffs' request for sanctions appears to be premised on their assertion that the Township negotiated in bad faith and that it never intended to settle (*see* ECF No. 101 at PageID.4022). However, Plaintiffs have failed to provide any evidence regarding the Township's intentions during negotiations or that the Township mediated in bad faith.

In regard to Plaintiffs' request for sanctions, the Court will limit the time period for the potential recovery of sanctions from when the parties reached a tentative agreement on September 13, 2021, to when the Township Board voted apparently unanimously to reject

the agreement on October 6, 2021. Based on the record, there is no evidence of bad faith by the Township that occurred prior to the final mediation session on September 13.

Further, based on the language in the Township's motion for an evidentiary hearing, it appears as though the Township intends on calling the mediator to testify (ECF No. 119 at PageID.4323) ("If the Plaintiffs have competing evidence, it should be put to the Court, but more significantly, the mediator is in the best position to articulate the facts and clarify any such evidence."). The Court will not hear testimony from the mediator. Fed. R. Evid. 408(a)(2) prohibits the use of statements made during the course of settlement negotiations to prove a party's liability. It is thus presumed that much of what the mediator would testify about is inadmissible. Further, "The mediation process is primarily viewed as one of candor and trust—in exchange for one's candor during the mediation, there is trust that what is said during the mediation will remain confidential." Jennifer C. Bailey, *The Mediator's Privilege: Can a Mediator Be Compelled to Testify in a Civil Case? California Privilege Law Says Yes*, 2000 J. Disp. Resol. 395, 400 (2000). If this Court permitted the mediator to testify, it would set a disfavored precedent and break the presumption of confidentiality during negotiation. The parties may present documentary evidence or testimony—so long as it does not violate Fed. R. Evid. 408—to support or oppose the granting of sanctions for the September 13 through October 6 time period. However, the Court will not consider evidence that establishes what did or did not occur during settlement negotiations before September 13.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for an evidentiary hearing (ECF No. 119) is **GRANTED** with respect to the parameters outlined above.

**IT IS SO ORDERED.**

Date: November 17, 2021  /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge