# EXHIBIT 13

# EXHIBIT 13

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WINERIES OF THE OLD MISSION
PENINSULA (WOMP) ASSOC.,
a Michigan Nonprofit Corporation,
BOWERS HARBOR VINEYARD
& WINERY, INC., a Michigan
Corporation, BRYS WINERY, LC,
a Michigan Corporation, CHATEAU
GRAND TRAVERSE, LTD,
a Michigan Corporation, CHATEAU
OPERATIONS, LTD, a Michigan
Corporation, GRAPE HARBOR, INC.
a Michigan Corporation, MONTAGUE
DEVELOPMENT, LLC, a Michigan
limited liability company, OV THE FARM, LLC
a Michigan limited liability company,
TABONE VINEYARDS, LLC. a Michigan
Limited Liability Company, TWO LADS, LLC,
a Michigan limited liability company,
VILLA MARI LLC, a Michigan
Limited Liability Company, WINERY
AT BLACK STAR FARMS, L.L.C.,
a Michigan Limited Liability Company,

        Plaintiffs,

vs.

PENINSULA TOWNSHIP, a Michigan
Municipal Corporation,

        Defendant.

Case № 1:20-cv-01008
Hon. Paul L. Maloney
Magistrate Judge Ray S. Kent

| | |
|---|---|
| MILLER, CANFIELD, PADDOCK et al | GREGORY M. MEIHN (P38939) |
| JOSEPH M. INFANTE (P68719) | MATTHEW T. WISE (P76794) |
| CHRISTOPHER J. GARTMAN (P83286) | FOLEY & MANSFIELD, P.L.L.P. |
| Attorneys for Plaintiffs | Attorneys for Defendant |
| 99 Monroe Avenue NW, Suite 1200 | 130 E. 9 Mile Rd. |
| Grand Rapids, MI 49503 | Ferndale, MI 48220-3728 |
| (616) 776-6333 | (248) 721-4200 / Fax: (248) 721-4201 |
| infante@millercanfield.com | gmeihn@foleymansfield.com |
| gartman@millercanfield.com | mwise@foleymansfield.com |

1904732 v1

## DEFENDANT PENINSULA TOWNSHIP'S ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Defendant, Peninsula Township (the "Township"), through their attorneys, Foley & Mansfield, PLLP, and in response to Plaintiffs' First Set of Interrogatories, states as follows:

### General Objections

1.      The Township objects to Plaintiffs' Interrogatories to the extent they seek to impose obligations on it that exceed those allowed under the Federal Rules of Civil Procedure, any applicable law or regulation, or Order of this Court.

2.      The Township objects to each and every Interrogatory to the extent it seeks information or documents that are (i) not in the Township's possession, custody or control, (ii) publicly or otherwise available to Plaintiffs, (iii) more appropriately obtained from other sources, and/or (iv) the information or documents are already in Plaintiffs' possession, custody or control, including but not limited to information or documents any other party to this action produced or will produce in response to discovery requests.

3.      The Township objects to each and every Interrogatory to the extent it seeks to impose discovery obligations on it greater than the discovery obligations of the Plaintiffs.

4.      The Township objects to each and every Interrogatory to the extent that it contains erroneous or contentious factual allegations or legal assertions, or

2

assumes facts not in evidence.  By responding and objecting to such Request for Admission, the Township does not admit the correctness of such allegations or assertions.

5.    The Township objects to each and every Interrogatory to the extent that it seeks a legal conclusion, opinion and/or argument in response.

6.    The Township objects to each and ever Interrogatory to the extent that it is vague, ambiguous, unreasonable, overbroad, unduly burdensome or seeks irrelevant information and/or information not reasonably calculated to lead to the discovery of admissible evidence.

7.    The Township objects to each and every Interrogatory to the extent that it seeks the discovery of information protected by the attorney-client privilege, the attorney work-product doctrine or any other privilege, doctrine or immunity.

8.    By responding to the Interrogatory, the Township does not waive, intentionally or otherwise, any attorney-client privilege, attorney work-product or any other privilege, doctrine or immunity protecting any information from disclosure.  The Township will not disclose any such privileged information and does not waive any privilege through an inadvertent disclosure.  Accordingly, any response inconsistent with the foregoing is wholly inadvertent and shall not constitute a waiver of any such privilege or protection.

3

1904732 v1

## <u>Responses to Interrogatories</u>

**Interrogatory #1**:  Identify all persons who are or were employed by Peninsula Township who have knowledge of Peninsula Township's Ordinance enforcement related to Wineries.

**ANSWER:**  Objection.  Interrogatory #1 is premature as discovery is ongoing and the Township cannot speculate as to exactly what knowledge all of its former and/or current staff may have from 1972 when the Ordinances were enacted, to present.  Subject to and without waiving the same, the Township identifies the following individuals who, based upon their positions as Zoning Administrator(s) and/or Zoning Enforcement with the Township, may have such knowledge:

- Gordon Hayward;

- Gordie Uecker;

- Elsie Crafts;

- Clarie Schoolmaster/Herman;

- Christina Deeren;

- David Sanger;

The Township reserves the right to supplement this answer as discovery continues.

4

**Interrogatory #2**:  Identify and describe in detail all instances of Peninsula Township's Enforcement Activity related to Ordinance Section 8.7.3(10), including all subparts.  Identify all documents relating hereto.

**ANSWER:**  Objection.  Interrogatory #2 is premature as discovery is ongoing and to the extent it calls for a legal conclusion.  Subject to and without waiving the same, the Township identifies the following such instances:

- Plaintiff Bowers Harbor Vineyard & Winery, Inc. received two citations in 2018 for activities not permitted.  Plaintiffs may inspect and copy the citations related thereto, if not already in their possession, pursuant to Fed. R. Civ. P. 34;

- Plaintiff OV the Farm, LLC advertised activities that potentially violated this Ordinance.  Plaintiffs may inspect and copy any correspondence related thereto, if not already in their possession, pursuant to Fed. R. Civ. P. 34;

- Plaintiff Chateau Operations, LTD regarding grape tonnage reports by growers to permit guest activities.  Plaintiffs may inspect and copy any reports and/or correspondence related thereto, if not already in their possession, pursuant to Fed. R. Civ. P. 34;

- Plaintiff Brys Winery, LC regarding proposed events that were approved.  Plaintiffs may inspect and copy any correspondence related thereto, if not already in their possession, pursuant to Fed. R. Civ. P. 34.

1904732 v1

The Township reserves the right to supplement this answer as discovery continues.

**Interrogatory #3**:  Identify and describe in detail all instances of Peninsula Township's Enforcement Activity related to Ordinance Section 6.7.2(19), including all subparts.  Identify all documents relating hereto.

**ANSWER:**  Objection.  Interrogatory #3 is premature as discovery is ongoing and to the extent it calls for a legal conclusion.  Subject to and without waiving the same, the Township has not located any record of any such activities.  The Township reserves the right to supplement this answer as discovery continues.

**Interrogatory #4**:  Identify and describe in detail all instances of Peninsula Township's Enforcement Activity related to Ordinance Section 8.7.3(12)(a) through (k).  Identify all documents relating hereto.

**ANSWER:**  Objection.  Interrogatory #4 is premature as discovery is ongoing and to the extent it calls for a legal conclusion.  Subject to and without waiving the same, the Township identifies a Violation Notice from its Zoning Administrator for failure to obtain a permit for a temporary structure for which no citation was issued.  Plaintiffs may inspect and copy the Violation Notice, if not already in their possession, pursuant to Fed. R. Civ. P. 34.

6

**Interrogatory #5**:  Identify and describe in detail all instances of Peninsula Township's Enforcement Activity related to any other property owner in Peninsula Township over the past five years.  Identify all documents relating hereto.

**ANSWER:**  Objection.  Interrogatory #5 requests information and identification of documents that do not meet the standards of Fed. R. Civ. P. 26(b)(1) as a request for all Enforcement Activity for "any other property owner" is not proportional to the needs of this case and is not relevant to any of the Plaintiffs' claims.

**Interrogatory #6**:  Regarding Ordinance Section 6.7.2(19), identify the following:

1) All harms the Township was seeking to remedy in enacting the ordinance (specifically by sub-paragraph);

2) All government interests in enacting the ordinance (specifically by sub-paragraph);

3) All ways in which the ordinance section (specifically by sub-paragraph) fulfills the government interest(s);

4) All less restrictive means (specifically by sub-paragraph) the Township considered in fulfilling the governmental interest(s);

5) Identify all documents relating hereto.

**ANSWER:**  Objection.  Interrogatory #6 calls for legal conclusions.  Subject to and without waiving the same, the Township's Ordinances, including Section 6.7.2(19), and the intent of the same speaks for themselves.

**Interrogatory #7**:  Regarding Ordinance Section 8.7.3(10), identify the following:

1) All harms the Township was seeking to remedy in enacting the ordinance (specifically by sub-paragraph);

2) All government interests in enacting the ordinance (specifically by sub-paragraph);

3) All ways in which the ordinance section (specifically by sub-paragraph) fulfills the government interest(s);

4) All less restrictive means (specifically by sub-paragraph) the Township considered in fulfilling the governmental interest(s);

5) Identify all documents relating hereto.

**ANSWER:**  Objection.  Interrogatory #7 calls for legal conclusions.  Subject to and without waiving the same, the Township's Ordinances, including Section 8.7.3(10), and the intent of the same speaks for themselves.

8

1904732 v1

**Interrogatory #8**:  Regarding Ordinance Section 8.7.3(12), identify the following:

1)  All harms the Township was seeking to remedy in enacting the ordinance (specifically by sub-paragraph);

2)  All government interests in enacting the ordinance (specifically by sub-paragraph);

3)  All ways in which the ordinance section (specifically by sub-paragraph) fulfills the government interest(s);

4)  All less restrictive means (specifically by sub-paragraph) the Township considered in fulfilling the governmental interest(s);

5)  Identify all documents relating hereto.

**ANSWER:**  Objection.  Interrogatory #8 calls for legal conclusions.  Subject to and without waiving the same, the Township's Ordinances, including Section 8.7.3(12), and the intent of the same speaks for themselves.

**Interrogatory #9**:  Identify all current and previous Peninsula Township employees and/or elected official who grow grapes, produce, or other fruit within Peninsula Township or who have an interest in an entity that grows grapes, produce, or other fruit within Peninsula Township.  For each Peninsula Township employee and/or elected official so identified, identify and describe any and all instances of a sale of grapes, produce or other fruit to any Peninsula Township

9

winery by invoice number, purchasing winery, the date of the sale, grape varietal(s) or type of other produce or fruit sold and total weight of grapes, produce or other fruit sold.  Identify all documents related hereto.

**ANSWER:**  Objection.  Interrogatory #9 requests information and identification of documents that do not meet the standards of Fed. R. Civ. P. 26(b)(1) as a request for all Enforcement Activity for "any other property owner" is not proportional to the needs of this case and is not relevant to any of the Plaintiffs' claims.  Subject to and without waiving the same, the Plaintiffs may inspect and copy the Township's Code Enforcement incident log for the years 2018, 2019 and 2020 pursuant to Fed. R. Civ. P. 34.

**Interrogatory #10**:  If your response to any REQUEST TO ADMIT is anything other than an unqualified admission, state in detail the related government interest and the entire factual and legal bases for the response.  Identify all documents related hereto.

**ANSWER:**  Objection.  Interrogatory #10 calls for legal conclusions and is otherwise vague and ambiguous as stated.  Subject to and without waiving the same, the Township refers Plaintiffs to their Answers to Plaintiffs' First Requests

10

1904732 v1

for Admission and its Answers to Plaintiffs' First Request for Production of Documents.

**Interrogatory #11**:  Identify and describe all standards by which Peninsula Township applies when considering whether to approve or not approve a request for Guest Activity.

**ANSWER:**  The Township considers such a request in accordance with its Ordinances and applicable laws, specifically including Ordinance Section 4.2.1, Code Enforcement Ordinance No. 35 and the Code Enforcement Officer job description duties.

**Interrogatory #12**:  Describe in detail the factual and legal bases for Defendants' allegation in Paragraph E of its Affirmative Defenses that "Some or all of Plaintiffs' claims are preempted by applicable state or federal law."  Identify all documents relating hereto.

**ANSWER:** Objection.  Interrogatory #12 calls for a legal conclusion.  Discovery in this matter is just beginning and ongoing such that this interrogatory is premature.  The Township's affirmative defenses speak for themselves.

11

1904732 v1

**Interrogatory #13**:  Describe in detail what steps and measures Plaintiffs should have taken "to properly and adequately mitigate the damages they claim to have suffered and "to take advantage of preventative and corrective opportunities provided" relating to Defendant's allegations in Paragraphs C and V of its Affirmative Defenses.  Identify any documents relating hereto.

**ANSWER:**  Objection.  Interrogatory #13 calls for a legal conclusion.  Discovery in this matter is just beginning and ongoing such that this interrogatory is premature.  The Township's affirmative defenses speak for themselves.

Dated:  February 25, 2021

By:    /s/ Gregory M. Meihn
Foley & Mansfield, PLLP
130 E. 9 Mile Rd.
Ferndale, MI 48220
(248) 721-4200
gmeihn@foleymansfield.com
P38939

**Proof of Service**

I, Matthew T. Wise, certify that the ***Defendant Peninsula Township's Answers to Plaintiff's First Set of Interrogatories*** was served on all parties in this case to each of the attorneys of record at their respective addresses as disclosed on the pleadings in this case on **February 25, 2021** by:

[  ] U.S. Mail                 [  ] Fax
[  ] Hand Delivery (2/26/2021)   [  ] UPS Overnight
[  ] Federal Express         [ X ] Email: infante@millercanfield.com; gartman@millercanfield.com
[  ] Other- E-FILING

Signature:  _/s/ Matthew T. Wise_
       Matthew T. Wise

12

1904732 v1