# EXHIBIT 14

# EXHIBIT 14

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WINERIES OF THE OLD MISSION
PENINSULA (WOMP) ASSOC.,
a Michigan Nonprofit Corporation,
BOWERS HARBOR VINEYARD
& WINERY, INC., a Michigan
Corporation, BRYS WINERY, LC,
a Michigan Corporation, CHATEAU
GRAND TRAVERSE, LTD,
a Michigan Corporation, CHATEAU
OPERATIONS, LTD, a Michigan
Corporation, GRAPE HARBOR, INC.
a Michigan Corporation, MONTAGUE
DEVELOPMENT, LLC, a Michigan
limited liability company, OV THE FARM, LLC
a Michigan limited liability company,
TABONE VINEYARDS, LLC. a Michigan
Limited Liability Company, TWO LADS, LLC,
a Michigan limited liability company,
VILLA MARI LLC, a Michigan
Limited Liability Company, WINERY
AT BLACK STAR FARMS, L.L.C.,
a Michigan Limited Liability Company,

   Plaintiffs,

vs.

PENINSULA TOWNSHIP, a Michigan
Municipal Corporation,

   Defendant.

Case № 1:20-cv-01008
Hon. Paul L. Maloney
Magistrate Judge Ray S. Kent

---

| MILLER, CANFIELD, PADDOCK et al | GREGORY M. MEIHN (P38939) |
|---|---|
| JOSEPH M. INFANTE (P68719) | MATTHEW T. WISE (P76794) |
| CHRISTOPHER J. GARTMAN (P83286) | FOLEY & MANSFIELD, P.L.L.P. |
| Attorneys for Plaintiffs | Attorneys for Defendant |
| 99 Monroe Avenue NW, Suite 1200 | 130 E. 9 Mile Rd. |
| Grand Rapids, MI 49503 | Ferndale, MI 48220-3728 |
| (616) 776-6333 | (248) 721-4200 / Fax: (248) 721-4201 |
| infante@millercanfield.com | gmeihn@foleymansfield.com |
| gartman@millercanfield.com | mwise@foleymansfield.com |

2036121 v1

## DEFENDANT PENINSULA TOWNSHIP'S SUPPLEMENTAL ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Defendant, Peninsula Township (the "Township"), through their attorneys, Foley & Mansfield, PLLP, and in supplemental response to Plaintiffs' First Set of Interrogatories[1], states as follows:

### General Objections

1.      The Township objects to Plaintiffs' Interrogatories to the extent they seek to impose obligations on it that exceed those allowed under the Federal Rules of Civil Procedure, any applicable law or regulation, or Order of this Court.

2.      The Township objects to each and every Interrogatory to the extent it seeks information or documents that are (i) not in the Township's possession, custody or control, (ii) publicly or otherwise available to Plaintiffs, (iii) more appropriately obtained from other sources, and/or (iv) the information or documents are already in Plaintiffs' possession, custody or control, including but not limited to information or documents any other party to this action produced or will produce in response to discovery requests.

---

[1] These responses are provided in accordance with the Court's May 25, 2021 Order.  (ECF No. 69).  Prior interrogatories and answers to the same are not included in these supplemental responses.

2036121 v1

3. The Township objects to each and every Interrogatory to the extent it seeks to impose discovery obligations on it greater than the discovery obligations of the Plaintiffs.

4. The Township objects to each and every Interrogatory to the extent that it contains erroneous or contentious factual allegations or legal assertions, or assumes facts not in evidence. By responding and objecting to such Request for Admission, the Township does not admit the correctness of such allegations or assertions.

5. The Township objects to each and every Interrogatory to the extent that it seeks a legal conclusion, opinion and/or argument in response.

6. The Township objects to each and ever Interrogatory to the extent that it is vague, ambiguous, unreasonable, overbroad, unduly burdensome or seeks irrelevant information and/or information not reasonably calculated to lead to the discovery of admissible evidence.

7. The Township objects to each and every Interrogatory to the extent that it seeks the discovery of information protected by the attorney-client privilege, the attorney work-product doctrine or any other privilege, doctrine or immunity.

8. By responding to the Interrogatory, the Township does not waive, intentionally or otherwise, any attorney-client privilege, attorney work-product or any other privilege, doctrine or immunity protecting any information from

3

disclosure.  The Township will not disclose any such privileged information and does not waive any privilege through an inadvertent disclosure.  Accordingly, any response inconsistent with the foregoing is wholly inadvertent and shall not constitute a waiver of any such privilege or protection.

## Responses to Interrogatories

**Interrogatory #2**:  Identify and describe in detail all instances of Peninsula Township's Enforcement Activity related to Ordinance Section 8.7.3(10), including all subparts.  Identify all documents relating hereto.

**ANSWER:**  Objection.  Interrogatory #2 is premature as discovery is ongoing and to the extent it calls for a legal conclusion.  Subject to and without waiving the same, the Township identifies the following such instances:

- Plaintiff Bowers Harbor Vineyard & Winery, Inc. received two citations in 2018 for activities not permitted.  Any responsive documents were included in the original production to Plaintiffs and are identified in response to Request to Produce #1, Request to Produce #3, Request to Produce # 7 and/or Request to Produce #10.

- Plaintiff OV the Farm, LLC advertised activities that potentially violated this Ordinance.  Any responsive documents were included in the original production to Plaintiffs and are identified in response to Request to Produce

4

2036121 v1

#1, Request to Produce #3, Request to Produce #7 and/or Request to Produce #10.

- Plaintiff Chateau Operations, LTD regarding grape tonnage reports by growers to permit guest activities. Any responsive documents were included in the original production to Plaintiffs and are identified in response to Request to Produce #1, Request to Produce #3, Request to Produce #7 and/or Request to Produce #10.

- Plaintiff Brys Winery, LC regarding proposed events that were approved. Any responsive documents were included in the original production to Plaintiffs and are identified in response to Request to Produce #1, Request to Produce #3, Request to Produce #4, Request to Produce #7 and/or Request to Produce #10.

The Township reserves the right to supplement this answer as discovery continues.

**Interrogatory #3**: Identify and describe in detail all instances of Peninsula Township's Enforcement Activity related to Ordinance Section 6.7.2(19), including all subparts. Identify all documents relating hereto.

**ANSWER:** Objection. Interrogatory #3 is premature as discovery is ongoing and to the extent it calls for a legal conclusion. Subject to and without waiving the same, the Township has not located any record of any such activities and has no

2036121 v1

response or responsive documents related to any such instances.  The Township reserves the right to supplement this answer as discovery continues.

**Interrogatory #4**:  Identify and describe in detail all instances of Peninsula Township's Enforcement Activity related to Ordinance Section 8.7.3(12)(a) through (k).  Identify all documents relating hereto.

**ANSWER:**  Objection.  Interrogatory #4 is premature as discovery is ongoing and to the extent it calls for a legal conclusion.  Subject to and without waiving the same, the Township identifies a Violation Notice from its Zoning Administrator for failure to obtain a permit for a temporary structure for which no citation was issued.  Any responsive documents were included in the original production to Plaintiffs and are identified in response to Request to Produce #1, Request to Produce #3, Request to Produce #7 and/or Request to Produce #12.

**Interrogatory #5**:  Identify and describe in detail all instances of Peninsula Township's Enforcement Activity related to any other property owner in Peninsula Township over the past five years.  Identify all documents relating hereto.

**ANSWER:**  Objection.  Interrogatory #5 requests information and identification of documents that do not meet the standards of Fed. R. Civ. P. 26(b)(1) as a request for all Enforcement Activity for "any other property owner" is not proportional to the needs of this case and is not relevant to any of the Plaintiffs' claims.  Defendant has already provided its Code Enforcement Log to the Plaintiffs.  Any additional

6

2036121 v1

responsive documents were included in the original production to Plaintiffs and are identified in response to Request to Produce #1, Request to Produce #3, Request to Produce #7, Request to Produce #10 and/or Request to Produce #12.

**Interrogatory #6**:  Regarding Ordinance Section 6.7.2(19), identify the following:

1) All harms the Township was seeking to remedy in enacting the ordinance (specifically by sub-paragraph);

2) All government interests in enacting the ordinance (specifically by sub-paragraph);

3) All ways in which the ordinance section (specifically by sub-paragraph) fulfills the government interest(s);

4) All less restrictive means (specifically by sub-paragraph) the Township considered in fulfilling the governmental interest(s);

5) Identify all documents relating hereto.

**ANSWER:**  Objection.  Interrogatory #6 calls for legal conclusions.  Subject to and without waiving the same, the Township's Ordinances, including Section 6.7.2(19), and the intent of the same speaks for themselves and the Township further responds as follows:

1) The Township sought to prevent deterioration of the agricultural district and character of the Township's lands and to the agricultural production industry and farming as well as promote the government interests outlined below.

7

2) The government interests in enacting this Ordinance were, including but not limited to: preserving the agricultural production industry and providing permanent land for the same; maintaining the Township's character; providing economically feasible public sewer and water systems to serve a future population; establishing a complete buildout population scenario and permitting the vertical integration of agricultural production without changing the agriculturally zoned lands of the Township to commercial property inconsistent with the use of those respective districts.

3) The intent of the Ordinance at issue speaks for itself and the Township relies upon the language of the Ordinances, the amendments and the documents previously produced by it and/or that are publicly available in support of how the Ordinance accomplishes the government interests noted above.

4) The documents previously produced by the Township demonstrate the extensive efforts of the Township's Planning Commission and Township Board to seek input, advice and opinions from relevant agencies and organizations and legal opinions regarding the sustainability and enforceability of the amendments to the Ordinance at issue.

5) All documents relating hereto have been previously produced to Plaintiffs and are identified as responsive to Request to Produce #1, Request to Produce #3, Request to Produce #19, Request to Produce #20 and/or Request

2036121 v1

to Produce #21.  Additionally the Ordinances and their amendments are publicly available to Plaintiffs if not already in their possession and clearly state the value added and purposes behind the enactment of the Ordinance at issue.

**Interrogatory #7**:  Regarding Ordinance Section 8.7.3(10), identify the following:

1) All harms the Township was seeking to remedy in enacting the ordinance (specifically by sub-paragraph);

2) All government interests in enacting the ordinance (specifically by sub-paragraph);

3) All ways in which the ordinance section (specifically by sub-paragraph) fulfills the government interest(s);

4) All less restrictive means (specifically by sub-paragraph) the Township considered in fulfilling the governmental interest(s);

5) Identify all documents relating hereto.

**ANSWER:**  Objection.  Interrogatory #7 calls for legal conclusions.  Subject to and without waiving the same, the Township's Ordinances, including Section 8.7.3(10), and the intent of the same speaks for themselves and the Township further responds as follows:

9

1) The Township sought to prevent deterioration of the agricultural district and character of the Township's land and to the agricultural production industry and farming as well as promote the government interests outlined below.

2) The government interests in enacting this Ordinance were, including but not limited to: preserving the agricultural production industry and providing permanent land for the same; maintaining the Township's character; providing economically feasible public sewer and water systems to serve a future population; establishing a complete buildout population scenario and permitting the vertical integration of agricultural production without changing the agriculturally zoned lands of the Township to commercial property inconsistent with the use of those respective districts while permitting some commercial uses related to agricultural production after some of the Wineries had already engaged in the same.

3) The intent of the Ordinance at issue speaks for itself and the Township relies upon the language of the Ordinances, the amendments and the documents previously produced by it and/or that are publicly available in support of how the Ordinance accomplishes the government interests noted above.

4) The documents previously produced by the Township demonstrate the extensive efforts of the Township's Planning Commission and Township Board to seek input, advice and opinions from relevant agencies and

10

2036121 v1

organizations and legal opinions regarding the sustainability and enforceability of the amendments to the Ordinance at issue.

5) All documents relating hereto have been previously produced to Plaintiffs and are identified as responsive to Request to Produce #1, Request to Produce #3, Request to Produce #19, Request to Produce #20 and/or Request to Produce #21.  Additionally the Ordinances and their amendments are publicly available to Plaintiffs if not already in their possession and clearly state the value added and purposes behind the enactment of the Ordinance at issue.

**Interrogatory #8**:  Regarding Ordinance Section 8.7.3(12), identify the following:

1) All harms the Township was seeking to remedy in enacting the ordinance (specifically by sub-paragraph);

2) All government interests in enacting the ordinance (specifically by sub-paragraph);

3) All ways in which the ordinance section (specifically by sub-paragraph) fulfills the government interest(s);

4) All less restrictive means (specifically by sub-paragraph) the Township considered in fulfilling the governmental interest(s);

5) Identify all documents relating hereto.

11

**ANSWER:**  Objection.  Interrogatory #8 calls for legal conclusions.  Subject to and without waiving the same, the Township's Ordinances, including Section 8.7.3(12), and the intent of the same speaks for themselves and the Township further responds as follows:

1) The Township sought to prevent deterioration of the agricultural district and character of the Township's land and to the agricultural production industry and farming as well as promote the government interests outlined below.

2) The government interests in enacting this Ordinance were, including but not limited to: preserving the agricultural production industry and providing permanent land for the same; maintaining the Township's character; providing economically feasible public sewer and water systems to serve a future population; establishing a complete buildout population scenario and permitting the vertical integration of agricultural production without changing the agriculturally zoned lands of the Township to commercial property inconsistent with the use of those respective districts.

3) The intent of the Ordinance at issue speaks for itself and the Township relies upon the language of the Ordinances, the amendments and the documents previously produced by it and/or that are publicly available in support of how the Ordinance accomplishes the government interests noted above.

2036121 v1

4) The documents previously produced by the Township demonstrate the extensive efforts of the Township's Planning Commission and Township Board to seek input, advice and opinions from relevant agencies and organizations and legal opinions regarding the sustainability and enforceability of the amendments to the Ordinance at issue.

5) All documents relating hereto have been previously produced to Plaintiffs and are identified as responsive to Request to Produce #1, Request to Produce #3, Request to Produce #19, Request to Produce #20 and/or Request to Produce #21.  Additionally the Ordinances and their amendments are publicly available to Plaintiffs if not already in their possession and clearly state the value added and purposes behind the enactment of the Ordinance at issue.

**Interrogatory #9**:  Identify all current and previous Peninsula Township employees and/or elected official who grow grapes, produce, or other fruit within Peninsula Township or who have an interest in an entity that grows grapes, produce, or other fruit within Peninsula Township.  For each Peninsula Township employee and/or elected official so identified, identify and describe any and all instances of a sale of grapes, produce or other fruit to any Peninsula Township winery by invoice number, purchasing winery, the date of the sale, grape

13

varietal(s) or type of other produce or fruit sold and total weight of grapes, produce or other fruit sold. Identify all documents related hereto.

**ANSWER:** Objection. Interrogatory #9 requests information and identification of documents that do not meet the standards of Fed. R. Civ. P. 26(b)(1) as this request for additional information is not proportional to the needs of this case and is not relevant to any of the Plaintiffs' claims. Subject to and without waiving the same, the Township identifies Rob Manigold, Brad Bickle and Isaiah Wunsch as individuals who have sold grapes and/or other produce/fruit in the past five years.

**Interrogatory #11**: Identify and describe all standards by which Peninsula Township applies when considering whether to approve or not approve a request for Guest Activity.

**ANSWER:** Objection. Interrogatory #11 does not specify whether Plaintiffs are asking about when they or any other entity apply for a Special Use Permit for a Guest Activity or whether they are asking about when they ask if a Guest Activity could or would be permitted under the Ordinances. Without waiving said objection and subject to the same, the Township would consider either such request in accordance with its Ordinances and applicable laws, specifically including Ordinance Section 4.2.1, Code Enforcement Ordinance No. 35 and the Code Enforcement Officer job duties. Answering further, if an entity applies for a Special Use Permit for a Guest Activity, the application is accepted by the

14

Township Planner, sends it to the Planning Commission and the Township Board and evaluates the same in accordance with the Township's Ordinances.  If an entity asks whether the Guest Activity complies with the Ordinances, the Zoning Administrator reviews the request for compliance and responds.  All Guest Activity uses, whether pursuant to Special Use Permit or evaluated in terms of compliance, are considered in accordance with the Ordinances in existence at that time.

**Interrogatory #12**:  Describe in detail the factual and legal bases for Defendants' allegation in Paragraph E of its Affirmative Defenses that "Some or all of Plaintiffs' claims are preempted by applicable state or federal law."  Identify all documents relating hereto.

**ANSWER:** Objection.  Interrogatory #12 calls for a legal conclusion.  Discovery in this matter is just beginning and ongoing such that this interrogatory is premature.  Subject to and without waiving the same, the Defendant has provisionally pled this Affirmative Defense in accordance with Fed. R. Civ. P. 8 and if discovery does not support said defense, Defendant will waive the same.

**Interrogatory #13**:  Describe in detail what steps and measures Plaintiffs should have taken "to properly and adequately mitigate the damages they claim to have suffered and "to take advantage of preventative and corrective opportunities

15

provided" relating to Defendant's allegations in Paragraphs C and V of its Affirmative Defenses.  Identify any documents relating hereto.

**ANSWER:**  Objection.  Interrogatory #13 calls for a legal conclusion.  Discovery in this matter is just beginning and ongoing such that this interrogatory is premature.  Subject to and without waiving the same, the Defendant has provisionally pled this Affirmative Defense in accordance with Fed. R. Civ. P. 8 and if discovery does not support said defense, Defendant will waive the same.

Dated:  June 24, 2021

By:  /s/ Gregory M. Meihn
Foley & Mansfield, PLLP
130 E. 9 Mile Rd.
Ferndale, MI 48220
(248) 721-4200
gmeihn@foleymansfield.com
P38939

---

**Proof of Service**

I, Katie R. Johnson , certify that the *Defendant Peninsula Township's Supplemental Answers to Plaintiff's First Set of Interrogatories* was served on all parties in this case to each of the attorneys of record at their respective addresses as disclosed on the pleadings in this case on **June 24, 2021** by:

[  ] U.S. Mail                                    [  ] Fax
[  ] Hand Delivery (2/26/2021)      [  ] UPS Overnight
[  ] Federal Express                        [ X ] Email: infante@millercanfield.com; gartman@millercanfield.com
[  ] Other- E-FILING

Signature:  */s/ Katie R. Johnson*
                  Katie R. Johnson

16

2036121 v1