UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WINERIES OF THE OLD MISSION
PENINSULA (WOMP) ASSOC.,
a Michigan Nonprofit Corporation,
BOWERS HARBOR VINEYARD &                     Case No. 1:20-cv-01008
WINERY, INC., a Michigan Corporation,
BRYS WINERY, LC, a Michigan Corporation, Hon. Paul L. Maloney
CHATEAU GRAND TRAVERSE, LTD,
a Michigan Corporation, CHATEAU             Mag. Judge Ray S. Kent
OPERATIONS, LTD, a Michigan Corporation,
GRAPE HARBOR, INC. a Michigan Corporation,
MONTAGUE DEVELOPMENT, LLC, a Michigan
Limited Liability Company, OV THE FARM, LLC,
a Michigan Limited Liability Company,
TABONE VINEYARDS, LLC, a Michigan
Limited Liability Company, TWO LADS,
LLC, a Michigan Limited Liability
Company, VILLA MARI, LLC, a Michigan
Limited Liability Company, WINERY AT
BLACK STAR FARMS, LLC, a Michigan
Limited Liability Company,

┌─────────────────────────────┐
│ **DEFENDANT, PENINSULA**    │
│ **TOWNSHIP'S MOTION FOR**   │
│ **STAY OF INJUNCTION**      │
│ **PENDING APPEAL PURSUANT** │
│ **TO RULE 62(C)**           │
│ **AND BRIEF IN SUPPORT**    │
└─────────────────────────────┘

        Plaintiffs,
v

TOWNSHIP OF PENINSULA,
a Michigan Municipal Corporation,

        Defendant
_____

| MILLER, CANFIELD,            | GORDON, REES, SCULLY,     |
| PADDOCK & STONE, PLC         | MANSUKHANI                |
| JOSEPH M. INFANTE (P68719)   | GREGORY M. MEIHN (P38939) |
| CHRISTOPHER J. GARTMAN       | MATTHEW T. WISE (P76794)  |
| (P83286)                     | Attorneys for Defendant   |
| Attorneys for Plaintiffs     | 37000 Woodward Ave Ste 225|
| 99 Monroe Avenue NW, Suite   | Bloomfield Hills, MI       |
| 1200                         | 48304-0925                |
| Grand Rapids, MI 49503       | (248) 756-6428            |
| (616) 776-6333               | gmeihn@grsm.com          |
| infante@millercanfield.com   | mwise@grsm.com           |
| gartman@millercanfield.com   |                           |

JACOBS AND DIEMER, P.C.    FAHEY SCHULTZ BURZYCH RHODES
TIMOTHY A. DIEMER (P65084)   WILLIAM K. FAHEY (P27745)
ERIC P. CONN (P64500)      JOHN S. BRENNAN (P55431)
"Of Counsel" for Defendant   CHRISTOPHER S. PATTERSON
The Guardian Building      (P74350)
500 Griswold Street, Ste. 2825 Attorneys for Defendant
Detroit, MI 48226         4151 Okemos Rd
(313) 965-1900           Okemos, MI 48864
tad@jacobsdiemer.com      (517) 381-3150 Office
econn@jacobsdiemer.com    wfahey@fsbrlaw.com
                         jbrennan@fsbrlaw.com
                         cpatterson@fsbrlaw.com

---

## **DEFENDANT, PENINSULA TOWNSHIP'S MOTION FOR STAY OF INJUNCTION PENDING APPEAL PURSUANT TO RULE 62(C)**

NOW COMES Defendant Peninsula Township, by and through Undersigned Counsel, and moves for an Order Staying the Injunction Pending Appeal, more particularly as follows:

1. On June 3, 2022, the Court issued a Summary Judgment Opinion and Order which enjoined Peninsula Township "from enforcing all of the sections of the Township Ordinance that the Court has found unconstitutional or contrary to law." (Ex A, ECF 162, p 49 of 50.)

2. Under 28 USC 1292(a)(1), the Court's injunction ruling is immediately appealable as of right.

3. On June 17, 2022, Defendant Peninsula Township filed a Notice of Appeal (ECF 164).

4. On June 21, 2022, the Sixth Circuit Court of Appeals docketed the appeal and assigned it docket number 22-1534 (ECF 165).

1

6. For the reasons expressed more fully in the attached Brief in Support of this Motion, the Court should enter the attached Order that stays enforcement of the injunction pending appeal.

7. Under Local Rule 7.1(d), concurrence in the relief requested was sought but denied by opposing counsel.

Respectfully Submitted,

 /s/ Timothy A. Diemer
Timothy A. Diemer (P65084)
Eric P. Conn (P64500)
Jacobs and Diemer PC
"Of Counsel" for Defendant
500 Griswold St., Ste 2825
Detroit, MI 48226
Dated: June 24, 2022         (313) 965-1900
tad@jacobsdiemer.com
Econn@jacobsdiemer.com

2

## TABLE OF CONTENTS

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . .  ii

CONCISE STATEMENT OF ISSUES PRESENTED . . . . . . . . . . . . . v

CONTROLLING OR MOST APPROPRIATE AUTHORITY . . . . . . . . . .  vi

INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . 5

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . 19

CERTIFICATE OF COMPLIANCE PURSUANT TO LOCAL RULE 7.3(b)(1)

CERTIFICATE OF SERVICE

i

## INDEX OF AUTHORITIES

**Page No**

**CASES**

Alexis Bailly Vineyard, Inc v Harrington,
    482 F Supp 3d 820 (D Minn, 2020) . . . . . . . . . 16,17,18

Arizona State Legislature v
Arizona Independent Redistricting Com'n,
    576 US 787; 135 SCt 2652 (2015). . . . . . . . . . . . 11

Baker v Adams Cnty/Ohio Vallen School Bd,
    310 F3d 927; 54 FedRServ3d 452 (2002). . . . . . . . . 12,13

Basista Holdings, LLC v Ellsworth Township,
    710 Fed Appx 688 (CA6 2017). . . . . . . . . . . 15

City of Cleveland, Ohio v City of Brook Park, Ohio,
    893 F Supp 742, 752 (ND Ohio, 1995). . . . . . . . . 17,18

Creekside Parking, Inc v City of Chelsea,
    1994 WL 16193975, at *1 (Mass Land Ct, July 29, 1994). . 17

Curto v City of Harper Woods,
    954 F2d 1237 (CA6 1992) . . . . . . . . . . . . . . . 9

Detroit Newspaper Publishers Ass'n v Detroit Typographical Union,
    471 Fed 872(CA6 1972). . . . . . . . . . . . . . . . . 1

District 4 Lodge v Raimondo,
    18 F4th 38 (1st Cir, 2021) . . . . . . . . . . . . . . 7

Granholm v Heald,
    544 US 460; 125 S Ct 1885; 161 L Ed 2d 796 (2005). . . . 17

Harper v Chemtrade Logistics, Inc,
    2014 WL 7359024 (MD TN, 2014). . . . . . . . . . . . . 9

Hunt v Wash State Apple Adver Comm'n,
    432 US 333; 97 S Ct 2434, 53 L Ed 2d 383 (1977). . . . . 18

In re DeLorean Motor Co,
    755 F2d 1223 (6th Cir., 1985). . . . . . . . . . . . 12

League of Women Voters of Michigan v Secretary of State,
    333 Mich App 1;959 NW2d 1 (2020) . . . . . . . . . . . **11**

Loesel v City of Frankenmuth,
    No. 08-11131-BC, 2009 WL 817402,
    at *22 (ED Mich, March 27, 2009) . . . . . . . . . . . 17

Maryland v King,
    567 US 1301; 133 Sct 1 (2012). . . . . . . . . . . vi,3,6,7

Michigan Alliance for Retired Americans v Secretary of State,
    334 Mich App 238; 964 NW2d 816 (2020) . . . . . . . . 11

Michigan Chamber of Commerce v Land,
    725 FSupp2d 665 (WD Mich,2010) . . . . . . . . . . . . 13

Michigan Coal of Radioactive Material Users, Inc v Griepentrog,
    945 F2d 150 (CA 6, 1991) . . . . . . . . . . . . . vi,3,6

Nartron Corp v STMicroelectronics, Inc,
    305 F3d 397(6th Cir, 2002) . . . . . . . . . 13,14,15

New Energy Co of Indiana v Limbach,
    486 US 269; 108 S Ct 1803; 100 L Ed 2d 302 (1988) . . . 17

NM Dep't of Game & Fish v US Dept of Interior,
    854 F3d 1236 (10th Cir, 20917) . . . . . . . . . . . . . 7

Norris v Stanley,
    2021 WL 6694208 (WDMI, 2021) . . . . . . . . . . . . . 6

Org for Black Struggle v Ashcroft,
    978 F3d 603 (8th Cir, 2020). . . . . . . . . . . . . . 7

Pike v Bruce Church, Inc,
    397 US 137 (1970). . . . . . . . . . . . . . . . . . . 18

Planned Parenthood of Greater Tex Surgical Health Servs v Abbott,
    734 F3d 406 (5th Cir, 2013). . . . . . . . . . . . . . 7

Thompson v DeWine,
    976 F3d 610 (6th Cir, 2020) . . . . . . . . . . . . . 7

Tuscola Wind III, LLC v Ellington Township,
    2018 WL 1291161, *4 (E.D. MI, 2018). . . . . . . . . . 9

United Food and Commerical Workers Union v Southwest Ohio Regional
Transit Authority,
    163 F3d 341 (1998) . . . . . . . . . . . . . . . . . . 8

United States v McGee,
    714 F2d 607 (CA6 1983) . . . . . . . . . . . . . . . 5

USA Cash #1, Inc v City of Saginaw,
    285 Mich App 262; 776 NW2d 346 (2009). . . . . . . . . 16

Wood Marine Service Inc v City of Harahan,
    858 F2d 1061 (5th Cir 1988). . . . . . . . . . . . . 17,18

Woodman ex rel Woodman v Kera LLC,
    486 Mich 228, 247; 785 NW2d 1 (2010) . . . . . . . . . . 11

**STATUES**

MCL 125.3203(1) . . . . . . . . . . . . . . . . . . . 9,10
MCL 600.5805(2) . . . . . . . . . . . . . . . . . . . . 14
28 USC §1292(a)(1). . . . . . . . . . . . . . . . . . . . 1
42 USC § 1983 . . . . . . . . . . . . . . . . . . . . . 14

**FEDERAL RULES OF CIVIL PROCEDURE**

FRCP 62(C). . . . . . . . . . . . . . . . . . . . . Motion p 1

**LOCAL RULES**

Local Rule 7.1(d) . . . . . . . . . . . . . . . . . Motion p 2

## CONCISE STATEMENT OF ISSUE PRESENTED

Whether the Court should grant a stay of the injunction issued on June 3, 2022 pending appeal?

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITY</u>

<u>Michigan Coalition of Radioactive Material Users, Inc, v Griepentrog</u>, 945 F2d 150 (CA6 1991) (the factors concerning whether a stay pending appeal is appropriate include whether the party seeking the stay has a strong likelihood of success on the merits; whether the movant would suffer irreparable harm absent a stay; whether granting the stay would cause substantial harm to others; and whether the public interest would be served by granting the stay.)

<u>Maryland v King</u>, 567 US 1301, 1303; 133 Sct 1 (2012) ("Any time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury.")

<u>Michigan Coal of Radioactive Material Users, Inc v Griepentrog</u>, 945 F2d 150, 153 (CA 6 1991) ("The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiffs will suffer absent the stay. Simply stated, more of one excuses less of the other.")

## **INTRODUCTION**

"There is no power the exercise of which is more delicate, requires greater caution, deliberation, and sound discretion, or is more dangerous in a doubtful case, than the issuing of an injunction." [Detroit Newspaper Publishers Ass'n v Detroit Typographical Union, 471 Fed 872, 876(CA6 1972).]

The urgency of a grant of injunctive relief is codified in 28 U.S.C. § 1292(a)(1) which provides a right of immediate appeal of an interlocutory order that grants an injunction, an appellate remedy already taken here by Defendant Peninsula Township with the filing of a Notice of Appeal on June 17, 2022 (ECF 164). This right of immediate appellate review was made for cases like this one and the Court should preserve the Sixth Circuit's appellate jurisdiction by maintaining the status quo by staying the injunction pending appeal.

The Court's June 3, 2022 Opinion and Order Granting Summary Judgment in favor of Plaintiff on virtually all of its claims represents an existential threat to Defendant Peninsula Township, both (a) **culturally** as to how the Township has existed and thrived for more than 50 years and (b) **economically** in light of the Court's ruling that the August 16, 2022 trial will be essentially be "damages only" where Plaintiff's claim is for an eye popping $203 million in damages against a township with a population of 6,068.

In contrast to the bustling commercial center of neighboring Traverse City, Peninsula Township has been defined by its status as a farming community since its inception in 1839. The agricultural

1

charm is reflected in the zoning ordinance which has always treated the Plaintiffs' properties as farmlands first, and wineries second, an agreement each Plaintiff assented to.

This agricultural lifestyle is further reflected in the elected officials that have administered Peninsula Township in this manner for more than 50 years. Plaintiffs' lawsuit is an end run around the orderly democratic process and an attempt to achieve via litigation what they could not accomplish at the ballot box because the local residents are against them. We think before the culture of Old Mission Peninsula is irreparably changed, the appellate process should be allowed to play out and the jurisdiction of the Court of Appeals should be preserved. This Court specifically noted the revolutionary relief Plaintiffs were requesting when the preliminary injunction was denied (ECF 34: "Plaintiffs seek to completely upset the status quo in Peninsula Township.")

In addition to a Notice of Appeal that was filed on June 17, 2022 and assigned Sixth Circuit Court of Appeals Docket Number 22-1534, this is the first in a series of motions that will be filed by Defendant Peninsula Township to contest this Court's June 3, 2022 Summary Judgment Opinion and Order which also enjoined the Township from enforcing the ordinances deemed constitutionally invalid by the Court (ECF 162, Summary Judgment Opinion and Order, Ex A, p 49 of 50). Respectfully, the Township believes both the issuance of the injunction and the summary judgment ruling, which

2

Peninsula Township will ask the Court to certify for appeal under 28 U.S.C. § 1291, are likely to be reversed on appeal, if not by this Court following the Township's forthcoming Motion to Amend or Alter under FRCP 59(e) which the Township hopes will result in an order setting aside the Summary Judgment ruling.

The standards for issuing a stay pending appeal are discussed in greater detail below, but as a starting point, the most important factor in favor of issuing a stay, irreparable harm, is presumptively met. Maryland v King, 567 US 1301, 1303; 133 Sct 1 (2012) ("Any time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury.") Because irreparable harm is *per se* established, a lesser showing regarding success on the merits is required, although the Township respectfully believes it has a very strong chance of success on the merits. Michigan Coal of Radioactive Material Users, Inc v Griepentrog, 945 F2d 150, 153 (CA 6, 1991) ("The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiffs will suffer absent the stay. Simply stated, more of one excuses less of the other.")

Irreparable harm will be suffered by all parties, Plaintiffs included, if a stay is not issued pending appeal. In the event Plaintiffs act on the Court's June 3 Order, and all indications are that they will, the burdens of an appellate reversal will consist

of the time, effort and substantial resources poured into expanded operations, such as the opening of dining rooms and kitchen expansions to provide offsite catering. The wineries will have angry customers if weddings and other pre-planned events are cancelled because of an appellate reversal. For this reason, Peninsula Township believed, naively it turned out, that Plaintiffs would agree to maintain the status quo, but concurrence in this request was denied. Unless the Court protects Plaintiffs' interests for them by granting a stay, Plaintiffs will be proceeding at their own risk.

There is also very real risk of harm to the public and third parties as well if the injunction is not stayed. Township residents have already vocalized their deep concerns with expanded winery operations which if allowed, would trump the secondary use of winery properties (retail operations) over the primary purpose (farming). Residents have sought to vocalize these concerns with the filing of a Motion to Intervene by Protect the Peninsula (ECF 40-41). The affidavits in support of that motion speak to the disruptions that have already invaded the peace and tranquility of the peninsula and those disruptions are set to expand exponentially.

Even if the Court does not ultimately Grant the Motion to Amend or Alter or disagrees that the Township has a good chance of success on the merits of the appeal, under the terms of the Court's

Summary Judgment ruling, an injunction was premature and improper, we contend, because a potentially dispositive defense to Plaintiffs' claims (laches) is set to be litigated at trial. The Court Denied Defendant's Motion for Summary Judgment regarding laches, but did not Grant judgment as a matter of law in favor of Plaintiffs, reserving a ruling on this absolute defense pending the results of trial (ECF 162, p 43).

A hearing is required and an injunction is not properly granted where triable issues remain. <u>United States v McGee</u>, 714 F2d 607, 613 (CA6 1983). With laches still subject to resolution at trial, and where no hearing on injunctive relief was held, it was error to issue the injunction, we respectfully contend.

The Court should not enjoin the Township from enforcing its ordinance and should not "green light" Plaintiffs into acting on the Court's June 3 Summary Judgment ruling until such time that the appellate system has weighed in on the merits of the case.

**ARGUMENT**

When determining whether to enter a stay of an injunction pending an appeal, the Court must review and balance the following factors:

1.  Whether the party seeking the stay has a strong likelihood of success on the merits;

2.  Whether the movant would suffer irreparable harm absent a stay;

5

3.    Whether granting the stay would cause substantial harm to others; and

4.    Whether the public interest would be served by granting the stay.

Michigan Coalition of Radioactive Material Users, Inc, v Griepentrog, 945 F2d 150 (CA6 1991). See also, Norris v Stanley, 2021 WL 6694208 (WDMI, 2021).[1]

Here, the irreparable harm factor is conclusively met because the Township is enjoined from enforcing a duly enacted ordinance. Maryland, supra, 567 US at 1303 ("Any time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury.") The harm is all the more substantial where the ordinance that can no longer be enforced has been on the books for almost 50 years.

Although as argued below, as well as argued in our forthcoming Motion to Amend or Alter, the Township believes it has a strong chance of success on the merits of its appeal, where irreparable harm is established, a lesser showing on the merits is required to justify a stay pending appeal. See Griepentrog, supra, 945 F2d at 153 ("To justify the granting of a stay, however, a movant need not always establish a high probability of success on the merits. The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiffs will

---

[1] All unpublished cases are attached as Exhibit B.

6

suffer absent the stay. Simply stated, more of one excuses less of the other.") (internal citations omitted.)

**1. Irreparable Harm** It is the Township, and more succinctly, the local residents of Peninsula Township, that suffer irreparable harm if a stay is not granted pending appeal because the ordinance will not enforced. Maryland, supra, 567 US at 1303. See also, District 4 Lodge v Raimondo, 18 F4th 38, 47 (CA1 2021), citing, Maryland, supra; Thompson v DeWine, 976 F3d 610, 619 (CA6 2020); Org for Black Struggle v Ashcroft, 978 F3d 603, 609 (CA8 2020); NM Dep't of Game & Fish v US Dept of Interior, 854 F3d 1236 (CA10 2017); Planned Parenthood of Greater Tex Surgical Health Servs v Abbott, 734 F3d 406, 419 (CA5 2013).

Setting aside, for the moment, the fact that the Court's injunctive relief unwinds the Legislative will of the local residents of Peninsula Township, the Court's order has real world consequences on the day to day business in Peninsula Township that warrant a stay pending the Sixth Circuit's decision. The Court has dispatched the core of Peninsula Township's zoning ordinance at the request of Plaintiffs who seek to elevate the secondary use of their properties (retail) over the primary use (farming). Because the Order struck numerous provisions of the zoning ordinance, there is no coherent, legislatively designed and implemented policy in the A-1 Agricultural district.

Further, and applicable to this case, it is anticipated that

7

Plaintiffs will argue in short order that they are entitled to rely upon the Court's ruling to proceed now to implement their form of local commercialism. However, when the Sixth Circuit rules, it is very likely that Plaintiffs will have expended tens of thousands of dollars in vain, and seek to recover damages or take advantage of some yet-unknown litigation device to recover these additional damages that arise out of the June 3, 2022 order. They may also seek to schedule a political rally or host a wedding in 2023; but what would the Court tell the bride that has scheduled her wedding at a chateau that no longer has a venue for the most important day of her life? These are just some of the reasons why restraint is necessary and why, under these circumstances, discretion is the best part of valor.

Finally, injunctive relief is typically intended to maintain the status quo specifically so that irreparable harm is not suffered by one of the parties. <u>United Food and Commerical Workers Union v Southwest Ohio Regional Transit Authority</u>, 163 F3d 341, 348 (CA6 1998). But, "if the currently existing status quo itself is causing one of the parties irreparable injury, it is necessary to alter the situation so as to prevent the injury." Here, the existing status quo created by the Court on June 3, 2022 inexorably caused the Township to suffer irreparable harm. Without a proper and functioning zoning ordinance in place, the will of the local residents through their duly elected local government has been

8

upended. While Plaintiffs may trivialize the Township's right to regulate, the fact is "[t]he Michigan Legislature has empowered local municipalities to establish zoning regulation through the Zoning Enabling Act, MCL 125.3203(1)." <u>Tuscola Wind III, LLC v Ellington Township</u>, 2018 WL 1291161, *4 (E.D. MI, 2018). "The Michigan legislature has also provided local municipalities the power to adopt ordinances regulating the public health, safety, and general welfare of person and property." <u>Id.</u>, citing, MCL 41.181. This is why ordinances are presumed to be constitutionally valid, a presumption that, despite the Court's ruling, should continue while an appeal is pending. <u>Curto v City of Harper Woods</u>, 954 F2d 1237 (CA6 1992) ("An ordinance which represents an exercise of the municipality's police powers is presumed to be constitutionally valid, with the burden of showing unreasonableness being cast upon those who challenge the ordinance.").

**2. Substantial Harm to Others** Plaintiffs will inevitably argue that they will suffer substantial harm if a stay of the Court's permanent injunction is entered pending the Township's appeal. Typically, a party is incapable of demonstrating irreparable harm if damages are compensable by monetary damages. <u>Harper v Chemtrade Logistics, Inc</u>, 2014 WL 7359024 (MD TN, 2014). Here, the Plaintiffs have submitted an expert report seeking to recover monetary damages in excess of $200 million. Plaintiffs' claims for monetary damages demonstrate that the harm they will allegedly suffer would be

purely economic (if proven), and therefore, is not so substantial or irreparable that it will be unrecoverable in the unlikely event that they prevail on appeal. While Plaintiffs *may* be able to demonstrate harm, there is nothing substantial or irreparable about it.

**3. Public Interest Supports a Stay** Finally, and perhaps the most important of the factors for the purposes of this motion, is the public's interest in seeing a stay entered by the Court. It is noted above, but it bears repeating that the vast majority of local residents in Peninsula Township support the township board that it duly elected. A group of Peninsula Township residents have already sought to intervene in this case to express their great concern about what expanded winery operations would mean to their way of life that has been entrenched for nearly 50 years (ECF 40-41).

Here, the local legislative body is the Township Board, and the State Legislature has given it the power to locally determine the best public policy when it comes to zoning. MCL 125.3203(1). Notably, it did so again when it created the Liquor Control Commission, which has subsequently required Plaintiffs' to comply with their local zoning ordinances. While this Court has a place when called upon to adjudicate disputes between parties such as those here, it should recognize that the judicial branch is "limited to one set of facts in each lawsuit, which is shaped and limited by arguments from opposing counsel who seek to advance

purely private interests." <u>Woodman ex rel Woodman v Kera LLC</u>, 486 Mich 228, 247l 785 NW2d 1 (2010).

The inherent limitations of the judiciary when judging public policy and the Michigan Courts' recognition that local legislative bodies are best placed and suited to determine issues of policy, all reveal the important need to defer to the local government. <u>League of Women Voters of Michigan v Secretary of State</u>, 333 Mich App 1;959 NW2d 1 (2020) (finding that for Legislative policy issues such as when an election deadline should be set, is one that the "court should typically defer to the Legislature."). See also, <u>Michigan Alliance for Retired Americans v Secretary of State</u>, 334 Mich App 238; 964 NW2d 816 (2020) (As compared to the judiciary, "[w]hen formulating public policy for this state, the Legislature possesses superior tools and means for gathering facts, data, and opinion and assessing the will of the public.") More importantly, the Michigan Courts and Legislature are entitled to this Court's deference and restraint where they have created a model and precedent for local control, even if this Court believes the Township is not so equipped. And, if the Court finds that it should not place its trust in the Township, the Michigan Legislature, or the Michigan Judiciary, it should find solace in the local residents of Peninsula Township. See, <u>Arizona State Legislature v Arizona Independent Redistricting Com'n</u>, 576 US 787, ; 135 SCt 2652 (2015) ("[T]he power to legislate in the enactment of the laws of

a State is derived from the people of the State.... The Legislative being only a Fiduciary Power to act for certain ends, there remains still in the People a [Supreme] Power to remove or alter the Legislative, when they find the Legislative act contrary to the trust reposed in them."), quoting John Locke, "Two Treatises of Government § 149, p 385 (P. Laslett ed. 1964).

**4. Strong Likelihood of Success** On this factor, the movant "is always required to demonstrate more than the mere possibility of success on the merits and the probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiffs will suffer absent the stay." Id. See also, Baker v Adams Cnty/Ohio Vallen School Bd, 310 F3d 927; 54 FedRServ3d 452 (2002). "However, in order to justify a stay of the district court's ruling, the defendant must demonstrate at least serious questions going to the merits and irreparable harm that decidedly outweighs the harm that will be inflicted on others if a stay is granted." Id., at 928, citing, In re DeLorean Motor Co, 755 F2d 1223, 1229 (6th Cir., 1985). What follows is a review of the factors the Court should consider when granting a motion to stay enforcement.

Respectfully, Peninsula Township has a strong likelihood of success on the merits of its case. As discussed in further detail below, where irreparable harm in this matter is established as a matter of law (and it is), proof of the Township's likelihood of

success need not be as strong. Baker, supra, at 928. Yet, in this case the Township has absolute defenses which strike at the heart of each of the Plaintiffs' claims.

To assist the Court in adjudicating this motion, but in an effort to maintain the proper word count, the Township will identify the key areas where it believes it is very likely to prevail on the merits, but will reserve for oral argument, and its Motion to Amend or Alter, a full-throated argument on all errors the Township ascribes to the June 3, 2022 Opinion and Order.

### A. Laches

The Plaintiffs did not seek summary judgment on the Township's laches claim, which in the context of the Constitutional claims raised by Plaintiffs, is an absolute defense. The Court denied Defendant's Summary Judgment Motion on laches, but did not Grant Summary Judgment in Plaintiffs' favor, leaving this issue set for trial (Ex A, p 43).

"A constitutional claim can become time-barred just as any other claim can." Michigan Chamber of Commerce v Land, 725 FSupp2d 665, 680 (WD Mich,2010). "Laches is the negligent and unintentional failure to protect one's rights." Nartron Corp v STMicroelectronics, Inc, 305 F3d 397(6th Cir, 2002). While the determination of the application of laches to a particular case is a question for the Court, such a determination is a fact-dependent inquiry. Land, supra. Where, as here, the Court sits as the arbiter

13

of facts at trial and has found a question of fact exists as to laches, the issue remains unresolved.

To demonstrate laches the Township must show: 1) a lack of diligence by the Plaintiffs, and 2) prejudice to the Township. Id. The Court's opinion on these two elements recognizes that there is likely a very substantial delay. Though, for purposes of clarity, the Township argues that the Ordinances at the very least have been in place for over 20 years and, as such, raising these Constitutional issues now is exceedingly tardy, even if non-legal attempts at change were made.

As to prejudice, the Court was concerned that there was an insufficient showing of evidence to warrant summary judgment. Respectfully, the Township disagrees with the Court's analysis. In the Sixth Circuit, there is a strong presumption that, where a plaintiff has delayed beyond the applicable statute of limitations to bring its Constitutional claims, the plaintiff's actions are "prejudicial and unreasonable." Nartron, supra, 305 F3d 397. In Michigan, the proper time for filing a claim for relief pursuant to 42 USC § 1983, the basis for all of Plaintiffs' allegations, is three years. MCL 600.5805(2). Thus, "a delay beyond the three-year statutory period is presumptively prejudicial and unreasonable." Nartron, supra. Further, the time for measuring whether a delay has occurred "begins to run when plaintiff had actual or constructive knowledge of the alleged infringing activity." Id.

14

As the Court noted in its Opinion and Order, the oldest challenged Ordinance is 30 years old, and the most recent challenged Ordinance is approximately 20 years old (Ex A, p 41). Meanwhile, "[t]he Township Ordinances have sparked problems among the parties for years. The Wineries allege that after a decade of attempting to change the Township Ordinances with no success, they were forced to file this lawsuit" (Ex A, p 5). The Plaintiffs, therefore, had notice of the alleged infringing activity conducted by the Township for at least two decades.

Meanwhile, the period of limitations begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of his action." Basista Holdings, LLC v Ellsworth Township, 710 Fed Appx 688, 691 (CA6 2017). Based upon the evidence the Court found and, in the light most favorable to the Plaintiffs, the limitations period began to run at least 10 years ago (Ex A, p 5). Therefore, the Plaintiffs have, *as a matter of law*, brought this action past the applicable statute of limitations.

Consequently, there is a "strong" presumption that the Plaintiffs' delay was prejudicial and unreasonable. Nartron, supra. While the Court found a question of fact on the Township's laches defense, respectfully, it should have recognized the presumption of prejudice and shifted the burden of demonstrating that none exists onto the Plaintiffs. Nartron, supra.

**B. Preemption**

On preemption, the Court employed a heightened standard where any difference between an ordinance and statute constitutes preemption. See, e.g., discussion of Sections 8.7.3(10)(u)(5)(g) and (10)(u)(5)(I). Yet, Michigan law is clear that "a local ordinance that regulates in an area where a state statute also regulates, with mere differences in detail, is not rendered invalid due to a conflict." USA Cash #1, Inc v City of Saginaw, 285 Mich App 262, 267; 776 NW2d 346 (2009). Additionally, the Opinion and Order does not address the state administrative code and its requirement that a licensee (such as Plaintiffs) comply with all zoning ordinances as determined by state and local officials with jurisdiction. See, Mich Admin Code R 436.1003. Consequently, on those sections of the Ordinance that the Court found preemption, such as the "amplified instrumental music" ordinance, and the "off-site catering" ordinance, are not pre-empted under USA Cash. The Township believes it will prevail on the merits on this issue.

**C. The Township Is Likely to Prevail on the Commerce Clause**

Relying on Alexis Bailly Vineyard, Inc v Harrington, 482 F Supp 3d 820, 824 (D Minn, 2020), the Court found that several sections of the Township's zoning ordinance, "on their face, discriminate against all out-of-state farmers, "and thus were "*per se* invalid." (Ex A, 19.) The Court's application and holding were incorrect, we respectfully contend, because the Court exclusively

16

relied on dormant commerce clause cases addressing laws and regulations that impacted *state-wide* markets. E.g., <u>Granholm v Heald</u>, 544 US 460; 125 S Ct 1885; 161 L Ed 2d 796 (2005); and <u>Alexis Bailly, supra</u>, 482 F Supp 3d at 824.

Since Peninsula Township's zoning ordinance did not discriminate against interstate commerce (it made no distinction between in state and out-of-state farmers equally) and the local benefits far exceed its burdens on interstate commerce, the Court should have upheld Peninsula Township's zoning ordinance provisions like other courts in the Sixth Circuit and beyond who have routinely upheld local zoning ordinances when they allegedly burden interstate commerce. <u>Loesel v City of Frankenmuth</u>, No. 08-11131-BC, 2009 WL 817402, at *22 (ED Mich, March 27, 2009); <u>City of Cleveland, Ohio v City of Brook Park, Ohio</u>, 893 F Supp 742, 752 (ND Ohio, 1995); <u>Wood Marine Service Inc v City of Harahan</u>, 858 F2d 1061, 1064 (5th Cir 1988); and <u>Creekside Parking, Inc v City of Chelsea</u>, 1994 WL 16193975, at *1 (Mass Land Ct, July 29, 1994).

Instead of applying the standard articulated in the Court's Opinion and Order, the Court should have considered whether the Township's ordinances were "demonstrably justified by a valid factor unrelated to economic protectionism" or whether there were "nondiscriminatory alternatives adequate to preserve the local interests at stake." <u>New Energy Co of Indiana v Limbach</u>, 486 US

17

269, 274; 108 S Ct 1803, 1808; 100 L Ed 2d 302 (1988); <u>Hunt v Wash State Apple Adver Comm'n</u>, 432 US 333, 353, 97 S Ct 2434, 53 L Ed 2d 383 (1977). Significantly, the zoning ordinance treats in-state agricultural products (grown off Old Mission Peninsula) the same as out-of-state agricultural products. This means, as a matter of law, the zoning ordinance is not facially discriminatory because in-state and out-of-state commerce are equally burdened. <u>City of Cleveland, Ohio</u> 893 F Supp at 752. This equal treatment necessarily requires a finding that the zoning ordinance is not discriminatory in purpose or effect, on its face. See <u>Wood Marine Service Inc</u>, 858 F2d at 1064.

Had the Court not been misled by its application of <u>Alexis Bailly</u>, it would have applied the <u>Pike</u> balancing test. <u>Pike v Bruce Church, Inc</u>, 397 US 137, 142 (1970). That standard applies to laws that only indirectly or incidentally burden interstate commerce, but do not discriminate. <u>City of Cleveland, Ohio</u>, 893 F Supp at 753. Under the <u>Pike</u> balancing test "[w]here the statute regulates even-handedly to effectuate a legitimate local public interest, and its effects on interstate commerce are only incidental, it will be upheld unless the burden imposed on such commerce is clearly excessive in relation to the putative local benefits." 397 US at 142.

## **CONCLUSION**

WHEREFORE, the Defendant, Peninsula Township, respectfully requests that this Honorable Court grant its Motion for Stay of Injunction Pending Appeal and award any other relief that is appropriate and just under the circumstances.

                                   Respectfully Submitted,

                                   __/s/  Timothy  A.  Diemer___
                                   Timothy A. Diemer (P65084)
                                   Eric P. Conn (P64500)
                                   Jacobs and Diemer PC
                                   "Of Counsel" for Defendant
                                   500 Griswold St., Ste 2825
                                   Detroit, MI 48226
Dated: June 24, 2022               (313) 965-1900
                                   tad@jacobsdiemer.com
                                   Econn@jacobsdiemer.com

19

## CERTIFICATE OF COMPLIANCE
## PURSUANT TO LOCAL RULE 7.3(b)(i)

1.    This brief complies with the type-volume limitation of Local
      Rule 7.3 because:
        X  this brief contains 4283 words, excluding the parts
      exempted by Local Rule 7.3(b)(i)

2.    This Brief was prepared using Word Perfect 2021.


                              Respectfully submitted,

                              /s/ Timothy A. Diemer
                              TIMOTHY A. DIEMER (P65084)
                              Jacobs and Diemer, P.C.
                              Attorney for Defendant
                              500 Griswold Street – Suite
                              2825
                              Detroit, MI 48226
                              (313) 965-1900
Dated: June 24, 2022         tad@jacobsdiemer.com

## CERTIFICATE OF SERVICE

    I hereby certify that on June 24, 2022, I electronically filed the foregoing paper with the Clerk of the Court using the CM-ECF system which will send notification of such filing to the following:

MILLER, CANFIELD,
PADDOCK & STONE, PLC
JOSEPH M. INFANTE (P68719)
CHRISTOPHER J. GARTMAN
(P83286)
Attorneys for Plaintiffs
99 Monroe Avenue NW, Suite
1200
Grand Rapids, MI 49503
(616) 776-6333
infante@millercanfield.com
gartman@millercanfield.com

FAHEY SCHULTZ BURZYCH RHODES
WILLIAM K. FAHEY (P27745)
JOHN S. BRENNAN (P55431)
CHRISTOPHER S. PATTERSON
(P74350)
Attorneys for Defendant
4151 Okemos Rd
Okemos, MI 48864
(517) 381-3150 Office
wfahey@fsbrlaw.com
jbrennan@fsbrlaw.com
cpatterson@fsbrlaw.com

GORDON, REES, SCULLY,
MANSUKHANI
GREGORY M. MEIHN (P38939)
MATTHEW T. WISE (P76794)
Attorneys for Defendant
37000 Woodward Ave Ste 225
Bloomfield Hills, MI
48304-0925
(248) 756-6428
gmeihn@grsm.com
mwise@grsm.com

Respectfully Submitted,

  /s/Timothy A. Diemer
Timothy A. Diemer (P65084)
Eric P. Conn (P64500)
Jacobs and Diemer PC
"Of Counsel" for Defendant
500 Griswold St., Ste 2825
Detroit, MI 48226
(313) 965-1900
tad@jacobsdiemer.com
Econn@jacobsdiemer.com

Dated: June 24, 2022