UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WINERIES OF THE OLD MISSION PENINSULA     )
ASSOCIATION, *et al.*,                    )
                          Plaintiffs,     )
                                          )        No. 1:20-cv-1008
-v-                                       )
                                          )        Honorable Paul L. Maloney
PENINSULA TOWNSHIP,                       )
                          Defendant.      )
_____     )

## ORDER DENYING MOTION TO STAY INJUNCTION

On June 3, 2022, this Court adjudicated the parties' motions for summary judgment and struck several sections of the Township Ordinances (ECF No. 162). The Court indicated that it "will enjoin the Township from enforcing all of the sections of the Township Ordinances that the Court has found unconstitutional or contrary to law" (*Id.* at PageID.6029). On July 19, 2022, the Court, in accordance with the June 3 opinion and order, entered the preliminary injunction pursuant to Fed. R. Civ. P. 58 (ECF No. 206).[1]

28 U.S.C. § 1292(a)(1) permits parties to appeal an interlocutory decision of the district court in which the court grants an injunction. The Township has appealed the

---

[1] When the Court decided the parties' motions for summary judgment, the Court did not enter a separate Preliminary Injunction order pursuant to Rule 58, albeit referencing in the opinion that the Court "will enjoin" the Township from enforcing the sections of the Township Ordinances that the Court found contrary to law. In Plaintiffs' response to the Township's motion to stay the injunction (ECF No. 171), Plaintiff argued that the Court failed to properly enter a preliminary injunction because Rule 58 requires the Court to do so in a separate document. *See Beukema's Petroleum Co. v. Admiral Petroleum Co.*, 613 F.2d 626, 627 (6th Cir. 1979) ("[T]he express provisions of Rule 58 for entry of judgment on a separate document applies not only to final judgments in the ordinary sense but also to preliminary injunctions entered pursuant to Rule 65, Fed. R. Civ. P., and made appealable under 28 U.S.C. s 1292(a)(1)."); *Salyers v. Sec'y of Health & Human Servs.*, 791 F.2d 935, *2 (6th Cir. 1986) (Table) ("This court has previously held that the express provisions of Rule 58 for entry of judgment on a separate document apply not only to final judgments in the ordinary sense but also to preliminary injunctions.). In light of the *Beukema's* case and in an abundance of caution, the Court subsequently entered the preliminary injunction in a separate document.

summary judgment opinion and order and preliminary injunction. Following the filing of its notice of appeal, the Township filed a motion to stay the injunction pending the appeal of that injunction (ECF No. 169).

Fed. R. App. P. 8(a)(1)(C) permits a district court to stay an injunction pending the appeal of that injunction. In determining whether a stay should be granted, courts consider the four factors that are traditionally considered in evaluating granting a preliminary injunction: "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991). "[A] stay is an intrusion into the ordinary processes of administration and judicial review," and "the heavy burden for making out a case for such extraordinary relief rests on the moving party." *Kentucky v. Biden*, 23 F.4th 585, 593 (6th Cir. 2022) (cleaned up).

The Court declines to stay the injunction because it finds that none of the four factors articulated above weigh in favor of a stay. First, looking at irreparable harm, the Township argues that this factor is "conclusively met" because the Township is enjoined from enforcing a duly enacted ordinance (ECF No. 169 at PageID.6229) (citing *Maryland v. King*, 567 U.S. 1301, 1303 (2012) ("[A]ny time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury.")). Based on this broad proposition from *King*, the Township argues that it necessarily will suffer an irreparable harm if it cannot enforce its Ordinances. But *King* is not quite as broad as the

2

Township reads it to be. In actuality, States and municipalities only face irreparable harm in this scenario if the court enjoins a *constitutional* statute. *See Thompson v. Dewine*, 959 F.3d 804, 812 (6th Cir. 2020) (quoting *Abbott v. Perez*, 138 S. Ct. 2305, 2324 (2018)) ("Unless the statute is unconstitutional, enjoining a 'State from conducting its elections pursuant to a statute enacted by the Legislature . . .  would seriously and irreparably harm [the State].'"); *Doe #11 v. Lee*, -- F. Supp. 3d --, 2022 WL 2181800, at *27 (M.D. Tenn. June 16, 2022) (holding that although *King* declares that a State is irreparably harmed "any time" it is enjoined from enforcing a statute, "'any time' actually appears to mean only when the statute at issue is *not unconstitutional*"). Here, because the Court only enjoined the sections of the Ordinances that it found unconstitutional and contrary to law, the Township is not facing an irreparable harm, and this factor weighs in favor of denying a stay.

Second, for the success-on-the-merits factor to weigh in favor of the Township, it must "demonstrate more than the mere 'possibility' of success on the merits." *Griepentrog*, 945 F.2d at 153. Further, "[t]he probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiffs will suffer absent the stay." *Id.* at 153-54. Because of this inverse relationship and the fact that the Township has failed to show irreparable harm, the Township must show *more than* "serious questions going to the merits" to win on this factor. *Id.* at 154.

The Township's motion to stay raises two specific arguments as to why the Township is likely to succeed on the merits (laches and preemption), and it also incorporates its

remaining substantive arguments asserted in its motion to alter or amend judgment[2] (ECF No. 169 at PageID.6235-40). Specifically looking at the laches and preemption arguments, the Township has failed to raise more than "serious questions going to the merits." *Griepentrog*, 945 F.2d at 154.

As for the laches argument, the Township purportedly intends to assert this defense at trial. Despite the Court's denial of the Township's summary judgment motion regarding the laches defense, the Township asserts that "this is a matter left for adjudication at trial" because the Wineries did not seek summary judgment on laches (ECF No. 169 at PageID.6236-37). The Township believes that laches is "an absolute defense" and may relieve the Township of any liability (*Id.* at PageID.6236). For the reasons stated in the summary judgment opinion and order, the Court does not find the Township's laches argument to be persuasive (ECF No. 162 at PageID.6021-23) ("Given that the Township has not shown that it is prejudiced by the Wineries' delay in bringing this suit, the Court finds that the Township has failed to meet its burden in proving the affirmative defense of laches.").

Further, even assuming *arguendo* that the Township properly asserts and wins on its laches defense at trial, it is not an "absolute defense" like the Township believes. *See Nartron Corp. v. STMicroelectronics, Inc.*, 305 F.3d 397, 412 (6th Cir. 2002) ("Laches only bars damages that occurred before the filing date of the lawsuit . . . It does not prevent a plaintiff from obtaining injunctive relief or post-filing damages."). Instead, the Wineries would be barred from collecting certain damages, but they would not be barred from obtaining a

---

[2] Although the Court has yet to enter an order denying the Township's motion to alter or amend judgment, at the hearing on the motion, the Court indicated that it intended to deny the motion. The Court does not find the Township's remaining substantive arguments asserted in the motion to alter or amend judgment to be persuasive.

permanent injunction or post-filing damages. *See id.* Therefore, the Court finds that the Township's potential laches defense does not establish that it is likely to succeed on the merits.

As for the Township's preemption argument, it argues that the Court failed to address the state administrative code, which apparently has a requirement that licensees comply with local zoning ordinances (*see* ECF No.169 at PageID.6240). The Township then makes the broad assertion that the Court incorrectly found preemption, yet it fails to raise any substantive argument on this issue, nor does it compare any Michigan statute or regulation to the Township Ordinances. Given this complete lack of conducting a true preemption analysis, the Township has failed to show that it will succeed on the merits of its preemption claim.

Therefore, the Township has not shown more than "serious questions going to the merits," and this factor also weighs in favor of denying the motion to stay the injunction.

Finally, looking at the last two factors—the harm to the public and others if the Court grants the stay—the Court holds that they also weigh against a stay. The Wineries cite several cases stating that no harm results from preventing unconstitutional conduct, which the Court finds persuasive (*see* ECF No. 171 at PageID.6358); *see, e.g., Deja Vu of Nashville, Inc. v. Mero. Gov't of Nashville & Davidson Cnty.*, 274 F.3d 377, 400 (6th Cir. 2001) ("[I]f the plaintiff shows a substantial likelihood that the challenged law is unconstitutional, no substantial harm to others can be said to inhere in its enjoinment. Moreover, 'it is always in the public interest to prevent violation of a party's constitutional rights.'") (internal citations omitted). On the other hand, the Township argues that if the Court declines to stay the

injunction, the Wineries will proceed with booking events and weddings, and in the event that the Sixth Circuit ultimately reverses this Court on many of the substantive claims in this litigation, the Wineries will be forced to cancel these gatherings. These cancellations would thus harm the public. However, the Wineries have not indicated that they will begin booking events immediately. The harm in enforcing unconstitutional ordinances greatly outweighs the potential harm that may result from a few canceled events. These two factors also weigh against granting the stay.

Given that all four factors weigh against staying the injunction, the Court will deny the Township's motion to stay the injunction pending appeal. Accordingly,

**IT IS HEREBY ORDERED** that the Township's motion to stay the injunction (ECF No. 169) is **DENIED**.

**IT IS SO ORDERED**.

Date:  July 19, 2022                                         /s/ Paul L. Maloney
                                                                      Paul L. Maloney
                                                                      United States District Judge