UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WINERIES OF THE OLD MISSION PENINSULA )
ASSOCIATION, *et al.*,                  )
                          Plaintiffs,   )
                                        )          No. 1:20-cv-1008
-v-                                     )
                                        )          Honorable Paul L. Maloney
PENINSULA TOWNSHIP,                     )
                          Defendant.    )
_____)

## ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT AND MOTION FOR A CERTIFICATE OF APPEALABILITY

Following a hearing on June 3, 2022, this Court adjudicated the parties' motions for summary judgment (ECF No. 162). The Court granted much of the Wineries' motions and consequently struck several sections of the Township Winery Ordinances that the Court found unconstitutional or contrary to law. Following the disposition of the parties' motions for summary judgment, the Township moved to alter or amend the judgment (ECF No. 173), or alternatively, for a certificate of appealability (ECF No. 176) to certify three questions to the Sixth Circuit that may affect how this Court adjudicated the parties' summary judgment motions. The Court heard oral argument on these motions on July 18, 2022. After a review of the record and considering the parties' oral arguments, the Court will deny both motions.

### I.    Motion to Alter or Amend Judgment

Fed. R. Civ. P. 59(e) allows parties to file motions to alter or amend a judgment within 28 days of the entry of the judgment. "[F]ederal courts generally have invoked Rule 59(e) to support reconsideration matters properly encompassed in a decision on the merits." *White*

*v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 451 (1982). District courts may grant Rule 59(e) motions if there is (1) a clear error of law, (2) newly discovered evidence, (3) an intervening change in controlling law, or (4) to prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Moreover, Rule 59(e) may not be used to argue a new legal theory. *See Roger Miller Music, Inc. v. Sony/ATB Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007) ("[U]nder Rule 59(e), parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued.").

The Township's motion does not rely on newly discovered evidence or a change in controlling law. Instead, it argues that the Court committed numerous errors of law in its summary judgment opinion and order and that the judgment must be amended to prevent manifest injustice. However, the Township raises numerous arguments for the first time in this motion. The Court cannot grant the motion based on these improperly asserted arguments. Rather, the Court must find a clear error of law in its legal analysis of the issues that the parties presented *before* the Court issued the order.

For each claim that the Court found in favor of the Wineries in the summary judgment opinion and order, the Township raises an argument why the Court was incorrect. The Court does not find any of the Township's arguments particularly compelling, especially given the requisite high standard of finding a "clear error of law" or "to prevent manifest injustice" to grant the motion to alter or amend judgment. *See Jones v. Stapleton*, No. 2:08-cv-110, 2012 WL 3186108, at *2 (W.D Mich. Aug. 3, 2012) ("The remedy provided in Rule 59(e) is an extraordinary one which is to be used sparingly. A Rule 59(e) motion is not a

2

substitute for an appeal. Rule 59(e) does not give a dissatisfied litigant an additional opportunity to sway the District Court by repeating the same arguments. A Rule 59(e) motion cannot be used to relitigate the same facts, issues, and arguments that have previously been considered and decided by the District Court.") (collecting cases).

Because the Court holds that none of the Township's arguments establish a clear error of law or that amending the judgment would prevent a manifest injustice, the Court only briefly outlines each argument and why it rejects each one.

### 1. Laches/Injunction

The Township argues that the Court prematurely entered an injunction because the Township intends on asserting its laches defense at trial, which may dispose of the entire case (*see* ECF No. 174 at PageID.6568-72). This argument is rejected because laches is not an absolute defense, nor is it a defense to injunctive relief. *See Nartron Corp. v. STMicroelectronics, Inc.*, 305 F.3d 397, 412 (6th Cir. 2002) ("Laches only bars damages that occurred before the filing date of the lawsuit . . . It does not prevent plaintiff from obtaining injunctive relief or post-filing damages.") (internal citations omitted).

### 2. Preemption

The Township raises three preemption arguments. First, that § 8.7.3(10)(u)(5)(g), which prohibits amplified music, is not preempted because the Michigan Liquor Control Code (MLCC) only permits the playing of music, not necessarily "amplified" music (*see* ECF No. 174 at PageID.6572-74). The Court rejects this argument because the Township already asserted it in its motion for summary judgment and rejected it upon the ruling of that motion (*see Defendant's Motion for Summary Judgment*, ECF No. 63 at PageID.2769) ("There is

3

no conflict preemption as the Township only desires to regulate [amplified music] in a particular agricultural district and the statute from the MLCC *does not even address amplification at all.*"). *See Stapleton*, 2012 WL 3186108, at *2 ("Rule 59(e) does not give a dissatisfied litigant an additional opportunity to sway the District Court by repeating the same arguments. A Rule 59(e) motion cannot be used to relitigate the same facts, issues, and arguments that have previously been considered and decided by the District Court.").

Second, the Township argues that § 8.7.3(u)(5)(i), which prohibits the use of kitchens for off-site catering, is not preempted because the MLCC addresses only the catering of alcohol, not the catering of food (ECF No. 174 at PageID.6574-75). This argument is rejected because a catering license under the MLCC can only be issued to a licensee "that is also licensed as a food service establishment or retail food establishment" (ECF No. 187 at PageID.7055). When an entity is issued a catering permit under the MLCC, that entity is inherently allowed to operate its "food service establishment," (which includes a "catering kitchen" under Mich. Comp. Laws § 288.573(e)), while the Township Ordinances expressly prohibit the use of kitchens for off-site catering.

Third, the Township challenges the Wineries' preemption claim in general, arguing that none of the Township Ordinances can be preempted because the MLCC requires licensees to comply with local zoning rules (ECF No. 174 at PageID.6575-76). However, the Court rejects this argument because only zoning rules that are not contrary to law are enforceable. Because the Court ruled that numerous sections of these zoning ordinances are unconstitutional or contrary to law, they are preempted. *See Sheffield v. City of Fort*

4

*Thomas*, 620 F.3d 596, 604 (6th Cir. 2010) ("Where a municipal ordinance conflicts with a constitutional provision or statute, the ordinance is preempted.").

### 3. Dormant Commerce Clause

The Township next argues that the Court applied the incorrect standard in assessing the dormant Commerce Clause; it should have applied the *Pike*[1] balancing test instead of strict scrutiny. Under the *Pike* balancing test, which applies when a local regulation burdens both in-state and out-of-state commerce, the regulation will be upheld unless the imposed burden is clearly excessive in relation to the punitive local benefits (ECF No. 174 at PageID.6576-81). Putting aside the very persuasive Supreme Court precedent that Plaintiffs cite, the present motion is the first time that the Township has argued that the *Pike* balancing test should apply to the dormant Commerce Clause analysis. This argument is therefore effectively waived. *See Roger Miller Music, Inc.*, 477 F.3d at 395.

### 4. Commercial Speech

As for Plaintiffs' commercial speech claim, the Township argues that many of the sections of the Ordinances challenged in this claim regulate conduct, not speech, and thus do not constitute regulations of commercial speech under the *Central Hudson*[2] test (*see* ECF No. 174 at PageID.6581-91). And at the motion hearing, the Township further argued that the Wineries' motion only challenged seven sections of the Ordinances under the commercial speech claim, but the Court evaluated thirteen sections under this claim. The Court rejects the Township's first argument because even though it may *now* believe that

---

[1] *Pike v. Bruce Church, Inc.*, 397 U.S. 137 (1970).
[2] *Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n*, 447 U.S. 557 (1980).

several of the stricken sections do not constitute regulations of commercial speech, in its response to the Wineries' motion for summary judgment, the Township previously challenged only two sections—those restricting weddings and large gatherings—as sections that do not regulate commercial speech (*see* ECF No. 143 at PageID.5373-74). Thus, the Township effectively conceded that the remainder of the challenged sections under this claim do indeed regulate commercial speech and that the *Central Hudson* test is applicable. Second, the Court rejects the Township's argument that the Court broadened the scope of the Wineries' motion. Between the Wineries' motion itself and the attachments to the motion, the Wineries challenged all thirteen sections listed in the Court's summary judgment opinion and order as impermissible regulations of commercial speech (*see* ECF Nos. 136 at PageID.4727-29; 136-9).

### 5.  Regulatory Taking

The Township next argues that the Court incorrectly denied the Township's motion for summary judgment regarding the Takings Clause claim because the Wineries have not been denied all economically beneficial and productive uses of their land, which the Township believes necessarily defeats the Takings claim (ECF No. 174 at PageID.6591-94). This argument is rejected because the economic impact of the alleged taking is necessary under the *Penn Central*[3] test, which the Township failed to analyze in its motion for summary judgment. Whether a plaintiff has been *fully* deprived of its economic use of the property is relevant under *Lucas*, not *Penn Central. Compare Penn Cent. Transp. Co*, 438 U.S. at 104

---

[3] *Penn Cent. Transp. Co. v. City of N.Y.*, 438 U.S. 104 (1978).

(1978) (applicable where a regulation denies a property owner *some* uses of its property),
with *Lucas v. S.C. Coastal Council*, 505 U.S. 1003 (1992) (applicable where a regulation
denies a property owner *all* economically beneficial or productive uses of its property).

### 6.  Weddings

Next, the Township argues that the Court misinterpreted Director of Zoning
Christina Deeren's testimony, where she essentially conceded that weddings are not Guest
Use Activities, and thus, a Winery is not required to obtain permission from the Township
to host a wedding (*see* ECF No. 162 at PageID.6020). Whether or not Director Deeren
intended to testify that the Wineries are permitted to host weddings, the Court granted
summary judgment to the Wineries on their claim regarding the restriction of the hosting of
weddings because the Township failed to respond to this argument in the Wineries' motion
for summary judgment. Thus, the Court found that the Township had conceded this
argument, based not on Director Deeren's testimony, but based on the Township's failure
to respond (*see id.* at PageID.6021) ("Plaintiffs argue that based on the Township's
concessions regarding weddings . . . they should be granted summary judgment on [this]
issue[]. The Township failed to respond to this argument all together. Neither the
Township's response to Plaintiffs' motion for summary judgment nor the Township's own
motion for summary judgment discusses Plaintiffs' wedding/closing time argument or the
Township's concessions. As such, the Township has conceded these issues.").

### 7.  Closing Times

The Township also argues that the Court incorrectly found that the Township
conceded that it had been improperly enforcing the 9:30 p.m. closing time on all Wineries

during all activities (*see* ECF No. 174 at PageID.6595-96). The Township asserts that the Ordinances permit the Township to impose "reasonable conditions" on special use permittees, such as the Wineries, and that the 9:30 p.m. closing time constitutes a "reasonable condition." Putting aside the fact that the present motion is the first time the Township is raising this argument, as with the Wineries' weddings argument above, the Township also failed to respond to the Wineries' closing time argument. As such, the Court correctly found that the Township had conceded this issue.

8. Vagueness of "Guest Activity Use"

Lastly, the Township argues that the Court incorrectly found that the term "Guest Activity Use," used numerous times throughout § 8.7.3(10), is vague in violation of the Due Process Clause (*see* ECF No. 174 at PageID.6596-98). The Township asserts that the term only encompasses wine and food classes, cooking classes, meetings of non-profit groups, and meetings of agricultural groups. Moreover, in analyzing this term, the Township argues that the Court should have *only* looked at the text of the Ordinance on its face, rather than the depositions of the Township representatives who testified about the interpretation of "Guest Activity Use." First, the Court finds that it correctly reviewed the deposition testimony of the Township representatives as a tool of statutory interpretation because their testimony established the Township's varying interpretations of the definition of "Guest Activity Use." Moreover, even if the Court only reviewed the text of the Ordinance on its face, the term is clearly vague. "Guest Activity Use" is defined as "Activities by persons who may or may not be registered guests." *See* § 8.7.3(10)(u)(2). It is not necessary for the Court to utilize tools of statutory interpretation to find that this definition, which encompasses quite literally all

activities (activities that do involve registered guests as well as activities that do not involve registered guests), is vague. And although the Township asserts that the activities listed—wine and food classes, cooking classes, meetings of non-profit groups, and meetings of agricultural groups—are the *only* permissible Guest Activity Uses, the Township Ordinances fail to state that this list of Guest Activity Uses is exhaustive. The Court thus rejects the Township's arguments regarding the vagueness of the term "Guest Activity Use."

For all the reasons articulated above and because the granting of a Rule 59(e) motion is an "extraordinary" remedy, the Court holds that it did not make any "clear errors of law" in its summary judgment opinion and order. It also finds that amending the summary judgment opinion and order would not "prevent manifest injustice." Therefore, the Court will deny the Township's motion to alter or amend judgment in its entirety.

## II.    Motion for Certificate of Appealability

Alternatively, the Township has also moved for a certificate of appealability. The Township asks the Court to certify three questions to the Sixth Circuit:

1. Whether the dormant Commerce Clause analysis should have been governed by the *Pike* balancing test, rather than strict scrutiny?

2. Whether the Township Ordinances are "conduct-related," not "speech-oriented," and are subject to rational basis review instead of strict scrutiny?

3. Whether the Township Ordinances are preempted by the MLCC?

(ECF No. 176 at PageID.6688).

Under 28 U.S.C. § 1292(b), when a district court's order "involves [1] a controlling question of law as to which there is [2] substantial ground for difference of opinion and that an immediate appeal from the order may [3] materially advance the ultimate termination of

the litigation," but where the order is not immediately appealable, the district court may certify the order for appeal. The court of appeals, in its discretion, may then permit an appeal taken from that order. *See id.*; *see also Cardwell v. Chesapeake & Oh. Ry. Co.*, 504 F.2d 444, 446 (6th Cir. 1974) (opining that an issue may be certified for appeal if it "involved 'a controlling question of law as to which there is substantial ground for difference of opinion' and that an immediate appeal from the order overruling the motion for judgment notwithstanding the absence of a verdict 'may materially advance the ultimate termination of this litigation.'"). Further, "Congress intended that section 1292(b) should be sparingly applied. It is to be used only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation and is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation." *Kraus v. Bd. of Cnty. Rd. Comm'rs*, 364 F.2d 919, 922 (6th Cir. 1966).

Looking at the first element in the certificate of appealability analysis, the Court must determine whether the summary judgment opinion and order features "controlling questions of law." "A legal issue is controlling if it could materially affect the outcome of the case." *In re City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002). In arguing that the three questions it seeks to certify are "controlling questions of law," the Township raises the same arguments as it did in its motion to alter or amend judgment: (1) that the dormant Commerce Clause analysis is subject to the *Pike* balancing test, (2) that the commercial speech analysis is subject to rational basis review because the challenged Ordinances regulate conduct, not speech, and (3) that the regulation of the level of amplification of music and the prohibition of serving food for off-premises consumption are not preempted under the MLCC (*see* ECF No. 176

10

at PageID.6694-98). For the reasons stated above in analyzing the Township's motion to alter or amend judgment, the Court does not find any of these arguments to be persuasive. Thus, the Court holds that the "controlling questions of law" element is not present.

Second, the Township argues that there is "substantial ground for difference of opinion," because the Court, in its order denying the Wineries' motion for a preliminary injunction, found that the Wineries were unlikely to succeed on the merits (*see* ECF No. 34). Then, contrarily, in its summary judgment opinion and order, the Court found in favor of the Wineries on most of their arguments (*see* ECF No. 162). A "difference of opinion" exists when "(1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question." *In re Miedzianowski*, 635 F.3d 383, 384 (6th Cir. 2013).

Here, the Court finds that none of the three issues that the Township seeks certification of constitute "grounds for difference of opinion." First, the Township's argument that the *Pike* balancing test—where the Court balances the local benefit of the regulation versus the burden on interstate commerce—should apply to the dormant Commerce Clause analysis ignores the fact that the Township Ordinances are discriminatory on their face and are per se invalid. Thus, there is no need to reach the *Pike* balancing test. *See Dean Milk Co. v. City of Madison*, 340 U.S. 349, 354 n.4 (1951) ("It is immaterial that Wisconsin milk from outside the Madison area is subjected to the same proscription as that moving in interstate commerce.").

Second, for the first time in this litigation, the Township now asserts that the *Central Hudson* test does not apply to certain sections of the Ordinances that the Wineries challenged as unlawful restrictions of commercial speech. Even when the Court extensively questioned the Township's attorney, Mr. Gregory Meihn, about the *Central Hudson* test at the summary judgment motion hearing, he never argued that this test was not applicable (*see* ECF No. 159 at PageID.5965-5972). In fact, Mr. Meihn attempted to apply the *Central Hudson* test at the hearing (*Id.*). The Township cannot now assert that there is a "difference of opinion" on whether the *Central Hudson* test should apply, given that the Township agreed with its applicability until the Court ruled against the Township after conducting an analysis of the test.

And third, the Township's argument on why the Court was incorrect in its preemption ruling merely disagrees with the Court's conclusions; it asserts that "fair minded jurists" could reach differing conclusions on the preemption question, but it fails to support this argument (*see* ECF No. 176 at PageID.6700-01). Therefore, the Township has failed to show that there is a "difference of opinion" on the three questions it seeks certification of.

Finally, looking at the last factor, the Township argues that an immediate appeal would "materially advance the ultimate termination of this litigation" (*Id.* at PageID.6701). The Township argues that because it already has a pending appeal before the Sixth Circuit regarding the validity of the injunction, the Court should also certify the three questions for appeal for judicial economy purposes. (*Id.* at PageID.6692) ("The Court of Appeals should decide the merits of the Summary Judgment ruling at the same time it decides whether issuance of the injunction was correct, issues that are inexorably intertwined."). On the other

hand, the Wineries argue that allowing the Township to proceed with an appeal of the summary judgment order, while they are on the verge of trial on other issues, will cost the parties more time and money. The Court agrees with the Wineries. Adjudicating all the substantive issues in this matter before either party appeals the disposition of these issues would prevent piecemeal litigation. If the Court granted the Township's motion for a certificate of appealability, it is possible that four different appeals in this case would be pending before the Sixth Circuit at the same time.[1] The Court finds that the most efficient method of litigating this lawsuit is to deny the Township's motion for a certificate of appealability and proceed with the upcoming trial.

Because the Court finds that none of the three elements under 28 U.S.C. § 1292(b) are present, the Court declines to grant the Township a certificate of appealability on the three questions listed above. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to alter or amend judgment (ECF No. 173) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's motion for a certificate of appealability (ECF No. 176) is **DENIED.**

**IT IS SO ORDERED**.

Date:  July 21, 2022                                      /s/ Paul L. Maloney
                                                                    Paul L. Maloney
                                                                    United States District Judge

---

[1] There are currently two pending appeals in this case as of the date of this order. *See Wineries of Old Mission Peninsula v. Twp. of Peninsula*, No. 21-1744 (appeal of this Court's denial of Protect the Peninsula's motion to intervene); *Wineries of Old Mission Peninsula v. Twp. of Peninsula*, No. 22-1534 (appeal of the preliminary injunction). If the Court granted a certificate of appealability and the Circuit permitted the appeal to proceed, there would be three pending appeals. And finally, after the Court conducts trial in August 2022, the parties may file another appeal following trial.