UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WINERIES OF THE OLD MISSION
PENINSULA ASSOCIATION, *et al.*,

                Plaintiffs,

v.

PENINSULA TOWNSHIP,

                Defendant

_____/

Case No. 1:20-cv-1008

Hon. Paul L. Maloney

**ORDER**

This matter is now before the Court on plaintiffs' "Motion in limine to exclude evidence and testimony regarding history of Peninsula Township ordinances and testimony from non-township employees" (ECF No. 182).  This motion has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A).

In this motion, plaintiffs seek to exclude evidence and testimony regarding the enactment, passage, or history of the Peninsula Township Ordinance, including all testimony from non-Peninsula Township witnesses that could be called by the Township.  Plaintiffs cite Fed. R. Evid. 401, 402, and 403, and contend that any such evidence is not relevant, will confuse the issues, and waste time.

Plaintiffs state that the upcoming trial will focus on two issues: whether Peninsula Township's enforcement of closing times and prohibition of events constituted a regulatory taking under *Penn Central*; and, the amount of damages plaintiffs suffered due to the Township's unconstitutional and preempted Winery Ordinances. Motion at PageID.6810.   Defendant Township points out that pursuant to the Final Pre-Trial Order, plaintiffs also intend to pursue a

1

claim that the Township's Ordinances violate plaintiffs' First Amendment rights.  *See* Township's

Response (ECF No. 197);[1] Proposed Final Pre-Trial Order (ECF No. 190, PageID.7390).[2]

Fed. R. Evid. 401 provides that,

Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.

Here, testimony as to how the Township reached its ultimate decision to enact the

ordinances has no bearing on the issues to be determined at trial.  As Judge Maloney previously

observed,

Regardless of who advocated for it or regardless of who advocated against it, the Township board, at whatever time it was, made the policy decision to enact this ordinance, which is you get a majority of the vote of the Township board, that becomes the ordinance. But it doesn't really matter who advocated for it before. Right now the Township owns it.

Hear. Trans. (ECF No. 159, PageID.5964).  In the Court's opinion, the testimony which plaintiffs

seek to exclude does not have "any tendency to make a fact more or less probable than it would be

without the evidence", *i.e.*, establish the amount of damages or demonstrate that the ordinances

are a regulatory taking or violate the First Amendment.  *See* Fed. R. Evid. 401(a).  Similarly, the

facts produced by such testimony is not "of consequence in determining the action," which is

limited to those straightforward issues.  *See* Fed. R. Evid. 401(b).  Accordingly, the Court

concludes that testimony regarding the enactment, passage, or history of the ordinances, including

---

[1] The Court notes that the Township's second filing of its response (ECF No. 197) created overlapping and unintelligible "ECF" and "PageID." numbers.

[2] In § 3.c. of the Proposed Final Pre-Trial Order (ECF No. 190. PageID.7390) ("Controverted Facts and Unresolved Issues"  . . . . "Freedom of Association and Freedom of Religion"), plaintiffs state:

"Whether the Peninsula Township Winery Ordinances violate the Wineries' rights to freedom of religion under the First Amendment to the United States Constitution. The Court ruled that this issue was going to trial. ECF No. 162, PageID.6024."

testimony from non-Peninsula Township witnesses, is not relevant to the issues remaining in this lawsuit. *See* Fed. R. Evid. 401.

   For these reasons, plaintiffs' motion in limine to exclude evidence and testimony regarding history of Peninsula Township ordinances and testimony from non-township employees (ECF No. 182) is **GRANTED**.

   **IT IS SO ORDERED**.

Dated:  August 3, 2022         /s/ Ray Kent
               United States Magistrate Judge