**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| WINERIES OF THE OLD MISSION PENINSULA (WOMP) ASSOC., a Michigan nonprofit corporation; BOWERS HARBOR VINEYARD & WINERY, INC., a Michigan corporation; BRYS WINERY, LC, a Michigan corporation; CHATEAU GRAND TRAVERSE, LTD, a Michigan corporation; CHATEAU OPERATIONS, LTD, a Michigan corporation; GRAPE HARBOR, INC., a Michigan corporation; MONTAGUE DEVELOPMENT, LLC, a Michigan limited liability company; OV THE FARM, LLC; a Michigan limited liability company; TABONE VINEYARDS, LLC, a Michigan limited liability company; TWO LADS, LLC, a Michigan limited liability company; VILLA MARI LLC, a Michigan limited liability company; WINERY AT BLACK STAR FARMS, L.L.C., a Michigan limited liability company, | Case No. 1:20-cv-01008 <br><br> HON. PAUL L. MALONEY <br> MAG. JUDGE RAY S. KENT |
| Plaintiffs, | |
| v | |
| PENINSULA TOWNSHIP, a Michigan municipal corporation, | **PENINSULA TOWNSHIP'S OBJECTION TO MAGSITRATE JUDGE KENT'S AUGUST 3, 2022 ORDER GRANTING PLAINTIFFS' MOTION IN LIMINE (ECF 223)** |
| Defendant. | |

_____

| | |
|---|---|
| Joseph M. Infante (P68719) <br> Christopher J. Gartman (P83286) <br> *Miller, Canfield, Paddock* <br> Attorneys for Plaintiffs <br> 99 Monroe Ave., NW, Suite 1200 <br> Grand Rapids, MI 49503 <br> (616) 776-6333 <br> infante@millercanfield.com <br> gartman@millercanfield.com | Gregory M. Meihn (P38939) <br> Matthew T. Wise (P76794) <br> Attorneys for Defendant <br> 37000 Woodward Avenue, Suite 225 <br> Bloomfield Hills, MI 48304 <br> 313-756-6428 <br> gmeihn@grsm.com <br> mwise@grsm.com |

_____

Timothy A. Diemer (P65084)
Eric P. Conn (P64500)
*Jacobs and Diemer, P.C.*
Of Counsel for Defendant
The Guardian Building
500 Griswold Street, Ste. 2825
Detroit, MI 48226
(313) 965-1900
tad@jacobsdiemer.com
econn@jacobsdiemer.com

William K. Fahey (P27745)
John S. Brennan (P55431)
Christopher S. Patterson
(P74350)
*Fahey Schultz Burzych Rhodes PLC*
Co-Counsel for Defendant
4151 Okemos Road
Okemos, MI 48864
(517) 381-0100
wfahey@fsbrlaw.com
jbrennan@fsbrlaw.com
cpatterson@fsbrlaw.com

---

**DEFENDANT'S OBJECTION TO MAGISTRATE JUDGE KENT'S ORDER DATED AUGUST 3, 2022 (ECF 223) GRANTING PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING HISTORY OF PENINSULA TOWNSHIP ORDINANCES AND TESTIMONY FROM NON-TOWNSHIP EMPLOYEES (ECF 182)**

NOW COMES Defendant, Township of Peninsula, by and through its attorneys, Timothy A. Diemer, Eric P. Conn, and Jacobs and Diemer, PC and in support of its objection to Magistrate Judge Kent's Order Dated August 3, 2022 Granting Plaintiffs' Motion *in Limine* to Exclude Evidence Regarding History of Peninsula Township Ordinances and Testimony from Non-Township Employees, states as follows:

On August 3, 2022, Magistrate Judge Kent issued an Order granting Plaintiffs' Motion *In Limine* (ECF 223). Under F.R.C.P. 72(a), "[a] party may not assign as error a defect in the order not timely objected to." In order to preserve its appellate rights, Defendant Peninsula Township now asserts its objections to Magistrate Kent's Order of August 3, 2022 on the following procedural and substantive grounds.

The Township's intent to introduce evidence of the history and passage of the zoning ordinances was relevant to a host of issues spelled out in its Brief in Opposition to Plaintiff's Motion *In Limine,* including its damages defense, causation, inunction and laches, the governmental interests at stake in Plaintiffs' regulatory taking and First Amendment claims, preemption and Michigan Zoning Enabling Act (ECF 194).

Defendant also objects pursuant to Fed R Civ P 72 to the manner in which the *In Limine* Motion was decided where Magistrate Kent dispensed with oral argument that was originally scheduled for August 5, 2022. The cancellation of oral argument denied Peninsula Township the opportunity to advise Magistrate Kent of an intervening change in the posture of this case, the Sixth Circuit Court of Appeals' decision in <u>Wineries of the Old Mission Peninsula Assn v Twp of Peninsula, Michigan</u>, 41 F4th 767 (CA6 2022) (attached as Exhibit A).

The Sixth Circuit's decision was issued prior to Magistrate Kent's Order and although the mandate had not yet been issued by August 3, 2022, Protect the Peninsula ("PTP") should have been granted an opportunity weigh on in this, and all other *In Limine* Motions, prior to a decision. Now that the Court has adjourned the trial originally scheduled for August 16, 2022, the Court should set aside each of Magistrate Kent's Orders and decide these issues for itself, with the participation of PTP where its legal interests

are at stake. The present legal issue regarding the history and passage of the Township's zoning ordinances is one such issue where PTP really ought to be heard.

The Sixth Circuit held that PTP is a proper, intervening party in this case, and that witnesses, such Mr. John Wunsch and Mr. Grant Parsons, Esq., should be allowed to testify given the impact this Court's ruling(s) have had and will have on the local-residents PTP uniquely and comprehensively represents. Mr. Wunsch and Mr. Parsons were two witnesses who were precluded from testifying by Magistrate Kent's Order.

Magistrate Judge Kent's decision without the full opportunity of PTP to participate is a serious error following the Sixth Circuit's decision, which now implicates more than the Township's offer of proof at trial. The August 3, 2022 Order granting Plaintiffs' motion in limine should be set aside so that PTP can respond and participate.

## I. PLAINTIFFS' MOTION IN LIMINE SHOULD BE DENIED BASED ON THE SIXTH CIRCUIT'S OPINION DECIDING PTP'S APPEAL

When Plaintiffs' *In Limine* Motion was filed, the Sixth Circuit Court of Appeals had not yet ruled on whether Proposed Intervenor PTP should have been allowed to participate in this case as a party. The Township, itself, intended to present the testimony of Mr. Wunsch and Mr. Parsons in defense of Plaintiffs' claims. Following the Court of Appeals Opinion, additional grounds were

issued that ought to have resulted in a Denial of Plaintiffs' Motion *In Limine*.

On August 3, 2022, Magistrate Judge Kent ruled that witnesses such as Wunsch and Parsons cannot testify at trial regarding the enactment, passage, or history of the Township's PDR program, and ordinances. An order limiting PTP's ability to obtain testimony from John Wunsch, Grant Parsons, or *any* witnesses on *any* issues after the Sixth Circuit's judgment is wrong, we respectfully contend. Instead, and at a minimum, Magistrate Judge Kent should have ordered PTP to file a response brief so that it could have a say on what any witnesses can say at trial.

## II.   THE PROPOSED TESTIMONY AND EVIDENCE PERTAINS TO LACHES, WHICH REMAINS AN ISSUE FOR TRIAL

On June 3, 2022, the Court denied the Township's motion for summary judgment on the issue of laches (ECF 162). The Court did not grant summary judgment in favor of Plaintiffs on that issue, and it is therefore preserved for trial (ECF 162). In ECF 207, Judge Maloney suggested he did not find the defense "persuasive." Importantly, the Court did not rule that the Township could not present evidence on laches. In ECF 211, Judge Maloney again recognized the Township's laches defense, and again declined to order that the Township was prohibited from presenting evidence on laches.

In denying the Township's ability to present facts necessary to establish a laches defense, Magistrate Kent's Order overlooked the issue of laches that was set for trial. Instead, the Order only listed Plaintiffs' damages claim, Regulatory Taking and First Amendment issues as set for trial (ECF 223, Page ID# 8915) and held: "Accordingly, the Court concludes that testimony regarding the enactment, passage, or history of the ordinances, including testimony from non-Peninsula Township witnesses, is not relevant to the issues remaining in this lawsuit". This is a much too narrow view of the issues set for trial because it does not include the Township's laches defense. The Court should Grant Defendant's objection on this ground.

"In this circuit, laches is understood to be a negligent and unintentional failure to protect one's rights." Chirco v Crosswinds Communities, Inc, 474 F2d 227, 231 (CA6 2006). "A party asserting laches must show: (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting it." Id, quoting, Herman Miller, Inc v Palazzetti Imports and Exports, Inc, 270 F3d 298, 320 (CA6 2001). In this case, the history of the ordinances, including those that Plaintiffs allege are unconstitutional is foundational evidence necessary to understand the Township's prejudice as well as the length of Plaintiffs' delays. Plaintiffs were fine with receiving zoning approvals on such ordinances, but not until after securing

limited accessory and support uses that related to agricultural production, did they return decades later and challenge the Township's zoning ordinance provisions. Thus, to show a lack of diligence by the Plaintiffs, the fact-finder must know the history of the ordinances including the participation of Plaintiffs and their predecessors in the creation of the ordinances-- the inordinate length of time it took the Plaintiffs to assert their tardy claims in opposition to the very ordinances they created and promoted.

Ordinance history is also pivotal on the second element. The Court cannot assess the (significant) prejudice the Township faces in this case without understanding the actions that occurred and the historical regulations in place during various zoning approvals of Plaintiffs' proposed commercial activities. The history of the ordinances, actions taken to adopt some and referend others, as well as the zoning approvals Plaintiffs sought under them are key to the Township's case on prejudice. For example, but for the requirements and conditions in the ordinances that Plaintiffs now challenge, PTP and the Township's residents would have pursued referendum elections on the now-challenged ordinances, just as they did for the more expansive Ordinance 128 ABC that earlier attempted to authorize broad commercial activity like that advocated by Plaintiffs now.

Under these circumstances, where Plaintiffs would never have been allowed to commence even limited commercial uses on their agriculturally-zoned land without these ordinance requirements and conditions in place, it would clearly be inequitable to simply cast aside these protections based on Plaintiffs' late-blooming constitutional claims. Constitutional rights can be barred by laches, Thatcher Enterprises v Cache Cnty Corp, 902 F2d 1472, 1476 (CA10, 1990), just as constitutional rights may be waived, as this Court held in Randy Disselkoen Properties, LLC v Charter Twp of Cascade, 1:06-CV-141, 2008 WL 114775, at *9 (WD Mich Jan 9, 2008). In that case, where the township had no obligation to grant the requested zoning approval, the landowner suggested a condition for the approval it was requesting, and the township granted the zoning approval with the condition as proposed, this Court held that the landowner validly waived his First Amendment claims. Id. The Court should reach the same result here, based on Plaintiffs' and their predecessors' active promotion of the Ordinances, their voluntary application for land uses under those Ordinances, the failure of any Plaintiff to appeal its SUP to the Grand Traverse County Circuit Court, and the delay of over 20 years in challenging the validity of the Ordinances. These facts require that Plaintiffs' constitutional and other claims be barred by laches.

Without history, the Court would also not know the people who worked on the Township's regulatory scheme and whether they are

available to testify. In fact, this Court has already entered orders interpreting testimony from second-hand witnesses who were (in part) called upon to speculate about the intent of ordinance amendments that were first enacted in the 1970's (ECF 162). Meanwhile, the best evidence of the intent of ordinances that were adopted long ago would be from the Township Board that enacted it, or the citizens that negotiated the language. Two of those individuals (John Wunsch and Grant Parsons) can and should provide that testimony.

Magistrate Judge Kent's order erroneously precludes any such evidence from being proffered at trial. Had Magistrate Judge Kent permitted oral argument, these issues would have been raised; however, he refused oral argument and adopted Plaintiffs' statement of the issues to be addressed at trial, a statement that is wrong and at best incomplete given Judge Maloney's prior orders and also given Plaintiffs' statements in the proposed Final Pretrial Order. Therefore, the Township objects to Magistrate Judge Kent's August 3, 2022 Order granting Plaintiffs' Motion *In Limine*.

### III. ORDINANCE HISTORY AND NON-EMPLOYEE WITNESSES EVIDENCE WILL BE USED TO ARGUE AGAINST PLAINTIFFS' DAMAGES AND INJUNCTION REQUESTS.

At ECF 207, PageID 7799, Judge Maloney acknowledged that laches can be used to counter damages. The oft-cited case of Nartron Corp v STMicroelectronics, Inc, 305 F3d 397 (CA6 2002)

stands for this very proposition. <u>Nartron</u> also stands for the proposition that "*any* prejudice is sufficient [to prove laches], including an increase in potential damages or a loss of evidence." <u>Id</u>, at 411.

Given this Court's recognition of the impact of the Township's laches defense, history and non-employee testimony is essential in demonstrating to the Court that the Township and PTP have suffered prejudice via the very adoption of ordinances now challenged by Plaintiffs, the complete loss of legislative authority those officials elected through the democratic process to maintain the land use goals of the Township, the issuance of numerous special land use approvals, site plans, and zoning compliance permits, undermining the extensive amount of public taxpayer funds to purchase development rights and preserve agricultural lands, and an increase in damages and a loss of evidence. <u>Id</u>. Without historical and non-employee testimony, the Township and PTP are effectively precluded from establishing their laches defense to both damages and injunctive relief by offering evidence on these points. Magistrate Judge Kent did not address these issues and failing to do so was plain error. Consequently, the Township objects to Magistrate Judge Kent's August 3, 2022 order granting Plaintiffs' motion in limine.

## IV. ORDINANCE HISTORY IS RELEVANT TO INVESTMENT-BACKED EXPECTATIONS ESSENTIAL TO PLAINTIFFS' TAKINGS CLAIMS.

"What makes investment-backed expectations reasonable is multi-faceted; however, those reasonable expectations must be more than a unilateral expectation or an abstract need." Ruckelshaus v Monsanto Co, 467 US 986, 1005 (1984). Restrictions in place that predate a landowner's acquisition can serve as an objective factor to weigh whether the landowner's expectations are reasonable. Andrews, Tr. Of Gloria M. Andrews Tr. Dated April 23, 1998 v City of Mentor, Ohio, 11 F4th 462, 473 (CA6 2021). Further, investment backed expectations are **unreasonable** when they presume the landowner can secure a license or permit that allows the use. Blue Ribbon Prop, Inc v Hardin County Fiscal Court, 50 Fed Appx 671, 676 (CA6 2002).

Absent a showing of the history of the Township's ordinances, the Township cannot demonstrate to the Court whether the Plaintiffs' investment-backed expectations were reasonable. Such a showing is inextricably linked to the ordinances in place at the time the Plaintiffs' acquired their land. Consequently, proof of the regulatory scheme at that time is both relevant and the primary method for the Township to prove that Plaintiffs' takings claim must be dismissed. Magistrate Judge Kent's August 3, 2022 order is therefore incorrect, and the Township objects to it pursuant to Fed R Civ P 72.

**V.   HISTORICAL EVIDENCE AND NON-EMPLOYEE TESTIMONY WILL ESTABLISH GOVERNMENTAL INTERESTS ESSENTIAL FOR EXAMINATION UNDER PLAINTIFFS' FIRST AMENDMENT, MICHIGAN ZONING ENABLING ACT, AND PREEMPTION CLAIMS.**

Under the First Amendment, the Township will be required to prove that it is serving compelling government interests through its ordinances. Déjà vu of Nashville, Inc v Metro Govt of Nashville & Davidson Cnty, Tann, 274 F3d 377, 396 (CA6 2001). Under the Michigan Zoning Enabling Act, Plaintiffs must demonstrate that the ordinances do not "promote public health, safety, and welfare." MCL 125.3201. In addition, Plaintiffs' preemption claims require in part that the Court balance state interests against local interests. See, e.g., Associated Builders & Contractors v City of Lansing, 880 NW2d 765, 770 (Mich 2016) (contrasting public interests of local concern and state concern).

The public interests served by the ordinances are contained in the Township Board minutes and the minds of the Township residents who lived through their enactment. Magistrate Judge Kent's August 3, 2022 Order failed to recognize under the First Amendment the Township's evidentiary showing when it accepted the Plaintiffs' inaccurate recitation of the issues remaining for trial. In doing so, Magistrate Judge Kent improperly granted Plaintiffs' motion *In Limine*, and the Township objects to his order pursuant to Fed R Civ P 72.

**VI.  THE TOWNSHIP IS ENTITLED TO AN OFFER OF PROOF.**

In addition to entering an order that rejects without any justification the above arguments, by denying the parties oral argument Magistrate Judge Kent prevented the Township from giving an offer of proof to protect the record for appeal purposes. Consequently, the Township presents with these objections the affidavits of Grant W. Parsons, John Wunsch, and Gordon Lee Hayward as the Township's offer of proof on history and non-employee witnesses who should be allowed to testify at trial (Exhibit B).

**CONCLUSION**

WHEREFORE, for the above-stated reasons and for the reasons stated in the Township's Response Brief in Opposition to Plaintiffs' Motion *In Limine* (ECF 194), the Court should sustain Defendant's objections to the Magistrate's Order of August 3, 2022 and enter an Order Denying Plaintiffs' Motion.


Respectfully Submitted,


/s/Timothy A. Diemer
Timothy A. Diemer (P65084)
Eric P. Conn (P64500)
Jacobs and Diemer PC
"Of Counsel" for Defendant
500 Griswold St., Ste 2825
Detroit, MI 48226
(313) 965-1900
tad@jacobsdiemer.com
Dated: August 17, 2022     econn@jacobsdiemer.com