## UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  | 100 EAST FIFTH STREET, ROOM 540 |  |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: August 23, 2022

Ms. Tracy J. Andrews

Mr. John S. Brennan

Mr. Eric Paul Conn

Mr. Timothy Allen Diemer

Mr. William Kelly Fahey

Mr. Christopher J. Gartman

Mr. Joseph M. Infante

Mr. Gregory M. Meihn

Mr. Christopher Scott Patterson

Mr. Stephen M Ragatzki

Mr. Matthew T. Wise

Re: Case No. 22-1534, *Wineries of the Old Mission Peninsula Association, et al v. Township of Peninsula, MI*
Originating Case No. 1:20-cv-01008

Dear Counsel:

The Court issued the enclosed Order today in this case.

Sincerely yours,

s/Amy E. Gigliotti for Michelle R. Lambert
Case Manager
Direct Dial No. 513-564-7035

cc: Mr. Thomas Dorwin

Enclosure

Mandate to issue

No. 22-1534

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Aug 23, 2022
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| WINERIES OF THE OLD MISSION PENINSULA ASSOCIATION, a Michigan Nonprofit Corporation (WOMP), et al., | ) ) ) ) |
| Plaintiffs-Appellees, | ) ) |
| v. | ) ) ) |
| TOWNSHIP OF PENINSULA, MI, a Michigan Municipal Corporation, | ) ) ) |
| Defendant-Appellant, | ) ) |
| PROTECT THE PENINSULA, INC., | ) ) |
| Movant. | ) |

O R D E R

Before: MOORE, STRANCH, and LARSEN, Circuit Judges.

Eleven wineries and an association representing their interests ("the Wineries") sued the Township of Peninsula, Michigan, alleging that township zoning ordinances regulating the operation of vineyards on the peninsula were unconstitutional and/or unlawful. The Township appeals an order of the district court granting in part summary judgment to the Wineries and enjoining the Township from enforcing various subsections of three ordinances—sections 6.7.2(19), 8.7.3(10), and 8.7.3(12) of its zoning code—after finding them unconstitutional and/or unlawful. The Wineries move to dismiss the appeal for lack of jurisdiction because the district court did not issue its injunction in a separate document. The Township opposes dismissal. The Wineries reply that, although the district court has since issued its injunction in a separate

document, dismissal is still warranted because the injunction lacks sufficient specificity under Federal Rule of Civil Procedure 65(d).  The Township moves for leave to file a sur-reply, asserting that the district court's action renders the motion to dismiss moot.  The Township also moves to stay the injunction pending appeal.  The Wineries oppose a stay.  Protect the Peninsula ("PTP")—a citizen watchdog group representing peninsula farmers and residents—supports a stay.  The Township replies.  Additionally, the Wineries move to strike PTP's response because it is not a party and its response is untimely; PTP opposes striking its response; the Township moves for leave to file an exhibit in support of the motion to stay that purportedly establishes that the Wineries are interpreting the injunction too broadly; and the Wineries oppose this motion.

Our disposition of these motions is guided by the complicated procedural history of this case, which we briefly recount here.  In 1972, the Township adopted a zoning code; zoning ordinances regulating the Wineries' operations were added twenty to thirty years later.  Broadly, those ordinances compel the Wineries to concentrate their operations on agriculture through restricting their sales to wine primarily composed of peninsula-grown fruit, curbing their hosting of social events for hire, limiting retail and alcohol sales, restricting the size and scope of non-agricultural uses, and mandating promotion of the peninsula.  Over the course of several years, the Wineries worked with the Township to rewrite the winery-related ordinances.  Frustrated by their lack of success, the Wineries filed suit against the Township alleging that the ordinances violated the Constitution, violated state law, or were preempted by state law.  The Wineries contemporaneously sought, and were denied, a preliminary injunction after the district court found that the lack of irreparable harm outweighed any relative merit of the Wineries' arguments (all of which it found unpersuasive except for preemption).  PTP then moved to intervene, arguing in part that the district court should decline supplemental jurisdiction over the preemption claim.  The district court denied intervention, and PTP appealed.  The Township and the Wineries cross-moved for partial summary judgment on their preemption and constitutional claims.  The district court

granted summary judgment in part to the Wineries, finding numerous subsections of the ordinances unconstitutional or unlawful and enjoined the Township from enforcing those subsections. This appeal followed. Although the district court denied the Township's later efforts challenging the injunction and denied a stay of the injunction, it issued a separate order entitled "preliminary injunction" memorializing its injunction. We subsequently reversed its denial of intervention. *Wineries of the Old Mission Peninsula Ass'n v. Twp. of Peninsula, Mich.* ("*WOMP*"), No. 21-1744, 2022 WL 2965614 (6th Cir. 2022). Since then, the district court has adjourned the trial and stated its intent to order additional briefing.

Before reaching the substantive motions, we address the parties' procedural motions. The Wineries move to strike PTP's response to their motion to dismiss, asserting that PTP is not a party and their response is untimely. We reversed the denial of intervention in *WOMP*; the mandate in that case has since issued. Thus, PTP is an interested party in this appeal, and the issuance of the mandate ensures that it is also such a party before the district court. Consequently, we requested a response from PTP. Its response was filed shortly after it was due, not through any fault of its own, but as the result of an entry error in the court's docketing system. Thus, we deny the motion to strike.

The Township moves for leave to file a sur-reply to the Wineries' motion to dismiss and for leave to file an exhibit that is outside the record on appeal to demonstrate that the scope of the injunction is unclear. Typically, when a party seeks to introduce extraneous evidence, it would move to supplement the record under Federal Rule of Appellate Practice 10(e)(2). The Township did not do so here. Consequently, we deny the Township's motion for leave to file an exhibit that is outside the record. On the other hand, we find the Township's sur-reply helpful and will grant that motion.

We now turn to the substantive motions. In determining whether to stay an injunction pending appeal, we consider four factors: (1) whether the movant has a likelihood of success on

the merits; (2) whether the movant will suffer irreparable harm absent an injunction; (3) whether the injunction would cause substantial harm to others; and (4) where the public interest lies. *Dodds v. U.S. Dep't of Educ.*, 845 F.3d 217, 220−21 (6th Cir. 2016) (order) (per curiam). "The first two factors . . . are the most critical," and more than a "possibility" of both is required to warrant a stay. *Nken v. Holder*, 556 U.S. 418, 434−35 (2009).

These factors are difficult to evaluate given our decision in *WOMP* reversing the denial of intervention to PTP in the district court. First, we consider the likelihood of success on appeal. PTP's intervention below will fundamentally alter the district court's evaluation of its decision on summary judgment. The district court has set out its intent to order further briefing. At the very least, PTP's intervention below will revive its jurisdictional challenge, in which it contends that the district court should decline supplemental jurisdiction over the preemption claim. Given the procedural history of this case, PTP's intervention might achieve more. For example, although PTP has not yet been able to defend the ordinances, the district court initially denied a preliminary injunction, concluding that the Wineries' constitutional arguments were unpersuasive. As PTP recognizes, the district court eventually invalidated numerous subsections of the ordinance based not on the merits of the legal arguments, but on the Township's waivers, defaults, and/or concessions before the district court on various of the Wineries' claims. These circumstances raise serious questions regarding the merits of the district court's injunction following its partial grant of summary judgment as well as regarding the prejudice that PTP faces by not having been able to raise arguments against the injunction before the district court.

This prejudice has only been compounded before this court. The Township "presents succinct summaries of the arguments it expects to prevail on" and refers the court to its motion to alter or amend which "contains a more expansive view of [its] legal arguments." (Doc. 35-1, Mot. at 11). But "[a] motion must state with particularity the grounds for the motion, the relief sought, and the legal argument necessary to support it." Fed. R. App. P. 27(a)(2)(A). Motions must not

exceed 5,200 words. Fed. R. App. P. 27(d)(2)(A). Having made no argument that the applicable limit is insufficient, the Township will not be permitted to circumvent Rule 27(d)(2) by incorporating by reference its motion to alter or amend—filed before the district court and supported by a brief numbering 10,622 words—into its motion for a stay of the injunction pending appeal. And, perhaps most critically, the Wineries did not request or brief the issue of permanent injunctive relief in their motions for summary judgment. Instead, the district court summarily considered and *sua sponte* awarded injunctive relief based on its determination of the merits of the claims it considered. Consequently, not even the Township's arguments concerning the propriety of permanent injunctive relief were fully considered below, much less PTP's arguments.

To illustrate one way in which PTP's perspective bears on this point, we consider the Township's first argument regarding laches. We review a district court's conclusion that the doctrine of laches precludes injunctive relief for an abuse of discretion. *Bridgeport Music, Inc. v. Justin Combs Publ'g*, 507 F.3d 470, 493 (6th Cir. 2007). "A party asserting laches must show: (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting it." *Id.* (citation omitted). It "is an equitable doctrine" that is fact specific and "relies in part on an *unexplained* delay." *PACE Indus. Union-Mgmt. Pension Fund v. Dannex Mfg. Co.*, 394 F. App'x 188, 196 (6th Cir. 2010).

The delay alleged here is significant, and other courts have found laches precluded suit in the face of similar delays. *See Thatcher Enters. v. Cache Cnty. Corp.*, 902 F.2d 1472, 1476 (10th Cir. 1990). The Wineries explained their delay by detailing prior efforts to amend the ordinances and asserted that laches is not an absolute defense when ongoing or recurring harms are alleged. *See Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 959−60 (9th Cir. 2001). The district court declined to apply laches because, even if undue delay occurred, the Township could not demonstrate prejudice. The Township did not challenge this conclusion or explain how pretrial rulings impeded presenting evidence regarding prejudice. In reversing the denial of intervention in *WOMP*,

however, we held that PTP had substantial interests in the litigation, and those interests certainly bear on any prejudice suffered by the Wineries' delay.

Second, we consider irreparable harm. The Township correctly asserts that it will suffer irreparable harm if it is enjoined from enforcing its duly enacted ordinances and asserts that restoring the status quo ante would protect all parties. *See Maryland v. King*, 567 U.S. 1301, 1303 (2012) (Roberts, C.J., in chambers) ("[A]ny time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury." (citation omitted)). Absent a constitutional violation, the Wineries likely cannot establish irreparable harm because their injuries are largely monetary. *See Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991). But if the statutes are unconstitutional, the maxim in *King* does not apply, and the Wineries easily demonstrate irreparable harm. *See Thompson v. DeWine*, 976 F.3d 610, 619 (6th Cir. 2020) (per curiam). Thus, absent consideration of PTP's arguments following intervention, the extent of any harm caused by issuance of the injunction cannot be fully determined.

Next, the Wineries move to dismiss the appeal, asserting that jurisdiction does not lie in this court over the injunction because the district court failed to issue it in a separate document. Federal Rule of Civil Procedure 58 requires that a separate document issue even when a district court's opinion is "explicit in stating the effect and scope of the injunction to be issued." *Beukema's Petrol. Co. v. Admiral Petrol. Co.*, 613 F.2d 626, 628−29 (6th Cir. 1979) (per curiam). This requirement was needed "to avoid the uncertainties that once plagued the determination of when an appeal must be brought." *Bankers Tr. Co. v. Mallis*, 435 U.S. 381, 386 (1978) (per curiam). But as the Supreme Court recognized, when issues of timeliness are not salient, Rule 58 need not be mechanically applied. *See id.* Because the district court has since issued a separate document memorializing its injunction, and because this injunction is what the Township clearly appeals, we deny as moot the Wineries' motion to dismiss the appeal.

Case 1:20-cv-01008-PLM-RSK   ECF No. 251, PageID.8981   Filed 08/23/22   Page 8 of 9
No. 22-1534
-7-

The Wineries also filed a reply in support of their motion to dismiss the appeal, arguing that the injunction failed to provide the specificity demanded by Federal Rule of Civil Procedure 65. While we will generally not consider arguments raised for the first time in a reply, *see Scarber v. Palmer*, 808 F.3d 1093, 1097 (6th Cir. 2015), we do so here because the Township did not invoke this general rule, it had the opportunity to respond in its sur-reply, and PTP separately raised this issue in its response to the motion to stay the injunction.

An order granting an injunction "must:  (A) state the reasons why it issued; (B) state its terms specifically; and (C) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." Fed. R. Civ. P. 65(d). These "are no mere technical requirements," *Schmidt v. Lessard*, 414 U.S. 473, 476 (1974) (per curiam); they serve the "'important' functions" of "prevent[ing] uncertainty and confusion" on those enjoined and enabling reviewing courts to determine the scope of its review, *Union Home Mortg. Corp. v. Cromer*, 31 F.4th 356, 362 (6th Cir. 2022) (quoting *Schmidt*, 414 U.S. at 476). Thus, "an injunction must be couched in specific and unambiguous terms, such that 'an ordinary person reading the court's order [is] able to ascertain from the document exactly what conduct is proscribed.'" *Id.* (alteration in original) (quoting *Scott v. Schedler*, 826 F.3d 207, 211 (5th Cir. 2016)). "An injunction order is typically vacated when it violates this standard." *Id.*

The district court's order memorializing its injunction falls well below the specificity required here.  In its opinion, the district court permanently enjoins enforcement of certain subsections of the ordinances; its separate document, however, is entitled a "preliminary injunction." The separate document enjoins subsections of three ordinances.  It does not identify which subsections it enjoins, stating only that it found these subsections unconstitutional or contrary to law.  To determine what subsections are enjoined, the parties must consult the district court's fifty-page opinion.  That opinion also does not summarize which subsections are enjoined. Instead, the parties must read the opinion in its entirety.

Based on the foregoing, we conclude that the injunction must be vacated because it does not comply with Rule 65(d) and for prudential reasons because PTP's intervention changes the landscape and requires reconsideration of the district court's partial grant of summary judgment and issuance of an injunction. *See Sanguine, Ltd. v. U.S. Dep't of Interior*, 798 F.2d 389, 391−92 (10th Cir. 1986) (discussing intervention following entry of a consent decree as "a unique situation in which prejudice to the intervenors can be avoided only by setting aside the prior judgment and allowing the opportunity to litigate the merits of the case" and holding that res judicata does not bind the intervenors, who "were not adequately represented in the first instance").

Accordingly, the district court's injunction is **VACATED**, and this matter is **REMANDED** to the district court for further proceedings in accordance with this order. The motion for leave to file a sur-reply is **GRANTED**, the motion for leave to file an exhibit is **DENIED**, the motion to strike is **DENIED**, and the motions to dismiss the appeal and to stay the injunction are **DENIED AS MOOT**.

LARSEN, Circuit J., concurring in part and dissenting in part.

I would grant the Township's motion to stay the injunction pending appeal given that enforcement of the injunction would irreparably harm PTP, recently added as an intervenor, before it has had an opportunity to participate in the district court proceedings. At this time, however, I would not vacate the injunction. The district court has set a reasonable briefing schedule for determining PTP's role in the proceedings and the effect of its addition as an intervenor on the injunction. I would allow that process to play out while this appeal remains pending. I concur in all other aspects of the court's order.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk