UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WINERIES OF THE OLD MISSION PENINSULA ASSOCIATION, *et al.*, <br>         Plaintiffs, <br><br> -v- <br><br> PENINSULA TOWNSHIP, <br>         Defendant, <br><br> and <br><br> PROTECT THE PENINSULA, INC., <br>         Intervenor-Defendant. | No. 1:20-cv-1008 <br><br> Honorable Paul L. Maloney |

## ORDER RESOLVING OBJECTIONS TO MAGISTRATE JUDGE'S ORDERS

Currently pending before the Court are several objections to Magistrate Judge Kent's orders on pretrial motions filed by the Township and the Wineries (ECF Nos. 237, 238, 240, 241, 245). Although the Court scheduled these objections for oral argument on November 17, 2022 (ECF No. 269), upon review of the objections, the Court finds that oral argument is unnecessary. The Court will therefore resolve all pending objections to Magistrate Judge Kent's orders without oral argument, and it will cancel the hearing on the objections. *See* W.D. Mich. LCivR 7.3(d).

Before Protect the Peninsula's ("PTP") intervention changed the landscape of this litigation, this case was set for a bench trial beginning on August 16, 2022. The Court then adjourned that trial to give PTP the chance to participate in this litigation to the extent that

the Court deems necessary. How this case will proceed following PTP's intervention has yet to be determined and will be addressed at the upcoming motion hearing on November 17.

But before the Sixth Circuit allowed PTP to intervene and the Court adjourned the bench trial, both the Township and the Wineries filed several pre-trial motions.[1] Those motions were referred to Magistrate Judge Kent. Following Judge Kent's resolution of those motions, the Township timely objected to all five of his orders.

Rule 72(a) allows a party to object to a ruling by a magistrate judge by filing objections in the district court where the case is assigned. Fed. R. Civ. P. 72(a). Under the rule, the district court judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; *see Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993). The clearly erroneous standard applies to factual findings, which may be reversed only if the reviewing court, in light of the entire record, is left with the definite and firm conviction that a mistake has been made. *Frazier v. Life Ins. Co. of N. Am.*, 725 F.3d 560, 566 (6th Cir. 2013); *see United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) ("A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."); *United States v. Mandycz*, 200 F.R.D. 353, 356 (E.D. Mich. 2001) (explaining the standard under Rule 72(a)). This standard does not empower a reviewing court to reverse the magistrate judge's finding because it would have decided the matter differently. *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (interpreting

---

[1] Only the Wineries' motion to strike the Township's expert report (ECF No. 219) was filed after PTP was permitted to intervene.

2

the clearly erroneous standard in Rule 52(a)). The magistrate judge's legal conclusions are reviewed under the "contrary to law" standard. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992). The reviewing court must exercise independent judgment with respect to those legal conclusions and may overturn those conclusions which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent. *Id.* (citation omitted). Because of the broad discretion afforded the magistrate judge, objections to discovery-related orders by a magistrate judge are frequently reviewed under the abuse of discretion standard. Charles A. Wright and Arthur R. Miller, Federal Practice & Procedure § 3069 (2d ed. 2013).

### A. Objection to the Order Granting the Wineries' Motion in Limine (ECF No. 237)

In anticipation of trial, the Wineries filed a motion in limine to "exclude evidence and testimony regarding the enactment, passage, or history of the Peninsula Township Ordinance, including all testimony from non-Peninsula Township witnesses" (ECF No. 182 at PageID.6806). At that time, the only remaining issues for trial were the Takings Clause Claim, a First Amendment claim, and the amount of damages that the Wineries suffered from the Township's unconstitutional and preempted Winery Ordinances (ECF No. 223 at PageID.8414-15). The Wineries' motion in limine therefore argued that evidence regarding the history of the Winery Ordinances and testimony from non-Township witnesses would not be relevant to the issues remaining for trial. Judge Kent agreed with the Wineries and granted the motion pursuant to Fed. R. Evid. 401 (*see id*). The Township then filed objections to that order, arguing that the Magistrate Judge's view of the remaining issues (at

3

that time) was "too narrow" and that the evidence that the Wineries sought to exclude was relevant to the Township's laches defense (*see* ECF No. 237 at PageID.8544).[2]

Without expressing an opinion as to the merits of the Township's objections, the Court finds that, given PTP's intervention, the Magistrate Judge's order granting the Wineries' motion in limine must be set aside. Although the Court has not yet determined how this litigation will proceed and to what extent it must amend the Case Management Order, this case is unquestionably in a different place than it was when Judge Kent issued his order. Judge Kent's order specifically found that "testimony regarding the enactment, passage, or history of the ordinances, including testimony from non-Peninsula Township witnesses, is not relevant to the issues remaining in this lawsuit" (ECF No. 223 at PageID.8415-16). But now that PTP is a party, the Court will likely revisit[3] some of its findings from the summary judgment opinion and order (ECF No. 162), which may mean that by the time this case reaches trial, different issues may be ripe for trial. Given these changed circumstances, the Court finds that it is appropriate to set aside the order granting the Wineries' motion in limine. The Court will also dismiss without prejudice the Wineries' motion in limine, which will allow the Wineries to re-file the motion if necessary.

---

[2] Along with its objections, the Township attached three affidavits as "offers of proof" (ECF No. 237-2). These affidavits are the subject of the Wineries' motion to strike (ECF No. 255), which is discussed below.

[3] Which issues the Court may have to reconsider will be a topic for the upcoming hearing. But based on the Sixth Circuit's order vacating this Court's injunction, the Court will likely have to take a second look at issues that it previously resolved on summary judgment. *See Wineries of the Old Mission Peninsula Ass'n v. Twp. of Peninsula*, No. 22-1534 (6th Cir. Aug. 23, 2022) ("[T]he district court eventually invalidated numerous subsections of the ordinance based not on the merits of the legal arguments, but on the Township's waivers, defaults, and/or concessions before the district court on various of the Wineries' claims. These circumstances raise serious questions regarding the merits of the district court's injunction following its partial grant of summary judgment as well as regarding the prejudice that PTP faces by not having been able to raise arguments against the injunction before the district court.").

### B. Objection to the Order Denying the Township's Motion to Strike the Wineries' Expert (ECF No. 240)

On July 1, 2022, the Township filed a motion to strike the Wineries' expert witness, Eric Larson, CPA, pursuant to Fed. R. Evid. 702, or in the alternative, to schedule a *Daubert* hearing regarding Mr. Larson (ECF No. 175). The basis of the Township's motion was as follows:

> Among many errors committed by CPA Larson, the two most glaring are: (1) his delegation to uncover the facts and data underlying his opinion to Plaintiffs' Counsel, the biased advocate who retained him, and (2) his reliance on inapplicable, general industry data that bears disclaimers of reliability. Mr. Larson's method of out-sourcing fact-finding to Counsel and use of data that disclaims any warranty of accuracy infiltrate all aspects of his proposed expert opinion testimony that the Court should strike from the upcoming trial.

(ECF No. 175 at PageID.6615). In August 2021, Mr. Larson issued an expert report where he estimated that the Wineries' suffered damages were $203,562,344.00. In addition to his written report, the Township deposed Mr. Larson on June 28, 2022. That deposition proved to be quite successful for the Township because Mr. Larson subsequently issued a revised supplemental expert report where he reduced the value of the Wineries' estimated damages to about $135 million. Notably, the Township did not disclose any rebuttal expert witnesses by the deadline in the Case Management Order, so the Township does not have the option to present its own expert witnesses.

Judge Kent was not persuaded by the Township's motion to strike Mr. Larson, and he denied the motion (ECF No. 228). Judge Kent found that motions in limine[4] and *Daubert*

---

[4] Although the Township's motion was titled as a "motion to strike," the motion likely would have been more appropriately titled as a motion in limine, given that the Township moved to prevent certain evidence from being admitted at trial. Despite the title of the motion, Judge Kent conducted a thorough analysis of the Court's gatekeeping functions, which the Township was asking the Court to do.

challenges typically do not apply in bench trials because they are gatekeeping tools used to prevent unsupported, unreliable, and speculative evidence from reaching a jury (*Id.* at PageID.8427). In a bench trial, on the other hand, the judge/trier of fact should admit relevant expert evidence and then afford that evidence whatever weight the judge deems appropriate, depending on its reliability (*Id.* at PageID.8427-28) (citing *United States v. City of Eastpointe*, 378 F. Supp. 3d 589, 613 (E.D. Mich. 2019)) ("The task for the district court in deciding whether an expert's opinion is reliable is not to determine whether it is correct, but rather to determine whether it rests upon a reliable foundation, as opposed to, say, unsupported speculation. Because the gatekeeper doctrine was designed to protect juries, the Sixth Circuit has described it as largely irrelevant in the context of a bench trial. A trial judge is presumed capable of weighing evidence to sift the important from the unimportant, and even the admissible from the inadmissible when those are intertwined in a way that might counsel excluding the same evidence from consideration by a lay jury.") (internal citations and quotation marks omitted).

  The Township subsequently filed objections to Judge Kent's order denying its motion to strike, arguing that Judge Kent improperly denied the Township's motion on technical grounds rather than giving it the "rigorous analysis it deserved" (ECF No. 240 at PageID.8717).[5] The Township also notes that Judge Kent granted the Wineries' motion in limine to preclude evidence regarding the history of the Winery Ordinances, so it was contradictory for Judge Kent to deny the Township's motion on technical grounds.

---

[5] The Township also takes issue with the fact that Judge Kent declined to hold oral argument on the motion. However, this district's local rules allow the court to schedule oral argument "in its discretion." W.D. Mich. LCivR 7.3(d). To the extent that this argument is raised in any of the Township's objections, it is unpersuasive.

6

The Court will overrule the Township's objections. First, the Township does not necessarily argue that Judge Kent's order was wrong; rather, it argues that Judge Kent should have conducted a more "rigorous" analysis. Thus, the Township has failed to establish that the order is "contrary to law." See *Gandee*, 785 F. Supp. at 686. Second, even assuming that the Township was entitled to a more "rigorous" analysis, the Court finds that Judge Kent was correct in denying the motion to strike the Wineries' expert witness/hold a *Daubert* hearing. Although the Township argues that Mr. Larson's report contains several errors, the Township is free to address these alleged errors on cross examination. This case is set for a bench trial, and this Court is capable of affording the appropriate weight to Mr. Larson's testimony based on its credibility and reliability (meaning that a *Daubert* hearing is unnecessary). At this stage of this case, striking Mr. Larson's report or prohibiting him from testifying would be premature.

The Court will also shed some light on why Judge Kent granted the Wineries' motion in limine, but then denied the Township's motion to strike on the technical grounds that the trial court need not act as a gatekeeper in bench trials. These two orders appear to contradict each other. However, the Court does not find them to be contradictory. Judge Kent granted the Wineries' motion in limine to exclude evidence regarding the history of the Winery Ordinances because such evidence would have been *irrelevant.* Under Fed. R. Evid. 402, "[i]rrelevant evidence is not admissible." Thus, even though this case is set for a bench trial, evidence that is irrelevant is never admissible, regardless of whether that evidence is challenged in a motion in limine or at an objection at trial. The Township's motion to strike, on the other hand, challenged the *credibility* of Mr. Larson's report and testimony. Thus,

7

Judge Kent appropriately found that Mr. Larson should not be excluded before the commencement of trial; rather, he should be permitted to testify at trial and the Court can then weigh the credibility of Mr. Larson's testimony.

For these reasons, Judge Kent's order denying the Township's motion to strike Mr. Larson was not "contrary to law." Therefore, the Township's objections to this order are overruled.

### C. Objection to the Order Granting the Wineries' Motion to Strike the Township's Expert Report (ECF No. 238)

Along with the Township's motion to strike the Wineries' expert witness (which was filed on July 1, 2022), the Township later filed a "supplemental exhibit" to the motion on August 1, 2022 (ECF No. 218-1). This "supplemental exhibit" was an expert report authored by Michael N. Kahaian CPA/ABV, CFF, CVA and was dated July 29, 2022. The Wineries immediately filed a motion to strike this untimely expert report (ECF No. 219) because the Township's deadline to disclose rebuttal experts and expert reports—September 13, 2021— had long passed (*see Amended Case Management Order*, ECF No. 72). In a one-paragraph order, Judge Kent granted the Wineries' motion to strike Mr. Kahaian's expert report because the report was "untimely and unauthorized" (ECF No. 222). The Township subsequently filed objections to Judge Kent's order striking Mr. Kahaian's expert report (ECF No. 238).

The Township's objections are completely meritless. The Township attempts to justify its untimely expert report in two ways: "one, to offer trial testimony as a rebuttal expert and two, to offer opinions as to methodology at the *Daubert* hearing requested by the

8

Township as alternative relief in the event Plaintiffs' damages expert was not struck under F.R.E. 702" (ECF No. 238 at PageID.8649).

First, the Township had no authority to offer Mr. Kahaian's rebuttal expert report. The Township missed its deadline to disclose experts and file expert reports, and it never moved to amend the Case Management Order; rather, it simply filed the report without leave of the Court or the Wineries' concurrence. Moreover, the Township appears to believe that because the Wineries' expert, Mr. Larson, provided a supplemental report following his deposition, the Township consequently had the authority to file a rebuttal report—that is not so. Following Mr. Larson's deposition on June 28, 2022,[6] the Township's counsel identified errors in Mr. Larson's original expert report, such as failing to account for diminished damages due to COVID-19, a formula error in Microsoft Excel, and failing to account for certain merchandise sales (*see* ECF No. 216 at PageID.8200-02). The errors that the Township identified during the deposition caused Mr. Larson to issue a revised supplemental expert report where he reduced the Wineries' alleged damages from $203 million to $135 million. Mr. Larson's supplemental report was not only authorized, but he *had a duty* to supplement his original report in order to correct an error or inaccuracy. *See, e.g., Caudill Seed & Warehouse Co., Inc. v. Jarrow Formulas, Inc.*, No. 3:13-cv-82-CRS, 2019 WL 1435934, at *7 (W.D. Ky. Mar. 29, 2019) ("An expert has a duty to supplement their initial report when they learn that information is incomplete or incorrect."); *Eiben v.*

---

[6] Notably, the Township delayed Mr. Larson's deposition until a month and a half before trial. The Township and the Wineries originally discussed deposing Mr. Larson in the fall of 2021, but the Township asked to wait to depose Mr. Larson until after the close of discovery and after the completion of the summary judgment briefing (ECF No. 216 at PageID.8199).

9

*Gorilla Ladder Co.*, No. 11-CV-10298, 2013 WL 1721677, at *6 (E.D. Mich. Apr. 22, 2013) (explaining that Rule 26(e) requires a party to "supplement or correct" reports containing errors or inaccuracies); *see also* Fed. R. Civ. P. 26(e)(2) (extending the duty to supplement to "information included in the report and to information given during the expert's deposition"). As explained in the next section, Mr. Larson's supplemental report was timely and proper. And Mr. Larson's supplemental report does not give the Township—which entirely failed to identify a rebuttal expert witness—the opportunity to file an unauthorized and untimely rebuttal expert report. Therefore, to the extent that the Township's objection argues that Mr. Kahaian's expert report was proper for the purpose of rebutting Mr. Larson's supplemental report, this objection is overruled.

Second, the Township also asserts that it wanted to use Mr. Kahaian's expert report for support during a *Daubert* hearing and that such a purpose would have been proper. However, Judge Kent appropriately denied the Township's request for a *Daubert* hearing (*see* ECF No. 228). Therefore, because neither Mr. Larson nor his report will be the subject of a *Daubert* hearing, the Township's argument that it filed the supplemental report for support at a *Daubert* hearing is moot, and this objection is also overruled.

Judge Kent's order striking the Township's "untimely and unauthorized" rebuttal expert report was not "contrary to law." Therefore, the Township's objections are overruled.

### D. Objection to the Order Denying the Township's Motion to Strike the Wineries' Supplemental Expert Report (ECF No. 245)

In addition to attempting to file its own rebuttal expert report to Mr. Larson's supplemental expert report, the Township also moved to strike Mr. Larson's supplemental

10

report (ECF No. 199). The Township argued that the supplemental report was disclosed "a mere 41 days before trial," failed to meet the requirements of Fed. R. Civ. P. 26, and was an ambush by the Wineries (*Id.* at PageID.7436). Judge Kent denied the Township's motion to strike the supplemental report, finding that it was timely and that Mr. Larson had a duty to supplement his original report after errors—which came to light during his deposition—in his original report were discovered (*see* ECF No. 232). The Township timely filed objections to this order (ECF No. 245).

The Township's first objection argues that Judge Kent failed to analyze Mr. Larson's *original* report, to ensure that it complies with Fed. R. Civ. P. 26, in determining that the supplemental report should not be stricken. In the Court's judgment, this objection is completely irrelevant to the order at issue. The Township already attempted to strike Mr. Larson's *original* report (*see* ECF No. 175) by challenging its credibility, and in that motion—which Judge Kent denied—the Township did not raise any argument under Rule 26. The Township is essentially attempting to improperly attack Mr. Larson's original report again, for a different reason, in objections to a different order. The present order concerns Mr. Larson's *supplemental* report and whether that report complied with Rule 26. Judge Kent determined that Mr. Larson's supplemental report complied with Rule 26 and was entirely proper due to Mr. Larson's duty to correct the inaccuracies in his original report. Therefore, the Township's first objection is overruled.

Second, the Township objects to Judge Kent's finding that the supplemental report was timely. Judge Kent found that the supplemental report was timely disclosed because it was filed on July 6, 2022, which was more than thirty days before the trial date of August 16,

11

2022. *See* Fed. R. Civ. P. 26(e)(2) (requiring that changes to expert reports "must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due"); Fed. R. Civ. P. 26(a)(3) (providing that pretrial disclosures must be made "at least 30 days before trial"). The Township's objection asserts that Judge Kent "misstated" the Township's timeliness argument. Essentially, the Township was not arguing that the supplemental report was untimely disclosed pursuant to the Federal Rules, but rather, that Mr. Larson should have supplemented his report sooner because he knew of the errors before he provided the supplemental report. However, the record reflects that Mr. Larson did not discover the errors in his original report until he was deposed on June 28, 2022—a date that was selected by the Township—and he promptly provided his supplemental report eight days later on July 6 (*see* ECF No. 216 at PageID.8199-200). If the Township wanted to attack Mr. Larson's original report sooner, it should have deposed him sooner. This objection is also overruled.

Thus, the Township has failed to establish that Judge Kent's order denying the Township's motion to strike Mr. Larson's supplemental report is "contrary to law." Judge Kent's order is affirmed and the Township's objections are overruled.

### E. Objection to the Order Denying the Township's Motion in Limine (ECF No. 241)

In one last attempt to undermine the Wineries' claim for damages, the Township filed a motion in limine to preclude (1) Winery representatives from testifying at trial "on the question of damages" and (2) the Wineries from presenting damages proofs in support of their state-law claims (ECF No. 189 at PageID.7223). The Township argued that Winery representatives would be unable to reliably testify about damages because during their

12

depositions, they all stated that they intended to rely on their expert to calculate the amount of damages they suffered (*Id.* at PageID.7232-34). Further, the Township argued that Michigan law does not allow for damages for the Wineries' state-law claims, and the Wineries should therefore be prevented from providing proofs as to damages for their state-law claims. Judge Kent denied the Township's motion (ECF No. 226). As for entering a "sweeping order" precluding Winery representatives from testifying about damages, Judge Kent declined to do so (*Id.* at PageID.8420). He concluded that the Wineries produced sufficient evidence of damages (by providing 52 documents regarding pricing data, purchasing data, sales data, event requests, enforcement actions by the Township, etc.) and that the Township had deposed several Winery representatives who testified about damages (*Id.*). Second, as for the Township's request to prevent the Wineries from offering proofs for damages supporting their state-law claims, Judge Kent concluded that the Township's motion was more appropriately considered a motion for summary judgment, seeking to avoid all liability for damages for the state-law claims, disguised as a motion in limine (*Id.* at PageID.8421). Judge Kent therefore concluded that the Township should have raised this argument in its motion for summary judgment and not improperly in a "motion in limine" (*Id.*).

The Township subsequently filed timely objections (ECF No. 241), but these objections essentially repeat the Township's arguments in its original motion in limine. The Township candidly stated that it asserted the objections "to preserve these issues for appeal" (*Id.* at PageID.8724), but objections that do not raise a specific error in the magistrate judge's order are insufficient. *See, e.g., Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific

13

objections and is tantamount to a complete failure to object."); *Holl v. Potter*, No. C-1-09-618, 2011 WL 2337038, at *1 (S.D. Ohio Sept. 15, 2011) ("Objections that merely restate arguments raised in the memoranda considered by the Magistrate Judge are not proper, and the Court may consider such repetitive arguments waived."). The Wineries point out that six pages of the Township's twelve-page objections are basically a copy-and-paste/repeat of its original motion (ECF No. 260 at PageID.9192). The Court finds that the Township's repetitive "objections" fail to assert that Judge Kent's order contains an error. The Court could overrule the objections on this basis alone.

But even considering the merits of the Township's objections, the Court would still overrule them. Regarding whether the Wineries can testify about damages, the Township disingenuously asserts that Winery representatives "have no damages information" (ECF No. 241 at PageID.8725). The Township proceeds to strategically quote the Winery representatives' depositions where they asserted that they could not testify as to the *amount* of damages they suffered and that they would instead be relying on an expert for this figure (*Id.* at PageID.8726-29). Yet, the Township fails to mention the Winery representatives' testimony regarding how the Township and its Winery Ordinances have harmed their businesses (*see* ECF No. 260 at PageID.9198-201) (providing deposition testimony from representatives of all ten Wineries about being prohibited from hosting gatherings and events, the higher price of Old-Mission-Peninsula-produced fruit, being prohibited from advertising, etc.). Although none of the Winery representatives provided a specific number for their alleged damages, they all provided testimony as to how the Winery Ordinances have harmed their businesses. Further, they all appropriately testified that they would rely on their

14

expert for the calculation of their damages. Therefore, Judge Kent properly denied the Township's broad request to prevent any Winery representatives from testifying about damages.[7]

As for the Township's objection regarding damages for the state-law claims, the Township acknowledges that Judge Kent construed this portion of the motion as a motion for summary judgment, but it does not argue that Judge Kent erred in doing so (*see* ECF No. 241 at PageID.8731). Instead, the Township asserts that this Court should decide the merits of the motion to prevent wasting "valuable time presenting damages proofs on a host of claims for which money damages cannot be awarded" (*Id.*). This "objection" does not even attempt to raise an error in the Magistrate Judge's order. Of course the Township would like the Court to decide the motion on the merits, but as Judge Kent stated, "Defendants should have addressed this issue as part of their motion for summary judgment" (ECF No. 226). The Township cannot now improperly bring this argument, disguised as a motion in limine, because it failed to raise the argument in its summary judgment motion. *See Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013) ("Allowing a party to litigate matters that have been or should have been resolved at an earlier stage not only allows those dissatisfied with the court's initial ruling a chance to relitigate, but also deprives their opponents of the procedural protections that attach at summary judgment."). This objection is also overruled.

Therefore, the Township has not established that Judge Kent's order denying its motion in limine is "contrary to law." The Township's objections to this order are overruled.

---

[7] Moreover, as explained above in Subsection B, motions in limine are typically unnecessary in cases set for bench trials because the Court need not exercise its gatekeeping functions in bench trials. *See City of Eastpointe*, 378 F. Supp. 3d at 613.

### F. The Wineries' Motion to Strike (ECF No. 255)

Finally, in addition to resolving the Township's objections to Judge Kent's orders, the Court will also resolve the Wineries' motion to strike—which is directly related to one of the Township's objections—without oral argument. *See* W.D. Mich. LCivR 7.3(d). In objecting to the order granting the Wineries' motion in limine to preclude evidence of the history of the Winery Ordinances, the Township attached an "offer of proof" to the objection (ECF No. 237-2). This "offer of proof" was in the form of three affidavits, one from Grant Parsons (former attorney of PTP), one from John Wunsch (a member of PTP), and one from Gordon Hayward (former Township Planner). According to the Wineries, these affidavits contain inadmissible hearsay and improper opinions of lay witnesses, lack foundation, are irrelevant, and fail to comply with the Federal Rules of Evidence (*see* ECF No. 255). Therefore, the Wineries move to strike the affidavits as improper offers of proof under Fed. R. Evid. 103(a)(2).

The Court need not resolve this motion on its merits. The Township provided the affidavits in support of its objections to the order granting the Wineries' motion in limine, but the Court has now set aside that order. The Court did not need to consult the affidavits to set aside the order; rather, it had to set aside the order based on direction from the Sixth Circuit. And because the Court set aside the order granting the Wineries' motion in limine without consulting the affidavits, the Wineries' motion to strike the affidavits can be dismissed as moot.

Accordingly,

16

**IT IS HEREBY ORDERED** that the order granting the Wineries' motion in limine (ECF No. 223) is **SET ASIDE** for the reasons stated above, and the Township's objections (ECF No. 237) to this order are therefore **DISMISSED** as moot. The Wineries' motion in limine (ECF No. 182) is also **DISMISSED** without prejudice due to the changed circumstances of this litigation.

**IT IS FURTHER ORDERED** that the remainder of the Township's objections to the Magistrate Judge's orders (ECF Nos. 238, 240, 241, 245) are **OVERRULED** and the Magistrate Judge's orders (ECF Nos. 222, 226, 228, 232) are **AFFIRMED**.

**IT IS FURTHER ORDERED** that the Wineries' motion to strike (ECF No. 255) is **DISMISSED** as moot.

**IT IS FURTHER ORDERED** that the hearing on the Township's objections and the Wineries' motion to strike is **CANCELED**. The hearing on the motions not addressed in this order remains as scheduled.

**IT IS SO ORDERED.**

Date: October 21, 2022                                   /s/ Paul L. Maloney
                                                                          Paul L. Maloney
                                                                          United States District Judge