UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WINERIES OF THE OLD MISSION PENINSULA ASSOC (WOMP)., a Michigan nonprofit corporation; BOWERS HARBOR VINEYARD & WINERY, INC., a Michigan corporation; BRYS WINERY, LC, a Michigan corporation; CHATEAU GRAND TRAVERSE, LTD, a Michigan corporation; CHATEAU OPERATIONS, LTD, a Michigan corporation; GRAPE HARBOR, INC., a Michigan corporation; MONTAGUE DEVELOPMENT, LLC, a Michigan limited liability company; OV THE FARM, LLC; a Michigan limited liability company; TABONE VINEYARDS, LLC, a Michigan limited liability company; TWO LADS, LLC, a Michigan limited liability company; VILLA MARI LLC, a Michigan limited liability company; WINERY AT BLACK STAR FARMS, LLC., a Michigan limited liability company, <br><br> Plaintiffs, <br><br> v <br><br> PENINSULA TOWNSHIP, a Michigan municipal corporation, <br><br> Defendant, <br><br> and <br><br> PROTECT THE PENINSULA, INC, <br><br> Intervening Defendant. | Case No. 1:20-cv-01008 <br><br> HON. PAUL L. MALONEY <br> MAG. JUDGE RAY S. KENT <br><br> **PROTECT THE PENINSULA'S MOTION TO SET ASIDE SUMMARY JUDGMENT ORDER (ECF 162) AND BRIEF IN SUPPORT** |

0

| | |
|---|---|
| Joseph M. Infante (P68719) | Gregory M. Meihn (P38939) |
| Christopher J. Gartman (P83286) | Matthew T. Wise (P76794) |
| Miller, Canfield, Paddock | Gordon Rees Scully Mansukhani |
| Attorneys for Plaintiffs | Attorneys for Defendant |
| 99 Monroe Ave., NW, Suite 1200 | 37000 Woodward Avenue, Suite 225 |
| Grand Rapids, MI 49503 | Bloomfield Hills, MI 48304 |
| (616) 776-6333 | 313-756-6428 |
| infante@millercanfield.com | gmeihn@grsm.com |
| gartman@millercanfield.com | mwise@grsm.com |
| | |
| Timothy A. Diemer (P65084) | William K. Fahey (P27745) |
| Eric P. Conn (P64500) | John S. Brennan (P55431) |
| Jacobs and Diemer, P.C. | Christopher S. Patterson (P74350) |
| Of Counsel for Defendant | Fahey Schultz Burzych Rhodes PLC |
| The Guardian Building | Co-Counsel for Defendant |
| 500 Griswold Street, Ste. 2825 | 4151 Okemos Road |
| Detroit, MI 48226 | Okemos, MI 48864 |
| (313) 965-1900 | (517) 381-0100 |
| tad@jacobsdiemer.com | wfahey@fsbrlaw.com |
| econn@jacobsdiemer.com | jbrennan@fsbrlaw.com |
| | cpatterson@fsbrlaw.com |
| | |
| Tracy Jane Andrews (P67467) | Holly L. Hillyer (P85318) |
| Law Office of Tracy Jane Andrews, PLLC | Olson, Bzdok & Howard, P.C. |
| Attorney for Intervener | Co-Counsel for Intervener |
| 420 East Front Street | 420 East Front Street |
| Traverse City, MI 49686 | Traverse City, MI 49686 |
| (231) 946-0044 | (231) 946-0044 |
| tjandrews@envlaw.com | holly@envlaw.com |

---

**PROTECT THE PENINSULA'S MOTION
TO SET ASIDE SUMMARY JUDGMENT ORDER (ECF 162)**

On August 18, 2022, the Sixth Circuit issued a mandate granting Protect the Peninsula, Inc. (PTP) the right to intervene in this case to protect its members interests in Peninsula Township Zoning Ordinance (Ordinance) provisions that the Wineries of the Old Mission Peninsula Assoc. *et al.* (Wineries) seek to invalidate. (ECF 243) Then on August 23, the Sixth Circuit vacated this Court's prior injunction preventing Defendant Peninsula Township

(Township) from enforcing many disputed sections of the Ordinance. (ECF 251) The Sixth Circuit explained that PTP's intervention "will fundamentally alter the district court's evaluation of its decision on summary judgment" and "requires reconsideration of the district court's partial grant of summary judgment." (ECF 251, PageID.8978, 8982)

PTP has filed two briefs asserting that its role in this litigation includes the opportunity to respond to the Wineries' summary judgment motions, to file its own dispositive motions,[1] and to seek relief from the Court's prior summary judgment order under Rule 60(b). (ECF No. 249, PageID.8908; ECF 262, PageID.9416) PTP's motion for relief from the case management order (ECF 249) and motion to dismiss (ECF 250) will be heard November 17, 2022.

Since filing those two briefs, PTP realized two things: (1) Rule 54(b) appears the more appropriate procedural rule, rather than Rule 60(b), to seek relief from the interlocutory case management[2] and summary judgment orders; and (2) PTP should ask this Court to set aside the summary judgment order now, rather than later. Vacating the summary judgment order gives the intended effect to the Sixth Circuit's mandates and opinions and avoids manifest injustice to PTP. It also promotes uniformity and avoids conflicting outcomes. PTP respectfully moves to set aside the summary judgment order. (ECF 162)

## BRIEF IN SUPPORT

PTP moves this Court, under Fed. R. Civ. P. 54(b) and the common law, to set aside the partial summary judgment order issued June 3, 2022, before PTP was a participant in this litigation. Vacating that order ensures PTP has the opportunity to fully respond to the merits of the Wineries'

---

[1] PTP's motion to dismiss the Wineries' state law claims was already filed. (ECF 250)

[2] PTP cited to Rule 60(b) in seeking relief from the trial schedule. (ECF 249, PageID.8905-8906)

claims, consistent with intervention and the Sixth Circuit mandates, and as requested in its prior briefing. (ECF 249, 262)

1. **PTP sought intervention before but was granted intervention after this Court issued its summary judgment order addressing most of the Wineries' claims.**

PTP initially sought to intervene in this lawsuit in February 2021 (ECF 40), which was denied in October 2021 (ECF 108), and PTP appealed. While the appeal was pending, on June 3, 2022, the Court issued its summary judgment order on most of the Wineries' claims. (ECF 162) The Sixth Circuit reversed the decision denying PTP intervention on July 27, 2022. (ECF 215)

On August 4, PTP sought relief from the Court's Case Management Order. (ECF 229) In that motion, PTP noted that it would seek the opportunity to, *inter alia*, "[r]espond to the Wineries' motions for summary judgment and file cross motion on their claims."[3] (ECF No. 249, PageID.8909)

On August 22, 2022, after the Sixth Circuit issued its mandate regarding PTP's intervention (ECF 243), this Court accepted PTP's motion for relief from the case management order and directed PTP to file a reply "addressing the role that it intends to play in this litigation." (ECF 246, PageID.8809)

On August 23, 2022, the Sixth Circuit vacated the injunction issued against the Township, explaining that PTP's intervention "requires reconsideration of the district court's partial grant of summary judgment" upon which the injunction was based. (ECF 251, PageID.8978, 8982)

---

[3] PTP further noted, "[a]lternatively, or additionally, PTP may seek relief under Rule 60(b) from the summary judgment and preliminary injunction orders issued before PTP was recognized as a party, which impair PTP's interests that it intervened to protect." (ECF 249, PageID.8909, emphasis added) Upon further research, it appears Rule 54(b), rather than Rule 60(b) may be the more fitting rule here, both as basis to grant relief from the case management order and the summary judgment order. *See Hewitt v. McCary,* 387 F.Supp.3d 761, 773 (noting that Rule 54(b) rather than Rule 60(b) generally applies to interlocutory orders).

3

On September 6, 2022, PTP filed its reply outlining how it intends to defend the validity of the zoning ordinance and otherwise protect its members interests. (ECF 262) Among other things, PTP stated that it seeks to respond to the Wineries' motions for summary judgment and file its own dispositive motions. (ECF 262, PageID.9416) The Court will hear PTP's motion and reply, among others, on November 17, 2022. (ECF 269)

2. **This Court has authority to set aside its prior order.**

This Court may revisit its prior non-final rulings under common law and Fed. R. Civ. P. 54(b). *See Moses H. Cone Mem Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) (providing that "every order short of a final decree is subject to reopening at the discretion of the district judge"); *Simmons Co. v. Grier Brothers Co.*, 258 U.S. 82, 88 (1922) ("If it be only interlocutory, the court at any time before final decree may modify or rescind it."). "This authority allows district courts 'to afford such relief from [interlocutory orders] as justice requires.'" *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 Fed.Appx. 949, 959 (6th Cir. 2004) (quoting *Citibank v. FDIC*, 857 F.Supp. 976, 981 D.D.C. 1994)). This inherent power allows the district court to "modify, or even rescind" its prior interlocutory orders. *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991) (citing *Simmons,* 248 U.S. at 88); *see also Hewitt v. McCrary*, 387 F.Supp.3d 761, 773 (E.D. Mich. 2019) (district court may modify or vacate prior orders). "Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Rodriguez*, 89 Fed.Appx. at 959 (citation omitted). It is appropriate under the circumstances presented in this case for this Court to vacate the summary judgment.

4

3. **<u>The circumstances here support setting aside the summary judgment order.</u>**

The Sixth Circuit has issued two opinions and mandates – on PTP intervention (ECF 215), and on the injunction following the June 3 summary judgment order (ECF 251). Both are general mandates that require "further proceedings in accord[ance] with the opinion [order]." (ECF 215, PageID.8192; ECF 251, PageID.8982) The first Sixth Circuit opinion and mandate recognized PTP's interest is in vindicating the validity of the zoning ordinance. (ECF 215, PageID.8186). The second Sixth Circuit opinion and mandate, which vacated the injunction based on the summary judgment order, made it even more clear PTP must be heard on the merits of the Wineries' claims. (ECF 251) The injunction was vacated in part *because* PTP has not yet been able to participate as a litigant and defend the ordinances before the summary judgment order was issued. That Court recognized the circumstances leading to the summary judgment order "raise serious questions regarding the merits of the district court's injunction following its partial grant of summary judgment, as well as regarding the prejudice that PTP faces by not having been able to raise arguments against the injunction before the district court." (ECF 251, PageID.8978; *see also id.*, PageID.8992, noting PTP intervention requires reconsideration of summary judgment order).

In each opinion, the Sixth Circuit recognized the harm to PTP of invalidating the zoning provisions without consideration of PTP's arguments – the first in the general context of PTP intervention, and the second in the specific context of the summary judgment order and injunction. District courts must implement "the letter and spirit" of appellate mandates in the context of the analysis reflected in the appellate opinion. *Stryker Corp. v. XL Ins. Am.*, 576 Fed. Appx 496, 500 (2014) (citations and quotations omitted). Appellate opinions and mandates become the law of the case moving forward. *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994). Vacating the

5

summary judgment order is in accordance with the Sixth Circuit opinions and mandates, which constitute a change in controlling law in this case.

Vacating the summary judgment order would also prevent manifest injustice to PTP. Intervention here means PTP should have the opportunity to rebut the evidence presented by the Wineries in support of their summary judgment motion, and to present arguments addressing the merits of Wineries' claims, before determining the validity of the zoning provisions. *See Sanguine, Ltd. v. U.S. Dep't of Interior*, 798 F.2d 389, 391-92 (10th Cir. 1986) (*Sanguine II*). The intervenors in *Sanguine II* had been denied intervention by the district court but the appellate court reversed. *See Sanguine, LTD. v. U.S. Dep't of Interior*, 736 F.2d 1416 (10th Cir. 1984) (*Sanguine I*). After the appeal, the intervenors moved to have the district court vacate the consent decree entered prior to their intervention. *Sanguine*, 798 F.2d at 390. The district court granted the motion and an appeal followed where the Tenth Circuit aptly inquired, "if the district court did not vacate its prior orders, of what value is the right of intervention we held to exists in this case?" *Id*. at 391. The Tenth Circuit held that "prejudice to the intervenors can be avoided only by setting aside the prior judgment and allowing the opportunity to litigate the merits of the case." *Id*.  The Sixth Circuit cited *Sanguine II* in support of its decision to vacate the injunction here. (ECF 251, PageID.8982)

Setting aside the summary judgment order would also facilitate uniformity and avoid the potential for conflicting orders. The Court is effectively reconsidering the Wineries' state claims as a result of PTP's motion to dismiss them, and that issue is now fully briefed. (ECF 282, PageID.10172) The Wineries' remaining claims seek to invalidate zoning provisions on numerous theories, and PTP seeks the opportunity to respond and present defenses. Even if the Court reached the same conclusions on all theories (which PTP contends is unlikely), its analysis will undoubtedly differ post-intervention, in consideration of defense arguments rather than based on

6

"waivers, defaults, and/or concessions." (ECF No. 251, PageID.8978) Setting aside the summary judgment order provides for consistency and avoids the potential for confusion.

Given the present circumstances of this litigation, PTP respectfully requests that the Court vacate the June 3, 2022 summary judgment order.

Respectfully submitted,

Dated: October 25, 2022         By: _____
                                Tracy Jane Andrews (P67467)
                                Law Office of Tracy Jane Andrews, PLLC
                                Attorneys for Intervenor
                                420 East Front Street
                                Traverse City, MI 49686
                                (231) 946-0044
                                tjandrews@envlaw.com


Dated: October 25, 2022         By: _____
                                Holly L. Hillyer (P85318)
                                Olson, Bzdok & Howard, P.C.
                                Co-Counsel for Intervener
                                420 East Front Street
                                Traverse City, MI 49686
                                (231) 946-0044
                                holly@envlaw.com

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.3(b)(i)**

This Brief complies with the word count limit of L. Ci. R. 7.3(b)(i). This brief was written using Microsoft Word version 2016 and has a word count of 1,414 words.

                 Respectfully submitted,

Dated: October 25, 2022       By: _____
                  Tracy Jane Andrews (P67467)
                  Law Office of Tracy Jane Andrews, PLLC
                  Attorneys for Intervenor
                  420 East Front Street
                  Traverse City, MI 49686
                  (231) 946-0044
                  tjandrews@envlaw.com

Dated: October 25, 2022       By: _____
                  Holly L. Hillyer (P85318)
                  Olson, Bzdok & Howard, P.C.
                  Co-Counsel for Intervener
                  420 East Front Street
                  Traverse City, MI 49686
                  (231) 946-0044
                  holly@envlaw.com

9

## CERTIFICATE OF SERVICE

    I, Tracy Jane Andrews, hereby certify that on the 25th day of October, 2022, I electronically filed the foregoing document with the ECF system which will send a notification of such to all parties of record.

By: _____
Tracy Jane Andrews (P67467)