```
                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF MICHIGAN
                          SOUTHERN DIVISION

WINERIES OF THE OLD MISSION
PENINSULA (WOMP) ASSOC.,                  Case No. 1:20-cv-01008
a Michigan Nonprofit Corporation,
BOWERS HARBOR VINEYARD &                  Hon. Paul L. Maloney
WINERY, INC., a Michigan Corporation,
BRYS WINERY, LC, a Michigan Corporation,
CHATEAU GRAND TRAVERSE, LTD,              Mag. Judge Ray S. Kent
a Michigan Corporation, CHATEAU
OPERATIONS, LTD, a Michigan Corporation,
GRAPE HARBOR, INC. a Michigan
Corporation,
MONTAGUE DEVELOPMENT, LLC, a
Michigan
Limited Liability Company, OV
THE FARM, LLC, a Michigan
Limited Liability Company,
TABONE VINEYARDS, LLC, a
Michigan Limited Liability
Company, TWO LADS, LLC, a
Michigan Limited Liability
Company, VILLA MARI, LLC, a
Michigan Limited Liability
Company, WINERY AT BLACK STAR
FARMS, LLC, a Michigan Limited
Liability Company,

     Plaintiffs,
v

TOWNSHIP OF PENINSULA,
a Michigan Municipal Corporation,

     Defendant,

and

PROTECT THE PENINSULA, INC.,

     Intervenor-Defendant.
_____
```

> **PENINSULA TOWNSHIP'S
> MOTION FOR RELIEF FROM
> THE JUNE 3, 2022 SUMMARY
> JUDGMENT ORDER (ECF 162)
> UNDER FRCP 54(b)**
>
> *ORAL ARGUMENT REQUESTED*

MILLER, CANFIELD,
PADDOCK & STONE, PLC
JOSEPH M. INFANTE (P68719)
CHRISTOPHER J. GARTMAN (P83286)
SCOTT R. ELDRIDGE (P66452)
Attorneys for Plaintiffs
99 Monroe Avenue NW, Suite 1200
Grand Rapids, MI 49503
(616) 776-6333
infante@millercanfield.com
gartman@millercanfield.com
eldridge@millercanfield.com

GORDON, REES, SCULLY,
MANSUKHANI LLP
GREGORY M. MEIHN (P38939)
MATTHEW T. WISE (P76794)
Attorneys for Defendant
37000 Woodward Ave Ste 225
Bloomfield Hills, MI
48304-0925
(248) 756-6428
gmeihn@grsm.com
mwise@grsm.com

JACOBS AND DIEMER, P.C.
TIMOTHY A. DIEMER (P65084)
ERIC P. CONN (P64500)
"Of Counsel" for Defendant
The Guardian Building
500 Griswold Street, Suite 2825
Detroit, MI 48226
(313) 965-1900 / Fax: (248) 965-1919
tad@jacobsdiemer.com
econn@jacobsdiemer.com

FAHEY SCHULTZ BURZYCH RHODES,
PLC
WILLIAM K. FAHEY (P27745)
JOHN S. BRENNAN (P55431)
CHRISTOPHER S. PATTERSON
(P74350)
Attorneys for Defendant
4151 Okemos Rd
Okemos, MI 48864
(517) 381-3150 Office
wfahey@fsbrlaw.com
jbrennan@fsbrlaw.com
cpatterson@fsbrlaw.com

LAW OFFICE OF TRACY J. ANDREWS
TRACY J. ANDREWS (P67467)
Attorney for Intervening
Defendant Protect the Peninsula
619 Webster Street
Traverse City, MI 49686
(231)714-9402
tjandrews@envlaw.com

OLSON, BZDOK & HOWARD, P.C.
HOLLY L. HILLYER (P85318)
Attorney for Intervening
Defendant Protect the
Peninsula
420 E. Front Street
Traverse City, MI 49686
(231)946-0044
holly@envlaw.com

---

## PENINSULA TOWNSHIP'S MOTION FOR RELIEF FROM THE JUNE 3, 2022 SUMMARY JUDGMENT ORDER (ECF 162) UNDER FRCP 54(b)

NOW COMES the Defendant, Township of Peninsula, by and through Undersigned Counsel, and in support of its Motion for Relief from the June 3, 2022 Summary Judgment Order under Rule 54(b), states as follows:

1. For the reasons set forth in the Brief in Support of this Motion, the Defendant, Township of Peninsula, respectfully requests that this Honorable Court grant its Motion under Rule 54(b) and Vacate the June 3, 2022 Summary Judgment Opinion and Order as instructed by the Sixth Circuit Court of Appeals as to any and all rulings issued in favor of the Wineries (Case No. 22-1534, Document 49-2, p 8);

2. Under Local Rule 7.1(d), the Defendant, Township of Peninsula sought concurrence from Plaintiffs' counsel Intervenor Defendant's counsel on October 26, 2022, which was not granted.

WHEREFORE, Defendant Peninsula Township respectfully requests that this Honorable Court grant its Motion for Relief from the June 3, 2022 Summary Judgment Order Pursuant to FRCP 54(b), and award any other relief that is appropriate and just under the circumstances.

Respectfully Submitted,


_____/s/_____                    _____/s/_____
Timothy A. Diemer (P65084)          William K. Fahey (P27745)
Eric P. Conn (P64500)               John S. Brennan (P55431)
on behalf of Peninsula Twp.         Christopher Patterson (P74350)
tad@jacobsdiemer.com                On behalf of Peninsula Twp.
econn@jacobsdiemer.com              wfahey@fsbrlaw.com
                                    jbrennan@fsbrlaw.com
                                    cpatterson@fsbrlaw.com

Date: October 27, 2022

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WINERIES OF THE OLD MISSION
PENINSULA (WOMP) ASSOC.,                    Case No. 1:20-cv-01008
a Michigan Nonprofit Corporation,
BOWERS HARBOR VINEYARD &                    Hon. Paul L. Maloney
WINERY, INC., a Michigan Corporation,
BRYS WINERY, LC, a Michigan Corporation,
CHATEAU GRAND TRAVERSE, LTD,                Mag. Judge Ray S. Kent
a Michigan Corporation, CHATEAU
OPERATIONS, LTD, a Michigan Corporation,
GRAPE HARBOR, INC. a Michigan Corporation,
MONTAGUE DEVELOPMENT, LLC, a Michigan
Limited Liability Company, OV THE
FARM, LLC, a Michigan Limited
Liability Company,
TABONE VINEYARDS, LLC, a Michigan
Limited Liability Company, TWO
LADS, LLC, a Michigan Limited
Liability Company, VILLA MARI,
LLC, a Michigan Limited Liability
Company, WINERY AT BLACK STAR
FARMS, LLC, a Michigan Limited
Liability Company,

| |
|---|
| **BRIEF IN SUPPORT PENINSULA TOWNSHIP'S MOTION FOR RELIEF FROM THE JUNE 3, 2022 SUMMARY JUDGMENT ORDER (ECF 162) UNDER FRCP 54(b)** <br><br> ***ORAL ARGUMENT REQUESTED*** |

    Plaintiffs,
v

TOWNSHIP OF PENINSULA,
a Michigan Municipal Corporation,

    Defendant,

and

PROTECT THE PENINSULA, INC.,

    Intervenor-Defendant.
_____

MILLER, CANFIELD,
PADDOCK & STONE, PLC
JOSEPH M. INFANTE (P68719)
CHRISTOPHER J. GARTMAN (P83286)
SCOTT R. ELDRIDGE (P66452)
Attorneys for Plaintiffs
99 Monroe Avenue NW, Suite 1200
Grand Rapids, MI 49503
(616) 776-6333
infante@millercanfield.com
gartman@millercanfield.com
eldridge@millercanfield.com

GORDON, REES, SCULLY,
MANSUKHANI LLP
GREGORY M. MEIHN (P38939)
MATTHEW T. WISE (P76794)
Attorneys for Defendant
37000 Woodward Ave Ste 225
Bloomfield Hills, MI
48304-0925
(248) 756-6428
gmeihn@grsm.com
mwise@grsm.com

JACOBS AND DIEMER, P.C.
TIMOTHY A. DIEMER (P65084)
ERIC P. CONN (P64500)
"Of Counsel" for Defendant
The Guardian Building
500 Griswold Street, Suite 2825
Detroit, MI 48226
(313) 965-1900 / Fax: (248) 965-1919
tad@jacobsdiemer.com
econn@jacobsdiemer.com

FAHEY SCHULTZ BURZYCH RHODES,
PLC
WILLIAM K. FAHEY (P27745)
JOHN S. BRENNAN (P55431)
CHRISTOPHER S. PATTERSON
(P74350)
Attorneys for Defendant
4151 Okemos Rd
Okemos, MI 48864
(517) 381-3150 Office
wfahey@fsbrlaw.com
jbrennan@fsbrlaw.com
cpatterson@fsbrlaw.com

LAW OFFICE OF TRACY J. ANDREWS
TRACY J. ANDREWS (P67467)
Attorney for Intervening
Defendant Protect the Peninsula
619 Webster Street
Traverse City, MI 49686
(231)714-9402
tjandrews@envlaw.com

OLSON, BZDOK & HOWARD, P.C.
HOLLY L. HILLYER (P85318)
Attorney for Intervening
Defendant Protect the
Peninsula
420 E. Front Street
Traverse City, MI 49686
(231)946-0044
holly@envlaw.com

**BRIEF IN SUPPORT OF PENINSULA TOWNSHIP'S MOTION FOR RELIEF FROM THE JUNE 3, 2022 SUMMARY JUDGMENT ORDER (ECF 162) UNDER FRCP 54(b)**

## TABLE OF CONTENTS

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . .  ii

INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      I.    THE COURT SHOULD VACATE ITS JUNE 3, 2022 SUMMARY
           JUDGMENT OPINION AND ORDER IN ACCORDANCE WITH THE
           SIXTH CIRCUIT'S JULY 27, 2022 AND AUGUST 23, 2022
           RULINGS . . . . . . . . . . . . . . . . . . . . . . . . 2

      Introduction . . . . . . . . . . . . . . . . . . . . . . . . 2

      Standard of Review . . . . . . . . . . . . . . . . . . . . . 4

      A.   The Court Should Vacate the June 3, 2022 Summary
           Judgment Order to Prevent Manifest Injustice. . . . . 5

      B.   The Court Should Vacate the June 3, 2022 Summary
           Judgment Order to Correct its Clear Error of Law. . . 8

      C.   It Is Imperative That All Parties Participate in the
           Renewed Summary Judgment Proceedings. . . . . . . . . 9

CONCLUSION AND RELIEF REQUESTED . . . . . . . . . . . . . . . 13

CERTIFICATE OF COMPLIANCE PURSUANT TO LOCAL RULE 7.3(b)(1)

CERTIFICATE OF SERVICE

i

<u>**INDEX OF AUTHORITIES**</u>

**Page No:**

**CASES:**

<u>Block v Meharry Med Coll</u>,
    No. 3:15cv-00204, 2017 WL 1364717 * 1
    (M.D. Tenn. Apr. 14, 2017) . . . . . . . . . . . . . . 5

<u>Carter v Mitchell</u>,
    829 F3d 455 (CA6 2016) . . . . . . . . . . . . . . . . 5

<u>Kelley v Apria Healthcare, LLC</u>,
    232 F Supp 3d 983 (ED Tenn, 2017) . . . . . . . . . . 8

<u>Mallory v Eyrich</u>,
    922 F2d 1273 (CA6 1991) . . . . . . . . . . . . . . . 5

<u>Rodriguez v Tenn Laborers Health & Welfare Fund</u>,
    89 F App'x 949 (CA6 2004) . . . . . . . . . . . . . . 5

<u>Sanguine, LTD v US Dep't of Interior</u>,
    736 F2d 1416 (CA10 1984) . . . . . . . . . . . . . . 6,7

<u>Tennessee Protection & Advocacy, Inc v Wells</u>,
    371 F3d 342 (CA6 2004) . . . . . . . . . . . . . . . . 5

<u>United States v Parks</u>,
    700 F3d 775 (CA6 2012) . . . . . . . . . . . . . . . . 4


**STATUTES:**
28 U.S.C. § 1292(a)(1) . . . . . . . . . . . . . . . . . 3

**FEDERAL COURT RULES:**
Fed. R. Civ. P. 54(b) . . . . . . . . . . . . . . 1,2,4,5,13,18

**LOCAL COURT RULES:**
Local Rule 7.1(d) . . . . . . . . . . . . . . . . . . . Mtn

**MICHIGAN COURT RULES:**
MCR 7.308(A)(2) . . . . . . . . . . . . . . . . . . . . 16

## **INTRODUCTION**

Rule 54(b) authorizes the Court to vacate any interlocutory order prior to entry of a final judgment. The case law interpreting the rule provides that the Court has discretion to set aside interlocutory rulings, but in this case, the Court of Appeals has curtailed that discretion by making the setting aside of the June 3, 2022 Summary Judgment Opinion and Order mandatory, not optional.

This Court's recent Order Resolving Objections to Magistrate Judge's Orders acknowledges that the Summary Judgment Order must be re-examined but that, "[w]hich issues the Court may have to reconsider will be a topic for the upcoming hearing." (ECF 284 Page ID# 10189.) PTP has asked that the entire June 3 Order be set aside, but if the Court is inclined to only reconsider some of the Summary Judgment rulings, the only way to honor the Court of Appeals' mandates is to leave in place those rulings where PTP has no claim for prejudice as a result of the denial of its right to intervene. Those issues where PTP's rights were not harmed would necessarily be limited to rulings on which the Wineries did not prevail on Summary Judgment.

It would be inconsistent with the Sixth Circuit's rulings to revisit those legal issues on which the Court ruled against the Wineries, since PTP was not prejudiced by those rulings. These issues that should not be reconsidered include: (1) Plaintiffs' failure to challenge §§ 6.7.2(19)(a), 6.7.2(19)(b)(1)(iv),

1

8.7.3(10)(u)(2)(a)-(c)  and  8.7.3(10)(u)(2)(e)  of  the  Township
Ordinances  as  being  preempted  by  Michigan  law  (ECF  162,
PageID.5985-87); (2) the  legal validity of the Township's hours of
operation  (Id,  PageID.5989-91);  (3)  the  legal  validity  of  §
8.7.3(10)(u)(5)(b) and part of § 8.7.3(10)(u)(5)(g) of the Township
Ordinances  (Id,  PageID.5994-95);  (4)  the  legal  rulings  that
weddings and other similar activities are not commercial speech and
that  §§  6.7.2(19)(a)  and  8.7.3(10)(u)(2)(d)  of  the  Township
Ordinances do not violate the First Amendment (Id, PageID.6004-05);
and  (5)  the  legal  rulings  that  §§  8.7.3(10)(u)(1)(b),
8.7.3(10)(u)(2)(b), 8.7.3(10)(u)(2)(c), and 8.7.3(10)(u)(5)(a) do
not violate the First Amendment based on regulation of content-
based speech (Id, PageID.6008-10).

**ARGUMENT**

**I.   THE COURT SHOULD VACATE ITS JUNE 3, 2022 SUMMARY JUDGMENT OPINION AND ORDER IN ACCORDANCE WITH THE SIXTH CIRCUIT'S JULY 27, 2022 AND AUGUST 23, 2022 RULINGS**

**Introduction**

Although Rule 54(b) provides the Court with discretion to set
aside any interlocutory order until such time that a final judgment
or order is issued, the language of the Sixth Circuit's Order of
August 23, 2022 eliminates the Court's discretion and instead
mandates that the Summary Judgment ruling be set aside and
reconsidered. The Sixth Circuit Court of Appeals, itself, would
have reversed this Court's Summary Judgment ruling if the June 3

2

Opinion and Order had been within the Court's appellate jurisdiction. The Court of Appeals' jurisdiction, however, only included the Order Denying the Motion to Intervene (ECF 215, PageID #8182), the Motion for Leave to File A Motion to Dismiss the State Law Claims (Id.), and the Court's injunction(s) (Case 22-1534, Doc. 49-2, page 6). The substance of the District Court's legal rulings on which the injunction was issued, the June 3 Summary Judgment Order, was not within the scope of the appeal under 28 U.S.C. § 1292(a)(1), and this Court denied Peninsula Township's Motion for a Certificate of Appealability as to Summary Judgment (ECF 211).

The limited scope of the appeal did not prevent the Court of Appeals from advising the Court that Summary Judgment had to be decided anew on remand (Case No. 22-1534, Doc. 49-2: holding that PTP's intervention "changes the landscape" of the case and "requires reconsideration of the district court's partial grant of summary judgment"). The Court of Appeals specifically chose compulsory, as opposed to discretionary, language when providing remand instructions. If there is any limitation on the setting aside of the Summary Judgment order, the limitation should only be with respect to the Court's rulings that rejected the Wineries' claims as a matter of law listed in the Introduction.

In support of the remand instruction, the Sixth Circuit's Opinion cited a decision from the Tenth Circuit Court of Appeals holding that the wrongful denial of a party's motion to intervene

compelled the District Court to set aside a judgment issued without the intervenor's participation: "The case presents the question of whether an intervenor whose interests were inadequately represented by a party defendant prior to intervention may seek to vacate decrees entered before intervention was granted. We hold that the circumstances of this case make **mandatory** the vacation of those decrees, and we affirm." 798 F2d at 389 (Emphasis added.) There is a reason why, of the hundreds of available cases from around the country to pick from, the Sixth Circuit Court of Appeals cited an out-of-circuit case that is almost 40 years old to guide the Court on remand.

Although the denial of PTP's right to intervene in this case is what first prompted the course correction from the Court of Appeals, it was the Township's injunction appeal that motivated this Court to note that it "will likely have to take a second look at issues that it previously resolved on summary judgment." (ECF 284 PageID #10189.) Peninsula Township moves the Court to follow the Court of Appeals Order of August 23, 2022 and vacate the June 3 Summary Judgment Order under Rule 54(b) except with respect to the rulings adverse to the Wineries cited above.

**Standard of Review**

The interpretation of an appellate ruling presents a question of law. <u>United States v Parks</u>, 700 F3d 775, 777 (CA6 2012).

Whether the District Court complied with remand instructions

4

requires an examination of the entirety of the previously entered appellate opinion and presents a question of law. <u>Carter v Mitchell</u>, 829 F3d 455, 463 (CA6 2016).

**Legal Analysis**

Under Fed. R. Civ. P. 54(b), "any order or other decision . . . that adjudicates fewer than all claims...may be revised at any time before the entry of a judgment adjudicating all the claims." District courts have the inherent power to modify, reconsider and rescind interlocutory orders pursuant to Rule 54(b). <u>Mallory v Eyrich</u>, 922 F2d 1273 (CA6 1991). Rule 54(b) allows courts to reopen any part of a case before the entry of a final judgment to reconsider these interlocutory orders. <u>Id</u>. at 1282. A court will reconsider an interlocutory order "when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." <u>Rodriguez v Tenn Laborers Health & Welfare Fund</u>, 89 F App'x 949, 959 (CA6 2004).

> **A.    The Court Should Vacate the June 3, 2022 Summary Judgment Order to Prevent Manifest Injustice**

"'[M]anifest injustice' ... [is] ... defined as '[a]n error in the trial court that is direct, obvious, and observable ...,' " <u>Tennessee Protection & Advocacy, Inc v Wells</u>, 371 F3d 342, 348 (CA6 2004), "apparent to the point of being indisputable," <u>Block v Meharry Med Coll</u>, No. 3:15cv-00204, 2017 WL 1364717 * 1 (M.D. Tenn. Apr. 14, 2017)(citation omitted). "[F]or a court to reconsider a

5

decision due to 'manifest injustice,' the record presented must be so patently unfair and tainted that the error is manifestly clear to all who view it." Id.(citation omitted.)

Manifest injustice is apparent where one party was denied the right to intervene and participate during the critical stages of this dispute, including the prior summary judgment ruling. See Sanguine, supra, 798 F2d at 391-92 (discussing intervention following entry of a judgment as "a unique situation in which prejudice to the intervenors can be avoided only by setting aside the prior judgment and allowing the opportunity to litigate the merits of the case" and holding that res judicata does not bind the intervenors, who "were not adequately represented in the first instance").

The court in Sanguine faced the same question this Court faces: "[W]hat effect [does the] intervention [have] on the pendency of the case?" Id. at 391. In Sanguine, the intervenors had been denied the right to intervene by the district court but were later allowed to intervene after an appeal to the Tenth Circuit. Sanguine, LTD v US Dep't of Interior, 736 F2d 1416 (CA10 1984). After the intervenors were granted the right to intervene, they moved to have the district court vacate the consent decree entered prior to their intervention. Sanguine, supra, 798 F2d at 390. The district court granted the motion and an appeal followed where the Tenth Circuit aptly inquired, "if the district court did not vacate

its prior orders, of what value is the right of intervention we held to exist in this case?" Id. at 391. The Tenth Circuit held that "prejudice to the intervenors can be avoided only by setting aside the prior judgment and allowing the opportunity to litigate the merits of the case." Id.

The intervention of PTP is similar to that of the intervenors in Sanguine in all relevant respects, most notably in the conclusion that PTP cannot be made whole unless the Opinion and Order of June 3, 2022 is set aside as to the rulings where the denial of intervention prejudiced PTP. PTP availed itself of every option at its disposal to participate in this case, including a Motion to Intervene and subsequent appeal, but until now, PTP was unable to take part in the most critical points of litigation. Now, however, PTP has been granted the right to intervene, but what value is the right to intervene if PTP is not given an opportunity to represent its and its members' interests on dispositive issues regarding the ordinances? No rulings in favor of the Wineries in the June 3 order ought to remain because not all parties to the case participated in the summary judgment proceedings and the only issues where PTP was not prejudiced should remain, i.e., Summary Judgment rulings lost by the Wineries.

Additionally, practical considerations likely impacted the Sixth Circuit's Order directing the Court to reconsider its June 3 Order. First, the Sixth Circuit instructed the Court to decide

7

PTP's Motion to Dismiss the State Law Claims which the Court has set for hearing on November 17, 2022 (ECF 269). Those state law claims were the subject of Summary Judgment decision-making which must be set aside if the Court is to comply with its obligation to decide whether the Court should have exercised jurisdiction over those claims in the first place.

Second, PTP has not engaged in discovery, but has requested that right, an issue that will be decided on November 17. If the Court agrees that PTP is entitled to discovery, and the Township believes that should be the outcome, then the June 3 Order will not have been decided on the full record. Because at this juncture there is no way to know what factual development will occur, there is no way to parse issues and dismantle the June 3 Order in piecemeal fashion.

## B.  The Court Should Vacate the June 3, 2022 Summary Judgment Order to Correct its Clear Error of Law

A "[c]lear error of law" is present when there is an application of incorrect law to the facts. <u>Kelley v Apria Healthcare, LLC</u>, 232 F Supp 3d 983, 997 (ED Tenn 2017). The Court's failure to allow PTP's intervention, at the urging of the Wineries, and every subsequent ruling in the Wineries' favor without PTP's position being taken into account amounts to a clear error of law. The Sixth Circuit held that PTP should have been allowed to intervene as a matter of right. The Court accepted the Wineries' inaccurate view of the law which incorrectly applied Fed. R. Civ.

8

P. 24(a) to the facts (ECF 215) and this has subsequently resulted in an incorrect application of additional law throughout the course of this litigation.

### C.   It Is Imperative That All Parties Participate in the Renewed Summary Judgment Proceedings

The Court of Appeals issued two separate rulings and two separate mandates following two separate appeals, but the root of both was the deprivation of the rights of Peninsula Township residents represented by PTP to have a say on legal questions that have the very real possibility of forever changing their way of life. But it was the Township's appeal, not PTP's, that engendered the appellate language which this Court has recognized to "likely" require a reconsideration of the summary judgment opinion and order (see ECF 284, fn 3; see also, Court of Appeals Order of August 23, 2022, Case No. 22-1534, Doc. 49-2: holding that PTP's intervention "requires reconsideration of the district court's partial grant of summary judgment").

In addition to the Court's acknowledgment that Summary Judgment rulings will likely be re-examined, the Court's recent order also acknowledged that PTP's involvement warrants a setting aside of Magistrate Kent's order excluding testimony regarding the enactment, passage and history of the winery ordinances (ECF 284 Page ID# 10189). The Court's ruling is a confirmation that the appellate proceedings have now brought all stakeholders into the case and have provided the Court with an opportunity to decide the

meaning of the zoning ordinances based on the input of all parties where previously not all parties were able to articulate their views.

The record reveals that the residents of Peninsula Township, Township officials, and the Wineries, themselves, were deeply involved in the drafting and implementation of the zoning ordinances that have governed Old Mission Peninsula for decades. But by denying Township residents represented through PTP the right to participate, the discovery and Summary Judgment phases of the case presented an incomplete record because one co-equal party was silenced at the Wineries' insistence. For example, the residents were ready to speak to the interests and balance underlying the amendments to the Township's zoning ordinance, as well as explain the extensive involvement and acknowledgment of the wineries' representatives constructing and consenting to the Township's regulatory framework that Plaintiffs now challenge. The Sixth Circuit Court of Appeals held that it was legal error for the Wineries to shut out the Township residents represented by PTP and to deny them an opportunity to have their interests protected when the Court had previously indicated that the Wineries "seek to completely upset the status quo in Peninsula Township." (ECF 34.)

The Wineries' attempts to exclude parties from the legal decision-making in this case continues, first by opposing PTP's intervention, then in their completely unwarranted request that the

Township and PTP must coordinate their briefing and split word counts (an absurd request devoid of any support in the court rules or any case law authority), and now by arguing that the Township and PTP are both bound by ostensible concessions made by only one of them. For example, the Wineries' recent reply brief (ECF 283) argues that the Court should exercise supplemental jurisdiction over the state law claims because the Township waived its objection (Page ID# 10177). But PTP did not waive its objection, and would not be bound by a position taken by the Township anyway. And now that the Court has accepted PTP's challenge to supplemental jurisdiction, the Township has to take a position on PTP's motion and has chosen to support the motion to dismiss (ECF 272).

The Sixth Circuit Court of Appeals and this Court both claimed that underlying many of the summary judgment rulings were alleged concessions and defaults by the Township rather than a substantive analysis of legal arguments. In vacating the injunction, the Court of Appeals held this Court's summary judgment rulings were incomplete because (1) they were based on the Township's failures and concessions, "not on the merits of the legal arguments" and (2) there was no consideration given to the interests of PTP (Page ID #8978-8980). The Court's Order Denying the Township's Motion to Amend or Alter (ECF 211) as well as the Court's comments on the record during the hearing indicated that certain arguments had not been previously made or were not properly presented by the

11

Township. While the Township respectfully disagrees that it did, in fact, make these concessions, PTP is not bound by them and has a right to litigate adverse Summary Judgment rulings after having previously been denied the right to litigate in the first instance.

The Wineries, themselves, ask that the Court overlook their own procedural defaults in the case. The Wineries' recent suggestion that the Court should reconsider aspects of the Court's Summary Judgment rulings that were adverse to the Wineries has no basis in law or appellate rulings in this case (ECF 263 Page ID# 9458: "This Court should revisit its decision related to preemption and hours of service as its prior determination is inconsistent with Michigan law."; see also, Page ID# 9462 seeking Summary Judgment on preemption grounds as to other sections of the ordinance).

Unlike the Township (ECF 173), the Wineries never filed a Motion to Amend or Alter the Summary Judgment Opinion and Order. The Wineries' belated request for a second bite at the apple was made months after the 30 day deadline to file a Reconsideration or Amend or Alter Motion had expired. The Wineries' request for a re-decision on the issues they lost on Summary Judgment was issued months too late and was never formally included in a motion seeking this relief. This would inappropriately allow the Wineries another shot at claims they lost even with PTP absent, and would improperly reward the Wineries for preventing PTP from participating in the

first round of Summary Judgment Motions.

### CONCLUSION AND RELIEF REQUESTED

Under Rule 54(b), the Court should set aside the June 3, 2022 Summary Judgment Opinion and Order (except as to issues where the Wineries did not prevail, identified above) and, following the completion of appropriate discovery, establish a briefing schedule for the Summary Judgment rulings that remain following the hearing of November 17, 2022, which may or may not result in a narrowing of the issues if the Court rules that the state law claims should not be decided by the Court. The language of the Court of Appeals' Order warrants a complete setting aside of the June 3 Summary Judgment rulings in favor of the Wineries.

In the alternative, based on the Court's implication that perhaps some but not all of the Summary Judgment rulings should be set aside, the Township identifies which rulings most clearly merit vacation by the Court. The Township does not agree that certain adverse aspects of the Summary Judgment Order should be reconsidered and others can remain because each ruling was made without PTP. Furthermore, an issue by issue analysis of the Summary Judgment Order would appear to be the path to another reversal and remand and the most direct and efficient response to the prior appellate reversals is to set aside all of the rulings favoring the Wineries in the Summary Judgment Order.

The Court of Appeals Opinion in PTP's appeal held that PTP

members must be allowed to advance their interests, which the Opinion noted to include "fear that their property values will diminish because of the increased commercial activity," reliance on these ordinances when they purchased their properties, quiet enjoyment of their properties, fear of increased traffic and increased transportation costs (Case No. 21-1744, page 7).

The Township believes the following summary judgment rulings in favor of the Wineries most directly and seriously impair each of the interests of PTP's members identified by the Court of Appeals:

### State Law Preemption

(1) prohibition on amplified music under section 8.7.3(10)(u)(5)(g) (ECF 162 Page ID# 5991);

(2) prohibition on off-site catering under section 8.7.3(10)(u)(5)(I) (ECF 162 Page ID# 5992);

### Dormant Commerce Clause

(3) regulations on produce sold, based on how much of the produce and grapes/wine were produced at the winery under sections 6.7.2(19)(a), 6.7.2(19)(b)(1)(ii) and (iii), 6.7.2(19)(b)(2)(i) and (v), 8.7.3(10)(u)(2)(e), (u)(3), (u)(5)(c) and (d) (ECF 162 Page ID# 5996 to 6001);

### First Amendment

(4) size rules of a farm processing facility under section 6.7.2(19)(b)(6) (ECF 162 Page ID# 6002 to 6003);

(5) accessory uses for registered guests only under section 8.7.3(10)(m) (ECF 162 Page ID# 6003);

(6) limitation on guest activity uses under section 8.7.3(10)(u)(1)(b) and (d) (ECF 162 Page ID# 6003);

(7) restrictions on food and wine seminars under section 8.7.3(10)(u)(2)(a) (ECF 162 Page ID# 6003);

(8) prohibition on alcoholic beverages except those produced on site under section 8.7.3(10)(u)(5)(c) (ECF 162 Page ID# 6003);

(9) prohibition on amplified music under section 8.7.3(10)(u)(5)(g) (ECF 162 Page ID# 6003);

(10) prohibition on outdoor displays under section 8.7.3(10)(u)(5)(h) (ECF 162 Page ID# 6008);

(11) rules regarding what food may be served for meetings of non-profit groups and preventing bar or restaurant uses under section 8.7.3(10)(u)(2)(b) (ECF 162 Page ID# 6014);

(12) rules regarding meetings of agricultural related groups under section 8.7.3(10)(u)(2)(c) (ECF 162 Page ID# 6014);

(13) guest activity uses requirements under section 8.7.3(10)(u)(5)(a) (ECF 162 Page ID# 6015).

(14) guest activity uses designed to promote Peninsula agriculture under section 8.7.3(10)(u)(1)(b) (ECF 162 Page ID# 6003 and 6016);

**Concessions**

(15) prohibition on the hosting of weddings and other social gatherings under sections 6.7.2(19)(a) and 8.7.3(10)(u)(2)(d) (ECF 162 Page ID# 6021);

(16) requires closing time no later than 9:30 p.m. under section 8.7.3(10)(u)(5)(b) (ECF 162 Page ID# 6021);

**Due Process**

(17) claimed vagueness of definition of guest activity uses under section 8.7.3(10) (ECF 162 Page ID# 6019);

If the entire Summary Judgment Order is not aside as the Township requests in the first instance, the Township also asks that the Court set aside its denial of the Township's Summary Judgment on Laches, Freedom of Association/Freedom of Religion grounds, Regulatory Taking, and the Michigan Zoning Enabling Act

15

(ECF 162 Page ID# 6023-6028). The Township requests to file Summary Judgment Motions on these issues with the benefit of additional discovery.

The Township also asks that it be allowed to file a Summary Judgment Motion as to the state law claims. The Township filed a Motion *In Limine* on the state law damages claims (ECF 189), which was denied by Magistrate Kent on grounds that the challenge to state law damages should have instead been pursued as a Summary Judgment Motion (ECF 241). This Court overruled the Township's objection on the same technical ground (ECF 284 Page ID# 10200). Apart from the procedural aspects of the challenge to state law damages, the Wineries have not been able to identify a single case law authority holding under Michigan law that a preemption or MZEA claim is a valid cause of action for money damages. The Township requests that it be allowed to seek a dismissal of these damages claims, or, in the alternative that the Court decline supplemental jurisdiction or *sua sponte* certify the viability of the state law claims to the Michigan Supreme Court under MCR 7.308(A)(2).

Instead of slicing and dicing the Summary Judgment Order, the Court should take an axe to all of the rulings in favor of the Wineries in the Summary Judgment Opinion and Order, but if the Court opts to implement a scalpel as recently indicated, the following Summary Judgment rulings seem to present less impact on the public than the rulings listed above, in the Township's

16

estimation. As to each of these issues, the Township notes its continuing disagreement with the following adverse rulings as to the following sections of the Ordinance and reserves rights to contest them at trial and on appeal; furthermore, the Township does not speak for PTP which should be provided an opportunity for discovery to develop these issues more fully for Summary Judgment:

(a) logo merchandising rules under Section 6.7.2(19)(b)(1)(v) (ECF 162 Page ID# 6002);

(b) logo requirements for sale of non-food items under section 8.7.3(12)(i) (ECF 162 Page ID# 6004);

(c) sign and advertising rules under section 8.7.3(12)(k) (ECF 162 Page ID# 6004);

And although it is PTP, not the Wineries or the Township, who was denied the right to participate in the discovery and Summary Judgment phases of the case, the Court's briefing schedule should after appropriate additional discovery by PTP provide for all parties to participate in the Summary Judgment proceedings because the zoning ordinances must mean the same thing for all three parties and must be applied equally as to all three parties, on a single, consistent factual record that includes discovery yet to be performed by PTP. Put another way, the Court's reconsideration of the Summary Judgment Opinion and Order cannot result in the ordinances meaning one thing as to PTP while the Court's prior legal conclusions about the ordinances remain in place between the Wineries and the Township. This is all the more reason the Court should set aside the rulings in ECF 162 that favor the Wineries.

17

WHEREFORE, for the above stated reasons, Defendant Peninsula Township respectfully requests that this Honorable Court grant its Motion for Relief from the June 3, 2022 Summary Judgment Order Pursuant to FRCP 54(b), and award any other relief that is appropriate and just under the circumstances.

Respectfully Submitted,


_____/s/_____

Timothy A. Diemer (P65084)
Eric P. Conn (P64500)
on behalf of Peninsula Twp.
tad@jacobsdiemer.com
econn@jacobsdiemer.com


Date: October 27, 2022

_____/s/_____

William K. Fahey (P27745)
John S. Brennan (P55431)
Christopher Patterson (P74350)
On behalf of Peninsula Twp.
wfahey@fsbrlaw.com
jbrennan@fsbrlaw.com
cpatterson@fsbrlaw.com

**CERTIFICATE OF COMPLIANCE**
**PURSUANT TO LOCAL RULE 7.2(b)(i)**

1.    This brief complies with the type-volume limitation of Local
      Rule 7.3 because:
       X this brief contains 4,221 words, excluding the parts
      exempted by Local Rule 7.3(b)(i)

2.    This Brief was prepared using Word Perfect 2021.


                              Respectfully Submitted,

                               /s/ Timothy A. Diemer
                              Timothy A. Diemer (P65084)
                              Eric P. Conn (P64500)
                              Jacobs and Diemer PC
                              "Of Counsel" for Defendant
                              500 Griswold St., Ste 2825
                              Detroit, MI 48226
Dated: October 27, 2022       (313) 965-1900
                              Tad@jacobsdiemer.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 27, 2022, I electronically filed the foregoing paper with the Clerk of the Court using the CM-ECF system which will send notification of such filing to the following:

MILLER, CANFIELD,
PADDOCK & STONE, PLC
JOSEPH M. INFANTE (P68719)
CHRISTOPHER J. GARTMAN (P83286)
SCOTT R. ELDRIDGE (P66452)
Attorneys for Plaintiffs
99 Monroe Avenue NW, Suite 1200
Grand Rapids, MI 49503
(616) 776-6333
infante@millercanfield.com
gartman@millercanfield.com
eldridge@millercanfield.com

GORDON, REES, SCULLY,
MANSUKHANI
GREGORY M. MEIHN (P38939)
MATTHEW T. WISE (P76794)
Attorneys for Defendant
37000 Woodward Ave Ste 225
Bloomfield Hills, MI
48304-0925
(248) 756-6428
gmeihn@grsm.com
mwise@grsm.com

FAHEY SCHULTZ BURZYCH RHODES
WILLIAM K. FAHEY (P27745)
JOHN S. BRENNAN (P55431)
CHRISTOPHER S. PATTERSON
(P74350)
Attorneys for Defendant
4151 Okemos Rd
Okemos, MI 48864
(517) 381-3150 Office
wfahey@fsbrlaw.com
jbrennan@fsbrlaw.com
cpatterson@fsbrlaw.com

LAW OFFICE OF TRACY J.
ANDREWS
TRACY J. ANDREWS (P67467)
Attorney for Intervening
Defendant Protect the
Peninsula
619 Webster Street
Traverse City, MI 49686
(231)714-9402
tjandrews@envlaw.com

OLSON, BZDOK & HOWARD, P.C.
HOLLY L. HILLYER (P85318)
Attorney for Intervening
Defendant Protect the Peninsula
420 E. Front Street
Traverse City, MI 49686
(231)946-0044
holly@envlaw.com

Respectfully Submitted,

 /s/Timothy A. Diemer
Timothy A. Diemer (P65084)
tad@jacobsdiemer.com

Dated: October 27, 2022