UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WINERIES OF THE OLD MISSION PENINSULA ASSOCIATION, *et al.*,<br>    Plaintiffs,<br><br>-v-<br><br>PENINSULA TOWNSHIP,<br>    Defendant,<br><br>and<br><br>PROTECT THE PENINSULA, INC.,<br>    Intervenor-Defendant. | No. 1:20-cv-1008<br><br>Honorable Paul L. Maloney |

## ORDER DISMISSING MOTION FOR LEAVE TO FILE AMENDED ANSWER

Intervenor-Defendant Protect the Peninsula, Inc. ("PTP") has filed a motion for leave to file an amended answer with additional affirmative defenses (ECF No. 266). Although PTP believes it may amend its answer as a matter of course, PTP filed this motion in an abundance of caution. Because the Court agrees that PTP filed its proposed amended answer within the time constraints of Fed. R. Civ. P. 15, allowing PTP to amend its answer as a matter of course, the Court will dismiss PTP's unnecessary motion and direct the Clerk of Court to accept the proposed amended answer for filing. Oral argument on this motion, scheduled for November 17, 2022, is therefore canceled. *See* W.D. Mich. LCivR 7.3(d).

Rule 15 permits parties to amend a pleading as a matter of course within 21 days after serving it. *See* Fed. R. Civ. P. 15(a)(1)(A). Although PTP filed its proposed original answer along with its motion to intervene back on February 16, 2021 (ECF No. 41-1), the Court did

not accept the original answer for filing until August 22, 2022 (*see* ECF No. 246), after the Sixth Circuit permitted PTP to intervene and the mandate issued. The Clerk of Court then docketed the answer on August 24, 2022 (ECF No. 248), which means that the answer was served on August 24. *See* W.D. Mich. LCivR 5.7(i). Therefore, PTP had until September 14, 2022, to amend its answer as a matter of course under Rule 15. PTP timely filed its proposed amended answer on September 14 (ECF No. 266-1). Thus, there is no need for PTP to seek leave of the Court to file the amended answer. The Court will accept the amended answer for filing.

The Wineries argument to the contrary is unavailing. The Wineries argue that PTP missed its 21-day deadline (*see* ECF No. 275). They argue that the Court accepted PTP's answer for filing in its August 22 order, meaning that PTP had until September 12 to amend its answer as a matter of course. Because PTP filed the proposed amended answer two days later, the Wineries argue that PTP's proposed amended answer is untimely and cannot be amended as a matter of course. However, this argument mixes up the date that the Court ordered the Clerk to accept the proposed answer and the date that the Clerk actually filed the proposed answer. Because the Clerk did not docket the proposed answer until August 24, the answer was not served until that day. *See* W.D. Mich. LCivR 5.7(i). PTP therefore had 21 days from August 24 to amend its answer as a matter of course, and it met that deadline.

Further, the majority of the Wineries' response to PTP's motion for leave to file an amended answer takes issue with the 21 additional affirmative defenses that PTP's amended answer raises that the original answer did not (*see* ECF No. 275). The Wineries argue that

2

because PTP did not plead those affirmative defenses in its first responsive pleading, it has waived the newly asserted affirmative defenses (*Id.* at PageID.10042). This argument is not persuasive.

> As a general principle, an affirmative defense must be raised specifically in the answer or first responsive pleading, or in an amended answer. If the defense is not available at the time the first responsive pleading is filed, it should be asserted as soon as possible, or at the earliest moment practicable or at a pragmatically sufficient time, even if the opportunity arises only upon appeal.

27 Fed. Proc., L. Ed. § 62:87 (2022) (internal citations omitted). The purpose of Fed. R. Civ. P. 8(c)'s rule requiring affirmative defenses to be asserted in a responsive pleading is to protect the plaintiff from unfair surprise. *See Stupak v. Hoffman-La Roche, Inc.*, 315 F. Supp. 2d 970, 973 (E.D. Wis. 2004) (citing *Jackson v. Rockford Hous. Auth.*, 213 F.3d 389 (7th Cir. 2000)) ("[T]he purpose of the rule requiring that affirmative defenses be asserted in a responsive pleading is to protect the plaintiff from surprise and insure a fair opportunity to respond to it. Thus, where a defendant seeks to amend his answer and assert an affirmative defense that had not been raised earlier, leave has been freely granted 'when the plaintiff had adequate notice that a statute of limitations defense was available, and had an adequate opportunity to respond to it despite the defendant's tardy assertion.'"). Because the trial in this matter has been adjourned due to PTP's intervention, and how this case will proceed from here on out has yet to be determined, the Court finds that the Wineries will not face any unfair surprise in PTP raising its 21 additional affirmative defenses.

Accordingly,

**IT IS HEREBY ORDERED** that PTP's unnecessary motion for leave to file an amended answer and affirmative defenses (ECF No. 266) is **DISMISSED**. The Clerk of

3

Court shall **ACCEPT** PTP's proposed answer (ECF No. 266-1) for filing, with a filing date of September 14, 2022.

    **IT IS FURTHER ORDERED** that the hearing on PTP's motion for leave to file an amended answer is **CANCELED**. The November 17, 2022, hearing otherwise remains as scheduled.

    **IT IS SO ORDERED**.

Date:  October 28, 2022                                    /s/ Paul L. Maloney
                                                                                     Paul L. Maloney
                                                                                     United States District Judge