UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WINERIES OF THE OLD MISSION PENINSULA ASSOCIATION, *et al.*, <br>     Plaintiffs, <br><br> -v- <br><br> PENINSULA TOWNSHIP, <br>     Defendant, <br><br> and <br><br> PROTECT THE PENINSULA, INC., <br>     Intervenor-Defendant. | No. 1:20-cv-1008 <br><br> Honorable Paul L. Maloney |

## ORDER

Currently pending before the Court are two motions filed by Defendant Peninsula Township ("the Township"): a motion for relief from the June 3, 2022, summary judgment opinion and order[1] ("the June 3 Order") (ECF No. 288)[2] and a motion to amend the Case Management Order ("CMO") to allow the Township to disclose an expert witness (ECF No. 292). For the following reasons, the Court will deny both motions.

### A. Motion for Relief from the Summary Judgment Opinion and Order

In deciding Intervenor-Defendant Protect the Peninsula's ("PTP") motion to set aside the June 3 Order pursuant to Fed. R. Civ. P. 54(b),[3] the Court thoroughly articulated its

---

[1] ECF No. 162.
[2] The Court notes that the motion for relief from the summary judgment opinion and order is not signed by an attorney of record—the signature line is blank. The motion may therefore violate Fed. R. Civ. P. 11(a). However, Plaintiffs have not raised this issue nor contested the validity of the motion. Because the Court believes that the lack of signature is a mere typographical error, the Court will accept the motion unless any party contests the validity of the motion.
[3] The Court incorporates the following language from the order granting in part PTP's motion to set aside the June 3 Order regarding the standard of review applicable to Rule 54(b) motions:

reasoning for setting aside certain portions of the June 3 Order but allowing other portions of the Order to remain intact (*see* ECF No. 301 at PageID.10694-99). Based on the direction from the Sixth Circuit, the Court decided to set aside the portions of the June 3 Order that "(1) grant summary judgment to either party on claims affecting PTP members' property interests, and (2) grant summary judgment to the Wineries on the claims that the Township failed to defend" (*Id.* at PageID.10697). But it also noted that "even if a portion of the June 3 Order fits under these two categories, but PTP's intervention would not have affected how the Court concluded on that particular issue, then such a portion of the Order will not be set aside" (*Id.*). The Court subsequently articulated exactly which sections and subsections of the June 3 Order it would set aside, finding that PTP would face a manifest injustice if the entirety of the June 3 Order remained effective without giving PTP the opportunity to raise defenses to the Wineries' claims that implicate PTP's interests.

Turning to the Township's motion to set aside the June 3 Order, pursuant to Rule 54(b), the Township moves to set aside the entirety of the June 3 Order "except with respect to the rulings adverse to the Wineries" (ECF No. 288 at PageID.10227). In other words, the Township asks the Court to aside the entirety of the June 3 Order, except as to the few issues

---

"District courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). This authority allows district courts "to afford such relief from [interlocutory orders] as justice requires." *Citibank N.A. v. Fed. Deposit Ins. Corp.*, 857 F. Supp. 976, 981 (D.D.C.1994); *see also Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir.1981). Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice. *Reich v. Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D. Ohio 1998).

(ECF No. 301 at PageID.10694-95).

that the Township prevailed on. The Township asserts that setting aside the June 3 Order in this manner would prevent manifest injustice.

Curiously, the Township then proceeds to argue why *PTP*, not the Township, would face manifest injustice if the June 3 Order is not set aside (*Id.* at PageID.10228-31). In fact, the Township's motion is totally devoid of any argument as to how the Township will face manifest injustice if the entirety of the June 3 Order (except for the arguments the Township prevailed upon) is not set aside.

For the reasons thoroughly articulated in this Court's recent order granting in part PTP's motion to set aside the June 3 Order (ECF No. 301), the Court has indeed found that many sections, but not all, of the June 3 Order must be set aside to prevent PTP from facing manifest injustice (*see id.* at PageID.10696-99). Given that the Township has presented no compelling arguments as to why additional sections of the June 3 Order should be set aside due to *the Township* potentially facing manifest injustice, the Court will not expand upon the setting aside of the June 3 Order.[4] To reiterate, the following section and subsections are set aside pursuant to ECF No. 301: Section IV; Subsection V.A.2; Subsection V.A.4; Subsection V.A.5; Subsection V.A.7; Subsection V.B.9; and Subsection V.B.10. The remainder of the June 3 Order continues to be effective.

Finally, the Township also requests that, following the setting aside of the June 3 Order, "all parties participate in the renewed summary judgment proceedings" (ECF No.

---

[4] The Township also briefly argues that the June 3 Order should be set aside to correct a "clear error of law" in that the Court originally failed to allow PTP's intervention (ECF No. 288 at PageID.10231-32). However, that error has now been corrected by the Sixth Circuit's reversal of this Court's order denying PTP's motion to intervene. *See Wineries of the Old Mission Peninsula Ass'n, v. Twp. of Peninsula*, 41 F.4th 767 (6th Cir. 2022). The Township does not argue that the June 3 Order itself contains a clear error of law. Thus, this argument is also unpersuasive.

3

288). To the extent the Township seeks to re-file its summary judgment motion regarding the constitutional issues, the Court will not entertain such a motion. The Township will not get a second bite at the apple in defending against the Wineries' constitutional claims—which it utterly failed to do the first time around—simply because PTP has now been permitted to intervene in this matter. PTP will now get its chance at defending against these claims, but the Township has already had its chance to do so. On the other hand, because the Court set aside the entirety of the section in the June 3 Order discussing the Wineries and the Township's preemption summary judgment motions, the Township will be permitted to file a renewed motion for summary judgment limited to the preemption claim. And finally, the Township may respond to PTP and the Wineries' summary judgment motions within the time provided by the court rules.[5]

B. Motion to Amend the Case Management Order

Additionally, the Township has filed a motion to amend the CMO (ECF No. 292). Specifically, the Township seeks an extension of its deadline to disclose experts and produce expert reports so that it can disclose Michael Kahaian as an expert witness. This is not the Township's first attempt at (untimely) producing Mr. Kahaian. For many of the same reasons this Court has already prohibited the Township from producing Mr. Kahaian, the Court will deny the Township's motion.

The following background information is relevant to the present motion. Pursuant to the most recent CMO, the Township's deadline to disclose rebuttal experts and produce

---

[5] The summary judgment motion briefing schedule has yet to be determined. The Court will set the briefing schedule in its forthcoming amended CMO.

4

rebuttal expert reports was September 13, 2021 (*see* ECF No. 72). The Township did not disclose any experts or move to extend its deadline to disclose experts. On May 25, 2022, in an email exchange between the Wineries and the Township's counsel, the Township acknowledged that it did not retain an expert to testify at trial: "In anticipation of his deposition and/or trial, *while we do not have a testifying expert*, we would like to be able to share these documents with a consultant and our Treasurer for further analysis" (ECF No. 216-3 at PageID.8224) (emphasis added).

In the meantime, the Wineries' expert, CPA Eric Larson, was deposed by the Township on June 28, 2022. Although Mr. Larson originally estimated that the Wineries suffered about $203 million in damages, following his deposition, he reduced this figure to about $135 million in a revised expert report. The Township identified many errors in Mr. Larson's original report, which caused Mr. Larson to file his supplemental expert report in accordance with his duties under Fed. R. Civ. P. 26(e) (*see* ECF No. 284 at PageID.10193-97). Although he was not disclosed as an expert, the Township hired a "non-testifying, consulting expert," Robert Winiarski, to be present at Mr. Larson's deposition (*see* ECF No. 292-2 at PageID.10363).

In response to the errors identified in Mr. Larson's original report, on July 29, 2022, the Township filed a "rebuttal" expert report, authored by Mr. Kahaian (ECF No. 218-1). The Wineries immediately moved to strike Mr. Kahaian's untimely report (ECF No. 219), which the Township filed long after its deadline to disclose experts and expert reports had passed (*see* ECF No. 72) (setting the Township's Rule 26(a)(2)(A) and (a)(2)(B) deadlines for September 13, 2021). Judge Kent granted the Wineries' motion to strike Mr. Kahaian's

5

"untimely and unauthorized" report (ECF No. 222). The Township subsequently filed objections to Judge Kent's order (ECF No. 238), and this Court overruled those objections, opining that they were "completely meritless" (ECF No. 284 at PageID.10193).

Now the Township moves, under Fed. R. Civ. P. 60(b), for an amendment of the CMO so that it can disclose Mr. Kahaian as a rebuttal expert witness. At the outset, the Township cites the incorrect rule for leave to amend the CMO. Rule 60(b) is appropriate when seeking relief from a *final* judgment, order, or proceeding. The CMO is not a final order and Rule 60(b) is inapplicable when seeking amendment of such an order.

The appropriate standard necessary to amend a scheduling order is the standard set forth in Rule 16(b)(4): "A schedule may be modified only for good cause and with the judge's consent." *See also Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003) ("Once the scheduling order's deadline passes, a [party] first must show good cause under Rule 16(b) for failure . . . to seek leave to amend. . . ."); *State Farm Mut. Auto. Ins. Co. v. Nat'l Gen. Ins. Co.*, No. 1:15-cv-1314, 2017 WL 5197609, at *4 (W.D. Mich. Feb. 9, 2017) (Maloney, J.) (requiring the plaintiff to show sufficient "good cause" as to why its motion to amend its pleading was filed long past the original deadline to file such a motion). The Sixth Circuit has articulated, "[t]he primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002). Further, if the moving party is not diligent, the good-cause inquiry should end. *See State Farm*, 2017 WL 5197609, at *4.

The Court finds that the Township has failed to show good cause necessary to amend the CMO. The Township asserts that amending the CMO "is proper given the

6

circumstances" (ECF No. 292 at PageID.10347). Specifically, the Township asserts that amending the CMO to allow the Township's disclosure of an expert "is justified because the factual record that has been developed is about to change" (*Id.* at PageID.10348). The Township then relies on PTP's intervention in asserting that the record "is about to change."

Although the issues ripe for trial may change given PTP's intervention, the Court has already informed the Township that it cannot change the factual record it has developed: "The Township, in my judgment, is stuck with the record that you've made on certain issues" (*see Transcript of Final Pretrial Conference*, ECF No. 239 at PageID.8710). Moreover, as both this Court and the Sixth Circuit have indicated, PTP's intervention is totally irrelevant to the question of damages (*see* ECF No. 301 at PageID.10703) ("At this stage in the litigation, the Court finds that permitting PTP to access the Wineries' financial documentation is inappropriate, given that PTP will not be responsible for the payment of damages in the event that the Wineries prevail."); *Wineries of the Old Mission Peninsula Ass'n v. Twp. of Peninsula*, 41 F.4th 767, 777 (6th Cir. 2022) ("The Township faces the possibility of damages. Protect the Peninsula's members do not."). Because the Township seeks to produce an expert for the sole purpose of rebutting the Wineries' damages calculations—which is an issue that does not concern PTP—asserting PTP's intervention as a reason to amend the CMO is insufficient to meet Rule 16(b)'s "good cause" standard.

Further, in the Court's judgment, not only was the Township not diligent in disclosing an expert before the CMO's deadline, but the Township *strategically chose not to disclose an expert*. The Township even acknowledges, "it cannot be said that the Township was asleep at the wheel" (ECF No. 292 at PageID.10355). The Court agrees. The Township did

7

not inadvertently miss its deadline to disclose an expert and then diligently move to amend the CMO given its mistake. Rather, the Township specifically chose not to disclose an expert, and now that the Township has identified alleged errors in the Wineries' damages expert's calculations, the Township seeks to capitalize on PTP's intervention to untimely disclose an expert (a year and three months after the Township was required to disclose any rebuttal experts). The Court will not allow the Township to do so. The Court is not aware of, nor has the Township pointed to, any authority indicating that a change in strategy equates to Rule 16(b)'s "good cause" standard.[6]

Finally, in a perfunctory manner, the Township asks for leave to re-depose Mr. Larson (*see* ECF No. 292 at PageID.10347). "Generally, courts disfavor repeat depositions absent a showing of a need or good reason." *Scott v. Abernathy Motorcycle Sales, Inc.*, No. 1:18-cv-01077-STA-jay, 2020 WL 1666945, at *2 (W.D. Tenn. Apr. 3, 2020). The Court finds that the Township's one-paragraph argument is insufficient to show "good reason" for Mr. Larson's deposition. If the Township seeks to re-depose Mr. Larson for good reason, it may file the appropriate motion.

Accordingly,

---

[6] The Township also asserts that it is "substantially justified" in disclosing Mr. Kahaian as an expert pursuant to the Fourth Circuit's test, adopted by the Sixth Circuit in *Howe v. City of Akron*, 801 F.3d 718 (6th Cir. 2015). The entirety of this argument is essentially copy and pasted from the Township's objection (ECF No. 238) to Judge Kent's order granting the Wineries' motion to strike Mr. Kahaian's report. This Court has already rejected this argument (*see* ECF No. 284), and the Court will not entertain it for a second time.

**IT IS HEREBY ORDERED** that the Township's motion for relief from the summary judgment opinion and order (ECF No. 288) is **DENIED.**

**IT IS FURTHER ORDERED** that the Township's motion to amend the case management order (ECF No. 292) is **DENIED.**

**IT IS SO ORDERED.**

Date:  December 14, 2022    /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge