UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WINERIES OF THE OLD MISSION PENINSULA )
ASSOCIATION, *et al.*,                  )
                    Plaintiffs,          )
                                         )      No. 1:20-cv-1008
-v-                                      )
                                         )      Honorable Paul L. Maloney
PENINSULA TOWNSHIP,                      )
                    Defendant,           )
                                         )
and                                      )
                                         )
PROTECT THE PENINSULA, INC.,             )
                    Intervenor-Defendant. )
_____      )

## ORDER DENYING MOTION TO EXCEED WORD LIMIT

Intervenor-Defendant Protect the Peninsula, Inc. ("PTP") moves to exceed the word limit, established by this District's local rules for non-dispositive motions, for a motion for reconsideration (ECF No. 305). *See* W.D. Mich. Liv 7.3(b)(i) (providing that non-dispositive motions may not exceed 4,300 words). Along with the motion, PTP attached the proposed motion for reconsideration and brief in support, which contain 7,902 words (ECF No. 305-1).

The Court will use its inherent discretion to manage its docket and deny the motion for leave to exceed the word count. In the Court's judgment, PTP does not need excess words, let alone 3,602 excess words, to raise its arguments in the motion for reconsideration. PTP seeks reconsideration of this Court's order (ECF No. 301) setting aside in part the June 3, 2022 opinion and order ("the June 3 Order") regarding the Wineries' and the Township's

motions for summary judgment. Specifically, PTP seeks reconsideration of the Court's decision not to set aside the portions of the June 3 Order regarding the Dormant Commerce Clause and Vagueness/Due Process issues. The Court declined to set aside the Dormant Commerce Clause discussion because "this claim does not affect PTP members' property interests, nor was summary judgment granted to the Wineries on this claim due to the Township's failure to defend" (ECF No. 301 at PageID.10698). Further, the Court declined to set aside the Vagueness/Due Process discussion because "although this claim may implicate PTP members' property interests, PTP's intervention does not change the Wineries' entitlement to summary judgment on this issue" given that the term "Guest Activity Use" is vague on its face (*Id.*). The practical effect of the Court's decision not to set aside its previous decision on these issues is that the Wineries are granted summary judgment on these claims.

Although PTP is entitled to file a motion for reconsideration of the June 3 Order, it is not entitled to exceed the word limit in Local Rule 7.3(b)(i) without leave of the Court. For PTP's motion for reconsideration to be granted, it must demonstrate a "palpable defect" in the Court's June 3 Order. *See* W.D. Mich. LCivR 7.4(a). In the Court's judgment, much of PTP's proposed motion for reconsideration is not necessary to the inquiry of whether a palpable defect exists in the June 3 Order. For example, the proposed motion for reconsideration uses a significant number of words to summarize the history of the Township Ordinances, argue against the merits of the Wineries' claims, and make totally irrelevant assertions (such as that the Vagueness/Due Process claim implicates PTP members' property interests, which the Court has already acknowledged). If PTP chooses to file an amended

motion for reconsideration, it may certainly do so, and the Court will allow the Wineries to respond to such a motion within fourteen days.

Accordingly,

**IT IS HEREBY ORDERED** that PTP's motion to exceed the word limit (ECF No. 305) is **DENIED**. If PTP files an amended motion for reconsideration that complies with Local Rule 7.3(b)(i)'s word limit, the Wineries may respond to the motion for reconsideration within fourteen days of the filing date of the motion.

**IT IS SO ORDERED**.

Date:  January 4, 2023                                    /s/ Paul L. Maloney
                                                          Paul L. Maloney
                                                          United States District Judge