UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

WINERIES OF THE OLD MISSION
PENINSULA ASSOCIATION, *et al.*,

        Plaintiffs,

v

PENINSULA TOWNSHIP, Michigan Municipal
Corporation,

        Defendant,

and

PROTECT THE PENINSULA,

        Intervenor-Defendant.

Case No: 1:20-cv-01008

Honorable Paul L. Maloney
Magistrate Judge Ray S. Kent

## JOINT STATUS REPORT

A Rule 16 Scheduling Conference is scheduled for April 21, 2023, at 1:30 p.m., before Hon. Paul L. Maloney. Appearing for the parties as counsel will be:

For Plaintiffs:
Joseph M. Infante (P68719)
Stephen M. Ragatzki (P81952)
Barry P. Kaltenbach (IL 6270034)

For Peninsula Township:
Thomas J. McGraw (P48817)
Bogomir Rajsic, III (P79191)
Christopher Scott Patterson (P74350)

For Protect the Peninsula:
TJ Andrews (P67467)
Holly Hillyer (P85318)

1.     Jury or Non-Jury: This case is to be tried by the Court as a trier of law and fact.

2.     Prospects of Settlement: The status of settlement negotiations is:

1

Plaintiffs' Position:

    Plaintiffs and Defendant Peninsula Township have engaged in approximately ten mediation and settlement conferences.

    Plaintiffs and Intervenor-Defendant Protect the Peninsula have engaged in one mediation session.

    Settlement is unlikely.

Peninsula Township's Position:

    Plaintiffs and Defendant Peninsula Township have engaged in multiple rounds of mediation and settlement conferences. Peninsula Township remains open to settlement discussions.

PTP's Position:

    PTP was virtually present during a one-day early mediation session with Plaintiffs and Defendant Peninsula Township (Township) in March 2021. PTP was represented in that mediation session by legal counsel, TJ Andrews; client representatives included Mike Dettmer, John Jacobs, Erin Gartland, and Jill Byron.

    PTP participated in settlement negotiations with Plaintiffs via the Sixth Circuit Court of Appeals' mediation conference in December 2022. PTP was represented by TJ Andrews and Mike Dettmer.

    PTP remains willing to participate in meaningful settlement discussions with Plaintiffs and the Township. PTP believes voluntary facilitated mediation with a mutually-agreed-upon mediator is likely to be the most productive approach.

    PTP is presently unaware of issues that may be obstacles to settlement. There is further discussion about settlement below.

3.    PTP's Disclosures and Expert Reports:

(a)    Fed. R. Civ. P. 26(a)(1) requires initial disclosures unless the Court orders otherwise. The parties propose the following deadline for PTP's Rule 26(a)(1) disclosures:

    Plaintiffs and Peninsula Township have already made their initial disclosures and cannot make additional disclosures. (ECF No. 320, PageID.11892, n. 1)

    PTP shall make its initial disclosures by April 7, 2023.

    (b)    Expert Witnesses:

Plaintiffs' Position:

PTP shall furnish the name of PTP's expert witness related to "planning" by April 28, 2023. (ECF. No. 302, PageID.10812.)

Plaintiffs shall furnish the names of rebuttal expert witnesses to PTP's expert witnesses, if any, by May 15, 2023.

The Township may not name any expert witnesses.  (*See* ECF No. 303, PageID.10838; ECF No. 320, PageID.11892 n.1.)

Peninsula Township's Position:

PTP shall furnish the name of PTP's expert witnesses by September 1, 2023.

Plaintiffs shall furnish the names of rebuttal expert witnesses to PTP's expert witnesses, if any, by September 15, 2023.

The Township reserves the right to name rebuttal experts based on any new experts identified by PTP and Plaintiffs, of which the Township would have had no knowledge of during the earlier stages of litigation.  To the extent the Township names a rebuttal expert, it shall do so by September 15, 2023

PTP's Position:

PTP expects to be able to furnish the name of PTP's expert witness on land use planning by July 14, 2023.

(c)    It would be advisable in this case to provide written expert witness reports as contemplated by Fed. R. Civ. P. 26(a)(2). PTP should provide, if required, expert reports according to the following deadline:

Plaintiffs' Position:

PTP shall provide written expert reports by May 8, 2023.

Plaintiffs shall provide written rebuttal expert reports, if any, by June 5, 2023.

Peninsula Township's Position:

PTP shall provide written expert reports by September 1, 2023.

Plaintiffs shall provide written rebuttal expert reports, if any, October 13, 2023.

To the extent the Township names a rebuttal expert, it shall provide written rebuttal expert reports, if any, October 13, 2023.

3

PTP's Position:

    PTP will provide expert witness report(s) by August 18, 2023.

    Plaintiffs will provide rebuttal expert witness report(s) by September 15, 2023.

(d)    PTP agrees to make available the following documents without the need of a formal request for production:

    PTP will provide documents in its possession, as identified in its Initial Disclosures, by April 14, 2023.

4.    Discovery: The parties recommend the following discovery plan:

Plaintiffs' Position:

    Plaintiffs provided Protect the Peninsula with the existing discovery record and contact information for the court reporters for PTP to obtain deposition transcripts on November 21, 2022.  (ECF No. 299.)  Discovery will be limited to Plaintiffs' claims, Protect the Peninsula's articulated interests ("safeguarding [PTP members'] land values, ensuring the quiet enjoyment of their homes, and preserving the viability of their farms."  (ECF No. 301, PageID.10702; ECF No. 319, PageID.11879.), and Protect the Peninsula's affirmative defenses.

    Protect the Peninsula and Plaintiffs may serve no more than 25 interrogatories to each other.

    Protect the Peninsula shall be limited to 10 depositions, each of no more than 7 hours.  If Protect the Peninsula wishes to re-depose a witness that already has been deposed, Protect the Peninsula's questioning will be limited to 2 hours.  Plaintiffs shall be limited to 10 depositions of Protect the Peninsula witnesses, each of no more than 7 hours.  The Township may attend any deposition but may not participate.

    Plaintiffs may take discovery regarding Protect the Peninsula's articulated interests and affirmative defenses.

    Protect the Peninsula may not take any discovery related to any Plaintiff's finances or damages claims. (ECF No. 302, PageID.10830-10831.)

    Protect the Peninsula may not propound any discovery to Peninsula Township.

    The Township may not pursue any discovery.  (See ECF No. 320, PageID.11893 n.3.)

    All fact discovery completed by June 5, 2023.  That deadline is actually longer than the 60 days PTP requested at the November 17, 2022 hearing, where PTP's attorney represented to the Court that PTP needed "60 days for fact discovery after we get the record and about 90 days starting from when we get the record to complete even expert depositions."  (ECF No. 302, PageID.10812.)  Plaintiffs served the entire record on PTP on November 21, 2022.

4

(ECF No. 299), so according to PTP's prior representation, it should have been able to complete discovery by January 2023. Consistent with that representation, Plaintiffs asked PTP to meet and confer on this joint status report (so that discovery could commence) on March 8, March 16, March 17, March 20, March 22, and March 29, 2023. PTP continually delayed the meet and confer to push back the start of written discovery in an effort to delay this case. PTP's proposed discovery timeline is further evidence of PTP's intention to delay this case as much as possible.

All expert discovery completed by June 30, 2023.

Peninsula Township's Position:

The Township proposes that all discovery proceedings be completed by November 17, 2023. Peninsula Township recommends the following discovery plan:

As ordered by the Court, PTP will be able to fully participate in this case on all claims that are "live", (ECF No. 319, PageID.11882), which, based on the Township's understanding includes Plaintiffs' claims (excluding dormant Commerce Clause and vagueness/due process), PTP's defenses, and injunctive relief.

Plaintiffs shall be limited to 25 interrogatories. PTP shall be limited to 25 interrogatories per party. *See* FRCP 33(a)(1).

PTP may continue the deposition of witnesses previously deposed. Except for Robert Manigold and Randy Mielnik, the Township believes the presumptive limit of one day or seven hours per witness provided in Fed. R. Civ. P. 30(d)(1) need not be modified to continue depositions previously deposed. Robert Manigold was previously deposed for 5 hours and 46 minutes and Randy Mielnik was deposed for 5 hours. The Township agrees with PTP's proposal to seek a stipulation of the parties to permit PTP to depose Mr. Manigold and Mr. Mielnik each for an additional up to 3 hours each, should PTP determine to continue the deposition of Mr. Manigold and/or Mr. Mielnik.

The Township concurs with PTP's plan to take the deposition of each Plaintiffs and Defendant pursuant to FRCP 30(b)(6).

PTP may file a motion seeking Plaintiff's financial information. (ECF No. 302, PageID.10830-10831.)

All fact discovery completed by September 15, 2023.

All expert discovery completed by November 17, 2023.

PTP's Position:

a) Subject matter: As ordered by the Court, PTP understands it is entitled to pursue discovery relevant to: Plaintiffs' claims (excluding its dormant Commerce Clause and vagueness/due process claims); PTP's defenses; and injunctive relief.

5

b) <u>Interrogatories</u>: PTP may submit up to 25 interrogatories per party per Fed. R. Civ. P. 33(a)(1). PTP will endeavor to avoid duplication of interrogatories previously propounded by Plaintiffs or the Township.

c) <u>Requests for Production</u>: PTP may request documents in the possession of the parties, that have not been previously requested or produced, per Fed R. Civ. P. 34.

d) <u>Requests for Admissions</u>: PTP may seek admissions from any party under Fed. R. Civ. P. 36. PTP will not duplicate requests for admissions previously propounded by Plaintiffs or the Township.

e) <u>Depositions</u>:

- PTP may continue the deposition of witnesses previously deposed. Except for Robert Manigold and Randy Mielnik, PTP believes the presumptive limit of one day or seven hours per witness provided in Fed. R. Civ. P. 30(d)(1) need not be modified to continue depositions previously deposed. Robert Manigold was previously deposed for 5 hours and 46 minutes and Randy Mielnik was deposed for 5 hours. PTP seeks a stipulation of the parties to permit PTP to depose Mr. Manigold and Mr. Mielnik each for an additional up to 3 hours each, should PTP determine to continue the deposition of Mr. Manigold and/or Mr. Mielnik.

- PTP proposes to take the deposition of each Plaintiff and Defendant pursuant Fed. R. Civ. P. 30(b)(6).

- PTP may depose the Peninsula Township record keeper(s).

f) <u>Subpoena(s) for deposition and/or documents</u>: To the extent PTP seeks information from non-parties, PTP may seek to issue subpoena(s) to compel their attendance at deposition or their production of documents, consistent with Fed. R. Civ. P. 45.

g) <u>Completion of discovery</u>: Fact discovery completed by August 4, 2023, and expert discovery completed by October 13, 2023.

5. <u>Disclosure or Discovery of Electronically Stored Information</u>: The parties have discussed the production of electronically stored information and suggest that such information be handled as follows:

The parties are already bound by a protective order. (ECF No. 75). The parties do not anticipate electronically stored information being an issue at this stage.

6. <u>Assertion of Claims of Privilege or Work-Product Immunity After Production</u>:

The parties are already bound by the protective order entered at ECF No. 75.

7. <u>Motions</u>: The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all nondispositive

motions, counsel or involved in the dispute shall confer in a good-faith effort to resolve the dispute. In addition, all nondispositive motions shall be accompanied by a separately filed certificate.

The following dispositive motions are contemplated by each party:

Plaintiff's Position:

> Motion for summary judgment on claims for state law preemption, commercial speech, compelled speech, content-based restrictions, prior restraints, weddings, hours of operation, freedom of religion, regulatory taking, injunctive relief, and the Michigan Zoning Enabling Act.
>
> Motion for summary judgment on Protect the Peninsula's affirmative defenses
>
> All dispositive motions must be filed by July 28, 2023.
>
> Peninsula Township may file a motion for summary judgment related to Plaintiffs' preemption claim. (ECF No. 303, PageID.10838.)
>
> Peninsula Township may not file a motion for summary judgment on any of Plaintiffs' other claims. (ECF No. 303, PageID.10838.)
>
> Peninsula Township may only respond to a motion for summary judgment filed by Plaintiffs or Protect the Peninsula related to the preemption claim. (ECF No. 303, PageID.10838.)

Peninsula Township's Position:

> Peninsula Township may file a motion for summary judgment related to Plaintiffs' preemption claim. (ECF No. 303, PageID.10838.) Peninsula Township reserves the right to file dispositive motions relating to standing and subject matter jurisdiction.
>
> All dispositive motions must be filed by December 15, 2023.

PTP's Position:

> PTP raised concerns in its March 17, 2023, letter to Plaintiffs that at least some claims alleged in Plaintiffs' complaint are insufficient, and at least some Plaintiffs lack standing. As noted below, PTP anticipates discussing these and other issues with Plaintiffs, and PTP may seek some party and/or claim dismissals by motion.
>
> PTP anticipates dispositive motions addressing the merits of Plaintiffs' claims except for dormant Commerce Clause and due process/vagueness, and addressing PTP's affirmative defenses, including but not limited to estoppel, exhaustion, laches, res judicata, ripeness, standing, statutes of limitation, unclean hands, and/or waiver.
>
> The parties anticipate that all dispositive motions will be filed by December 1, 2023.

7

8. <u>Alternative Dispute Resolution</u>: In the interest of conserving judicial resources, the parties acknowledge that the Court may require the parties to participate in some form of Alternative Dispute Resolution, if the parties agree that Alternative Dispute Resolution will be beneficial.

Indicate what discovery, if any, is needed prior to conducting alternative dispute resolution in order to make alternative dispute resolution most effective. Indicate a preferred time frame for conducting alternative dispute resolution.

The parties recommend that this case be submitted to the following method(s) of alternative dispute resolution:

<u>Plaintiffs' Position</u>:

> Plaintiffs would prefer a settlement conference with Magistrate Judge Kent to occur before the dispositive motion deadline. Plaintiffs propose that a settlement conference after expert reports have been exchanged, but before dispositive motions are filed, will be the most efficient for all parties. Plaintiffs do not believe that facilitative mediation would be productive. Plaintiffs do not believe that PTP should be given access to previous settlement discussions, which were subject to mediation confidentiality to which PTP was not a party. Any settlement discussions which occurred before this Court's summary judgment decision are also no longer relevant.

<u>Peninsula Township's Position</u>:

> Given that new parties and counsel are involved, Peninsula Township proposes a reset to ADR. As such, Peninsula Township proposes private facilitation with an agreed-upon facilitator other than Joseph Quandt, who was relied upon during previous unsuccessful facilitations. Peninsula Township is open to engaging in settlement discussions prior to renewed dispositive motions.

<u>PTP's Position</u>:

> As documented in public filings in this proceeding, PTP acknowledges Plaintiffs and the Township previously engaged in protracted but ultimately unsuccessful facilitated mediation sessions with Mr. Quandt and settlement conferences with Magistrate Kent. If those negotiations were even partially productive, then PTP believes the parties may avoid unnecessarily duplicative future discussions by sharing confidentially with PTP the terms that were mutually agreeable to the participating parties, for PTP's consideration. Alternatively, Plaintiffs and the Township may agree to provide PTP with a confidential copy of draft settlement proposals that were previously exchanged to assist PTP in catching up on prior negotiations and ensure more efficient negotiations henceforth. This information would put PTP in a more informed position to evaluate the prospect of settlement and discuss settlement approaches with the parties and then with the Court in pre-trial scheduling conferences.

> Notwithstanding the foregoing, PTP proposes the parties engage in voluntary facilitative mediation under W.D. Mich. LCivR 16.3 with a mutually-agreeable mediator. PTP is

8

>willing to participate in preliminary facilitated mediation to determine the prospects of settlement that may avoid unnecessary expenditure of judicial resources. PTP is further agreeable to participate in voluntary facilitated mediation with a mutually-agreeable mediator following the deadline to file expert reports and rebuttal expert reports and before the deadline for dispositive motions.

For the local rules regarding all forms of ADR used in this district and for lists of mediators, case evaluators and arbitrators, see the Court's website at www.miwd.uscourts.gov.

9.      Length of Trial: Counsel estimate the trial will last approximately 15 days total, allocated as follows: 6 days for Plaintiffs' case, 6 days for Defendant's case, 3 days for PTP.

10.     Other: Set forth any special characteristics that may warrant extended discovery, accelerated disposition by motion, or other factors relevant to the case.

Plaintiffs' Position:

>The initial complaint in this case was filed on October 21, 2020. Most discovery already has been completed. Plaintiffs believe that they can complete discovery on the schedule set forth in this joint status report with resolution of this case to occur before the end of 2023. Peninsula Township's allegation of conflict is unfounded and raised only to delay the case.

>This case was set for trial in August of 2022. Since that time PTP and Peninsula Township have sought to delay final disposition of this case while Plaintiffs have endeavored to bring this case to resolution in an expeditious fashion. The issues in this case have been fully briefed and there is no relevant discovery to be had other than PTP seeking to have witnesses who have already been deposed to change their testimony. Plaintiffs ask that this Court hold PTP to the sixty-day discovery schedule it proposed on November 17, 2022 and not set this case back to square one.

Peninsula Township's Position:

>An issue has arisen regarding a potential conflict of interest between Miller Canfield and the Michigan Township Participating Plan (the "Plan"), the insurance carrier for Peninsula Township up to and including a portion of 2014. In order the allow the Plan and Peninsula Township sufficient time to hire counsel and/or determine how they wish to proceed on this issue, the Township intends to file a motion for stay of proceedings for 45 days.

PTP's Position:

a)  Discovery Record Documents Not Yet Provided: PTP has reviewed the discovery documents provided by Plaintiffs in November 2022. PTP believes that Plaintiffs have not provided documents that were provided by Plaintiffs to Defendant Peninsula Township in the course of discovery. In particular:

9

    i. In the documents provided, PTP received documents labeled WOMP0008228-8487 that do not match documents Plaintiffs identified as trial exhibits with those same labels. (ECF 190, PageID.7373-7375) Having multiple documents labeled with the same bates number creates confusion.

    ii. The documents Plaintiffs provided did not include the updated report(s), schedules, or attachments to Mr. Larson's initial report.

    iii. Plaintiffs also did not provide documents exchanged in discovery that Plaintiffs plan to introduce as trial exhibits, such as winery sales and pricing data.

PTP believes none of these documents constitute "financial documents" as they do not appear to include tax filings or financial statements (*e.g.*, profit & loss statements, balance sheets, cash flow sheets) for any Plaintiff. PTP has sought these documents from Plaintiffs, to no avail yet, and looks forward to discussing this with Plaintiffs. PTP requests Plaintiffs provide these documents to PTP no later than **April 21, 2023**. (ECF 320, PageID.11893)

b) <u>Non-pleaded claims, insufficiently pleaded claims, abandoned claims, missing parties, standing:</u> PTP raised concerns by letter to Plaintiffs on March 17 regarding various issues. These include Plaintiffs' pursuit of claims that were not pleaded in the operative complaint, flawed claims, abandoned claims, the necessity of landowners and SUP-holders for complete relief in this case, and parties lacking standing (*e.g.*, Tabone, Bonobo, Black Star Farms, Chateau Grand Traverse). PTP looks forward to discussing these issues with Plaintiffs forthwith.

The joint status report shall be approved and signed by all counsel of record. The report shall be filed by means of the Court's CM/ECF system.

<u>Designation of Magistrate Judge</u>: A United States Magistrate Judge has been designated to assist in the processing of this case and is invested by the powers conferred under 28 U.S.C. § 636(b)(1)(A).

<u>Case Manager</u>: Any questions concerning this Order or the scheduling conference should be directed to Amy Redmond, Case Manager to United States District Judge Paul L. Maloney, (269) 337-5700.

<u>Sanctions</u>: The failure of a party to participate in submission of the joint status report or to appear or participate in the Rule 16 scheduling conference may result in the imposition of any of the sanctions allowed by Rule 16(f), including dismissal of the action or entry of default, as appropriate.

10

Respectfully submitted,

| | |
|---|---|
| By: /s/ Joseph M. Infante<br>    Joseph M. Infante (P68719)<br>    Stephen M. Ragatzki (P81952)<br>    Christopher J. Gartman (P83286)<br>    MILLER, CANFILED, PADDOCK and STONE, PLC<br>    *Attorneys for Plaintiffs*<br>    99 Monroe Avenue NW, Suite 1200<br>    Grand Rapids, MI 49503<br>    (616) 776-6333<br>    infante@millercanfield.com<br>    gartman@millercanfield.com<br>    ragatzki@millercanfield.com<br><br>    Barry Kaltenbach<br>    MILLER CANFIELD<br>    *Attorneys for Plaintiffs*<br>    227 Monroe Street, Suite 3600<br>    Chicago, IL 60606<br>    (312) 460-4200<br>    kalthenbach@millercanfied.com | By: /s/ Thomas J. McGraw (w/permission)<br>    Thomas J. McGraw (P48817)<br>    MCGRAW MORRIS P.C.<br>    *Attorneys for Defendant*<br>    2075 W. Big Beaver Road, Suite 750<br>    Troy, MI 48084<br>    (248) 502-4000<br>    tmcgraw@mcgrawmorris.com<br><br>    Bogomir Rajsic, III (P79191)<br>    MCGRAW MORRIS P.C.<br>    *Attorneys for Defendant*<br>    300 Ottawa Avenue NW, Suite 820<br>    Grand Rapids, MI 49503<br>    (616) 288-3700<br>    brajsic@mcgrawmorris.com |
| By: /s/ Tracy Jane Andrews (w/permission)<br>    Tracy Jane Andrews (P67467)<br>    *Law Office of Tracy Jane Andrews, PLLC*<br>    Attorneys for Intervenor-Defendant<br>    420 East Front Street<br>    Traverse City, MI 49686<br>    (231) 946-0044<br>    tjandrews@envlaw.com<br><br>    Holly L. Hillyer (P85318)<br>    *Olson, Bzdok & Howard, P.C.*<br>    Co-Counsel for Intervenor-Defendant<br>    420 East Front Street<br>    Traverse City, MI 49686<br>    (231) 946-0044<br>    holly@envlaw.com | |

Dated: April 4, 2023

40479706.3/159392.00002