UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WINERIES OF THE OLD MISSION PENINSULA ASSOCIATION, *et al.*, <br>　　　　Plaintiffs, <br><br>-v- <br><br>PENINSULA TOWNSHIP, <br>　　　　Defendant, <br><br>and <br><br>PROTECT THE PENINSULA, INC., <br>　　　　Intervenor-Defendant. | No. 1:20-cv-1008 <br><br>Honorable Paul L. Maloney |

## ORDER DENYING MOTION TO STAY

Defendant Peninsula Township ("the Township") has filed a motion to stay these proceedings pending the resolution of a potential conflict between Plaintiffs' (collectively, "the Wineries") counsel and a former client of the Wineries' counsel's firm (ECF No. 328). For the following reasons, the Court will deny the present motion to stay without prejudice.

The Wineries have been represented by attorneys at Miller Canfield Paddock & Stone PLC ("Miller Canfield") since the commencement of this litigation. Mr. Joseph Infante of Miller Canfield has been the lead attorney for Wineries throughout the entirety of this lawsuit. Long before commencing the instant action, Miller Canfield represented the Michigan Township Participation Plan ("the MTPP") in some capacity.[1] The Township

---

[1] The scope of Miller Canfield's representation of the MTPP is disputed (*compare* ECF No. 239 at PageID.11962) ("For more than 30 years, [Miller Canfield] served as the general counsel of the [MTPP]."); (*with* ECF No. 336 at PageID.12260) ("Miller Canfield is not and has never been MTPP's general counsel.").

describes the MTPP as "a membership organization comprised of over 1,000 municipal members, primarily townships. [MTPP] members, among other membership benefits, obtain their insurance, risk management training, and participate in a dividend program depending on years of profitability." (ECF No. 329 at PageID.11962). Apparently, the Township was a member of, and "obtained its insurance through," the MTPP from some unknown date in 2010 through July 21, 2014 (*see* ECF No. 329 at PageID.11963). The terms of this so-called insurance policy—and whether the MTPP policy would even insure some of the damages sought in this case—are unknown to the Wineries and the Court, however, because the Township has not provided the insurance policy to the Wineries nor attached it as an exhibit to the motion (*see* ECF No. 336 at PageID.12260).[2]

In January 2023, the Township hired another new attorney, Mr. Thomas McGraw. Mr. McGraw contends that he was aware of Miller Canfield's relationship with the MTPP and inquired into whether there existed a potential conflict of interest due to Miller Canfield's representation of both the Wineries in this matter, as well as its general representation of the MTPP (*see* ECF No. 329 at PageID.11963). Curiously, Mr. McGraw did not contact Mr. Infante or another attorney representing the Wineries; rather, he called an associate attorney, Ms. Ashley Higginson, who represented the MTPP (*Id.*). Mr. Infante then called Mr. McGraw to seek further information, and during that phone call, the Township "refused to provide information related to the alleged conflict" to Mr. Infante (ECF No. 336 at PageID.12259). Following the phone conversation, Mr. McGraw sent a letter to Ms.

---

[2] The Township has filed the insurance declarations page (ECF No. 341), but not the policy itself.

Higginson and copied Mr. Infante explaining that (1) the Township "was insured through" the MTPP for at least the 2013-2014 policy period; (2) Miller Canfield has been general counsel to the MTPP for the past 20-30 years; and (3) "To the extent that Miller Canfield is suing Peninsula Township, regarding alleged actions that occurred when the Township was insured through the MTPP (prior to the policy expiration in 2014), there is the potential that a conflict of interest exists" (ECF No. 329-1 at PageID.11976). Mr. McGraw concluded that, "I do believe that the MTPP should be formally notified, by Miller Canfield, of the existence of this lawsuit and the specifics of the claims asserted against Peninsula Township. This would give the MTPP the opportunity to review the issue if they so choose." (*Id.*).

Mr. Infante responded to the letter via email asking for a copy of the insurance policy (ECF No. 329-3 at PageID.11982). Mr. McGraw did not provide the policy, and he instead noted that "you likely did not get the information you mention [the insurance policy] from prior counsel during discovery because, as you have indicated many times, you are only seeking damages from 2016 forward, when the Township was not insured through the MTPP" (*Id.* at PageID.329-3).

At that point, Miller Canfield's general counsel, Ms. Soni Mithani, became involved. On January 27, 2023, Ms. Mithani emailed Ms. Linda Preston, the Chair of the Board for the MTPP, explaining Peninsula Township's inquiry into the alleged conflict (ECF No. 329-4 at PageID.11985). Specifically, Ms. Mithani explained that "MTPP is not a party to [the Wineries'] litigation"; that the MTPP would not be responsible for any potential damages in the Wineries' case because the Wineries are only seeking damages for a period after 2016 and because "MTPP is not an insurer and has ceded risk to traditional coverage"; and that

3

Miller Canfield did not believe a conflict existed because it "did not see how MTPP could be involved in or responsible for this matter in any way" (*Id.*). Nevertheless, "out of an abundance of caution," Ms. Mithani requested that Ms. Preston contact her back so that Miller Canfield could "get [the MTPP's] confirmation that [Miller Canfield's] understanding of the facts . . . is correct" (*Id.*).

On February 3, 2023, Ms. Preston responded that the MTPP was "in the process of reviewing the matter" (ECF No. 329-5 at PageID.11989). A few days later, on February 7, after hearing nothing further from Ms. Preston, Ms. Mithani emailed Ms. Preston again asking for a response to her original email and questions (ECF No. 329-6). Ms. Mithani stated that, although Miller Canfield did "not believe there is a conflict," she would "have to analyze this matter as if MTPP believes there is a conflict and go from there" and determine whether "MTPP is willing to waive the conflict" (*Id.* at PageID.11991). She also asked Ms. Preston for "any additional information that [Miller Canfield did] not have" (*Id.*).

On February 9, 2023, a woman named Jennifer Venema, who is the "MTPP Administrator at Tokio Marine HCC" sent an email to Ms. Mithani "on the [sic] behalf of Linda Preston" (ECF No. 329-7). The email stated that MTPP did not understand the situation, asked whether Miller Canfield had done a conflicts check, stated that Ms. Higginson was the MTPP's general counsel, and asked for "a formal legal opinion" that the MTPP would "never be responsible for any money, damages, or anything associated with" the Wineries' litigation against the Township (*Id.* at PageID.11993). In response, on February 13, 2023, Ms. Mithani responded that she could not communicate with Ms. Venema because Tokio Marine is not a client of Miller Canfield (ECF No. 329-8).

4

Later that day, Ms. Mithani sent Ms. Preston a letter, explaining that, "over the past two weeks, the firm has attempted to obtain additional information from you regarding a claim [of the potential conflict of interest] made in late January 2023 by an attorney for Peninsula Township" (ECF No. 329-9 at PageID.11997). The letter continued, "MTPP is not a party to [the Wineries' case against Peninsula Township]" and that none of Miller Canfield's work for MTPP is related to the Wineries litigation (*Id.*). Thus, Miller Canfield believed there was no conflict of interest (*Id.*). However, Ms. Mithani further explained,

> [O]n January 27, 2023, [Miller Canfield] specifically asked [the MTPP] to confirm certain facts, which, as we understand them, support our conclusion that no such conflict of interest exists. We never received a response from MTPP, and [Ms. Preston] ha[s] not contacted [Ms. Mithani] to arrange a time to discuss this matter further. . . .
>
> MTPP's continued failure to respond to our request to verify certain facts as we understand them leaves us unable to confirm our analysis that there is no conflict between MTPP and our clients in the litigation against Peninsula Township. Again, we believe there never was and there currently is no conflict of interest, especially since MTPP is not a party to that litigation and is not an insurer. But, because MTPP cannot (or will not) verify our understanding of the facts, out of an abundance of caution, we have no choice but to now proceed as if there is *now* a conflict of interest, again, due solely to our inability to obtain MTPP's verification of the facts that we believe demonstrate that no conflict of interest exists.

(*Id.*). The MTPP has sought counsel to review the potentiality of the conflict.

Despite all these facts and Peninsula Township's extremely untimely assertion of a conflict of interest,[3] the Court is also troubled by the fact that Peninsula Township's assertion of an alleged conflict may have uncovered Peninsula Township's violation of Magistrate Judge Kent's order compelling Peninsula Township to produce "a copy of any insurance

---

[3] The Court notes that this case has been pending since October 2020, and the parties were on the verge of trial in August 2022, yet Peninsula Township did not assert this alleged conflict until April 2023.

policy covering Peninsula Township's litigation expenses in this Lawsuit" (ECF Nos. 94; 336-1 at PageID.12279).

In March 2021, the Township served its initial disclosures, in which it stated, "To date, [the Township] is not aware of any applicable insurance policies to disclose at this time" (ECF No. 336-4 at PageID.12380). On June 22, 2021, the Wineries served their second set of requests for production of documents and in Request for Production Number 22, they asked the Township to provide "a copy of any insurance policy covering Peninsula Township's litigation expenses in this Lawsuit" (ECF No. 336-1 at PageID.12279). The Township objected to that request, explaining that "The documents sought by this request are, in part, inadmissible under Fed. R. Evid. 411 and associated caselaw. Furthermore, the documents sought by this request are not relevant[4] to any party's claim or defense in this matter. Without waiving said objections and subject to the same, the Township has requested a copy of any potentially applicable policy." (ECF No. 336-2 at PageID.12286).

On August 17, 2021, Mr. Infante sent then-counsel for the Township a letter detailing the deficiencies in the Township's objection (ECF No. 336-3 at PageID.12366). After receiving no response, the Wineries filed a motion to compel (ECF No. 83). On September 28, 2021, Magistrate Judge Kent granted the Wineries' motion with respect to the production of the Township's insurance policies and directed the Township to "produce any policy of insurance responsive to Request to Produce No. 22" (ECF No. 94). On October 12, 2021, Peninsula Township produced an insurance policy between the Township and Argonaut

---

[4] The Court finds it ironic that the Township previously took the position that its insurance policies were "not relevant," but now, the Township takes the position that a previous insurance policy allegedly forms the basis for a conflict of interest and warrants a stay in this matter.

6

Insurance Company with a policy period commencing on July 1, 2014 (ECF No. 336-9). It did not produce any other policies.

Because the Township never notified the Wineries of any other applicable insurance policies—polices it was specifically directed to produce—the Wineries claim that the MTPP policy was never on their radar. And if the Township now takes the position that, in the event the Wineries prevail on the relevant claims, the MTPP policy from 2010-2014 may be responsible for some of the Wineries' damages, it appears that the Township is in clear violation of Judge Kent's order to compel.

The Court is troubled by all these relevant facts, including the potentiality of a conflict during the time the Township was insured by the MTPP as well as whether the Township has violated Judge Kent's order. However, the Court finds that, at this time, the Township has not met its burden in showing that a stay is warranted. Although there is no precise test in the Sixth Circuit for when a stay is appropriate, *see Ferrell v. Wyeth-Ayerst Labs., Inc.*, No. 1:01-CV-447, 2005 WL 2709623, at *1 (S.D. Ohio Oct. 21, 2005), courts typically consider several factors when determining whether to grant a stay, including (1) the stage of the litigation; (2) whether the stay will simplify the issues or present a clear tactical disadvantage to the non-moving party; (3) whether a stay would unduly prejudice the nonmoving party; (4) the need for a stay; and (5) the promotion of judicial economy. *See id.*; *Magna Elecs., Inc. v. Valeo, Inc.*, No. 14-10540, 2015 WL 10911274, at *1 (E.D. Mich. Sept. 30, 2015). It is within the sound discretion of the district court to determine whether a stay is granted. *See F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626-27 (6th Cir. 2014) ("The power to stay proceedings is incidental to the power inherent in every court to control

the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court.").

The relevant factors weigh against granting a stay. Regarding judicial economy, during the recent Rule 16 scheduling conference, the Court was very clear that it has an interest in expeditiously resolving this matter, which has been pending since October 2020. A stay would not promote that interest. Further, this case is not in the early stages of litigation: It has been pending since 2020; the Wineries and the Township have engaged in extensive discovery; the Sixth Circuit has decided two appeals stemming from this matter; a (partially set aside) summary judgment opinion has issued; and the Court was clear that Protect the Peninsula's intervention would not send this case back to "square one" (*see* ECF No. 301 at PageID.10700). For these same reasons, a stay would unduly prejudice the Wineries, who have an interest in having this Court determine whether their constitutional rights have been, and are being violated, as quickly as possible. Finally, a stay would not make this already-procedurally complex case any simpler—it would do the opposite. The Township asks for a forty-five-day stay of this matter to "consider its options regarding this [alleged] conflict" (ECF No. 329 at PageID.11962) and "allow the [MTPP] to move to disqualify Miller Canfield before this litigation becomes even more procedurally complex than it already is" (ECF No. 340 at PageID.12516). The Court is not interested in staying this matter so a non-party can file motions in this case. Finally and most importantly, given the fact that the Township has *refused* to provide the Wineries with the relevant insurance policy—which may resolve the

8

necessity of this motion—a stay is not needed at this time. The Court, in its discretion, declines to grant a stay.

**IT IS HEREBY ORDERED** that the Township's motion to stay (ECF No. 328) is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Date: May 1, 2023                                            /s/ Paul L. Maloney
                                                             Paul L. Maloney
                                                             United States District Judge