## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

WINERIES OF THE OLD MISSION
PENINSULA ASSOC. (WOMP), a Michigan
nonprofit corporation; BOWERS HARBOR
VINEYARD & WINERY, INC, a Michigan
corporation; BRYS WINERY, LC, a Michigan
corporation; CHATEAU GRAND TRAVERSE,
LTD, a Michigan corporation; CHATEAU
OPERATIONS, LTD, a Michigan corporation;
GRAPE HARBOR, INC, a Michigan corporation;
MONTAGUE DEVELOPMENT, LLC, a
Michigan limited liability company; OV THE
FARM, LLC, a Michigan limited liability
company; TABONE VINEYARDS, LLC, a
Michigan limited liability company; TWO LADS,
LLC, a Michigan limited liability company;
VILLA MARI, LLC, a Michigan limited liability
company; WINERY AT BLACK STAR FARMS,
LLC, a Michigan limited liability company;

       Plaintiffs,

v

PENINSULA TOWNSHIP, a Michigan municipal
corporation,

       Defendant,

and

PROTECT THE PENINSULA, INC.,

       Intervenor-Defendant.

Case No. 1:20-cv-01008

HON. PAUL L. MALONEY
MAG. JUDGE RAY S. KENT

**PTP'S REPLY
TO PLAINTIFFS' RESPONSE
TO PTP'S CROSS MOTION
FOR SUMMARY JUDGMENT ON
PREEMPTION (ECF 366, 367)**

Joseph M. Infante (P68719)
Christopher J. Gartman (P83286)
Stephen Michael Ragatzki (P81952)
*Miller, Canfield, Paddock*
Attorneys for Plaintiffs
99 Monroe Ave., NW, Suite 1200
Grand Rapids, MI 49503
(616) 776-6333
infante@millercanfield.com
gartman@millercanfield.com
ragatzki@millercanfield.com

Barry Kaltenbach
*Miller, Canfield, Paddock*
Attorneys for Plaintiffs
227 Monroe Street, Ste 3600
Chicago, IL 60606
(312) 460-4200
kaltenbach@millercanfield.com

Scott Robert Eldridge (P66452)
*Miller, Canfield, Paddock*
Attorneys for Plaintiffs
One E. Michigan Avenue, Ste 900
Lansing, MI 48933
(517) 487-2070
eldridge@millercanfield.com

Thomas J. McGraw (P48817)
Bogomir Rajsic, III (P79191)
*McGraw Morris, P.C.*
Attorneys for Defendant
2075 W. Big Beaver Road, Ste 750
Troy, MI 48084
(248) 502-4000
tmcgraw@mcgrawmorris.com
brajsic@mcgrawmorris.com

William K. Fahey (P27745)
John S. Brennan (P55431)
Christopher S. Patterson (P74350)
*Fahey Schultz Burzych Rhodes PLC*
Co-Counsel for Defendant
4151 Okemos Road
Okemos, MI 48864
(517) 381-0100
wfahey@fsbrlaw.com
jbrennan@fsbrlaw.com
cpatterson@fsbrlaw.com

Tracy Jane Andrews (P67467)
*Law Office of Tracy Jane Andrews, PLLC*
Attorneys for Intervenor-Defendant
420 East Front Street
Traverse City, MI 49686
(231) 946-0044
tjandrews@envlaw.com

Holly L. Hillyer (P85318)
*Olson, Bzdok & Howard, P.C.*
Co-Counsel for Intervenor-Defendant
420 East Front Street
Traverse City, MI 49686
(231) 946-0044
holly@envlaw.com

**PTP'S REPLY TO PLAINTIFFS' RESPONSE TO PTP'S CROSS MOTION
FOR SUMMARY JUDGMENT ON PREEMPTION (ECF 366, 367)**

I.      INTRODUCTION......................................................................................................1

II.     REPLY TO PLAINTIFFS' RESPONSES ...........................................................3

    A.    Wineries are allowed in A-1 and bars and restaurants in C-1, so the PTZO is not exclusionary. ...............................................................................................3

    B.    Peninsula Township approved winery *tasting rooms*, now Plaintiffs want more.........5

    C.    Plaintiffs ask this Court to apply the wrong preemption standard.............................6

    D.    The MLCC does not preempt zoning restrictions on operating hours.........................8

    E.    The MLCC does not preempt zoning restrictions on amplified music.......................9

    F.    The MLCC does not preempt zoning restrictions on catering kitchens.....................10

    G.    The MLCC does not preempt zoning restrictions on restaurants. .............................11

    H.    The Wineries' operative complaint omitted restaurant preemption. .........................13

    I.    Plaintiffs make no MZEA claim. ..............................................................................14

    J.    No relevant concessions support Plaintiffs' conflict preemption claims...................14

III.    CONCLUSION ........................................................................................................15

**TABLE OF AUTHORITIES**

**Cases**

*Abrams v. Nucor Steel Marion, Inc.*, 694 Fed. Appx. 974 (6th Cir. 2017)...................................13

*Adams Outdoor Advertising, Inc. v. Holland,* 463 Mich. 675; 625 N.W.2d 377 (2001)...............4

*Allen v. Liquor Control Commission,* 122 Mich. App. 718; 333 N.W.2d 20 (1982) ....................7

*Bundo v. Walled Lake*, 395 Mich. 679; 238 N.W.2d 154 (1976) ................................................2

*Bunn v. Michigan Liquor Control Comm'n*, 125 Mich. App. 84; 335 N.W.2d 913 (1983) .........11

*Clonlara, Inc. v. State Bd. of Educ.*, 442 Mich. 230; 501 N.W.2d 88 (1993)................................2

*DeRuiter v. Twp. of Byron,* 404 Mich. 130; 949 N.W.2d 91 (2020) ............................................6

*Felix v. Young,* 536 F.2d 1126 ....................................................................................................2

*Johnson v. Liquor Control Comm.*, 266 Mich. 682; 254 N.W. 557 (1934)...................................2

*Jott, Inc. v. Clinton Charter Twp.,* 224 Mich. App. 513; 569 N.W.2d 841 (1997) .......................2

*Maple BPA, Inc. v. Bloomfield Charter Twp,*. 302 Mich. App. 505; 838 NW2d 915 (2013) ........3

*Moskovic v. City of New Buffalo* (Jan. 13, 2023)...............................................................14, 15

*Mutchall v. Kalamazoo*, 323 Mich. 215; 35 N.W. 2d 245 (1948) ...............................................2

*Noey v. Saginaw*, 271 Mich. 595; 261 N.W.2d 88 (1935) ...........................................................3

*Oppenhuizen v. Zeeland,* 101 Mich. App. 40; 300 N.W.2d 445 (1980) ...................................3, 6

*Rodriguez v. Doral Mortgage Corp.*,557 F.3d 1168 (1st Cir. 1995) ...........................................13

*Sherman Bowling Center v. Roosevelt Park,* 154 Mich. App. 576; 397 N.W.2d 839 (1987) ........3

*Square Lake Hills Condo. Ass'n v. Bloomfield Twp*, 437 Mich. 310; 471 N.W.2d 321 (1991).....7

*Stafford's Restaurant, Inc. v. Oak Park*, 129 Mich. App. 84; 341 N.W.2d 235 (1983) ................3

*Tally v. Detroit*, 54 Mich. App. 328; 220 N.W.2d 778 (1974) ....................................................2

*Van Buren Charter Twp. v. Garter Belt, Inc.*, 258 Mich App. 594; 673 N.W.2d 111 (2003) ...... 13
*Village of Euclid v. Ambler Realty Co.,* 272 U.S. 365 (1926) ........................................ 4

**Statutes**
18 USC § 1028(d)(12) ............................................................................................... 1
MCL § 125.3207 ...................................................................................................... 4
MCL § 289.1107(t) .............................................................................................. 11, 12
MCL § 289.3113 .................................................................................................... 12
MCL § 436.1105 ...................................................................................................... 7
MCL § 436.1111(5) ................................................................................................ 12
MCL § 436.1113(1)(b) ............................................................................................. 5
MCL § 436.1201(2) .............................................................................................. 1, 2
MCL § 436.1536 .................................................................................................... 12
MCL § 436.1536(7)(h) ........................................................................................... 12
MCL § 436.1916 ...................................................................................................... 9

**Rules**
7 C.F.R. § 271.2 ....................................................................................................... 1
Fed. R. Civ. P. 54(c) .............................................................................................. 13
Fed. R. Civ. P. 56(a) ................................................................................................. 1
Mich. Admin. Code R. 436.1003(1) ................................................................... 2, 6, 11
Mich. Admin. Code R. 436.1105(3) ..................................................................... 6, 11
W.D. Mich. LCivR 7.2(c) ........................................................................................... 1

**Constitutional Provisions**
Mich. Const. Art. IV. § 40 ........................................................................................ 1

## EXHIBIT LIST

Exhibit 1     Township Board May 23, 2023 Meeting Minutes

Intervenor-Defendant Protect the Peninsula, Inc. (PTP), under Fed. R. Civ. P. 56(a) and W.D. Mich. LCivR 7.2(c), replies to Plaintiffs' response (ECF 366, 367[1]) to PTP's cross-motion for partial summary judgment on Plaintiffs' preemption claims. PTP is entitled to judgment on these claims for the reasons discussed in PTP's brief supporting its cross-motion (ECF 356); nothing in Plaintiffs' response supports a contrary conclusion.

## I.     INTRODUCTION

Plaintiffs misunderstand the relationship between state liquor trafficking regulation and local zoning. Because Plaintiffs misrepresent it throughout their brief, PTP first addresses the respective authority of the Liquor Control Commission (Commission), which administers the Michigan Liquor Control Code (MLCC) and regulations adopted thereunder, and Peninsula Township, which administers the Peninsula Township Zoning Ordinance (PTZO).

The Commission has significant authority over the traffic of alcoholic beverages. The Michigan Constitution provides: "(t)he legislature may by law establish a liquor control commission which, subject to statutory limitations, shall exercise complete control of the alcoholic beverage traffic within this state, including the retail sales thereof." Mich. Const. Art. IV. § 40. Trafficking means dealing or trading in a commodity or service – *e.g*., liquor, documents, narcotics, arms.[2] Plaintiffs aggrandize the Commission's authority by ignoring that it is limited to alcohol *trafficking* – i.e., "the manufacture, importation, possession, transportation and sale" of alcoholic beverages. MCL § 436.1201(2). (ECF 367, PageID.13668, 13664)

Commission authority is limited by the MLCC and its rules. MCL § 436.1201(2). One

---

[1] These briefs appear identical.

[2] *See, e.g.,* www.dictionary.com ("trafficking: the practice of dealing or trading in a commodity or service, often an illegal one: drug trafficking."); 18 USC § 1028(d)(12);7 C.F.R. § 271.2.

such rule expressly requires licensees to comply with zoning. Mich. Admin. Code R. 436.1003(1). It is on top of each Plaintiffs' license (ECF 356-1):

## STATE OF MICHIGAN - LIQUOR CONTROL COMMISSION

This is to certify that a License is hereby granted to the person(s) named with the stipulation that the licensee is in compliance with Commission Rule R 436.1003, which states that a licensee shall comply with all state and local building, plumbing, zoning sanitation, and health laws, rules, and ordinances as determined by the state and local law enforcement officials who have jurisdiction over the licensee.  Issuance of this license by the Michigan Liquor Control Commission does not waive this requirement.  The licensee must obtain all other required state and local licenses, permits, and approvals for this business before using this license for the sale of alcoholic liquor on the licensed premises.

This rule has the force of law. *See Clonlara, Inc. v. State Bd. of Educ.*, 442 Mich. 230; 501 N.W.2d 88, 94 (1993) ("Legislative rules are substantive rules that have the force and effect of law. These rules fill in the interstices of the statute and presumably carry out its intent in greater detail. A court may not substitute its judgment of the content of a legislative rule, but may only strike the rule if the agency lacked statutory authority to adopt it, the agency failed to follow proper procedure, or the rule is unreasonable."). Plaintiffs ignore this rule.

State and federal courts consistently recognize the Commission's authority is not unlimited; municipalities also have significant authority through zoning and otherwise to regulate alcohol trafficking within their bounds. *Felix v. Young,* 536 F.2d 1126, 1132 ("Although Michigan has a liquor control commission which is ultimately responsible for the regulation of liquor traffic in the state, its jurisdiction is not exclusive. The Michigan Supreme Court has sanctioned the enactment of municipal ordinances regulating local traffic in liquor. *See e.g., Mutchall v. Kalamazoo*, 323 Mich. 215, 35 N.W. 2d 245, 248-49 (1948)."); *Jott, Inc. v. Clinton Charter Twp.,* 224 Mich. App. 513; 569 N.W.2d 841, 853 (1997) (recognizing local interest in alcoholic beverage trafficking, discussing *Bundo v. Walled Lake*, 395 Mich. 679, 700-701; 238 N.W.2d 154 (1976); *Mutchall, supra; Johnson v. Liquor Control Comm.*, 266 Mich. 682, 685; 254 N.W. 557 (1934); *Tally v. Detroit*, 54 Mich. App. 328; 220 N.W.2d 778 (1974); *Felix, supra*); *Maple BPA, Inc. v. Bloomfield Charter Twp,*. 302 Mich. App. 505; 838 NW2d 915, 920-21 (2013) (MLCC permit requires compliance with zoning; upholding zoning ordinance

imposing additional building, parking restrictions on gas stations that sell liquor); *Stafford's Restaurant, Inc. v. Oak Park*, 129 Mich. App. 84; 341 N.W.2d 235, 238-39 (1983) (Commission authority over alcohol trafficking not exclusive).

This case does not involve a liquor trafficking ordinance. The PTZO is largely silent on the making, transport, distribution, and sale of wine. Plaintiffs challenge provisions addressing non-agricultural commercial land uses <u>beyond</u> winemaking and tasting (non-wine retail space, food, non-tasting events) in A-1. This distinguishes it from cases addressing ordinances that attempted to regulate liquor trafficking. *See Noey v. Saginaw*, 271 Mich. 595; 261 N.W.2d 88 (1935) (no liquor sales after midnight); *Sherman Bowling Center v. Roosevelt Park,* 154 Mich. App. 576; 397 N.W.2d 839 (1987) (additional event restrictions tied to liquor sales); *Oppenhuizen v. Zeeland,* 101 Mich. App. 40; 300 N.W.2d 445 (1980) (city-wide liquor sale ban).

None of the PTZO sections Plaintiffs challenge are tied to wine sales. The PTZO is a land use ordinance addressing nuisance, noise, aesthetics, and compatible land uses by location. The MLCC is a regulatory scheme that licenses all aspects of liquor trafficking and only the liquor trafficking aspects of myriad activities associated with alcohol. This distinction undermines Plaintiffs' pervasive conflict preemption theories founded on the false premise that the MLCC has exclusive authority over everything it mentions, even where it does not regulate or license those things, with precious few exceptions. At bottom, Plaintiffs try to squeeze too much out of their MLCC licenses.

## II.     REPLY TO PLAINTIFFS' RESPONSES

### A.  Wineries are allowed in A-1 and bars and restaurants in C-1, so the PTZO is not exclusionary.

In response to PTP's point that the MLCC regulates business operations while the PTZO

addresses where land use activities may take place, with commercial activities Plaintiffs want to do limited to C-1, Plaintiffs argue the PTZO is exclusionary for not allowing wineries in C-1. (ECF 367, PageID.13657-13658) Their point seems to be that because a winery is not an authorized land use in C-1, and because C-1 is small, their preferred land use (winery + bar + restaurant) is excluded in Peninsula Township. This misunderstands exclusionary zoning: a municipality may not <u>totally prohibit</u> a land use within its borders where there is a demonstrated need for it. MCL § 125.3207; *Adams Outdoor Advertising, Inc. v. Holland,* 463 Mich. 675; 625 N.W.2d 377, 382 (2001). Even where zoning bans a use, it is not exclusionary if the use is already established. *Id.* Wineries, bars, and restaurants are not prohibited in Peninsula Township. While Plaintiffs may prefer the PTZO to permit all three uses <u>in the same location</u>, there is no exclusionary zoning issue here.

The PTZO permits *wineries* in A-1 because they are agricultural facilities "where agricultural fruit production is maintained, juice is processed into wine, stored in bulk, packaged, and sold at retail or wholesale to the public with or without the use of a wine tasting facility." PTZO § 3.1. The PTZO permits bars and restaurants in C-1 because they are commercial. PTZO § 6.6.1, 6.6.2(1). This is reasonable zoning. *See Village of Euclid v. Ambler Realty Co.,* 272 U.S. 365 (1926) (recognizing that pressures of competing land uses require segregation of incompatible uses, consistent with the public interest in protecting and preserving property values). It has no bearing on preemption.

The Township Board's May 23, 2023, meeting discussion is consistent. (ECF 367, PageID.13657; **Ex 1**) The Board acknowledged the PTZO presently does not allow wine*making* in C-1, the applicant might have sought an MLCC commercial license for a bar (allowed) but instead sought winemaking, it affirmed its prior distillery tasting room approval, and it discussed

planned PTZO updates to allow wine tasting in C-1 independent of winemaking. (**Ex 1**). While this does not support Plaintiffs' preemption claims, it suggests the Township administers zoning in a reasonable and responsive manner.

Plaintiffs state "PTP's assertion that all Peninsula Township restaurants are in C-1 is incorrect" because there are restaurants outside C-1. (ECF 367, PageID.13657, n. 2) Plaintiffs provide no citation, probably because PTP made no such assertion. PTP accurately stated restaurants are <u>allowed</u> in C-1. (ECF 356, PageID.12952, 12974, 12976) The restaurants outside C-1 are likely historic non-conforming uses. PTZO § 7.5.1; MCL § 125.3208.

### B.  Peninsula Township approved winery *tasting rooms*, now Plaintiffs want more.

Plaintiffs state without evidentiary support that the Township recommended the Commission grant each Plaintiff a winery tasting room license to make and distribute wine. (ECF 367, PageID.13659) PTP accepts for present briefing that the Township did so, but discovery is ongoing. According to Plaintiffs, this distinguishes "every case PTP relies on." (*Id.*) Plaintiffs then address some cases PTP cited on the difference between state and federal statutes regulating commodity (guns, liquor) trafficking and municipal zoning. Plaintiffs do not explain how historic Township recommendations for MLCC tasting room licenses distinguish the cited cases, and it is not self-evident.

The point is curious because Plaintiffs' preemption claims are about activities beyond what MLCC tasting room licenses permit. Per the MLCC, a *tasting room* is a location on the manufacturing premises where a winemaker may provide samples or retail sales for on- or off-premises consumption of wine it manufactured or bottled. MCL 436.1113(1)(b). There is no claimed conflict between acceptable *tasting room* activities under the PTZO and those authorized

by MLCC licenses – samples and sales of wine made onsite. The PTZO imposes bare limits on *tasting rooms* beyond those activities. (ECF 356, PageID.12950-12952) Historic Township support for an MLCC *tasting room* license did not then and does not now exempt Plaintiffs from zoning limits on things other than wine tasting and sales.

Plaintiffs' assertion that the MLCC gives them rights that the PTZO removes is misguided. (ECF 367, PageID.13659) At most, an MLCC *tasting room* license grants Plaintiffs the right to offer wine samples and retail sales in their *tasting rooms*; the PTZO does not take that away. Township approval of MLCC *tasting room* licenses did not bestow upon Plaintiffs additional "rights" to operate restaurants and catering businesses, have amplified music, and stay open late irrespective of zoning. Mich. Admin. Code. R. 436.1003, 436.1105(3).

### C. Plaintiffs ask this Court to apply the wrong preemption standard.

PTP fully addressed Michigan caselaw establishing conflict preemption standards. (ECF 356, PageID.12953-12960) Responding to PTP's briefing on the MLCC rules requiring compliance with local zoning, Plaintiffs suggest they are inapplicable because only lawful zoning is enforceable and some PTZO sections are unconstitutional. (ECF 367, PageID.13660). This is an illogical response. Plaintiffs assert independent conflict preemption and constitutional claims. For preemption, they must show contradiction between statute and ordinance. *DeRuiter v. Twp. of Byron,* 404 Mich. 130; 949 N.W.2d 91, 98-99 (2020). An ordinance does not conflict with state law because it is invalid (unconstitutional); it conflicts with state law because there is contradiction. Plaintiffs refuse to acknowledge the MLCC requires compliance with zoning.

Plaintiffs attempt unsuccessfully to distinguish cases PTP relied on. (ECF 367, PageID.13660-13662) The court in *Oppenhuizen v. Zeeland* found the MLCC preempted a city ordinance totally banning liquor sales because only <u>counties</u> by majority vote of <u>electors</u> may

ban liquor sales. 101 Mich. App. 40; 300 N.W.2d 445 (1980). The court otherwise affirmed long-standing Michigan caselaw recognizing the bounds of Commission authority over alcohol trafficking. Contrary to Plaintiffs' briefing, the court did not address <u>zoning</u> at all. The ordinance at issue was a total city-wide ban on liquor sales. Plaintiffs conflate Michigan ordinances that regulate township-wide activities (*e.g.,* noise, liquor sales) with <u>zoning</u> ordinances. *See Square Lake Hills Condo. Ass'n v. Bloomfield Twp*, 437 Mich. 310; 471 N.W.2d 321, 326-27 (1991). The distinction is critical here where the challenged PTZO provisions apply only to a subset of A-1 uses, not township-wide.

Plaintiffs miss the point of *Allen v. Liquor Control Commission,* 122 Mich. App. 718; 333 N.W.2d 20 (1982). (ECF 367, PageID13661) The plaintiffs were denied an MLCC license because they did not comply with an unidentified township ordinance. They challenged MLCC Rule 436.1105, requiring the Commission to deny an MLCC license where it is notified the applicant does not comply with local ordinances, zoning and otherwise. The court rejected their theory that the rule is an unconstitutional delegation of Commission power to the township because the township's power to enact ordinances derives from the constitution and legislature, not from the Commission. The court then upheld the rule: the Commission is empowered to enact rules; it is reasonable to deny a liquor license application where the applicant will be unable to use it due to local ordinances; and it is efficient for the municipality rather than Commission staff to ascertain compliance with local ordinances. 333 N.W.2d at 21. Contrary to Plaintiffs' analysis, *Allen* undermines Plaintiffs' premise that township ordinances are subordinate to the MLCC.

Plaintiffs make the unhelpful point that local authority over liquor trafficking is only permissible when "explicitly delegated" through five sections of the MLCC. (ECF 367, PageID.13662-13663) As discussed in **Section I**, this is not a case about liquor trafficking. This

case is about A-1 zoning limits not tied to winemaking or wine sales. As just discussed in *Allen, supra* and in **Section I**, municipalities have ample constitutional and statutory powers to address activities, land uses, operations, and more within their jurisdiction – even when they involve alcohol – beyond five express MLCC delegations regulating alcohol sales in specific contexts.

### D. The MLCC does not preempt zoning restrictions on operating hours.

Plaintiffs assert the challenged PTZO sections only regulate activities at wineries. (ECF 367, PageID.13665) That is untrue; restaurants and professional catering are not authorized land uses in A-1, including at wineries. The PTZO does not authorize stand-alone public events (*e.g.*, wine and food seminars, group meetings) as ancillary to any other authorized land use in A-1 except for *Guest Activity Uses* at *Winery-Chateaus* – not even at *Farm Processing Facilities* and *Remote Winery Tasting Rooms*. PTZO §§ 6.7.2, 8.7.2. Thus, the PTZO does not limit hours and amplification for A-1 land uses except *Guest Activity Uses* at *Winery-Chateaus*. These limits are not tied to wine sales but to *Guest Activity Uses.* If Future Farmers of America hosts an awards ceremony at Brys under its *Guest Activity Use* authorization, it must end by 9:30 p.m.; those future farmers cannot amplify instrumental music but may amplify their speeches. PTZO §§ 8.7.3(10)(u)(2)(c)(ii)(g), 8.7.3(10)(u)(5)(b), (g).

PTP already addressed the errors in Plaintiffs' theory that municipalities lack authority over places that sell alcohol unless specifically provided in the MLCC. (ECF 367, PageID.13664) Michigan courts unequivocally recognize local interest in and authority over licensees and their establishments, and the Commission explicitly requires licensees to comply with zoning.

Plaintiffs' preemption theory based on Mr. Manigold's testimony about the Township supposedly enforcing hours restrictions outside *Guest Activity Uses* is nonsensical. (ECF 367,

PageID.13664-13665) Given Plaintiffs' testimony that they close their *tasting rooms* voluntarily much earlier than 9:30 p.m. (ECF 356-3 to 356-8), the factual foundation here is dubious. Moreover, Plaintiffs obviously are familiar with the parts of the PTZO that address their operations. If the Township "enforced" a nonexistent ordinance against them, Plaintiffs would have ample defenses and options for obtaining relief. It would be unprecedented here to invalidate, under a conflict preemption theory (or otherwise), an unenacted, undefined "practice" based solely on uncorroborated and ambiguous testimony of one former elected official.

**E. The MLCC does not preempt zoning restrictions on amplified music.**

Plaintiffs try to create conflict between the PTZO, which limits amplified instrumental music for *Guest Activity Uses* at *Winery-Chateaus*, with MCL § 436.1916. (ECF 367, PageID.13665) First, they argue the MLCC allows more than just "live orchestral music and singing," it also allows "other types of musical instruments" such as "an amplified guitar." (*Id.*) *Amplified* is an adjective, not an instrument. Guitars may be acoustic, electric, classical, steel, semi-acoustic, and so on. They are all guitars. The PTZO does not prohibit their unamplified use for *Guest Activity Uses* nor their amplified use in *tasting rooms*.

Second, Plaintiffs discuss the MLCC instrumental music provision without context. MCL § 436.1916 is entitled, "Entertainment, dance, or topless activity permits; issuance; prohibited activity; exceptions; extended hours permit; permit issued under administrative rule; fees; definition." Sections 1 through 9 prohibit various types of entertainment, dancing, performances, broadcasts, gaming, and more without a special permit. Section 11 clarifies other types of entertainment – playing an orchestra or other musical instruments, singing, and public television broadcasts – that do <u>not</u> require a special permit. Plaintiffs' conflict theory tries to get too much out of Section 11. The MLCC does not grant all licensees the right to have amplified instrumental

music irrespective of local zoning; it only clarifies that no special MLCC permit is required for instrumental music. Both the MLCC and PTZO allow instrumental music. The MLCC is silent on amplification; the PTZO permissibly limits it. There is no conflict.

PTP already addressed the flaws in Plaintiffs' preemption argument based on former Township counsel Meihn's supposed concession that the Township totally prohibits amplified music. (ECF 356, PageID.12969, 12980-12982) To be clear: there is no absolute prohibition on amplification in Peninsula Township; the PTZO limitation on amplification is tied to one support use for one authorized land use in one district. (*See* ECF 367-4) PTP notes direct contradictions in Plaintiffs' response on this point. Plaintiffs first insist – twice repeating what Mr. Meihn said at the May 2022 hearing – that there <u>is</u> an absolute prohibition on amplified music. (ECF 367, PageID.13665, 13670) They further contend "the prohibition on amplified music is clear on the face of the ordinance," without citing any provision. (*Id.* at 13670) But elsewhere, Plaintiffs say the opposite: "The Township's noise ordinance does not prohibit amplified music, but it regulates volume – <u>the only restriction on amplified music relates to wineries</u>." (*Id.,* PageID.13663, emphasis added) Plaintiffs briefing demonstrates substantial ambiguity around the supposed absolute prohibition on amplified music.

### F. The MLCC does not preempt zoning restrictions on catering kitchens.

The MLCC does not regulate kitchens or food; it regulates liquor trafficking. (ECF 356, PageID.12970-12972) Plaintiffs respond as follows: the MLCC regulates food at businesses with MLCC licenses; the MLCC uses the word "food" many times, including for brewpubs, resorts, taverns, and banquets; the MLCC regulates food sales at licensed businesses; the MLCC allows wineries to obtain a catering permit; therefore, "[a]ny ordinance or policy of Peninsula Township restricting this *right* is preempted." (ECF 367, PageID.13666) (emphasis)

First, the MLCC does not regulate food, it regulates liquor trafficking. To regulate means to govern or direct according to rule.[3] MDARD and county health departments regulate commercial kitchens.[4] Referencing food sales in the MLCC is not the same as regulating food or kitchens, just as mentioning bars in Michigan Food Law is not the same as regulating liquor sales. *See* MCL § 289.1107(t) (food service establishment includes a bar).

Second, by Plaintiffs' theory, all zoning over establishments where the MLCC references "food" (resorts, brewpubs, taverns, banquets) would conflict with the MLCC. Such a sweeping interpretation of MLCC authority would have profound impacts on Michigan zoning.

Third, the MLCC does not give Plaintiffs the "right" "to obtain a catering permit." (ECF 367, PageID.13666) The MLCC identifies numerous permits licensees may apply for; applicants have no right permits they have not applied for. *See Bunn v. Michigan Liquor Control Comm'n*, 125 Mich. App. 84; 335 N.W.2d 913, 916 (1983) ("there is no protected interest in a mere expectation that a new license applicant or transferee might possess") (citations omitted).By Plaintiffs' theory, all MLCC licensees have the "right" to engage in every type of activity the Commission issues permits for. This is illogical and directly contradicted by Commission rules stating no permit will issue if the establishment does not comply with zoning. Mich. Admin. Code R. 436.1003(1), 436.1105(3).

### G. The MLCC does not preempt zoning restrictions on restaurants.

Per the decades-old PTZO, Plaintiffs have no right to operate restaurants in A-1, and their (mostly) decades-old MLCC licenses did not come with such a right. (ECF 356, PageID.12973-

---

[3] www.merriam-webster.com/dictionary/regulate; The Wolters Kluwer Bouvier Law Dictionary Desk Edition, Regulation (Regulate or Reg.).

[4] https://www.michigan.gov/mdard/licensing/food/foodest/food-establishment-licensing-guide-determine-which-agency-to-contact.

12975) Citing the <u>Food Law</u> (MCL § 289.1107(t)), Plaintiffs note Michigan defines *restaurant* broadly "to include a host of different food types," then inexplicably conclude "[t]he <u>Code [MLCC]</u> does not provide the Township the ability to control the types of food a restaurant may serve." (ECF 367, PageID.13667) (emphasis added) The Food Law, which licenses food establishments, including restaurants, tea shops, bars, drive-ins, and more, does not limit zoning delineating the districts where those establishments may locate. *See* MCL § 289.3113. The MLCC does not regulate or license restaurants at all, only their liquor sales. MCL § 436.1111(5). Neither limits zoning restricting restaurants to commercial districts.

Plaintiffs suggest the MLCC allows only alcohol manufacturers with a *tasting room* to operate a restaurant, citing MCL § 436.1536(7)(h), (18). (ECF 367, PageID.13667) Subsection (7)(h) provides alcohol manufacturers[5] "may" own and operate a restaurant as part of a *tasting room*; subsection (18) provides local approval is not required for *tasting rooms* in existence before December 19, 2018. According to Plaintiffs, since their *tasting rooms* existed before that date, MCL § 436.1536 means they are now entitled also to operate a restaurant irrespective of zoning. In other words, by Plaintiffs' interpretation, MCL § 436.1536 means <u>new</u> restaurants at <u>pre-existing</u> *tasting rooms* are exempt from zoning. This makes no sense. The MLCC does not license or regulate restaurants. If the legislature intended to authorize pre-existing *tasting rooms* to operate as restaurants not subject to zoning or any other local interests, it would have said so. The legislature was presumptively aware that the Commission requires by rule all licensees to comply with local ordinances and zoning. *See Van Buren Charter Twp. v. Garter Belt, Inc.*, 258 Mich App. 594; 673 N.W.2d 111, 122 (2003) (legislature presumed to be aware of longstanding

---

[5] This includes brewers, winemakers, distillers, brandy manufacturers, and mixed spirit drink manufacturers. MCL § 436.1536(7)(h).

judicial and administrative interpretations, including administrative and judicial deference to local control over liquor establishments, and statutes must be interpreted accordingly). When the legislature amended the MLCC to allow a small winemaker to own and operate a restaurant if it meets state and local regulations, including zoning, it did not also implicitly and retroactively permit new restaurants for existing licensed *tasting rooms*.

### H. The Wineries' operative complaint omitted restaurant preemption.

Plaintiffs apparently inadvertently left restaurant preemption out of their amended complaint. (ECF 367, PageID.13667-13668) The proper remedy would have been to seek leave under Fed. R. Civ. P. 15 to amend the complaint once they discovered the omission, but Plaintiffs refused, preferring PTP to guess at their claims or simply respond to whatever claims Plaintiffs decide to add through motions. Plaintiffs continue to rely on cases addressing notice pleading to survive a motion to dismiss and refuse to address cases addressing unpled claims in summary judgment. (*Id.*; ECF356, PageID.12977) Plaintiffs note they cited *Razmus v. American Signature* – a summary judgment case – but ignore that it addressed a claim that <u>*was*</u> pled, while conceding theirs was not. (ECF 367, PageID.13669)

Fed. R. Civ. P. 54(c) is not a clean-up provision excusing Plaintiffs' sloppy pleadings. (ECF 367, PageID.13669) That rule addresses the *relief* a party may obtain by judgment – *e.g.*, damages. *See Abrams v. Nucor Steel Marion, Inc.*, 694 Fed. Appx. 974, 983-84 (6th Cir. 2017) (Rule 54(c) addresses "*type of relief*" available for pleaded claims but does not apply where party seeks relief for non-pled claims) (emphasis in original); *Rodriguez v. Doral Mortgage Corp.*, 557 F.3d 1168, 1172-73 (1st Cir. 1995) (Rule 54(c) does not remedy failure to plead legal theory). Plaintiffs have no excuse for refusing to plead their restaurant preemption claims.

## I. Plaintiffs make no MZEA claim.

PTP explained the flaws in Plaintiffs' MZEA theory. (ECF 356, PageID.12978-12980) Plaintiffs' discussion of cases establishing that municipal ordinance power is not limitless is non-responsive. (ECF 367, PageID.13669) The Court should deny Plaintiffs' MZEA claim because Plaintiffs fail to support it as an independent basis to invalidate challenged PTZO provisions.

## J. No relevant concessions support Plaintiffs' conflict preemption claims.

PTP debunked Plaintiffs' theory that statements by Mr. Manigold in deposition and Mr. Meihn at oral argument support their conflict theories. (ECF 356, PageID.12980-12982) In response, Plaintiffs try unsuccessfully to distinguish *Moskovic v. City of New Buffalo* (Jan. 13, 2023) by arguing the city attorney statement was not during a court hearing, and the city manager offered "only his own interpretation of an ordinance," without explaining its enforcement. (ECF 367, PageID.13670) The attorney statement was deposition testimony, presumably *more* credible than Mr. Meihn's ambiguous response at oral argument. (ECF 356-11, PageID.13104) And unlike Mr. Manigold – one of four witnesses offered by the Township to testify about challenged PTZO provisions[6] – the former city manager was the city's designated 30(b)(6) witness. *(Id.*, PageID.13105, n. 2) Plaintiffs neglect to mention *Moskovic* found the testimony of both irrelevant, for three reasons. First, the deponents could not make legal admissions because "[i]t is the Court's province and duty to say what the law is." (*Id.*, PageID.13105, citation omitted) Second, the city was not bound by any past practice related to zoning enforcement. (*Id.*, PageID.13106, 13111, citations omitted) Third, the deposition statements were not interpretations by entities lawfully charged to interpret the zoning ordinance. (*Id.*, PageID.13111)

---

[6] Mr. Haywood, Mr. Wunsch, and Mr. Parsons also testified about the challenged PTZO provisions. (ECF 183, PageID.6810)

These reasons apply verbatim here to justify disregard for Mr. Manigold's and Mr. Meihn's statements.

Plaintiffs say *Moskovic* recognized that "evidence of past practice of enforcing an ordinance are relevant," citing *Tuscola Wind III, LLC v. Almer Charter Twp.* and *Macena v. Michiana*. (ECF 367, PageID.13670) But they have *Moskovic* upside down – it <u>distinguished</u> *Tuscola* and *Macena* then <u>rejected</u> past practice evidence as non-relevant. (ECF 356-11, PageID.13111) That was because (a) the zoning ordinance was not ambiguous, (b) the evidence was not from entities authorized to interpret the ordinance, and (c) bare witness statements were "not evidence of an administrative construction of the zoning ordinance applied over an extended period of time." (*Id.* (quotations and citations omitted)). The same factors apply here to make Mr. Manigold's and Mr. Meihn's statements irrelevant to Plaintiffs' conflict preemption claims.

### III.     CONCLUSION

The Court should dismiss Plaintiffs' preemption claims and reject their request for costs, fees, and damages for the reasons discussed in PTP's cross-motion for summary judgment and above.

Respectfully submitted,

Date:     June 13, 2023                    By:     /s/ Tracy Jane Andrews
                                          Tracy Jane Andrews (P67467)
                                          Law Office of Tracy Jane Andrews, PLLC
                                          Attorney for Intervener
                                          420 East Front Street
                                          Traverse City, MI 49686
                                          (231) 946-0044
                                          tjandrews@envlaw.com

Date: June 13, 2023 By: /s/ Holly L. Hillyer
Holly L. Hillyer (P85318)
Olson, Bzdok & Howard, P.C.
Co-Counsel for Intervener
420 East Front Street
Traverse City, MI 49686
(231) 946-0044
holly@envlaw.com

## **CERTIFICATE OF SERVICE**

I, Tracy Jane Andrews, hereby certify that on the 13th day of June, 2023, I electronically

filed the foregoing document with the ECF system which will send a notification of such to all

parties of record.

By: /s/ Tracy Jane Andrews
Tracy Jane Andrews (P67467)

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.2(c)

This Brief complies with the word count limit of L. Ci. R. 7.2(c). This brief was written using Microsoft Word Office 365version and has a word count of 4,278 words.

Respectfully submitted,

Date:    June 13, 2023                By:    /s/ Tracy Jane Andrews
                                             Tracy Jane Andrews (P67467)
                                             Law Office of Tracy Jane Andrews, PLLC
                                             Attorney for Intervener
                                             420 East Front Street
                                             Traverse City, MI 49686
                                             (231) 946-0044
                                             tjandrews@envlaw.com

Date:    June 13, 2023                By:    /s/ Holly L. Hillyer
                                             Holly L. Hillyer (P85318)
                                             Olson, Bzdok & Howard, P.C.
                                             Co-Counsel for Intervener
                                             420 East Front Street
                                             Traverse City, MI 49686
                                             (231) 946-0044
                                             holly@envlaw.com