UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

WINERIES OF THE OLD MISSION
PENINSULA ASSOCIATION, *et al.*,

        Plaintiffs,

v.

PENINSULA TOWNSHIP, Michigan Municipal
Corporation,

        Defendant,

and

PROTECT THE PENINSULA,

        Intervenor-Defendant.

Case No: 1:20-cv-01008

Honorable Paul L. Maloney
Magistrate Judge Ray S. Kent

## ORDER

This matter is before the Court on Plaintiffs' Motion to Compel Discovery Responses and Brief in Support (ECF Nos. 346, 347). Protect the Peninsula ("PTP") has responded (ECF No. 364). The parties appeared at a hearing on June 8, 2023. The Court being fully advised in the premises, Plaintiffs' Motion to Compel Discovery Responses is **GRANTED IN PART** and **DENIED IN PART**:

Plaintiffs' motion with respect to Request to Produce #1 is **GRANTED IN PART**. PTP shall produce a list identifying PTP's current membership or submit an affidavit from its current president identifying PTP's current membership.

Plaintiffs' motion with respect to Request to Produce #2 is **GRANTED IN PART**. PTP shall identify PTP's membership since October 21, 2020 (i.e., the date the original complaint was filed in this lawsuit).

Plaintiffs' motion with respect to Request to Produce # 3 is **DENIED**.

Plaintiffs' motion with respect to Request to Produce # 4 is **GRANTED IN PART**. PTP shall perform an additional search for responsive documents and, once all responsive documents have been produced, shall submit an affidavit from its current president attesting to the fact that all responsive documents have been produced. To the extent that any responsive documents contain privileged information, PTP shall log that in a privilege log.

Plaintiffs' motion with respect to Requests to Produce # 5–15 is **GRANTED IN PART**. For Requests to Produce # 5–15, PTP must search text messages from each of its members for the period from October 21, 2020 (i.e., the date the original complaint was filed in this lawsuit) to the present for information about any claims or defenses (including PTP's affirmative defenses) in this lawsuit. For Requests to Produce # 11, 13, 14, and 15, PTP shall perform an additional search for responsive documents. Once all responsive documents have been produced, PTP shall submit an affidavit from its current president attesting to the fact that all responsive documents have been produced with respect to each individual request. To the extent that any responsive documents contain privileged information, PTP shall log that in a privilege log as ordered below.

Plaintiffs' motion with respect to Request to Produce # 13 is **GRANTED IN PART**. PTP shall log all privileged communications between its attorneys and Peninsula Township's attorneys since the joint defense agreement between Peninsula Township and Protect the Peninsula was signed.

Plaintiffs' motion with respect to Request to Produce # 22 is **GRANTED IN PART**. PTP shall produce documents showing the property interest of each of its members in Peninsula Township.

Plaintiffs' motion with respect to Request to Produce # 23 is **DENIED**.

Plaintiffs' motion with respect to Requests to Produce # 24 and 25 is **GRANTED IN PART**. PTP shall either present its sole farmer member (represented by counsel for PTP to be Barbara Wunsch) for a deposition to answer these discovery requests or produce the documents to Plaintiffs. If PTP chooses to produce documents, it may designate them according to the Protective Order at ECF No. 75. Plaintiffs may subsequently challenge any designations according to ECF No. 75.

Plaintiffs' motion with respect to Request to Produce #26 is **DENIED without prejudice**.

Plaintiffs' motion with respect to Interrogatories # 1, 4, 6, and 7 is **GRANTED**.

Plaintiffs' motion with respect to Interrogatories # 3, 5, and 8 is **DENIED**.

Plaintiffs' motion with respect to Interrogatory # 9 is **DENIED without prejudice**.

Plaintiffs' motion with respect to its request for PTP to produce a privilege log is **GRANTED**. PTP shall prepare a privilege log and deliver it to Plaintiffs. PTP has no obligation to log attorney-client privileged documents between its members and its attorneys since it filed its motion to intervene. However, if PTP is claiming privilege over any communications with Peninsula Township's attorneys, PTP must log all of those communications regardless of when they occurred.

**IT IS FUTHER ORDERED** that, to the extent Plaintiffs' discovery requests have been granted, PTP shall serve supplemental interrogatory responses by June 22, 2023 and comply with the rest of this Order by June 28, 2023.

**IT IS FURTHER ORDERED** that neither party is awarded costs or fees on this motion.

**IT IS SO ORDERED.**

Dated: June 20, 2023

/s/ Ray Kent
RAY S. KENT
United States Magistrate Judge

Stipulated as to form.

Dated: June 16, 2023

/s/ Joseph M. Infante
Joseph M. Infante (P68719)
Stephen M. Ragatzki  (P81952)
Christopher J. Gartman (P83286)
MILLER CANFIELD PADDOCK & STONE
99 Monroe Avenue, NW Suite 1200
Grand Rapids, MI 49503
616.454-8656
infante@millercanfield.com
**Counsel for Plaintiffs**

Dated: June 16, 2023

/s/ Tracy Jane Andrews (w/permission)
Tracy Jane Andrews (P67467)
LAW OFFICE OF TRACY JANE ANDREWS, PLLC
420 East Front Street
Traverse City, MI 49686
(231) 946-0044
tjandrews@envlaw.com
**Counsel for Intervenor-Defendant**

40790159.2/159392.00002