# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

WINERIES OF THE OLD MISSION
PENINSULA ASSOC. (WOMP), a Michigan
nonprofit corporation; BOWERS HARBOR
VINEYARD & WINERY, INC, a Michigan
corporation; BRYS WINERY, LC, a Michigan
corporation; CHATEAU GRAND TRAVERSE,
LTD, a Michigan corporation; CHATEAU
OPERATIONS, LTD, a Michigan corporation;
GRAPE HARBOR, INC, a Michigan corporation;
MONTAGUE DEVELOPMENT, LLC, a
Michigan limited liability company; OV THE
FARM, LLC, a Michigan limited liability
company; TABONE VINEYARDS, LLC, a
Michigan limited liability company; TWO LADS,
LLC, a Michigan limited liability company;
VILLA MARI, LLC, a Michigan limited liability
company; WINERY AT BLACK STAR FARMS,
LLC, a Michigan limited liability company;

   Plaintiffs,

v

PENINSULA TOWNSHIP, a Michigan municipal
corporation,

   Defendant,

and

PROTECT THE PENINSULA, INC.,

   Intervenor-Defendant.

_____

Case No. 1:20-cv-01008

HON. PAUL L. MALONEY
MAG. JUDGE RAY S. KENT

**PROTECT THE PENINSULA'S
OBJECTIONS TO
MAGISTRATE ORDER AND DECISION
ON PLAINTIFFS' MOTION TO COMPEL
DISCOVERY RESPONSES
(ECF 383)**

**<u>EXPEDITED CONSIDERATION
REQUESTED</u>**

Joseph M. Infante (P68719)
Christopher J. Gartman (P83286)
Stephen Michael Ragatzki (P81952)
*Miller, Canfield, Paddock*
Attorneys for Plaintiffs
99 Monroe Ave., NW, Suite 1200
Grand Rapids, MI 49503
(616) 776-6333
infante@millercanfield.com
gartman@millercanfield.com
ragatzki@millercanfield.com

Barry Kaltenbach
*Miller, Canfield, Paddock*
Attorneys for Plaintiffs
227 Monroe Street, Ste 3600
Chicago, IL 60606
(312) 460-4200
kaltenbach@millercanfield.com

Scott Robert Eldridge (P66452)
*Miller, Canfield, Paddock*
Attorneys for Plaintiffs
One E. Michigan Avenue, Ste 900
Lansing, MI 48933
(517) 487-2070
eldridge@millercanfield.com

Thomas J. McGraw (P48817)
Bogomir Rajsic, III (P79191)
*McGraw Morris, P.C.*
Attorneys for Defendant
2075 W. Big Beaver Road, Ste 750
Troy, MI 48084
(248) 502-4000
tmcgraw@mcgrawmorris.com
brajsic@mcgrawmorris.com

William K. Fahey (P27745)
John S. Brennan (P55431)
Christopher S. Patterson (P74350)
*Fahey Schultz Burzych Rhodes PLC*
Co-Counsel for Defendant
4151 Okemos Road
Okemos, MI 48864
(517) 381-0100
wfahey@fsbrlaw.com
jbrennan@fsbrlaw.com
cpatterson@fsbrlaw.com

Tracy Jane Andrews (P67467)
*Law Office of Tracy Jane Andrews, PLLC*
Attorneys for Intervenor-Defendant
420 East Front Street
Traverse City, MI 49686
(231) 946-0044
tjandrews@envlaw.com

Holly L. Hillyer (P85318)
*Olson, Bzdok & Howard, P.C.*
Co-Counsel for Intervenor-Defendant
420 East Front Street
Traverse City, MI 49686
(231) 946-0044
holly@envlaw.com

---

**PROTECT THE PENINSULA'S OBJECTIONS TO
MAGISTRATE ORDER AND DECISION ON PLAINTIFFS' MOTION TO COMPEL
DISCOVERY RESPONSES (ECF 383)**

**<u>EXPEDITED CONSIDERATION REQUESTED</u>**

1

## <u>PTP'S OBJECTIONS OF MAGISTRATE ORDER AND DECISION</u>

Intervenor-Defendant PROTECT THE PENINSULA, INC. (PTP), by and through its attorneys, LAW OFFICE OF TRACY JANE ANDREWS, PLLC and OLSON BZDOK AND HOWARD, P.C., under Fed. R. Civ. P. 72(a) and W.D. Mich. LCivR 72.3(a), objects to the Magistrate's June 8 decision and June 20 order on Plaintiffs' motion to compel discovery responses from PTP. (ECF 383) This motion is timely filed within 14 days of service of the order. Fed. R. Civ. P. 72(a).

As discussed in PTP's supporting brief, PTP objects to the Magistrate's finding that Plaintiffs are entitled to pursue discovery from PTP contrary to the Second Amended Case Management Order, including interrogatories and depositions. PTP also objects to the parts of the order permitting Plaintiffs to pursue discovery aimed at relitigating intervention, which is settled. And PTP objects to the order directing PTP to undertake new searches for irrelevant documents and log privileged attorney-client and work product communications about this litigation, which are not relevant to Plaintiffs' claims or PTP defenses.

PTP requests expedited consideration for two reasons. First, this will be largely moot if not expedited because the order requires compliance by **<u>June 28</u>**. (ECF 383, PageID.14127) Second, discovery closes **<u>July 21</u>**, giving PTP little time to prepare for depositions and complete its discovery – even before spending excessive time searching for non-relevant documents and preparing for depositions of PTP members. PTP has already spent over 100 hours responding comprehensively and in good faith to Plaintiffs' requests and motion to compel. There is no legitimate litigation benefit from PTP's exercise of looking for more non-relevant documents and preparing for PTP member depositions about their intervention interests.

PTP respectfully requests that the Court set aside the parts of the Magistrate's order that are clearly erroneous and contrary to law and the Second Amended Case Management Order as discussed below. PTP respectfully requests that this Court consider these objections on an expedited basis and stay the order to protect PTP members from further unauthorized and unwarranted discovery.

**BRIEF SUPPORTING PTP'S OBJECTIONS**

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................ 4

II.   BACKGROUND ................................................................................................. 5

    A.    After PTP intervened, discovery re-opened for a short time for PTP to gather information on particular issues. ........................................................................... 5

    B.    PTP objects to parts of the Magistrate June 8 decision and June 20 order. .................. 6

III.  LEGAL STANDARDS ........................................................................................ 8

IV.   ARGUMENT ...................................................................................................... 8

    A.    PTP appeals the decision and order permitting Plaintiffs to serve interrogatories and take PTP depositions contrary to the Second CMO. ................................................ 8

    B.    PTP appeals the parts of the order supporting Plaintiffs' effort to relitigate intervention through RFPs 22, 24, and 25. ................................................................ 10

    C.    PTP objects to the order directing PTP members to search for texts and more non-relevant communications about this lawsuit. .............................................................. 12

    D.    PTP objects to logging its non-relevant privileged attorney-client communications in this proceeding. .................................................................................................... 16

    E.    PTP objects to logging non-relevant privileged work-product communications between PTP and Township counsel about this litigation. ............................................ 16

V.    CONCLUSION ................................................................................................... 18

## EXHIBIT LIST

**Exhibit 1, Transcript of June 8, 2023, hearing[1]**

**Exhibit 2, June 20, 2023, email requesting PTP depositions**

**Exhibit 3, Plaintiffs' Requests for Production**

**Exhibit 4, PTP documents responding to RFPs # 5 and 7**

**Exhibit 5, PTP0001752-1758**

**Exhibit 6, PTP documents responding to RFP #15**

**Exhibit 7, Unpublished cases**

*Mishewal Wappo Tribe of Alexander Valley v. Salazar,* Case No. 12–17360 (N.D.Cal., Sept. 28, 2012)

*Gay-Lesbian-Bisexual-Transgender Pride/Twin Cities v Minneapolis Park & Rec. Bd.,* Case No. 10-2579 (D. Minn. April 4, 2011)

*Henry v. Casey,* Case No. 1:14-bk-10745-SDR (Bankr. ED Tenn, Mar. 12, 2019)

*First Horizon Nat. Corp. v. Certain Underwriters at Lloyd's,* Case No. 2:11–cv–02608–SHM–dkv (W.D. Tenn., Feb. 27, 2013)

*First Horizon Corp. V. Houston Cas. Co.,* Case No. No. 2:15-cv-2235-SHL-dkv (W.D. Tenn, Oct. 5, 2016)

## I.     INTRODUCTION

The Court should rein in Plaintiffs' ongoing attempts to relitigate intervention and waste party and judicial resources on discovery that is not relevant or proportional to the needs of this case. The Magistrate erred by failing to apply this Court's prior orders limiting the scope of present discovery and Rule 26 requirements limiting discovery to relevant matters proportional to the needs of the case. PTP objects accordingly.

---

[1] Also available at ECF 378.

## II.     BACKGROUND

### A.   <u>After PTP intervened, discovery re-opened for a short time for PTP to gather information on particular issues.</u>

Before PTP was granted intervention, Plaintiffs and the Township spent nearly a year in discovery. (ECF 72) After intervention and threshold motions on PTP post-intervention interests, the Court considered what schedule modifications were necessary for PTP to be heard. In its order on PTP's motion to amend the Case Management Order (CMO), the Court articulated what each party may do, and stated, "[c]onsidering the reasons why PTP has been permitted to intervene in this matter and how its intervention requires this case to move forward, the Court will (1) allow _PTP_ to conduct limited discovery." (ECF 301, PageID.10700) (emphasis added) Then under "**Limited Discovery**," the Court explained this post-intervention discovery phase:

> As for discovery that PTP seeks to pursue, such discovery will be limited to the issues that PTP has an interest in. That is, PTP may pursue discovery related to the nine issues that the Court indicated PTP has an interest in. And depending on the outcome of the Court's decision on the remaining three issues, PTP may be able to pursue discovery related to those issues. As the Court indicated in the previous subsection, after the Court explicitly determines the claims that PTP may defend against, the Court will order the parties to confer. After they confer and file a joint status report, the Court will issue an amended CMO.

(ECF 301, PageID.10704)

The Court issued the Second CMO on May 2. (ECF 343) After considering the parties' more liberal proposals (ECF 323), the Second CMO says _PTP_ may serve up to 25 interrogatories and take up to 12 depositions. It said interrogatories and depositions "will be limited as set forth in the table above" and "[t]here shall be no deviations from this order without prior approval of the court upon good cause." (ECF 343, PageID.12547) Plaintiffs did not object.

Before the Second CMO issued, Plaintiffs sent PTP 11 interrogatories, 45 requests for

production (RFPs),[2] and 37 requests to admit. (ECF 320, 321, 323) PTP responded comprehensively while objecting to requests contravening the just-issued Second CMO. (ECF 347-1). PTP supplemented its responses twice. (ECF 364-2, 384) Plaintiffs moved to compel May 12. (ECF 347) PTP responded May 26. (ECF 364) The Magistrate heard the motion June 8 and entered the order June 20. (ECF 378, 383)

### B.  PTP objects to parts of the Magistrate June 8 decision and June 20 order.

PTP appeals the Magistrate's order to supplement interrogatory responses (ECF 383, PageID 14127) and the June 8 decision (not reflected in the order) entitling Plaintiffs to depose PTP members (ECF 378, PageID.14090, "I'm allowing the plaintiffs to take depositions. I know you think they don't have that right and, you know, you obviously have potential remedies on that issue.") Since then, Plaintiffs requested to take 11 PTP member depositions before July 21. (**Ex 2**) PTP objects to these decisions because they are contrary to the Second CMO and the purpose of depositions is exploring PTP members' intervention affidavits.

PTP objects to five additional parts of the Magistrate order. While other parts require non-relevant and disproportionate discovery, PTP does not object because compliance is less onerous or adverse to PTP interests.

> [1] Plaintiffs' motion with respect to Requests to Produce # 5–15 is GRANTED IN PART. For Requests to Produce # 5–15, PTP must search text messages from each of its members for the period from October 21, 2020 (i.e., the date the original complaint was filed in this lawsuit) to the present for information about any claims or defenses (including PTP's affirmative defenses) in this lawsuit. For Requests to Produce # 11, 13, 14, and 15, PTP shall perform an additional search for responsive documents. …. (PageID.14126)

RFPs #5 to 14 seek communications between PTP members and attorneys and (a) other PTP

---

[2] Plaintiffs only sent 38 RFPs to the Township.

members, (b) Township personnel and attorneys, and (c) third parties that refer or relate to this lawsuit or a winery since this lawsuit began. (**Ex 3**) RFP #15 requests PTP communications with the public about the potential impacts of Plaintiffs' litigation success on the public and neighbors. (*Id.*) PTP searched extensively and found little of relevance. (*See, e.g.,* **Ex 4,** RFP #5, 7) PTP objects to further burdensome searching for non-relevant documents.

> [2] Plaintiffs' motion with respect to Request to Produce # 22 is GRANTED IN PART. PTP shall produce documents showing the property interest of each of its members in Peninsula Township.
>
> [3] Plaintiffs' motion with respect to Requests to Produce # 24 and 25 is GRANTED IN PART. PTP shall either present its sole farmer member (represented by counsel for PTP to be Barbara Wunsch) for a deposition to answer these discovery requests or produce the documents to Plaintiffs. …. (PageID.14126, 14127)

These address RFPs seeking documents about PTP member property interests and historic trucking and spraying. (**Ex 3**) PTP objects to further production of documents aimed at Plaintiffs' effort to re-litigate intervention.

> [4] Plaintiffs' motion with respect to Request to Produce # 13 is GRANTED IN PART. PTP shall log all privileged communications between its attorneys and Peninsula Township's attorneys since the joint defense agreement between Peninsula Township and Protect the Peninsula was signed.
>
> [5] Plaintiffs' motion with respect to its request for PTP to produce a privilege log is GRANTED. PTP shall prepare a privilege log and deliver it to Plaintiffs. PTP has no obligation to log attorney-client privileged documents between its members and its attorneys since it filed its motion to intervene. However, if PTP is claiming privilege over any communications with Peninsula Township's attorneys, PTP must log all of those communications regardless of when they occurred. (PageID.14126, 14127)

These obligate PTP to log its attorney-client communications after PTP retained undersigned counsel and before PTP moved to intervene. These also obligate PTP to log communications between PTP and Township attorneys related to this litigation after these defendants executed a joint defense agreement. PTP objects because these communications are not relevant to any claims

or defenses. PTP is willing to provide a log that identifies categories of documents rather than a comprehensive list of every communication exchanged.

## III.    LEGAL STANDARDS

Upon the timely filing of objections, a district court must modify or set aside any part of a magistrate's order that is clearly erroneous with respect to findings of fact or contrary to law with respect to legal conclusions. Fed. R. Civ. P. 72(a); *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993). A court "must exercise its independent judgment with respect to a Magistrate Judge's legal conclusions" and "may overturn any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd*, 19 F.3d 1432 (6th Cir. 1994) (citations and quotations omitted). Applicable precepts of law may also be found in prior decisions and orders within a case. *United States v. Todd*, 920 F.2d 399, 403 (6th Cir. 1990) ("Under the doctrine of the law of the case, a decision on an issue made by a court at one stage of a case should be given effect in successive stages of the same litigation.").

## IV.    ARGUMENT

### A.    PTP appeals the decision and order permitting Plaintiffs to serve interrogatories and take PTP depositions contrary to the Second CMO.

PTP objects to the Magistrate's decision and order permitting Plaintiffs to pursue interrogatories and depositions against PTP. (ECF 383, PageID. 14127; ECF 378, PageID.14104-14105, 14090) As discussed above, the Court stated *PTP* may conduct discovery into issues it has an interest in and issued the Second CMO limiting specifics and timeframe. (ECF 301, 3019, 343) The Court declined to reopen discovery for the original parties, which is reasonable because

8

their claims and defenses rise and fall on Township ordinances and actions and inactions of the Township and Plaintiffs, and they already completed discovery. There is also slim risk PTP could surprise Plaintiffs at trial; Rule 26(a) and PTP's disclosure obligations address that concern. The Second CMO is clear and unambiguous that Plaintiffs may not depose PTP member or serve interrogatories, absent good cause.

Notwithstanding the historic context of this case and the Court's prior orders, the Magistrate directed PTP to supplement its responses to four interrogatories by June 22, which PTP did.[3] (ECF 378, PageID.14052-14054; ECF 383, PageID.14127). The Magistrate further decided Plaintiffs may depose PTP members for up to 4 hours. (ECF 378, PageID.14090, 14104-14105) Here is the rationale:

> Judge Maloney's orders were silent on plaintiffs' ability to do discovery against your client. You interpret that as they don't get discovery. They interpret that as we get discovery because Judge Maloney was not silent as to the Township's ability to conduct discovery. He said no. I'm saying they get discovery.  I mean, it's a two-way street. It always is. I can't imagine a system where only one side gets discovery and the other doesn't. And you chose to enter the fray and so you'll be treated the same as everybody else has been treated and that is you're subject to discovery.

(*Id.,* PageID.14052)

While the Magistrate's reasoning about two-way discovery is reasonable in typical cases, this case is unusual. Plaintiffs got full discovery and were prepared to go to trial on their claims and the Township's defenses before the Sixth Circuit decided PTP intervention. Moreover, this Court's orders were not silent on who may serve interrogatories and take depositions – *PTP* may do so. (ECF 343, PageID.12547) The Court determined what is ripe and not for discovery and motions. (ECF 301, PageID.10697-10690; ECF 319, PageID.11881-11882) The Court did so

---

[3] PTP's compliance does not moot this relief as an order addressing PTP's appeal in PTP's favor may prevent further unnecessary arguments over the sufficiency of PTP responses.

after considering Plaintiffs' repeated insistence that PTP has nothing relevant to say in this case. (*Id.;* ECF 46, 60, 183, 234, 256, 275, 294, 310, 311) The Court should overturn the parts of the order and decision allowing Plaintiffs to serve interrogatories and take PTP depositions because they are contrary to the Second CMO and prior orders in this case. They are also disproportionate relative to the needs of this case. Fed. R. Civ. P. 26(b)(1).

PTP further objects because Plaintiffs made clear they intend to depose PTP members about their intervention interests and affidavits. At the hearing, Plaintiffs' counsel repeatedly addressed his "need" to understand issues PTP members addressed in affidavits supporting their intervention interests. (ECF 378, PageID.14081-14082, 14084-14086, 14088) As discussed below, rehashing PTP intervention is of no value to the ripe litigation issues.

  B. <u>**PTP appeals the parts of the order supporting Plaintiffs' effort to relitigate intervention through RFPs 22, 24, and 25.**</u>

PTP appeals the parts of the Magistrate order addressing RFPs 22, 24, and 25, which seek documents aimed at revisiting PTP members' intervention interests – property, trucking, and pesticide spraying records. (ECF 383, PageID.14126, 14127; **Ex 3**) Plaintiffs want to probe the basis for PTP members' interests outlined in affidavits supporting intervention. (ECF 347, PageID.12571-12573) Plaintiffs assert they need this information because they "may challenge intervention again." (ECF 347, PageID.12575-12577) At the June 8 hearing, Plaintiffs' attorney insisted on revisiting intervention affidavits (ECF 378, PageID.14081-14082, 14084-14086, 14088) and said that, if PTP and the Township have a joint defense agreement, "then I'll move to have their intervention dismissed." (*Id*, PageID.14072)

PTP intervention is decided and nothing has changed. PTP members attested to their interests in the subject matter of this litigation, which the Sixth Circuit recognized in granting PTP

intervention. *Wineries of the Old Mission Peninsula Ass'n v. Peninsula Twp,* 41 F.4th 767, 772 (6th Cir. 2022). PTP members then attested to their interests in particular issues for post-intervention litigation purposes. (ECF 305-2 to 305-6) The Court disregarded those affidavits in ruling on PTP's interests, relying instead on briefing. (ECF 319, PageID.11882, n. 2) Plaintiffs now want to fish for evidence to challenge the veracity of statements by PTP members in their affidavits. (ECF 378, PageID.14081-14082). Plaintiffs even want to challenge whether PTP members who were *not* affiants have property interests in the Township. (ECF 378, PageID.14080-14082)

In support of their argument that "intervention is not settled," Plaintiffs cited cases ending intervention where pleading amendments or other changes mooted intervener's interests. (ECF 347, PageID.12576) *See Coalition to Defend Affirmative Action v. Regents of Univ. of Mich.,* 539 F.Supp.2d 960, 968 (E.D. Mich 2008) (intervention in affirmative action litigation ended after admission denied for undisputedly legitimate reasons); *Morgan v. McDonough,* 726 F.3d 11, 14 (1st Cir. 1984) (intervention in school desegregation case dismissed after school abandoned anti-desegregation stance and formed new representative committee); *Mishewal Wappo Tribe of Alexander Valley v. Salazar,* Case No. 12–17360 (N.D.Cal., Sept. 28, 2012) (intervention interests nullified after complaint amended); *Gay-Lesbian-Bisexual-Transgender Pride/Twin Cities v. Minneapolis Park & Rec. Bd,* Case No. 10-2579 (D. Minn. April 4, 2011) (intervention revoked after complaint amended and interest dissolved; "While a rare action, courts have been known to revoke intervenor status, and dismiss a defendant from a case who had been allowed to intervene, when the underlying circumstances of a case had changed.") So long as Plaintiffs seek to invalidate zoning, PTP's interests in the subject matter of this litigation remain unchanged. *Henry v. Casey,* Case No. 1:14-bk-10745-SDR (Bankr. E.D. Tenn. Mar. 12, 2019) (no basis to reconsider

intervention absent change in factual or legal basis for intervention). There is nothing Plaintiffs might learn through this discovery that would support terminating PTP intervention.

Plaintiffs contrive arguments that they need historic trucking and spraying records to rebut PTP defenses, suggesting PTP members "put their farming interests at issue when they submitted affidavits" supporting intervention. (ECF 347, PageID.12571-12572) But intervention is not a claim or defense of any party and thus outside the scope of discovery. Fed. R. Civ. P. 26(b)(1). Plaintiffs have not shown that PTP property, trucking, or spraying records are important to resolving Plaintiffs' claims or PTP defenses. The Court should reject Plaintiffs' attempt to continue relitigating intervention instead of the ripe issues.

### C.  PTP objects to the order directing PTP members to search for texts and more non-relevant communications about this lawsuit.

PTP objects to the order addressing RFPs #5 to 12 and 15.[4] (ECF 383, PageID.14126) It requires PTP members to search for more communications about this lawsuit and to search texts for information Plaintiffs never requested in these RFPs.

First, to be clear, all identified PTP members already searched extensively for communications about the lawsuit and wineries since this lawsuit began, and PTP produced the few non-privileged responsive emails. (ECF 364-2, PageID.13339-13348; ECF 364-3; **Ex 4**) The reason there are few responsive, non-privileged communications is obvious: Plaintiffs requested communications about litigation from represented litigants.

Second, discovery must be relevant to claims or defenses and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Relevance means making a consequential fact more or less probable. Fed. R. Evid. 401. Plaintiffs did not establish how PTP communications about this

---

[4] RFPs 13 and 14 are directed to PTP attorneys and addressed in Section D, below.

lawsuit are relevant to their claims that zoning provisions are preempted or unconstitutional nor to PTP defenses, including that Plaintiffs lack standing, waived their claims, are estopped to bring them, and waited too long to sue. Plaintiffs insist the communications relate to PTP's "private nuisance action." (ECF 347, PageID.12572) But there is no nuisance action; PTP seeks to maintain *current* zoning to avoid *future* nuisances. The relevant documents in this case are mainly Plaintiffs' and the Township's, not PTP's.

Third, even relevant information may not be discoverable if the discovery is not proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Proportionality weighs heavily against Plaintiffs' requests. Contemporary PTP texts and emails about the lawsuit and wineries have no role in resolving the claims and defenses. PTP already searched and produced few responsive documents; the burden of scouring harder outweighs whatever marginal benefit it might produce.

### *(1) Texts*

Plaintiffs challenged PTP's search for RFPs #5 to 15 because it did not seek texts. (ECF 347, PageID.12573). PTP spent over 60 hours searching for *emails* that resulted in extremely few responsive documents with extremely attenuated relevance to this case. (ECF 364, PageID.13311; **Ex 4, 5, 6**) PTP reasonably concluded texts would be even more labor-intensive and less fruitful. Noting neither Plaintiffs nor the Township produced texts in discovery, PTP followed suit.

The Magistrate order recognizes that Plaintiffs' requests seek irrelevant information. Instead of declining to compel their production, it re-writes Plaintiffs' requests and compels PTP to search "for text message[s] from each of [PTP's] members [from October 21, 2020, to the present] for information about any claims or defenses (including PTP's affirmative defenses) in

this lawsuit.") (ECF 383, PageID.14126) This is a new and different request. It is unclear how to effectively search PTP texts for information "about . . . claims or defenses" that are principally about Plaintiffs' and Township activities. Moreover, it is unclear what bearing post-litigation PTP member texts have on the constitutionality of zoning or PTP defenses.

The Magistrate clearly erred by rewriting Plaintiffs' RFPs and ordering PTP members to conduct an overbroad search for texts with marginal if any relevance. The Magistrate erred further by ordering a disproportionately burdensome search, considering the claims and defenses in this case, the limited timeframe and scope of present discovery, and the needs of the case. Fed. R. Civ. P. 26(b)(1). Finally, the order contravenes prior orders limiting discovery. (ECF 301, 319, 343)

(2) _Re-do search for RFP 11:_

At the June 8 hearing, Plaintiffs complained that search instructions to PTP members, while broad and inclusive, did not specifically identify RFP 11 (communications to Township attorneys about wineries since the lawsuit began). (ECF 364-3, ECF 378, PageID.14067) PTP produced an affidavit describing PTP's search, acknowledging RFP 11 was inadvertently not replicated in the instruction letter, and attesting the search terms and search for RPFs #10 (communications to Township officials about wineries since the lawsuit began) and 12 (communications with any third party about any winery since the lawsuit began) would have captured documents responsive to RFP 11. (ECF 364-3, PageID.13375) PTP members also scoured emails to Township attorneys related to the lawsuit under RFP 8. PTP produced the handful of responsive emails; they are irrelevant to any claim or defense. (_See_ **Ex 5**)

The order requires PTP members to search again for RFP 11. (ECF 383, PageID.14126) This is contrary to this Court's prior orders limiting the scope of this phase of discovery. (ECF

301, 319, 343) The Court reopened discovery for PTP to develop its record on particular ripe issues. Plaintiffs' initial request exceeded what the Court permitted when it reopened discovery; requiring PTP to conduct another search for non-responsive documents goes even further. Moreover, the Magistrate erred in directing PTP to conduct an excessively burdensome text search without considering the slight relevance of the information relative to the needs of the case at this stage. Fed. R. Civ. P. 26(b)(1).

*(3) Re-do search for RFP 15:*

Plaintiffs complained PTP members did not search for documents responsive to RFP #15, and the Magistrate ordered PTP to search again. (ECF 378, PageID.14067; ECF 383, PageID.14126) This RFP seeks communications between PTP and any member of the public regarding how "Plaintiff's intended engagement in commercial activity in the A-1 Agricultural district without the limitation established by the challenged zoning provisions would be injurious to the public and the surrounding land uses, and therefore would constitute public nuisances in fact and per se." (ECF 364-2, PageID.13347) PTP objected because this is overbroad and vague, but produced what it understood Plaintiffs seek – *i.e.*, PTP newsletters, press releases, and public communications about PTP concerns about the lawsuit. (**Ex 6**).

The Magistrate did not address the relevance of this request nor indicate PTP's search was inadequate but ordered PTP to search again. The order is contrary to law because PTP publicity documents about this case are not relevant to any claims or defenses, and ordering PTP to search again for more publicity documents is disproportionate to the needs of this case. Fed. R. Civ. P. 26(b)(1). It also exceeds this Court's prior orders reopening discovery for limited purposes. (ECF 301, 319, 343)

### D. PTP objects to logging its non-relevant privileged attorney-client communications in this proceeding.

Regarding PTP attorney-client communications about this lawsuit, the order provides, "PTP has no obligation to log attorney-client privileged documents between its members and its attorneys <u>since it filed its motion to intervene</u>." (ECF 383, PageID.14127, emphasis added) PTP retained counsel immediately after Plaintiffs filed this case. (ECF 364-6) There is no practical reason for PTP to log attorney-client communications between when Plaintiffs sued (October 21, 2020), and PTP moved to intervene (February 16, 2021). The Magistrate initially agreed, stated, "Once you were hired as counsel and had an attorney-client relationship with PTP, then I would say -- and it obviously related to the subject matter of the litigation, that those communications would be privileged," but then accepted Plaintiffs' proposal to delay the logging respite until PTP intervened (ECF 378, PageID.14070)

This order is contrary to law. PTP attorney-client correspondence about this litigation does not bear on zoning lawfulness or PTP defenses, and there is no obligation to log non-relevant documents. Fed. R. Civ. P. 26(b)(5)(A) (logging applies when withholding "information otherwise discoverable"). Moreover, logging non-relevant privileged correspondence would be burdensome and disproportionate to the needs of this case. Fed. R. Civ. P. 26(b)(1).

### E. PTP objects to logging non-relevant privileged work-product communications between PTP and Township counsel about this litigation.

RFPs #13 and 14 seek communications between PTP and Township attorneys relating to this lawsuit or any winery since this lawsuit. (ECF 364-2, PageID.13346-13347) The Magistrate ordered PTP to log "all privileged communications between its attorneys and Peninsula Township's attorneys since the joint defense agreement between Peninsula Township and Protect

16

the Peninsula was signed," and "all of those communications regardless of when they occurred." (ECF 383, PageID.14126, 14127) PTP objects to logging communications with Township attorneys that are attorney work-product related to this litigation after the joint defense agreement was signed.

First, Plaintiffs requested discovery and a log of material that is not relevant so not discoverable. This case is about the lawfulness of zoning adopted decades ago. Communications among defense counsel after Plaintiffs filed suit about the suit does not tend to make any fact of consequence regarding whether zoning is preempted or constitutional more or less probable. Plaintiffs need not assess whether there are communications not covered by privilege included in the log (*e.g.*, communications with non-attorneys) because RFPs #13 and 14 (and, therefore, any log regarding them) seeks **only** attorney communications.

Relatedly, to the extent Plaintiffs seek these communications and the log to attack PTP intervention, that is not relevant to any claims or defenses. Plaintiffs' counsel conceded that attacking intervention is a goal in obtaining these communications. In response to PTP's counsel noting that the Township and PTP have common interests, Plaintiffs' counsel asserted that, "If that's the case, then I'll move to have their intervention dismissed because one of the intervention factors is that the Township is unable to represent their interest because they don't share an interest." (ECF No. 378, PageID.14072). Plaintiffs' counsel misstates the law. Moreover, the Sixth Circuit recognized the common interests and concluded the Township inadequately represents PTP. *WOMP I,* 41 F.4th at 774-77. And, again, intervention is settled.

Rule 26(b)(1) also requires tailoring discovery proportionately to the needs of the case. Communications among defense counsel about the lawsuit under a joint defense agreement offer no value in terms of relevant evidence – they cannot help resolve disputed issues, while the

burden of logging those communications is substantial and could reveal legal strategies.

Finally the log itself may reveal aspects of PTP's defense strategy. In fact, given its non-relevance to claims or defenses and the nature of these work-product communications, that is potentially the *only* thing a privilege log would reveal. Undoubtedly that is what Plaintiffs want.

The order requiring PTP to log non-relevant communications between counsel subject to a joint defense agreement is thus contrary to law. Fed. R. Civ. P. 26(b)(1), 26(b)(5)(A). At most, PTP should be required to produce a categorical privilege log. Categorical logs are permitted when a document-by-document log "would be unduly burdensome or when 'the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing whether the privilege claim is well grounded.' *First Horizon Nat. Corp. v. Houston Cas. Co.*, Case No. 2:15-cv-2235-SHL-dkv (W.D. Tenn., Oct. 5, 2016) (quoting *S.E.C. v. Thrasher*, No. 92 CIV. 6987 (JFK) (S.D.N.Y. Mar. 20, 1996)); *see also First Horizon Corp. v. Certain Underwriters at Lloyd's*, Case No. 2:11–cv–02608–SHM–dkv (W.D. Tenn., Feb. 27, 2013) (permitting use of categorical privilege log because documents involved were of marginal probative value). Requiring PTP to produce a document-by-document log would be unduly burdensome and the information sought from a more detailed log would provide no probative (but potentially ample unfair strategic) benefit to Plaintiffs.

## V.    CONCLUSION

PTP requests the Court overturn those parts of the Magistrate's order and decision objected to above and award PTP its expenses including attorney fees incurred in bringing these objections.

Respectfully submitted,

Date: June 22, 2023                    By: _____

Tracy Jane Andrews (P67467)
Law Office of Tracy Jane Andrews, PLLC
Attorney for Intervener
420 East Front Street
Traverse City, MI 49686
(231) 946-0044
tjandrews@envlaw.com

Date: June 22, 2023                    By: _____

Holly L. Hillyer (P83318)
Olson, Bzdok & Howard, P.C.
Co-Counsel for Intervener
420 East Front Street
Traverse City, MI 49686
(231) 946-0044
holly@envlaw.com

## **CERTIFICATE OF SERVICE**

I, Tracy Jane Andrews, hereby certify that on the 22nd day of June, 2023, I electronically

filed the foregoing document with the ECF system which will send a notification of such to all

parties of record.

By: _____

Tracy Jane Andrews (P67467)

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.3(b)(i)</u>

This Brief complies with the word count limit of L. Ci. R. 7.3(b)(i). This brief was

written using Microsoft Word Office 365 and has a word count of 4,298 words.

Respectfully submitted,

Date: June 22, 2023              By: _____

Tracy Jane Andrews (P67467)
Law Office of Tracy Jane Andrews, PLLC
Attorney for Intervener
420 East Front Street
Traverse City, MI 49686
(231) 946-0044
tjandrews@envlaw.com

Date: June 22, 2023              By: _____

Holly L. Hillyer (P83318)
Olson, Bzdok & Howard, P.C.
Co-Counsel for Intervener
420 East Front Street
Traverse City, MI 49686
(231) 946-0044
holly@envlaw.com