UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WINERIES OF THE OLD MISSION PENINSULA ASSOCIATION, *et al.*, | ) ) |
| Plaintiffs, | ) |
| | ) |
| -v- | ) |
| | ) |
| PENINSULA TOWNSHIP, | ) |
| Defendant, | ) |
| | ) |
| and | ) |
| | ) |
| PROTECT THE PENINSULA, INC., | ) |
| Intervenor-Defendant. | ) |

No. 1:20-cv-1008

Honorable Paul L. Maloney

## OPINION AND ORDER DENYING MOTION TO INTERVENE

This matter is before the Court on non-party movant the Michigan Township Participating Plan's ("MTPP") motion to intervene "for the limited purpose of disqualifying counsel for plaintiffs" (ECF No. 357). The Court heard oral argument on the motion on June 15, 2023. Because MTPP did not move to intervene pursuant to Fed. R. Civ. P. 24 in its motion—and essentially conceded in its motion that it cannot meet the four intervention elements under Rule 24—the Court will deny the motion, despite MTPP arguing the four elements at the motion hearing. In the Court's judgment, any argument under Rule 24 is waived. In any event, even if the Court analyzed MTPP's motion to intervene under Rule 24, the Court finds that MTPP would fail to meet the four intervention elements. The Court will deny MTPP's motion to intervene.

# I.      Facts[1]

Plaintiffs, the Wineries of the Old Mission Peninsula Association and eleven individual wineries that make up this association (collectively, "the Wineries"), have been represented by attorneys at Miller Canfield Paddock & Stone PLC ("Miller Canfield") since the commencement of this litigation. Mr. Joseph Infante of Miller Canfield has been the lead attorney for the Wineries throughout the entirety of this lawsuit. Long before commencing the instant action, Miller Canfield represented MTPP. Although MTPP claims that Miller Canfield served as its general counsel for thirty-eight years (ECF No. 357 at PageID.13120), an engagement letter provided by Mr. Infante explicitly states that Miller Canfield did *not* serve as MTPP's general counsel (*see* ECF No. 370 at PageID.13847) ("Because [Miller Canfield is] not [MTPP's] general counsel, our acceptance of this engagement is not an undertaking to represent [MTPP] or its interests in any other matter"). Defendant Peninsula Township ("the Township") describes MTPP as "a membership organization comprised of over 1,000 municipal members, primarily townships. [MTPP] members, among other membership benefits, obtain their insurance, risk management training, and participate in a dividend program depending on years of profitability." (ECF No. 329 at PageID.11962). At the motion hearing, counsel for MTPP described the MTPP as a "quasi-governmental entity" or "co-op"—not an insurance company—that townships become a part of and seek out insurance companies for coverage. Counsel asserted that the MTPP generates income based

---

[1] The facts section is largely taken from the Court's order denying Peninsula Township's motion to stay (ECF No. 342), but many of the facts are repeated in this opinion for clarity and completeness of the record.

on the number of participants in the plan and the insurance claims paid/not paid to the plan participants.

MTPP contends that "Defendant Peninsula Township obtained its insurance coverage through MTPP from April 1, 1986, to July 21, 2014" (ECF No. 357 at PageID.13120). However, it is unclear what the terms of this so-called insurance policy are—and whether the MTPP policy would even insure some of the damages sought in this case—because neither the Township nor MTPP has filed a copy of the insurance policy or provided a copy to the Wineries (*see* ECF No. 370 at PageID.13847).[2] On the other hand, the Wineries assert that MTPP "is not an insurer" (*Id.* at PageID.13835). According to MTPP's publicly available June 2021 Financial Report, U.S. Specialty Insurance issued a "master policy" to MTPP (ECF No. 370-1 at PageID.13866). It appears that U.S. Specialty Insurance, not MTPP, would have been the Township's insurer during the relevant time period: "The powers, duties and the described activities of the [MTPP] are not intended to constitute the issuance of a policy of insurance" (*Id.*). At the motion hearing, MTPP conceded for the first time that it is not an insurance company and that it merely "brings townships to an insurance company," but it still has not provided the Court with a copy of any insurance policy that the Township allegedly received from an actual insurance company through the MTPP. At best, it is still unclear whether the Township was indirectly insured for general liability coverage through the MTPP and whether the MTPP itself would be responsible for paying any of the Township's damages in this lawsuit.

---

[2] The Township has filed the insurance declarations page (ECF No. 341), but not the policy itself.

In January 2023, the Township hired another new attorney, Mr. Thomas McGraw. Mr. McGraw contends that he was aware of Miller Canfield's relationship with MTPP and inquired into whether there existed a potential conflict of interest due to Miller Canfield's representation of both the Wineries in this matter, as well as its general representation of MTPP (*see* ECF No. 329 at PageID.11963). Curiously, Mr. McGraw did not contact Mr. Infante or another attorney representing the Wineries; rather, he called an associate attorney, Ms. Ashley Higginson, who represented MTPP (*Id.*). Mr. Infante then called Mr. McGraw to seek further information, and during that phone call, the Township "refused to provide information related to the alleged conflict" to Mr. Infante (ECF No. 336 at PageID.12259). Following the phone conversation, Mr. McGraw sent a letter to Ms. Higginson and copied Mr. Infante explaining that (1) the Township "was insured through" MTPP for at least the 2013-2014 policy period; (2) Miller Canfield has been general counsel to MTPP for the past 20-30 years; and (3) "To the extent that Miller Canfield is suing Peninsula Township, regarding alleged actions that occurred when the Township was insured through MTPP (prior to the policy expiration in 2014), there is the potential that a conflict of interest exists" (ECF No. 329-1 at PageID.11976). Mr. McGraw concluded that, "I do believe that the MTPP should be formally notified, by Miller Canfield, of the existence of this lawsuit and the specifics of the claims asserted against Peninsula Township. This would give the MTPP the opportunity to review the issue if they so choose." (*Id.*).

Mr. Infante responded to the letter via email asking for a copy of the insurance policy (ECF No. 329-3 at PageID.11982). Mr. McGraw did not provide the policy, and he instead noted that "you likely did not get the information you mention [the insurance policy] from

prior counsel during discovery because, as you have indicated many times, you are only seeking damages from 2016 forward, when the Township was not insured through the MTPP" (*Id.* at PageID.329-3).

At that point, Miller Canfield's general counsel, Ms. Soni Mithani, became involved. On January 27, 2023, Ms. Mithani emailed Ms. Linda Preston, the Chair of the Board for MTPP, explaining Peninsula Township's inquiry into the alleged conflict (ECF No. 329-4 at PageID.11985). Specifically, Ms. Mithani explained that "MTPP is not a party to [the Wineries'] litigation"; that MTPP would not be responsible for any potential damages in the Wineries' case because the Wineries are only seeking damages for a period after 2016 and because "MTPP is not an insurer and has ceded risk to traditional coverage"; and that Miller Canfield did not believe a conflict existed because it "did not see how MTPP could be involved in or responsible for this matter in any way" (*Id.*). Nevertheless, "out of an abundance of caution," Ms. Mithani requested that Ms. Preston contact her back so that Miller Canfield could "get [MTPP's] confirmation that [Miller Canfield's] understanding of the facts . . . is correct" (*Id.*).

On February 3, 2023, Ms. Preston responded that MTPP was "in the process of reviewing the matter" (ECF No. 329-5 at PageID.11989). A few days later, on February 7, after hearing nothing further from Ms. Preston, Ms. Mithani emailed Ms. Preston again asking for a response to her original email and questions (ECF No. 329-6). Ms. Mithani stated that, although Miller Canfield did "not believe there is a conflict," she would "have to analyze this matter as if MTPP believes there is a conflict and go from there" and determine

whether "MTPP is willing to waive the conflict" (*Id.* at PageID.11991). She also asked Ms. Preston for "any additional information that [Miller Canfield did] not have" (*Id.*).

On February 9, 2023, a woman named Jennifer Venema,[3] who is the "MTPP Administrator at Tokio Marine HCC" sent an email to Ms. Mithani "on the [sic] behalf of Linda Preston" (ECF No. 329-7). The email stated that MTPP did not understand the situation, asked whether Miller Canfield had done a conflicts check, stated that Ms. Higginson was MTPP's general counsel, and asked for "a formal legal opinion" that MTPP would "never be responsible for any money, damages, or anything associated with" the Wineries' litigation against the Township (*Id.* at PageID.11993). In response, on February 13, 2023, Ms. Mithani responded that she could not communicate with Ms. Venema because Tokio Marine is not a client of Miller Canfield (ECF No. 329-8).

Later that day, Ms. Mithani sent Ms. Preston a letter, explaining that, "over the past two weeks, the firm has attempted to obtain additional information from you regarding a claim [of the potential conflict of interest] made in late January 2023 by an attorney for Peninsula Township" (ECF No. 329-9 at PageID.11997). The letter continued, "MTPP is not a party to [the Wineries' case against Peninsula Township]" and that none of Miller Canfield's work for MTPP is related to the Wineries litigation (*Id.*). Thus, Miller Canfield believed there was no conflict of interest (*Id.*). However, Ms. Mithani further explained,

> [O]n January 27, 2023, [Miller Canfield] specifically asked [MTPP] to confirm certain facts, which, as we understand them, support our conclusion that no such conflict of interest exists. We never received a response from MTPP, and

---

[3] In an affidavit, Ms. Venema asserts that she is employed by Tokio Marine HCC – Public Risk Group ("TMHCC"), the plan administrator for the MTPP (ECF No. 357-3 at PageID.13134). She further claims that TMHCC assigned her the position of "Risk Control Field Representative and Plan Administrator . . . to oversee the MTPP plan's day to day operations" (*Id.* at PageID.13135).

[Ms. Preston] ha[s] not contacted [Ms. Mithani] to arrange a time to discuss this matter further. . . .

MTPP's continued failure to respond to our request to verify certain facts as we understand them leaves us unable to confirm our analysis that there is no conflict between MTPP and our clients in the litigation against Peninsula Township. Again, we believe there never was and there currently is no conflict of interest, especially since MTPP is not a party to that litigation and is not an insurer. But, because MTPP cannot (or will not) verify out understanding of the facts, out of an abundance of caution, we have no choice but to now proceed as if there is *now* a conflict of interest, again, due solely to our inability to obtain MTPP's verification of the facts that we believe demonstrate that no conflict of interest exists.

(*Id.*).

MTPP has now obtained counsel to raise the potential conflict with the Court. MTPP moved to intervene in this case "for the limited purpose of disqualifying counsel for Plaintiffs" (ECF No. 357). MTPP has also filed a motion to disqualify Plaintiffs' counsel (ECF No. 358), which the Court is holding in abeyance pending the resolution of the motion to intervene.

But this is not all to the story. If, as the Township asserts, MTPP would be responsible for paying some of the Wineries' damages, the Township appears to be in violation of Judge Kent's order compelling Peninsula Township to produce "a copy of any insurance policy covering Peninsula Township's litigation expenses in this Lawsuit" (ECF Nos. 94; 336-1 at PageID.12279).

In March 2021, the Township served its initial disclosures, in which it stated, "To date, [the Township] is not aware of any applicable insurance policies to disclose at this time" (ECF No. 336-4 at PageID.12380). On June 22, 2021, the Wineries served their second set

of requests for production of documents, and in Request for Production Number 22, they asked the Township to provide "a copy of any insurance policy covering Peninsula Township's litigation expenses in this Lawsuit" (ECF No. 336-1 at PageID.12279). The Township objected to that request, arguing that "The documents sought by this request are, in part, inadmissible under Fed. R. Evid. 411 and associated caselaw. Furthermore, the documents sought by this request are not relevant to any party's claim or defense in this matter. Without waiving said objections and subject to the same, the Township has requested a copy of any potentially applicable policy." (ECF No. 336-2 at PageID.12286).

On August 17, 2021, Mr. Infante sent then-counsel for the Township a letter detailing the deficiencies in the Township's objection (ECF No. 336-3 at PageID.12366). After receiving no response, the Wineries filed a motion to compel (ECF No. 83). On September 28, 2021, Judge Kent granted the Wineries' motion with respect to the production of the Township's insurance policies and directed the Township to "produce any policy of insurance responsive to Request to Produce No. 22" (ECF No. 94). On October 12, 2021, Peninsula Township produced an insurance policy between the Township and Argonaut Insurance Company with a policy period commencing on July 1, 2014 (ECF No. 336-9). It did not produce any other policies, nor identify that the alleged MTPP policy even existed.

## II.    Law

Rule 24 of the Federal Rules of Civil Procedure governs intervention. Subpart (a) authorizes for intervention as of right, which requires a court to allow intervention when either of two situations exist: (1) the party is given an unconditional right to intervene by a federal statute, or (2) the party claims an interest in the property or transaction that is the

subject of the lawsuit and resolution of the matter would impair or impede the party's ability to protect his or her interest. Fed. R. Civ. P. 24(a). To intervene under Rule 24(a)(2), the intervenor must establish four elements: "(1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court." *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997). The party requesting intervention bears the burden of proving each element and "failure to meet one of the criteria will require that the motion to intervene be denied." *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989).

Subpart (b) of Rule 24 authorizes permissive intervention, where a court may permit a party to intervene when either (1) the party is given a conditional right to intervene by a federal statute, or (2) when the party has a claim or defense that shares a common question of law or fact with the main action. Fed. R. Civ. P. 24(b). Decisions to grant or deny intervention under subpart (b) fall within the Court's discretion. *Coal. to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 784 (6th Cir. 2007).

Finally, under subpart (c) of Rule 24, a motion to intervene must be "accompanied by a pleading that sets out the claim or defense for which intervention is sought." However, the Sixth Circuit has taken a lenient approach to this rule, holding that a proposed-intervenor's failure to attach a pleading is not grounds to deny the motion to intervene if the motion itself asserts the claim or defense for which intervention is sought. *See Providence Baptist Church v. Hillandale Comm. Ltd.*, 425 F.3d 309, 314-15 (6th Cir. 2005).

### III.    Analysis

### A.  Damages Period

The "sole reason" MTPP seeks to intervene in this matter is to assert the alleged conflict of interest regarding Miller Canfield representing the Wineries in this case as well as representing MTPP from around 1985 to February 2023 (ECF No. 357 at PageID.13120). MTPP claims that the Wineries are seeking damages for a fifty-one-year time period, but it is entirely unclear where this number is derived from. If the Wineries are seeking damages to cover acts during the time period in which the Township was a member of the MTPP, from 1986 to 2014, MTPP claims there is a conflict in the Wineries receiving damages stemming from this time period if the MTPP will be responsible for paying them.

In response, the Wineries contend that their "monetary damage claim does not extend back to 2014 (let alone 51 years)" (ECF No. 370 at PageID.13846). The Wineries assert that they are bound by Michigan's three-year statute of limitations for injuries to persons or property, which is applicable in this § 1983 civil rights/personal injury action. *See* Mich. Comp. Laws § 600.5805(2) ("Except as otherwise provided in this section, the period of limitations is 3 years after the time of the death or injury for all actions to recover damages for the death of a person or for injury to a person or property."); *see also Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986) ("In all actions brought under § 1983 alleging a violation of civil rights or personal injuries, the state statute of limitations governing actions for personal injuries is to be applied."). Therefore, because the Wineries filed this lawsuit on October 21, 2020, the Wineries claim they may only seek damages back to October 21, 2017 (ECF No. 370 at PageID.13846). Given that there appears to be no legal basis for the

Wineries to receive damages stemming from the period during which the Township was allegedly covered by the MTPP policy, MTPP has no basis to intervene in this lawsuit, and the Court can deny its motions to intervene and disqualify counsel for this reason alone.

During the motion hearing, the Court inquired into the existence of any theory that Peninsula Township—and in turn, MTPP—would be liable for damages arising out of claims prior to October 21, 2017. MTPP's counsel essentially could not provide an answer. Although Counsel asserted that the Wineries are still seeking to introduce evidence of wrongful acts that occurred prior to October 21, 2017, such acts may be evidence of Peninsula Township's wrongdoing but are not compensable. In other words, now that the Wineries have conceded that they are not seeking damages for the time period in which the Township was a member of the MTPP, neither MTPP nor the Township have provided any legal theory showing that the Wineries could receive damages for the Township's acts that occurred prior to October 21, 2017.

Further, even if the Wineries could be compensated for wrongful acts committed prior to October 21, 2017, the Court also has doubts that the MTPP would be responsible for paying such damages. Again, the Court has not reviewed the alleged insurance policy, and it is unknown whether this insurance policy provides for general liability insurance. Moreover, according to the Township's attorney, the Township has "no idea" if/when the Township notified the MTPP of this lawsuit. If the Township never put the MTPP on notice of this lawsuit, the Court questions whether the MTPP would willingly cover any of the Wineries' damages for the period during which the Township was a member of the MTPP.

### B.  Intervention Pursuant to Alleged Conflict of Interest

But even setting all of this aside, MTPP cannot satisfy the intervention standard under Fed. R. Civ. P. 24, and the Court must deny the motion to intervene. In the motion, MTPP essentially concedes that it cannot meet Rule 24's standard (ECF No. 357 at PageID.13121) ("[I]ntervention is allowed regardless of whether Rule 24 is satisfied"); (*Id.* at PageID.13122) ("[T]he Court should permit MTPP to intervene to protect its attorney-client relationship with Miller Canfield, regardless of whether Rule 24 is satisfied."). In fact, MTPP *does not* seek intervention pursuant to Rule 24. Rather, MTPP seeks intervention pursuant to out-of-circuit district and circuit court case law (*Id.*) ("Although MTPP does not seek to intervene pursuant to Rule 24 in this matter, at least one federal court of appeals has even indicated that a former client automatically satisfies the standard for intervention of right under Rule 24. *In re Yarn Processing Patent Validity Litig. v. Leesona Corp.*, 530 F.2d 83, 88 (5th Cir. 1976) ("If [the former client] viewed its interests as threatened by the continued representation of [a party litigant] by [the former client's attorney], [the former client] could have intervened as of right under Rule 24(a) of the Federal Rules of Civil Procedure . . . .")).

MTPP contends that "Courts routinely allow former clients to intervene for the limited purpose of asserting an attorney's conflict of interest, even if the standard in Federal Rule of Civil Procedure 24 is not met" (*Id.* at PageID.13119). Yet, MTPP relies on only one Sixth Circuit case for this proposition, *United States v. City of Detroit*, 713 F.3d 925, 931-32 (6th Cir. 2013), which does not hold that former clients can intervene to assert a conflict of interest. *City of Detroit* merely cites other cases allowing intervention for a limited purpose. *Id.* at 932 (citing *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 394 (1977) (allowing

intervention for the purpose of appeal); *Hodgson v. United Mine Workers of Am.*, 473 F.2d 118, 129 (D.C. Cir. 1972) (allowing intervention to participate in future remedial proceedings); *Trbovich v. United Mine Workers of Am.,* 404 U.S. 528, 537, (1972) (permitting intervention limited "to the claims of illegality presented by the Secretary's complaint")).

Instead, in an unpublished case,[1] the Sixth Circuit has expressly rejected MTPP's assertion that it can intervene for the sole purpose of raising the potential conflict of interest. *See Kirsch v. Dean,* 733 F. App'x 268, 280-81 (6th Cir. 2018). In *Kirsch*, the Sixth Circuit rejected the theory that "a proposed intervenor 'seek[ing] to raise an attorney's conflict of interest' may intervene 'as a matter of course,' regardless of whether the applicant is able to satisfy Rule 24's requirements." *Id.* at 280. The court noted that the proposed intervenor "ha[d] not identified a single circuit that has directly endorsed this broad conception of intervention as a matter of right, and we decline to be the first." *Id.* The court reasoned that the proposed intervenor's theory was in direct conflict with the Federal Rules of Civil Procedure, which require proposed intervenors to meet all the elements under Rule 24 before being allowed to intervene. *Id.* ("We are bound by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 1. Rule 24, which dictates when intervention 'must' be permitted as of right and when it 'may' be permitted as a matter of discretion, requires any motion to intervene to be 'timely.' Fed. R. Civ. P. 24.").

---

[1] Although *Kirsch* is an unpublished case, it does not appear that this issue has been addressed in a published Sixth Circuit case.

Because the Sixth Circuit has rejected MTPP's exact theory of intervention, the Court will also deny the motion for this reason.

## C.  Intervention Pursuant to Rule 24

Curiously, at the motion hearing, MTPP's counsel provided argument on the four intervention elements under Rule 24, contradicting MTPP's assertions in its motion that it is not moving to intervene under Rule 24 (*see* ECF No. 357 at PageID.13122). Because MTPP did not raise any argument under Rule 24 in its motion and merely raised such argument at the motion hearing, the Court finds that MTPP's Rule 24 argument is effectively waived or conceded, especially given MTPP's numerous concessions throughout the motion that it can intervene "regardless of whether Rule 24 is satisfied" (*Id.* at PageID.13121). *See Alvarada v. Rainbow Inn, Inc.*, 312 F.R.D. 23, 33 n.6 (D.D.C. 2015) (citing *Kone v. Dist. of Columbia*, 808 F. Supp. 2d 80, 83 (D.D.C. 2011) (explaining that arguments not raised in motion briefing are conceded)). But in an abundance of caution, the Court will address the intervention standard under Rule 24. In the Court's opinion, MTPP cannot meet all four elements for intervention of right under Rule 24(a)(2), and the Court declines to allow permissive intervention under Rule 24(b).[5]

### 1.  Intervention of Right

#### a.  Timeliness

With respect to intervention of right, first, MTPP's motion is not timely. Courts consult five factors in determining whether a motion to intervene is timely:

1) the purpose for which intervention is sought; 2) the length of time preceding the application for intervention during which the proposed intervenor knew or

---

[5] Further, **MTPP** did not attach a responsive pleading to its motion to intervene, which is required by Rule 24(c).

reasonably should have known of his interest in the case; 3) the prejudice to the original parties due to the proposed intervenor's failure after he knew of or reasonably should have known of his interest in the case to apply promptly for intervention; 4) the existence of unusual circumstances militating against or in favor of intervention; and 5) the point to which the suit has progressed.

*Stotts v. Memphis Fire Dep't*, 679 F.3d 579, 582 (6th Cir. 1982). If a motion to intervene is untimely, it must be denied. *Id.*

As for the five timeliness factors, first, MTPP seeks to intervene for the "sole reason" of asserting the alleged conflict of interest in Miller Canfield's representation of the Wineries and MTPP (ECF No. 357 at PageID.13120). As explained above, the Sixth Circuit has rejected this reason for intervention, and the Court is not inclined to find otherwise. This factor therefore weighs against timeliness.

The second timeliness factor is the length of time preceding MTPP's motion to intervene during which MTPP should have known of its potential interest in this case. Had the Township put MTPP on notice of this lawsuit immediately after this case was commenced, then this factor would certainly weigh against timeliness. However, the Township's counsel stated that he had "no idea" if the Township ever notified MTPP of this matter. MTPP's counsel claimed that MTPP did not become aware of this lawsuit until January 2023, and MTPP asserts that "[h]ad MTPP been notified of this conflict of interest at an earlier time, it would have taken appropriate action at that time" (ECF No. 357 at PageID.13121).[6] Although the Court is not entirely convinced that MTPP was completely unaware of (or should not have known of) this lawsuit until January 2023, the Court will give

---

[6] MTPP references Ms. Venema's affidavit in claiming that it would have "taken appropriate action" at an earlier time, but Ms. Venema is not an employee of MTPP, and the Court finds her affidavit unpersuasive. Moreover, the Wineries claim that the affidavit is inadmissible (*see* ECF No. 370 at PageID.13839-40 n.4).

MTPP the benefit of the doubt.[7] The Court will accept MTPP's assertion that it did not become aware of this matter until January 2023. After becoming aware of this case, MTPP filed its motion to intervene on May 23, 2023. Five months is a fairly substantial amount of time to prepare a motion to intervene, but given the complexity and history of this case, a five-month period to become familiar with this case and prepare such a motion is not out of the ordinary. The Court finds that this factor is neutral.

Third, if the Court permitted MTPP to intervene, the original parties would be prejudiced by the delay in intervention. Although MTPP claims that it "seeks rights less than other intervenors," MTPP's intervention could still potentially throw the current case management order off track. Rather than finishing discovery and beginning to prepare dispositive motions, the original parties would be forced to litigate the conflict-of-interest issue. As the Court recently noted in denying the Township's motion to stay, "a stay would unduly prejudice the Wineries, who have an interest in having this Court determine whether their constitutional rights have been, and are being violated, as quickly as possible" (ECF No. 342 at PageID.12544). Allowing MTPP to intervene this late in the case would certainly prejudice the original parties; thus, this factor also weighs against timeliness.

Fourth, the Court has not observed any unusual circumstances that would favor intervention. Although MTPP claims that the potential "ethical issues" regarding the alleged conflict of interest constitute an unusual circumstance favoring intervention, the Court disagrees. The Sixth Circuit has rejected such a reason for intervention, *see Kirsch*, 733 F.

---

[7] Notably, the Wineries assert that, at three separate Township Board meetings, the Township's former counsel asserted that he was in contact with Tokio Marine (who employs Ms. Venema) regarding this lawsuit (ECF No. 370 at PageID.13839-40).

App'x at 280-81, and because the Wineries are not seeking damages for alleged wrongs during the time the Township was a member of the MTPP, the Court rejects MTPP's argument. On the other hand, there are unusual circumstances that "militat[e] against" intervention. *See Stotts*, 679 F.3d at 582. In September 2021, Judge Kent ordered the Township to produce a copy of any insurance policy covering Peninsula Township's litigation expenses in this lawsuit (ECF Nos. 94; 336-1 at PageID.12279). The Township did not produce any policy it obtained through the MTPP, indicating that such a policy would not be responsible for "covering Peninsula Township's litigation expenses in this lawsuit" (*Id*). Therefore, the Court finds that the unusual circumstances weigh against timeliness.

Fifth, this case has long progressed past its early stages. As the Court already observed in denying the Township's motion to stay, "this case has been pending since October 2020, and the parties were on the verge of trial in August 2022, yet Peninsula Township did not assert this alleged conflict until April 2023" (ECF No. 342 at PageID.12541 n.3). And at the motion hearing, MTPP's counsel conceded that this factor weighs against timeliness. The Court agrees and finds that this factor also weighs against timeliness.

Given the balance of the five timeliness factors, the Court finds that MTPP's motion to intervene was untimely filed. Because MTPP's motion is untimely, its intervention under Rule 24(a)(2) is improper for this reason alone. *See Grubbs*, 870 F.2d at 345.

### b.  Substantial Legal Interest

Second, even if MTPP's motion was timely, MTPP does not have a legal interest in this case, let alone a "substantial" legal interest. MTPP's concern with a potential conflict of

interest is not relevant to the merits of the claims at issue, that is, whether the Wineries' constitutional rights have been violated.

Notwithstanding MTPP's asserted rationale for moving to intervene in this case—to raise the alleged conflict of interest—as evidenced by MTPP's arguments at the motion hearing, MTPP is primarily concerned about being responsible for paying some of the Wineries' damages, on behalf of the Township, if the Wineries receive a money judgment against the Township. Assuming MTPP could be responsible for paying a portion of the Wineries' damages (which it will not be given the statute of limitations), MTPP merely has an economic interest in this case. This economic interest is insufficient to establish a "substantial legal interest" in this matter. *See Stonebridge Cas. Ins. v. D.W. Van Dyke & Co., Inc.*, No. 10-CV-81157-RYSKAMP/HOPKINS, 2015 WL 8330980, at *2 (S.D. Fla. Oct. 23, 2015) (denying an insurance company's motion to intervene in a lawsuit where the insurance company's counsel represented the plaintiff in a lawsuit against an insured of the insurance company, and finding that "the second prong—an interest relating to the property or transaction—is lacking"); *see id.* (quoting ABA Formal Op. 05-435) ("Unless the liability insurer is a party to the action brought by the lawyer's plaintiff-client, or unless under the particular circumstances of the case, the lawyer's taking testimony or discovery from the liability insurer presents a disqualifying adversity, representation of the plaintiff is not directly adverse and therefore does not present a concurrent conflict of interest to the lawyer's representation of the insurer in the another action.") (emphasis omitted). For these reasons, the Court declines to find that MTPP has a substantial legal interest in this matter.

### c. Impairment of Interest

Third, MTPP's economic interest in this lawsuit—its interest in not paying the Wineries' damages on behalf of the Township—will be protected regardless of MTPP's intervention. "To satisfy this element of the intervention test, a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied." *Miller*, 103 F.3d at 1247. Although this burden is "minimal," this burden "does not mean that any articulated interest will do." *Id.*; *Granholm*, 501 F.3d at 780.

Even if MTPP intervened and was successful in disqualifying Miller Canfield, the Wineries would simply obtain new counsel, their new counsel would still pursue damages, and the Township would still defend against the Wineries' claims for damages. Regardless of who represents the Wineries, their counsel is going to pursue damages, and the Township is going to defend against the Wineries' claims for damages. MTPP need not intervene to protect its interest in avoiding paying damages. The Court finds that MTPP's economic interest would not be impaired absent its intervention.

### d. Inadequate Representation

Finally, the Township adequately represents MTPP's economic interest in this lawsuit. "[A]pplicants for intervention must overcome the presumption of adequate representation that arises when they share the same ultimate objective as a party to the suit." *United States v. Michigan*, 424 F.3d 438, 443-44 (6th Cir. 2005).

MTPP has failed to overcome the presumption of adequate representation. Because MTPP and the Township share the "same ultimate objective" in defending against the Wineries' claims for damages, their interests appear to align, and the Township will

adequately represent MTPP's economic interest. Moreover, the Township recently filed a motion to stay for the purpose of allowing MTPP to file its motion to intervene and motion to disqualify (ECF Nos. 328, 329). The Township and MTPP appear to have engaged in coordinating efforts, and the Court has no reason to doubt that the Township will vigorously defend against the Wineries' claims for damages, just like MTPP would if it were permitted to intervene.

In sum, MTPP cannot meet any of the four required elements for intervention under Rule 24(a)(2). MTPP therefore does not have a right to intervene in this matter.

### 2. Permissive Intervention

Lastly, although MTPP did not move to intervene pursuant to Rule 24(b), nor did it argue that it could permissively intervene at the motion hearing, if MTPP had argued permissive intervention, the Court would exercise its discretion and deny MTPP's motion. The untimeliness of MTPP's motion to intervene necessarily defeats the motion. *See* Fed. R. Civ. P. 24(b)(1) (allowing permissive intervention upon the filing of "a timely motion"); *see also United States v. Michigan*, 68 F.4th 1021, 1029 (6th Cir. 2023) ("Because the [proposed intervenor's] motion wasn't timely, the district court didn't abuse its discretion by denying permissive intervention as well."). Further, MTPP's concerns about a conflict of interest appear to have been remedied by the Wineries' assertion that they are bound by the three-year statute of limitations, and therefore, MTPP's "sole reason" for moving to intervene is not an issue that requires a Court decision.

### 3.   MTPP's Motion to Disqualify Plaintiffs' Counsel

In addition to the motion to intervene, MTPP also filed a motion to disqualify the Wineries' counsel (ECF No. 358), which the Court held in abeyance pending the resolution of the motion to intervene (*see* ECF No. 362). Because the Court finds that MTPP's intervention would be improper and there appears to be no conflict of interest given that the Wineries are bound by a three-year statute of limitations, the Court need not adjudicate the motion to disqualify Plaintiffs' counsel on the merits. The motion will be dismissed as moot.

Accordingly,

**IT IS HEREBY ORDERED** that MTPP's motion to intervene for the limited purpose of disqualifying Plaintiffs' counsel (ECF No. 357) is **DENIED**.

**IT IS FURTHER ORDERED** that MTPP's motion to disqualify Plaintiffs' counsel (ECF No. 358) is **DISMISSED** as moot.

**IT IS SO ORDERED**.

Date:  June 27, 2023                                          /s/ Paul L. Maloney
                                                                        Paul L. Maloney
                                                                        United States District Judge