UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WINERIES OF THE OLD MISSION PENINSULA           )
ASSOCIATION, *et al.*,                          )
                  Plaintiffs,   )
                                )     No. 1:20-cv-1008
-v-                                             )
                                )     Honorable Paul L. Maloney
PENINSULA TOWNSHIP,                             )
                  Defendant,    )
                                )
and                                             )
                                )
PROTECT THE PENINSULA, INC.,                    )
                  Intervenor-Defendant.   )
_____ )

## ORDER DENYING MOTION TO QUASH NOTICE OF DEPOSITION

This matter is before the Court on the Wineries' motion for a protective order and to quash PTP's notice of corporate representative deposition under Fed. R. Civ. P. 30(b)(6) (ECF No. 404). Because the deposition is scheduled for July 21, 2023, before PTP is required to respond to the motion under W.D Mich. LCivR 7.3(c), the Wineries have also moved for expedited consideration of the motion to quash (ECF No. 406).

According to the Wineries' motion, after receiving authorization from the Court to re-depose certain witnesses for two hours, PTP originally planned on re-deposing former Township Supervisor, Robert Manigold (ECF No. 405 at PageID.14780-81). However, PTP "abruptly cancelled" Mr. Manigold's deposition and noticed a Rule 30(b)(6) deposition of the Township, PTP's co-defendant, instead (*Id.* at PageID.14781). The proposed topics for

the Township's deposition are included in the Wineries' motion to quash (*Id.* at PageID.14781-82).

The Wineries move to quash the Rule 30(b)(6) notice of deposition to Peninsula Township because (1) the deposition "is nothing more than outright collusion between PTP and the Township to try and change the record"; and (2) the proposed topics will either be covered during the Rule 30(b)(6) depositions of the Wineries or can be found in the text of the legislative history and on the face of the ordinances/permits (*see* ECF No. 405 at PageID.14783, 14785).

At this point in the case, with less than two weeks left in discovery, the Court declines to adjudicate the propriety of the Rule 30(b)(6) notice of deposition to Peninsula Township. The Court understands the Wineries' concerns regarding the notice. However, the Court encourages the parties to complete all scheduled depositions before the discovery cutoff date (July 21, 2023) in order to resolve this case as expeditiously and efficiently as possible and stay on track with the dates in the operative case management order (ECF No. 343), which is beneficial to all the parties involved. If, after all the depositions have been taken and any of the parties have unresolved objections to the testimony given at the depositions, the parties may raise their concerns in a motion to strike.

Accordingly,

**IT IS HEREBY ORDERED** that the Wineries' motion to expedite consideration of their motion to quash (ECF No. 406) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Wineries' motion to quash the Rule 30(b)(6) notice of deposition to Peninsula Township (ECF No. 404) is **DENIED**.

**IT IS SO ORDERED**.

Date:  July 11, 2023                            /s/ Paul L. Maloney
                                        Paul L. Maloney
                                        United States District Judge