UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WINERIES OF THE OLD MISSION PENINSULA ASSOCIATION, *et al.*, <br>       Plaintiffs, <br><br> -v- <br><br> PENINSULA TOWNSHIP, <br>       Defendant, <br><br> and <br><br> PROTECT THE PENINSULA, INC., <br>       Intervenor-Defendant. | No. 1:20-cv-1008 <br><br> Honorable Paul L. Maloney |

## ORDER GRANTING IN PART MOTION FOR SANCTIONS

This matter is before the Court on the Wineries' motion for an order to show cause and for sanctions (ECF No. 421). The Wineries seek to compel the Township to produce an insurance policy between U.S. Specialty Insurance and the Township, which the Township was ordered to produce nearly two years ago by Magistrate Judge Kent. Based on the Township's violation of Judge Kent's order, the Wineries seek sanctions from the Township (*see* ECF No. 422 at PageID.15111).

In March 2021, the Township served its initial disclosures, in which it stated, "To date, [the Township] is not aware of any applicable insurance policies to disclose at this time" (ECF No. 336-4 at PageID.12380). On June 22, 2021, the Wineries served their second set of requests for production of documents, and in Request for Production Number 22, they asked the Township to provide "a copy of any insurance policy covering Peninsula

Township's litigation expenses in this Lawsuit" (ECF No. 336-1 at PageID.12279). The Township objected to that request, arguing that "The documents sought by this request are, in part, inadmissible under Fed. R. Evid. 411 and associated caselaw. Furthermore, the documents sought by this request are not relevant to any party's claim or defense in this matter. Without waiving said objections and subject to the same, the Township has requested a copy of any potentially applicable policy." (ECF No. 336-2 at PageID.12286).

On August 17, 2021, the Wineries' sent then-counsel for the Township a letter detailing the deficiencies in the Township's objection (ECF No. 336-3 at PageID.12366). After receiving no response, the Wineries filed a motion to compel (ECF No. 83). On September 28, 2021, Judge Kent granted the Wineries' motion with respect to the production of the Township's insurance policies and directed the Township to "produce any policy of insurance responsive to Request to Produce No. 22" (ECF No. 94). On October 12, 2021, Peninsula Township produced an insurance policy between the Township and Argonaut Insurance Company with a policy period commencing on July 1, 2014 (ECF No. 336-9). It did not produce any other policies.

Over a year and a half later, in April 2023, the Township filed a motion to stay this case to allow the Michigan Township Participating Plan ("MTPP") to intervene and disqualify the Wineries' counsel because the MTPP purportedly provided an insurance policy to the Township (the U.S. Specialty Insurance policy), and the MTPP was also represented by the Wineries' counsels' law firm (ECF Nos. 328, 329). Ironically, this motion brought to light the Township's violation of Judge Kent's previous order compelling the Township to produce all applicable insurance policies (*see* ECF No. 342 at PageID.12541).

2

Now, based on Judge Kent's September 28, 2021 order requiring the Township to produce "a copy of any insurance policy covering Peninsula Township's litigation expenses in this Lawsuit" (ECF No. 336-1 at PageID.12279), the Wineries have moved to compel the Township to produce the U.S. Specialty Insurance policy. Fed. R. Civ. P. 37(b)(2)(A) provides for discretionary sanctions if a party fails to obey a discovery order. *See Franklin v. Shelby Cty. Bd. of Educ.*, No. 2:20-cv-02812-JPM-tmp, 2021 WL 5449005, at *7 (W.D. Tenn. Nov. 22, 21). "The purpose of imposing sanctions is to assure both future compliance with the discovery rules and to punish past discovery failures, as well as to compensate a party for expenses incurred due to another party's failure to properly allow discovery." *Jackson v. Nissan Motor Corp.*, 888 F.2d 1391, *3 (6th Cir. 1989) (table) (internal quotation marks omitted). If a party violates a discovery order, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified. . . ." Fed. R. Civ. P. 37(b)(2)(C).

The Court need not show cause the Township to determine that the Township's failure to produce this policy was a violation of Judge Kent's order or that the violation was not substantially justified (*see* ECF No. 94 at PageID.3778). The Township argues that its failure to produce the policy was not a violation of Judge Kent's order to compel because the policy is not relevant to this case, given that this Court found that the Wineries cannot seek damages stemming from the time period during which the Township was covered by the U.S. Specialty Insurance policy (*see* ECF No. 426 at PageID.15310). However, the Township also admits that around August 18, 2022, the MTPP "made its first payment of

3

fees related to this lawsuit. . . . [But] it is unclear whether those payments are required to be or are being paid pursuant to the U.S. Specialty Insurance policy" (*Id.*). Based on this concession, the Township does not know whether the U.S. Specialty Insurance policy is responsive to the Wineries' request to produce (*see id.* at PageID.15313) ("[I]t is unclear whether the Township is or would be required to produce the U.S. Specialty Insurance policy under Magistrate Judge Kent's Order, and even if it was, the first payments were not made until nearly a year after the ruling.").[1]

Regardless, the Township has now provided to the Wineries a copy of the U.S. Specialty Insurance policy—after the Wineries' filed their motion for an order to show cause and for sanctions (*Id.* at PageID.15310). Thus, the Township argues that the Wineries' motion was unnecessary (*Id.* at PageID.15313-14). The Township's eventual untimely production of the U.S. Specialty Insurance policy does not mean the Wineries' motion was not necessary, nor does it mean that the Wineries are not entitled to their attorney fees and costs for bringing the motion. Notably, the Township was ordered to produce copies of applicable insurance policies in September of 2021, and it did not produce all applicable policies until August of 2023. There is no legitimate way for the Township to justify this delay. Accordingly,

**IT IS HEREBY ORDERED** that the Wineries' motion for sanctions (ECF No. 421) is **GRANTED** in part. Within fourteen days of the date of this order, the Wineries' counsel

---

[1] Immediately upon learning that the Township had failed to produce the U.S. Specialty Insurance policy, the Court expressed its concern that the Township had violated Judge Kent's order (*see* ECF No. 342 at PageID.12541). If the Township truly believed that the policy was not responsive to the Wineries' Request for Production #22, the Township should have moved to set aside Judge Kent's order to compel the Township to respond to Request for Production #22 to ensure that it was not in violation of the order to compel.

4

shall submit a proposed petition for attorney fees and costs reasonably related to the filing of the instant motion for sanctions (ECF Nos. 421, 422) as well as the motion to compel production of the Township's insurance policies (ECF Nos. 83, 84). The Township may respond to the petition for attorney fees and costs within fourteen days of the date of filing. The Wineries' motion is **DENIED** in all other respects.

    **IT IS SO ORDERED.**

Date:  August 18, 2023                            /s/ Paul L. Maloney
                                                                   Paul L. Maloney
                                                                   United States District Judge