UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WINERIES OF OLD MISSION
PENINSULA ASSOC., *et al.*,

   Plaintiffs,

v.

TOWNSHIP OF PENINSULA,

   Defendant,

and

PROTECT THE PENINSULA,

   Intervenor-Defendant
            /

Case No. 1:20-cv-1008

Hon. Paul L. Maloney

**ORDER**

  This matter is now before the Court on plaintiffs' motion for protective order (ECF No. 452). In their motion, plaintiffs seek a protective order to prevent disclosure of confidential documents:

  On August 31, 2023, Defendant Peninsula Township [Township] received a request under the Michigan Freedom of Information Act, Mich. Comp. Laws § 15.231 et seq. from an arguable agent of Intervenor-Defendant Protect the Peninsula [PTP]. PTP's agent requested that Peninsula Township publicly disclose the confidential settlement communications the parties exchanged prior to the settlement conference with Magistrate Judge Kent on August 28, 2023. Pursuant to *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 977 (6th Cir. 2003) (holding settlement communications are privileged), LCivR 16.1(d) ("Confidentiality - All ADR proceedings are considered to be compromise negotiations within the meaning of Fed. R. Evid. 408."), and the Stipulated Protective Order (ECF No. 75), Plaintiffs request that this Court enter an order

1

enjoining all parties from disclosing confidential settlement communications. Motion at PageID.15958.

Plaintiffs' motion refers to the confidential settlement letters which the Court ordered to be sent to opposing parties and the undersigned before conducting a settlement conference:

> <u>Settlement Letter to Opposing Party.</u> A settlement conference is more likely to be productive if, before the conference, the parties have had a written exchange of their settlement proposals. Accordingly, at least fourteen (14) days prior to the settlement conference, plaintiff's counsel shall submit a written itemization of damages and settlement demand to defendant's counsel with a brief explanation of why such a settlement is appropriate. No later than seven (7) days prior to the settlement conference, defendant's counsel shall submit a written offer to plaintiff's counsel with a brief explanation of why such a settlement is appropriate. This may lead directly to a settlement. If settlement is not achieved, plaintiff's counsel shall deliver, fax or e-mail copies of these letters to the chambers of the magistrate judge conducting the conference no later than three (3) business days before the conference. Do not file copies of these letters in the Clerk's Office.

*See* Second Amended Case Management Order (ECF No. 343, PageID.12548).

On or about August 31, 2023, defendant Township received a letter from Peninsula Township resident David Taft requesting copies of the parties' confidential settlement letters under the Michigan Freedom of Information Act, *i.e.*, the settlement proposals submitted by plaintiffs, PTP, and the Township. *See* Taft Letter (ECF No. 453-1). Emails between plaintiff's counsel and the Township's counsel indicate that no action would be taken on the request until September 25, 2023, and that defendant Township intends to deny the FOIA request. *See* ECF Nos. 453-3, 453-4, and 453-5. For its part, defendant PTP's counsel disclaimed Mr. Taft's affiliation with PTP. *See* ECF No. 453-6.

At this point, plaintiffs are concerned that the confidentiality of the parties' settlement documents used in this federal court case would become the subject of a state lawsuit,

2

*i.e.*, that Mr. Taft "would file a FOIA lawsuit in Grand Traverse County Circuit Court, which would leave Plaintiffs without any relief and this Court without any ability to enforce its orders after the suit is filed." Plaintiff's Brief at PageID.15962.

On September 21, 2023, defendant Township filed a response to the motion, stating that the Taft FOIA request was denied on September 20, 2023, that the matter is moot, and that "even if the motion is considered, the Township does not object to the production of its own settlement offer from the August 28, 2023 settlement conference." See Township's Response (ECF No. 455).

This matter is not moot. This Court has the inherent authority to manage its affairs "so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash Railroad Company*, 370 U.S. 626, 630-31 (1962). This includes "supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978). In this regard, confidential settlement documents submitted in federal court are not public records. *See United States v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 858 (2d Cir. 1998) ("We have previously recognized that settlement documents in draft form are not part of the public record of a federal case, that the district court may seal documents in order to foster settlement, and that the district court's power to seal documents takes precedence over FOIA rules that would otherwise allow those documents to be disclosed.") (internal quotation marks omitted).

This Court ordered the parties to prepare confidential settlement letters to achieve the orderly and expeditious disposition of the case and limited the disclosure of the letters to the parties' counsel and the magistrate judge's chambers. These settlement letters are not part of the

3

Court's public records. These court ordered settlement letters are part of the Court's "own records" created to foster a settlement of this federal cause of action.  The disclosure of the letters to anyone other than the parties' counsel and the magistrate judge's chambers – such as Mr. Taft or any other third party – is using the settlement letters for an improper purpose.  Accordingly,

**IT IS ORDERED** that plaintiffs' motion for a protective order (ECF No. 452) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiffs, the Township, and PTP **SHALL NOT** disclose the settlement letters to anyone other than the counsel and the magistrate judge's chambers as authorized in the Second Amended Case Management Order.

**IT IS FURTHER ORDERED** that if plaintiffs, the Township, or PTP disclose the settlement letters to any one other than the counsel and the magistrate's chambers as authorized in the Second Amended Case Management Order, then such disclosure is a **VIOLATION** of this Order and the basis for **CONTEMPT** proceedings.

Date:  September 22, 2023             /s/ Ray Kent
                                      RAY KENT
                                      United States Magistrate Judge

4