UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WINERIES OF THE OLD MISSION
PENINSULA ASSOC. (WOMP), a Michigan
nonprofit corporation; BOWERS HARBOR
VINEYARD & WINERY, INC, a Michigan
corporation; BRYS WINERY, LC, a Michigan
corporation; CHATEAU GRAND TRAVERSE,
LTD, a Michigan corporation; CHATEAU
OPERATIONS, LTD, a Michigan corporation;
GRAPE HARBOR, INC, a Michigan corporation;
MONTAGUE DEVELOPMENT, LLC, a
Michigan limited liability company; OV THE
FARM, LLC, a Michigan limited liability
company; TABONE VINEYARDS, LLC, a
Michigan limited liability company; TWO LADS,
LLC, a Michigan limited liability company;
VILLA MARI, LLC, a Michigan limited liability
company; WINERY AT BLACK STAR FARMS,
LLC, a Michigan limited liability company;

       Plaintiffs,

v

PENINSULA TOWNSHIP, a Michigan municipal
corporation,

       Defendant,

and

PROTECT THE PENINSULA, INC.,

       Intervenor-Defendant.

_____

Case No. 1:20-cv-01008

HON. PAUL L. MALONEY
MAG. JUDGE RAY S. KENT

**PROTECT THE PENINSULA'S
MOTION TO EXCLUDE
TESTIMONY AND EVIDENCE FROM
GARY MCDOWELL AND TERI QUIMBY**

Joseph M. Infante (P68719)
Christopher J. Gartman (P83286)
Stephen Michael Ragatzki (P81952)
*Miller, Canfield, Paddock*
Attorneys for Plaintiffs
99 Monroe Ave., NW, Suite 1200
Grand Rapids, MI 49503
(616) 776-6333
infante@millercanfield.com
gartman@millercanfield.com
ragatzki@millercanfield.com

Barry Kaltenbach
*Miller, Canfield, Paddock*
Attorneys for Plaintiffs
227 Monroe Street, Ste 3600
Chicago, IL 60606
(312) 460-4200
kaltenbach@millercanfield.com

Scott Robert Eldridge (P66452)
*Miller, Canfield, Paddock*
Attorneys for Plaintiffs
One E. Michigan Avenue, Ste 900
Lansing, MI 48933
(517) 487-2070
eldridge@millercanfield.com

Thomas J. McGraw (P48817)
Bogomir Rajsic, III (P79191)
*McGraw Morris, P.C.*
Attorneys for Defendant
2075 W. Big Beaver Road, Ste 750
Troy, MI 48084
(248) 502-4000
tmcgraw@mcgrawmorris.com
brajsic@mcgrawmorris.com

William K. Fahey (P27745)
John S. Brennan (P55431)
Christopher S. Patterson (P74350)
*Fahey Schultz Burzych Rhodes PLC*
Co-Counsel for Defendant
4151 Okemos Road
Okemos, MI 48864
(517) 381-0100
wfahey@fsbrlaw.com
jbrennan@fsbrlaw.com
cpatterson@fsbrlaw.com

Tracy Jane Andrews (P67467)
*Law Office of Tracy Jane Andrews, PLLC*
Attorneys for Intervenor-Defendant
420 East Front Street
Traverse City, MI 49686
(231) 946-0044
tjandrews@envlaw.com

Holly L. Hillyer (P85318)
*Troposphere Legal, PLC*
Co-Counsel for Intervenor-Defendant
420 East Front Street
Traverse City, MI 49686
(231) 709-4709
holly@tropospherelegal.com

**PROTECT THE PENINSULA'S MOTION TO EXCLUDE TESTIMONY AND EVIDENCE FROM GARY MCDOWELL AND TERI QUIMBY**

Intervenor Protect the Peninsula, Inc. (PTP) respectfully requests the Court issue an order under Fed. R. Civ. P. 16(f) to exclude testimony and disregard opinions from two of Plaintiffs' three proposed "rebuttal expert witnesses" -- Gary McDowell and Teri Quimby. Plaintiffs did identify a rebuttal planning witness, David Moss, who provided a report rebutting opinions presented by PTP's expert land use planning witness, Thomas Daniels, as discussed by the Court and parties at the Rule 16 conference and authorized in the Second Amended Case Management Order (CMO). (ECF 343)

Plaintiffs' two excess witnesses are not planning witnesses and do not rebut Dr. Daniels opinions; they principally address issues on which Plaintiffs carry the burden of proof. Mr. McDowell is a farmer and former Director of the Michigan Department of Agriculture and Rural Development; he opined on "agritourism" and the importance of supporting Michigan farmers to thrive. Plaintiffs rely on Mr. McDowell's report to support their summary judgment motion arguing that Peninsula Township zoning impairs protected "commercial speech," though Mr. McDowell did not actually opine on advertising or speech. Ms. Quimby is an attorney and former member of the Michigan Liquor Control Commission; she reiterates Plaintiffs' preemption legal arguments verbatim, and Plaintiffs rely on her opinions in summary judgment briefing on that claim.

Plaintiffs' identification of two new experts to support claims upon which they have the burden of proof is untimely and unfair to PTP, which lacks an opportunity under this Court's Second Amended CMO to identify rebuttal experts to Plaintiffs' witnesses.

PTP intervention on the eve of trial thrust this case into atypical procedures: the Court authorized a second phase of discovery, a second set of experts, and a second round of dispositive motions to accommodate PTP. The Court was clear this second phase is not a start-over and it

1

would not rewind this case back to February 2021. Plaintiffs already had the opportunity to develop and present their case, and the Township had the opportunity to defend it.

Coincidentally (or not), these two new witnesses support Plaintiffs' position on two issues Plaintiffs lost in the first summary judgment order – whether liquor trafficking laws preempt locally-imposed limits on operating hours applicable to wineries (Ms. Quimby) and that weddings are not commercial speech protected by the First Amendment (Mr. McDowell). Plaintiffs cite in their most recent summary judgment briefs the reports of these two witnesses to support revamped theories to bolster their position on these two claims. Plaintiffs seek a second bite at the apple on the issues they already lost; it seems they hope support from these political appointees will help persuade the Court to find for their positions.

Plaintiffs should have identified these witnesses in August 2021, under the pre-PTP-intervention First Amended CMO establishing the schedule for expert witness designations for parties with the burden of proof. (ECF 72) Plaintiffs failed to do so and instead labelled them as "rebuttal experts" to PTP's planning expert (Dr. Daniels) under the post-PTP-intervention Second Amended CMO. (ECF 343) Neither is a planning expert and neither offered rebuttal to Dr. Daniels. Plaintiffs' attempt to bring in new non-rebuttal non-planning expert witnesses violates both CMOs. (ECF 72, 343) Allowing Plaintiffs to identify two new experts beyond their rebuttal planning witness wastes judicial resources and is unfair unless PTP has an opportunity to designate rebuttal witnesses to these witnesses.

PTP requests the Court exclude testimony and disregard opinions from Mr. McDowell and Ms. Quimby and order Plaintiffs to pay PTP's expenses resulting from Plaintiffs' failure to comply with the CMOs under Rule 16(f). PTP also objects under Fed. R. Civ. P.  56(c)(2) to Plaintiffs'

reliance on untimely opinions from Mr. McDowell and Ms. Quimby to support their summary judgment briefs.

Respectfully submitted,

Date: December 4, 2023          By: _____
                                      /s/ Tracy Jane Andrews

                                      Tracy Jane Andrews (P67467)
                                      *Law Office of Tracy Jane Andrews, PLLC*
                                      Attorneys for Intervener
                                      420 East Front Street
                                      Traverse City, MI 49686
                                      (231) 946-0044
                                      tjandrews@envlaw.com

Date: December 4, 2023          By: _____
                                      /s/ Holly L. Hillyer

                                      Holly L. Hillyer (P85318)
                                      *Troposphere Legal, PLC*
                                      Co-Counsel for Intervenor-Defendant
                                      420 East Front Street
                                      Traverse City, MI 49686
                                      (231) 709-4709
                                      holly@tropospherelegal.com

**BRIEF IN SUPPORT OF PROTECT THE PENINSULA'S MOTION
TO EXCLUDE TESTIMONY AND EVIDENCE
FROM GARY MCDOWELL AND TERI QUIMBY**

## TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................. 2

II.  FACTUAL BACKGROUND ................................................................................ 3

   a.   Post-PTP intervention, the Court opened a limited new litigation phase. ........................... 3

   b.   The Court authorized PTP to identify a land use planning expert and Plaintiffs to identify a rebuttal planning expert. ....................................................................................... 4

   c.   PTP timely identified its planning expert; Plaintiffs identified a rebuttal planning witness plus two non-planning witnesses. ....................................................................... 6

   d.   The parties served witness reports, then Plaintiffs served Mr. Moss's supplemental report responding to Dr. Daniels' report. ....................................................................... 8

   e.   Plaintiffs rely on Mr. McDowell's and Ms. Quimby's opinions to support summary judgment on issues they previously lost. ............................................................... 9

III. LEGAL STANDARDS ...................................................................................... 10

IV.  ARGUMENT ..................................................................................................... 12

V.   CONCLUSION .................................................................................................. 16

## EXHIBITS

Ex 1 – PTP Expert Witness Disclosure
Ex 2 – Plaintiffs' Rebuttal Expert Witness Disclosure
Ex 3 – Report by Dr. Thomas Daniels
Ex 4 – Report by David Moss
Ex 5 – Report by Teri Quimby
Ex 6 – Report by Gary McDowell
Ex 7 – Supplemental Report by David Moss
Ex 8 – Email exchange – request for concurrence
Ex 9 – Unpublished Cases
- *Oklahoma v. Tyson Foods, Inc.*, 2009 WL 1065668 (N.D. Okla. Apr. 17, 2009)
- *Maxum Indem. Co. v. Drive W. Ins. Servs.*, 2014 WL 12653865, (S.D. Ohio June 13, 2014)

I.      **INTRODUCTION**

Following PTP intervention, the Court authorized PTP to identify a planning expert and Plaintiffs to identify a rebuttal planning expert. PTP identified Thomas L. Daniels, Ph.D., an expert in land use planning, and Plaintiffs identified David Moss, who has some experience related to land use planning. The Court also authorized PTP and Plaintiffs to disclose expert reports. Dr. Daniels and Mr. Moss did so, and Mr. Moss also disclosed a supplemental report directly responding to Dr. Daniels' opinions. Mr. Moss's credentials and opinions are not presently at issue.

Plaintiffs also identified two new non-planning witnesses disguised as "rebuttal experts." Both are former political appointees to state governmental entities with regulatory authority over agriculture (Gary McDowell) and liquor trafficking (Teri Quimby); neither offers land use planning opinions. Plaintiffs rely on these two witnesses' opinions not to rebut Dr. Daniels but to bolster their summary judgment briefing arguing that Peninsula Township zoning applicable to wineries is preempted by state liquor trafficking regulations and impairs agritourism, which they characterize as advertising that is protected commercial speech. (ECF 501, 473)

As the parties with the burden of proving their preemption and commercial speech claims, Plaintiffs had until August 13, 2021, to identify these witnesses under the Court's First Amended Case Management Order (CMO). (ECF 72) They did not. After PTP intervention, the Court issued a Second Amended CMO authorizing limited procedures to comply with the Sixth Circuit mandates on PTP intervention – not a start-over for Plaintiffs to reinvigorate rejected claims. (ECF 301, 303, 319, 343, 385)

While Plaintiffs labelled these new witnesses as "rebuttal experts" to PTP planning expert Dr. Daniels, neither identifies land use planning expertise, neither opines on land use planning in Michigan or Peninsula Township nor any particular Peninsula Township Zoning Ordinance

(PTZO) provisions, and neither offers rebuttal to Dr. Daniels. Any contrast between Dr. Daniels' opinions and theirs does not make their opinions rebuttal to Dr. Daniels; it reflects that Plaintiffs hired them to support their case-in-chief, which Dr. Daniels rebuts.

Plaintiffs' attempt to bring in new non-rebuttal non-planning witnesses is untimely under the First Amended CMO and violates the Second Amended CMO. (ECF 72, 343) Presenting three witnesses where one was authorized and suffices wastes judicial resources. It is also unfair to PTP to allow two new non-planning experts without an opportunity for PTP to rebut them. PTP requests this Court exclude testimony from Mr. McDowell and Ms. Quimby, disregard their opinions cited to support Plaintiffs' summary judgment briefing, and order Plaintiffs to pay PTP expenses under Rule 16(f)(2).

Additionally, PTP objects under Fed. R. Civ. P. 56(c)(2) to Plaintiffs' improper reliance upon Mr. McDowell's and Ms. Quimby's reports to support their summary judgment positions on commercial speech and preemption respectively because their reports are inadmissible as untimely opinions from late-designated witnesses.

## II.     FACTUAL BACKGROUND

### a.  <u>Post-PTP intervention, the Court opened a limited new litigation phase.</u>

Before PTP was granted intervention, under the First Amended CMO, Plaintiffs and the Township had the opportunity to identify experts. (ECF 72) Plaintiffs identified an expert to testify regarding damages; the Township identified none. (ECF 303, PageID.10838-10842) The Court granted summary judgment on many claims in June 2022. (ECF 162) In early August 2022, Plaintiffs were preparing for trial mostly on damages. They dismissed other issues as "ancillary" and not to be addressed at trial: freedom of religion was "moot"; freedom of association was "a

legal issue for post trial briefing"; they "d[id]n't plan to present any evidence" on their "content-based speech" claim; and their regulatory takings claim was "part and parcel with [their] damages claim." (ECF 239, PageID.8670-8672)

Responding to PTP intervention, the Court adjourned trial, vacated part of its summary judgment order, considered motions on PTP interests, then modified the schedule for PTP to be heard. (ECF 236, 301, 303, 319, 320, 343, 385) The Court revised the First Amended CMO because its deadlines had all "passed without PTP participating in discovery or meaningful motion practice." (ECF 301, PageID.10699) The Court said it would "not rewind this case" or "go back to square one" because of PTP intervention. (ECF 301, PageID.10700) Instead, the Court articulated what each party may do, "[c]onsidering the reasons why PTP has been permitted to intervene in this matter and how its intervention requires this case to move forward." (*Id.*) Under the subtitle, "**Limited Discovery**," the Court explained the post-intervention discovery phase:

> As for discovery that PTP seeks to pursue, such discovery will be limited to the issues that PTP has an interest in. That is, PTP may pursue discovery related to the nine issues that the Court indicated PTP has an interest in. And depending on the outcome of the Court's decision on the remaining three issues, PTP may be able to pursue discovery related to those issues.

(ECF 301, PageID.10704) The Court issued the Second Amended CMO on May 2. (ECF 343)

### b.  The Court authorized PTP to identify a land use planning expert and Plaintiffs to identify a rebuttal planning expert.

In August 2022, in requesting trial adjournment, PTP expressed interest in identifying a land use planning expert witness:

> PTP plans to identify an expert in land use and planning to testify regarding the farmland preservation, nuisance avoidance, infrastructure management, and compatible land use interests that Township planning, zoning, programs, and ordinances advance and how these protect the property and quality of life of PTP members.

(ECF 229-1, PageID.8451-52)

In the April 4, 2023, Joint Status Report, Plaintiffs acknowledged PTP's intent to name a land use planning expert:

> Plaintiffs' Position:
>
> PTP shall furnish the name of PTP's expert witness related to "**planning**" by April 28, 2023.
>
> Plaintiffs shall furnish the names of rebuttal expert witnesses to PTP's expert witnesses, if any, by May 15, 2023.
>
> The Township may not name any expert witnesses.
>
> * * *
>
> PTP's Position:
>
> PTP expects to be able to furnish the name of PTP's expert witness on **land use planning** by July 14, 2023.

(ECF 323, PageID.11901, internal citations omitted, emphases added)

At the April 21, 2023, Rule 16 hearing, the Court addressed land use planning experts:

> THE COURT: Okay. All right. Let's inquire -- Let me inquire about experts. There is references in the status report regarding land use planning experts. Do we anticipate experts on other subjects or is it just land use.
>
> MS. ANDREWS: Just land use, your Honor. * * *
>
> THE COURT: * * * You agree with that, Mr. Infante?
>
> MR. INFANTE: Yes. We have a damages expert already. We would do a rebuttal planning expert. Our only question for the Court-- the issue is, does the Township then get a rebuttal planning expert of their own? * * *

(ECF 385, PageID.14146) Mr. Infante explained his "understanding is PTP wants a planning expert" but that Plaintiffs "are always worried about the Township trying to backdoor some sort of damages expert," to which Township Counsel responded by explaining they may want a planning expert. (*Id.* at PageID.14146-14148) The Court closed the experts discussion by instructing the

Township to file a motion if it wanted to "pursue a land use expert" and could not reach agreement among the parties, then instructed:

> THE COURT: As far as naming land use experts, PTP, June 19th.
>
> MS. ANDREWS: Yes, your Honor.
>
> THE COURT: Plaintiff July 3rd.

(*Id.* at PageID.14149)

On May 2, 2023, the Court issued the Second Amended CMO (ECF 343):

| Disclose Name, Address, Area of Expertise and a short summary of expected testimony of Expert Witnesses (Rule 26(a)(2)(A)) | PTP: Plaintiffs: | JUNE 19, 2023 JULY 3, 2023 |
|---|---|---|
| Disclosure of Expert Reports (Rule 26(a)(2)(B)) | | AUGUST 28, 2023 |

### c. <u>PTP timely identified its planning expert; Plaintiffs identified a rebuttal planning witness plus two non-planning witnesses.</u>

On June 19, 2023, PTP provided a concise but comprehensive summary of proposed planning testimony from Dr. Daniels, a tenured professor at the University of Pennsylvania Department of City and Regional Planning:

> Dr. Daniels is expected to testify regarding land use planning, the use of zoning regulations to control land use, the use of agricultural zoning, the application of agricultural zoning to wineries, and the connection between agricultural zoning and farmland preservation. Dr. Daniels is further expected to testify regarding the governmental interests advanced by the Peninsula Township Zoning Ordinance, including agricultural and farmland preservation and ensuring compatible land uses in Peninsula Township. Dr. Daniels is expected to provide expert testimony on how the Peninsula Township Zoning Ordinance, in conjunction with Peninsula Township's master plan and other ordinances, advances those governmental interests. Dr. Daniels is expected to testify regarding how the Peninsula Township Zoning Ordinance, including sections that address wineries and winery tasting rooms, are tailored to address the governmental interests of agricultural and farmland preservation and ensuring compatible land uses. Dr. Daniels is expected to testify regarding how the land use and special use

6

permits issued by Peninsula Township to wineries advance its governmental interests of agricultural and farmland preservation and ensuring compatible land uses and are tailored to address those interests.

(**Ex 1**) PTP also provided Dr. Daniels' *curriculum vitae,* which lists his experience as a professor of land use planning; seven books related to agricultural preservation and land use planning; numerous recent publications on land use policy, planning, and agricultural preservation; grants administered to study farmland preservation and land use planning; and membership in professional planning organizations. (*Id.*)

Two weeks later, on July 3, 2023, Plaintiffs' Rebuttal Expert Witness Disclosures feigned uncertainty as to what Dr. Daniels might testify about to rationalize naming *three* experts:

> Because PTP has only disclosed the general area of testimony for its expert witness and that witness has not disclosed an expert report, the Wineries, in an abundance of caution, disclose expert witnesses on various land use planning and zoning topics ***though these experts may not testify when PTP's expert discloses his report and the specific opinions are known***.

(**Ex 2,** emphasis added) Plaintiffs identified David Moss, Gary McDowell, and Teri Quimby.

Mr. Moss is proposed as a rebuttal expert "regarding land use planning and the commonly available types of zoning regulations to promote and preserve agricultural land use and rural character." (**Ex 2** p. 3) Plaintiffs provided Mr. Moss's resume; he lacks formal land use planning education but "manages a consulting firm specializing in zoning and building permits, site acquisition, architecture and engineering, and constraints analyses for the real estate, insurance, and telecommunications industries." (*Id.,* pp. 6-7)

Mr. McDowell is the former Director of the Michigan Department of Agriculture and Rural Development (MDARD) and, per Plaintiffs' disclosure, an expert on rural development, agricultural preservation, and agritourism. (**Ex 2**, p. 2) Plaintiffs summarized his potential testimony:

Mr. McDowell is expected to testify as a rebuttal expert to PTP's named expert, Dr. Thomas L. Daniels, regarding agricultural preservation, value added agriculture, and agritourism as a means to preserve agricultural land. Mr. McDowell is expected to testify that the Winery Ordinances and the enforcement of those ordinances do not further the preservation of agricultural land and, instead, have the opposite effect. Mr. McDowell is expected to testify that value-added activities and agritourism like those activities the Wineries seek to engage in further the preservation of agricultural land.

(**Ex 2** pp. 2-3) Plaintiffs' disclosures provided no resume for Mr. McDowell.

Ms. Quimby is a former Michigan Liquor Control Commission member and, per Plaintiffs' disclosure, an expert on Michigan alcohol administration, licensing, purchasing, enforcement, merchandising, and distribution. (**Ex 2** p. 2) Plaintiffs summarized her potential testimony:

Ms. Quimby is expected to testify as a rebuttal expert to PTP's named expert, Dr. Thomas L. Daniels, regarding local authority to regulate alcohol licensees by way of zoning ***should Dr. Daniels provide an expert opinion on this topic***. Ms. Quimby is expected to testify regarding the limited authority granted to local governments to regulate the manufacture, sale and distribution of alcohol and the Michigan Liquor Control Commission's policies and procedures to ensure local governments do not exceed that authority should Dr. Daniels provide an expert opinion on this topic. ***Should Dr. Daniels not offer expert testimony on these topics, the Wineries do not expect to offer Ms. Quimby's testimony***.

(**Ex 2**, p. 3, emphases added) The disclosures also provided no resume for Ms. Quimby.

### d.  The parties served witness reports, then Plaintiffs served Mr. Moss's supplemental report responding to Dr. Daniels' report.

On August 28, PTP and Plaintiffs exchanged reports from their identified proposed experts. (**Exs 3, 4, 5, 6**) Dr. Daniels and Mr. Moss addressed Peninsula Township land use planning and zoning, including specific aspects of challenged PTZO provisions. (**Ex 3, 4**) Mr. Moss anticipated a forthcoming "supplemental report" after reviewing Dr. Daniels' report. (**Ex 4**, p. 2)

Mr. McDowell opines on the stresses of farming in Michigan and how agritourism, which he suggests includes a wedding held in barn or vineyard, is valuable. (**Ex 6** p. 3) He states agritourism is "important and necessary" because "a farm's success rate can increase exponentially" with it. (*Id.*, p. 4) His opinions make no reference to Dr. Daniels or Peninsula Township or land use planning or the PTZO or advertising.

Ms. Quimby opines that the Commission has "sole authority" and "complete control" over "alcohol in Michigan" and offers interpretations of constitutional, statutory, regulatory, and zoning provisions and caselaw related to alcohol. (**Ex 5** pp. 3-4) Her opinions make no reference to Dr. Daniels nor any PTZO provisions but conclude the PTZO prohibits what state law allows, there is conflict between the PTZO and state law, and state law preempts local regulation. (**Ex 5** ¶¶ 10.f, 11.c, 12)

On September 11, Plaintiffs served Mr. Moss's "supplemental" report responding to Dr. Daniels' report and opinions. (**Ex 7**)

### e. Plaintiffs rely on Mr. McDowell's and Ms. Quimby's opinions to support summary judgment on issues they previously lost.

When the Court first considered Plaintiffs' preemption argument, it concluded that Michigan law does not preempt PTZO limits on winery operating hours but does preempt PTZO provisions on amplified music and catering kitchens. (ECF 162, PageID.5989-5993) The Court also concluded that weddings are not protected commercial speech but invalidated other PTZO provisions as impairing commercial speech. (ECF 162, PageID.6004-6005) After PTP intervened, the Court vacated those parts of its summary judgment order. (ECF 301, PageID.10697-10698)

Fast-forward to the second round of summary judgment motions, Plaintiffs cited Ms. Quimby's opinions to support their response opposing Peninsula Township's preemption summary

judgment motion. (ECF 473) Addressing the meaning of Mich. Admin Code R. 460.1030(1), providing liquor licensees "shall comply with all state and local building, plumbing, zoning, sanitation, and health laws, rules, and ordinances," Plaintiffs state:

> Teri Quimby, former Commissioner of the Michigan Liquor Control Commission confirms this Court's conclusion that the Rule is simply a "reminder," and "[t]he approval of an alcohol license does not equate to a building occupancy permit, for example."

(ECF 473, PageID.18015; ECF 473-13) They further cite her opinions to support their argument that the Michigan Legislature "only allowed local governments to have a say in several discrete areas." (ECF 473, PageID.18018)

Plaintiffs cited Mr. McDowell's opinions to support their reply on their free speech summary judgment motion. (ECF 501) Plaintiffs argue "modern commercial advertising is agritourism," advertising and marketing attracts customers so a farm business can sell products, then conclude this is consist with, *inter alia,* "the Michigan Department of Agriculture" [sic], citing Mr. McDowell's opinions. (ECF 501, PageID.19456; ECF 501-1)

## III.    LEGAL STANDARDS

Part of the purpose of Rule 16 is "discouraging wasteful pretrial activities." Fed. R. Civ. P. 16(a)(3). At a Rule 16 conference, a district court may consider and act on matters including "avoiding unnecessary proof," "limiting" expert testimony, and "controlling and scheduling discovery, including orders affecting disclosures . . . under Rule 26." Fed. R. Civ. P. 16(c)(2)(D), (F). The post-Rule 16 conference order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). A court "may issue any just orders" if a party "fails to obey a scheduling or other pretrial order," and "must order the party, its attorney, or both to pay the reasonable expenses--including attorney's fees--incurred because of any noncompliance with this rule, unless

the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f).

A party must disclose the identity of any witness it intends to call as an expert "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(A), (D).

A district court has discretion to limit proposed rebuttal testimony "to that which is directed to rebut new evidence or new theories proffered in the defendant's case-in-chief." *Martin v. Weaver*, 666 F.2d 1013, 1020 (6th Cir. 1981) (citing *Bowman v. General Motors Corp.*, 427 F.Supp. 234, 240 (E.D.Pa.1977) (noting abuse of discretion has only been found where "defendant's witnesses have presented an alternative theory or new facts or have otherwise created a need for a particularized response") (citing cases)). While proper rebuttal may include evidence that "might have been offered in chief," (*id.,* quotation omitted), rebuttal "is not an opportunity for the correction of any oversights in the plaintiff's case in chief." *Oklahoma v. Tyson Foods, Inc.*, 2009 WL 1065668, at *1 (N.D. Okla. Apr. 17, 2009) (quotation omitted). "Rebuttal is a term of art, denoting evidence introduced by a Plaintiff to meet new facts brought out in his opponent's case in chief." *Morgan v. Com. Union Assur. Companies*, 606 F.2d 554, 555 (5th Cir. 1979). In the expert context, a proposed rebuttal expert's opinions "are limited to that which is precisely directed to rebutting new matter or new theories presented by the opposing party's case in chief." *Maxum Indem. Co. v. Drive W. Ins. Servs. Inc.*, 2014 WL 12653865, at *1 (S.D. Ohio June 13, 2014) (quotation omitted). "The rebuttal disclosure must contain the same subject matter as defendant's disclosure." *Id.*

A party may object to material used to support or oppose a motion for summary judgment that cannot be presented in a form that would be admissible at trial. Fed. R. Civ. P. 56(c)(2), (e)

("affidavits ... shall set forth such facts as would be admissible in evidence"); *McFeely v. United States*, 700 F.Supp. 414, 418 n. 1 (S.D.Ind.1988).


**IV.    ARGUMENT**

The Court should exclude testimony and disregard opinions from Mr. McDowell and Ms. Quimby because it is not evidence on land use planning offered to rebut PTP's planning expert. As discussed above, the Court authorized PTP and Plaintiffs each to identify only a land use planning expert. (ECF 385, PageID.14146) For PTP, that planning expert is Dr. Daniels, one of nation's foremost authorities on the intersection between land use and agricultural preservation. (**Ex 3**) Even Plaintiffs' planning witness cites Dr. Daniels authoritatively as a "noted expert on farmland preservation." (**Ex 4 ¶¶** 4.d, 4.j) Dr. Daniels' report addresses how land use planning and zoning work together in Peninsula Township to complement and further its farmland preservation efforts. (**Ex 3** pp. 14-32) He addresses how zoning in general and in Peninsula Township balances principle and accessory uses to prevent *de facto* rezoning and "spot zoning." Dr. Daniels opines on agricultural zoning, the application of agricultural zoning to wineries, the connection between agricultural zoning and farmland preservation, and the governmental interests advanced by the PTZO. Dr. Daniels discusses neither agritourism[1] as such nor the relationship between local zoning and state liquor trafficking regulation.

Plaintiffs' witness Mr. Moss has some zoning experience, his opinions address land use planning concepts, and he responded specifically to Dr. Daniels' report. (**Exs 4, 7**)

Neither Mr. McDowell nor Ms. Quimby identify land use planning expertise and their opinions do not rebut Dr. Daniels' opinions regarding land use and planning in Peninsula Township

---

[1] Plaintiffs deposed Dr. Daniels about their "weddings are agritourism" argument. (ECF 469-8, ECF 501-3)

or elsewhere. Mr. McDowell is a farmer, former elected official, and former head of a state department that oversees regulations related to farming and rural development. (**Ex 6**) His highly generalized opinions do not address Peninsula Township at all, let alone that the PTZO has "the opposite effect" of preserving agricultural land, per their disclosures. (**Exs 6, 2**) He addresses the importance of supporting farmers but not Peninsula Township's plans, ordinances, and other farmland preservation efforts, nor specifically its highly successful Purchase of Development Rights (PDR) program that has preserved more acreage than any other local agricultural preservation program in Michigan. (**Ex 3** p. 9) The report resembles a letter that a well-positioned official might provide to support a grant application or proposed legislation. It is not rebuttal to Dr. Daniels.

Ms. Quimby is an attorney and former member of the Commission. (**Ex 5**) Her opinions address provisions in the Michigan Constitution and Liquor Control Code (MLCC) that establish the Commission and articulate its authority – topics Dr. Daniels never addressed. (**Ex 5**) She quotes law extensively then regurgitates Plaintiffs' interpretations nearly verbatim, citing the same cases Plaintiffs cite to support their preemption summary judgment motion. (*Id.*, p. 5; ECF 334) She addresses nothing specific in the PTZO but concludes it conflicts with and is preempted by state law. (*Id.*, pp. 7, 8) Her report resembles an amicus brief rather than expert rebuttal to Dr. Daniels' analysis of Peninsula Township's planning and zoning efforts to protect agriculture, including at wineries.

Plaintiffs understand the difference between a rebuttal land use planning expert and Mr. McDowell and Ms. Quimby. They identified Mr. Moss as their planning witness; after reviewing Dr. Daniels' report, and in direct response to it, Plaintiffs served Mr. Moss's "supplemental" report. (**Exs 2, 4, 7**) In their Rebuttal Witness Expert Disclosures, Plaintiffs noted their listed experts "may

not testify," depending on what specifically Dr. Daniels opined. (**Ex 2** p. 2) There is no "supplemental report" from Mr. McDowell nor Ms. Quimby responding to Dr. Daniels' opinions. Plaintiffs nevertheless relied upon Mr. McDowell and Ms. Quimby's opinions to support their agritourism-as-commercial-speech and preemption theories. (ECF 501, 501-1, 473, 473-13)

Plaintiffs refused to stipulate, when PTP requested, that Mr. McDowell and Ms. Quimby and their reports should be excluded because they are not proper rebuttal to Dr. Daniels. (**Ex 7**) According to Plaintiffs, Mr. McDowell and Ms. Quimby will offer testimony showing local governments may not enforce any local zoning restrictions they wish, that Mr. McDowell opines agritourism is important and necessary in rural communities, and that Ms. Quimby will rebut Dr. Daniels' concerns that a winery can become a bar or operate as a restaurant under MLCC regulations. (*Id.*) Putting aside their limited relevance and judicial value, these points do not convert these witnesses into land use planning experts rebutting Dr. Daniels. There is no indication either witness disagrees with anything of consequence to this case that Dr. Daniels actually said. As Plaintiffs emphasized, Dr. Daniels acknowledged Michigan sources considering farm weddings as a form of agritourism. (ECF 469, PageID.16954 n.8; ECF 501, PageID.19458) Dr. Daniels never suggested that zoning is limitless, that agritourism as unimportant or unnecessary, or that PTZO provisions trump liquor control laws. Dr. Daniels introduced no new facts or theories related to agritourism or liquor trafficking that might have opened the door to rebuttal on agritourism and the balance between local zoning and state liquor regulations – he does not discuss these topics at all. Any contrast between Dr. Daniels' opinions and those of Mr. McDowell and Ms. Quimby does not make their opinions proper rebuttal but reflects that they support Plaintiffs' case-in-chief, which Dr. Daniels rebuts.

Contrary to how Plaintiffs try to characterize these witnesses' opinions as countering Dr. Daniels' opinions, Plaintiffs attempt to support their legal theories through rebuttal without in fact rebutting anything Dr. Daniels introduced. Plaintiffs cite Mr. McDowell's and Ms. Quimby's opinions to support their summary judgment positions on "weddings = agritourism = commercial speech" and preemption respectively. (ECF 501, PageID.19456; ECF 473, PageID.18015, 18018) Dr. Daniels simply did not opine on these issues. After Plaintiffs were unsuccessful in convincing the Court, pre-PTP-intervention, that weddings are commercial speech and the MLCC preempts local limits on operating hours (ECF 162, PageID.5989-5993, 6004-6005), they now offer support from Mr. McDowell and Ms. Quimby to fortify those claims.

At bottom, Plaintiffs carry the burden of proving that particular zoning provisions are unconstitutional and preempted by state law. Where Dr. Daniels presents facts and expert opinions that undermine Plaintiffs' claims, Plaintiffs' proposed rebuttal planning witness (Mr. Moss) might counter them. Plaintiffs use Mr. McDowell and Ms. Quimby's opinions to support their case-in-chief and could have identified them as experts in August 2021. Plaintiffs' failure to do so – and instead their attempt to shoehorn them in as "rebuttal experts" – would waste judicial resources by identifying three experts where one suffices and unfairly deprive PTP of the opportunity to rebut new evidence and theories introduced by late-designated witnesses.

The Court gave PTP the limited opportunity to identify a land use planning expert and for Plaintiffs to present a planning expert to rebut Dr. Daniels. Had PTP introduced an expert to opine on the economics of agritourism or the meaning of liquor manufacturing and trafficking regulations, undoubtedly Plaintiffs would cry foul. Neither Mr. McDowell nor Ms. Quimby are proper rebuttal experts authorized by the Second Amended CMO. (ECF 343, 385) They were not timely designated experts under the First Amended CMO. (ECF 72) Therefore, their August 2023

opinions are not admissible evidence to support Plaintiffs' summary judgment briefs. Fed. R. Civ. P. 56(c). The Court should preclude them from testifying at trial and disregard references to their opinions in briefing because Plaintiffs failed either to comply with the schedule under Rule 16 or to seek schedule modifications to permit late-filed experts. Plaintiffs' failure to comply with the CMOs is not substantially justified so the Court should order Plaintiffs to pay PTP expenses bringing this motion. Fed. R. Civ. P. 16(f)(2).

## V.    CONCLUSION

For these reasons, PTP requests the Court exclude the testimony of Mr. McDowell and Ms. Quimby, disregard their opinions as evidence supporting summary judgment and otherwise in this case, and award PTP its costs incurred bringing this motion to enforce the Court's CMOs.

Respectfully submitted,

Date: December 4, 2023          By: _____
                                       /s/ Tracy Jane Andrews
                                   Tracy Jane Andrews (P67467)
                                   *Law Office of Tracy Jane Andrews, PLLC*
                                   Attorneys for Intervener
                                   420 East Front Street
                                   Traverse City, MI 49686
                                   (231) 946-0044
                                   tjandrews@envlaw.com

Date: December 4, 2023          By: _____
                                       /s/ Holly L. Hillyer
                                   Holly L. Hillyer (P85318)
                                   *Troposphere Legal, PLC*
                                   Co-Counsel for Intervenor-Defendant
                                   420 East Front Street
                                   Traverse City, MI 49686
                                   (231) 709-4709
                                   holly@tropospherelegal.com

**<u>CERTIFICATE OF SERVICE</u>**

I, Tracy Jane Andrews, hereby certify that on the 4th day of December, 2023, I electronically filed the foregoing document with the ECF system which will send a notification of such to all parties of record.

By: <u>/s/ Tracy Jane Andrews</u>
               Tracy Jane Andrews (P67467)
               Holly L. Hillyer (P85318)

**<u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.3(b)(i)</u>**

This Brief complies with the word count limit of L. Ci. R. 7.3(b)(i). This brief was written using Microsoft Word version 2016 and has a word count of 4,289 words.

Respectfully submitted,

Date:    December 4, 2023       By: <u>/s/ Tracy Jane Andrews</u>
                                     Tracy Jane Andrews (P67467)
                                     Law Office of Tracy Jane Andrews, PLLC
                                     Attorney for Intervener
                                     420 East Front Street
                                     Traverse City, MI 49686
                                     (231) 946-0044
                                     tjandrews@envlaw.com

Date:    December 4, 2023       By: <u>/s/ Holly L. Hillyer</u>
                                       Holly L. Hillyer (P85318)
                                       Olson, Bzdok & Howard, P.C.
                                       Co-Counsel for Intervener
                                       420 East Front Street
                                       Traverse City, MI 49686
                                       (231) 946-0044
                                       holly@envlaw.com