UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WINERIES OF THE OLD MISSION PENINSULA ASSOCIATION, *et al.*,<br>　　　　Plaintiffs,<br><br>-v-<br><br>PENINSULA TOWNSHIP,<br>　　　　Defendant,<br><br>and<br><br>PROTECT THE PENINSULA, INC.,<br>　　　　Intervenor-Defendant. | No. 1:20-cv-1008<br><br>Honorable Paul L. Maloney |

## ORDER REGARDING MOTION TO STRIKE MOTIONS TO DISMISS

Before the Court is Plaintiffs' motion to strike Peninsula Township's motions to dismiss (ECF Nos 458, 459, 462, 463). (ECF No. 482). The Township responded. (ECF No. 496). The Court will deny the motion to strike.

### I. Background

Two prior Court orders control the Township's ability to participate in this action as it relates to the new round of dispositive motions. (ECF Nos. 301, 303). The first was filed December 2, 2022. (ECF No. 301). In that order, the Court stated the following:

> The Wineries may also file a new motion for summary judgment, to which the Township and PTP may respond in accordance with the briefing schedule outlined in Local Rule 7.2(c). Lastly, although the Township will be permitted to file a motion for summary judgment regarding the preemption claim—because the entirety of the June 3 Order regarding preemption will be set aside—the Township will not be permitted to file a motion for summary judgment regarding any of the constitutional claims.

1

(ECF No. 301 at PID 10704) (emphasis added). The second Court order, dated December 14, 2023, stated the following:

> To the extent the Township seeks to re-file its summary judgment motion regarding the constitutional issues, the Court will not entertain such a motion. The Township will not get a second bite at the apple in defending against the Wineries' constitutional claims—which it utterly failed to do the first time around—simply because PTP has now been permitted to intervene in this matter. PTP will now get its chance at defending against these claims, but the Township has already had its chance to do so. On the other hand, because the Court set aside the entirety of the section in the June 3 Order discussing the Wineries and the Township's preemption summary judgment motions, the Township will be permitted to file a renewed motion for summary judgment limited to the preemption claim. And finally, the Township may respond to PTP and the Wineries' summary judgment motions within the time provided by the court rules.

(ECF No. 303 at PID 10838) (emphasis added).

## II. Discussion

The parties disagree over the Court's prior orders regarding the scope of the Township's ability to participate in this action. Plaintiffs maintain that Defendant's motions to dismiss are a "second bite at the apple" and improper. (ECF No. 483 at PID 18503). Defendant asserts that this Court's prior orders only limited its ability to file a new motion for summary judgment.

The December 14th order does reference the Township not getting a "second bite at the apple" regarding the constitutional claims. (ECF No. 303 at PID 10838). But that reference pertained to the Township re-filing its own new summary judgment motions. *Id.* Here, the Township has filed motions to dismiss for lack of jurisdiction, which are not new motions for summary judgment. Additionally, motions to dismiss for lack of jurisdiction can

2

be brought anytime. *See* Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y&H Corp.,* 546 U.S. 500, 514 (2006). In accordance with the Court's prior orders, Plaintiffs' motion to strike is denied.

**IT IS HEREBY ORDERED** that Plaintiffs' motion to strike Defendant's motions to dismiss (ECF No. 482) is **DENIED.** Plaintiff shall file responses to the motions by January 16, 2024.

**IT IS SO ORDERED**.

Date: December 26, 2023                                  /s/ Paul L. Maloney
                                                         Paul L. Maloney
                                                         United States District Judge