UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WINERIES OF THE OLD MISSION PENINSULA ASSOCIATION, *et al.*, <br>           Plaintiffs, <br><br> -v- <br><br> PENINSULA TOWNSHIP, <br>           Defendant, <br><br> and <br><br> PROTECT THE PENINSULA, INC., <br>           Intervenor-Defendant. | No. 1:20-cv-1008 <br><br> Honorable Paul L. Maloney |

## ORDER DENYING MOTION TO EXCLUDE REBUTTAL REPORTS

Before the Court is Protect the Peninsula's ("PTP") motion to exclude testimony and evidence from Plaintiffs' experts Gary McDowell and Teri Quimby. (ECF No. 503). Peninsula Township filed a response in support of PTP's position (ECF No. 505), and Plaintiffs responded in opposition. (ECF No. 507). The Court will deny the motion.

### I. Background

Back in May of 2023, the Court issued a second amended case management order ("CMO") to facilitate this action following PTP's intervention. (ECF No. 343). The CMO established that expert witnesses, their area of expertise, and a short summary of their expected testimony would be disclosed. PTP's expert disclosure date was June 19, 2023. Plaintiffs' expert disclosure date was July 3, 2023. Both parties would disclose their expert reports simultaneously on August 28, 2023.

1

PTP's only expert witness—Dr. Thomas Daniels—opines on land use planning. PTP's disclosure summarized what Dr. Daniels would discuss:

> Dr. Daniels is expected to testify regarding land use planning, the use of zoning regulations to control land use, the use of agricultural zoning, the application of agricultural zoning to wineries, and the connection between agricultural zoning and farmland preservation. Dr. Daniels is further expected to testify regarding the governmental interests advanced by the Peninsula Township Zoning Ordinance, including agricultural and farmland preservation and ensuring compatible land uses in Peninsula Township. Dr. Daniels is expected to provide expert testimony on how the Peninsula Township Zoning Ordinance, in conjunction with Peninsula Township's master plan and other ordinances, advances those governmental interests. Dr. Daniels is expected to testify regarding how the Peninsula Township Zoning Ordinance, including sections that address wineries and winery tasting rooms, are tailored to address the governmental interests of agricultural and farmland preservation and ensuring compatible land uses. Dr. Daniels is expected to testify regarding how the land use and special use permits issued by Peninsula Township to wineries advance its governmental interests of agricultural and farmland preservation and ensuring compatible land uses and are tailored to address those interests.

(ECF No. 507-1 at PID 19848–49). Dr. Daniels' thirty-two page report is quite expansive in addressing Peninsula Township's land use and zoning schemes. (ECF No. 503-3). His report also discusses limits on food and beverage services and the exclusion of weddings and other private events for hire. *Id.*

Plaintiffs tendered three witnesses: David Moss, Gary McDowell, and Teri Quimby. PTP's motion does not concern David Moss. Gary McDowell is the former Director of the Michigan Department of Agriculture and Rural Development ("MDARD"). Mr. McDowell's report concerns agritourism and how it provides opportunities for farmers. (ECF No. 503-6). Teri Quimby is a former Commissioner of the Michigan Liquor Control Commission. ("MLCC"). (ECF No. 503-5). Teri Quimby's report asserts that MLCC has the sole authority to regulate alcohol in Michigan.

## II. Legal Standard

Federal Rule of Civil Procedure 26(a)(2)(D)(i) requires that absent a stipulation or court order, expert disclosures must be made "at least 90 days before the date set for trial." "[I]f the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)," the disclosure must be made "within 30 days after the other party's disclosure." Fed. R. Civ. P. 26(a)(2)(D)(ii). A Court may "issue any just orders" if a party or attorney "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(c). "In the exercise of sound discretion, the district court may limit the scope of rebuttal testimony. . . ." *Martin v. Weaver*, 666 F.2d 1013, 1020 (6th Cir. 1981).

## III. Analysis

The issue is whether the Court should strike two of Plaintiffs' expert reports. PTP urges the Court to ignore the reports when considering the pending motions for summary judgment, bar Plaintiffs from using the reports at trial, and sanction the Plaintiffs for costs associated with bringing the motion to exclude. (ECF No. 503 at PID 19680). Generally, PTP maintains that Plaintiffs violated the first and second CMOs and that McDowell's report and Quimby's report are not proper rebuttal under the rules. Plaintiffs counter that McDowell and Quimby were timely disclosed. Further, Plaintiffs assert that their experts offer proper rebuttal within the scope of Dr. Daniels' report.

Plaintiffs did not violate the CMOs. The second CMO required Plaintiffs to disclose their experts by July 3, 2023. (ECF No. 343). Plaintiffs complied. The second CMO also required that Plaintiffs disclose their expert reports by August 28, 2023. Plaintiffs complied

with that deadline as well. PTP's assertion that Plaintiffs violated the first CMO lacks merit; holding Plaintiffs to their original disclosures would be unfair considering PTP's intervention.

The second CMO does not contemplate supplemental or rebuttal reports, so the Court turns to Rule 26 to determine whether the McDowell and Quimby reports are proper rebuttal. *See* Fed. R. Civ. P. 26(a)(2)(D) (outlining the procedure in the absence of a CMO). First, the McDowell and Quimby reports were made "at least 90 days before the date set for trial." Fed. R. Civ. P. 26(a)(2)(D)(i). The McDowell and Quimby reports were also proffered within "30 days after the [report by Dr. Daniels]." Fed. R. Civ. P. 26(a)(2)(D)(ii). In fact, all three reports at issue were produced simultaneously on August 28, 2023, in accordance with the expert report disclosure date set forth in the second CMO.

The McDowell and Quimby reports are proper rebuttal and counter Dr. Daniels' report. To be sure, McDowell and Quimby could not have reviewed Dr. Daniels' report before drafting their own because the reports were disclosed on the same day. Even so, the disclosure regarding what Dr. Daniels would opine provided sufficient notice of the breadth of testimony he would offer. (ECF No. 507-1 at PID 19848–49). From that disclosure, Plaintiffs and their experts were able to anticipate and rebut Dr. Daniels' testimony.

Proper rebuttal is generally cabined to the matters that the original expert offered opinions on. *See* Fed. R. Civ. P. 26(a)(2)(D)(ii); *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 45 F. Supp. 3d 724, 760 (N.D. Ohio 2014) ("Courts should not permit experts to testify as to a wholly new, previously unexpressed opinion."). "Rebuttal

4

testimony is responsive to new information by the other party." *In re Air Crash Disaster*, 86 F.3d 498, 528 (6th Cir. 1996).

Quimby's report is within the rebuttal scope of Dr. Daniels' report. Dr. Daniels' thirty-two page report addresses Peninsula Township's land use and zoning schemes. (ECF No. 503-3). His report also discusses limits on food and beverage services and the exclusion of weddings and other private events for hire. *Id.* Quimby's report argues that MLCC has sole authority to regulate alcohol in Michigan, which rebuts Dr. Daniels' implicit assertion that Peninsula Township can limit the sale of alcoholic beverages. (ECF No. 503-3 at PID 19728–29). Dr. Daniels' report states, "Limitations on the tasting and sale of wines only produced onsite is a common practice in the zoning ordinances of the major wine producing areas cited in this report as previously discussed." (*Id.* at 19730).

McDowell's report is short but speaks clearly to the economic value of agritourism. McDowell's report sheds light on the value of agritourism while Dr. Daniels concludes that it would be negative. Specifically, Dr. Daniels concludes that "the addition of non-agricultural activities, such as weddings and receptions for hire," i.e. agritourism, would push up land prices, make it difficult for the Peninsula to maintain its agricultural operations, and cause increased traffic. (ECF No. 503-3 at PID 19734). The Court finds Dr. Daniels' report broad enough to permit the rebuttal from Quimby and McDowell.

Finally, this case is set for a bench trial. The parties will have an opportunity to impeach or otherwise discredit the experts then. There is no jury to prejudice, and the Court will be able to make credibility determinations at trial.

## Conclusion

The Court declines to exclude Plaintiffs' rebuttal expert reports. Plaintiffs did not violate the second case management order, and the reports were procedurally proper. Dr. Daniels' report was broad enough to permit rebuttal from Quimby and McDowell.

**IT IS HEREBY ORDERED** that Protect the Peninsula's motion to exclude testimony and evidence from Plaintiffs' experts Gary McDowell and Teri Quimby (ECF No. 503) is **DENIED**.

**IT IS SO ORDERED**.

Date: December 27, 2023 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge