UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WINERIES OF THE OLD MISSION PENINSULA ASSOCIATION, *et al.*,
Plaintiffs,

-v-

PENINSULA TOWNSHIP,
Defendant,

and

PROTECT THE PENINSULA, INC.,
Intervenor-Defendant.

No. 1:20-cv-1008

Honorable Paul L. Maloney

**OPINION AND ORDER RESOLVING MOTIONS FOR SUMMARY JUDGMENT REGARDING AFFIRMATIVE DEFENSES**

Before the Court are two motions for partial summary judgment. The Wineries (the "Plaintiffs") moved for summary judgment regarding numerous affirmative defenses raised by Peninsula Township in its answer to Plaintiffs' amended complaint. (ECF No. 439). The Township responded opposing some defenses and conceding others. (ECF No. 466). The Wineries also moved for summary judgment on several affirmative defense raised by Protect the Peninsula ("PTP"). (ECF No. 441). PTP responded in opposition. (ECF No. 457).

## I. Background

Plaintiffs in this matter are several wineries located in Peninsula Township, Traverse City, Michigan. Plaintiffs sued Peninsula Township for several restrictions and regulations in the Peninsula Township Zoning Ordinance ("PTZO"). Some of the restrictions in the PTZO that Plaintiffs challenge include regulations of advertising, regulations of bar and

restaurant operations, vagueness of the term "Guest Activity," limitations on hours of operation, prohibition of hosting events such as weddings and family reunions, prohibition of amplified music, and regulations requiring the Wineries to use a certain percentage of Old-Mission-Peninsula-grown grapes and ingredients in producing wine, among numerous other restrictions. The PTZO has sparked controversy among the parties for years.

## II. Legal Standard

Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories and admissions, together with the affidavits, show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Tucker v. Tennessee*, 539 F.3d 526, 531 (6th Cir. 2008). The burden is on the moving party to show that no genuine issue of material fact exists, but that burden may be discharged by pointing out an absence of evidence supporting the nonmoving party's case. *Bennett v. City of Eastpointe*, 410 F.3d 810, 817 (6th Cir. 2005) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The facts, and the inferences drawn from them, must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Once the moving party has carried its burden, the nonmoving party must set forth specific facts, supported by evidence in the record, showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The question is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a

matter of law." *Anderson*, 477 U.S. at 251–252. The function of the district court "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Resolution Trust Corp. v. Myers*, 9 F.3d 1548 (6th Cir. 1993) (unpublished table opinion) (citing *Anderson*, 477 U.S. at 249).

However, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Pierce v. Commonwealth Life Ins. Co.*, 40 F.3d 796, 800 (6th Cir. 1994)) (quotation marks omitted). A mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734–35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). Accordingly, the non-moving party "may not rest upon [his] mere allegations," but must instead present "specific facts showing that there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 814 (6th Cir. 2006) (quoting Fed. R. Civ. P. 56(e)) (quotation marks omitted). In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

## III. Analysis

The Township and PTP aver that summary judgment is not the proper procedure to dispose of its affirmative defenses prior to trial because Plaintiffs' motion is not fact intensive. But as discussed below, some affirmative defenses are not fact intensive and border on purely legal questions of law. "The court shall grant summary judgment if the movant shows that

there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may move for summary judgment because the adverse party lacks sufficient facts to support its defense or claim. *Celotex*, 477 U.S. at 322. It then follows that it is the nonmoving party's burden to show there is a genuine issue for trial. None of the parties spend meaningful time pointing to factual ambiguities necessitating a trial on many of these issues. Summary judgment is a proper avenue for disposing of affirmative defenses. *See Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995) ("To meet this burden, the moving party may rely on any of the evidentiary sources listed in Rule 56(c) or may merely rely upon the failure of the nonmoving party to produce any evidence which would create a genuine dispute for the jury.").

For starters, Plaintiffs seek summary judgment on 18 separate defenses raised by the Township because they are not affirmative defenses.[1] Similarly, Plaintiffs also moved for summary judgment against 22 of PTP's defenses because they are not affirmative defenses.[2] The Court finds that Plaintiffs have failed to carry their burden on summary judgment under this argument. *See Navarro v. Procter & Gamble Co.*, 515 F. Supp. 3d 718, 776 (S.D. Ohio 2021) ("Beyond noting that it is not an affirmative defense, [plaintiff] offers no support for her argument that she is entitled to summary judgment on Defendants' claim for attorney's fees. . . . [Plaintiff] has neither pointed to a lack of evidence for Defendants' claim nor suggested that there is no issue of material fact. . . . Accordingly, the Court finds that [plaintiff] has failed to meet [its] burden on summary judgment."). This argument is rejected.

---

[1] In particular, Plaintiffs moved for summary judgment on defenses A, F, G, K, L, M, N, O, P, Q, R, S, T, U, W, DD, EE, FF of the Township's answer. (ECF No. 35)

[2] These PTP defenses include A, F-G, M, O-R, T-EE, and OO-PP. (ECF No. 291)

**A. Plaintiffs' Partial Motion for Summary Judgment Regarding the Township's Affirmative Defenses (ECF No. 439).**

The Township conceded that summary judgment is appropriate for several of its affirmative defenses.[3] Therefore, the Court will grant in part Plaintiffs' motion to the extent that the Township concedes its affirmative defenses as initially raised. The Court will grant summary judgment to Plaintiffs on affirmative defenses E, K, V, X, Z, AA, EE, and GG as taken from the Township's Answer to Plaintiffs' First Amended Complaint. (ECF No. 35).

1. Affirmative Defense B

Affirmative Defense B brought by the Township states, "Plaintiffs' claims are barred in whole or in part as a result of the expiration of the applicable statute of limitations." (ECF No. 25 at PID 1950). A federal court turns to its forum state's personal injury statute of limitation period in the context of § 1983 claims. *See McCune v. City of Grand Rapids*, 842 F.2d 903, 905-06 (6th Cir. 1988). In Michigan, that period is three years. Mich. Comp. Laws 600.5805(2). Plaintiffs argue that they are entitled to summary judgment on this issue because the PTZO operates as a continuing violation, and the statute of limitations only limits Plaintiffs' damages. In response, the Township argues that Plaintiffs claims accrued when the Township granted their land-use approvals.

The Court agrees with Plaintiffs. *See Kuhnle Bros., Inc. v. Cnty. of Geauga*, 103 F.3d 516, 522 (6th Cir. 1997) ("A law that works an ongoing violation of constitutional rights does not become immunized from legal challenge for all time merely because no one challenges

[3] Here, "concession" means the Township either indicated it would not pursue an affirmative defense or that it was no longer applicable. Either way, the Court will grant Plaintiffs' motion to trim the issues for trial. To be sure, the Township maintains that summary judgment was not the proper vehicle to address these issues. (ECF No. 466 at PID 16838).

it within two years of its enactment."). The statute of limitations may only serve to limit the Plaintiffs' damages; it does not bar their claims. Summary judgment is granted to Plaintiffs regarding Affirmative Defense B.

2. Affirmative Defense Y

Affirmative Defense Y brought by the Township states, "Plaintiffs' claims may be barred by the doctrine of laches." (ECF No. 25 at PID 1952). Plaintiffs assert that they are entitled to summary judgment because laches is not a defense to injunctive relief. The defense of laches generally requires: "(1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense." *Costello v. United States*, 365 U.S. 265, 282 (1961). "Although laches precludes a plaintiff from recovering damages, it does not bar injunctive relief." *Kellogg Co. v. Exxon Corp.*, 209 F.3d 562, 568 (6th Cir. 2000).

In an unpublished criminal case regarding forfeiture, the Sixth Circuit affirmed a district court when it construed a defendant's motion for the return of property as a "motion in a civil action seeking equitable relief." *Obiukwu v. United States*, 14 F. App'x 368, 369 (6th Cir. 2001). The district court had ruled that the defendant's motion was barred by laches. The Township leverages this case, along with several other unpublished cases or district court opinions, to assert that laches can apply to prospective relief.

In a published patent case, the Sixth Circuit went another route. In full, the circuit said the following about laches:

> Finally, we are not persuaded by [plaintiff's] argument that even if its 11–year delay in bringing suits constitutes laches, it is nonetheless entitled to prospective injunctive relief. Laches only bars damages that occurred before the filing date of the lawsuit.

> *Kellogg,* 209 F.3d at 568; *TWM Mfg. Co. Inc. v. Dura Corp.,* 722 F.2d 1261, 1268 (6th Cir.1984). It does not prevent plaintiff from obtaining injunctive relief or post-filing damages. *Kellogg,* 209 F.3d at 568; *TWM,* 722 F.2d at 1268. "[T]o defeat a suit for injunctive relief, a defendant must also prove elements of estoppel which requires more than a showing of mere silence on the part of a plaintiff; defendant must show that it had been misled by plaintiff through actual misrepresentations, affirmative acts of misconduct, intentional misleading silence, or conduct amounting to virtual abandonment of the trademark." *SCI Systems, Inc. v. Solidstate Controls, Inc.* 748 F.Supp. 1257, 1261–62 (S.D. Ohio 1990).

*Nartron Corp. v. STMicroelectronics, Inc.*, 305 F.3d 397, 412-13 (6th Cir. 2002). Both *Nartron Corp.* and *Kellog Co.* explain that Laches is not a defense to injunctive relief. The Court will follow the published precedent and grant Plaintiffs' motion as it relates to the Township's laches defense and injunctive relief. The Court acknowledges that the Township's laches argument may still apply to the damages.

3. Affirmative Defense D

Affirmative Defense D raised by the Township states, "[s]ome or all of Plaintiffs' claims are barred because of their failure to exhaust administrative or other remedies or to satisfy jurisdictional requirements." (ECF No. 25 at PID 1950). Plaintiffs seek summary judgment because there is no exhaustion requirement under § 1983. In its response, the Township frames this issue as one of finality and mootness. The Court addressed this argument in earlier opinions. (ECF No. 518) (denying the Township's two motions to dismiss regarding several of the Wineries' claims for lack of finality and mootness); (ECF No. 525) (rejecting the Township's case and controversy and mootness argument regarding the preemption claims).

First, the Wineries did not have to exhaust administrative remedies before filing suit. *See Knick v. Twp. of Scott*, 139 S. Ct. 2162, 2167 (2019). Second, this matter is sufficiently ripe and "final" for judicial review. The Supreme Court recently addressed the "finality" requirement and explained that it is "relatively modest." *Pakdel v. City & Cnty. of San Francisco*, 141 S. Ct. 2226, 2230 (2021). Finality "ensures that a plaintiff has actually 'been injured by the Government's action and is not prematurely suing over a hypothetical harm." *Id.* (citing *Horne v. Dep't of Agric.*, 569 U.S. 513, 525 (2013)). Employment of the finality doctrine in this case would be futile given the longstanding and pervasive enforcement of the PTZO by the Township and against the Wineries. *See Lucas v. S.C. Coastal Council*, 505 U.S. 1003, 1013 (1992) (explaining the courts have discretion over the use of the finality doctrine). And finally, this matter is not moot because the newly passed Amendment 201 strongly resembles its predecessor. Additionally, the previous ordinances are still in effect by virtue of the Wineries' special use permits, which stem from the prior PTZO variant. Plaintiffs' motion for summary judgment on this affirmative defense is granted.

4. Affirmative Defenses I and J

Affirmative Defense I raised by the Township states, "Plaintiffs' reliance on the legal opinions rendered by the Defendant's attorney during pre-litigation negotiations in this matter is inadmissible and improper." (ECF No. 35 at PID 1950). Defense J states, "The Defendant has not made any admissions or otherwise adopted its attorney's pre-litigation legal opinions upon which Plaintiffs' claims rely." (ECF No. 35 at PID 1951). Plaintiffs moved for summary judgment because they assert that these are not affirmative defenses, but evidentiary questions. The Township agrees that these matters are not affirmative defenses,

but rather evidentiary issues better left for motions *in limine*. Nevertheless, the Township asserts that the Wineries are not entitled to summary judgment on them.

Evidentiary objections are obviously not defenses. *See Champion Lab'ys, Inc. v. Cent. Illinois Mfg. Co.*, 157 F. Supp. 3d 759, 768 (N.D. Ill. 2016) ("Another affirmative defense—the Eleventh Affirmative Defense (Federal Rules of Evidence 404(b) and 408(a))—is not an affirmative defense but rather a claim that certain evidence should not be admitted in later motion practice, at a hearing or at trial."). The Court will grant summary judgment to the extent the Township wishes to assert I or J at trial as an affirmative defense; it would be improper.[4] The Court will leave the questions of admissibility for another day and another motion.

5. Affirmative Defense C

Affirmative Defense C brought by the Township states, "Plaintiffs have failed, neglected and/or refused to properly and adequately mitigate the damages they claim to have suffered." (ECF No. 35 at PID 1950). Plaintiffs assert that the Township failed to elaborate on a prior interrogatory relating to the defense and therefore abandoned the defense. In response, the Township asserts that the Wineries never asked the Township what evidence it intended to rely on for this defense. Plaintiffs failed to carry their burden on summary judgment. Plaintiffs did not demonstrate for the Court that there is no genuine issue of material fact and they are entitled to summary judgment. Plaintiffs motion is denied as related to Defense C.

6. Affirmative Defense H

[4] The Court notes the odd posture of this motion. Plaintiffs may have been better off filing a motion to strike the Township's defenses. But at the end of the day, the motions end with the same result: the Township is precluded from arguing them at trial.

Defense H states, "Plaintiffs have failed to follow the statutorily prescribed process for amending the Defendant's zoning ordinances under the Michigan Zoning Enabling Act." (ECF No. 35 at PID 1950). Plaintiffs argue they are entitled to summary judgment because they are not seeking to amend the ordinance. Just because Plaintiffs sought to amend the PTZO in the past does not mean they are trying to now, and these PTP defenses are inapplicable. The burden is on the moving party to show that no genuine issue of material fact exists, but that burden may be discharged by pointing out an absence of evidence supporting the nonmoving party's case. *Bennett v. City of Eastpointe*, 410 F.3d 810, 817 (6th Cir. 2005). Here, Plaintiffs pointed to the inapplicability of these defenses, and the Township failed to demonstrate that there is specific issue for trial stemming from defense H. Summary judgment is granted to Plaintiffs.

7. Affirmative Defense BB

Defense BB asserts that Plaintiffs' "claims may be barred by the doctrine of abstention." (ECF No. 35 at PID 1952). Defense BB is extremely vague, and it does not name a particular doctrine. Plaintiff seeks summary judgment because "none of the [abstention doctrines] would warrant this Court declining to hear the merits of this dispute." (ECF No. 440 at PID 15562). The Township argues that it is possible an abstention doctrine could become relevant after the Wineries present their proofs at trial. The affirmative defense raised is vague and so is the briefing on this issue. Plaintiffs have failed to meet their burden on summary judgment.

8. Affirmative Defense CC

Finally, Defense CC states, "Plaintiffs have waived their ability to challenge the zoning conditions placed upon their special use permits." (ECF No. 35 at PID 1952). Plaintiffs argue that they are entitled to summary judgment because "they could not have waived their constitutional rights." Plaintiffs failed to meet their burden on summary judgment because the briefing on this issue is limited. The Court notes that each Winery SUP is different and a grant here would be too sweeping.

**B. Plaintiffs' Partial Motion for Summary Judgment Regarding Protect the Peninsula's Affirmative Defenses (ECF No. 441).**

Plaintiffs seek summary judgment on several of the PTP's affirmative defenses. PTP raised 64 defenses. (ECF No. 291). PTP's 64 affirmative defenses outnumber the Township's original 33 defenses.

The first issue is whether an intervening party can assert new affirmative defenses that an original defendant did not bring. Plaintiffs argue that they are entitled to summary judgment on all defenses brought by PTP that were not originally brought by the Township. In response, PTP maintains its new defenses are proper.

Rule 24(a)(2) requires courts to permit a party's intervention if it "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24. In the Court's view, it would be unfair to limit PTP to the very defenses it believed were

insufficient to protect its interests.[5] *See Alvarado v. J.C. Penney Co.*, 997 F.2d 803, 805 (10th Cir. 1993) ("We agree that [w]hen a party intervenes, it becomes a full participant in the lawsuit and is treated just as if it were an original party.") (quotations omitted). Plaintiffs' argument is rejected.

1. Affirmative Defenses C, G, T

Plaintiffs seek summary judgment on several defenses relating to damages:

> C. Plaintiffs have failed, neglected and/or refused to properly and adequately mitigate the damages they claim to have suffered.
>
> G. Plaintiffs have prayed for damages that are not awardable under controlling law.
>
> T. Plaintiffs have failed to identify the damage claims for violation of the First and Fourteenth Amendments in which they state zoning ordinance provisions were unconstitutional.

(ECF No. 291). Plaintiffs argue that defenses relating to damages are not relevant to PTP because PTP would not pay damages. In response, PTP did not demonstrate how or why damages defenses were relevant to its case. PTP did not provide the court with a factual issue to send to trial. PTP merely states that "[d]epending on the case the Wineries put forth, PTP may present contrary evidence." (ECF No. 457 at PID 16045). Plaintiffs' motion is granted as related to affirmative Defenses C, G, T because PTP did not provide a genuine issue for trial and because Plaintiffs' damages are not relevant to PTP.

2. Affirmative Defense B

---

[5] Neither party cite to binding opinions regarding this issue. Plaintiffs principally rely on a case from the Court of International Trade. *See Torrington Co. v. United States*, 731 F. Supp. 1073, 1076 (Ct. Int'l Trade 1990) (denying an intervenor the ability to assert a standing argument).

Plaintiffs seek summary judgment on affirmative defense B, which states "Plaintiffs' claims are barred in whole or in part as a result of the expiration of the applicable statute of limitations." (ECF No. 291 at PID 10328). As discussed above, the statute of limitations only serves to limit the Plaintiffs' damages. Plaintiffs' damages are not relevant to PTP. Plaintiffs' motion is granted as related to defense B.

3. Affirmative Defenses Regarding Laches

As discussed above, laches is not a defense to injunctive relief. *Nartron Corp.*, 305 F.3d at 412-13. Any remaining laches argument could be relevant to damages, which would be irrelevant to PTP. Plaintiffs' motion is granted as related to all of PTP's laches related defenses—II, ZZ, AAA, BBB, CCC, and DDD. (ECF No. 291).

4. Affirmative Defenses VV, WW and XX

Plaintiffs argue that they are entitled to summary judgment on three standing based defenses because they are not affirmative defenses. This argument is rejected as it was above. *See Navarro*, 515 F. Supp. at 776 (explaining that merely saying an argument is not an affirmative defense is not grounds for summary judgment). The Court notes that standing will again be addressed in a forthcoming opinion regarding additional motions for summary judgment.

5. Affirmative Defenses D and YY

PTP's defense D states, "Some or all of Plaintiffs' claims are barred because of their failure to exhaust administrative or other remedies or to satisfy jurisdictional requirements." (ECF No. 291 at PID 10328). The Court will withhold ruling on the standing defense

because PTP brought a separate motion for summary judgment attacking Plaintiffs' claims for lack of standing. (ECF No. 516).

PTP's defense YY states, "Plaintiffs' claims are unripe to the extent they have failed to apply for SUPs, site plan review, variances, and/or zoning permits for the land uses they seek to undertake or pursue through their Complaint." (ECF No. 291 at PID 10333). The Court will enter summary judgment for Plaintiff as related to defense YY consistent with the rejected finality argument above and as addressed in this Court's prior opinion. (ECF No. 518). Plaintiffs' claims are ripe.

6. Affirmative Defense QQ and KK

PTP does not intend to pursue defenses QQ or KK. (ECF No. 457 at PID 16055). Summary judgment is granted to Plaintiffs.

7. Affirmative Defenses JJ

Defense JJ states, "Plaintiffs' claims are barred by their own voluntary acknowledgement and agreement to the terms of special use permits issued by Peninsula Township." (ECF No. 291 at PID 10331). Plaintiffs argue they are entitled to summary judgment because the special use permits ("SUPs") granted to the Wineries by the Township are not contracts. In response, PTP asserts that the SUPs are relevant to each Wineries' standing and whether they were actually injured by the ordinances.

The Court finds that the SUPs that Plaintiffs are subject to are not contractual agreements. "A valid contract requires five elements: (1) parties competent to contract, (2) a proper subject matter, (3) legal consideration, (4) mutuality of agreement, and (5) mutuality of obligation." *Innovation Ventures v. Liquid Mfg.*, 885 N.W.2d 861, 871 (Mich. 2016). The

SUPs are not supported by consideration. "To have consideration there must be a bargained for exchange"; "[t]here must be a benefit on one side, or a detriment suffered, or service done on the other." *Id.* When the Township approved the SUPs for the Wineries, there was no bargained-for exchange. After the approval of each Winery's respective SUP, the Wineries were then permitted to engage in certain commercial activities that otherwise would not be permitted. However, it is unclear what the Township has received from issuing the SUPs. There does not appear to be any bargained-for exchange that would meet the consideration requirement of a valid contract. *See Trevino & Gonzalez Co. v. R.F. Muller Co.*, 949 S.W.2d 39, 42 (Tex. Ct. App. 1997) ("[W]hen a building permit is issued, none of the elements of a contract are present. There is no offer, no acceptance, and no consideration."); *Forest Serv. v. Emps. For Env't Ethics v. U.S. Forest Serv.*, 689 F. Supp. 2d 891, 903 (W.D. Ky. 2010) (holding that despite the parties classifying their agreements as "contracts," "the plain meaning of the documents [is] that these 'contracts' were intended to be special-use permits," and identifying the difference between permits and contracts).

To the extent that PTP asserts defense JJ as a defense relying on a contract theory, summary judgment is granted to Plaintiffs.

8. Affirmative Defense NN

Defense NN states, "Plaintiffs have waived their ability to challenge the zoning conditions placed upon their special use permits." (ECF No. 291 at PID 10332). Plaintiffs aver they are entitled to summary judgment because PTP is not a party to the SUPs and courts are loath to find that parties waived their constitutional rights. PTP argues that it benefits from the

SUPs. Second, PTP maintains that the Wineries argument relies on the fact that the SUPs violate their rights, which is a contested issue.

The Court finds that summary judgment would be premature. Members of PTP, and other citizens in the Township, presumably benefit from zoning and the PTZO. PTP and its members can raise zoning violations with the Township board and ensure compliance through nuisance complaints. While not a party to the SUPs *per se*, PTP is a potential beneficiary of them. Although courts may loath finding a party waived its rights, it is not impossible. *See e.g.*, *Sewell v. Jefferson Cnty. Fiscal Ct.*, 863 F.2d 461, 464 (6th Cir. 1988). Further, as explained above, Plaintiffs failed to carry their burden on summary judgment.[6]

9. Affirmative Defenses BBB and DDD: Vested Interests

These defenses concern PTP's vested interests:

> BBB. Plaintiffs' delay in bringing these claims prejudiced PTP and its members because PTP's members have relied for decades on reasonable investment-backed expectations that the zoning provisions would remain in place subject to a process to amend the Zoning Ordinance established in the Michigan Zoning Enabling Act, including public hearings, compliance with the standards to amend an ordinance, recommendations by the Planning Commission, approval by the Township Board, and the right of voter referendum.
>
> DDD. Plaintiffs' own actions, including by requesting, promoting, drafting, supporting, advocating, accepting, and failing to bring timely challenges to the very zoning provisions they challenge in this case have prejudiced PTP and its members by inducing PTP and its members to rely on the zoning provisions and invest in accordance with them.

---

[6] Without a sound factual basis to make a ruling, the Court believes it would be better to leave the more fact intensive questions for trial.

Plaintiffs maintain they are entitled to summary judgment because PTP cannot have an interest in the enforcement of an unlawful ordinance. PTP counters that this argument presumes the PTZO is unconstitutional.

It is true that the public in general has no interest in the enforcement of an unconstitutional ordinance. *See KH Outdoor, LLC v. City of Trussville*, 458 F.3d 1261, 1272 (11th Cir. 2006). But what parts of the PTZO are unconstitutional remains unclear. Granting summary judgment would be premature.

10. Affirmative Defenses III and JJJ

PTP raises the following defenses:

> III. Plaintiffs' intended engagement in commercial activity in the A-1 Agricultural district without the limitations established by the challenged zoning provisions would be injurious to the public and the surrounding land uses, and therefore would constitute public nuisances in fact and per se.
>
> JJJ. Plaintiffs' intended engagement in commercial activity near the homes and farms of PTP members without the limitations established by the challenged zoning provisions would be injurious to PTP and its members, and therefore would constitute private nuisances.

(ECF No. 291 at PID 10335). Plaintiffs move for summary judgment because nuisance law cannot be raised as a defense because it is typically a cause of action. PTP argues in response that zoning is designed to protects others in the community.

PTP and its member potential nuisance complaints cannot be defenses to Plaintiffs' claims. "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter . . . on its own." Fed. R. Civ. P. 12(f)(1). PTP's future nuisance litigation is not a proper defense, and the Court will strike III and JJJ as inapplicable and improper.

11. Affirmative Defense HH and KKK

PTP does not intend to pursue HH as a defense. (ECF No. 457 at PID 16061). PTP does not intend to pursue KKK as a defense. (ECF No. 457 at PID 16061). The Court will grant summary judgment to Plaintiffs on both.

12. Affirmative Defenses I, J, K, and L

The Wineries seek summary judgment on PTP's following defenses:

> I. Plaintiffs' reliance on the legal opinions rendered by Defendant Peninsula Township's attorney during pre-litigation negotiations in this matter is inadmissible evidence.
>
> J. Defendant Peninsula Township's attorney lacked authority from the Township Board to negotiate with Plaintiffs for zoning ordinance amendments.
>
> K. Defendant Peninsula Township's attorney lacked authority under Michigan law to negotiate with Plaintiffs for zoning ordinance amendments.
>
> L. Defendant Peninsula Township has not made any binding or admissible admissions, nor has the Township otherwise adopted its attorney's pre-litigation legal opinions upon which Plaintiffs' claims rely.

(ECF No. 291 at PID 10329). Evidentiary objections are obviously not defenses. *See Champion Lab'ys, Inc.*, 157 F. Supp. 3d at 768. ("Another affirmative defense—the Eleventh Affirmative Defense (Federal Rules of Evidence 404(b) and 408(a))—is not an affirmative defense but rather a claim that certain evidence should not be admitted in later motion practice, at a hearing or at trial."). The Court will grant summary judgment to the extent PTP wishes to assert I or L at trial as a defense; it would be improper. The Court will leave the questions of admissibility for another day and another motion.

J and K contain more than mere evidentiary questions, and Plaintiffs have failed to meet their summary judgment burden as to these defenses. The Court will deny summary judgment as related to J and K.

13. Affirmative Defenses O, OO, PP, E, and QQ

PTP does not intend to pursue O, OO, PP, E, and QQ as defenses. (ECF No. 457 at PID 16062). The Court will grant summary judgment to Plaintiffs.

14. Affirmative Defenses GGG and HHH

PTP raised the following defenses:

> GGG. All or some of Plaintiffs' claims are barred by collateral estoppel and/or res judicata, due to prior litigation, prior adjudications, and prior resolutions involving one or more of Plaintiffs. This includes, without limit, 1998 litigation by Chateau Operations Ltd and Bob Begin against Peninsula Township in Michigan 13th Circuit Court; 2007 litigation by Old Mission Peninsula Winery Growers against Peninsula Township and Winery at Black Star Farms in Michigan 13th Circuit Court; and violations alleged by Peninsula Township against Oosterhouse Vineyards in 2016 and 2017. There may be others.
>
> HHH. All or some of Plaintiffs' claims are barred by estoppel or judicial estoppel, due to their taking positions in prior litigation and proceedings inconsistent with their positions in this litigation. This may include, without limit, 2007 proceedings and litigation by Plaintiffs involving a variance and activities by Winery at Black Star Farms.

(ECF No. 291 at PID 10335). Plaintiffs move for summary judgment on GGG because PTP was not a party to the prior litigation, and Plaintiffs assert that they are irrelevant.

"The doctrine of res judicata applies where: (1) there has been a prior decision on the merits, (2) the issue was either actually resolved in the first case or could have been resolved in the first case if the parties, exercising reasonable diligence, had brought it forward, and (3) both actions were between the same parties or their privies." *Bennett v. Mackinac Bridge*

*Auth.*, 808 N.W.2d 471, 479 (Mich. Ct. App. 2010). It is undisputed that PTP was not a party to the 1998 litigation by Chateau Operations Ltd and Bob Begin against Peninsula Township in Michigan 13th Circuit Court, the 2007 litigation by Old Mission Peninsula Winery Growers against Peninsula Township and Winery at Black Star Farms in Michigan 13th Circuit Court, and the violations alleged by Peninsula Township against Oosterhouse Vineyards in 2016 and 2017. Therefore, PTP cannot raise res judicata. Summary judgment is proper for Plaintiffs on any res judicata argument brought by PTP where it was not a party to the original action.

Collateral estoppel, also called issue preclusion, limits relitigating issues rather than claims. The doctrine applies when the following elements are satisfied: (1) the issue in subsequent litigation is identical to that resolved in the earlier litigation; (2) the issue was actually litigated and decided in the prior action; (3) the issue was necessary and essential to a judgment on the merits in the prior action; and (4) the party to be estopped was a party to the prior action or in privity with the party. *Hickman v. Comm'r of Internal Revenue,* 183 F.3d 535, 537 (6th Cir. 1999) (citations omitted).

Defense GGG as related to collateral estoppel is extremely broad, and it ends with "[t]here may be others." PTP argues that collateral estoppel "may ripen in this case." PTP does not point to a potential concrete use of collateral estoppel. Additionally, PTP vaguely avers to potential judicial estoppel and standing arguments. PTP "may not rest upon [its] mere allegations," but must instead present "specific facts showing that there is a genuine issue for trial." *Pack*, 434 F.3d at 814 (quoting Fed. R. Civ. P. 56(e)) (quotation marks omitted). Plaintiffs' motion is granted as related to PTP's GGG and HHH defenses.

15. Affirmative Defenses H and N

PTP's defense H states, "Plaintiffs have failed to follow the statutorily prescribed process for amending a zoning ordinance under the Michigan Zoning Enabling Act." (ECF No. 291 at PID 10328). Defense N states, "Modifications to the Peninsula Township zoning ordinance sought by Plaintiffs would be subject to the voters' right of referendum guaranteed by the Michigan Zoning Enabling Act, MCL 125.3042." (ECF No. 291 at PID 10329).

Plaintiffs argue they are entitled to summary judgment because they are not seeking the amend the zoning ordinance or engage in the referendum process. Rather, Plaintiffs seeks a Court order striking down portions of the PTZO. In response, PTP cites to a handful of individual Plaintiff representatives testifying about their attempts to change the PTZO by working with the Township Board.

As noted previously by this Court, Plaintiffs attempted to remedy these issues long before ever filing suit. That is why this Court found their claims to be ripe and ready for adjudication. (ECF No. 518). Just because Plaintiffs sought to amend the PTZO in the past does not mean they are trying to now, and these PTP defenses are inapplicable. The burden is on the moving party to show that no genuine issue of material fact exists, but that burden may be discharged by pointing out an absence of evidence supporting the nonmoving party's case. *Bennett*, 410 F.3d at 817. Here, Plaintiffs pointed to the inapplicability of these defenses, and PTP failed to demonstrate that there is a specific issue for trial stemming from either defense. Summary judgment is granted to Plaintiffs.

16. Affirmative Defense LL

Defense LL raised by PTP says, “Plaintiffs’ claims may be barred by the doctrine of abstention.” (ECF No. 291 at PID 10332). PTP argues that it is possible an abstention doctrine could become relevant after the Wineries present their proofs at trial. The affirmative defense raised is vague and so is the briefing on this issue. Plaintiffs have failed to meet their burden on summary judgment.

17. Affirmative Defense LLL

Defense LLL states, “Intervening Defendant reserves the right to file further affirmative defenses and to amend its affirmative defenses upon the completion of discovery.” (ECF No. 291 at 10336). PTP acknowledges that pleading additional affirmative defenses would require a motion, and it concedes this defense. (ECF No. 457 at PID 16072). Summary judgment for Plaintiffs is proper.

## IV. Conclusion

The Court finds that several of Peninsula Township’s and Protect the Peninsula’s defenses are subject to summary judgment. Because the Wineries failed to establish a factual basis for summary judgment on other defenses, the Court will deny the motions in part.

**IT IS HEREBY ORDERED** that Plaintiffs’ partial motion for summary judgment (ECF No. 439) is **GRANTED in PART and DENIED in PART** in accordance with this opinion.

**IT IS FURTHER ORDERED** that Plaintiffs’ partial motion for summary judgment

(ECF No. 441) is **GRANTED in PART and DENIED in PART** in accordance with this opinion.

**IT IS SO ORDERED.**

Date: March 12, 2024

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge