UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

WINERIES OF THE OLD MISSION
PENINSULA ASSOCIATION, *et al.*,

               Plaintiffs,                     Case No: 1:20-cv-01008

v.

PENINSULA TOWNSHIP, Michigan Municipal     Honorable Paul L. Maloney
Corporation,                            Magistrate Ray S. Kent
               Defendant,

and

PROTECT THE PENINSULA,

               Intervenor-Defendant.

---

## FINAL PRETRIAL ORDER

       A final pretrial conference was held on April 12, 2024.  Appearing for the parties as counsel were:

       For Plaintiffs:
       Joseph M. Infante (P68719)
       Stephen M. Ragatzki (P81952)
       Barry P. Kaltenbach (IL 6270034)

       For Peninsula Township:
       Thomas J. McGraw (P48817)
       Bogomir Rajsic, III (P79191)
       Tracey R. DeVries (P84286)

       For Protect the Peninsula:
       TJ Andrews (P67467)
       Holly Hillyer (P85318)

1.    **Exhibits**:  The following exhibits will be offered by the Plaintiffs and the Defendants:

       Plaintiffs' Exhibits, as disclosed in ECF 544:

       1.    Peninsula Township Zoning Ordinance, Section 6.7.2(19)

       2.    Peninsula Township Zoning Ordinance, Section 8.7.3(10)

1

3.      Peninsula Township Zoning Ordinance, Section 8.7.3(12)

4.      Peninsula Township Master Plan

5.      Peninsula Township's Answers to Plaintiffs' First Set of Requests for Admission

   o  Intervening Defendant PTP objects to this proposed exhibit as duplicative of discovery responses identified in Part 5 below. <u>Fed. R. Evid. 403</u>. PTP further objects that this proposed exhibit fails to comply with the instructions in the Second Amended CMO to "[d]esignate answers to interrogatories and requests for admissions by answer or request number." ECF 343, <u>PageID.12550</u>.

6.      Peninsula Township's Supplemental Answers to Plaintiffs' First Set of Requests for Admission

   o  Intervening Defendant PTP objects to this proposed exhibit as duplicative of discovery responses identified in Part 5 below. <u>Fed. R. Evid. 403</u>. PTP further objects that this proposed exhibit fails to comply with the instructions in the Second Amended CMO to "[d]esignate answers to interrogatories and requests for admissions by answer or request number." ECF 343, <u>PageID.12550</u>.

7.      Peninsula Township's Answers to Plaintiff's Second Set of Requests for Admission

   o  Intervening Defendant PTP objects to this proposed exhibit as duplicative of discovery responses identified in Part 5 below. <u>Fed. R. Evid. 403</u>. PTP further objects that this proposed exhibit fails to comply with the instructions in the Second Amended CMO to "[d]esignate answers to interrogatories and requests for admissions by answer or request number." ECF 343, <u>PageID.12550</u>.

8.      Peninsula Township's Answers to Plaintiff's First Set of Interrogatories

   o  Intervening Defendant PTP objects to this proposed exhibit as duplicative of discovery responses identified in Part 5 below. <u>Fed. R. Evid. 403</u>. PTP further objects that this proposed exhibit fails to comply with the instructions in the Second Amended CMO to"[d]esignate answers to interrogatories and requests for admissions by answer or request number." ECF 343, <u>PageID.12550</u>.

9.      Peninsula Township's Supplemental Answers to Plaintiff's First Set of Interrogatories

   o  Intervening Defendant PTP objects to this proposed exhibit as duplicative of discovery responses identified in Part 5 below. <u>Fed. R. Evid. 403</u>. PTP further objects that this proposed exhibit fails to comply with the instructions in the Second Amended CMO to "[d]esignate answers to

42009928.1/159392.00002

interrogatories and requests for admissions by answer or request number."
ECF 343, PageID.12550.

10.    Two Lads Land Use Permit

11.    Two Lads MDARD License

- o  Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.  Plaintiffs are not asserting that their MDARD Licenses are affected by any of the challenged zoning provisions, so it is unclear for what purpose this exhibit would be offered to make a fact more or less probable.

- o  Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. Fed. R. Evid. 402.

12.    Two Lads MLCC Licenses and Permits March 2024

- o  Intervening Defendant PTP objects to this proposed exhibit to the extent that it includes documents Plaintiffs have not previously disclosed or produced in discovery.

13.    Two Lads Event Enforcement

- o  Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. Fed. R. Evid. 402. PTP further objects that Plaintiffs have failed to describe this proposed exhibit in sufficient detail for PTP to be able to identify and review it for potential grounds for objection.

14.    Two Lads Pricing

- o  Intervening Defendant PTP objects that Plaintiffs have failed to describe this proposed exhibit in sufficient detail for PTP to be able to identify and review it for potential grounds for objection. PTP further objects to the use of any proposed exhibit that Plaintiffs produced in discovery but did not provide to PTP for any purpose other than establishing the amount of their alleged damages.

15.    Two Lads CB 3.21-7.21 Sales EOD

- o  Intervening Defendant PTP objects that Plaintiffs have failed to describe this proposed exhibit in sufficient detail for PTP to be able to identify and review it for potential grounds for objection. PTP further objects to the use of any proposed exhibit that Plaintiffs produced in discovery but did not provide to PTP for any purpose other than establishing the amount of their alleged damages.

16.    Two Lads Merch and Food Sales 181920YTD

    o   Intervening Defendant PTP objects that Plaintiffs have failed to describe this proposed exhibit in sufficient detail for PTP to be able to identify and review it for potential grounds for objection. PTP further objects to the use of any proposed exhibit that Plaintiffs produced in discovery but did not provide to PTP for any purpose other than establishing the amount of their alleged damages.

17.    Two Lads Grape Purchases

    o   Intervening Defendant PTP objects that Plaintiffs have failed to describe this proposed exhibit in sufficient detail for PTP to be able to identify and review it for potential grounds for objection. PTP further objects to the use of any proposed exhibit that Plaintiffs produced in discovery but did not provide to PTP for any purpose other than establishing the amount of their alleged damages.

18.    Two Lads Event Requests

    o   Defendant Peninsula Township objects to this exhibit as needlessly cumulative under FRE 403. Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

    o   Intervening Defendant PTP objects to this proposed exhibit as hearsay and not relevant to any live trial issue. Fed. R. Evid. 402, 801, 802.

19.    Two Lads Facebook Post

    o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

    o   Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. Fed. R. Evid. 402. PTP further objects that Plaintiffs have failed to describe this proposed exhibit in sufficient detail for PTP to be able to identify and review it for potential grounds for objection.

20.    Two Lads 6/13/11 Email Regarding Planner Meeting

    o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

    o   Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. Fed. R. Evid. 402.

21.    Two Lads - June 2014 Letter Regarding Event

    o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

4

o   Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. Fed. R. Evid. 402.

22.   Two Lads Event Inquiries

o   Defendant Peninsula Township objects to this exhibit as needlessly cumulative under FRE 403 and it appears this exhibit is a duplicate of Exhibit 18.

o   Intervening Defendant PTP objects to this proposed exhibit as hearsay and not relevant to any live trial issue. Fed. R. Evid. 402, 801, 802.

23.   Two Lads Wedding/Event Requests Rejections

o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

o   Intervening Defendant PTP objects to this proposed exhibit as hearsay and not relevant to any live trial issue. Fed. R. Evid. 402, 801, 802.

24.   Two Lads 2014-2019 Facebook Events Page

o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

o   Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. Fed. R. Evid. 402.

25.   Two Lads Winery Photographs

o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.  It is unclear for what purpose photographs of the winery would be offered to make a fact more or less probable.

26.   Two Lads MDARD Extended Retail Food Establishment License

o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.  Plaintiffs are not asserting that their MDARD Licenses are affected by any of the challenged zoning provisions, so it is unclear for what purpose this exhibit would be offered to make a fact more or less probable.  Defendants further object to this exhibit as cumulative, as it appears to be a duplicate of Exhibit 11.

o   Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. Fed. R. Evid. 402. PTP further objects to this proposed exhibit as duplicative of proposed Exhibit 11. Fed. R. Evid. 403. PTP further objects to this proposed exhibit as not relevant to any live trial issue. Fed. R. Evid. 402.

5

27.     Black Star Land Use Permit

28.     Black Star MLCC License and Permits

29.     Black Star MDARD License

> o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.  Plaintiffs are not asserting that their MDARD Licenses are affected by any of the challenged zoning provisions, so it is unclear for what purpose this exhibit would be offered to make a fact more or less probable.

> o   Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. Fed. R. Evid. 402.

30.     Black Star Farms Pricing

> o   Defendant Peninsula Township objects to Plaintiffs' designation of pages WOMP008726-008741 is irrelevant under FRE 401.  These pages include the City of Hartford Development Plan and it is unclear for what purpose that document would be admitted.

> o   Intervening Defendant PTP objects that Plaintiffs have failed to describe this proposed exhibit in sufficient detail for PTP to be able to identify and review it for potential grounds for objection. PTP further objects to the use of any proposed exhibit that Plaintiffs produced in discovery but did not provide to PTP for any purpose other than establishing the amount of their alleged damages.

31.     Black Star – Grape Purchases WA State 2019

> o   Intervening Defendant PTP objects that Plaintiffs have failed to describe this proposed exhibit in sufficient detail for PTP to be able to identify and review it for potential grounds for objection. PTP further objects to the use of any proposed exhibit that Plaintiffs produced in discovery but did not provide to PTP for any purpose other than establishing the amount of their alleged damages.

32.     Black Star, Suttons Bay v. OMP

> o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.  It is unclear for what purpose sales data from a different Black Star location in Suttons Bay would be offered to make a fact at issue in this case more or less probable.  Defendants further object to this document as hearsay under FRE 801 and 802.

> o   Intervening Defendant PTP objects that Plaintiffs have failed to describe this proposed exhibit in sufficient detail for PTP to be able to identify and review it for potential grounds for objection. PTP further objects to the use

6

of any proposed exhibit that Plaintiffs produced in discovery but did not provide to PTP for any purpose other than establishing the amount of their alleged damages.

33.   Black Star Event Requests

   o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

   o   Intervening Defendant PTP objects to this proposed exhibit as hearsay and not relevant to any live trial issue. <u>Fed. R. Evid. 402</u>, <u>801</u>, <u>802</u>.

34.   Black Star Facebook Events

   o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

   o   Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. <u>Fed. R. Evid. 402</u>.

35.   Black Star Winery Photographs

   o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.  It is unclear for what purpose photographs of the winery would be offered to make a fact more or less probable.

36.   Black Star Suttons Bay Invoices

   o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.  It is unclear for what purpose sales data from a different Black Star location in Suttons Bay would be offered to make a fact at issue in this case more or less probable.  Defendants further object to this document as hearsay under FRE 801 and 802.

   o   Intervening Defendant PTP objects that Plaintiffs have failed to describe this proposed exhibit in sufficient detail for PTP to be able to identify and review it for potential grounds for objection. PTP further objects to the use of any proposed exhibit that Plaintiffs produced in discovery but did not provide to PTP for any purpose other than establishing the amount of their alleged damages.

37.   Black Star Event Summary Costs and Revenue 2019-2023

   o   Intervening Defendant PTP objects that Plaintiffs have failed to describe this proposed exhibit in sufficient detail for PTP to be able to identify and review it for potential grounds for objection. PTP further objects to the use of any proposed exhibit that Plaintiffs produced in discovery but did not

7

provide to PTP for any purpose other than establishing the amount of their alleged damages.

38.   Bonobo Calendar of Events

   o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

   o   Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. Fed. R. Evid. 402.

39.   2013.04.18 Memo from Graham to Twp Board regarding Conservation Easement

   o   Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. Fed. R. Evid. 402.

40.   2015.12.11 Letter re violation of SUP 118

   o   Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. Fed. R. Evid. 402.

41.   2015.12.28 Twp Letter re violation of SUP 118

   o   Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. Fed. R. Evid. 402.

42.   2019.04.18 Email re Tonnage and Events

   o   Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. Fed. R. Evid. 402.

43.   2019.04.18 and 2019.04.24 emails Bonobo and Sanger re Sip and Paint

   o   Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. Fed. R. Evid. 402.

44.   2019.04.21 Email re Spanish Lessons

   o   Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. Fed. R. Evid. 402.

45.   2019.07.11 Painting Enforcement Emails

   o   Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. Fed. R. Evid. 402.

46.   2019.08.14 Email w Township re Ordinance Changes

- o Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

- o Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. Fed. R. Evid. 402.

47.   2021.03.26 Email Bonobo Meihn

- o Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

- o Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. Fed. R. Evid. 402.

48.   2021.04.02 Email re Wine Dinners and Lunches

- o Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and hearsay under FRE 801 and 802.

- o Intervening Defendant PTP objects to this proposed exhibit as hearsay and not relevant to any live trial issue. Fed. R. Evid. 402, 801, 802.

49.   Bonobo Category Sales

- o Intervening Defendant PTP objects that Plaintiffs have failed to describe this proposed exhibit in sufficient detail for PTP to be able to identify and review it for potential grounds for objection. PTP further objects to the use of any proposed exhibit that Plaintiffs produced in discovery but did not provide to PTP for any purpose other than establishing the amount of their alleged damages.

50.   Bonobo Contracts

- o Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

- o Intervening Defendant PTP objects that Plaintiffs have failed to describe this proposed exhibit in sufficient detail for PTP to be able to identify and review it for potential grounds for objection. PTP further objects to the use of any proposed exhibit that Plaintiffs produced in discovery but did not provide to PTP for any purpose other than establishing the amount of their alleged damages.

51.   Bonobo EOD Sales Summaries

- o Intervening Defendant PTP objects that Plaintiffs have failed to describe this proposed exhibit in sufficient detail for PTP to be able to identify and review it for potential grounds for objection. PTP further objects to the use

9

42009928.1/159392.00002

of any proposed exhibit that Plaintiffs produced in discovery but did not provide to PTP for any purpose other than establishing the amount of their alleged damages.

52.    Bonobo Grape Purchases

o   Intervening Defendant PTP objects that Plaintiffs have failed to describe this proposed exhibit in sufficient detail for PTP to be able to identify and review it for potential grounds for objection. PTP further objects to the use of any proposed exhibit that Plaintiffs produced in discovery but did not provide to PTP for any purpose other than establishing the amount of their alleged damages.

53.    Bonobo Licenses and Permits

o   Intervening Defendant PTP objects that Plaintiffs have failed to describe this proposed exhibit in sufficient detail for PTP to be able to identify and review it for potential grounds for objection.

54.    Bonobo Winery Pricing

o   Intervening Defendant PTP objects that Plaintiffs have failed to describe this proposed exhibit in sufficient detail for PTP to be able to identify and review it for potential grounds for objection. PTP further objects to the use of any proposed exhibit that Plaintiffs produced in discovery but did not provide to PTP for any purpose other than establishing the amount of their alleged damages.

55.    Bonobo Calendar of Events and Reservations

o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

o   Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. Fed. R. Evid. 402.

56.    Bonobo Event Inquiries

o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

o   Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. Fed. R. Evid. 402.

57.    Bonobo Event Pricing with Photos

o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

     ○ Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. <u>Fed. R. Evid. 402</u>.

58.    Bonobo Events

     ○ Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

     ○ Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. <u>Fed. R. Evid. 402</u>.

59.    Bonobo SUP #118

60.    Bonobo List of Weddings

     ○ Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

     ○ Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. <u>Fed. R. Evid. 402</u>.

61.    Bonobo Winery Photos

     ○ Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.  It is unclear for what purpose photographs of the winery would be offered to make a fact more or less probable.

62.    Bonobo Enforcement Letter from Township Counsel

     ○ Defendant Peninsula Township objects to the relevance of this exhibit under FRE 401 and 402 in part.  Plaintiffs' designation of <u>ECF 29-13</u> includes documents that are not relevant to Bonobo and are beyond the alleged "Bonobo Enforcement Letter".

     ○ Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. <u>Fed. R. Evid. 402</u>.

63.    Bonobo Calendar of Events and Reservations

     ○ Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

     ○ Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. <u>Fed. R. Evid. 402</u>. PTP further objects to this proposed exhibit as duplicative of proposed Exhibit 55. <u>Fed. R. Evid. 403</u>.

64.    Bowers Harbor - SUP No. 132 and Amendments

42009928.1/159392.00002

        o   Intervening Defendant PTP objects to this proposed exhibit to the extent that it includes documents Plaintiffs have not previously disclosed or produced in discovery.

65.    2022.07.01 Incident Report from Ordinance Enforcement Officer

        o   Intervening Defendant PTP objects to this proposed exhibit to the extent that it includes documents Plaintiffs have not previously disclosed or produced in discovery.

66.    2018.05.31 Letter from Gordon Hayward to Linda Stegenga

        o   Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. Fed. R. Evid. 402.

67.    2017.07.14 Letter from Bryan Graham to Linda Stegenga re Zoning Ordinance Violations

        o   Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. Fed. R. Evid. 402.

68.    2017.08.03 Letter from Bryan Graham to Linda Stegenga re Continuation of zoning ordinance violations

        o   Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. Fed. R. Evid. 402.

69.    2015.12.07 Email from Michelle Reardon to Linda Stegenga

        o   Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. Fed. R. Evid. 402.

70.    2014.006.19 Letter from Michelle Reardon to Linda Stegenga re Violation of Special Use Permit #32

        o   Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. Fed. R. Evid. 402.

71.    History of Bower's Harbor Vineyard Amendments, Violations Correspondence created 3/6/2018 – CMD

        o   Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. Fed. R. Evid. 402.

72.    2016.10.27 Letter from Linda Stegenga to Rob Manigold re Impact of Complaints Against Bowers Harbor Vineyards

        o   Intervening Defendant PTP objects to this proposed exhibit as hearsay and not relevant to any live trial issue. Fed. R. Evid. 402, 801, 802.

73.     2019.04.10 Email from David Sanger to Christina Deeren re BHV Reception for Wine Label Competition – 4/12

    o   Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. Fed. R. Evid. 402.

74.     Bowers Harbor MDARD License

    o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401.  Plaintiffs are not asserting that their MDARD Licenses are affected by any of the challenged zoning provisions, so it is unclear for what purpose this exhibit would be offered to make a fact more or less probable.

    o   Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. Fed. R. Evid. 402.

75.     Bowers Harbor Pricing

    o   Intervening Defendant PTP objects that Plaintiffs have failed to describe this proposed exhibit in sufficient detail for PTP to be able to identify and review it for potential grounds for objection. PTP further objects to the use of any proposed exhibit that Plaintiffs produced in discovery but did not provide to PTP for any purpose other than establishing the amount of their alleged damages.

76.     Bowers Harbor Food Sales Data

    o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

    o   Intervening Defendant PTP objects that Plaintiffs have failed to describe this proposed exhibit in sufficient detail for PTP to be able to identify and review it for potential grounds for objection. PTP further objects to the use of any proposed exhibit that Plaintiffs produced in discovery but did not provide to PTP for any purpose other than establishing the amount of their alleged damages. PTP further objects to this proposed exhibit as not relevant to any live trial issue. Fed. R. Evid. 402.

77.     Bowers Harbor Merch Data; Food Sales; Fri/Sat Sales Last 2 Hours

    o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

    o   Intervening Defendant PTP objects that Plaintiffs have failed to describe this proposed exhibit in sufficient detail for PTP to be able to identify and review it for potential grounds for objection. PTP further objects to the use of any proposed exhibit that Plaintiffs produced in discovery but did not provide to PTP for any purpose other than establishing the amount of their

alleged damages. PTP further objects to this proposed exhibit as not relevant to any live trial issue. <u>Fed. R. Evid. 402</u>.

78.    Bowers Harbor Grape Purchase Data

      o  Intervening Defendant PTP objects that Plaintiffs have failed to describe this proposed exhibit in sufficient detail for PTP to be able to identify and review it for potential grounds for objection. PTP further objects to the use of any proposed exhibit that Plaintiffs produced in discovery but did not provide to PTP for any purpose other than establishing the amount of their alleged damages.

79.    Bowers Harbor Event Requests

      o  Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

      o  Intervening Defendant PTP objects to this proposed exhibit as hearsay and not relevant to any live trial issue. <u>Fed. R. Evid. 402</u>, <u>801</u>, <u>802</u>.

80.    Bowers Harbor Facebook Events

      o  Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

      o  Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. <u>Fed. R. Evid. 402</u>.

81.    Bowers Harbor 8.27.19, 9.6.19, 10.10.19, 1.8.20, 1.14.20, 4.16.20 Emails with Township re Winery Ordinance

      o  Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. <u>Fed. R. Evid. 402</u>.

82.    Bowers Harbor 2017.12-2018.01 SUP Amendment Emails

      o  Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. <u>Fed. R. Evid. 402</u>.

83.    Bowers Harbor 2020-2021 Event Requests and Declines

      o  Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

      o  Intervening Defendant PTP objects to this proposed exhibit as hearsay and not relevant to any live trial issue. <u>Fed. R. Evid. 402</u>, <u>801</u>, <u>802</u>.

84.    Bowers Harbor Enforcement Letter

14

   o   Defendant Peninsula Township objects to the relevance of this exhibit under
       FRE 401 and 402 in part.  Plaintiffs' designation of ECF 29-13 includes
       documents that are not relevant to Bowers Harbor and are beyond the
       alleged "Bowers Harbor Enforcement Letter".

   o   Intervening Defendant PTP objects to this proposed exhibit as not relevant
       to any live trial issue. Fed. R. Evid. 402.

85.   Bowers Harbor Winery Photographs

   o   Defendant Peninsula Township objects to this exhibit as irrelevant under
       FRE 401.  It is unclear for what purpose photographs of the winery would
       be offered to make a fact more or less probable.

86.   2022.07.01 Incident Report from Ordinance Enforcement Officer

   o   Defendant Peninsula Township objects to this exhibit as needlessly
       cumulative under FRE 403.  It appears this document is a duplicate of
       Plaintiffs' Exhibit 65.

   o   Intervening Defendant PTP objects to this proposed exhibit as duplicative
       of proposed Exhibit 65. Fed. R. Evid. 403. PTP further objects to this
       proposed exhibit to the extent that it includes documents Plaintiffs have not
       previously disclosed or produced in discovery.

87.   2018.05.31 Letter from Gordon Hayward to Linda Stegenga

   o   Defendant Peninsula Township objects to this exhibit as needlessly
       cumulative under FRE 403.  It appears this document is a duplicate of
       Plaintiffs' Exhibit 66.

   o   Intervening Defendant PTP objects to this proposed exhibit as duplicative
       of proposed Exhibit 66. Fed. R. Evid. 403. PTP further objects to this
       proposed exhibit as not relevant to any live trial issue. Fed. R. Evid. 402.

88.   2017.07.14 Letter from Bryan Graham to Linda Stegenga re Zoning Ordinance
      Violations

   o   Defendant Peninsula Township objects to this exhibit as needlessly
       cumulative under FRE 403.  It appears this document is a duplicate of
       Plaintiffs' Exhibit 67.

   o   Intervening Defendant PTP objects to this proposed exhibit as duplicative
       of proposed Exhibit 67. Fed. R. Evid. 403. PTP further objects to this
       proposed exhibit as not relevant to any live trial issue. Fed. R. Evid. 402.

89.   2017.08.03 Letter from Bryan Graham to Linda Stegenga re Continuation of zoning
      ordinance violations

o   Defendant Peninsula Township objects to this exhibit as needlessly cumulative under FRE 403.  It appears this document is a duplicate of Plaintiffs' Exhibit 68.

o   Intervening Defendant PTP objects to this proposed exhibit as duplicative of proposed Exhibit 68. Fed. R. Evid. 403. PTP further objects to this proposed exhibit as not relevant to any live trial issue. Fed. R. Evid. 402.

90.   2015.12.07 Email from Michelle Reardon to Linda Stegenga

o   Defendant Peninsula Township objects to this exhibit as needlessly cumulative under FRE 403.  It appears this document is a duplicate of Plaintiffs' Exhibit 69.

o   Intervening Defendant PTP objects to this proposed exhibit as duplicative of proposed Exhibit 69. Fed. R. Evid. 403. PTP further objects to this proposed exhibit as not relevant to any live trial issue. Fed. R. Evid. 402.

91.   2014.006.19 Letter from Michelle Reardon to Linda Stegenga re Violation of Special Use Permit #32

o   Defendant Peninsula Township objects to this exhibit as needlessly cumulative under FRE 403.  It appears this document is a duplicate of Plaintiffs' Exhibit 70.

o   Intervening Defendant PTP objects to this proposed exhibit as duplicative of proposed Exhibit 70. Fed. R. Evid. 403. PTP further objects to this proposed exhibit as not relevant to any live trial issue. Fed. R. Evid. 402.

92.   History of Bower's Harbor Vineyard Amendments, Violations Correspondence created 3/6/2018 – CMD

o   Defendant Peninsula Township objects to this exhibit as needlessly cumulative under FRE 403.  It appears this document is a duplicate of Plaintiffs' Exhibit 71.

o   Intervening Defendant PTP objects to this proposed exhibit as duplicative of proposed Exhibit 71. Fed. R. Evid. 403. PTP further objects to this proposed exhibit as not relevant to any live trial issue. Fed. R. Evid. 402.

93.   2016.10.27 Letter from Linda Stegenga to Rob Manigold re Impact of Complaints Against Bowers Harbor Vineyards

o   Defendant Peninsula Township objects to this exhibit as needlessly cumulative under FRE 403.  It appears this document is a duplicate of Plaintiffs' Exhibit 72.

o   Intervening Defendant PTP objects to this proposed exhibit as duplicative of proposed Exhibit 72. Fed. R. Evid. 403. PTP further objects to this proposed exhibit as not relevant to any live trial issue. Fed. R. Evid. 402.

94.   2019.04.10 Email from David Sanger to Christina Deeren re BHV Reception for Wine Label Competition – 4/12

o   Defendant Peninsula Township objects to this exhibit as needlessly cumulative under FRE 403.  It appears this document is a duplicate of Plaintiffs' Exhibit 73.

o   Intervening Defendant PTP objects to this proposed exhibit as duplicative of proposed Exhibit 73. Fed. R. Evid. 403. PTP further objects to this proposed exhibit as not relevant to any live trial issue. Fed. R. Evid. 402.

95.   2017 Bowers Harbor Record of Events and Activities

o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

o   Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. Fed. R. Evid. 402.

96.   2018.02.02 Email from Kristy McClellan to Patrick Brys and Christina Deeren re Meeting 1-30-2018

o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

o   Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. Fed. R. Evid. 402.

97.   Brys - SUP No. 115 and Amendments

98.   Brys MLCC Licenses and Permits

99.   Brys MDARD License

o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401.  Plaintiffs are not asserting that their MDARD Licenses are affected by any of the challenged zoning provisions, so it is unclear for what purpose this exhibit would be offered to make a fact more or less probable.

o   Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. Fed. R. Evid. 402.

100.   Brys Pricing

o   Intervening Defendant PTP objects that Plaintiffs have failed to describe this proposed exhibit in sufficient detail for PTP to be able to identify and review it for potential grounds for objection. PTP further objects to the use of any proposed exhibit that Plaintiffs produced in discovery but did not provide to PTP for any purpose other than establishing the amount of their alleged damages.

101.   Brys Food Sales

o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

o   Intervening Defendant PTP objects that Plaintiffs have failed to describe this proposed exhibit in sufficient detail for PTP to be able to identify and review it for potential grounds for objection. PTP further objects to the use of any proposed exhibit that Plaintiffs produced in discovery but did not provide to PTP for any purpose other than establishing the amount of their alleged damages. PTP further objects to this proposed exhibit as not relevant to any live trial issue. Fed. R. Evid. 402.

102.   Brys Retail Sales

o   Intervening Defendant PTP objects that Plaintiffs have failed to describe this proposed exhibit in sufficient detail for PTP to be able to identify and review it for potential grounds for objection. PTP further objects to the use of any proposed exhibit that Plaintiffs produced in discovery but did not provide to PTP for any purpose other than establishing the amount of their alleged damages.

103.   Brys Grape Purchases

o   Intervening Defendant PTP objects that Plaintiffs have failed to describe this proposed exhibit in sufficient detail for PTP to be able to identify and review it for potential grounds for objection. PTP further objects to the use of any proposed exhibit that Plaintiffs produced in discovery but did not provide to PTP for any purpose other than establishing the amount of their alleged damages.

104.   Brys Event Requests

o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

o   Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. Fed. R. Evid. 402.

105.   Brys Township Enforcement

18

      o   Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. Fed. R. Evid. 402.

106.   Brys Facebook Events Calendar

      o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

      o   Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. Fed. R. Evid. 402.

107.   Brys Blossom Days Facebook Post

      o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

      o   Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. Fed. R. Evid. 402.

108.   Brys Rose Between the Bays Facebook Post

      o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

      o   Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. Fed. R. Evid. 402.

109.   Brys Mac and Cheese Facebook Post

      o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

      o   Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. Fed. R. Evid. 402.

110.   Brys Winter Warm-Up Facebook Post

      o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

      o   Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. Fed. R. Evid. 402.

111.   Brys Romancing the Rieslings Facebook Post

      o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

    o   Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. <u>Fed. R. Evid. 402</u>.

112.   Brys Winery Photographs

    o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.  It is unclear for what purpose photographs of the winery would be offered to make a fact more or less probable.

113.   2001.11.27 Letter from Robert Begin to Virginia Coulter re Agritourism

    o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

    o   Intervening Defendant PTP objects to this proposed exhibit as hearsay and not relevant to any live trial issue. <u>Fed. R. Evid. 402</u>, <u>801</u>, <u>802</u>.

114.   Chateau Chantal - SUP No. 21 and SUP No. 95

115.   Chateau Chantal MLCC Licenses and Permits

116.   Chateau Chantal MDARD License

    o   Defendants object to this exhibit as irrelevant under FRE 401.  Plaintiffs are not asserting that their MDARD Licenses are affected by any of the challenged zoning provisions, so it is unclear for what purpose this exhibit would be offered to make a fact more or less probable.

    o   Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. <u>Fed. R. Evid. 402</u>.

117.   Chateau Chantal Pricing

    o   Intervening Defendant PTP objects that Plaintiffs have failed to describe this proposed exhibit in sufficient detail for PTP to be able to identify and review it for potential grounds for objection. PTP further objects to the use of any proposed exhibit that Plaintiffs produced in discovery but did not provide to PTP for any purpose other than establishing the amount of their alleged damages.

118.   Chateau Chantal Grape Reports

    o   Intervening Defendant PTP objects that Plaintiffs have failed to describe this proposed exhibit in sufficient detail for PTP to be able to identify and review it for potential grounds for objection. PTP further objects to the use of any proposed exhibit that Plaintiffs produced in discovery but did not provide to PTP for any purpose other than establishing the amount of their alleged damages.

119.     Chateau Chantal Grape Purchase Invoices

> o   Intervening Defendant PTP objects that Plaintiffs have failed to describe this proposed exhibit in sufficient detail for PTP to be able to identify and review it for potential grounds for objection. PTP further objects to the use of any proposed exhibit that Plaintiffs produced in discovery but did not provide to PTP for any purpose other than establishing the amount of their alleged damages.

120.     Chateau Chantal Sales Data

> o   Intervening Defendant PTP objects that Plaintiffs have failed to describe this proposed exhibit in sufficient detail for PTP to be able to identify and review it for potential grounds for objection. PTP further objects to the use of any proposed exhibit that Plaintiffs produced in discovery but did not provide to PTP for any purpose other than establishing the amount of their alleged damages.

121.     Chateau Chantal Information Sheets

> o   Intervening Defendant PTP objects that Plaintiffs have failed to describe this proposed exhibit in sufficient detail for PTP to be able to identify and review it for potential grounds for objection. PTP further objects to the use of any proposed exhibit that Plaintiffs produced in discovery but did not provide to PTP for any purpose other than establishing the amount of their alleged damages.

122.     Chateau Chantal Event Requests

123.     June 1, 1997 Letter re Agritourism

> o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

> o   Intervening Defendant PTP objects to this proposed exhibit as hearsay and not relevant to any live trial issue. Fed. R. Evid. 402, 801, 802.

124.     November 27, 2001 Letter re Agritourism

> o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

> o   Intervening Defendant PTP objects to this proposed exhibit as hearsay and not relevant to any live trial issue. Fed. R. Evid. 402, 801, 802.

125.     January 26, 2012 Letter re Ordinance Changes

  o Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

  o Intervening Defendant PTP objects to this proposed exhibit as hearsay and not relevant to any live trial issue. Fed. R. Evid. 402, 801, 802.

126. June 17, 2013 Letter from Township re Food Trucks

  o Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

  o Intervening Defendant PTP objects to this proposed exhibit as hearsay and not relevant to any live trial issue. Fed. R. Evid. 402, 801, 802.

127. November 18, 2018 Letter re Tonnage Report; November 30, 2022 Tonnage Letter

  o Intervening Defendant PTP objects that Plaintiffs have failed to describe this proposed exhibit in sufficient detail for PTP to be able to identify and review it for potential grounds for objection. PTP further objects to the use of any proposed exhibit that Plaintiffs produced in discovery but did not provide to PTP for any purpose other than establishing the amount of their alleged damages.

128. May 22, 2019 Small Event Invoice

  o Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

  o Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. Fed. R. Evid. 402.

129. Letter re Hot Air Balloons

  o Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

  o Intervening Defendant PTP objects to this proposed exhibit as hearsay and not relevant to any live trial issue. Fed. R. Evid. 402.

130. Facebook Events

  o Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

  o Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. Fed. R. Evid. 402.

131. Wedding Potential Spreadsheet

- o Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

- o Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. Fed. R. Evid. 402.

132. Dinner Event Pricing

- o Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

- o Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. Fed. R. Evid. 402.

133. Event Invoices

- o Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

- o Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. Fed. R. Evid. 402.

134. Wedding Contract

- o Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

- o Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. Fed. R. Evid. 402.

135. Guest Activity Notifications to Township

136. Chateau Chantal Winery Photographs

- o Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and FRE 402.  It is unclear for what purpose photographs of the winery would be offered to make a fact more or less probable.

137. Chateau Grand Traverse - SUP No. 59 and 24

138. Chateau Grand Traverse MLCC Licenses and Permits

139. Chateau Grand Traverse MDARD License

- o Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and FRE 402.  Plaintiffs are not asserting that their MDARD Licenses are affected by any of the challenged zoning provisions, so it is unclear for what purpose this exhibit would be offered to make a fact more or less probable.

23

     o  Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. <u>Fed. R. Evid. 402</u>.

140.    Chateau Grand Traverse Pricing

     o  Intervening Defendant PTP objects that Plaintiffs have failed to describe this proposed exhibit in sufficient detail for PTP to be able to identify and review it for potential grounds for objection. PTP further objects to the use of any proposed exhibit that Plaintiffs produced in discovery but did not provide to PTP for any purpose other than establishing the amount of their alleged damages.

141.    Chateau Grand Traverse Wine Sales

     o  Intervening Defendant PTP objects that Plaintiffs have failed to describe this proposed exhibit in sufficient detail for PTP to be able to identify and review it for potential grounds for objection. PTP further objects to the use of any proposed exhibit that Plaintiffs produced in discovery but did not provide to PTP for any purpose other than establishing the amount of their alleged damages.

142.    Chateau Grand Traverse July 10, 2018 Event Invoice

     o  Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

     o  Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. <u>Fed. R. Evid. 402</u>.

143.    Chateau Grand Traverse Facebook Events

     o  Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

     o  Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. <u>Fed. R. Evid. 402</u>.

144.    Chateau Grand Traverse Advertising and Photos

     o  Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

     o  Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. <u>Fed. R. Evid. 402</u>.

145.    Chateau Grand Traverse Small Event Invoices

> o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

> o   Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. <u>Fed. R. Evid. 402</u>.

146.   2019 Email to Planner re Ordinance Changes

> o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

> o   Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. <u>Fed. R. Evid. 402</u>.

147.   Chateau Grand Traverse Winery Photographs

> o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and FRE 402.  It is unclear for what purpose photographs of the winery would be offered to make a fact more or less probable.

148.   Hawthorne - SUP No. 135

149.   Hawthorne MLCC Licenses and Permits

150.   Hawthorne MDARD License

> o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and FRE 402.  Plaintiffs are not asserting that their MDARD Licenses are affected by any of the challenged zoning provisions, so it is unclear for what purpose this exhibit would be offered to make a fact more or less probable.

> o   Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. <u>Fed. R. Evid. 402</u>.

151.   Hawthorne Pricing

> o   Intervening Defendant PTP objects that Plaintiffs have failed to describe this proposed exhibit in sufficient detail for PTP to be able to identify and review it for potential grounds for objection. PTP further objects to the use of any proposed exhibit that Plaintiffs produced in discovery but did not provide to PTP for any purpose other than establishing the amount of their alleged damages.

152.   Hawthorne Food Sales

> o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

42009928.1/159392.00002

o   Intervening Defendant PTP objects that Plaintiffs have failed to describe this proposed exhibit in sufficient detail for PTP to be able to identify and review it for potential grounds for objection. PTP further objects to the use of any proposed exhibit that Plaintiffs produced in discovery but did not provide to PTP for any purpose other than establishing the amount of their alleged damages. PTP further objects to this proposed exhibit as not relevant to any live trial issue. Fed. R. Evid. 402.

153.   Hawthorne Merch Sales

o   Intervening Defendant PTP objects that Plaintiffs have failed to describe this proposed exhibit in sufficient detail for PTP to be able to identify and review it for potential grounds for objection. PTP further objects to the use of any proposed exhibit that Plaintiffs produced in discovery but did not provide to PTP for any purpose other than establishing the amount of their alleged damages.

154.   Hawthorne Event Requests

o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

o   Intervening Defendant PTP objects to this proposed exhibit as hearsay and not relevant to any live trial issue. Fed. R. Evid. 402, 801, 802.

155.   Hawthorne Facebook Events

o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

o   Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. Fed. R. Evid. 402.

156.   Hawthorne Winery Photographs

o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and FRE 402.  It is unclear for what purpose photographs of the winery would be offered to make a fact more or less probable.

157.   Mari - SUP No. 126

158.   Mari Event Notifications to Township

159.   Mari Event Pricing

o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

26

    o  Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. Fed. R. Evid. 402. PTP further objects to the use of any part of this proposed exhibit that Plaintiffs produced in discovery but did not provide to PTP for any purpose other than establishing the amount of their alleged damages.

160.    Mari Facebook Posts

    o  Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

    o  Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. Fed. R. Evid. 402.

161.    Mari Enforcement by Township

    o  Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

    o  Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. Fed. R. Evid. 402.

162.    Mari Sales Data

    o  Intervening Defendant PTP objects that Plaintiffs have failed to describe this proposed exhibit in sufficient detail for PTP to be able to identify and review it for potential grounds for objection. PTP further objects to the use of any proposed exhibit that Plaintiffs produced in discovery but did not provide to PTP for any purpose other than establishing the amount of their alleged damages.

163.    Mari MDARD License

    o  Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and FRE 402.  Plaintiffs are not asserting that their MDARD Licenses are affected by any of the challenged zoning provisions, so it is unclear for what purpose this exhibit would be offered to make a fact more or less probable.

    o  Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. Fed. R. Evid. 402.

164.    Mari MLCC License (Updated March 2024)

165.    Mari Ceremony Pricing

    o  Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

      o   Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. <u>Fed. R. Evid. 402</u>.

166.    Mari Mezzanine Photo

      o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and FRE 402.  It is unclear for what purpose photographs of the winery would be offered to make a fact more or less probable.

167.    Mari Wine and Merch

      o   Intervening Defendant PTP objects that Plaintiffs have failed to describe this proposed exhibit in sufficient detail for PTP to be able to identify and review it for potential grounds for objection. PTP further objects to the use of any proposed exhibit that Plaintiffs produced in discovery but did not provide to PTP for any purpose other than establishing the amount of their alleged damages.

168.    Mari Event Invoices

      o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

      o   Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. <u>Fed. R. Evid. 402</u>. PTP further objects to the use of any part of this proposed exhibit that Plaintiffs produced in discovery but did not provide to PTP for any purpose other than establishing the amount of their alleged damages.

169.    Mari Event Calendar

      o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

      o   Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. <u>Fed. R. Evid. 402</u>.

170.    Mari Event Requests

      o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

      o   Intervening Defendant PTP objects to this proposed exhibit as hearsay and not relevant to any live trial issue. <u>Fed. R. Evid. 402</u>, <u>801</u>, <u>802</u>.

171.    Mari Event Request Responses

o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

o   Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. Fed. R. Evid. 402.

172.   Mari Winery Photographs

o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and FRE 402.  It is unclear for what purpose photographs of the winery would be offered to make a fact more or less probable.

173.   The Hog's Back Vineyard Release Party announcement

o   Intervening Defendant PTP objects to this proposed exhibit as hearsay and not relevant to any live trial issue. Fed. R. Evid. 402, 801, 802. PTP further objects to this proposed exhibit to the extent that it includes documents Plaintiffs have not previously disclosed or produced in discovery.

174.   2001.08.09 Letter from Paul Conlon to Gordon Hayward re Peninsula Cellars

o   Intervening Defendant PTP objects to this proposed exhibit on the ground that it is hearsay. Fed. R. Evid. 801, 802.

175.   2001.08.13 Letter from Gordon Hayward to David and Joan Kroupa re Special Use Permit #62

o   Intervening Defendant PTP objects to this proposed exhibit on the ground that it is hearsay. Fed. R. Evid. 801, 802.

176.   Peninsula Cellars - SUP No. 62

177.   Peninsula Cellars MLCC Licenses and Permits

178.   Peninsula Cellars MDARD License

o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and FRE 402.  Plaintiffs are not asserting that their MDARD Licenses are affected by any of the challenged zoning provisions, so it is unclear for what purpose this exhibit would be offered to make a fact more or less probable.

o   Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. Fed. R. Evid. 402.

179.   Peninsula Cellars Pricing

o   Intervening Defendant PTP objects that Plaintiffs have failed to describe this proposed exhibit in sufficient detail for PTP to be able to identify and

29

review it for potential grounds for objection. PTP further objects to the use of any proposed exhibit that Plaintiffs produced in discovery but did not provide to PTP for any purpose other than establishing the amount of their alleged damages.

180.   August 13, 2002 Enforcement Letter Food Event

   o   Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. Fed. R. Evid. 402.

181.   September 9, 2021 Enforcement Letter re Amplified Music

182.   Peninsula Cellars Facebook Events

   o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

   o   Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. Fed. R. Evid. 402.

183.   Peninsula Cellars Winery Photographs

   o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and FRE 402.  It is unclear for what purpose photographs of the winery would be offered to make a fact more or less probable.

184.   Tabone MLCC License

185.   Tabone MLCC License Search

186.   Tabone MDARD License

   o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and FRE 402.  Plaintiffs are not asserting that their MDARD Licenses are affected by any of the challenged zoning provisions, so it is unclear for what purpose this exhibit would be offered to make a fact more or less probable.

   o   Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. Fed. R. Evid. 402.

187.   Tabone MLCC Local Approval

188.   Tabone MLCC Approval Order

189.   Tabone Event Requests

   o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

o   Intervening Defendant PTP objects to this proposed exhibit as hearsay and not relevant to any live trial issue. <u>Fed. R. Evid. 402</u>, <u>801</u>, <u>802</u>.

190.   Tabone Facebook Events

o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

o   Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. <u>Fed. R. Evid. 402</u>.

191.   Tabone Winery Photographs

o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and FRE 402.  It is unclear for what purpose photographs of the winery would be offered to make a fact more or less probable.

192.   Curriculum Vitae for Eric Larson

o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

193.   August 10, 2021 Expert Report

o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

194.   Supplemental Report of Eric Larson, dated July 6, 2022

o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402. Defendant Peninsula Township also objects to this exhibit under FRE 702. This exhibit is the subject of a forthcoming motion *in limine*.

o   Intervening Defendant PTP objects that Plaintiffs have failed to describe this proposed exhibit in sufficient detail for PTP to be able to identify and review it for potential grounds for objection. PTP further objects to the use of any proposed exhibit that Plaintiffs produced in discovery but did not provide to PTP for any purpose other than establishing the amount of their alleged damages.

195.   WOMP Damages Matrix

o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402. Defendant Peninsula Township also objects to this exhibit under FRE 702. This exhibit is the subject of a forthcoming motion *in limine*.

31

      o   Intervening Defendant PTP objects that Plaintiffs have failed to describe this proposed exhibit in sufficient detail for PTP to be able to identify and review it for potential grounds for objection. PTP further objects to the use of any proposed exhibit that Plaintiffs produced in discovery but did not provide to PTP for any purpose other than establishing the amount of their alleged damages.

196.    RMA Gift Store Data

      o   Intervening Defendant PTP objects that Plaintiffs have failed to describe this proposed exhibit in sufficient detail for PTP to be able to identify and review it for potential grounds for objection. PTP further objects to the use of any proposed exhibit that Plaintiffs produced in discovery but did not provide to PTP for any purpose other than establishing the amount of their alleged damages.

197.    RMA Food and Bev Data

      o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402. Defendant Peninsula Township also objects to this exhibit under FRE 702. This exhibit is the subject of a forthcoming motion *in limine*.

      o   Intervening Defendant PTP objects that Plaintiffs have failed to describe this proposed exhibit in sufficient detail for PTP to be able to identify and review it for potential grounds for objection. PTP further objects to the use of any proposed exhibit that Plaintiffs produced in discovery but did not provide to PTP for any purpose other than establishing the amount of their alleged damages. PTP further objects to this proposed exhibit as not relevant to any live trial issue. Fed. R. Evid. 402.

198.    Event Pricing Data

      o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402. Defendant Peninsula Township also objects to this exhibit under FRE 702. This exhibit is the subject of a forthcoming motion *in limine*.

      o   Intervening Defendant PTP objects that Plaintiffs have failed to describe this proposed exhibit in sufficient detail for PTP to be able to identify and review it for potential grounds for objection. PTP further objects to the use of any proposed exhibit that Plaintiffs produced in discovery but did not provide to PTP for any purpose other than establishing the amount of their alleged damages.

199.    Gary McDowell CV

200.    McDowell Expert Report

o   Defendant Peninsula Township objects to this exhibit as hearsay under FRE 801 and 802.

o   Intervening Defendant PTP objects to this proposed exhibit on the ground that it is hearsay. <u>Fed. R. Evid. 801</u>, <u>802</u>.

201.   MDARD Farm Market GAAMPs

o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

o   Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. <u>Fed. R. Evid. 402</u>.

202.   Whitmer Press Release

o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and FRE 402 and as hearsay under FRE 801 and 802.

o   Intervening Defendant PTP objects to this proposed exhibit as hearsay and not relevant to any live trial issue. <u>Fed. R. Evid. 402</u>, <u>801</u>, <u>802</u>.

203.   David Moss Expert Report

o   Defendant Peninsula Township objects to this exhibit as hearsay under FRE 801 and 802.

o   Intervening Defendant PTP objects to this proposed exhibit on the grounds that it is hearsay. <u>Fed. R. Evid. 801</u>, <u>802</u>.

204.   David Moss CV

205.   David Moss Supplemental Expert Report

o   Defendant Peninsula Township objects to this exhibit as hearsay under FRE 801 and 802.

o   Intervening Defendant PTP objects to this proposed exhibit on the grounds that it is hearsay. <u>Fed. R. Evid. 801</u>, <u>802</u>.

206.   Terri Quimby Expert Report

o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402. The Court has already ruled on Plaintiffs' preemption claims (Count 8).  (ECF No. 525).  This issue is no longer live for trial so it is unclear for what purpose this exhibit would be offered.  Defendant Peninsula Township further objects to this exhibit as hearsay under FRE 801 and 802.

    o   Intervening Defendant PTP objects to this proposed exhibit as hearsay and not relevant to any live trial issue. <u>Fed. R. Evid. 402</u>, <u>801</u>, <u>802</u>.

207.   Terri Quimby CV

    o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402. The Court has already ruled on Plaintiffs' preemption claims (Count 8).  (ECF No. 525).  This issue is no longer live for trial so it is unclear for what purpose this exhibit would be offered.

    o   Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. <u>Fed. R. Evid. 402</u>.

208.   2003.08.11 Letter from Rob Manigold to Grant Parsons regarding wineries

    o   Intervening Defendant PTP objects to this proposed exhibit as hearsay and not relevant to any live trial issue. <u>Fed. R. Evid. 402</u>, <u>801</u>, <u>802</u>.

209.   Exhibit 6 from Deeren Deposition, June 2014 communications between Peninsula Township and 2Lads Winery regarding event cancellation

    o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

    o   Intervening Defendant PTP objects to this proposed exhibit as hearsay and not relevant to any live trial issue. <u>Fed. R. Evid. 402</u>, <u>801</u>, <u>802</u>.

210.   Exhibit 7 from Deeren Deposition, emails and memo regarding interpretation of term "Guest Activity"

    o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402. The Court has already ruled on Plaintiffs' due process void for vagueness claim.  (ECF No. 162).  This issue was not revisited during this phase of the trial and liability on this issue is no longer live for trial so it is unclear for what purpose this exhibit would be offered.

    o   Intervening Defendant PTP objects to this proposed exhibit as not relevant to any live trial issue. <u>Fed. R. Evid. 402</u>.

211.   Exhibit 9 from Sanger Deposition, email dated January 19, 2018

    o   Intervening Defendant PTP objects to this proposed exhibit as hearsay and not relevant to any live trial issue. <u>Fed. R. Evid. 402</u>, <u>801</u>, <u>802</u>.

212.   Exhibit 11 from Sanger Deposition, email chain from April 18, 2019

    o   Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401.

      o   Intervening Defendant PTP objects to this proposed exhibit as hearsay and not relevant to any live trial issue. <u>Fed. R. Evid. 402</u>, <u>801</u>, <u>802</u>.

213.    Exhibit 12 from Sanger Deposition, email dated May 31, 2018

      o   Intervening Defendant PTP objects to this proposed exhibit as hearsay and not relevant to any live trial issue. <u>Fed. R. Evid. 402</u>, <u>801</u>, <u>802</u>.

214.    August 21, 2019 Memo from Meihn to Twp Board

      o   Defendant Peninsula Township objects to this exhibit as hearsay under FRE 801 and 802.  Defendant Peninsula Township further objects to this exhibit as irrelevant under FRE 401 and 402.

      o   Intervening Defendant PTP objects to this proposed exhibit as hearsay and not relevant to any live trial issue. <u>Fed. R. Evid. 402</u>, <u>801</u>, <u>802</u>.

215.    August 23, 2019 letter from Greg Meihn

      o   Defendant Peninsula Township objects to this exhibit as hearsay under FRE 801 and 802.  Defendant Peninsula Township further objects to this exhibit as irrelevant under FRE 401 and 402. Defendant Peninsula Township further objects to this exhibit as a compromise statement made during negotiations that is inadmissible under FRE 408.

      o   Intervening Defendant PTP objects to this proposed exhibit because it is hearsay, lacks foundation, constitutes a lay opinion not helpful to determining any fact in issue, and is not relevant to any live trial issue. <u>Fed. R. Evid. 402</u>, <u>602</u>, <u>701</u>, <u>801</u>, <u>802</u>. PTP further objects to this proposed exhibit as a compromise statement made during negotiations that is protected by Fed. R. Evid 408.

216.    September 9, 2019 letter from Greg Meihn

      o   Defendant Peninsula Township objects to this exhibit as hearsay under FRE 801 and 802. Defendant Peninsula Township further objects to this exhibit as irrelevant under FRE 401 and 402. Defendant Peninsula Township further objects to this exhibit as a compromise statement made during negotiations that is inadmissible under FRE 408.

      o   Intervening Defendant PTP objects to this proposed exhibit because it is hearsay, lacks foundation, constitutes a lay opinion not helpful to determining any fact in issue, and is not relevant to any live trial issue. <u>Fed. R. Evid. 402</u>, <u>602</u>, <u>701</u>, <u>801</u>, <u>802</u>. PTP further objects to this proposed exhibit as a compromise statement made during negotiations that is protected by Fed. R. Evid 408.

217.    June 21, 2016 Letter to PC from Wendling

      o  Intervening Defendant PTP objects to this proposed exhibit as hearsay and not relevant to any live trial issue. <u>Fed. R. Evid. 402</u>, <u>801</u>, <u>802</u>.

218.    June 21, 2016 Letter to ZBA from Wendling

      o  Intervening Defendant PTP objects to this proposed exhibit as hearsay and not relevant to any live trial issue. <u>Fed. R. Evid. 402</u>, <u>801</u>, <u>802</u>.

219.    MLCC Description of Licenses and Permits by Tiers

      o  Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

      o  Intervening Defendant PTP objects to this proposed exhibit as hearsay and not relevant to any live trial issue. <u>Fed. R. Evid. 402</u>, <u>801</u>, <u>802</u>.

220.    MLCC Small Winemaker Instructions

      o  Defendant Peninsula Township objects to this exhibit as irrelevant under FRE 401 and 402.

      o  Intervening Defendant PTP objects to this proposed exhibit as hearsay and not relevant to any live trial issue. <u>Fed. R. Evid. 402</u>, <u>801</u>, <u>802</u>.

221.    PTP Responses to WOMP RTA

      o  Intervening Defendant PTP objects to this proposed exhibit as duplicative of discovery responses identified in Part 5 below. <u>Fed. R. Evid. 403</u>. PTP further objects that this proposed exhibit fails to comply with the instructions in the Second Amended CMO to "[d]esignate portions of depositions by page and line number" and "[d]esignate answers to interrogatories and requests for admissions by answer or request number." <u>ECF 343</u>, <u>PageID.12550</u>.

222.    PTP Supp Resp to WOMP Rogs

      o  Intervening Defendant PTP objects to this proposed exhibit as duplicative of discovery responses identified in Part 5 below. <u>Fed. R. Evid. 403</u>. PTP further objects that this proposed exhibit fails to comply with the instructions in the Second Amended CMO to "[d]esignate portions of depositions by page and line number" and "[d]esignate answers to interrogatories and requests for admissions by answer or request number." <u>ECF 343</u>, <u>PageID.12550</u>.

223.    Any rebuttal or impeachment documents that are necessary

224.    All exhibits used in depositions not already included

42009928.1/159392.00002

- Defendant Peninsula Township objects to Plaintiffs' exhibit designations marked as "Not Labeled" as they do not reference a Bates number or ECF number that would allow Defendant Peninsula Township to accurately review the documents for potential objections.  Defendant Peninsula Township reserve the right to further object once Plaintiffs specifically identifies their proposed trial exhibits.

- Defendant Peninsula Township reserves the right to lodge additional objections pursuant to FRE 401, 402, and 403 at the time of trial depending on the specific purposes for which Plaintiffs intend to rely on the exhibits listed above.  The relevance of some or all exhibits may be contingent upon the purposes for which the evidence is offered.

- Intervening Defendant PTP objects to any proposed exhibit that Plaintiffs have not previously disclosed or produced in discovery.

- Intervening Defendant PTP objects to any proposed exhibit that Plaintiffs designate "Not Labeled" in ECF 544 or that Plaintiffs have otherwise failed to describe in sufficient detail for PTP to be able to identify and review the proposed exhibit for potential grounds for objection. PTP reserves the right to further object to any such proposed exhibit once Plaintiffs identify their proposed exhibits more clearly.

- Intervening Defendant PTP objects to the use of any proposed exhibit that Plaintiffs produced in discovery but did not provide to PTP for any purpose other than establishing the amount of their alleged damages.

- Intervening Defendant PTP reserves the right to object under Federal Rules of Evidence 402 and 403 at trial as provided in the Second Amended CMO. (ECF 343)

Peninsula Township's and Protect the Peninsula's Joint Exhibits:

| Joint Defendants' Exhibit Number | Joint Defendants' Exhibit Name and Location | Plaintiffs' Objection |
|---|---|---|
| A | Peninsula Township Zoning Ordinance, ECF No. 29-1 | |
| B | Peninsula Township Ordinance 6.7.2(19) – Farm Processing Facility, ECF No. 142-16 | |
| C | Peninsula Township Ordinance 8.7.3(10) – Winery-Chateau, ECF No. 142-17 | |
| D | Peninsula Township Ordinance 8.7.3(12) – Remote Winery Tasting Room, ECF No. 142-18 | |

| E | Peninsula Township Purchase of Development Rights Ordinance, ECF No. 519-1 | Plaintiffs object that this exhibit is irrelevant. This document is the subject of a pending motion in limine. ECF Nos. 531, 532. |
|---|---|---|
| F | PTZO Amendment 201, ECF No. 444-2 | Plaintiffs object that this exhibit is irrelevant. All PTZO legislative history, enactments and amendments are the subject of a pending motion in limine. ECF Nos. 531, 532. |
| G | Peninsula Township Master Plan, ECF No. 142-2 | |
| H | Report and Curriculum Vitae of Thomas L. Daniels, ECF No. 488-3 | Plaintiffs object that this exhibit is irrelevant.  An expert's report, including an expert's cirriculum vitae, is not evidence. |
| I | Plaintiffs' MLCC Licenses, ECF No. 356-1 | |
| J | Demonstrative - Table of Winery Uses and Asserted "Enforcement" History, ECF No. 526-1 | Plaintiffs object to this exhibit as hearsay with no applicable exception. The document also lacks foundation and is not accurate. |
| K | Amendment 79 to the Peninsula Township Ordinances, ECF No. 142-5 | Plaintiff objects to this exhibit as it is not an ordinance amendment as represented but a draft memorandum which contains hearsay and lacks foundation.  Plaintiffs further object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine. ECF 531 and ECF 532. |
| L | Amendment 120 to the Peninsula Township Ordinances, ECF No. 142-7 | Plaintiff objects to this exhibit as it is not an ordinance amendment as represented but draft meeting minutes which are not authenticated and lack foundation. FRE 901 and 902. Plaintiffs further object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. |

38

| M | Amendment 139 to the Peninsula Township Ordinances, ECF No. 142-8 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that the proposed exhibit is incomplete. Plaintiffs further object that this exhibit is needlessly cumulative under FRE 403. |
| :---: | :---: | :---: |
| N | Amendment 146 to the Peninsula Township Ordinances, ECF No. 142-9 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this exhibit is needlessly cumulative under FRE 403. |
| O | Amendment 141 to the Peninsula Township Ordinances, ECF No. 142-10 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this exhibit is needlessly cumulative under FRE 403. |
| P | Amendment 181 to the Peninsula Township Ordinances, ECF No. 142-11 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this exhibit is needlessly cumulative under FRE 403.  Finally, this exhibit contains draft meeting minutes which are not authenticated and lack foundation. FRE 901 and 902. |
| Q | Planning Commission Meeting Minutes from March 20, 1989, Peninsula Township Response to PTP Req. to Prod. 1-2 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the |

| | | | |
|---|---|---|---|
| | | | apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said."<br><br>*Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| R | | Planning Commission Meeting Minutes from May 1, 1989, Peninsula Township Response to PTP Req. to Prod. 3 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532.  Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said."<br><br>*Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| S | | Planning Commission Meeting Minutes from May 15, 1989, Peninsula Township Response to PTP Req. to Prod. 4-9 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532.  Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are |

| | | |
|---|---|---|
| | | not admissible as evidence of the truth of what was said." *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.*, 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| T | Planning Commission Meeting Minutes from June 26, 1989, Peninsula Township Response to PTP Req. to Prod. 10-11 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.*, 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| U | Planning Commission Meeting Minutes from August 21, 1989, Peninsula Township Response to PTP Req. to Prod. 12-15 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." |

42009928.1/159392.00002

| | | |
|---|---|---|
| | | *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.*, 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| V | Planning Commission Meeting Minutes from September 18, 1989, Peninsula Township Response to PTP Req. to Prod. 16-18 | Plaintiffs object that this exhibit is irrelevant. This document is the subject of a pending motion in limine. ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get. ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." <br><br> *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| W | Planning Commission Meeting Minutes from October 16, 1989, Peninsula Township Response to PTP Req. to Prod. 19-23 | Plaintiffs object that this exhibit is irrelevant. This document is the subject of a pending motion in limine. ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get. ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." <br><br> *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |

| | | |
|---|---|---|
| X | Planning Commission Meeting Minutes from November 20, 1989, Peninsula Township Response to PTP Req. to Prod. 24-28 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." <br><br> *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| Y | Township Board Meeting Minutes from November 21, 1989, ECF No. 305-7 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." <br><br> *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| Z | Planning Commission Meeting Minutes from August 16, 1999, Peninsula Township Response to PTP Req. to Prod. 257-262 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. |

| | | |
|---|---|---|
| | | Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said."<br><br>*Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| AA | Planning Commission Meeting Minutes from September 20, 1999, Peninsula Township Response to PTP Req. to Prod. 291-295 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said."<br><br>*Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| BB | Township Board Meeting Minutes from November 11, 1999, Peninsula Township Response to PTP Req. to Prod. 5014-5019 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the |

44

| | | |
|---|---|---|
| | | apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said."<br><br>*Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| CC | Township Board Meeting Minutes from December 7, 1999, Peninsula Township Response to PTP Req. to Prod. 5020-5024 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said."<br><br>*Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| DD | Township Board Meeting Minutes from January 1, 2000, Peninsula Township Response to PTP Req. to Prod. 5025-5027 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are |

| | | |
|---|---|---|
| | | not admissible as evidence of the truth of what was said." <br><br> *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| EE | Township Board Meeting Minutes from February 8, 2000, Peninsula Township Response to PTP Req. to Prod. 5028-5035 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." <br><br> *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| FF | Township Board Meeting Minutes from March 14, 2000, Peninsula Township Response to PTP Req. to Prod. 5036-5039 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." |

42009928.1/159392.00002

| | | |
|---|---|---|
| | | *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| GG | Township Board Meeting Minutes from April 18, 2000, Peninsula Township Response to PTP Req. to Prod. 5040-5044 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." <br><br> *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| HH | Township Board Meeting Minutes from May 18, 2000, Peninsula Township Response to PTP Req. to Prod. 5045-5046 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." <br><br> *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |

42009928.1/159392.00002

| II | Planning Commission Meeting Minutes from October 15, 2001, Peninsula Township Response to PTP Req. to Prod. 333-335 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| JJ | Planning Commission Meeting Minutes from November 26, 2001, Peninsula Township Response to PTP Req. to Prod. 336-339 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| KK | Planning Commission Meeting Minutes from December 17, 2001, Peninsula Township Response to PTP Req. to Prod. 340-342 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. |

| | | |
|---|---|---|
| | | Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| LL | Planning Commission Meeting Minutes from February 19, 2002, Peninsula Township Response to PTP Req. to Prod. 343-346 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532.  Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| MM | Planning Commission Meeting Minutes from March 18, 2002, ECF No. 488-2, PageID.19031-19032 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532.  Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the |

49

| | | |
|---|---|---|
| | | apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said."<br><br>*Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| NN | Planning Commission Meeting Minutes from April 23, 2002, Peninsula Township Response to PTP Req. to Prod. 351-356 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said."<br><br>*Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| OO | Planning Commission Meeting Minutes from May 19, 2003, Peninsula Township Response to PTP Req. to Prod. 372-374 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are |

42009928.1/159392.00002

| | | |
|---|---|---|
| | | not admissible as evidence of the truth of what was said." <br><br> *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| PP | Planning Commission Meeting Minutes from June 16, 2003, Peninsula Township Response to PTP Req. to Prod. 375-379 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." <br><br> *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| QQ | Planning Commission Meeting Minutes from July 14, 2003, Peninsula Township Response to PTP Req. to Prod. 380-382 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." |

| | | |
|---|---|---|
| | | *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| RR | Planning Commission Meeting Minutes from September 15, 2003, Peninsula Township Response to PTP Req. to Prod. 383-388 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said."<br><br>*Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| SS | Recommendation from Grand Traverse County Planning Commission recommending denial of Amendment 141 from August 27, 2003, Def Resp to 1st RFP 008866 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiff further objects that this document is hearsay and/or contains hearsay, lacks foundation and is not authenticated. |
| TT | Planning Commission Meeting Minutes from May 17, 2004, Peninsula Township Response to PTP Req. to Prod. 393-397 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, |

| | | |
|---|---|---|
| | | Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| UU | Planning Commission Meeting Minutes from June 21, 2004, Peninsula Township Response to PTP Req. to Prod. 405-408 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532.  Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| VV | Township Board Meeting Minutes from August 10, 2004, ECF No. 308-7 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532.  Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." |

| | | |
|---|---|---|
| | | *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| WW | Planning Commission Meeting Minutes from December 18, 1989, Peninsula Township Response to PTP Req. to Prod. 29-31 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532.  Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| XX | Planning Commission Meeting Minutes from January 15, 1990, Peninsula Township Response to PTP Req. to Prod. 32-35 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532.  Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |

42009928.1/159392.00002

| | | |
|---|---|---|
| YY | Township Board Meeting Minutes from February 13, 1990, Peninsula Township Response to PTP Req. to Prod. 4933-4936 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532.  Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said."  *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| ZZ | Township Board Meeting Minutes from March 13, 1990, Peninsula Township Response to PTP Req. to Prod. 4937-4939 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532.  Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said."  *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| AAA | Township Board Meeting Minutes from July 10, 1990, Peninsula Township Response to PTP Req. to Prod. 4940-4944 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. |

| | | |
|---|---|---|
| | | Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| BBB | SUP #21 for Chateau Chantal, ECF No. 463-16 | |
| CCC | Planning Commission Meeting Minutes from September 20, 2004, Peninsula Township Response to PTP Req. to Prod. 416-419 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532.  Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| DDD | Memorandum from Gordon Hayward to Township Board, December 8, 2004, ECF No. 463-17 | Plaintiffs object to this document as hearsay. Further, the document is needlessly cumulative.  FRE 403. |

| EEE | Township Board Meeting Minutes from December 14, 2004, Peninsula Township Response to PTP Req. to Prod. 5080-5087 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532.  Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said."<br><br>*Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| :-: | :-: | :-: |
| FFF | SUP #95 for Chateau Chantal, ECF No. 32-11 | Plaintiffs object to this document as ECF No. 32-11 is not SUP #95 but a draft document attached to additional documents, namely a consent judgment that this Court has already determined is not relevant given that res judicata and collateral estoppel are not defenses.  The ECF document contains additional documents which are not relevant. |
| GGG | Planning Commission Meeting Minutes from November 16, 2009, Peninsula Township Response to PTP Req. to Prod. 490-495 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532.  Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are |

57

| | | not admissible as evidence of the truth of what was said." |
|---|---|---|
| | | *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| HHH | Planning Commission Meeting Minutes from December 21, 2009, Peninsula Township Response to PTP Req. to Prod. 496-501 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said."  *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| III | SUP #114 for Chateau Chantal – Supplements SUP #95, ECF No. 463-18 | Plaintiffs object to this document as it contains a draft document which is not authenticated as it is not signed. |
| JJJ | Planning Commission Meeting Minutes from October 20, 2014, Peninsula Township Response to PTP Req. to Prod. 556-603 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are |

42009928.1/159392.00002

| | | |
|---|---|---|
| | | not admissible as evidence of the truth of what was said." *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| KKK | Township Board Meeting Minutes from November 20, 2014, Peninsula Township Response to PTP Req. to Prod. 5240-5283 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| LLL | SUP #114, 1st Amendment for Chateau Chantal, ECF No. 463-19 | Plaintiffs object to this document as it contains a draft document which is not authenticated as it is not signed. |
| MMM | Planning Commission Meeting Minutes from March 18, 1996, Peninsula Township Response to PTP Req. to Prod. 91-94 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are |

42009928.1/159392.00002

| | | |
|---|---|---|
| | | not admissible as evidence of the truth of what was said." *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* <u>621 F. Supp. 198, 217</u> (S.D.N.Y. 1985). |
| NNN | Planning Commission Meeting Minutes from April 15, 1996, Peninsula Township Response to PTP Req. to Prod. 97-100 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  <u>ECF 531</u> and <u>ECF 532</u>.  Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  <u>ECF No. 385</u>, <u>PageID.14154</u>, <u>14166</u>. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* <u>621 F. Supp. 198, 217</u> (S.D.N.Y. 1985). |
| OOO | Planning Commission Meeting Minutes from May 20, 1996, Peninsula Township Response to PTP Req. to Prod. 106-109 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  <u>ECF 531</u> and <u>ECF 532</u>.  Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  <u>ECF No. 385</u>, <u>PageID.14154</u>, <u>14166</u>. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." |

42009928.1/159392.00002

| | | *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
|---|---|---|
| PPP | Planning Commission Meeting Minutes from June 17, 1996, Peninsula Township Response to PTP Req. to Prod. 118-120 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." |
| | | *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| QQQ | Planning Commission Meeting Minutes from July 15, 1996, Peninsula Township Response to PTP Req. to Prod. 121-123 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." |
| | | *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |

61

| RRR | Planning Commission Meeting Minutes from August 19, 1996, Peninsula Township Response to PTP Req. to Prod. 126-130 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532.  Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| SSS | Planning Commission Meeting Minutes from February 18, 1997, Peninsula Township Response to PTP Req. to Prod. 137-140 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532.  Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| TTT | Planning Commission Meeting Minutes from March 17, 1997, Peninsula Township Response to PTP Req. to Prod. 141-145 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. |

| | | |
|---|---|---|
| | | Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| UUU | Planning Commission Meeting Minutes from April 21, 1997, Peninsula Township Response to PTP Req. to Prod. 146-149 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| VVV | Planning Commission Meeting Minutes from May 19, 1997, Peninsula Township Response to PTP Req. to Prod. 150-152 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the |

| | | |
|---|---|---|
| | | apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." <br><br> *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| WWW | Planning Commission Meeting Minutes from June 16, 1997, Peninsula Township Response to PTP Req. to Prod. 153-158 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532.  Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." <br><br> *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| XXX | Township Board Meeting Minutes from July 8, 1997, Peninsula Township Response to PTP Req. to Prod. 4959-4965 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532.  Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are |

| | | not admissible as evidence of the truth of what was said." *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
|---|---|---|
| YYY | Planning Commission Meeting Minutes from July 21, 1997, Peninsula Township Response to PTP Req. to Prod. 159-163 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532.  Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| ZZZ | Township Board Meeting Minutes from August 12, 1997, Peninsula Township Response to PTP Req. to Prod. 4966-4971 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532.  Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." |

| | | |
|---|---|---|
| | | *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| AAAA | Township Board Meeting Minutes from September 9, 1997, Peninsula Township Response to PTP Req. to Prod. 4972-4976 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532.  Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| BBBB | Chateau Chantal Consent Judgment, ECF No. 63-4, PageID.2803-2805 | Plaintiffs object to this exhibit as irrelevant as this Court has already determined that PTP could not raise res judicata, collateral estoppel, judicial estoppel and standing as a defense related to this document.  ECF No. 528, PageID.21268-21269.  Further, Peninsula Township did not plead res judicata, collateral estoppel, judicial estoppel and standing as an affirmative defense related to this document and has waived the defense.  ECF No. 35.  To the extent Defendants intend to offer this document as legislative history, Plaintiffs object as this is irrelevant the subject of a pending motion in limine.  ECF 531 and ECF 532. |

| CCCC | Township Board Meeting Minutes from February 9, 1999, Peninsula Township Response to PTP Req. to Prod. 4998-5003 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532.  Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said."<br><br>*Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| --- | --- | --- |
| DDDD | Chateau Chantal Consent Judgment Standards, ECF No. 517-12 | Plaintiffs object to this exhibit as irrelevant as this Court has already determined that PTP could not raise res judicata, collateral estoppel, judicial estoppel and standing as a defense related to this document. ECF No. 528, PageID.21268-21269. Further, Peninsula Township did not plead res judicata, collateral estoppel, judicial estoppel and standing as an affirmative defense related to this document and has waived the defense.  ECF No. 35. To the extent Defendants intend to offer this document as legislative history, Plaintiffs object as this is irrelevant the subject of a pending motion in limine.  ECF 531 and ECF 532. |
| EEEE | MLCC Declaratory Ruling re: Chateau Chantal, August 26, 1998, ECF No. 56-1 | Plaintiffs object that this exhibit is irrelevant as a result of MLCC's June 20, 2017 recision of this August 26, 1998 Declaratory Ruling See ECF 356-2. Plaintiffs further |

42009928.1/159392.00002

| | | |
|---|---|---|
| | | object that ECF 56-1 is a brief filed by PTP, not the referenced document.  Plaintiffs assume PTP means to cite PageID.2605-2612. |
| FFFF | MLCC Order Denying Outdoor Service Area, December 19, 2000, PTP0006724-0006725 | Plaintiffs object to this document as is irrelevant. MLCC has since issued Chateau Chantal an outdoor service area and reversed its prior denial so the document is misleading in violation of FRE 403.  Futher, MLCC Code has been amended since this document was drafted in 2000.  Plaintiff further objects that the document is hearsay. |
| GGGG | MLCC Order Rescinding Declaratory Ruling, June 20, 2017, ECF No. 356-2 | |
| HHHH | Chateau Chantal Schedule of Guest Activity Uses, WOMP013785 | |
| IIII | Chateau Chantal 2008, 2017, 2023 Guest Activity Use Notifications, WOMP0000696, 013784, 012350 | |
| JJJJ | Chateau Chantal Guest Activity Uses, Wine & Food Pairings, ECF No. 517-13 | Plaintiffs object to this exhibit as duplicative of PTP-HHHH thus its violates FRE 403. |
| KKKK | Chateau Chantal 2018, 2019, 2020 Guest Activity Use Notifications, ECF No. 517-14 | |
| LLLL | Chateau Chantal Guest Activity Use Promotional Materials, ECF No. 517-17 | |
| MMMM | Planning Commission Meeting Minutes from March 16, 1992, Peninsula Township Response to PTP Req. to Prod. 63-65 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532.  Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation |

68

| | | |
|---|---|---|
| | | of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| NNNN | Township Board Meeting Minutes from April 14, 1992, Peninsula Township Response to PTP Req. to Prod. 4945-4948 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| OOOO | SUP #32 for Bowers Harbor Vineyard, ECF No. 32-7, PageID.1773-1781 | |
| PPPP | SUP #32 Food Processing, Findings of Fact, April 10, 1992, WOMP0000345-0000355 | |
| QQQQ | SUP #32 Food Processing, April 11, 1992, Def Resp to 1st RFP 007389-007396 | |

42009928.1/159392.00002

| | | |
|---|---|---|
| RRRR | Township Board Meeting Minutes from August 10, 2010, Peninsula Township Response to PTP Req. to Prod. 5152-5157 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." <br><br> *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| SSSS | SUP #32 Amendment for Bowers Harbor Vineyard, ECF No. 463-5, PageID.16568-16575 | |
| TTTT | December 16, 2015 Correspondence from Linda Stegenga, ECF No. 517-7 | |
| UUUU | Correspondence between T. Alward and B. Graham re: SUP #32, August 2017, ECF No. 308-10 | |
| VVVV | Planning Commission Meeting Minutes from October 2, 2018, Peninsula Township Response to PTP Req. to Prod. 725-728 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, |

70

| | | Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
|---|---|---|
| WWWW | October 2, 2018 Minutes from Peninsula Township Bowers Harbor Vineyard Committee, Peninsula Township Response to PTP Req. to Prod. 729 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532.  Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| XXXX | December 10, 2018 Minutes from Peninsula Township Bowers Harbor Vineyard Committee, Peninsula Township Response to PTP Req. to Prod. 734 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532.  Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." |

42009928.1/159392.00002

| | | |
|---|---|---|
| | | *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.*, 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| YYYY | Planning Commission Meeting Minutes from February 25, 2019, Peninsula Township Response to PTP Req. to Prod. 735-737 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." <br><br> *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.*, 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| ZZZZ | Documents regarding 2019 variance approval, ECF No. 463-7, PageID.16586 and ECF No. 463-8 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. |
| AAAAA | Township Zoning Board of Appeals Meeting Minutes for April 11, 2019, Def Resp to 1st RFP 001253 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until |

| | | |
|---|---|---|
| | | PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." <br><br> *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| BBBBB | Request for Variance, April 11, 2019, ECF No. 517-8 | Plaintiffs object to this exhibit as duplicative of ZZZZ thus its violates FRE 403. |
| CCCCC | Email from L. Stegenga to ZBA Partially Withdrawing Variance Request, April 11, 2019, Def Resp to 1st RFP 000579 | Plaintiffs object that this exhibit is irrelevant. |
| DDDDD | May 15, 2019 Minutes from Peninsula Township Bowers Harbor Vineyard Committee, Peninsula Township Response to PTP Req. to Prod. 743 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." <br><br> *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| EEEEE | Planning Commission Meeting Minutes from May 20, 2019, | Plaintiffs object that this exhibit is irrelevant.  This document is the |

| | | |
|---|---|---|
| | Peninsula Township Response to PTP Req. to Prod. 745-754 | subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said."<br><br>*Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| FFFFF | Planning Commission Meeting Minutes from June 25, 2019, Peninsula Township Response to PTP Req. to Prod. 756-761 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said."<br><br>*Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| GGGGG | Township Board Meeting Minutes from July 23, 2019, Peninsula Township Response to PTP Req. to Prod. 5545-5549 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation |

| | | |
|---|---|---|
| | | of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| HHHHH | SUP #132 for Bowers Harbor Vineyard, ECF No. 32-7, PageID.1782-1798 | |
| IIIII | SUP #132 zoning history documents, ECF No. 308-12 | |
| JJJJJ | Bowers Harbor Vineyard MLCC licensing documents, ECF No. 517-9 | |
| KKKKK | Brys Variance Request, April 3, 2000, ECF No. 463-15 | |
| LLLLL | Brys PTZO Amendment Correspondence, 2008 and 2011, ECF No. 517-25 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| MMMMM | Township Board Meeting Minutes from February 8, 2011, Peninsula Township Response to PTP Req. to Prod. 5158-5163 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation |

75

| | | |
|---|---|---|
| | | of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said."<br><br>*Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| NNNNN | SUP #115 for Brys Estate and Amendments, ECF No. 32-5 | |
| OOOOO | SUP #115 for Brys Estate, ECF No. 463-9, PageID.16590-16600 | |
| PPPPP | Planning Commission Meeting Minutes from February 27, 2012, Peninsula Township Response to PTP Req. to Prod. 502-504 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said."<br><br>*Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| QQQQQ | Township Board Meeting Minutes from April 10, 2012, Peninsula Township Response to PTP Req. to Prod. 5174-5178 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until |

| | | |
|---|---|---|
| | | PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| RRRRR | SUP #115, 1st Amendment for Brys Estate, ECF No. 457-16 | |
| SSSSS | Planning Commission Meeting Minutes from February 24, 2014, Peninsula Township Response to PTP Req. to Prod. 549-555 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| TTTTT | Township Board Meeting Minutes from April 8, 2014, Peninsula Township Response to PTP Req. to Prod. 5221-5239 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving |

| | | |
|---|---|---|
| | | the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| UUUUU | SUP #115, 2nd Amendment for Brys Estate, ECF No. 463-11, PageID.16615-16629 | |
| VVVVV | Planning Commission Meeting Minutes from August 20, 2018, Peninsula Township Response to PTP Req. to Prod. 714-724 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| WWWWW | SUP #115, 3rd Amendment for Brys Estate, ECF No. 463-12, PageID.16631-16646 | |
| XXXXX | Planning Commission Meeting Minutes from November 19, 2018, Peninsula Township Response to PTP Req. to Prod. 730-733 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this |

78

| | | document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
|---|---|---|
| YYYYY | SUP #115, 4th Amendment for Brys Estate, ECF No. 463-14, PageID.16653-16667 | |
| ZZZZZ | Brys Lease between Brys Winery LC and Brys Realty LLC, WOMP0000681–0000691 | Plaintiffs object to this document as it is not relevant. |
| AAAAAA | Edmundson PDR Easement, ECF No. 457-11 | Plaintiffs object to this exhibit as it is not relevant.  Further, Peninsula Township did not allege breach of conservation easements as an affirmative defense and has waived the defense.  See ECF 35, PageID.1950-1952. |
| BBBBBB | Seaberg Farms PDR Easement, ECF No. 457-12 | Plaintiffs object to this exhibit as it is not relevant.  Further, Peninsula Township did not allege breach of conservation easements as an affirmative defense and has waived the defense.  See ECF 35, PageID.1950-1952. |
| CCCCCC | Bonobo Parcel Information, ECF No. 519-4 | |
| DDDDDD | Planning Commission Meeting Minutes from February 25, 2013, Peninsula Township Response to PTP Req. to Prod. 533-538 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. |

| | | |
|---|---|---|
| | | Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said."<br><br>*Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| EEEEE | Planning Commission Meeting Minutes from March 18, 2013, Peninsula Township Response to PTP Req. to Prod. 539-548 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said."<br><br>*Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| FFFFFF | Township Board Meeting Minutes from April 9, 2013, Peninsula Township Response to PTP Req. to Prod. 5192-5197 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the |

80

| | | |
|---|---|---|
| | | apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said."<br><br>*Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| GGGGGG | Township Board Meeting Minutes from May 14, 2013, Peninsula Township Response to PTP Req. to Prod. 5198-5218 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said."<br><br>*Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| HHHHHH | Bonobo SUP #118, ECF No. 32-6 | |
| IIIIII | Bonobo MLCC License, ECF No. 517-48 | |
| JJJJJJ | Bonobo MLCC Order approving Small Wine Maker License and Outdoor Service Areas May 7, 2014, PTP0003104-0003109 | |
| KKKKKK | Bonobo SUP Amendment Application, ECF No. 463-2 | |

42009928.1/159392.00002

| | | |
|---|---|---|
| LLLLLL | Bonobo SUP #118, 1st Amendment, ECF No. 457-13 | |
| MMMMMM | Township Board Meeting Minutes from April 16, 2015, ECF No. 457-6 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said."  *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| NNNNNN | Notice of Denial of Guest Activity Use Application, April 21, 2015, ECF No. 308-14 | |
| OOOOOO | Township Board Meeting Minutes from May 12, 2015, Peninsula Township Response to PTP Req. to Prod. 5289-5307 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." |

| | | |
|---|---|---|
| | | *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| PPPPPP | Township Board Meeting Minutes from November 10, 2015, Peninsula Township Response to PTP Req. to Prod. 5308-5311 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said."<br><br>*Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| QQQQQQ | Bonobo Citations, ECF No. 457-8 | |
| RRRRRR | 2016 Bonobo Consent Judgments, ECF No. 526-6 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs object to this exhibit as irrelevant as this Court has already determined that PTP could not raise res judicata, collateral estoppel, judicial estoppel and standing as a defense related to this document. ECF No. 528, PageID.21268-21269. |
| SSSSSS | Township Board Meeting Minutes from August 9, 2016, Peninsula Township Response to PTP Req. to Prod. 5371-5375 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation |

| | | |
|---|---|---|
| | | of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.*, 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| TTTTTT | Township Board Meeting Minutes from September 13, 2016, Peninsula Township Response to PTP Req. to Prod. 5376-5383 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.*, 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| UUUUUU | Township Board Meeting Minutes from October 25, 2016, Peninsula Township Response to PTP Req. to Prod. 5388-5395 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, |

| | | Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." <br><br> *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* <u>621 F. Supp. 198, 217</u> (S.D.N.Y. 1985). |
|---|---|---|
| VVVVVV | Township Board Meeting Minutes from November 22, 2016, Peninsula Township Response to PTP Req. to Prod. 5396-5402 | Plaintiffs object that this exhibit is irrelevant. This document is the subject of a pending motion in limine. <u>ECF 531</u> and <u>ECF 532</u>. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get. <u>ECF No. 385,</u> <u>PageID.14154</u>, <u>14166</u>. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." <br><br> *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* <u>621 F. Supp. 198, 217</u> (S.D.N.Y. 1985). |
| WWWWWW | Township Board Meeting Minutes from December 13, 2016, Peninsula Township Response to PTP Req. to Prod. 5403-5409 | Plaintiffs object that this exhibit is irrelevant. This document is the subject of a pending motion in limine. <u>ECF 531</u> and <u>ECF 532</u>. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get. <u>ECF No. 385,</u> <u>PageID.14154</u>, <u>14166</u>. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." |

85

| | | *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
|---|---|---|
| XXXXXX | Bonobo Settlement Agreement, ECF No. 457-9 | Plaintiffs object to this exhibit as irrelevant as this Court has already determined that PTP could not raise res judicata, collateral estoppel, judicial estoppel and standing as a defense related to this document. ECF No. 528, PageID.21268-21269. Further, Peninsula Township did not plead res judicata, collateral estoppel, judicial estoppel and standing as an affirmative defense related to this document and has waived the defense.  ECF No. 35. The document also is incomplete as it does not contain referenced exhibits. |
| YYYYYY | Township Board Meeting Minutes from April 11, 2017, Peninsula Township Response to PTP Req. to Prod. 5410-5413 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532.  Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said."<br><br>*Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| ZZZZZZ | 2018 Bonobo Compliance Report, ECF No. 499-7 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532.  Further, Plaintiffs object that the |

86

| | | |
|---|---|---|
| | | meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." |
| | | *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| | | Plaintiffs object to this exhibit as irrelevant as this Court has already determined that PTP could not raise res judicata, collateral estoppel, judicial estoppel and standing as a defense related to this document. ECF No. 528, PageID.21268-21269. |
| AAAAAAA | Memorandum from Randy Mielnik for Township Board, September 6, 2018, ECF No. 517-49 | Plaintiffs object to this exhibit as it is duplicative of PTP-PP and needlessly cumulative in violation FRE 403. |
| | | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." |
| | | *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| | | Plaintiffs object to this exhibit as irrelevant as this Court has already determined that PTP could not raise collateral estoppel or res judicata as defense.  ECF No. 528, PageID.21268-21269. Further, Peninsula Township did not identify collateral estoppel or res judicata as an affirmative defense and has waived the defense.  ECF No. 35. Further, the document is incomplete as it does not contain referenced exhibits. |

87

| BBBBBBB | Township Board Meeting Minutes for September 11, 2018, ECF No. 499-6 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." <br><br> *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). <br><br> Plaintiffs object to this exhibit as irrelevant as this Court has already determined that PTP could not raise res judicata, collateral estoppel, judicial estoppel and standing as a defense related to this document. ECF No. 528, PageID.21268-21269. |
|---|---|---|
| CCCCCCC | Bonobo MLCC Order Approving Catering Permit, September 1, 2022, PTP0003110-0003112 | |
| DDDDDDD | Planning Commission Meeting Minutes from April 16, 1990, Peninsula Township Response to PTP Req. to Prod. 000038-000041 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." <br><br> *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |

88

| EEEEEE | Planning Commission Meeting Minutes from June 18, 1990, Peninsula Township Response to PTP Req. to Prod. 42-47 | Plaintiffs object that this exhibit is irrelevant. This document is the subject of a pending motion in limine. ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get. ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said."<br><br>*Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| FFFFFFF | Planning Commission Meeting Minutes from June 26, 1990, Peninsula Township Response to PTP Req. to Prod. 48-53 | Plaintiffs object that this exhibit is irrelevant. This document is the subject of a pending motion in limine. ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get. ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said."<br><br>*Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| GGGGGGG | SUP #24 for Chateau Grand Traverse, ECF No. 32-8 | |

| HHHHHHH | Planning Commission Meeting Minutes from December 15, 1997, Peninsula Township Response to PTP Req. to Prod. 164-166 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532.  Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said."<br><br>*Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| IIIIIII | Planning Commission Meeting Minutes from February 17, 1998, Peninsula Township Response to PTP Req. to Prod. 170-173 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532.  Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said."<br><br>*Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| JJJJJJJ | Planning Commission Meeting Minutes from March 23, 1998, Peninsula Township Response to PTP Req. to Prod. 177-180 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. |

42009928.1/159392.00002

| | | |
|---|---|---|
| | | Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." <br><br> *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| KKKKKKK | Planning Commission Meeting Minutes from June 15, 1998, Peninsula Township Response to PTP Req. to Prod. 190-194 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." <br><br> *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| LLLLLLL | SUP #59 for Chateau Grand Traverse, ECF No. 463-22 | |
| MMMMMMM | Township Board Meeting Minutes from July 13, 1999, Peninsula Township Response to PTP Req. to Prod. 5004-5007 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until |

| | | |
|---|---|---|
| | | PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said."<br><br>*Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| NNNNNNN | SUP #66, Findings, and Site Plan Approval, ECF No. 308-8 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532.  Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said."<br><br>*Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| OOOOOOO | SUP #66 for Chateau Grand Traverse, ECF No. 463-23 | |
| PPPPPPP | Planning Commission Meeting Minutes from August 16, 2004, Peninsula Township Response to PTP Req. to Prod. 412-415 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532.  Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving |

| | | |
|---|---|---|
| | | the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." <br><br> *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| QQQQQQQ | Township Board Meeting Minutes from September 14, 2004, Peninsula Township Response to PTP Req. to Prod. 5072-5079 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." <br><br> *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| RRRRRRR | Documentation for amendment to SUP #94 for Chateau Grand Traverse, ECF No. 463-24, PageID.16747-16749 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting |

| | | |
|---|---|---|
| | | minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| SSSSSSS | Chateau Grand Traverse MLCC Amended Order Approving Outdoor Service Area, August 12, 2015, PTP0005461-0005462 | |
| TTTTTTT | Villa Mari Farm Processing Facility Application, ECF No. 517-54, PageID.20404-20405 | |
| UUUUUUU | Mari Preliminary Farm Processing Permit | |
| VVVVVVV | SUP #126 Application | |
| WWWWWWW | February 22, 2016 Planning Commission Meeting Minutes, Peninsula Township Response to PTP Req. to Prod. 641-668 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| XXXXXXX | March 15, 2016 Township Board Meeting Minutes, Peninsula Township Response to PTP Req. to Prod. 5316-5345 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. |

94

| | | |
|---|---|---|
| | | Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| YYYYYYY | Villa Mari SUP #126, Findings of Fact, ECF No. 63-10, PageID.2994-3020 | |
| *ZZZZZZZ* | SUP #126 for Mari | |
| AAAAAAAA | Villa Mari MLCC Order Approving License, ECF No. 517-55, PageID.20406-20412 | |
| BBBBBBBB | Hawthorne Final Farm Processing Facility Permit #3, ECF No. 517-44 | |
| CCCCCCCC | Hawthorne Winery-Chateau SUP Application, WOMP0000971-0000992 | |
| DDDDDDDD | SUP #135 Application Emails, WOMP0000942-0000946 | |
| EEEEEEEE | Planning Commission Meeting Minutes from January 27, 2020, Peninsula Township Response to PTP Req. to Prod. 800-804 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the |

95

| | | |
|---|---|---|
| | | apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| FFFFFFFF | Planning Commission Meeting Minutes from February 24, 2020, Peninsula Township Response to PTP Req. to Prod. 805-809 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| GGGGGGGG | Planning Commission Meeting Minutes from June 15, 2020, Peninsula Township Response to PTP Req. to Prod. 810-813 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are |

| | | |
|---|---|---|
| | | not admissible as evidence of the truth of what was said." *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| HHHHHHHH | Township Board Meeting Minutes from July 14, 2020, Peninsula Township Response to PTP Req. to Prod. 5572-5576 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| IIIIIIII | SUP #135 for Hawthorne Vineyards, ECF No. 463-26 | |
| JJJJJJJJ | MLCC Order approving transfer of Small Wine Maker license to Hawthorne, October 6, 2022, PTP0007168-0007176 | |
| KKKKKKKK | Minutes from Joint Session of Planning Commission and Township Board from January 9, 2002, Peninsula Township Response to PTP Req. to Prod. 5054-5057 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, |

| | | |
|---|---|---|
| | | PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said."<br><br>*Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| LLLLLLLL | Planning Commission Meeting Minutes from June 17, 2002, Peninsula Township Response to PTP Req. to Prod. 361-365 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said."<br><br>*Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| MMMMMMMM | Township Board Meeting Minutes from July 9, 2002, Peninsula Township Response to PTP Req. to Prod. 5058-5064 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." |

42009928.1/159392.00002

| | | |
|---|---|---|
| | | *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| NNNNNNNN | Planning Commission Meeting Minutes from May 18, 2009, Peninsula Township Response to PTP Req. to Prod. 482-486 | Plaintiffs object that this exhibit is irrelevant. This document is the subject of a pending motion in limine. ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get. ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." <br><br> *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| OOOOOOOO | Planning Commission Meeting Minutes from June 15, 2009, Peninsula Township Response to PTP Req. to Prod. 487-489 | Plaintiffs object that this exhibit is irrelevant. This document is the subject of a pending motion in limine. ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get. ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." <br><br> *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |

99

| PPPPPPPP | Township Board Meeting Minutes from August 11, 2009, Peninsula Township Response to PTP Req. to Prod. 5146-5151 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said."  *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| --- | --- | --- |
| QQQQQQQQ | Black Star Preliminary Farm Processing Permit, ECF No. 459-6 | |
| RRRRRRRR | Black Star Farms Final Farm Processing Permit #2, ECF No. 517-30, PageID.20248 and ECF No. 459-6, PageID.16373 | |
| SSSSSSSS | Black Star Farms Commercial Lease Agreement, ECF No. 517-29, PageID.20230-20247 | Plaintiffs object to this document as it is not relevant. |
| TTTTTTTT | Underwood Orchards Conservation Easement, ECF No. 457-10, PageID.16203-16217 | |
| UUUUUUUU | Black Star Farms Parcel Information Sheets, ECF No. 519-3, PageID.20808-20818 | |
| VVVVVVVV | December 16, 2011 variance request correspondence, ECF No. 459-12, PageID.16397-16407 | |

100

| | | |
|---|---|---|
| WWWWWWWW | Email from L. Lutes Withdrawing Variance Request, January 26, 2012, ECF No. 459-13, PageID.16409 | |
| XXXXXXXX | Black Star MLCC Order Approving Outdoor Service Area, October 20, 2017, PTP0007510-0007513 | |
| YYYYYYYY | Black Star 2018 Variance Request, ECF No. 459-14 | |
| ZZZZZZZZ | Black Star Letter from C. Deeren Returning Variance Application Fee to R. Mampe, June 12, 2018, ECF No. 517-33 | |
| AAAAAAAAA | Black Star MLCC Order Approving Outdoor Service Area, June 11, 2020, PTP0007498-0007501 | |
| BBBBBBBBB | Black Star MLCC Order Approving Outdoor Service Area, July 14, 2020, PTP0007502-0007505 | |
| CCCCCCCCC | Black Star MLCC Order Approving Outdoor Service Area, October 6, 2022, PTP0007506-0007509 | |
| DDDDDDDDD | Black Star Farms Tasting Room hours, ECF No. 517-34, PageID.20255 | |
| EEEEEEEEE | Black Star Hours of Operations Suttons Bay, ECF No. 488-1 | |
| FFFFFFFFF | Two Lads MLCC Wine Producer and Blender Permit, August 8, 2007, and 2008-2009 License, ECF No. 517-37 | |

42009928.1/159392.00002

| | | |
|---|---|---|
| GGGGGGGGG | Two Lads Memorandum of Lease Agreement, WOMP0000003-0000005 | Plaintiffs object to this exhibit as it is not relevant. |
| HHHHHHHHH | Two Lads Land Use Permit Materials, ECF No. 517-42, PageID.20307-20311 | |
| IIIIIIIII | Two Lads Documentation Regarding Summer 2014 Events, ECF No. 517-40, PageID.20297-20301 | |
| JJJJJJJJJ | Two Lads MLCC Order Approving Outdoor Service Area, September 11, 2019, PTP0003859-0003862 | |
| KKKKKKKKK | Two Lads MLCC Order Approving Outdoor Service Area, August 13, 2020, ECF No. 517-38 | |
| LLLLLLLLL | SUP No. #73, ECF 459-17, PageID.16425-16433 | Plaintiffs object to this exhibit as it is a special use permit granted to an entity other than a plaintiff in this lawsuit, thus it is irrelevant. |
| MMMMMMMMM | SUP No. #73, Township Letter and Certificate of Permit to Tabone, ECF No. 305-11 | Plaintiffs object to this exhibit as it it not relevant as it was addressed to an entity other than a Plaintiff and also to the father of one of the Plaintiff Winery owners. |
| NNNNNNNNN | Tabone Small Wine Maker License Application (2014), ECF No. 526-3 | |
| OOOOOOOOO | Tabone MLCC Local Approval Forms, ECF No. 517-67, PageID.20547-20549 | |
| PPPPPPPPP | Letter from Township to MLCC (2016), ECF No. 526-4 | |
| QQQQQQQQQ | Tabone Outdoor Service Request to MLCC (2017), ECF No. 526-5 | |

42009928.1/159392.00002

| | | |
|---|---|---|
| RRRRRRRRR | Tabone Corrected MLCC License Approval, ECF No. 517-68, PageID.20550-20555 | |
| SSSSSSSSS | Tabone On-Premises Tasting Room Certification, ECF No. 517-69, PageID.20556-20557 | |
| TTTTTTTTT | Tabone Farm Processing Facility application materials, ECF No. 517-64, PageID.20527-20540 | |
| UUUUUUUUU | April 27, 2016 email from C. Schoolmaster to Tabone, ECF No. 517-64, PageID.20541-20542 | Plaintiffs object to this exhibit as it is hearsay. |
| VVVVVVVVV | ZBA Meeting Minutes from June 9, 2016, Variance Request 851 Made, ECF No. 499-8, PageID.19411 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532.  Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| WWWWWWWWW | June 21, 2016 email chain regarding Tabone withdrawal of variance request, ECF No. 517-65, PageID.20543 | Plaintiffs of object to this exhibit as it contains hearsay. |
| XXXXXXXXX | ZBA Meeting Minutes from June 23, 2016, Variance Request 851 Withdrawn, ECF No. 499-8, PageID.19412 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. |

103

| | | |
|---|---|---|
| | | Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said."<br><br>*Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| YYYYYYYYY | Tabone Land Use Permit to Reconstruct Food Processing Plant, ECF No. 517-66, PageID.20544-20546 | Plaintiffs object to the portion of this exhibit contained in PageID.20546 as it is hearsay. |
| ZZZZZZZZZ | Tabone Lease, ECF No. 517-63, PageID.20515-20526 | Plaintiffs object to this exhibit as it is not relevant. |
| AAAAAAAAAA | Planning Commission Meeting Minutes from January 19, 1998, Peninsula Township Response to PTP Req. to Prod. 167-169 | |
| BBBBBBBBBB | Planning Commission Meeting Minutes from April 13, 1998, Peninsula Township Response to PTP Req. to Prod. 181-185 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." |

42009928.1/159392.00002

| | | |
|---|---|---|
| | | *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| CCCCCCCCCC | Township Board Meeting Minutes from May 12, 1998, Peninsula Township Response to PTP Req. to Prod. 4977-4979 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." <br><br> *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| DDDDDDDDDD | Planning Commission Meeting Minutes from May 18, 1998, Peninsula Township Response to PTP Req. to Prod. 186-189 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." <br><br> *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |

| EEEEEEEEE | Planning Commission Meeting Minutes from July 20, 1998, Peninsula Township Response to PTP Req. to Prod. 195-197 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532.  Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said."<br><br>*Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| FFFFFFFFFF | Planning Commission Meeting Minutes from September 21, 1998, Peninsula Township Response to PTP Req. to Prod. 209-212 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532.  Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said."<br><br>*Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| GGGGGGGGGG | Planning Commission Meeting Minutes from October 19, 1998, Peninsula Township Response to PTP Req. to Prod. 213-217 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. |

106

| | | |
|---|---|---|
| | | Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get. ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." <br><br> *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| HHHHHHHHHH | Township Board Meeting Minutes from November 10, 1998, Peninsula Township Response to PTP Req. to Prod. 4991-4993 | Plaintiffs object that this exhibit is irrelevant. This document is the subject of a pending motion in limine. ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get. ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." <br><br> *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| IIIIIIIIII | SUP #62 – Grape Harbor Inc., ECF No. 463-27, PageID.16765-16774 | |
| JJJJJJJJJJ | Peninsula Cellars MLCC Order Approving Outdoor Service Area, May 22, 2013, PTP0005549-0005551 | |

| | | |
|---|---|---|
| KKKKKKKKKK | Peninsula Cellars MLCC Order Approving Outdoor Service Area, July 3, 2019,PTP0005601-0005604 | |
| LLLLLLLLLL | Grape Harbor Inc. Lease, ECF No. 517-19, PageID.20168-20170 | Plaintiffs object to this exhibit as it is not relevant. |
| MMMMMMMMMM | Peninsula Cellars Hours of Operation, ECF No. 517-21, PageID.20173 | |
| NNNNNNNNNN | Peninsula Cellars Hours of Operation, Supplemental, WOMP0013779 | |
| OOOOOOOOOO | Aerial Map of Peninsula Township | |
| PPPPPPPPPP | Land Use/Zoning Map of Peninsula Township | |
| QQQQQQQQQQ | Old Mission Peninsula AVA materials | Plaintiffs object to these documents because they are not relevant.  This Court has already determined that portions of the Winery Ordinance violate the Commerce Clause.  ECF 162.  Thus, grape source issues are no longer relevant at trial. Finally, the Township's identification of this exhibit is not specific enough to allow Plaintiffs to understand the contents of the exhibit. |
| RRRRRRRRRR | Special Joint Township Board and Planning Commission Meeting Minutes from June 13, 2016, ECF 499-12, PageID.19428-19430 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are |

42009928.1/159392.00002

| | | |
|---|---|---|
| | | not admissible as evidence of the truth of what was said." *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| SSSSSSSSS | Special Joint Township Board and Planning Commission Meeting Minutes from June 23, 2016, ECF 499-12, PageID.19431-19434 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| TTTTTTTTTT | Township Board Meeting Minutes for August 15, 1989, ECF No. 488-2, PageID.18958-18961 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." |

| | | |
|---|---|---|
| | | *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| UUUUUUUUUU | Planning Commission Meeting Minutes for June 16, 2001, ECF No. 488-2, PageID.19016-19017 | Plaintiffs object that this exhibit is irrelevant.  This document is the subject of a pending motion in limine.  ECF 531 and ECF 532. Plaintiffs further object that this document was not produced until PTP joined the lawsuit in violation of Rule 26(e) and essentially giving the Township a "second bite of the apple" which this Court stated they would not get.  ECF No. 385, PageID.14154, 14166. Further, Plaintiffs object that the meeting minutes contain hearsay as "they are not admissible as evidence of the truth of what was said." <br><br> *Morgan Guar. Tr. Co. v. Hellenic Lines Ltd.,* 621 F. Supp. 198, 217 (S.D.N.Y. 1985). |
| VVVVVVVVVV | August 10, 2021 Report of Eric J. Larson and attached schedules, WOMP 009520-009540 | |
| WWWWWWWWWW | July 6, 2022 Supplemental Report of Eric J. Larson and attached schedules | |
| XXXXXXXXXX | Damages Matrix, WOMP 009422; Ex. 3 from Deposition of Eric Larson | |
| YYYYYYYYYY | Code of Professional Conduct from AICPA, Ex. 5 from Deposition of Eric Larson | Plaintiffs object that this exhibit is hearsay and lacks foundation. |
| ZZZZZZZZZZ | Statement on Standards for Forensic Services from AICPA, Ex. 6 from Deposition of Eric Larson | |

| | | |
|---|---|---|
| AAAAAAAAAA | June 22, 2022 Correspondence from Joseph Infante, Ex. 7 from Deposition of Eric Larson | |
| BBBBBBBBBB | RMA General Reports, Ex. 8 from Deposition of Eric Larson | |
| CCCCCCCCCC | RMA Specific Reports from Eric Larson | |
| DDDDDDDDDD | Old Mission Fruit Purchases, Ex. 10 from Deposition of Eric Larson | |
| EEEEEEEEEE | Sales per hour documents from each Plaintiff, Ex. 11 from Deposition of Eric Larson and supplemental disclosures from each Plaintiff | |
| FFFFFFFFFF | Merchandise sales documents from each Plaintiff, Ex. 9 from Deposition of Eric Larson and supplemental disclosures from each Plaintiff | |

**Plaintiffs' Objections**: Plaintiffs object to every of Defendants' proposed Joint Exhibits because neither Peninsula Township nor Protect the Peninsula timely disclosed their exhibits as required by Federal Rule of Civil Procedure 26(a)(3).  This objection is the subject of a pending motion *in limine*.  ECF No. 545.

2.      **Uncontroverted Facts**:  The parties have agreed that the following may be accepted as established facts:

        a.      Plaintiff Wineries of the Old Mission Peninsula (WOMP) Assoc. ("WOMP") is a Michigan nonprofit corporation.  Its members include each of the Wineries listed below except OV the Farm, LLC.

b.     Plaintiff Bowers Harbor Vineyard & Winery, Inc. ("Bowers Harbor") has a Small Wine Maker license from the State of Michigan which includes an Outdoor Service Area permit, a Sunday Sales AM permit, and a Living Quarters permit.

c.     Plaintiff Brys Winery, LLC ("Brys") has a Small Wine Maker license from the State of Michigan.  Brys also has an On-Premises Tasting Room Permit issued by the State of Michigan which includes an Outdoor Service Area and a Sunday Sales AM permit.

d.     Plaintiff Chateau Grand Traverse, Ltd. ("Chateau Grand Traverse") has a Wine Maker License and a Small Distiller License from the State of Michigan which includes an Outdoor Service Area permit, a Sunday Sales AM permit, and a Direct Connection permit.

e.     Plaintiff Chateau Operations, Ltd. ("Chateau Chantal") has a Small Wine Maker License, a Brandy Manufacturer License and a Small Distiller License from the State of Michigan which includes an Outdoor Service Area permit, a Sunday Sales AM permit, a Sunday Sales PM permit, a Direct Connection permit, a Living Quarters permit, a Beer and Wine Tasting Permit and a Dance-Entertainment Permit.

f.     Plaintiff Grape Harbor, Inc. ("Peninsula Cellars") has a Small Wine Maker License and an Off-Premises Tasting Room Permit issued by the State of Michigan which includes an Outdoor Service Area permit and a Sunday Sales AM permit.

g.     Plaintiff Montague Development, LLC ("Hawthorne") previously operated through an agreement with Chateau Chantal and currently operates through an agreement with Hawthorne Vineyards, LLC.  Hawthorne Vineyards, LLC has a Small Wine Maker License and On-Premises Tasting Room Permit issued by the State of Michigan with an Outdoor Service Area permit and a Sunday Sales A.M permit.

      h.      Plaintiff OV the Farm, LLC ("Bonobo") has a Wine Maker License, a Small Distiller License, and an On-Premises Tasting Room Permit issued by the State of Michigan which includes an Outdoor Service Area permit and a Sunday Sales AM and Sunday Sales PM permits.

      i.      Plaintiff Tabone Vineyards, LLC ("Tabone") has a Small Wine Maker License and On-Premises Tasting Room Permit issued by the State of Michigan which includes an Outdoor Service Area permit and a Sunday Sales AM permit.  Peninsula Township recommended that the MLCC consider for approval Tabone's application for a Small Wine Maker License.

      j.      Plaintiff Two Lads, LLC ("Two Lads") has a Small Winer Maker license and an On-Premises Tasting Room Permit issued by the State of Michigan which includes an Outdoor Service Area permit, a Sunday Sales AM permit, an Entertainment permit and an Off-Premises Storage permit.

      k.      Plaintiff Villa Mari LLC ("Villa Mari") has a Small Winer Maker license and an On-Premises Tasting Room Permit issued by the State of Michigan which includes an Outdoor Service Area permit and a Sunday Sales AM permit.

      l.      Winery at Black Star Farms, L.L.C. ("Black Star") has a Small Wine Maker license, a Small Distiller license and an On-Premises Tasting Room Permit issued by the State of Michigan which includes two Outdoor Service Area permits and a Sunday Sales AM permit.

      m.      Ten of the non-WOMP Plaintiffs (the "Wineries") hold the Wine Maker or Small Wine Maker licenses for  wineries in Peninsula Township, Michigan, and Plaintiff Montague Development, LLC, owns the land where Hawthorne's winery sits.

          i.      Bowers Harbor's address is 2896 Bowers Harbor Rd, Traverse City, MI 49686.

          ii.      Brys' address is 3309 Blue Water Rd, Traverse City, MI 49686.

          iii.      Chateau Grand Traverse's address is 12239 Center Rd, Traverse City, MI 49686.

iv.    Chateau Chantal's address is 15900 Rue de Vin, Traverse City, MI 49686

v.     Peninsula Cellars' tasting room address is 11480 Center Rd, Traverse City, MI 49686.

vi.    Peninsula Cellars holds a Small Wine Maker license at 2464 Kroupa Road, Traverse City, MI 49686-9731.

vii.   Hawthorne's address is 1000 Camino Maria Dr, Traverse City, MI 49686.

viii.  Bonobo's address is 12011 Center Rd, Traverse City, MI 49686.

ix.    Tabone's address is 14916 Peninsula Dr, Traverse City, MI 49686.

x.     Two Lads' address is 16985 Smokey Hollow Rd, Traverse City, MI 49686.

xi.    Villa Mari's address is 8175 Center Rd, Traverse City, MI 49686.

xii.   Black Star's address is 360 McKinley Rd E, Traverse City, MI 49686.

n.     The Wineries' wineries and tasting rooms are all located within the A-1 Agricultural District established by the Peninsula Township's Zoning Ordinance (the "PTZO"), which became effective June 5, 1972.

o.     Defendant Peninsula Township is a civil general law township within Grand Traverse County, Michigan.

p.     Intervenor-Defendant Protect the Peninsula, Inc. ("PTP") is a Michigan nonprofit corporation.

q.     The PTZO has been amended from time to time, including by the addition of sections and subsections permitting new and expanded winery-related land uses in A-1.  For purposes of this lawsuit, the sections containing subsections that Plaintiffs challenge are:

i.     Section 6.7.2(19) Use Permitted by Right – Farm Processing Facility (the "Farm Processing Ordinance");

ii.    Section 8.7.3(10) Winery-Chateau (the "Chateau Ordinance"); and

iii.   Section 8.7.3(12) Remote Winery Tasting Room (the "Remote Winery Tasting Room Ordinance").

r.     Black Star and Two Lads have land use permits for Farm Processing Facilities under former Section 6.7.2(19) of the PTZO.

s.      Bonobo, Bowers Harbor, Brys, Chateau Chantal, Chateau Grand Traverse, Hawthorne, and Mari have special use permits (SUPs) for Winery-Chateaus under former Section 8.7.3(10) of the PTZO.

t.      Peninsula Cellars has an SUP for a Remote Winery Tasting Room under former Section 8.7.3(12) of the PTZO.

u.      A Farm Processing Facility was a "use by right" in the A-1 Agricultural District and did not require the Township's issuance of an SUP but does require a land use permit.

v.      Winery-Chateaus were special uses in the A-1 Agricultural District and require an SUP.

w.      Remote Winery Tasting Rooms are special uses in the A-1 Agricultural District and require an SUP.

x.      Each winery Plaintiff operates a Winery and a Tasting Room in Peninsula Township, Michigan. Each Winery and Tasting Room is located within the A-1 Agricultural District as defined in the PTZO. The PTZO has been amended numerous times since it was first adopted in 1972.

y.      Plaintiff WOMP is a trade association whose members are licensed Michigan wineries.

z.      Plaintiff Chateau Grand Traverse received SUP 66 authorizing a Winery-Chateau on parcel in the A-1 District owned by Chateau Grand Traverse, which remains its operative SUP.

aa.      Plaintiff Chateau Chantal received SUP 95 authorizing a Winery Chateau on a parcel in the A-1 District owned by Chateau Chantal.

42009928.1/159392.00002

bb.     Plaintiff Bowers Harbor received SUP 132 authorizing a Winery-Chateau on parts of 3 parcels in the A-1 District that are owned by Schoenherr Vineyards LLC and Langley Vineyards LLC.

cc.     Plaintiff Peninsula Cellars received SUP 62 authorizing a Remote Winery Tasting Room on a parcel in the A-1 District owned by Kroupa Enterprises, LLC.

dd.     Plaintiff Brys Winery, LLC ("Brys") received SUP 115 authorizing a Winery-Chateau on a parcel in the A-1 District owned by Brys.

ee.     Plaintiff Black Star received a land use permit authorizing a Farm Processing Facility on a parcel in the A-1 District owned by the Robert N. Mampe Trust.

ff.     Plaintiff Two Lads received a land use permit authorizing a Farm Processing Facility on a parcel in the A-1 District owned by BOQ, Inc.

gg.     Plaintiff Hawthorne received SUP 135 authorizing a Winery-Chateau on a parcel in the A-1 District owned by Hawthorne.

hh.     Plaintiff Bonobo received SUP 118 authorizing a Winery Chateau on a parcel in the A-1 District owned by Oosterhouse Vineyards LLC.

ii.     Plaintiff Mari received SUP 126 authorizing a Winery-Chateau on a parcel in the A-1 District owned by Mari.

**3.     Controverted Facts and Unresolved Issues**:   The factual issues remaining to be determined and issues of law for the Court's determination are:

**Plaintiffs' Controverted Facts:**

Plaintiffs request that this Court make these additional findings of fact:

116

1.      On June 3, 2022, this Court issued its Opinion Regarding Summary Judgment Motions (ECF No. 162) and denied Peninsula Township's Motion to Alter or Amend Judgment on July 21, 2022 (ECF No. 211).   On December 2, 2022, this Court issued an Opinion and Order partially setting aside ECF 162.  (ECF 301.)  On February 16, 2024, this Court issued its Order Resolving Motions to Dismiss.  (ECF No. 518.)  On February 29, 2024, this Court issued its Opinion and Order Resolving Preemption Summary Judgment Motions.  (ECF No. 525.)

2.      On March 12, 2024, this Court issued its Opinion and Order Resolving Motions for Summary Judgment Regarding Affirmative Defenses.  (ECF No. 528.)  On April 5, 2024, this Court issued its Opinion and Order Resolving Motions for Summary Judgment.  (ECF No. 559.) While those opinions and orders can still be appealed, for purposes of trial, the matters decided in those opinions and orders should not be at issue.

3.      Peninsula Township enforced the Winery Ordinances against all of the Wineries.

4.      The Michigan Liquor Control Code and the Wineries' Wine Maker and Small Wine Maker licenses allow the Wineries to source grapes, juice, or finished wine from anywhere in the world.

5.      The Wineries acquired their respective Wine Maker and Small Wine Maker licenses with the expectation that they would be able to use them to the full extent allowed by the United States Constitution and Michigan law and have invested in those licenses accordingly.

6.      Bowers Harbor also has an Extended Retail Food Establishment license issued by the Michigan Department of Agriculture and Rural Development ("MDARD").

7.      Peninsula Township recommended that the Michigan Liquor Control Commission ("MLCC") approve the On-Premises Tasting Room Permit for Brys.  Brys also has an Extended Retail Food Establishment License issued by MDARD.

8.      Chateau Grand Traverse also has an Extended Retail Food Establishment license issued by MDARD.

9.      Chateau Chantal also has an Extended Retail Food Establishment License issued by MDARD.

10.     Peninsula Township recommended that the MLCC approve the Off-Premises Tasting Room Permit for Peninsula Cellars. Peninsula Cellars also has an Extended Food Establishment License issued by MDARD.

11.     Hawthorne also has an Extended Retail Food Establishment license issued by MDARD.

12.     Peninsula Township recommended that the MLCC approve the On-Premises Tasting Room Permit for Bonobo. Bonobo also has an Extended Retail Food Establishment license from MDARD.

13.     Tabone also has a Retail Food Establishment license from MDARD.

14.     Peninsula Township recommended that the MLCC approve the On-Premises Tasting Room Permit for Two Lads.  Two Lads also has an Extended Retail Food Establishment License issued by MDARD.

15.     Peninsula Township recommended that the MLCC approve Villa Mari's On-Premises Tasting Room Permit.

16.     Villa Mari also holds a Small Wine Maker license at 4595 Murray Road, Traverse City, MI 49686.

17.     Peninsula Township recommended that the MLCC approve Black Star's On-Premises Tasting Room Permit.  Black Star also has an Extended Retail Food Establishment License issued by MDARD.

18.     Tabone has operated as a "Farm Processing Facility" under Section 6.7.2(19) of the PTZO.

19.     The Farm Processing Facility Ordinance applies to Black Star, Tabone, and 2 Lads.

20.     The Winery Chateau Ordinance applies to Bonobo, Bowers Harbor, Brys, Chateau Chantal, Chateau Grand Traverse, Hawthorne, and Mari.

21.     The Remote Winery Tasting Room Ordinance applies to Peninsula Cellars.

22.     Peninsula Township has required Wineries to submit grape crush and/or tonnage reports to participate in Guest Activity Uses.

23.     The Winery Ordinances do not contain any restriction on the hours of operation for a Winery's tasting room.

24.     Peninsula Township has enforced a 9:30 p.m. closing time for the Wineries' tasting rooms.

25.     The Wineries' Wine Maker and Small Wine Maker licenses allow the Wineries to cater.

26.     Peninsula Township, through its Winery Ordinances, has prohibited the Wineries from catering.

27.     The Wineries' Wine Maker and Small Wine Maker licenses allow the Wineries to play both amplified and non-amplified music, including instrumental music.

28.     Peninsula Township, through the Winery Ordinances, has prohibited the Wineries from playing amplified instrumental music.

     a.     On September 9, 2021, Peninsula Township sent a letter to Plaintiff Peninsula Cellars advising that "amplified music is not an allowable use" and that "any

119

continuation of amplified music will be a violation" which would result in a "civil infraction citation."

29.     The Wineries' Wine Maker and Small Wine Maker licenses allow the Wineries to operate restaurants.

30.     The Wineries are farms which grow and produce agricultural products.

31.     The activities the Wineries wish to engage in are accessory uses at wineries and farms in Michigan.

32.     The Michigan Department of Agriculture through its GAAMPs has determined that Michigan farms, like the Wineries, are allowed to engage in "Promotional and educational activities at the farm market incidental to farm products with the intention of selling more farm products. These activities include, but are not limited to, farm tours (walking or motorized), demonstrations, cooking and other classes utilizing farm products, and farm-to-table dinners."

33.     Peninsula Township has not allowed the Wineries to serve food without restriction.

34.     Peninsula Township, through its Winery Ordinance, has not allowed Farm Processing Facilities and Remote Winery Tasting Rooms to sell merchandise.

35.     Peninsula Township, through its Winery Ordinances, has enforced a ban on small and large events at the Wineries, with limited exceptions depending on the type of group that wishes to attend the event.  For example:

    a.  On August 13, 2001, Peninsula Township notified Plaintiff Peninsula Cellars that it was not allowed to host events and "any such activity would require Township Board approval."

    b.  On June 19, 2014, Peninsula Township required Bowers Harbor to cancel a wedding reception, live music, and a Summer Solstice Patio Party, cease taking reservations for those activities, and "[c]ease advertising for these activities in all forms."

    c.  On July 28, 2015, Peninsula Township informed Bowers Harbor that it was not allowed to host "Yoga in the Vines."

    d.   On December 28, 2015, Peninsula Township informed Bonobo that an event it held for PNC was not a permissible guest activity use under the Winery Ordinances.

    e.   On January 12, 2016, Bowers Harbor had to email Peninsula Township to receive permission to host a Wine Label Art Competition.

    f.   On May 5, 2016, Peninsula Township served a notice of violations against Bowers Harbor for Bowers Harbor's planned event for Goodwill Industries of Northern Michigan Derby Party.

    g.   On July 14, 2017, Peninsula Township threatened Bowers Harbor with enforcement action regarding a dining in the vines event.

    h.   On August 3, 2017, Peninsula Township threatened Bowers Harbor with enforcement action if it continued to host events.

    i.   On May 31, 2018, Peninsula Township threatened Bowers Harbor with enforcement action if it hosted a "Floral Education Series" and "Yoga in the Vines."

    j.   In April 2019, Peninsula Township forced Bonobo to cancel a Sip + Paint event.

    k.   In May 2019, Peninsula Township threatened enforcement action against Bonobo for hosting Spanish lessons.

    l.   On July 11, 2019, Peninsula Township threatened enforcement action against Bonobo for a portrait painter event.

    m.   On March 26, 2021, Peninsula Township told Bonobo it could not host an Easter Dinner program.

36.    The Chateau Ordinance does not prohibit the Wineries from hosting weddings.

37.    The Remote Tasting Room Ordinance does not prohibit the Wineries from hosting weddings.

38.    Except for weddings where all of the attendees spent the night at a bed and breakfast operated on the Winery property, Peninsula Township has precluded the Wineries from hosting weddings.

39.    Each of the Wineries has received requests to host weddings.

40.    Private residences in the agricultural zone in Peninsula Township are allowed to host events, including weddings, without the need to receive approval from Peninsula Township.

42009928.1/159392.00002

41.   Peninsula Township, through its Winery Ordinances, has limited the groups who may have events or meetings at a Winery to groups which are related to agriculture or 501(c)(3) non-profits located within Grand Traverse County.

42.   Peninsula Township has denied permission for a Winery to host a meeting or event because the group attending the meeting was not agriculturally related or was not a Grand Traverse County 501(c)(3).

43.   Peninsula Township, through its Winery Ordinances, has required the Wineries to obtain Township approval before a Winery may host a small or large event.

44.   Peninsula Township, through its Winery Ordinances, prohibits Farm Processing Wineries from hosting social events for hire. For example:

   a.   On June 25, 2014, Plaintiff 2 Lads canceled two events after Peninsula Township advised it that the events may be in violation of the Winery Ordinances.

45.   Peninsula Township, through its Winery Ordinances, has required the Wineries to promote Peninsula Township agriculture at small and large events.

46.   The Commerce Clause to the United States Constitution prohibits a local government from enforcing restrictions on where the Wineries may source grapes and produce for purchase.

47.   The Commerce Clause to the United States Constitution prohibits a local government from dictating the use and purchase of local grapes and produce.

48.   Peninsula Township, through its Winery Ordinances, has dictated the source of grapes and produce the Wineries may purchase from and has also dictated that the Wineries must use and purchase grapes grown in Peninsula Township.

49.   Peninsula Township has required some of the Wineries to provide evidence to the Township that is has acquired 1.25 tons of grapes for each person the Winery wishes

to qualify to have at a meeting or event for the following year.  These grapes must be either (1) grown by the Winery on land other than the land where their Winery is located (2) or purchased from another Peninsula Township grape grower. For example:

    a.  On March 22, 2019, Peninsula Township advised Plaintiff Brys that its grape purchases for the prior year qualified it for "13 people at each Guest Event" which in this instance was a fundraiser for Big Brothers and Big Sisters.  The event was moved off Brys' winery property.

    b.  On April 4, 2019, Bonobo informed Peninsula Township of the grape purchases it made to qualify for guest activity uses.

    c.  On July 12, 2022, Peninsula Township denied Plaintiff Brys' request to host a political fundraiser for "approximately 100-125 attendees" because Brys had not purchased or grown enough grapes to qualify for the number of attendees.

50.    Rob Manigold was the Peninsula Township Supervisor from 1988 to 2014, and then again from 2016 to 2022.

51.    Christina Deeren was hired as the Peninsula Township Zoning Administrator in December 2016.  She was eventually promoted to Peninsula Township's Director of Zoning and Zoning Administrator and served in that role until February 2023.

52.    David Sanger has been the Peninsula Township Ordinance Enforcement Officer from April 2017 to the present.

53.    Peninsula Township's proffered governmental interests for the Winery Ordinances are:

    a.  Preserving the agricultural production industry and providing permanent land use for the same;

    b.  Maintaining the Township's character;

    c.  Providing economically feasible public sewer and water systems to serve a future population; and

    d.  Establishing a complete buildout population scenario and permitting the vertical integration of agricultural production without changing the agriculturally zoned lands of the Township to commercial property inconsistent with the use of those respective districts.

54.     The Wineries have collectively suffered $213,847 in damages through the year 2020 due to Peninsula Township's requirement that the Wineries purchase grapes from within Peninsula Township.

        a.      The Wineries will present additional evidence for the years 2021–present at trial.

55.     The Wineries have collectively lost $293,700 in profit per year due to Peninsula Township's enforcement of a catering ban.

        a.      The data underlying this calculation was outlined in Eric Larson's supplemental report dated July 6, 2022 and has been produced to Peninsula Township.

56.     The Wineries have collectively lost $4,710,690 in profit per year due to Peninsula Township's enforcement of a 9:30 p.m. closing time for tasting rooms.

        a.      The data underlying this calculation was outlined in Eric Larson's supplemental report dated July 6, 2022 and has been produced to Peninsula Township.

57.     The Wineries' Wine Maker and Small Wine Maker licenses allow the Wineries to operate restaurants and serve food to their customers with no restrictions.

58.     The Wineries collectively lost $10,782,531 in profit per year due to Peninsula Township's enforcement of a ban on restaurants and enforcement of limited food service.

        a.      The data underlying this calculation was outlined in Eric Larson's supplemental report dated July 6, 2022 and has been produced to Peninsula Township.

59.     Due to Peninsula Township's ban on merchandise sales at Farm Processing Facilities and Remote Winery Tasting Rooms, Black Star, Peninsula Cellars, Tabone, and Two Lads have collectively lost $117,907 in profits from merchandise sales per year.

        a.  The data underlying this calculation was outlined in Eric Larson's supplemental report dated July 6, 2022 and has been produced to Peninsula Township.

60.     The First Amendment allows the Wineries to advertise their wine through commercial speech and allows the Wineries to freely associate with the groups of their choosing. This includes through small and large events at the Wineries.

61.     Due to Peninsula Township's restrictions on the types of events and the groups that may attend those events, the Wineries have collectively lost $1,376,775 in profit per year from their inability to host small events.

     a.   The data underlying this calculation was outlined in Eric Larson's supplemental report dated July 6, 2022 and has been produced to Peninsula Township.

62.     Due to Peninsula Township's restrictions on the types of events and the groups that may attend those events, the Wineries have collectively lost $13,158,454 in profit per year from their inability to host large events.

63.     The data underlying this calculation was outlined in Eric Larson's supplemental report dated July 6, 2022 and has been produced to Peninsula.

**Defendant and Intervening Defendant's Joint Position:**

Defendant and Intervening Defendant object to Plaintiffs including their requested findings of fact above, and their desired conclusions of law below, in the proposed final pretrial order. The Court's Second Amended Case Management Order ("CMO") instructs the parties to "[s]et out each issue which is genuinely controverted, including issues on the merits and other matters which should be drawn to the Court's attention." (ECF No. 343, PageID.12549).  Plaintiffs failed to do so and instead listed requested findings of fact and legal arguments and conclusion more appropriate for submission to the Court in accordance with item 11 of the Second Amended CMO, which states that "Trial briefs and Proposed Findings of Fact and Conclusions of Law shall be

submitted to the Judge **three (3) business days** prior to the trial date." (ECF No. 343, PageID.12551 (original emphasis)).

      Defendant and Intervening Defendant submit that the factual issues remaining to be determined and issues of law for the Court's determination are:

**First Amendment**

      The Court has partially resolved Plaintiffs' claims that various zoning provisions violate their freedom of speech rights protected by the First Amendment to the U.S. Constitution under each Plaintiff's facial (**Count I**) and as-applied (**Count II**) challenges.  Some issues relating to these claims are presently contested and are unresolved for trial.  Plaintiffs' First Amendment theories include commercial speech, content-based restrictions, prior restraints, and compelled speech.  Each Plaintiff must prove that challenged zoning provisions have violated its protected First Amendment speech rights, and Defendants will prove they failed to succeed in proving their claims.

      Alleged content-based restrictions: The Court determined Sections 8.7.3(10)(u)(1)(b) and 8.7.3(10)(u)(5)(a) are not content-based restrictions but did not grant summary judgment to PTP. (ECF 559, PageID.21907-21908) PTP did not move for summary judgment on these sections because no Plaintiff asserted in discovery their theory that these are content-based restrictions. (ECF 517, PageID.20044 n.15) While summary judgment was not granted on these sections as content-based restrictions, there is no remaining trial issue.

      Alleged prior restraints: The Court determined Plaintiffs are entitled to summary judgment on their prior restraint theory challenging Sections 8.7.3(10)(u)(2)(b) and 8.7.3(10)(u)(2)(c). (ECF 559, PageID.21901) The Court also determined these two sections are not content-based

restrictions and rejected Plaintiffs' theory that these two sections violate their freedom of association, granting summary judgment to PTP on both issues. (ECF 559, 21906-21907, not content-based restrictions; PageID.21912-21913, no freedom of association violations) Defendants submit that the determinations that these two sections are prior restraints while also determining these two sections are not content-based restrictions nor impair protected freedom of association are contradictory; resolving the contradiction is a trial issue. Also, the Court has not yet determined whether these two sections survive the appropriate level of scrutiny applicable to zoning that is determined to constitute a prior restraint of expressive activity, which remains a trial issue. If the Court determines these two sections fail judicial scrutiny, then Plaintiffs Mari and Chateau Chantal must prove facts to support their as-applied challenges to these two sections as prior restraints, and Defendants will prove they failed to succeed. Trial issues related to relief are addressed below.

Compelled speech: The Court determined Plaintiffs are entitled to summary judgment on their compelled speech theory challenging Sections 8.7.3(10)(u)(1)(b) and 8.7.3(10)(u)(5)(a). (ECF 559, PageID.21910-21912) The Court has not yet determined whether these two sections survive the appropriate level of scrutiny applicable to zoning that is determined to compel speech, which remains a trial issue. Finally, if the Court determines these two sections fail judicial scrutiny, then Plaintiffs Mari and Chateau Chantal must prove facts to support their as-applied challenges to these two sections as compelled speech, and Defendants will prove they failed to succeed. Trial issues related to relief are addressed below.

Commercial speech: The Court determined Plaintiffs failed to prove Section 6.7.2(19)(b)(6), 8.7.3(10)(m), 8.7.3(10)(u)(1)(d), 8.7.3(10)(u)(2)(a), and 8.7.3(10)(u)(2)(d) implicate speech and denied summary judgment to Plaintiffs on their theory these sections restrict

127

commercial speech. (ECF 559, PageID.21917-21918). PTP moved for summary judgment on Plaintiffs' theory that these sections regulate commercial speech, but the Court did not rule on that part of PTP's motion. (ECF 517, PageID.20044-20048; ECF 559, PageID.21903-21906) While summary judgment was not granted to PTP on these five sections as commercial speech restrictions, there is no remaining trial issue.

The Court also did not grant Plaintiffs summary judgment on their commercial speech theory challenging Sections 6.7.2(19)(b)(1)(v), 8.7.3(10)(u)(1)(b), 8.7.3(10)(u)(5)(h), 8.7.3(12)(i), and 8.7.3(12)(k). (ECF 559, PageID.21917-21918) The Court determined these sections implicate substantial governmental interests of Peninsula Township. (ECF 559, PageID.21918-21919) The Court has not yet determined whether these five sections advance the Township interests, which remains a trial issue (ECF 559, PageID.21919-21921) Finally, if the Court determines these five sections fail judicial scrutiny, then: (a) Plaintiffs Two Lads, Black Star, and Tabone must prove facts to support their as-applied challenge to Section 6.7.2(19)(b)(1)(v); (b) Plaintiffs Mari and Chateau Chantal must prove facts to support their as-applied challenges to Sections 8.7.3(10)(u)(1)(b) and 8.7.3(10)(u)(5)(h); and (c) Plaintiff Peninsula Cellars must prove facts to support its as-applied challenge to Sections 8.7.3(12)(i) and 8.7.3(12)(k). Defendants will prove each failed to succeed. Trial issues related to relief are addressed below.

## Freedom of Association

The Court has fully resolved the merits of Plaintiffs' **Count III** (Freedom of Association). (ECF 559, PageID.21912-21913)

## Freedom of Religion

The Court has fully resolved the merits of Plaintiffs' Free Exercise of Religion claim (**Count I**). (ECF 559, PageID.21912)

**Preemption**

The Court has fully resolved the merits of Plaintiffs' **Count VIII** (Preemption) except their entitlement (if any) to injunctive relief, which is addressed below. (ECF 525)

**Regulatory Takings**

The Court has fully resolved the merits of Plaintiffs' **Count VII** (Regulatory Takings). (ECF 559, PageID.21912)

**Michigan Zoning Enabling Act**

This Court has ruled that a zoning section that is declared unconstitutional or preempted by state law also violates the Michigan Zoning Enabling Act (MZEA). (ECF 525 No. PageID.21137) However, a zoning provision may be reasonable and proper under the MZEA but also unconstitutional. Each Plaintiff must prove at trial that challenged zoning violates the MZEA because it does not promote the public health, safety, and welfare in order to support its **Count IX** (Violation of Michigan Zoning Enabling Act). Should Plaintiffs put on an affirmative case at trial supporting their MZEA claim, then Defendants will present evidence proving the challenged zoning promotes the public health, safety, and welfare and will prove that Plaintiffs failed to succeed in their affirmative case.

**Laches, Statute of Limitations**

This Court granted summary judgment to Plaintiffs on laches and statute of limitations defenses to Plaintiffs' request for non-damages relief (*i.e.*, equitable injunctive relief). (ECF 528; ECF 559, PageID.21915). Laches remains a live trial issue relative to Plaintiffs' request for legal

relief (*i.e.*, money damages), and Defendants will prove this defense accordingly. Defendants further maintain that equitable factors, including laches, are relevant considerations in determining whether each Plaintiff that seeks equitable relief (*i.e.*, injunctive) is entitled to it, which is a trial issue.

**Standing**

A trial issue may remain whether some Plaintiffs can show that they have suffered injury in fact caused by each challenged zoning provision, and that the relief they request is likely to redress the claimed injuries. Each Plaintiff without standing to bring an as-applied challenge to any challenged provision must also prove that an exception to the prohibition on third-party standing exists such that it may pursue a facial challenge to that provision despite its lack of injury.

**Damages**

For each Plaintiff that seeks money damages, it must prove at trial that it was injured by the particular zoning subsections that it challenges and further that it is entitled to money damages and the amount of money damages with non-speculative evidence. Plaintiffs' damages theories have been substantially limited by recent opinions resolving various claims.  (See ECF Nos. 525 and 559). The Court has previously determined that Defendant Peninsula Township is immune from Plaintiffs' damages under the preemption theory.  (ECF No. 525, PageID.21135-21136). The Court further dismissed Plaintiffs' regulatory takings claims.  (ECF No. 559, PageID.21915). Finally, the court concluded that Plaintiffs' desire to host events is not protected by the First Amendment.  (Id. at PageID.21906). Therefore, Plaintiffs cannot recover damages for alleged lost profits from hours of operation, restaurants, catering, and event hosting. Damages are also further reduced or eliminated by Plaintiffs' failure to mitigate and failure to timely pursue actions they

claim support their damages. Defendants will prove Plaintiffs failed to succeed in proving any claims for money damages.

**<u>Injunctive Relief</u>**

A trial issue remains regarding what if any equitable relief each Plaintiff is entitled to in the form of a permanent injunction. At trial, each Plaintiff must prove it is entitled to equitable relief in the form of a permanent injunction for each claim upon which it may succeed on the merits. Amendment 201 removed from the PTZO all zoning sections challenged by Plaintiffs. As a result, a permanent injunction that invalidates any zoning provision found unconstitutional or preempted by state law would be improper and insufficiently vague to satisfy the requirements in <u>Fed. R. Civ. P. 65</u>. Should each Plaintiff attempt to put on an affirmative case at trial supporting its entitlement to specific permanent injunction, then Defendants will prove Plaintiffs failed to succeed and are otherwise not entitled to equitable permanent injunctive relief under these claims. Defendants may demonstrate at trial that equitable factors, including laches and unclean hands, are relevant considerations that undermine some Plaintiffs' entitlement to equitable relief.

<u>Defendants oppose Plaintiffs' attempt at trial or through briefing to obtain judicial relief declaring</u> the Wineries' rights to engage in new uses prospectively (*e.g.*, catering; operating restaurants; hosting small and large events; staying open until 2:00 a.m., etc). Plaintiffs failed to assert or prove claims that would entitle them to such relief, and the Court lacks authority to provide such relief. Should Plaintiffs attempt to put on an affirmative case at trial related to their entitlement to such relief, then Defendants will prove they are not entitled to such relief.

**Remedy for Due Process, Dormant Commerce Clause Claims**

This Court has fully resolved the merits of Plaintiffs **Count IV** (Violation of Due Process) and **Count V** (Dormant Commerce Clause) based on pre-PTP intervention discovery and briefing. (ECF 162, 301, 319) At trial, each Plaintiff must prove what, if any, relief at law and equity it is entitled to. In addition to the damages issue germane to each of Plaintiffs' claims, each Plaintiff must prove is entitled to equitable relief in the form of a specific permanent injunction. Amendment 201 removed from the PTZO all zoning sections challenged by Plaintiffs. As a result, a permanent injunction that invalidates any zoning provision found unconstitutional would be improper and insufficiently vague to satisfy the requirements in Fed. R. Civ. P. 65. Should each Plaintiff attempt to put on an affirmative case at trial supporting its entitlement to specific permanent injunction, then Defendants will prove Plaintiffs failed to succeed and are otherwise not entitled to equitable permanent injunctive relief under these claims. Defendants may demonstrate at trial that equitable factors, including laches and unclean hands, are relevant considerations that undermine some Plaintiffs' entitlement to equitable relief.

Defendant and Intervening Defendant reserve the right to supplement this proposed summary of controverted facts and unresolved issues in response to any order or direction provided by the Court or as otherwise appropriate in the furtherance of judicial economy.

4. **Issues of Law:**

**Plaintiff's Positions**

a.    **The Court has already resolved these issues in Plaintiffs' favor.**

1.    **Dormant Commerce Clause**

Sections    6.7.2(19)(a),    6.7.2(19)(b)(1)(ii),    6.7.2(19)(b)(1)(iii),    6.7.2(19)(b)(2)(i), 6.7.2(19)(b)(2)(v), 8.7.3(10)(u)(3), 8.7.3(10)(u)(5)(c), and 8.7.3(10)(u)(5)(d) violate the dormant Commerce Clause.  ECF No. 162, PageID.60001; ECF No. 301, PageID.10698 ("The Court also will not set aside Subsection V.A.1 (dormant Commerce Clause; PageID.5995-6001) because this claim does not affect PTP's members' property interests, nor was summary judgment granted to the Wineries on this claim due to the Township's failure to defend.").

### 2.      Void for Vagueness in Violation of Due Process Clause

 Section 8.7.3(10)(u) is unconstitutional because it is void for vagueness in violation of the Due Process Clause.  ECF No. 162, PageID.6019 ("Therefore, any subsection of § 8.7.3(10) that uses the term 'Guest Activity,' is unconstitutional and must be stricken from the Township Ordinances.").  ECF No. 301, PageID.10698 ("Finally, the Court will not set aside Subsection V.A.6 (vagueness/due process; PageID.6016-19) because although this claim may implicate PTP members' property interests, PTP's intervention does not change the Wineries' entitlement to summary judgment on this issue.").  That means the entire Guest Activity Use scheme is gone, including 8.7.3(10)(u)(1), 8.7.3(10)(u)(2), 8.7.3(10)(u)(3), 8.7.3(10)(u)(4), 8.7.3(10)(u)(5) and all of their respective subsections.

### 3.      Preemption

Sections 8.7.3(10)(u)(5)(i) (catering ban) is preempted by Mich. Comp. Laws § 436.1547. ECF No. 525, PageID.21134.

Section 8.7.3(10)(u)(5)(g) ("No amplified instrumental music is allowed") is preempted by Mich. Comp. Laws § 436.1916(11).  ECF No. 525, PageID.21133.

### 4.      Prior Restraints

Sections 8.8.3(10)(u)(2)(b) and 8.7.3(10)(u)(2)(c) are unlawful prior restraints.  ECF No. 559, PageID.21910.

**5.      Compelled Speech**

Sections 8.7.3(10)(u)(1)(b) and 8.7.3(10)(u)(5)(a) unlawfully compel the Wineries to speak.  ECF No. 559, PageID.21911-21912.

**Defendant and Intervening Defendant's joint position**

Defendants object to Plaintiffs' inclusion of arguments and proposed conclusions of law in this proposed pretrial order.

**b.      These issues remain for trial.**

**1.      Commercial Speech**

There is still a question of fact as to whether Sections 8.7.3(10)(m) and 8.7.3(10)(u)(1)(d) relate to and regulate speech.  ECF No. 559, PageID.21918.  At trial, the Wineries will prove that these sections relate to and regulate speech.

Additionally, this Court determined that "Sections 6.7.2(19)(b)(1)(v) (regulating logos and merchandise), 8.7.3(10)(u)(1)(b) (promotion of Peninsula Township), 8.7.3(10)(u)(5)(h) (outdoor displays), 8.7.3(12)(i) (regulating logo size), and 8.7.3(12)(k) (promotion of food on signs) relate to and regulate speech on their face—generally through limits on advertising."  ECF No. 559, PageID.21918.

At trial, Peninsula Township and PTP must show that Sections 6.7.2(19)(b)(1)(v), 8.7.3(10)(u)(1)(b), 8.7.3(10)(u)(5)(h), 8.7.3(12)(i), and 8.7.3(12)(k)—and Sections 8.7.3(10)(m) and 8.7.3(10)(u)(1)(d), assuming the Wineries prove those sections relate to and regulate speech— satisfy the *Central Hudson* analysis as it relates to the governmental interest of preserving agriculture.

Commercial speech encompasses "expression related solely to the economic interests of

the speaker and its audience" and "speech proposing a commercial transaction." *Rubin v. Coors Brewing Co.*, 514 U.S. 476, 493 (1995).  Commercial speech "serves to inform the public of the availability, nature, and prices of products and services, and thus performs an indispensable role in the allocation of resources in a free enterprise system." *City of Cincinnati v. Discovery Network, Inc.*, 507 U.S. 410, 421 (1993).  "It is undisputed that commercial speech is entitled to the protection of the First Amendment." *New York State Rest. Ass'n v. N.Y. City Bd. of Health*, 556 F.3d 114, 131 (2d Cir. 2009).  "[E]ven a communication that does no more than propose a commercial transaction is entitled to the coverage of the First Amendment." *Edenfield v. Fane*, 507 U.S. 761, 767 (1993).  But speech can also be commercial even if it does not propose a commercial transaction.  *Bolger v. Youngs Drug Prods. Corp.*, 463 U.S. 60 (1983).

The *Central Hudson* test imposes a rigorous burden on the government to demonstrate that speech restrictions directly advance a substantial government interest and are narrowly tailored. 447 U.S. at 566.  If the speech concerns lawful activity and is not misleading (like here), then the challenged regulation violates the First Amendment unless the government can establish that: (1) it has identified a substantial government interest; (2) the regulation "directly advances" that interest; and (3) the regulation "is no more extensive than is necessary to serve that interest." *Id*. Peninsula Township has not met its burden under *Central Hudson*.

**Defendant and Intervening Defendant's Joint Position**:

Plaintiffs' position misrepresents the Court's rulings, the Township's governmental interests, the parties' positions, and more. Plaintiffs' First Amendment claims and theories are at issue as Defendant and Intervening Defendant explained above. Defendant and Intervening Defendant object to Plaintiffs' inclusion of argument and proposed conclusions of law in this proposed pretrial order.

**2.      Whether the Winery Ordinances prohibit Wineries from hosting weddings, wedding receptions and family reunions and whether the Winery Ordinances contain a closing time for winery tasting rooms?**

For years Peninsula Township prohibited the Wineries from hosting weddings but in this case has admitted that the Winery Ordinances do not in fact contain such a prohibition.  Further, Peninsula Township has historically imposed a restriction on the Wineries that they must close their tasting rooms by 9:30 p.m., daily.  Peninsula Township and PTP now conceded that no such restriction exists.  ECF No. 159, PageID.5884-5885, ECF No. 356, PageID.12966.

**Defendant and Intervening Defendant's Joint Position**:

Plaintiffs' have not pleaded a claim relating to this theory and misstate the parties' positions. Defendant and Intervening Defendant object to Plaintiffs' inclusion of argument and proposed conclusions of law in this proposed pretrial order.  To the extent Plaintiffs position is further argument regarding the First Amendment, Freedom of Religion or Freedom of Association claims, Defendant and Intervening Defendant rely on their discussion of these issues above.


**3.      Whether Peninsula Township violated the Michigan Zoning Enabling Act by enacting and enforcing unconstitutional ordinances.**

This Court has previously determined that by enacting ordinances which are unconstitutional and/or preempted by Michigan law, Peninsula Township violated the Michigan Zoning Enabling Act.  ECF No 162, ECF 525.  Should the Court find in the Wineries' favor on any of the remaining constitutional issues, it should also again find that Peninsula Township violated the Michigan Zoning Enabling Act and enjoin enforcement of those ordinance sections.

42009928.1/159392.00002

**Defendant and Intervening Defendant's Joint Position**:

Plaintiffs' MZEA claim is at issue as Defendant and Intervening Defendant explained above. Defendant and Intervening Defendant object to Plaintiffs' inclusion of argument and proposed conclusions of law in this proposed pretrial order.

4.     **Whether the Wineries are entitled to recover damages against Peninsula Township for violation of their Constitutional rights.**

Plaintiffs seek damages under 42 U.S.C. § 1983. "[Section] 1983 serves as a vehicle to obtain damages for violations of both the Constitution and of federal statutes." *Communities for Equity v. Michigan High Sch. Athletic Ass'n*, 459 F.3d 676, 681 (6th Cir. 2006).   "[T]he basic purpose of a § 1983 damages award should be to compensate persons for injuries caused by the deprivation of constitutional rights." *Farrar v. Hobby*, 506 U.S. 103, 112 (1992) (citation omitted).

"Damages must be established to a reasonable certainty, but the existence of some uncertainty as to the amount of damages does not foreclose recovery*." Benson v. City of Wellston*, 201 F. App'x 350, 353 (6th Cir. 2006).   "Once the existence of damages has been shown, all that an award of damages requires is substantial evidence in the record to permit a factfinder to draw reasonable inferences and make a fair and reasonable assessment of the amount of damages." *Grantham & Mann, Inc. v. Am. Safety Prod., Inc.*, 831 F.2d 596, 602 (6th Cir. 1987).

A "reasonable degree of certainty" is required to recover lost profits.  *Fera v. Vill. Plaza, Inc.*, 242 N.W.2d 372, 373 (Mich. 1976) ("Generally, lost profits must be proven with a 'reasonable degree of certainty.'").  A "reasonable degree of certainty" is not absolute precision. *Benson*, 201 F. App'x at 353 ("Nor is it especially worrisome that an element of uncertainty might have had an effect on the calculation of damages[.]").   Thus, lost profits are recoverable even

42009928.1/159392.00002

where a business was not engaged in the activity from which lost profits were sought. As the

Southern District of Ohio summarized:

> While the nature of a new venture may make it difficult to recover lost profits by establishing all of the elements of the general rule, such damages are not barred as a matter of law. This is consistent with the weight of modern authority, as explained in Robert L. Dunn, Recovery of Damages for Lost Profits § 4.3 (5th ed.1998):
>
> > Most recent cases reject the once generally accepted rule that lost profits damages for a new business are not recoverable. The development of the law has been to find damages for lost profits of an unestablished business recoverable when they can be adequately proved with reasonable certainty.... What was once a rule of law has been converted into a rule of evidence.
>
> > Id. In a similar vein, the Seventh Circuit has quoted approvingly the following statement by the Alabama Supreme Court:
>
> > [T]he weight of modern authority does not predicate recovery of lost profits upon the artificial categorization of a business as "unestablished," "existing," or "new" particularly where the defendant itself has wrongfully prevented the business from coming into existence and generating a track record of profits. Instead the courts focus on whether the plaintiff has adduced evidence that provides a basis from which the jury could with "reasonable certainty" calculate the amount of lost profits.... [T]he risk of uncertainty must fall on the defendant whose wrongful conduct caused the damages.
>
> *Mid–America Tablewares, Inc. v. Mogi Trading Co.*, 100 F.3d 1353, 1366 (7th Cir. 1996) (quoting *Super Valu Stores, Inc. v. Peterson*, 506 So.2d 317, 327–30 (Ala. 1987)); *see also DSC Communics. Corp. v. Next Level Communics.*, 107 F.3d 322, 329–30 (5th Cir. 1997) (affirming award of profits based on expert testimony regarding projected sales of "revolutionary new product" yet to enter market); *In re Merritt Logan, Inc.*, 901 F.2d 349, 357–59 (3rd Cir. 1990) (affirming award of profits for new venture, based on plaintiff's contemporaneous projections of expected sales and expert testimony that forecasts were reasonable); *Computer Sys. Eng'g, Inc. v. Qantel Corp.*, 740 F.2d 59, 67 (1st Cir. 1984) (affirming award of profits to new business based on expert testimony).
>
> *Energy Capital Corp. v. United States*, 300 F.3d 1314, 1326–27 (Fed.Cir. 2002). In sum, the most recent authorities hold that lost profits are not per se unavailable in cases involving new businesses.

*Hamm v. City of Gahanna, Ohio*, 2002 WL 31951272, at *10–11 (S.D. Ohio Dec. 23, 2002), aff'd,

138

109 F. App'x 744 (6th Cir. 2004).

Here, Plaintiffs seek damages across seven categories.  These damages are authorized because Plaintiffs have proven constitutional violations under 42 U.S.C. § 1983.  Plaintiffs will testify that their damages were caused by the constitutional violations because, absent the unconstitutional restrictions, they would have engaged in the activities barred by the Winery Ordinances.  Therefore, their damages were caused by the constitutional violations.

Alternatively, the Court may award Plaintiffs general damages.

The Wineries will also seek pre- and post-judgment interest for their damages.

**Defendant and Intervening Defendant's Joint Position**:

Plaintiffs' alleged damages are at issue as Defendant and Intervening Defendant explained above. Defendant and Intervening Defendant object to Plaintiffs' inclusion of argument and proposed conclusions of law in this proposed pretrial order.


**5.     Whether the Court should enter an injunction precluding Peninsula Township from enforcing any of the restrictions contained within the Winery Ordinance that the Court has found unconstitutional or preempted?**

This Court should enjoin Peninsula Township from enforcing any section of the Winery Ordinance that is unconstitutional or contrary to law.  That injunction should identify specific provisions of the Winery Ordinances and state that the Township may not enforce them against the Wineries.

Plaintiffs will meet the remaining factors of irreparable harm to Plaintiffs, substantial harm to others, and the public interest.  As to irreparable harm to Plaintiffs, even a minimal loss of Constitutional freedoms "unquestionably constitutes irreparable injury." *Connection Distrib. Co. v. Reno*, 154 F.3d 281, 288 (6th Cir. 1998) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)); *see also Newsom v. Norris*, 888 F.2d 371, 378 (6th Cir. 1989); *N.Y. Times v. United States*, 403

U.S. 713, 715 (1971) (Black, J., concurring).  This Court has already found multiple Constitutional

violations, so the Wineries have met their burden.  Next, "[]the public interest lies in a correct

application of the federal constitution and statutory provisions upon which the claimants have

brought this claim and ultimately . . . upon the will of the people of Michigan being effected . . . ."

*Coalition to Defend Affirmative Action v. Granholm,* 473 F.3d 237, 252 (6th Cir. 2006).  "The

public interest is served by the maintenance of First Amendment freedoms and could not possibly

be served by the enforcement of an unconstitutional Ordinance."  *Howard v. City of Jacksonville*,

109 F. Supp. 2d 1360, 1365 (M.D. Fla. 2000). Likewise, Defendants "ha[ve] no legitimate interest

in enforcing an unconstitutional ordinance."  *KH Outdoor, LLC v. City of Trussville*, 458 F.3d

1261, 1271–72 (11th Cir. 2006).  Consequently, the public interest here favors issuance of a

permanent injunction because "enforcement of an unconstitutional law is always contrary to the

public interest."  *Pursuing Am.'s Greatness v. F.E.C.,* 831 F.3d 500, 511 (D.C. Cir. 2013)). There

is in fact a "substantial public interest in having governmental agencies abide by the federal laws

that govern their existence and operations." *League of Women Voters v. Newby,* 838 F.3d 1, 12

(D.C. Cir. 2016).

     To protect the Wineries from continued or repeated violations of the Constitution and

Michigan law by Peninsula Township, this Court should declare the Wineries' rights to engage in

reasonable uses moving forward.  This Court has the authority to do just that.  "After a zoning

ordinance has been declared unconstitutional . . . a judge may provide relief in the form of a

declaration that the plaintiff's proposed use is reasonable, assuming the plaintiff's burden has been

met, and an injunction preventing the defendant from interfering with that use." *Schwartz v. Flint*,

395 N.W.2d 678, 692–693 (Mich. 1986).  These reasonable uses include: (1) catering; (2)

operating restaurants; (3) playing amplified music; (4) hosting small and large events like

weddings, bridal showers, and retirement parties without regard for whether the group attending the event is agricultural or a Grand Traverse County non-profit; (5) advertising their businesses; (6) sourcing grapes, juice, and bottled wine from outside of Peninsula Township without limit; (7) selling merchandise; (8) staying open until 2:00 a.m.; and (9) engaging in any other generally accepted agricultural activities. Further, to the extent that the activities the Wineries seeks to engage in are included in Michigan's Right to Farm Act and its promulgated GAAMPs, this Court should declare that the Township cannot interfere with those activities. Finally, to the extent the activities the Wineries seek to engage in are accessory uses typical at Michigan wineries, the Court should declare that the Township cannot interfere with those activities.

**Defendant and Intervening Defendant's Joint Position**:

Injunctive relief is at issue as Defendant and Intervening Defendant explained above. Defendant and Intervening Defendant object to Plaintiffs' inclusion of argument and proposed conclusions of law in this proposed pretrial order.

**6. Attorney Fees.**

Assuming Plaintiffs are awarded some amount of damages at trial, Plaintiffs intend to move for recovery of their attorney fees under <u>42 U.S.C. § 1988</u> following the Court's trial opinion jointly and severally against Peninsula Township and Protect the Peninsula. Plaintiffs do not intend to put on proofs of attorneys' fees at trial unless the Court orders otherwise. Plaintiffs assume this Court would prefer that issue handled by way of motion following trial.

**Defendant and Intervening Defendant's Joint Position**:

Defendant and Intervening Defendant object to the inclusion of post-trial issues in the proposed Pre-Trial Order.

**Intervening Defendant's Supplementary Position:** PTP also notes that any attempt by Plaintiffs to seek attorneys' fees from PTP would be contrary to law and likely violate <u>Federal Rule of Civil Procedure 11</u>.

4.   <u>Witnesses</u>:

A.   **Non-expert** witnesses to be called by the Plaintiffs and Defendant, except those who may be called for impeachment purposes only, are:

<u>Plaintiffs' Witnesses, as disclosed in ECF 544</u>:

| Witness Name | Witness Address and Phone Number | Testifying Method | Will be called/ May be called |
|---|---|---|---|
| Chris Baldyga | Two Lads, LLC<br>16858 Smokey Hollow Road<br>Traverse City, MI 49686<br>231-223-7722 | In Person | Will be called |
| Patrick Brys | Brys Winery, LLC<br>3309 Blue Water Rd<br>Traverse City, MI 49686<br>231-223-9303 | In person | Will be called |
| Marie Chantal-Dalese | Chateau Operations, Ltd.<br>15900 Rue De Vin<br>Traverse City, MI 49686-9379<br>231-223-4110 | In Person | Will be called |
| Sherri Fenton | Winery at Black Star Farms, LLC<br>360 E Mc Kinley Rd<br>Traverse City, MI 49686<br>231-944-1300 | In Person | Will be called |
| Lee Lutes | Winery at Black Star Farms, LLC<br>360 E Mc Kinley Rd<br>Traverse City, MI 49686<br>231-944-1300 | In Person | May be called |
| Bruce Hawthorne | Montague Development, LLC<br>1000 Camino Maria<br>Traverse City, MI 49686<br>231-929-4206 | In Person | May be called |

142

| John Kroupa | Grape Harbor, Inc.<br>2464 Kroupa Rd<br>Traverse City, MI 49686-9731<br>231-933-9787 | In Person | Will be called |
|---|---|---|---|
| Alexander Lagina | Villa Mari, LLC<br>4595 Murray Rd<br>Traverse City, MI 49686<br>231-938-6116 | In Person | Will be called |
| Marty Lagina | Villa Mari, LLC<br>4595 Murray Rd<br>Traverse City, MI 49686<br>231-938-6116 | In Person | May be called |
| Bill Maier | Montague Development, LLC<br>1000 Camino Maria<br>Traverse City, MI 49686<br>231-929-4206 | In Person | Will be called |
| Edward O'Keefe | Chateau Grand Traverse, Ltd.<br>12239 Center Rd<br>Traverse City, MI 49686<br>231-938-6120 | In Person | Will be called |
| Todd Oosterhouse | OV The Farm, LLC<br>12011 Center Road<br>Traverse City, MI 49685<br>231-282-9463 | In Person | Will be called |
| Spencer Stegenga | Bowers Harbor Vineyard & Winery, Inc.<br>2896 Bowers Harbor Rd<br>Traverse City, MI 49686<br>231-223-7615 | In Person | Will be called |
| Mario A. Tabone | Tabone Vineyards, LLC<br>14916 Peninsula Drive<br>Traverse City, MI 49686<br>231-223-4101 | In Person | Will be called |
| Robert Manigold | c/o Peninsula Township | In person | May be called |
| David Sanger | c/o Peninsula Township | In person | May be called |
| Christina Deeren | Mansfield Land Use Consultants<br>830 Cottageview Dr, Ste 201<br>Traverse City, Mi 49684<br>(231) 946-9310 | In person | May be called |

143

| Greg Meihn | Gordon Rees Scully Mansukhani<br>37000 Woodward Avenue<br>Suite 225<br>Bloomfield Hills, MI 48304<br>(313) 756-6428 | In person | May be called |

Plaintiffs also may call any witnesses named by Defendant, in person.  This does not include witnesses to whom Plaintiffs have objected.

Plaintiffs may call necessary rebuttal and/or impeachment witnesses in person.  This does not include witnesses to whom Plaintiffs have objected.

Defendant Peninsula Township:

| Witness Name | Witness Address and Phone Number | Method of Testimony | Will Call/May Call |
|---|---|---|---|
| Isaiah Wunsch | Peninsula Township<br>13235 Center Rd.<br>Traverse City, MI 49686<br>(231) 223-7322 | In Person | May be called |
| Plaintiffs object to Isaiah Wunsch's testimony to the extent he is called to testify about harms to residents, visitors, and/or farmers of Peninsula Township.  This is the subject of a pending motion in limine.  ECF No. 537.<br><br>Plaintiffs further object to Isaiah Wunsch's testimony to the extent he is called to testify about enforcement of the Peninsula Township Zoning Ordinance because neither Peninsula Township nor Protect the Peninsula disclosed him as a witness with information regarding enforcement of the Peninsula Township Zoning Ordinance. | | | |
| Jennifer Cram | Peninsula Township<br>13235 Center Rd.<br>Traverse City, MI 49686<br>(231) 223-7322 | In Person | May be called |
| Plaintiffs object to Jennifer Cram's testimony to the extent she is called to testify about harms to residents, visitors, and/or farmers of Peninsula Township.  This is the subject of a pending motion in limine.  ECF No. 537.<br><br>Plaintiffs further object to Jennifer Cram's testimony to the extent she is called to testify about enforcement of the Peninsula Township Zoning Ordinance because neither Peninsula Township nor Protect the Peninsula disclosed her as a witness with information regarding enforcement of the Peninsula Township Zoning Ordinance. | | | |
| Becky Chown | Peninsula Township<br>13235 Center Rd.<br>Traverse City, MI 49686 | In Person | May be called |

| | (231) 223-7322 | | |
|---|---|---|---|
| David Sanger | Peninsula Township 13235 Center Rd. Traverse City, MI 49686 (231) 223-7322 | In Person | May be called |
| John Wunsch | c/o Counsel for PTP | In Person | May be called |

Plaintiffs object to John Wunsch's testimony to the extent he is called to testify about PTP member interests in this litigation and harms to residents, visitors, and/or farmers of Peninsula Township.  This is the subject of a pending motion in limine.  ECF No. 537.

Plaintiffs further object to John Wunsch's testimony to the extent he is called to testify about the Wineries' claimed damages in this case.  This is the subject of a pending motion in limine.  ECF No. 535.

Plaintiffs further object to John Wunsch's testimony to the extent he is called to testify about the enactment, passage, or history of the Peninsula Township Zoning Ordinance, historic land use litigation involving the Plaintiffs, Peninsula Township's PDR program, and ordinances from other jurisdictions. These topics are the subject of a pending motion in limine.  ECF No. 531.

Plaintiffs further object to Peninsula Township calling John Wunsch as a witness testifying in person at trial and designating his deposition testimony.  If John Wunsch testifies at trial, he is not "unavailable" as required by Federal Rule of Civil Procedure 32(a)(4).

| Grant Parsons | c/o Counsel for PTP | In Person | May be called |
|---|---|---|---|

Plaintiffs object to Grant Parsons' testimony to the extent he is called to testify about PTP member interests in this litigation and harms to residents, visitors, and/or farmers of Peninsula Township.  This is the subject of a pending motion in limine.  ECF No. 537.

Plaintiffs further object to Grant Parsons' testimony to the extent he is called to testify about the Wineries' claimed damages in this case.  This is the subject of a pending motion in limine.  ECF No. 535.

Plaintiffs further object to Grant Parsons' testimony to the extent he is called to testify about the enactment, passage, or history of the Peninsula Township Zoning Ordinance, historic land use litigation involving the Plaintiffs, Peninsula Township's PDR program, and ordinances from other jurisdictions. These topics are the subject of a pending motion in limine.  ECF No. 531.

Plaintiffs further object to Peninsula Township calling Grant Parsons as a witness testifying in person at trial and designating his deposition testimony.  If Grant Parsons testifies at trial, he is not "unavailable" as required by Federal Rule of Civil Procedure 32(a)(4).

| Gordon Hayward | c/o Defense Counsel | In Person | May be called |
|---|---|---|---|

Plaintiffs object to Gordon Hayward's testimony to the extent he is called to testify about the enactment, passage, or history of the Peninsula Township Zoning Ordinance, historic land use litigation involving the Plaintiffs, Peninsula Township's PDR program, and ordinances from other jurisdictions.  These topics are the subject of a pending motion in limine.  ECF No. 531.

Plaintiffs further object to Peninsula Township calling Gordon Hayward as a witness testifying in person at trial and designating his deposition testimony. If Gordon Hayward testifies at trial, he is not "unavailable" as required by <u>Federal Rule of Civil Procedure 32(a)(4)</u>.

| Virginia Coulter | c/o Defense Counsel | In Person | May be called |
|---|---|---|---|
| Randy Mielnik | c/o Defense Counsel | In person | May be called |

Plaintiffs object to Randy Mielnik's testimony to the extent he is called to testify about the enactment, passage, or history of the Peninsula Township Zoning Ordinance, historic land use litigation involving the Plaintiffs, Peninsula Township's PDR program, and ordinances from other jurisdictions. These topics are the subject of a pending motion in limine. ECF No. 531.

| Chris Baldyga | Two Lads, LLC 16858 Smokey Hollow Rd. Traverse City, MI 49686 | In Person | May be called |
|---|---|---|---|
| Two Lads, LLC Corporate Representative | Two Lads, LLC 16858 Smokey Hollow Rd. Traverse City, MI 49686 | In Person | May be called |

Plaintiffs object to the identification of Two Lads, LLC's Corporate Representative as a trial witness. A corporate representative is not a proper trial witness.

| Walter Brys | Brys Winery, LLC 3309 Blue Water Rd. Traverse City, MI 49686 | In Person | May be called |
|---|---|---|---|

Walter Brys is deceased.

| Patrick Brys | Brys Winery, LLC 3309 Blue Water Rd. Traverse City, MI 49686 | In Person | May be called |
|---|---|---|---|
| Brys Winery, LLC Corporate Representative | Brys Winery, LLC 3309 Blue Water Rd. Traverse City, MI 49686 | In Person | May be called |

Plaintiffs object to the identification of Brys Winery, LLC's Corporate Representative as a trial witness. A corporate representative is not a proper trial witness.

| Marie-Chantal Dalese | Chateau Operations, Ltd. 15900 Rue De Vin Traverse City, MI 49686 | In Person | May be called |
|---|---|---|---|
| Chateau Operations, Ltd. Corporate Representative | Chateau Operations, Ltd. 15900 Rue De Vin Traverse City, MI 49686 | In Person | May be called |

Plaintiffs object to the identification of Chateau Operations, Ltd's Corporate Representative as a trial witness. A corporate representative is not a proper trial witness.

| Lee Lutes | Winery at Black Star Farms, LLC 360 E McKinley Rd. Traverse City, MI 49686 | In Person | May be called |
|---|---|---|---|
| Sherri Fenton | Winery at Black Star Farms, LLC 360 E McKinley Rd. Traverse City, MI 49686 | In Person | May be called |

42009928.1/159392.00002

| | | | |
|---|---|---|---|
| Winery at Black Star Farms Corporate Representative | Winery at Black Star Farms, LLC 360 E McKinley Rd., Traverse City, MI 49686 | In Person | May be called |
| Plaintiffs object to the identification of Winery at Black Star Farm's Corporate Representative as a trial witness. A corporate representative is not a proper trial witness. | | | |
| Bruce Hawthorne | Montague Development, LLC 1000 Camino Maria Traverse City, MI 49686 | In Person | May be called |
| Montague Development, LLC Corporate Representative | Montague Development, LLC 1000 Camino Maria Traverse City, MI 49686 | In Person | May be called |
| Plaintiffs object to the identification of Montague Development, LLC's Corporate Representative as a trial witness. A corporate representative is not a proper trial witness. | | | |
| John Kroupa | Grape Harbor, Inc. 2464 Kroupa Rd. Traverse City, MI 49686 | In Person | May be called |
| Grape Harbor, Inc. Corporate Representative | Grape Harbor, Inc. 2464 Kroupa Rd. Traverse City, MI 49686 | In Person | May be called |
| Plaintiffs object to the identification of Grape Harbor, Inc.'s Corporate Representative as a trial witness. A corporate representative is not a proper trial witness. | | | |
| Alexander Lagina | Villa Mari, Inc. 4595 Murray Rd. Traverse City, MI 49686 | In Person | May be called |
| Martin Lagina | Villa Mari, Inc. 4595 Murray Rd. Traverse City, MI 49686 | In Person | May be called |
| Villa Mari, Inc. Corporate Representative | Villa Mari, Inc. 4595 Murray Rd. Traverse City, MI | In Person | May be called |
| Plaintiffs object to the identification of Villa Mari, Inc.'s Corporate Representative as a trial witness. A corporate representative is not a proper trial witness. | | | |
| Edward O'Keefe III | Chateau Grand Traverse, Ltd. 12239 Center Rd. Traverse City, MI 49686 | In Person | May be called |
| Chateau Grand Traverse, Ltd. Corporate Representative | Chateau Grand Traverse, Ltd. 12239 Center Rd. Traverse City, MI 49686 | In Person | May be called |
| Plaintiffs object to the identification of Chateau Grand Traverse, Ltd.'s Corporate Representative as a trial witness. A corporate representative is not a proper trial witness. | | | |
| Todd Oosterhouse | OV the Farm, LLC 12011 Center Rd. Traverse City, MI 49686 | In Person | May be called |

147

| OV the Farm Corporate Representative | OV the Farm, LL 12011 Center Rd. Traverse City, MI 49686 | In Person | May be called |
|---|---|---|---|
| Plaintiffs object to the identification of OV the Farm's Corporate Representative as a trial witness.  A corporate representative is not a proper trial witness. | | | |
| Spencer Stegenga | Bowers Harbor Vineyard & Winery, Inc. 2896 Bowers Harbor Rd. Traverse City, MI 49686 | In Person | May be called |
| Bowers Harbor Vineyard and Winery Corporate Representative | Bowers Harbor Vineyard & Winery, Inc., 2896 Bowers Harbor Rd. Traverse City, MI 49686 | In Person | May be called |
| Plaintiffs object to the identification of Bowers Harbor Vineyard and Winery's Corporate Representative as a trial witness.  A corporate representative is not a proper trial witness. | | | |
| Mario A. Tabone | Tabone Vineyards, LLC 14916 Peninsula Dr. Traverse City, MI 49686 | In Person | May be called |
| Tabone Vineyards, LLC Corporate Representative | Tabone Vineyards, LLC 14916 Peninsula Dr. Traverse City, MI 49686 | In Person | May be called |
| Plaintiffs object to the identification of Tabone Vineyards, LLC's Corporate Representative as a trial witness.  A corporate representative is not a proper trial witness. | | | |

Defendant Peninsula Township may call any witness(es) named by Plaintiffs, in person.

Defendant Peninsula Township may call any and all necessary rebuttal and/or impeachment witnesses, in person.

Defendant Peninsula Township reserves the right to supplement or modify this submission pending further decision from the Court regarding outstanding dispositive motions in order to limit issues at trial and preserve judicial resources.

**Plaintiffs' General Objections**: Plaintiffs object to every one of Defendants' proposed witnesses because neither Peninsula Township nor Protect the Peninsula timely disclosed their witnesses as required by Federal Rule of Civil Procedure 26(a)(3).  This objection is the subject of a pending motion *in limine*.  ECF No. 545.

148

Intervening Defendant:

| Witness Name | Witness Address and Phone Number | Method of Testimony | Will/May Call |
|---|---|---|---|
| Isaiah Wunsch | c/o Counsel for Defendant Peninsula Township<br>44 Cesar A. Chavez Ave. SW Ste 200<br>Grand Rapids MI 49503<br>(616)288-3703 | In Person | May be called |
| Plaintiffs object to Isaiah Wunsch's testimony to the extent he is called to testify about harms to residents, visitors, and/or farmers of Peninsula Township.  This is the subject of a pending motion in limine.  ECF No. 537.<br><br>Plaintiffs further object to Isaiah Wunsch's testimony to the extent he is called to testify about enforcement of the Peninsula Township Zoning Ordinance because neither Peninsula Township nor Protect the Peninsula disclosed him as a witness with information regarding enforcement of the Peninsula Township Zoning Ordinance. | | | |
| Jennifer Cram | c/o Counsel for Defendant Peninsula Township<br>44 Cesar A. Chavez Ave. SW Ste 200<br>Grand Rapids MI 49503<br>(616)288-3703 | In Person | May be called |
| Plaintiffs object to Jennifer Cram's testimony to the extent she is called to testify about harms to residents, visitors, and/or farmers of Peninsula Township.  This is the subject of a pending motion in limine.  ECF No. 537.<br><br>Plaintiffs further object to Jennifer Cram's testimony to the extent she is called to testify about enforcement of the Peninsula Township Zoning Ordinance because neither Peninsula Township nor Protect the Peninsula disclosed her as a witness with information regarding enforcement of the Peninsula Township Zoning Ordinance. | | | |
| Becky Chown | c/o Counsel for Defendant Peninsula Township<br>44 Cesar A. Chavez Ave. SW Ste 200<br>Grand Rapids MI 49503<br>(616)288-3703 | In Person | May be called |
| David Sanger | c/o Counsel for Defendant Peninsula Township<br>44 Cesar A. Chavez Ave. SW Ste 200<br>Grand Rapids MI 49503<br>(616)288-3703 | In Person | May be called |
| Gordon Hayward | c/o Counsel for Defendant Peninsula Township<br>44 Cesar A. Chavez Ave. SW Ste 200<br>Grand Rapids MI 49503<br>(616)288-3703 | In Person or by reading deposition transcript | May be called |

Plaintiffs object to Gordon Hayward's testimony to the extent he is called to testify about the enactment, passage, or history of the Peninsula Township Zoning Ordinance, historic land use litigation involving the Plaintiffs, Peninsula Township's PDR program, and ordinances from other jurisdictions.  These topics are the subject of a pending motion in limine.  ECF No. 531.

Plaintiffs further object to PTP calling Gordon Hayward as a witness testifying in person at trial and designating his deposition testimony.  If Gordon Hayward testifies at trial, he is not "unavailable" as required by Federal Rule of Civil Procedure 32(a)(4).

| John Jacobs | c/o Counsel for PTP 429 E, Front Street Traverse City MI 49686 (231)946-0044 | In Person | May be called |
|---|---|---|---|

Plaintiffs object to John Jacobs' testimony to the extent he is called to testify about PTP member interests in this litigation and harms to residents, visitors, and/or farmers of Peninsula Township.  This is the subject of a pending motion in limine.  ECF No. 537.

Plaintiffs further object to John Jacobs' testimony to the extent he is called to testify about the Wineries' claimed damages in this case.  This is the subject of a pending motion in limine.  ECF No. 535.

Plaintiffs further object to John Jacobs' testimony to the extent he is called to testify about the enactment, passage, or history of the Peninsula Township Zoning Ordinance, historic land use litigation involving the Plaintiffs, Peninsula Township's PDR program, and ordinances from other jurisdictions.  These topics are the subject of a pending motion in limine.  ECF No. 531.

| Scott Phillips | c/o Counsel for PTP 429 E, Front Street Traverse City MI 49686 (231)946-0044 | In Person | May be called |
|---|---|---|---|

Plaintiffs object to Scott Phillips' testimony to the extent he is called to testify about PTP member interests in this litigation and harms to residents, visitors, and/or farmers of Peninsula Township.  This is the subject of a pending motion in limine.  ECF No. 537.

Plaintiffs further object to Scott Phillips' testimony to the extent he is called to testify about the Wineries' claimed damages in this case.  This is the subject of a pending motion in limine.  ECF No. 535.

Plaintiffs further object to Scott Phillips' testimony to the extent he is called to testify about the enactment, passage, or history of the Peninsula Township Zoning Ordinance, historic land use litigation involving the Plaintiffs, Peninsula Township's PDR program, and ordinances from other jurisdictions.  These topics are the subject of a pending motion in limine.  ECF No. 531.

| Mark Nadolski | c/o Counsel for PTP 429 E, Front Street Traverse City MI 49686 (231)946-0044 | In Person | May be called |
|---|---|---|---|

Plaintiffs object to Mark Nadolski's testimony to the extent he is called to testify about PTP member interests in this litigation and harms to residents, visitors, and/or farmers of Peninsula Township.  This is the subject of a pending motion in limine.  ECF No. 537.

150

42009928.1/159392.00002

Plaintiffs further object to Mark Nadolski's testimony to the extent he is called to testify about the Wineries' claimed damages in this case.  This is the subject of a pending motion in limine.  ECF No. 535.

Plaintiffs further object to Mark Nadolski's testimony to the extent he is called to testify about the enactment, passage, or history of the Peninsula Township Zoning Ordinance, historic land use litigation involving the Plaintiffs, Peninsula Township's PDR program, and ordinances from other jurisdictions. These topics are the subject of a pending motion in limine.  ECF No. 531.

| John Wunsch | c/o Counsel for PTP<br>429 E, Front Street<br>Traverse City MI 49686<br>(231)946-0044 | In Person | May be called |
|---|---|---|---|

Plaintiffs object to John Wunsch's testimony to the extent he is called to testify about PTP member interests in this litigation and harms to residents, visitors, and/or farmers of Peninsula Township.  This is the subject of a pending motion in limine.  ECF No. 537.

Plaintiffs further object to John Wunsch's testimony to the extent he is called to testify about the Wineries' claimed damages in this case.  This is the subject of a pending motion in limine.  ECF No. 535.

Plaintiffs further object to John Wunsch's testimony to the extent he is called to testify about the enactment, passage, or history of the Peninsula Township Zoning Ordinance, historic land use litigation involving the Plaintiffs, Peninsula Township's PDR program, and ordinances from other jurisdictions. These topics are the subject of a pending motion in limine.  ECF No. 531.

Plaintiffs further object to PTP calling John Wunsch as a witness testifying in person at trial and designating his deposition testimony.  If John Wunsch testifies at trial, he is not "unavailable" as required by Federal Rule of Civil Procedure 32(a)(4).

| Barbara Wunsch | c/o Counsel for PTP<br>429 E, Front Street<br>Traverse City MI 49686<br>(231)946-0044 | In Person | May be called |
|---|---|---|---|

Plaintiffs object to Barbara Wunsch's testimony to the extent he is called to testify about PTP member interests in this litigation and harms to residents, visitors, and/or farmers of Peninsula Township.  This is the subject of a pending motion in limine.  ECF No. 537.

Plaintiffs further object to Barbara Wunsch's testimony to the extent he is called to testify about the Wineries' claimed damages in this case.  This is the subject of a pending motion in limine.  ECF No. 535.

Plaintiffs further object to Barbara Wunsch's testimony to the extent he is called to testify about the enactment, passage, or history of the Peninsula Township Zoning Ordinance, historic land use litigation involving the Plaintiffs, Peninsula Township's PDR program, and ordinances from other jurisdictions. These topics are the subject of a pending motion in limine.  ECF No. 531.

151

| Michele Zebell | c/o Counsel for PTP<br>429 E, Front Street<br>Traverse City MI 49686<br>(231)946-0044 | In Person | May be called |
|---|---|---|---|

Plaintiffs object to Michelle Zebell's testimony to the extent he is called to testify about PTP member interests in this litigation and harms to residents, visitors, and/or farmers of Peninsula Township.  This is the subject of a pending motion in limine.  ECF No. 537.

Plaintiffs further object to Michelle Zebell's testimony to the extent he is called to testify about the Wineries' claimed damages in this case.  This is the subject of a pending motion in limine.  ECF No. 535.

Plaintiffs further object to Michelle Zebell's testimony to the extent he is called to testify about the enactment, passage, or history of the Peninsula Township Zoning Ordinance, historic land use litigation involving the Plaintiffs, Peninsula Township's PDR program, and ordinances from other jurisdictions. These topics are the subject of a pending motion in limine.  ECF No. 531.

| Grant Parsons | c/o Counsel for PTP<br>429 E, Front Street<br>Traverse City MI 49686<br>(231)946-0044 | In Person or by reading deposition transcript | May be called |
|---|---|---|---|

Plaintiffs object to Grant Parsons' testimony to the extent he is called to testify about PTP member interests in this litigation and harms to residents, visitors, and/or farmers of Peninsula Township.  This is the subject of a pending motion in limine.  ECF No. 537.

Plaintiffs further object to Grant Parsons' testimony to the extent he is called to testify about the Wineries' claimed damages in this case.  This is the subject of a pending motion in limine.  ECF No. 535.

Plaintiffs further object to Grant Parsons' testimony to the extent he is called to testify about the enactment, passage, or history of the Peninsula Township Zoning Ordinance, historic land use litigation involving the Plaintiffs, Peninsula Township's PDR program, and ordinances from other jurisdictions. These topics are the subject of a pending motion in limine.  ECF No. 531.

Plaintiffs further object to PTP calling Grant Parsons as a witness testifying in person at trial and designating his deposition testimony.  If Grant Parsons testifies at trial, he is not "unavailable" as required by Federal Rule of Civil Procedure 32(a)(4).

| Chris Baldyga | c/o Plaintiffs' Counsel<br>99 Monroe Ave NW Ste 1200<br>Grand Rapids MI 49503<br>(616)776-6333c/o Plaintiffs' Counsel | In Person | May be called |
|---|---|---|---|
| Two Lads, LLC Corporate Representative | c/o Plaintiffs' Counsel<br>99 Monroe Ave NW Ste 1200<br>Grand Rapids MI 49503<br>(616)776-6333 | In Person | May be called |

Plaintiffs object to the identification of Two Lads, LLC's Corporate Representative as a trial witness.  A corporate representative is not a proper trial witness.

152

| Walter Brys | c/o Plaintiffs' Counsel 99 Monroe Ave NW Ste 1200 Grand Rapids MI 49503 (616)776-6333 | In Person | May be called |
|---|---|---|---|
| Walter Brys is deceased. | | | |
| Patrick Brys | c/o Plaintiffs' Counsel 99 Monroe Ave NW Ste 1200 Grand Rapids MI 49503 (616)776-6333Plaintiffs' Counsel | In Person | May be called |
| Brys Winery, LLC Corporate Representative | c/o Plaintiffs' Counsel 99 Monroe Ave NW Ste 1200 Grand Rapids MI 49503 (616)776-6333 | In Person | May be called |
| Plaintiffs object to the identification of Brys Winery, LLC's Corporate Representative as a trial witness. A corporate representative is not a proper trial witness. | | | |
| Marie-Chantal Dalese | c/o Plaintiffs' Counsel 99 Monroe Ave NW Ste 1200 Grand Rapids MI 49503 (616)776-6333 | In Person | May be called |
| Chateau Operations, Ltd. Corporate Representative | c/o Plaintiffs' Counsel 99 Monroe Ave NW Ste 1200 Grand Rapids MI 49503 (616)776-6333 | In Person | May be called |
| Plaintiffs object to the identification of Chateau Operations, Ltd.'s Corporate Representative as a trial witness. A corporate representative is not a proper trial witness. | | | |
| Lee Lutes | c/o Plaintiffs' Counsel 99 Monroe Ave NW Ste 1200 Grand Rapids MI 49503 (616)776-6333 | In Person | May be called |
| Sherri Fenton | c/o Plaintiffs' Counsel 99 Monroe Ave NW Ste 1200 Grand Rapids MI 49503 (616)776-6333 | In Person | May be called |
| Winery at Black Star Farms Corporate Representative | c/o Plaintiffs' Counsel 99 Monroe Ave NW Ste 1200 Grand Rapids MI 49503 (616)776-6333 | In Person | May be called |
| Plaintiffs object to the identification of Winery at Black Star Farms' Corporate Representative as a trial witness. A corporate representative is not a proper trial witness. | | | |
| Bruce Hawthorne | c/o Plaintiffs' Counsel 99 Monroe Ave NW Ste 1200 Grand Rapids MI 49503 (616)776-6333 | In Person | May be called |
| Montague Development, LLC Corporate Representative | c/o Plaintiffs' Counsel 99 Monroe Ave NW Ste 1200 Grand Rapids MI 49503 | In Person | May be called |

153

| | (616)776-6333 | | |
|---|---|---|---|
| Plaintiffs object to the identification of Montague Development, LLC's Corporate Representative as a trial witness.  A corporate representative is not a proper trial witness. | | | |
| John Kroupa | c/o Plaintiffs' Counsel<br>99 Monroe Ave NW Ste 1200<br>Grand Rapids MI 49503<br>(616)776-6333 | In Person | May be called |
| Grape Harbor, Inc.<br>Corporate Representative | c/o Plaintiffs' Counsel<br>99 Monroe Ave NW Ste 1200<br>Grand Rapids MI 49503<br>(616)776-6333 | In Person | May be called |
| Plaintiffs object to the identification of Grape Harbor, Inc.'s Corporate Representative as a trial witness.  A corporate representative is not a proper trial witness. | | | |
| Alexander Lagina | c/o Plaintiffs' Counsel<br>99 Monroe Ave NW Ste 1200<br>Grand Rapids MI 49503<br>(616)776-6333 | In Person | May be called |
| Martin Lagina | c/o Plaintiffs' Counsel<br>99 Monroe Ave NW Ste 1200<br>Grand Rapids MI 49503<br>(616)776-6333 | In Person | May be called |
| Villa Mari, Inc. Corporate Representative | c/o Plaintiffs' Counsel<br>99 Monroe Ave NW Ste 1200<br>Grand Rapids MI 49503<br>(616)776-6333 | In Person | May be called |
| Plaintiffs object to the identification of Villa Mari, Inc's Corporate Representative as a trial witness.  A corporate representative is not a proper trial witness. | | | |
| Edward O'Keefe III | c/o Plaintiffs' Counsel<br>99 Monroe Ave NW Ste 1200<br>Grand Rapids MI 49503<br>(616)776-6333 | In Person | May be called |
| Chateau Grand Traverse, Ltd. Corporate Representative | c/o Plaintiffs' Counsel<br>99 Monroe Ave NW Ste 1200<br>Grand Rapids MI 49503<br>(616)776-6333 | In Person | May be called |
| Plaintiffs object to the identification of Chateau Grand Traverse, Ltd.'s Corporate Representative as a trial witness.  A corporate representative is not a proper trial witness. | | | |
| Todd Oosterhouse | c/o Plaintiffs' Counsel<br>99 Monroe Ave NW Ste 1200<br>Grand Rapids MI 49503<br>(616)776-6333 | In Person | May be called |
| OV the Farm Corporate Representative | c/o Plaintiffs' Counsel<br>99 Monroe Ave NW Ste 1200<br>Grand Rapids MI 49503<br>(616)776-6333 | In Person | May be called |

| | | | |
|---|---|---|---|
| Plaintiffs object to the identification of OV the Farm's Corporate Representative as a trial witness.  A corporate representative is not a proper trial witness. | | | |
| Spencer Stegenga | c/o Plaintiffs' Counsel 99 Monroe Ave NW Ste 1200 Grand Rapids MI 49503 (616)776-6333 | In Person | May be called |
| Bowers Harbor Vineyard and Winery Corporate Representative | c/o Plaintiffs' Counsel 99 Monroe Ave NW Ste 1200 Grand Rapids MI 49503 (616)776-6333 | In Person | May be called |
| Plaintiffs object to the identification of Bowers Harbor Vineyard and Winery's Corporate Representative as a trial witness.  A corporate representative is not a proper trial witness. | | | |
| Mario A. Tabone | c/o Plaintiffs' Counsel 99 Monroe Ave NW Ste 1200 Grand Rapids MI 49503 (616)776-6333 | In Person | May be called |
| Tabone Vineyards, LLC Corporate Representative | c/o Plaintiffs' Counsel 99 Monroe Ave NW Ste 1200 Grand Rapids MI 49503 (616)776-6333 | In Person | May be called |
| Plaintiffs object to the identification of Tabone Vineyards, LLC's Corporate Representative as a trial witness.  A corporate representative is not a proper trial witness. | | | |

Intervening Defendant PTP may call any witness(es) named by Plaintiffs or Defendant Peninsula Township, in person or by reading deposition transcript.

Intervening Defendant PTP may call any necessary rebuttal or impeachment witnesses in person or by reading deposition transcript.

Intervening Defendant PTP reserves the right to supplement this proposed witness list and/or the method of testimony and/or may or will call status in response to any order or direction provided by the Court or as otherwise appropriate in the furtherance of judicial economy.

**Plaintiffs' General Objections**: Plaintiffs object to every one of Defendants' proposed witnesses because neither Peninsula Township nor Protect the Peninsula timely disclosed their witnesses as required by Federal Rule of Civil Procedure 26(a)(3).  This objection is the subject of a pending motion *in limine*.  ECF No. 545.

B.     **Expert** witnesses to be called by the Plaintiffs, except those who may be called for impeachment purposes only, are:

      i.    Eric Larson, CPA/ABV, ASA, CBA, CMA, CFE
            Doeren Mayhew & Co., P.C.

            56 Grandville Ave. SW
            Suite 100
            Grand Rapids, MI 49503
            616.235.5200

Mr. Larson has extensive practical and theoretical experience in the field of financial valuation, transaction negotiation, merger/acquisition representation, economic damages and corporate financial analysis.  His business valuation projects have been performed for numerous purposes, including estate and gift taxation, employee stock ownership plans, purchase and sale advisement, purchase price allocation, marital dissolution and other tax and corporate-related matters.

Mr. Larson has performed financial analysis, valuation and transaction consulting across a wide range of industries, including agriculture, general and specialty contracting, plastics and metal manufacturing, packaging and printing, automobile and truck transportation, finance and insurance, healthcare, professional and technical service, eating and drinking establishments and retail and wholesale distribution of specialty and commodity products.  Mr. Larson will testify as Plaintiffs' damages expert.  Based on information provided by each Plaintiff, Larson will provide testimony as to their lost profits in seven different categories:

- Lost profits from the increased cost of grapes due to local purchase requirements
- Lost profits from lost catering revenues
- Lost profits from limited hours of service
- Lost profits from lost restaurant sales
- Lost profits from lost merchandise sales
- Lost profits from lost event hosting (small events and meetings)
- Lost profits from lost event hosting (large events and weddings)

Mr. Larson will also testify consistent with his expert report and supplemental expert report, which were served on or about August 13, 2021, and July 6, 2022, respectively, and with his deposition testimony.  Mr. Larson will testify in person.

- Defendant Peninsula Township objects to Mr. Larson's testimony as irrelevant under FRE 401 and 402.  Defendant Peninsula Township further objects to Mr. Larson's testimony under FRE 702. The Court has concluded that Plaintiffs are not entitled to damages for their preemption claims and regulatory takings has been dismissed. (ECF Nos. 525 and 559). Further, the Court has concluded that Plaintiffs' desire to host events is not protected by the First Amendment. (ECF No. 559). Mr. Larson's testimony on the issues of alleged lost profits for hours of operation, catering, restaurants, and events is no longer live for trial.  For this same reason, Mr. Larson's testimony is inappropriate under FRE 702, as his knowledge would not help the trier of fact determine a fact in issue.

In addition, Plaintiffs anticipate calling the following expert witnesses to rebut the testimony of PTP's disclosed expert, Thomas L. Daniels, if offered:

    ii.    David E. Moss, D. Env.
            David Moss & Associates, Inc.
            1009 Wilshire Blvd., Suite 224
            Santa Monica, CA 90401
            310.395.3481

Dr. Moss is an expert on land use planning and zoning regulations.  Dr. Moss will testify regarding land use planning and commonly available types of zoning regulations to promote and preserve agricultural land use and rural character.  More specifically, Dr. Moss will testify that there are less restrictive and feasible alternative regulations that Peninsula Township could have enacted to further its governmental interests in the PTZO, specifically in those sections applicable

to the Wineries.  Dr. Moss will also testify how the PTZO, and specifically those sections applicable to the Wineries, do not promote, and therefore detract from, agricultural and farmland preservation, regenerative agricultural practices, and agritourism.  Dr. Moss will further testify that Daniels has offered unsupported thesis statements and opinions regarding main and accessory agricultural uses.

Dr. Moss will also testify consistent with his expert report and supplemental expert report, which were served on or about August 28, 2023, and September 11, 2023, respectively.  Dr. Moss will testify in person.

iii.   Gary J. McDowell
11585 W. Welch
Rudyard, MI 49780
906.440.6149

Mr. McDowell is a former Director of the Michigan Department of Rural and Agricultural Development (MDARD) and a lifelong farmer.  MDARD is the Department of the State of Michigan responsible for cultivating and expanding economic opportunities for the food and agricultural sector, safeguarding the public's food supply, inspecting and enforcing sound animal health practices, preserving the environment by which the farming community makes its living and feeds consumers, and protecting consumers by enforcing laws related to weights and measures. As Director, Mr. McDowell supervised, among others, the Agricultural Development Division, which provides executive support for the Craft Beverage Council, of which he was Chair.  His duties also included reviewing and approving Generally Accepted Agricultural and Management Practices (GAAMPs) under the Michigan Right to Farm Act, which promote sound environmental stewardship on Michigan farms.  Mr. McDowell is also a former Representative in the Michigan State House of Representatives and a former Chippewa County Commissioner.

42009928.1/159392.00002

Mr. McDowell will testify concerning agritourism and its importance to farming in Michigan, including specifically explaining agritourism, whether it is an agricultural use and whether it is necessary for the continued viability of Michigan farms.

Mr. McDowell will also testify consistent with his expert report, which was served on or about August 28, 2023.  He will testify in person.

  iv. Teri Quimby, J.D., LL.M.
     Quimby Consulting Group, LLC
     776 W. Grand River Ave.
     Brighton, MI 48116
     517.230.8320

Ms. Quimby is the former Commission of the Michigan Liquor Control Commission (MLCC).  As Commissioner, she was responsible for carrying out the MLCC's Constitutional and statutory responsibilities over alcohol beverages in the State, including its manufacturing, possession, transportations and sale.  Previously, she has been a Township Board Trustee, a member of the State Bar of Michigan Character and Fitness Committee and held multiple offices with the National Conference of State Liquor Administrators.  She currently works as a consultant and Adjunct Professor at the Western Michigan University-Cooley Law School.

Ms. Quimby will testify the MLCC has sole authority over alcohol and the licensing of alcohol in the State of Michigan, including complete control over the license, licensee and the licensed premises, including hours of operation (including permitting the serving and sale of alcohol between 7:00 a.m. and 2:00 a.m.) and additional authorized activities occurring on the licensed premises such as music, food and catering.  State authority over the regulation of alcohol is Constitutionally limited only in those counties prohibiting the manufacture or sale of alcohol and statutorily limited in a few specific circumstances where local government engagement is

permitted, not applicable here.  She will testify that once the MLCC issues a license, the licenses premises along with the conduct of business at that premises falls under exclusive MLCC control.

Ms. Quimby will testify that the Township incorrectly asserts that it is merely restricting the location of activities through its zoning ordinance, rather than prohibiting them.  She will testify that here, the State regulations over alcohol licenses, licensees and authorized activities on licensed premises preempt the Township's attempted regulation, because the Township is attempted to preclude activities on the licensed premises that are authorized at the State level.  Ms. Quimby will testify that the alcohol industry is one of the most heavily regulated and that absent State regulation the industry would be subject to an undesirable and loose patchwork of regulations enacted by local governments.

Ms. Quimby will also testifying consistent with her expert report served on or about August 28, 2023.  She will testify in person.

- Defendant Peninsula Township objects to Ms. Quimby's testimony as irrelevant under FRE 401. The Court has already ruled on Plaintiffs' preemption claims (Count 8).  (ECF No. 525).  This issue is no longer live for trial so it is unclear for what purpose this exhibit would be offered.  For this same reason, Ms. Quimby's testimony is inappropriate under FRE 702, as her knowledge would not help the trier of fact determine a fact in issue.

Defendant: None

Intervening Defendant:

PTP objects to Plaintiffs calling Mr. McDowell, Mr. Moss, and Ms. Quimby for any purpose other than to rebut testimony from PTP expert witness Dr. Daniels if PTP calls Dr. Daniels to testify at trial.

PTP further objects to Plaintiffs calling Ms. Quimby as her testimony would not be relevant to any live issue for trial. Plaintiffs have offered Ms. Quimby as an expert regarding their preemption claims and the Court resolved those claims on summary judgment in ECF 525. Fed.

R. Evid. 402. PTP further objects that Ms. Quimby's testimony would not be more likely than not to help the trier of fact understand the evidence or determine a fact at issue in this case. Fed. R. Evid. 702.

PTP may call the following expert witness:

Thomas L. Daniels, Ph.D.
590 Northlawn Drive
Lancaster, PA 17603
(717) 368-0559

Dr. Daniels is an expert on land use planning, agricultural zoning, and farmland preservation. A copy of his curriculum vitae was provided to the parties in discovery. Dr. Daniels has extensive experience related to land use planning, the use of zoning regulations to control land use, the use of agricultural zoning, the application of agricultural zoning to wineries, and the connection between agricultural zoning and farmland preservation.

Dr. Daniels may testify regarding the governmental interests advanced by the Peninsula Township Zoning Ordinance (PTZO), including agricultural and farmland preservation and ensuring compatible land uses in Peninsula Township. Dr. Daniels may provide expert testimony on how the Peninsula Township Zoning Ordinance, in conjunction with Peninsula Township's master plan and other ordinances, advances those governmental interests. Dr. Daniels may testify regarding how the PTZO, including sections that address wineries and winery tasting rooms, are tailored to address the governmental interests of agricultural and farmland preservation and ensuring compatible land uses. Dr. Daniels may testify regarding how the land use and special use permits issued by Peninsula Township to wineries advance its governmental interests of agricultural and farmland preservation and ensuring compatible land uses and are tailored to address those interests.

Intervening Defendant PTP reserves the right to supplement this summary in response to any order or direction provided by the Court or as otherwise appropriate in the furtherance of judicial economy.

It is understood that, except upon a showing of good cause, no witness whose  name  and address  does  not  appear  in  the  lists  required  by subsections (a) and (b) will be permitted to testify for any purpose, except impeachment, if the opposing party objects.  Any objection to the use of a deposition under Fed. R. Civ. P. 32(a) not reflected in the Pretrial Order shall be deemed waived, except for good cause shown.

**Plaintiffs' objections**: Plaintiffs object to the  testimony of Dr. Daniels because  Protect the

Peninsula did not timely disclose him as a trial witness as required by Federal Rule of Civil

Procedure 26(a)(3). This objection is the subject of a pending motion in limine. ECF No. 545. Plaintiffs further object to Dr. Daniels' testimony to the extent he is called to testify about Peninsula Township's PDR program, ordinances from other jurisdictions, and public opinion surveys. These topics are the subject of pending motions in limine. ECF No. 531 and 533. Finally, Plaintiffs object to Dr. Daniels' testimony to the extent he seeks to testify regarding topic areas to which he was not disclosed.

**5.** **Depositions and Other Discovery Documents**: All depositions, answers to written interrogatories, and requests for admissions, or portions thereof, that are expected to be offered in evidence by the Plaintiffs and the Defendant are:

Plaintiffs Deposition Designations and Discovery Documents, as disclosed in ECF 544:

- Peninsula Township's Answers to Plaintiffs' First Set of Requests for Admission
    - 6-7
    - 15-16
    - 18-20
    - 26-27
    - 29
    - 31-38
    - 41-42
    - 59-66
- Peninsula Township's Supplemental Answers to Plaintiffs' First Set of Requests for Admission
    - 1-4
    - 56
    - 57
    - 58
- Peninsula Township's Answers to Plaintiffs' Second Set of Requests for Admission
    - 68-70

- Peninsula Township's Answers to Plaintiffs' First Set of Interrogatories
  - 1-2
- Peninsula Township's Supplemental Answers to Plaintiffs' First Set of Interrogatories
  - 6-9
  - 13
- Deposition transcripts of the following individuals:
  - Robert Manigold
    - 8:9-15
    - 39:11-15
    - 40:9-41:1
    - 43:24-44:7
    - 49:22-50:8
    - 50:15-51:11
    - 56:10-22
    - 60:5-10
    - 66:19-69:22
    - 70:16-72:22
    - 74:3-15
    - 75:12-76:23
    - 78:3-22
    - 79:8-80:16
    - 84:6-15
    - 90:18-91:3
    - 91:9-10
    - 91:19-22
    - 92:7-93:25
    - 95:18-96:15
    - 96:23-97:24
    - 100:3-15
    - 102:2-24
    - 103:18-107:2
    - 109:20-110:12

42009928.1/159392.00002

- 114:10
- 114:18-117:20
- 118:9-119:5
- 119:22-120:6
- 121:22-122:12
- 122:18-21
- 123:18-125:25
- 126:16-18
- 126:23-24
- 127:24-128:10
- 128:15-19
- 129:13-130:1
- 130:15-132:9
- 136:4-137:4
- 146:16-147:9
- 147:22-148:10
- 155:9-24
- 158:2-159:3
- 162:6-163:4
- 164:12-18
- 171:17-23
- 172:21-173:1
- 174:2-8
- 174:17-25
- 175:22-25
- 177:11-178:1
- 178:9-18
- 179:2-180:5
- 189:20-24
- 190:1-24
- 191:1-12
- 192:9-193:14
- 194:11-195:10

42009928.1/159392.00002

- 196:8-17
- 197:20-199:2
- 200:3-23
- 209:11-210:24
- 211:7-212:6
- 215:5-14
- 216:21-24

and all exhibits referenced therein

  o Christina Deeren
    - 8:21-9:5
    - 11:22-25
    - 12:17-15:13
    - 16:11-14
    - 18:19-19:2
    - 20:13-22:2
    - 22:6-18
    - 23:9-18
    - 25:16-26:7
    - 26:23-27:5
    - 29:13-30:15
    - 30:24-32:2
    - 37:9-20
    - 41:4-13
    - 42:15-43:16
    - 45:1-6
    - 45:18-20
    - 46:22-47:18
    - 48:14-49:10
    - 49:20-50:7
    - 53:3-13
    - 54:7-9
    - 55:23-56:25
    - 57:10-12

- 57:18-58:22
- 59:4-12
- 60:24-61:25
- 63:10-64:1
- 64:19-65:2
- 65:5-12
- 66:14-19
- 67:8-12
- 68:13-70:3
- 70:22-25
- 71:1-11
- 72:1-20
- 73:8-75:1
- 75:7-76:6
- 77:22-78:16
- 79:3-9
- 80:23-81:3
- 81:10-82:22
- 83:10-25
- 85:10-87:8
- 87:14-23
- 88:4-90:12;
- 90:16-25
- 91:19-92:1
- 92:10-12
- 92:19-93:11
- 95:13-96:7
- 96:21-98:1
- 98:13-101:23
- 102:20-103:10
- 112:7-20

and all exhibits referenced therein

- David Sanger

166

- 6:9–17
- 8:1–9
- 8:20–9:13
- 10:3–19:3
- 21:4–22:4
- 25:8–29:20
- 30:2–31:8

and all exhibits referenced therein

  o   Greg Meihn

- 48:11-20
- 49:3-21
- 50:1-51:19
- 52:6-53:14

and all exhibits referenced therein

- Defendant Peninsula Township and Intervening Defendant PTP object to Plaintiffs' designations as irrelevant under Fed. R. Evid. 401 and 402 to the extent the included designations involve testimony related to claims previously dismissed or otherwise resolved by the Court on summary judgment.  (See ECF Nos. 525 and 559).

- Intervening Defendant PTP objects to the admission of Plaintiffs' designated deposition testimony from Robert Manigold, Christina Deeren, and Dave Sanger on the basis that PTP was not a party at the time the depositions were taken and lacked a meaningful opportunity to preserve objections, which would have included lack of foundation, compound questions, confusing questions, questions calling for legal conclusions, questions involving improper hypotheticals, questions that assumed facts not in evidence, and more.

Defendant Peninsula Township's Designation of Discovery Documents:

- Defendant Peninsula Township's Supplementary Answers to:

  o   Plaintiffs' First Set of Interrogatories ## 6, 7, and 8

- Plaintiff Chateau Chantal Answers to:

  o   Peninsula Township Requests for Admission ##13, 20, 21

- Plaintiffs object to Peninsula Township Request for Admission #13 to Chateau Chantal because evidence of prior litigation is irrelevant as Peninsula Township has never raised res judicata or collateral estoppel as an affirmative defense and the Court has already rejected PTP's res judicata

167

42009928.1/159392.00002

and collateral estoppel defenses, *see* ECF No. 528, PageID.21267-21269 (granting Plaintiffs' motion regarding affirmative defenses related to prior litigation).  Plaintiffs further object that this evidence is currently the subject of a pending motion in limine, ECF No. 531.

- o PTP Interrogatories ##1, 2, 3, and 4
- o PTP Requests for Admission ##5 and 6

- Plaintiff Bowers Harbor Vineyard Answers to:
  - o PTP Interrogatories ##1, 2, 3, and 4
  - o PTP Requests for Admission ##5 and 6

- Plaintiff Bonobo Answers to:
  - o PTP Interrogatories ##1, 2, 3, and 5
  - o PTP Requests for Admission ## 13, 15, and 17

- Plaintiff Brys Winery Answers to:
  - o PTP Interrogatories ##1, 2, 3, and 4
  - o PTP Requests for Admission ##8, 9, and 13

- Plaintiff Chateau Grand Traverse Answers to:
  - o PTP Interrogatories ##1, 2, and 3
  - o PTP Requests for Admission ## 6, 8, 9, 10, 11, 12, 13, and 14

- Plaintiff Villa Mari Answers to:
  - o PTP Interrogatories ## 1, 2, 3, and 4
  - o PTP Requests for Admission ## 2, 3, 4, and 5

- Plaintiff Montague Development Answers to:
  - o PTP Interrogatories ##1, 2, and 3
  - o PTP Requests for Admission ##3 and 4

- Plaintiff Black Star Farms Answers to:

  o PTP Interrogatories ##1, 2, 4, and 5

  o PTP Request for Admission ##5, 7, 8, 11, and 12

    ▪ Plaintiffs object to PTP Request for Admission #8 to Black Star Farms because evidence of prior litigation is irrelevant as Peninsula Township has never raised res judicata or collateral estoppel as an affirmative defense and the Court has already rejected PTP's res judicata and collateral estoppel defenses, *see* ECF No. 528, PageID.21267-21269 (granting Plaintiffs' motion regarding affirmative defenses related to prior litigation).  Plaintiffs further object that this evidence is currently the subject of a pending motion in limine, ECF No. 531.

- Plaintiff Two Lads, Inc. Answers to:

  o PTP Interrogatories ##1, 2, 3, and 4

  o PTP Request for Admission #3

- Plaintiff Tabone Answers to:

  o PTP Interrogatories ##1, 2, and 3

  o PTP Request for Admission ##2 and 3

- Plaintiff Peninsula Cellars Answers to:

  o PTP Interrogatories ##1, 2, and 3

  o PTP Request for Admission ##2 and 4

**Plaintiffs' General Objection**: Plaintiff incorporate by reference any objections made to the individual discovery responses.

Defendant-Intervenor Protect the Peninsula's Designation of Discovery Documents:

- Defendant Peninsula Township's Supplemental Answers to Plaintiffs' First Set of Interrogatories 6, 7, 8

- Black Star Responses to PTP Requests for Admission 5, 7, 8, 11, 12

  o Plaintiffs object to PTP Request for Admission #8 to Black Star Farms because evidence of prior litigation is irrelevant as Peninsula Township has never raised res

judicata or collateral estoppel as an affirmative defense and the Court has already rejected PTP's res judicata and collateral estoppel defenses, *see* ECF No. 528, PageID.21267-21269 (granting Plaintiffs' motion regarding affirmative defenses related to prior litigation).  Plaintiffs further object that this evidence is currently the subject of a pending motion in limine, ECF No. 531.

- Black Star Responses to PTP Interrogatories 1, 2, 3, 4, 5

- Bonobo Responses to PTP Requests for Admission 13, 15, 17

- Bonobo Responses to PTP Interrogatories 1, 2, 3, 5

- BHV Responses to PTP Requests for Admission 5, 6

- BHV Responses to PTP Interrogatories 1, 2, 3, 4

- Bowers Harbor Responses to PTP Requests for Production 12, 13, 14, 15, 16, 17, 18, 19

  o Plaintiffs object to PTP's designating responses to Requests for Production of documents as this is not proper evidence for trial and not an item of discovery included in this Court's Second Case Management Order as something the parties could designate for trial.  See ECF No. 343, PageID.12550, noting parties could designate "answers to written interrogatories, and requests for admissions, or portions thereof, that are expected to be offered in evidence ..."

- Brys Responses to Requests for Production 12, 13, 14, 15, 16, 17, 18, 19

  o Plaintiffs object to PTP's designating responses to Requests for Production of documents as this is not proper evidence for trial and not an item of discovery included in this Court's Second Case Management Order as something the parties could designate for trial.  See ECF No. 343, PageID.12550, noting parties could designate "answers to written interrogatories, and requests for admissions, or portions thereof, that are expected to be offered in evidence ..."

- Brys Responses to PTP Requests for Admission 8, 9, 13

- Brys Responses to PTP Interrogatories 1, 2, 3, 4

- Chateau Chantal Responses to PTP Requests for Admission 5, 6

- Chateau Chantal Responses to PTP Interrogatories 1, 2, 3, 4

- Chateau Chantal Responses to PTP Requests for Production 12, 13, 14, 15, 16, 17, 18, 19, 20

- o Plaintiffs object to PTP's designating responses to Requests for Production of documents as this is not proper evidence for trial and not an item of discovery included in this Court's Second Case Management Order as something the parties could designate for trial.  See ECF No. 343, PageID.12550, noting parties could designate "answers to written interrogatories, and requests for admissions, or portions thereof, that are expected to be offered in evidence ..."

- Chateau Grand Traverse Responses to PTP Requests for Admission 6, 8, 9, 10, 11, 12, 13, 14

- Chateau Grand Traverse Responses to PTP Interrogatories 1, 2, 3

- Chateau Grand Traverse Responses to PTP Requests for Production 13

  - o Plaintiffs object to PTP's designating responses to Requests for Production of documents as this is not proper evidence for trial and not an item of discovery included in this Court's Second Case Management Order as something the parties could designate for trial.  See ECF No. 343, PageID.12550, noting parties could designate "answers to written interrogatories, and requests for admissions, or portions thereof, that are expected to be offered in evidence ..."

- Responses to PTP Requests for Admission 3, 4

- Hawthorne Responses to PTP Interrogatories 1, 2, 3

- Hawthorne Responses to PTP Requests for Production 12, 13, 14, 15, 16, 17, 18, 19

  - o Plaintiffs object to PTP's designating responses to Requests for Production of documents as this is not proper evidence for trial and not an item of discovery included in this Court's Second Case Management Order as something the parties could designate for trial.  See ECF No. 343, PageID.12550, noting parties could designate "answers to written interrogatories, and requests for admissions, or portions thereof, that are expected to be offered in evidence ..."

- Mari Responses to PTP Requests for Production 12, 13, 14, 15, 16, 17, 18

  - o Plaintiffs object to PTP's designating responses to Requests for Production of documents as this is not proper evidence for trial and not an item of discovery included in this Court's Second Case Management Order as something the parties could designate for trial.  See ECF No. 343, PageID.12550, noting parties could designate "answers to written interrogatories, and requests for admissions, or portions thereof, that are expected to be offered in evidence ..."

- Mari Responses to PTP Interrogatories 1, 2, 3, 4

- Mari Responses to PTP Requests for Admission 4, 5

- Peninsula Cellars Responses to PTP Requests for Admission 2, 4

- Peninsula Cellars Responses to PTP Interrogatories 1, 2, 3

- Tabone Responses to PTP Request for Production 1

  o Plaintiffs object to PTP's designating responses to Requests for Production of documents as this is not proper evidence for trial and not an item of discovery included in this Court's Second Case Management Order as something the parties could designate for trial.  See ECF No. 343, PageID.12550, noting parties could designate "answers to written interrogatories, and requests for admissions, or portions thereof, that are expected to be offered in evidence ..."

- Tabone Responses to PTP Requests for Admission 2, 3

- Tabone Responses to PTP Interrogatories 1, 2, 3

- Two Lads Responses to PTP Requests for Admission 3

- Two Lads Responses to PTP Interrogatories 1, 2, 3, 4


**Plaintiffs' General Objection**: Plaintiff incorporate by reference any objections made to the individual discovery responses.


Defendant Peninsula Township and Defendant-Intervenor Protect the Peninsula's Deposition Designations:
- Excerpts from November 3, 2021 Deposition of Rob Manigold:

  o 9:22 – 10:7

  o 18:23 – 20:2

    ▪ Plaintiffs object to this designation because it does not include the question that prompted Manigold's response. Plaintiffs propose that the designation comprise 18:9-20:2

  o 21:17-25

  o 22:12 – 25:9

  o 26:20 – 27:20

  o 46:23 – 47:1

- Plaintiffs object to this designation because it does not include the question that prompted M. Manigold's response. Plaintiffs propose that the designation comprise 46:14-47:1.

o 47:18 – 48:2

o 48:12-22

o 49:23 – 52:2

o 52:8-21 – 55:1

o 55:7-21

o 56:4-9

o 59:11-25

- Plaintiffs object to these designations as subject to a pending motion in limine ECF No. 531 and 532.

o 60:5 – 61:17

o 73:22 – 75:22

o 76:7 – 77:9

o 77:20 – 78:11

o 78:23 – 79:7

o 79:25 – 80:15

o 113:20 – 114:7

- Plaintiffs object to these designations as subject to a pending motion in limine ECF No. 531 and 532.

o 115:13 – 116:8

o 121:22 – 125:22

o 126:23 – 127:4

- 127:1-4 - Plaintiffs object to this designation because it is irrelevant to the extent that Mr. Manigold asserts Plaintiffs' SUPs are contracts and because it subject to a pending motion in limine ECF No. 531 and 532.

o 127:12-19

o 128:8-10

o 129:7-23

- 143:20-25
    - Plaintiffs object to this designation as a non-responsive answer.
- 146:24 – 147:2
- 147:10-15
- 149:5 – 153:21
    - Plaintiffs object to the extent that Mr. Manigold is testifying to results of a traffic study that was not produced by the Township and that such a traffic study is hearsay.
- 169:21 – 170:1
    - Plaintiffs object to this designation because it does not include the question that prompted Mr. Manigold's response. Plaintiffs propose that the designation comprise 169:7-170:1.
- 171:25 – 172:20
- 173:2-21
- 175:1-7
- 176:21 – 177:7
    - Plaintiffs object to this designation as hearsay.
- 177:11-14
- 189:4-19
- 190:25 – 192:17
- 196:8 – 199:24

- Excerpts from Deposition of John Wunsch taken on November 3-4, 2021
    - 20:2 – 22:6
    - 22:19 – 23:24
    - 25:10 – 28:8
    - 29:3-25
    - 31:10 – 33:11
    - 37:11 – 39:5
    - 39:23 – 41:3

174

- o 43:8 – 46:13
- o 54:22 – 57:6
- o 57:23 – 58:14
- o 59:5-14
- o 60:11 – 61:20
- o 65:19 – 67:17

- Excerpts from Deposition of Gordon Hayward from November 5, 2021
  - o 7:17 – 9:1
  - o 14:22 – 15:13
    - Plaintiffs object to this designation as irrelevant and subject to a pending motion in limine. ECF 531 and 532
  - o 18:13 – 22:22
    - 18:13-20 - Plaintiffs object to this designation as irrelevant because Judge Kent ordered the Twp to identify its governmental interests in ECF No. 69, PageID.3138 and this designation exceeds the scope of the identified governmental interests. This is the subject of a motion in limine at ECF No. 560.
    - 21:21-24 - Plaintiffs object to this designation because it is not testimony and as a result is not evidence.
  - o 23:18 – 31:3
    - 27:18-22 - Plaintiffs object to this designation because it is not testimony and as a result is not evidence.
    - 28:19-20 - Plaintiffs object to this designation because it is not testimony and as a result is not evidence.
    - 29:22-30:2 – Plaintiffs object to this designation as hearsay.
  - o 32:19 – 37:10
    - 34:15-18 - Plaintiffs object to this designation because it is not testimony and as a result is not evidence.
    - 32:19-36:14 – Plaintiffs object to this designation as subject to a pending motion in limine. ECF 531 and 532. Further, Mr. Hayward is incompetent to testify because he lacks personal knowledge required by FRE 602.

- 36:4-8 - Plaintiffs object to this designation because it is not testimony and as a result is not evidence.

  o 38:18 – 39:12

  - 38:19-20 - Plaintiffs object to this designation because it is not testimony and as a result is not evidence.

  - 39:3-4 - Plaintiffs object to this designation because it is not testimony and as a result is not evidence.

  o 40:6 – 44:3

  o 59:24 – 62:17

  - Plaintiffs object that this testimony lacks foundation and as a result is an improper lay opinion. FRE 701.

  o 70:14 – 73:7

  - Plaintiffs object to this designation a as relevant and subject to a pending motion in limine. ECF 531 and 532.

  o 94:17 – 95:13

  - Plaintiffs object to this designation a as relevant and subject to a pending motion in limine. ECF 531 and 532.

  o 96:5 – 107:17

  - 98:11-24; 100:7-20 Plaintiffs object to these designations the extent that Mr. Hayward is testifying to results of a traffic study that was not produced by the Township and that such a traffic study is hearsay.

  - 103-14-107-17 - Plaintiffs object to this designation a as relevant and subject to a pending motion in limine. ECF 531 and 532.

- Excerpts from Deposition of Grant Parsons from November 4, 2021 and December 9, 2021

  o 15:17 – 17:18

  - 15:17-16:25; 17:14-18 - Plaintiffs object to these designations as irrelevant and subject to a pending motion in limine. ECF 531 and 532. Plaintiffs further object that this testimony lacks foundation and is an improper lay opinion. FRE 701.  Additionally, Plaintiffs object to these designations as irrelevant because Mr. Parsons is not a current or former Peninsula Township Official which is subject to a pending motion in limine . ECF No. 537 and 538.

  o 25:2 – 31:18

- ▪ 26:21-27:1 - Plaintiffs object to these designation to the extent that Mr. Parsons testifying to results of a study that was not produced by the Township and that such a traffic study is hearsay. Further, Mr. Parsons is incompetent to testify because he lacks personal knowledge required by FRE 602. Plaintiffs further object to these designations as irrelevant because Mr. Parsons is not a current or former Peninsula Township Official which is subject to a pending motion in limine. ECF No. 537 and 538.

- ▪ 26:21-27:1 - Plaintiffs object to these designation to the extent that Mr. Parsons testifying to results of a study that was not produced by the Township and that such a traffic study is hearsay. Further, Mr. Parsons is incompetent to testify because he lacks personal knowledge required by FRE 602. Plaintiffs further object to these designations as irrelevant because Mr. Parsons is not a current or former Peninsula Township Official which is subject to a pending motion in limine. ECF No. 537 and 538.

- ▪ 25:2-31:18 - Plaintiffs object that this designation lacks foundation and is an improper lay opinion. FRE 701.  Plaintiffs further object to these designations as irrelevant because Mr. Parsons is not a current or former Peninsula Township Official which is subject to a pending motion in limine. ECF No. 537 and 538.

- o 48:15 – 56:25

  - ▪ 48:15-51:10 - Plaintiffs object that this designation lacks foundation and is an improper lay opinion. FRE 701.  Plaintiffs further object to these designations as irrelevant because Mr. Parsons is not a current or former Peninsula Township Official which is subject to a pending motion in limine. ECF No. 537 and 538.

  - ▪ 51:11-53:20 - Plaintiffs object to these designation to the extent that Mr. Parsons testifying to results of a study that was not produced by the Township and that such a traffic study is hearsay. Further, Mr. Parsons is incompetent to testify because he lacks personal knowledge required by FRE 602. Plaintiffs further object to these designations as irrelevant because Mr. Parsons is not a current or former Peninsula Township Official which is subject to a pending motion in limine. ECF No. 537 and 538.

  - ▪ 53:21-56:10; 56:21-25 - Plaintiffs object to these designations as irrelevant and subject to a pending motion in limine. ECF 531 and 532. Plaintiffs further object that this testimony lacks foundation and is an improper lay opinion. FRE 701.  Additionally, Plaintiffs object to these designations as irrelevant because Mr. Parsons is not a current or former Peninsula Township Official which is subject to a pending motion in limine . ECF No. 537 and 538.

177

- 56:12-25 - Plaintiffs object to these designations non-responsive answers.

o   111:18 – 120:25

- 111:18-114:1 - Plaintiffs object that this designation lacks foundation and is an improper lay opinion. FRE 701.  Plaintiffs further object to these designations as irrelevant because Mr. Parsons is not a current or former Peninsula Township Official which is subject to a pending motion in limine. ECF No. 537 and 538

- 114:2-120:25 - Plaintiffs object to these designations as irrelevant and subject to a pending motion in limine. ECF 531 and 532. Plaintiffs further object that this testimony lacks foundation and is an improper lay opinion. FRE 701.  Additionally, Plaintiffs object to these designations as irrelevant because Mr. Parsons is not a current or former Peninsula Township Official which is subject to a pending motion in limine . ECF No. 537 and 538.

- 114:2-117:5; 118:15-120:21 - Plaintiffs object to these designations non-responsive answers.

o   129:1 – 130:16

- 129:11-130:16 - Plaintiffs object to these designations non-responsive answers.

- 129:1-130:11 - Plaintiffs object that this designation lacks foundation and is an improper lay opinion. FRE 701.  Plaintiffs further object to these designations as irrelevant because Mr. Parsons is not a current or former Peninsula Township Official which is subject to a pending motion in limine. ECF No. 537 and 538.

o   161:8-25

- 161:8-19 - Plaintiffs object that this designation lacks foundation and is an improper lay opinion. FRE 701.  Plaintiffs further object to these designations as irrelevant because Mr. Parsons is not a current or former Peninsula Township Official which is subject to a pending motion in limine. ECF No. 537 and 538.

- 161:10-19 - Plaintiffs object to these designations non-responsive answers.

o   184:10 – 187:23

- 184:10-185:21 - Plaintiffs object that this designation lacks foundation and is an improper lay opinion. FRE 701.  Plaintiffs further object to these designations as irrelevant because Mr. Parsons is not a current or former Peninsula Township Official which is subject to a pending motion in limine. ECF No. 537 and 538.

- 185:22-16 - Plaintiffs object to these designations as irrelevant and subject to a pending motion in limine. ECF 531 and 532. Plaintiffs further object that this testimony lacks foundation and is an improper lay opinion. FRE 701.  Additionally, Plaintiffs object to these designations as irrelevant because Mr. Parsons is not a current or former Peninsula Township Official which is subject to a pending motion in limine . ECF No. 537 and 538.

- 186:17-187:23 - Plaintiffs object to these designations non-responsive answers.

- 202:2 – 204:21

  - 202:21-25, 203:8-204:21 - Plaintiffs object that this designation lacks foundation and is an improper lay opinion. FRE 701.  Plaintiffs further object to these designations as irrelevant because Mr. Parsons is not a current or former Peninsula Township Official which is subject to a pending motion in limine. ECF No. 537 and 538.

- 228:12 – 231:8

  - 228:12-229:1 - Plaintiffs object to these designation to the extent that Mr. Parsons testifying to results of a study that was not produced by the Township and that such a traffic study is hearsay. Further, Mr. Parsons is incompetent to testify because he lacks personal knowledge required by FRE 602. Plaintiffs further object to these designations as irrelevant because Mr. Parsons is not a current or former Peninsula Township Official which is subject to a pending motion in limine. ECF No. 537 and 538.

  - 230:9-15 - Plaintiffs object to these designations non-responsive answers.

  - 231:2-8 - Plaintiffs object that this designation lacks foundation and is an improper lay opinion. FRE 701.  Plaintiffs further object to these designations as irrelevant because Mr. Parsons is not a current or former Peninsula Township Official which is subject to a pending motion in limine. ECF No. 537 and 538.

- Excerpts from Deposition of Christina Deeren from November 5, 2021

  - 9:1-8

  - 41:4-13

  - 51:7-20

  - 54:17 – 59:17

  - 60:13 – 65:25

179

- o 71:5-22

- o 87:1-13

Defendant Peninsula Township reserves the right to supplement or modify this submission pending further decision from the Court regarding outstanding dispositive motions in order to limit issues at trial and preserve judicial resources.

<u>Intervening Defendant:</u>

None.

6.     **<u>Length of Trial</u>**:   Counsel estimate the trial will last approximately 13-15 full days, allocated as follows:   **eight days for Plaintiffs' case, including rebuttal; 2-3 days for Defendant's case; and 1-2 days for Intervening Defendant's case**.

7.     **<u>Prospects of Settlement</u>**:   The parties have engaged in extensive private mediation, multiple mediation sessions with Magistrate Judge Kent, and recently attended Settlement Conferences on March 13, 2024 and March 27, 2024 without reaching a resolution.  The prospects of settlement are low at this time.

42009928.1/159392.00002

By:   /s/ Joseph M. Infante
    Joseph M. Infante (P68719)
    Stephen M. Ragatzki (P81952)
    Christopher J. Gartman (P83286)
    MILLER, CANFILED, PADDOCK
    and STONE, PLC
    *Attorneys for Plaintiffs*
    99 Monroe Avenue NW, Suite 1200
    Grand Rapids, MI 49503
    (616) 776-6333
    infante@millercanfield.com
    gartman@millercanfield.com
    ragatzki@millercanfield.com

    Barry Kaltenbach
    MILLER CANFIELD
    *Attorneys for Plaintiffs*
    227 Monroe Street, Suite 3600
    Chicago, IL 60606
    (312) 460-4200
    kalthenbach@millercanfied.com

By:   /s/ Holly L. Hillyer (w/permission)
    Tracy Jane Andrews (P67467)
    *Law Office of Tracy Jane Andrews, PLLC*
    Attorneys for Intervenor-Defendant
    420 East Front Street
    Traverse City, MI 49686
    (231) 946-0044
    tjandrews@envlaw.com

    Holly L. Hillyer (P85318)
    *Troposphere Legal, PLC*
    Co-Counsel for Intervenor-Defendant
    420 East Front Street
    Traverse City, MI 49686
    (231) 709-4709
    holly@tropospherelegal.com

By:  /s/ Bogomir Rajsic (w/permission)
    Thomas J. McGraw (P48817)
    MCGRAW MORRIS P.C.
    *Attorneys for Defendant*
    2075 W. Big Beaver Road, Suite 750
    Troy, MI 48084
    (248) 502-4000
    tmcgraw@mcgrawmorris.com

    Bogomir Rajsic, III (P79191)
    MCGRAW MORRIS P.C.
    *Attorneys for Defendant*
    300 Ottawa Avenue NW, Suite 820
    Grand Rapids, MI 49503
    (616) 288-3700
    brajsic@mcgrawmorris.com

Dated:  April 9, 2024

## ORDER

**IT IS SO ORDERED**.

Date:  April 12, 2024

                         /s/  Paul L. Maloney
                        United States District Judge