UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WINERIES OF THE OLD MISSION PENINSULA ASSOCIATION, *et al.*,<br>　　　　Plaintiffs,<br><br>-v-<br><br>PENINSULA TOWNSHIP,<br>　　　　Defendant,<br><br>and<br><br>PROTECT THE PENINSULA, INC.,<br>　　　　Intervenor-Defendant. | No. 1:20-cv-1008<br><br>Honorable Paul L. Maloney |

## ORDER RESOLVING SIX MOTIONS IN LIMINE

This matter is set for trial at the end of April. The Wineries filed six motions in limine. (ECF Nos. 531, 533, 535, 537, 539, and 545). Protect the Peninsula and Peninsula Township filed responses. (ECF Nos. 548, 549, 550, 551, 552, 554, 555, 556, 557, 569, and 570). The Court will grant some and deny others.[1]

### I. Legal Standard

"A motion in limine is 'any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered.'" *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013) (quoting *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984)). The decision to grant or deny a motion in limine is within a trial court's

---

[1] Two other motions in limine are not yet ripe and await responses. (ECF Nos. 560, and 563).

1

discretion. *See United States v. Humphries*, 608 F.3d 955, 957 (6th Cir. 2010) (reviewing a district court's grant of a motion in limine for an abuse of discretion). Motions in limine are used to "narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Louzon*, 718 F.3d at 561 (citation omitted); *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). Motions in limine allow the trial judge to eliminate from consideration evidence that should not be introduced at trial because it would not be admissible for any purpose. *Jonasson*, 115 F.3d at 440. When a motion in limine does not raise questions about admissibility of evidence or that evidence would not be prejudicial, the motion will be denied. *See Goldman v. Healthcare Mgt. Sys., Inc.*, 559 F. Supp. 2d 853, 873 (W.D. Mich. 2008).

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Rule 403 permits a court to exclude otherwise relevant evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## II. Discussion

A.  ECF No. 531

The Wineries want the Court to exclude four discrete sets of facts: (1) "evidence and testimony regarding the enactment, passage, or history of the Peninsula Township Zoning Ordinance"; (2) "evidence of prior land use litigation regarding this Wineries"; (3) "testimony

2

about the Peninsula Township Purchase of Development Rights"; and (4) "evidence about ordinances from other jurisdictions." (ECF No. 532 at PID 21280).

   1. PTZO History

The Wineries move to exclude any evidence of the enactment, passage, or history of the Winery Ordinances from trial including "testimony from witnesses about the topic, meeting minutes and notes from the Township Board or Planning Commission meetings, and 'clippings of media coverage of winery- and agricultural preservation related ordinances and programs.'" (ECF No. 532 at PID 21285). The Wineries contend these facts are not relevant to the remaining claims. In response, PTP asserts that the motion is too broad and premature. The Court agrees with PTP for now. The relevancy inquiry is extremely lenient, and the Court is hesitant to exclude evidence in a sweeping manner. *See* Fed. R. Evid. 401; *Figgins v. Advance Am. Cash Advance Centers of Michigan, Inc.*, 482 F. Supp. 2d 861, 865 (E.D. Mich. 2007) ("[O]ne practical difficulty in ruling on such motions is the absence of context that comes when the challenged evidence is presented with the other proofs at trial."). The Court welcomes Plaintiffs' relevancy objections at trial when in context.

   2. Prior Land Use Litigation

The Wineries want to bar PTP from testifying about the "historic land use litigation regarding wineries." (ECF No. 532 at PID 21287). The Court recently granted summary judgment to the Wineries regarding affirmative defenses GGG and HHH, which related to prior Winery litigation. Plaintiffs assert that the summary judgment opinion would preclude the admissibility of the prior litigation altogether. In response, PTP maintains that it could

3

be relevant for impeachment purposes. While the Court is skeptical about its relevance, a ruling on this issue would be premature without the necessary context.

### 3. PDR Ordinance and Other Ordinances

The Wineries moved to exclude evidence of the Township's Purchase of Development Rights ("PDR") as well as evidence of other municipal ordinances because it would waste time. The Wineries assert that they are not challenging the PDR, and it is not relevant. But whether the PDR is challenged has little bearing on its potential relevance at trial given the broad scope of this matter; the PDR is at least local to the Township. The Wineries may object to the admission of PDR related evidence at trial. As for the other municipal ordinances, it is not clear how they could become relevant to this matter in any way. Evidence related to municipal ordinances other than those from Peninsula Township will be excluded as irrelevant under FRE 401 and as a waste of time under FRE 403.

## B. ECF No. 533

The Wineries wish to bar PTP from calling witnesses concerning the public opinion surveys taken from Township residents from 1987, the early 1990s, and 2019. The Wineries argue that (1) such evidence is not relevant to whether the PTZO is unconstitutional or preempted by Michigan law; (2) "neither PTP nor the Township has disclosed any expert witnesses who can competently testify to satisfy the criteria set forth by the Sixth Circuit for those limited instances where consumer surveys are admissible"; (3) the surveys are hearsay; and (4) presenting the evidence is beyond the scope of PTP's intervention in this matter. (ECF No. 534 at PID 21326). In response, PTP argues the motion is premature, improper,

4

and overbroad. (ECF No. 555). The Township argues the issue is moot because the Wineries intend to admit the Township's master plan, which includes a 2006 public opinion survey. Neither Defendants address the expert witness or hearsay issues.

Surveys are subject to Federal Rule of Evidence 702 and require an expert to introduce them as evidence. *A.L.S. Enterprises, Inc. v. Robinson Outdoor Prod., LLC*, No. 1:14-CV-500, 2016 WL 4260066, at *1 (W.D. Mich. May 13, 2016). To be admissible, a survey must satisfy a series of requirements:

> (1) the "universe" was properly defined, (2) a representative sample of that universe was selected, (3) the questions to be asked of interviewees were framed in a clear, precise and non-leading manner, (4) sound interview procedures were followed by competent interviewers who had no knowledge of the litigation or the purpose for which the survey was conducted, (5) the data gathered was accurately reported, (6) the data was analyzed in accordance with accepted statistical principles, and (7) objectivity of the process was assured.

*Id.* (citing *Leelanau Wine Cellars, Ltd. v. Black & Red, Inc.*, 452 F. Supp. 2d 772, 777-78 (W.D. Mich. 2006), *aff'd*, 502 F.3d 504 (6th Cir. 2007). Neither PTP nor the Township noticed an expert who can offer any testimony regarding these factors. The Court will grant Plaintiffs' motion.

C.  ECF No. 535

The Wineries seek an order under Federal Rules of Evidence 401, 402, and 611 that prohibits PTP from introducing any evidence or testimony at trial regarding the Wineries' damages and from examining any witnesses regarding the Wineries' damages. Consistent with this Court's prior rulings indicating that PTP has no interest in the Wineries' damages,

the Court will grant the motion. Of course, PTP may examine Winery witnesses where liability is at issue, and nothing in this ruling applies to the Township.

D. ECF No. 537

The Wineries request that the Court exclude evidence from all PTP members regarding the harm they believe they will experience if this Court enjoins enforcement of the PTZO. Similarly, the Wineries request that the Court exclude testimony and evidence from PTP members about the harms that "residents, visitors, and/or farmers of Peninsula Township" may endure if the Wineries prevail. The Wineries assert that their proposed testimony is not relevant, and it is speculative. Like the previous motions, relevancy questions are best left for trial. The Court will deny the motion and welcome objections.

E. ECF No. 539

The Wineries want the Court to exercise its inherent authority to manage the trial order that Peninsula Township and PTP coordinate witness examinations. In particular, the Wineries request that the Court 1) prohibit each co-Defendant from calling the same witness; 2) preclude one co-Defendant from cross examining a witness called by the other co-Defendant; and 3) require the co-Defendants to designate one attorney to cross examine each of the Wineries' witnesses.

It's no secret that the Township and PTP share interests in this action. The two have a joint defense agreement and have generally supported each other since PTP intervened. However, the interests of PTP and the Township differ at certain points, and prematurely limiting either party from questioning a witness prior to hearing the testimony could easily become problematic. When practical, PTP and the Township should coordinate; the Court

6

has no interest in duplicative testimony. The Court will deny the motion, but it will also address objections at trial and urge PTP and the Township not to waste time.

F.  ECF No. 545

Plaintiffs want the Court to preclude both Peninsula Township and PTP from calling any witnesses, offering any exhibits, and offering any deposition testimony as evidence during trial. The Wineries insist that both Defendants violated Federal Rule of Civil Procedure 26(a)(3) when Defendants did not disclose their trial witnesses, trial exhibits, and trial deposition designations 30 days before trial. In response, Defendants argue that the case management order set an alternative deadline.

"*Unless the court orders otherwise,* [witness, deposition testimony, and exhibit] disclosures must be made at least 30 days before trial." Fed. R. Civ. P. 26(a)(3) (emphasis added). A violation of Rule 26 gives rise to the application of Rule 37(c)(1), which provides that "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Rule 37(c)(1) does not compel courts to exclude evidence in its entirety. *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 784 (6th Cir. 2003). To assess whether a party's late disclosure is substantially justified or harmless, courts weigh several factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of

7

the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence. *Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015).

PTP and the Township were reasonable to believe that the case management order displaced the 30 day disclosure deadline set forth by Rule 26(a)(3). The case management order required the parties to jointly file a proposed pretrial order. "A proposed pretrial order, entitled "Final Pretrial Order" shall be prepared jointly by counsel and filed seven (7) business days prior to the final pretrial conference." (ECF No. 343 at PID 12549). The final pretrial order, per the case management order, was to include exhibits, controverted facts, unresolved issues, and witness lists. (ECF No. 343 at PID 12549-50). The final pretrial order would necessarily include the same type of disclosure information contemplated in Rule 26(a)(3). Therefore, the Court did "order otherwise" as contemplated by Rule 26(a)(3). Finding no violation of Rule 26(a)(3), the Court will deny Plaintiffs' motion.[2]

### III. Conclusion

Many of these issues relate to relevancy. Due to the scope of this matter and the number of Plaintiffs and claims, many of these issues are record dependent and are best left for objections at trial. Denials here regarding relevancy are without prejudice and should not discourage the parties from objecting at trial.

**IT IS HEREBY ORDERED** that Plaintiffs' motion in limine (ECF No. 531) is **GRANTED** in part and **DENIED** in part.

---

[2] The Court notes that cross motions for summary judgment were still pending at the time, which made filing pretrial disclosures difficult for the parties.

**IT IS FURTHER ORDERED** that Plaintiffs' motion in limine (ECF No. 533) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' motion in limine (ECF No. 535) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' motion in limine (ECF No. 537) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' motion in limine (ECF No. 539) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' motion in limine (ECF No. 545) is **DENIED**.

**IT IS SO ORDERED.**

Date: April 12, 2024                                /s/ Paul L. Maloney
                                                    Paul L. Maloney
                                                    United States District Judge