UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WINERIES OF THE OLD MISSION PENINSULA ASSOCIATION, *et al.*, <br>             Plaintiffs, <br><br> -v- <br><br> PENINSULA TOWNSHIP, <br>             Defendant, <br><br> and <br><br> PROTECT THE PENINSULA, INC., <br>             Intervenor-Defendant. | No. 1:20-cv-1008 <br><br> Honorable Paul L. Maloney |

## ORDER RESOLVING TWO MOTIONS IN LIMINE

Before the court are two motions in limine. Plaintiffs brought a motion seeking to exclude evidence of additional government interests. (ECF No. 560). Peninsula Township and Protect the Peninsula ("PTP") filed responses. (ECF Nos. 577, 578). The court will grant in part this motion. Peninsula Township moved to exclude Plaintiffs' damages expert. (ECF No. 563). Plaintiffs filed a response. (ECF No. 582). The court will deny this motion.

### I. Legal Standard

"A motion in limine is 'any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered.'" *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013) (quoting *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984)). The decision to grant or deny a motion in limine is within a trial court's discretion. *See United States v. Humphries*, 608 F.3d 955, 957 (6th Cir. 2010) (reviewing a

1

district court's grant of a motion in limine for an abuse of discretion). Motions in limine are used to "narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Louzon*, 718 F.3d at 561 (citation omitted); *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). Motions in limine allow the trial judge to eliminate from consideration evidence that should not be introduced at trial because it would not be admissible for any purpose. *Jonasson*, 115 F.3d at 440. When a motion in limine does not raise questions about admissibility of evidence or that evidence would not be prejudicial, the motion will be denied. *See Goldman v. Healthcare Mgt. Sys., Inc.*, 559 F. Supp. 2d 853, 873 (W.D. Mich. 2008).

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Rule 403 permits a court to exclude otherwise relevant evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## II. Discussion

A.  ECF No. 560

The Wineries moved to prohibit the Township or PTP from offering any witnesses, exhibits or deposition designations at trial to expand the governmental interests beyond those identified in Peninsula Township's responses to interrogatories 6, 7, and 8. The Wineries argue that the Township should have supplemented its responses if it wanted to expand the

number of governmental interests allegedly served by the PTZO. The Wineries assert that the parties have gone through two rounds of dispositive motions while relying on these interrogatories, and it would be unfair to expand them at trial. In response, PTP argues that the responses to interrogatories 6, 7, and 8 are broad and that its own response regarding government interests would clear the air. The Township relies on the broad language of the interrogatory responses to argue there is no prejudice to the Wineries. Interrogatories 6, 7, and 8 are identical.

> Interrogatory #6: Regarding Ordinance Section 6.7.2(19), identify the following:
>
> 1) All harms the Township was seeking to remedy in enacting the ordinance (specifically by sub-paragraph);
>
> 2) All government interests in enacting the ordinance (specifically by subparagraph);
>
> 3) All ways in which the ordinance section (specifically by subparagraph) fulfills the government interest(s);
>
> 4) All less restrictive means (specifically by sub-paragraph) the Township considered in fulfilling the governmental interest(s);
>
> 5) Identify all documents relating hereto.

(ECF No. 568 at PID 22168). The Township responded with an objection, but then listed five sections of responses:

> 1) The Township sought to prevent deterioration of the agricultural district and character of the Township's lands and to the agricultural production industry and farming as well as promote the government interests outlined below.
>
> 2) The government interests in enacting this Ordinance were, including but not limited to: preserving the agricultural production industry and providing permanent land for the same; maintaining the Township's character; providing economically feasible public sewer and water systems to serve a future population; establishing a complete buildout population scenario and

3

permitting the vertical integration of agricultural production without changing the agriculturally zoned lands of the Township to commercial property inconsistent with the use of those respective districts.

3) The intent of the Ordinance at issue speaks for itself and the Township relies upon the language of the Ordinances, the amendments and the documents previously produced by it and/or that are publicly available in support of how the Ordinance accomplishes the government interests noted above.

4) The documents previously produced by the Township demonstrate the extensive efforts of the Township's Planning Commission and Township Board to seek input, advice and opinions from relevant agencies and organizations and legal opinions regarding the sustainability and enforceability of the amendments to the Ordinance at issue.

5) All documents relating hereto have been previously produced to Plaintiffs and are identified as responsive to Request to Produce #1, Request to Produce #3, Request to Produce #19, Request to Produce #20 and/or Request to Produce #21. Additionally the Ordinances and their amendments are publicly available to Plaintiffs if not already in their possession and clearly state the value added and purposes behind the enactment of the Ordinance at issue.

(ECF No. 568 at PID 22168-69).

A party who has made a disclosure under Rule 26(a) "or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(a). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c).

The court will give meaning to Rule 26 and bar the Township from presenting evidence relating to governmental interests not reasonably referenced in interrogatory

4

responses 6, 7, and 8. But the governmental interests mentioned are not limited to just the preservation of agriculture as Plaintiffs' motion seems to suggest.

The responses list several governmental interests: (1) "preserving the agricultural production industry and providing permanent land for the same"; (2) "maintaining the Township's character"; (3) "providing economically feasible public sewer and water systems to serve a future population"; (4) "establishing a complete buildout population scenario"; (5) and permitting the vertical integration of agricultural production without changing the agriculturally zoned lands of the Township to commercial property inconsistent with the use of those respective districts." (ECF No. 568 at PID 22168-69). The responses also explicitly mention the language of the PTZO. The Township can provide evidence at trial related to these explicitly mentioned interests. PTP is not tethered to the Township's responses because it filed its own responses. (*See generally* ECF No. 577-2).[1]

The closer issue is what to make of the interrogatory response's vague and broad language. The responses make references to the "documents previously produced," the "extensive efforts" of the Township Board, and prior discovery responses. The Wineries do not explain what evidence they seek to bar, which makes it difficult for the court to set parameters. At trial, the Township will be barred from presenting evidence related to governmental interests that were not (1) explicitly mentioned in the interrogatory responses or (2) intimately linked to the explicit responses. In other words, the Township cannot point to thousands of pages of discovery and insist upon newfound government interests. The

---

[1] There is a degree of futility here because PTP will not be limited to the Township's responses. And given the Defendants' close relationship and joint defense agreement, this motion may be a dead letter.

Wineries are entitled to notice and should not be ambushed at trial. Plaintiffs' motion is granted in part.

B.  ECF No. 563

The Township moved to bar the Wineries' damages expert from testifying at trial because several theories of recovery have been rejected by the court. But as the Township acknowledges, some money damages issues remain, and Plaintiffs' damages expert's testimony remains relevant at trial. The court will deny the motion.

**IT IS HEREBY ORDERED** that Plaintiffs' motion in limine (ECF No. 560) is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that Defendant's motion in limine (ECF No. 563) is **DENIED**.

**IT IS SO ORDERED.**

Date:  April 24, 2024                             /s/ Paul L. Maloney
                                                          Paul L. Maloney
                                                          United States District Judge