UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

WINERIES OF THE OLD MISSION
PENINSULA ASSOCIATION, *et al.*,

        Plaintiffs,

v.

PENINSULA TOWNSHIP, Michigan Municipal
Corporation,

        Defendant,

and

PROTECT THE PENINSULA,

        Intervenor-Defendant.

Case No: 1:20-cv-01008

Honorable Paul L. Maloney
Magistrate Judge Ray S. Kent

## STIPULATED ADMISSION AND SUBMISSION OF DISCOVERY RESPONSES AND DEPOSITION DESIGNATIONS

During the bench trial on May 13, 2024, the parties jointly agreed on the record to submit certain deposition designations and discovery responses by joint stipulation. (ECF No. 609, PageID.25204-205, 209). The Court ruled that all documents submitted pursuant to the joint stipulation would be deemed submitted before Plaintiffs rested for purposes of the record. (*Id.* at PageID.25205.) The parties now submit this stipulation pursuant to the agreement placed on the record on May 13, 2024.

During the bench trial on May 10, 2024, Plaintiffs moved to admit discovery responses, marked as Plaintiffs' Exhibits 5, 6, 7, 8, 9, 221, and 222. (*See* ECF No. 608, PageID.25005; ECF 598, PageID.22920.) Counsel for Peninsula Township requested additional time to review the discovery responses, so this Court deferred the determination of admission of Exhibits 5, 6, 7, 8, 9, 221, and 222 until a later date. (*See id.*) Peninsula Township and Protect the Peninsula (PTP),

1

through their undersigned counsel, asserted no objection[1] to the admission of Exhibits 5, 6, 7, 8, 9, 221, and 222 and so this Court should accordingly accept their admission at this time.

Also during the bench trial on May 10, 2024, Plaintiffs moved to admit the deposition designations of Rob Manigold, Christina Deeren, David Sanger, and Gregory Meihn. (*See* ECF No. 608, PageID.25006; ECF No. 598, PageID.22920; ECF 573, PageID.22411-415.) Counsel for Peninsula Township requested additional time to review the deposition designations, so this Court deferred the determination of admission of that deposition testimony until a later date. (*See id.*) Peninsula Township and PTP maintain their objections to this deposition testimony as contained in the Final Pretrial Order and as effectively amended as discussed below and in Footnote 2 below:

> Defendant Peninsula Township and Intervening Defendant PTP object to Plaintiffs' designations as irrelevant under Fed. R. Evid. 401 and 402 to the extent the included designations involve testimony related to claims previously dismissed or otherwise resolved by the Court on summary judgment. (See ECF Nos. 525 and 559).
>
> Intervening Defendant PTP objects to the admission of Plaintiffs' designated deposition testimony from Robert Manigold, Christina Deeren, [] Dave Sanger [, and Greg Meihn][2] on the basis that PTP was not a party at the time the depositions were taken and lacked a meaningful opportunity to preserve objections, which would have included lack of foundation, compound questions, confusing questions, questions calling for legal conclusions, questions involving improper hypotheticals, questions that assumed facts not in evidence, and more.

(*See* ECF No. 573, PageID.22415.)

---

[1] PTP objected to Plaintiffs' designation of the discovery responses as exhibits, contrary to the Second Amended CMO. (ECF 373, PageID.22250, 22284).

[2] Protect the Peninsula did not include Greg Meihn in its objection at ECF No. 573, PageID.22415. Counsel for PTP informed counsel for Plaintiffs of the oversight, and counsel for Plaintiffs have agreed that the objection may be amended through stipulation to include Greg Meihn. Counsel for Plaintiffs, however, believe that this Court already resolved the objection because Mr. Meihn was acting as Peninsula Township's agent. Notwithstanding the belief of Plaintiffs' counsel, PTP maintains its objection to the admission of Mr. Meihn's deposition, which is not founded on the status of the deponent but on the undisputed fact that PTP was not a party at the time of the deposition.

Thereafter, on May 13, 2024, during the bench trial, counsel for all parties discussed the submission of all parties' deposition designations, as identified in the Final Pretrial Order. (ECF No. 609, PageID.25204-205, 209; ECF 573, PageID.22420-22428.) Plaintiffs designated portions of the depositions of Rob Manigold, Christina Deeren, David Sanger, and Gregory Meihn. Defendants designated portions of depositions of Rob Manigold, John Wunsch, Gordon Hayward, Grant Parsons, and Christina Deeren. At Plaintiffs' request to provide context, the following lines of deposition testimony were added to Joint Defendants' designations from the deposition of Robert Manigold: page 18, lines 9-22; page 46, lines 14-22; page 76, line 6; and page 169, lines 7-20. Plaintiffs maintain their objections to the designated depositions as asserted in the Final Pretrial Order. (*See id.*) Following discussion on the record, and subject to objections in the Final Pretrial Order, the Court deemed these designations as submitted before Plaintiffs rested for purposes of the record. (ECF No. 609, PageID.25204-205)

Plaintiffs did not object in the Final Pretrial Order to Defendants' designations from John Wunsch's deposition. (ECF 573, PageID.22422-22423) Plaintiffs' counsel informed counsel for PTP of the oversight, and PTP's counsel have agreed that the Joint Final Pretrial Order may be effectively amended through this stipulation to assert Plaintiffs' objections to designated excerpts from the deposition of John Wunsch taken on November 3-4, 2021, as follows:

- Plaintiffs object that all of Mr. Wunsch's deposition testimony is subject to a pending motion in limine ECF Nos. 53 and, 538. Further, Mr. Wunsch is incompetent to testify because he lacks personal knowledge required by FRE 602.

- 20:1 - 21:3; 22:1-6; 21:4-25; 22:19-23:24; 25:10-28:8; 29:3-25; 31:10-33-11; 37:11-39:5; 54:22-57:6; and 57:23-58:14

3

- o   Plaintiffs object that this testimony lacks foundation and as a result is an improper lay opinion. FRE 701. and irrelevant because he is not a current or former Peninsula Township Official, See ECF No. 537 and 538. Further, Mr. Wunsch is incompetent to testify because he lacks personal knowledge required by FRE 602.

- 43:8-46:13; 59:5-59:14; 60:11-61:20; and 65:19-67:12

    - o   Plaintiffs object that this testimony lacks foundation and as a result is an improper lay opinion. FRE 701. Further, plaintiffs object to this testimony as irrelevant because Mr. Wunsch is not a current or former Peninsula Township Official, See ECF No. 537 and 538. Further, Mr. Wunsch is incompetent to testify because he lacks personal knowledge required by FRE 602. Additionally, this testimony is improper speculative lay witness testimony. FRE 701.

- 66:22-67:2 –

    - o   Plaintiffs object to this testimony as hearsay.

Also during the bench trial, counsel for all parties discussed the submission of Defendants Peninsula Township's and PTP's discovery document designations, as identified in the Final Pretrial Order. (ECF No. 609, PageID.25204-205, 209; ECF 573, PageID.22415-22420) Plaintiffs maintain their objections to the designated discovery documents as asserted in the Final Pretrial Order. (*See id.*) Following discussion on the record, and subject to objections in the Final Pretrial Order, the Court deemed these designations as submitted before the plaintiff has rested for purposes of the record. (ECF No. 609, PageID.25204-205)

4

Therefore, **IT IS ORDERED** that Plaintiffs' Exhibits 5, 6, 7, 8, 9, 221, and 222 are admitted as evidence at trial.

**IT IS FURTHER ORDERED** that Plaintiffs' highlighted deposition designations of Rob Manigold, Christina Deeren, David Sanger, and Greg Meihn will be submitted to the Court in accordance with the Court's trial ruling as evidence at trial, subject to the objections in the Final Pretrial Order and as effectively amended above.

**IT IS FURTHER ORDERED** that Defendants' highlighted deposition designations of Rob Manigold, John Wunsch, Gordon Hayward, Grant Parsons, and Christina Deeren will be submitted to the Court in accordance with the Court's trial ruling as evidence at trial, subject to the objections in the Final Pretrial Order and as supplemented at Plaintiffs' request as discussed above.

**IT IS FURTHER ORDERED** that Defendants' highlighted discovery documents will be submitted to the Court in accordance with the Court's ruling at trial as evidence at trial, subject to the objections in the Final Pretrial Order.

This is not a final order and does not close this case.

**IT IS SO ORDERED.**

/s/ _____
Hon. Paul L. Maloney
United States District Court Judge

Dated:

Stipulated as to form and content:

5

| | |
|---|---|
| By: */s/ Joseph M. Infante*<br>    Joseph M. Infante (P68719)<br>    Stephen M. Ragatzki (P81952)<br>    MILLER, CANFILED, PADDOCK and STONE, PLC<br>    *Attorneys for Plaintiffs*<br>    99 Monroe Avenue NW, Suite 1200<br>    Grand Rapids, MI 49503<br>    (616) 776-6333<br>    infante@millercanfield.com<br>    ragatzki@millercanfield.com<br><br>    Barry Kaltenbach<br>    MILLER CANFIELD<br>    *Attorneys for Plaintiffs*<br>    227 Monroe Street, Suite 3600<br>    Chicago, IL 60606<br>    (312) 460-4200<br>    kalthenbach@millercanfield.com | By: */s/ Thomas J. McGraw (w/permission )*<br>    Thomas J. McGraw (P48817)<br>    MCGRAW MORRIS P.C.<br>    *Attorneys for Defendant*<br>    2075 W. Big Beaver Road, Suite 750<br>    Troy, MI 48084<br>    (248) 502-4000<br>    tmcgraw@mcgrawmorris.com<br><br>    Bogomir Rajsic, III (P79191)<br>    MCGRAW MORRIS P.C.<br>    *Attorneys for Defendant*<br>    300 Ottawa Avenue NW, Suite 820<br>    Grand Rapids, MI 49503<br>    (616) 288-3700<br>    brajsic@mcgrawmorris.com |
| By: */s/ Tracy Jane Andrews (w/permission)*<br>    Tracy Jane Andrews (P67467)<br>    *Law Office of Tracy Jane Andrews, PLLC*<br>    Attorneys for Intervenor-Defendant<br>    420 East Front Street<br>    Traverse City, MI 49686<br>    (231) 946-0044<br>    tjandrews@envlaw.com<br><br>    Holly L. Hillyer (P85318)<br>    *Troposphere Legal, PLC*<br>    Co-Counsel for Intervenor-Defendant<br>    420 East Front Street<br>    Traverse City, MI 49686<br>    (231) 709-4709<br>    holly@tropospherelegal.com | |

Dated: August 26, 2024

42172232.9/159392.00002