**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

WINERIES OF THE OLD MISSION PENINSULA ASSOC. (WOMP), a Michigan nonprofit corporation; BOWERS HARBOR VINEYARD & WINERY, INC, a Michigan corporation; BRYS WINERY, LC, a Michigan corporation; CHATEAU GRAND TRAVERSE, LTD, a Michigan corporation; CHATEAU OPERATIONS, LTD, a Michigan corporation; GRAPE HARBOR, INC, a Michigan corporation; MONTAGUE DEVELOPMENT, LLC, a Michigan limited liability company; OV THE FARM, LLC, a Michigan limited liability company; TABONE VINEYARDS, LLC, a Michigan limited liability company; TWO LADS, LLC, a Michigan limited liability company; VILLA MARI, LLC, a Michigan limited liability company; WINERY AT BLACK STAR FARMS, LLC, a Michigan limited liability company;

   Plaintiffs,

v

PENINSULA TOWNSHIP, a Michigan municipal corporation,

   Defendant,

and

PROTECT THE PENINSULA, INC.,

   Intervenor-Defendant.

Case No. 1:20-cv-01008

HON. PAUL L. MALONEY
MAG. JUDGE RAY S. KENT

**PTP RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO AMEND JUDGMENT TO INCLUDE PREJUDGMENT INTEREST AND ATTORNEYS' FEES (ECF 628, 629)**

Joseph M. Infante (P68719)
Christopher J. Gartman (P83286)
Stephen Michael Ragatzki (P81952)
*Miller, Canfield, Paddock*
Attorneys for Plaintiffs
99 Monroe Ave., NW, Suite 1200
Grand Rapids, MI 49503
(616) 776-6333
infante@millercanfield.com
gartman@millercanfield.com
ragatzki@millercanfield.com

Barry Kaltenbach
*Miller, Canfield, Paddock*
Attorneys for Plaintiffs
227 Monroe Street, Ste 3600
Chicago, IL 60606
(312) 460-4200
kaltenbach@millercanfield.com

Scott Robert Eldridge (P66452)
*Miller, Canfield, Paddock*
Attorneys for Plaintiffs
One E. Michigan Avenue, Ste 900
Lansing, MI 48933
(517) 487-2070
eldridge@millercanfield.com

Thomas J. McGraw (P48817)
Bogomir Rajsic, III (P79191)
*McGraw Morris, P.C.*
Attorneys for Defendant
44 Cesar E. Chavez Ave. SW
Suite 200
Grand Rapids, MI 49503
(616) 288-3700
tmcgraw@mcgrawmorris.com
brajsic@mcgrawmorris.com

William K. Fahey (P27745)
John S. Brennan (P55431)
Christopher S. Patterson (P74350)
*Fahey Schultz Burzych Rhodes PLC*
Co-Counsel for Defendant
4151 Okemos Road
Okemos, MI 48864
(517) 381-0100
wfahey@fsbrlaw.com
jbrennan@fsbrlaw.com
cpatterson@fsbrlaw.com

Tracy Jane Andrews (P67467)
*Law Office of Tracy Jane Andrews, PLLC*
Attorneys for Intervenor-Defendant
420 East Front Street
Traverse City, MI 49686
(231) 946-0044
tja@tjandrews.com

Holly L. Hillyer (P85318)
*Troposphere Legal, PLC*
Co-Counsel for Intervenor-Defendant
420 East Front Street
Traverse City, MI 49686
(231) 709-4709
holly@tropospherelegal.com

_____

**PTP RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO AMEND JUDGMENT TO INCLUDE PREJUDGMENT INTEREST AND ATTORNEYS' FEES (ECF 628, 629)**

## TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................4

II. ARGUMENT........................................................................................................6

    A. Rule 59(e) is an improper vehicle to address attorneys' fees and prejudgment interest on attorneys' fees. ........................................................................................6

    B. The Court should deny the Wineries' request to amend the judgment to include attorneys' fees and prejudgment on attorneys' fees.........................................................10

III. CONCLUSION ................................................................................................12

## EXHIBIT LIST

**Exhibit 1 – Unpublished Cases**
- *German Free Bavaria v. Toyobo Co., Ltd.*, 2007 U.S. Dist. LEXIS 42072 (W.D. Mich., June 11, 2007)
- *Loesel v. City of Frankenmuth,* 2014 U.S.Dist. LEXIS 109575 (E.D. Mich. Aug. 8, 2014)

**PTP RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO AMEND JUDGMENT TO INCLUDE PREJUDGMENT INTEREST AND ATTORNEYS' FEES (ECF 628, 629)**

I.   INTRODUCTION

Protect the Peninsula, Inc. (PTP) responds in opposition to Plaintiffs' (the Wineries) *Motion to Amend Judgment to Include Prejudgment Interest and Attorneys' Fees* (ECF 628) and *Brief in Support* (ECF 629). The Wineries moved under Federal Rule of Civil Procedure 59 to amend this Court's July 7, 2025, Judgment "to include pre-judgment interest in the amount of $8,097,676.80; to itemize the judgment as to each Plaintiff; and to include attorneys' fees as requested in the Wineries Post-Judgment Fee Petition." (ECF 628, PageID.32034)

PTP refrains from addressing the substantive merits of the Wineries' arguments for prejudgment interest on, and itemization of, their money damages award in accordance with this Court's prior rulings limiting PTP's role vis-à-vis damages. (*See, e.g.,* ECF 301, PageID.10703; ECF 345; ECF 528, PageID.21261-62; ECF 574, PageID.22434-74) In a nutshell, this Court determined that the Wineries' money damages request is not relevant to PTP intervention, so PTP was denied access to all of the Wineries' pre-PTP damages-related discovery and the opportunity to defend in any way the Wineries' claims for money damages. (ECF 301, PageID.10703; ECF 345, PageID.12558; ECF 528, PageID.21261-62; ECF 574, PageID.22434) The Wineries do not allege PTP is responsible for prejudgment interest on money damages. This part of their motion is inapplicable to PTP.

Irrespective of the merits, if any, of their motion to amend the Court's Judgment to include prejudgment interest on money damages, the Wineries seek also to amend the Court's Judgment

to include attorneys' fees and prejudgment interest on attorneys' fees.[1] These are issues that implicate PTP: in a separately filed fee petition and in their proposed Amended Judgment, the Wineries seek to hold PTP liable for most of their attorneys' fees (ECF 626, 627, 629-2); and the Wineries seek to impose attorneys' fees prejudgment interest upon PTP (ECF 629, PageID.32042). Supreme Court precedent establishes that requests for attorney fees are not properly a motion to amend judgment under Rule 59, as discussed below. Moreover, the Wineries failed to demonstrate that the Court's Judgment meets the standard for amendment under Rule 59(e) – the existence of clear error of law, newly discovered evidence, an intervening change in controlling law, or a need to prevent manifest injustice. Given these obvious flaws in the motion to amend, the Court should summarily deny part of the Wineries' motion. Alternatively, the Wineries may refile their motion to remove requests related to attorneys' fees (including prejudgment interest on attorneys fees), for consideration with their pending fee petition (ECF 626).

Beyond these threshold fatal deficiencies, this motion to amend the Court's Judgment to include attorneys' fees and prejudgment interest on them is also substantively flawed. The motion does not identify the amount of attorneys' fees they seek from each defendant and provides no legal precedent or argument supporting their request to amend the Court's Judgment to include attorneys' fees from each defendant. Attorneys' fees is an independent issue to be resolved through the pending fee petition, consistent with binding precedent, not tucked into a proposed Amended Judgment attached to a motion to amend judgment. (ECF 629-2, PageID.32050) The motion also

---

[1] The Wineries' motion [and brief] are titled "Plaintiffs' [Brief in Support of] Motion to Amend Judgment to Include Prejudgment Interest and Attorneys' Fees." (ECF 628, 629) Attached to the brief as Exhibit B (ECF 629-2) is the proposed "Amended Judgment," which requests amendment of the judgment to include (a) itemized money damages; (b) attorneys' fees consistent with the fee petition (ECF 626, 627); (c) prejudgment interest on money damages; (d) prejudgment interest on attorneys' fees; and (e) post-judgment interest on damages and attorneys' fees. (ECF 629, PageID.32050-52)

requests $7,157.82 in prejudgment interest on attorneys' fees that the Wineries would allocate only to PTP; $88,847.90 in prejudgment interest on attorneys' fees that they would allocate only to Peninsula Township; and $204,956 in prejudgment interest on attorneys' fees that they would allocate jointly and severally to PTP and the Township. (ECF 629, PageID.32042) The motion does not provide any legal precedent or argument supporting their request for prejudgment interest on attorneys' fees from each defendant. PTP opposes the Wineries' motion to amend the Court's Judgment to include attorneys' fees and prejudgment interest on attorneys' fees, as discussed below.

## II.    ARGUMENT

### A. The Court should deny the Wineries' motion to amend the Judgment to include attorneys' fees and prejudgment interest on attorneys' fees because it is improperly filed under Rule 59(e).

Rule 59 provides that a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. The Supreme Court expressly rejected the applicability of Rule 59(e) to post-judgment awards of attorneys' fees. Reviewing the history of Rule 59(e), the Supreme Court in *White v. New Hampshire Department of Employment Security* observed that it was adopted for the "clear and narrow" purpose of ensuring that a district court could correct its own mistakes immediately following the entry of a judgment. 455 U.S. 445, 450 (1982) (reversing First Circuit decision reversing district court fee award because post-judgment motion for fees was not filed within the time allotted under Rule 59(e)). The Supreme Court continued:

> Consistently with this original understanding, the federal courts generally have invoked Rule 59(e) only to support reconsideration of matters properly encompassed in a decision on the merits. By contrast, a request for attorney's fees under § 1988 raises legal issues collateral to the main cause of action -- issues to which Rule 59(e) was never intended to apply. Section 1988 provides for awards of attorney's fees only to a "prevailing party."

6

> Regardless of when attorney's fees are requested, the court's decision of entitlement to fees will therefore require an inquiry separate from the decision on the merits -- an inquiry that cannot even commence until one party has "prevailed." Nor can attorney's fees fairly be characterized as an element of "relief" indistinguishable from other elements. Unlike other judicial relief, the attorney's fees allowed under § 1988 are not compensation for the injury giving rise to an action. Their award is uniquely separable from the cause of action to be proved at trial.

*Id.* at 451-452 (citations and quotations omitted).

A few years after *White*, in *Osterneck v. Ernst & Whinney,* the Supreme Court reiterated that Rule 59(e) is not the appropriate rule to bring a motion for attorney fees for prevailing Section 1983 parties. 489 U.S. 169, 174 (1989). *Osterneck* distinguished postjudgment motions seeking attorney fees and costs versus prejudgment interest:

> *White* [] set the general framework for determining whether a postjudgment motion constitutes a Rule 59(e) motion to alter or amend the judgment. In that case, we held that a request for attorney's fees under 42 U. S. C. § 1988 was not a Rule 59(e) motion. We stated in *White* that a postjudgment motion will be considered a Rule 59(e) motion where it involves "reconsideration of matters properly encompassed in a decision on the merits." 455 U.S., at 451, citing *Browder v. Director, Illinois Dept. of Corrections*, 434 U.S. 257 (1978). We concluded that a request for attorney's fees did not fit this description because it raised legal issues "collateral to the main cause of action," 455 U.S., at 451, requiring an inquiry that was wholly "separate from the decision on the merits," *id*., at 451-452. We noted, moreover, that because attorney's fees under § 1988 are not considered compensation for the injury giving rise to the cause of action, their award was "uniquely separable" from the underlying merits of the controversy. *Id*., at 452.

> We revisited the question of what constitutes a Rule 59(e) motion last Term. In *Buchanan v. Stanships, Inc*., 485 U.S. 265 (1988), we considered whether a motion for the allowance of costs under Federal Rule of Civil Procedure 54(d) was a motion to alter or amend the judgment. In concluding that it was not, we relied on the fact that Federal Rule of Civil Procedure 58 draws a "sharp distinction" between a district court's judgment on the merits and an award of costs. 485 U.S., at 268. Moreover, we observed that, as with the attorney's fees in *White*, a motion for costs filed under Rule 54(d) "raises issues wholly collateral to the judgment in the main cause of action." 485 U.S., at 268.

*Id.* at 174-74. *See also Smillie v. Park Chem. Co.*, 710 F.2d 271, 274 (6th Cir. 1983) (recognizing *White* for the principle that Rule 59(e) "is not applicable to postjudgment requests for attorneys fees under 42 U.S.C. § 1988."). This is not merely a procedural deficiency; a pending Rule 59(e) motion impacts appellate deadlines. Fed. R. App. P. 4(a)(4). The Wineries' motion filed under Rule 59(e) seeking to add attorneys' fees and prejudgment interest on them is thus improper.

Rule 59(e) is silent regarding what standards a court should apply in considering such a motion. It is broadly accepted that "[t]he purpose of Rule 59(e) is 'to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings.'" *Howard v. United States*, 533 F3d 472, 475 (6th Cir. 2008) (quoting *York v. Tate*, 858 F.2d 322, 326 (6th Cir. 1988) (quoting *Charles v. Daley*, 799 F.2d 343, 348 (7th Cir. 1986)); *see also Innovative Home Health Care v. P.T.-O.T. Assocs.*, 141 F.3d 1284, 1286 (8th Cir. 1998) (Rule 59(e) "was adopted to clarify a district court's power to correct its own mistakes in the time period immediately following entry of judgment.). In the Sixth Circuit, "a court may alter the judgment based on: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *GM, LLC v. FCA US, LLC*, 44 F.4th 548, 563 (6th Cir. 2022) (citations and quotations omitted). "A motion under Rule 59(e) is not an opportunity to re-argue a case." *Sault Ste Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (declining to consider the correctness of an argument not made before judgment was entered). *See also Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir. 2018) (Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.") (quoting *Exxon Shipping Co. v. Baker,* 554 U.S. 471, 486 n.5 (2008). In *German Free Bavaria v. Toyobo Co., Ltd.*, the Western District of Michigan observed that alteration of a judgment is "an extraordinary

[remedy], which is to be used sparingly," and that Rule 59(e) is not to be used "as a vehicle to present an argument [a party] could and should have raised before the matter was adjudicated." *German Free Bavaria v. Toyobo Co, Ltd.*, 2007 U.S. Dist. LEXIS 42072, at *4-*6 (W.D. Mich., June 11, 2007) (citations omitted).

The Wineries identify no error in the Court's Judgment related to attorneys' fees nor prejudgment on them (nor anything else). (ECF 629) Because they identify no error in the Judgment nor other basis for relief under Rule 59(e), the Wineries' motion to alter it fails under Rule 59(e). To the extent the object of the Wineries' dissatisfaction is actually the Court's Bench Opinion referenced in the Court's Judgment, the Wineries identify no legal error, newly discovered evidence, change in law, or manifest injustice in the Court's Bench Opinion, either. (ECF 629) The motion thus fails (again) under Rule 59(e).

The Court provided an orderly process to consider the Wineries' request for attorney's fees in its Bench Opinion – through a "forthcoming fee petition." (ECF 623, PageID.31481) Attorneys' fees and prejudgment on them is not part of the merits of the Court's Judgment that the Wineries now seeks to amend. *See JPMorgan Chase Bank, N.A. v. Winget,* 920 F.3d 1103, 1105-06 (6th Cir. 2019) (noting that "'a claim for attorney's fees is not part of the merits of the action to which the fees pertain'"; district court can award interim attorney's fees before deciding case merits, at the same time it decides case merits; or "it can give itself time to award attorneys' fees at substantially the same time") (citations omitted); Fed. R. Civ P. 54(d)(2) (noting that the motion may be filed no later than 14 days after the entry of judgment and must identify the judgment entitling the movant to the award). The appropriate way to consider attorneys' fees and prejudgment on them is through the Wineries' fee petition, not their motion to amend judgment.

Based on the holding in *White* and its progeny that Rule 59(e) is not appropriate to consider

9

attorneys' fees, because the Wineries identified no error in the Judgment, and because the Wineries filed a timely fee petition that provides the proper forum to address the merits of their requests for attorneys' fees and prejudgment on them, the Wineries' motion to amend the Court's Judgment that includes requests for attorneys' fees and prejudgment interest on them are improper under Rule 59(e). These are the only parts of the Wineries' motion to amend that implicate PTP. The motion should thus be denied as it relates to PTP. Alternatively, the Wineries should refile their motion to amend without the improper requests for attorney fees and prejudgment interest on them.

### B. The Court should deny the Wineries' requests to amend the Judgment to include attorneys' fees and prejudgment on attorneys' fees because they are also meritless.

The Court should also deny the Wineries' request to amend the Court's Judgment to add attorneys' fees and prejudgment interests on attorneys' fees on the merits, for three reasons.

*First,* the Wineries motion fails to support the requested judgment amendments related to attorneys' fees and prejudgment interest on them. Their motion requests adding attorneys' fees to the Judgment only peremptorily – in the title of the motion and brief and in their proposed Amended Judgment. (ECF 628, 629, 629-2) There is no substantive discussion in their brief supporting the request to add attorneys' fees to the Judgment. Their request to add prejudgment interest on attorneys' fees to the judgment is raised in their brief, but only to identify their requested *amount* of prejudgment interest on attorneys' fees. (ECF 629, PageID.32040-42) The Wineries present no argument nor supporting precedent that authorizes prejudgment interest on attorneys' fees nor their entitlement to such relief anywhere.

The Wineries fail to support their bare requests to amend the Judgment to include attorneys' fees and prejudgment on them with any argument at all, and they cite no legal authority

10

whatsoever supporting these requests. *See United States v. Huntington Nat. Bank*, 574 F.3d 329, 332 (6th Cir. 2009) ("To preserve the argument, then, the litigant not only must identify the issue but also must provide some minimal level of argumentation in support of it."); *McPherson v. Kelsey*, 125 F.3d 989, 995-996 (6th Cir. 1997) ("'[i]ssues adverted in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.'") (quoting *Citizens Awareness Network, Inc. v. United States Nuclear Regulatory Comm'n*, 59 F.3d 284, 293-294 (1st Cir. 1995)); W.D. Mich. LCivR 7.1(a) ("All briefs filed in support of or in opposition to any motion shall contain a concise statement of the reasons in support of the party's position and shall cite all applicable federal rules of procedure, all applicable local rules, and the other authorities upon which the party relies.").

*Second,* the Wineries present no theory or legal basis supporting entitlement to prejudgment interest on attorneys' fees. In the Sixth Circuit, an award of prejudgment interest on attorneys' fees is discretionary. *See Easter v. Jeep Corp.,* 896 F.2d 553, at *6 (6th Cir. 1990) ("the lower court's refusal to grant any prejudgment interest on the attorney's fee award was not an abuse of discretion."); *see also Green v. Nevers,* 196 F.3d 627, 634 (6th Cir. 1999) ("Michigan state law, like federal law, does not dictate a finding that the district court's refusal to grant prejudgment interest on the attorney fees constituted an abuse of discretion"); *Loesel v. City of Frankenmuth,* 2014 U.S.Dist. LEXIS 109575 (E.D. Mich. Aug. 8, 2014) (rejecting request for prejudgment interest on attorney's fees). If the rationale for prejudgment interest on attorneys' fees is that lawyers for prevailing civil rights plaintiffs "are not paid until a favorable decision finally eventuates, which may be years later," the Supreme Court recognized the delay factor in evaluating the rate of compensation may address that concern. *See Missouri v. Jenkins,* 491 U.S. 274, 283-84

(1989). Considering prejudgment interest on attorneys' fees in a Rule 59(e) motion to amend judgment rather than as part of the fee petition creates the potential for prevailing attorneys to achieve multiple "delay" enhancements.

*Third,* the Wineries have not demonstrated that PTP is responsible for any part of their attorneys' fees under Section 1988. The Supreme Court concluded that Section 1988 generally intends to impose attorney's fee liability on "the party legally responsible for relief on the merits," which is generally the "losing defendant," not an intervening defendant who intervened to protect legal rights. *See Indep. Fed'n of Flight Attendants v. Zipes*, 491 U.S. 754, 763-65 (1989) (quoting *Kentucky v. Graham,* 473 U.S. 159, 165 (1985)). "The rule to be gleaned from *Zipes* is that a prevailing plaintiff may not obtain attorney fees from a losing intervening defendant, pursuant to a fee-shifting statute such as § 2000e-5(k) or § 1988, unless the intervening defendant's position was frivolous, unreasonable, or without foundation." *Heald v. Granholm,* 457 F.Supp.2d 790, 792 (E.D. Mich. 2006). PTP intervention is not frivolous. *See WOMP v. Peninsula Township (WOMP I)*, 41 F.4th 767 (6th Cir. 2022); *WOMP v. Peninsula Township (WOMP II)*, 2022 U.S. App. LEXIS 23575 (6th Cir. 2022) (ECF 251). For this reason and those discussed in PTP's response to the Wineries' fee petition, there is no basis to find PTP responsible for the Wineries' attorneys' fees. And for the same reasons PTP is not responsible for the Wineries' attorneys' fees, PTP is not responsible for prejudgment interest on them.

The Court should deny the Wineries' request to amend the Court's Judgment to impose liability on PTP for any part of the Wineries' attorneys' fees and prejudgment interest on them.

### III. CONCLUSION

For the reasons discussed above, the Court should deny the Wineries' motion.

Respectfully Submitted,

Date: August 1, 2025            By: _/s/ Tracy J. Andrews_____
                                        Tracy Jane Andrews (P67467)
                                        *Law Office of Tracy Jane Andrews, PLLC*
                                        Attorneys for Intervener
                                        420 East Front Street
                                        Traverse City, MI 49686
                                        (231) 946-0044
                                        tja@tjandrews.com

Date: August 1, 2025            By: __/s/ Holly L. Hillyer_____
                                        Holly L. Hillyer (P85318)
                                        *Troposphere Legal, PLC*
                                        Co-Counsel for Intervenor-Defendant
                                        420 East Front Street
                                        Traverse City, MI 49686
                                        (231) 709-4709
                                        holly@tropospherelegal.com

## CERTIFICATE OF SERVICE

I, Tracy Jane Andrews hereby certify that on the 1st day of August 2025, I electronically filed *PTP's Response in Opposition to Plaintiffs' Motion to Amend Judgment to Include Prejudgment Interest and Attorneys' Fees (ECF 628, 629)* with the Court's ECF system, which will send a notification of such to all parties of record.

Respectfully submitted,

Date: August 1, 2025           By: _/s/ Tracy J. Andrews_____
                                    Tracy Jane Andrews (P67467)
                                    *Law Office of Tracy Jane Andrews, PLLC*
                                    Attorneys for Intervener
                                    420 East Front Street
                                    Traverse City, MI 49686
                                    (231) 946-0044
                                    tja@tjandrews.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.3(b)(i)

This Brief complies with the word count limit in W.D. Mich. LCivR 7.3(b)(i). This brief was written using Microsoft Word Office 365 and has a word count of 3,064 words.

Respectfully submitted,

Date: August 1, 2025           By: _/s/ Tracy J. Andrews_____
                                    Tracy Jane Andrews (P67467)
                                    *Law Office of Tracy Jane Andrews, PLLC*
                                    Attorneys for Intervener
                                    420 East Front Street
                                    Traverse City, MI 49686
                                    (231) 946-0044
                                    tja@tjandrews.com