UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WINERIES OF THE OLD MISSION PENINSULA )
ASSOCIATION, *et al.*, )
   Plaintiffs, )
               )  No. 1:20-cv-1008
-v- )
               )  Honorable Paul L. Maloney
PENINSULA TOWNSHIP, )
   Defendant, )
               )
and )
               )
PROTECT THE PENINSULA, INC., )
   Intervenor-Defendant. )
               )

## ORDER DENYING PLAINTIFFS' MOTION TO AMEND THE JUDGMENT

This matter comes before the court on Plaintiffs' motion to amend the judgment to include prejudgment interest. (ECF No. 628). Defendants filed responses in opposition. (ECF No. 633, 635). Plaintiffs filed a reply. (ECF No. 642). The court will deny the motion.

### I.

On July 7, 2025, this court entered judgment in favor of the Wineries. (ECF No. 624). The court awarded the Wineries over $49 million in damages. (ECF No. 623 at PageID.31479-80). Now, the Wineries request that this court amend the judgement under Rule 59 and award prejudgment interest in the amount of $8,097,676.80.

### II.

A Rule 59 motion should only be granted if there was (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to

1

prevent manifest injustice. *Michigan Flyer LLC v. Wayne Cnty. Airport Auth.*, 860 F.3d 425, 431 (6th Cir. 2017).

Generally, prejudgment interest is intended to make the plaintiff whole; it "'is an element of complete compensation.'" *In re ClassicStar Mare Lease Litig.*, 727 F.3d 473, 494-95 (6th Cir. 2013) (quoting *EEOC v. Wilson Metal Casket Co.*, 24 F.3d 836, 842 (6th Cir. 1994)). An award of prejudgment interest rests upon the discretion of the district court. *In re ClassicStar Mare Lease Litig.*, 727 F.3d at 494.

### III.

The Wineries request that this court amend the judgement under Rule 59 and award prejudgment interest in the amount of $8,097,676.80. They assert that without prejudgment interest, they were not made whole. Defendants argue that Rule 59 is not the proper vehicle for the Wineries' request. Alternatively, Defendants assert that the damages award sufficiently compensated the Wineries.

First, Rule 59 is the proper procedural vehicle for plaintiffs to seek an award of prejudgment interest. *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175 (1989). "In deciding if and how much prejudgment interest should be granted, a district court must examine—or in the case of postjudgment motion, reexamine—matters encompassed within the merits of the underlying action." *Id.* at 176. When doing so, courts consider "whether prejudgment interest is necessary to compensate the plaintiff fully for his injuries, the degree of personal wrongdoing on the part of the defendant, . . . whether the plaintiff delayed in bringing or prosecuting the action, and other fundamental considerations of fairness." *Id.*

In this regard, the Court distinguished prejudgment interest and attorneys fees. To the extent that the Wineries seek to amend the judgment to also award attorneys fees, the court will deny the request. Attorneys fees are distinct from the prejudgment interest issue. *See JPMorgan Chase Bank, N.A. v. Winget*, 920 F.3d 1103, 1105-06 (6th Cir. 2019). The attorneys fee issue will be resolved in a later order. (ECF No. 623 at PageID.31481); (ECF No. 626).

Second, the court will exercise its discretion and deny the Wineries' request for an additional $8,097,676.80 in compensation. Much of the relevant jurisprudence here turns on principles of equity. In the court's judgment, an award of $8,097,676.80 in addition to a nearly $50 million judgment would be excessive for several reasons. The court recognizes that prejudgment interest is often a component of complete compensation, especially considering § 1983's remedial purpose. *See, e.g., Rao v. New York City Health & Hospitals Corp.*, 882 F.Supp. 321, 326 (S.D.N.Y. 1995). Despite those considerations, § 1983's remedial purpose is outweighed by several equitable factors. *See Beck v. Manistee Cnty.*, No. 1:97-CV-533, 2005 WL 2620194, at *7 (W.D. Mich. Oct. 14, 2005) (citing *Wickham Contracting Co. v. Local Union No. 3,* 955 F.2d 831, 833-34 (2d Cir. 1992)).

The court concludes that the existing judgment adequately compensates the Wineries. Importantly, at least some of the costs associated with this lawsuit will be paid by the taxpayers. This lawsuit also raised a host of novel issues, and some of the constitutional violations were more glaring than others. It cannot be said that Defendants had no good faith arguments in opposing this action. *See, e.g., Beck*, 2005 WL 2620194, at *7 (declining to

3

award prejudgment interest after the defendant county raised meritorious defenses). Afterall, this court declined to award injunctive relief. The Township elected to go to trial without a damages expert, and that decision undoubtably contributed to the size of the judgment. Equity does not favor an award of prejudgment interest.

## IV.

Having reviewed the parties' filings, the court's previous bench opinion and judgment, and the relevant jurisprudence, the court will deny Plaintiffs' motion. Plaintiffs' attorneys fee requests will be addressed in a future order.

**IT IS HEREBY ORDERED** that Plaintiffs' motion to amend the judgment to include prejudgment interest (ECF No. 628) is **DENIED.**

**IT IS SO ORDERED.**

Date: August 14, 2025                                  /s/ Paul L. Maloney
                                                                  Paul L. Maloney
                                                                   United States District Judge