UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WINERIES OF THE OLD MISSION PENINSULA ASSOCIATION, *ET AL.*,<br>    Plaintiffs,<br><br>v.<br><br><br>PENINSULA TOWNSHIP,<br>    Defendant,<br><br>and<br><br>PROTECT THE PENINSULA, INC.,<br>    Intervenor-Defendant. | No. 1:20-cv-1008<br><br>Honorable Paul L. Maloney |

### ORDER GRANTING PLAINTIFFS' MOTION TO STRIKE

This matter comes before the Court on a motion to strike a reply brief filed by Defendant Peninsula Township. (ECF No. 660). The reply brief in question, (ECF No. 658), was filed to support the Township's motion to stay enforcement of the judgment and waive bond on appeal, (ECF No. 636). This District's local rules allow reply briefs only for dispositive motions, *see* W.D. Mich. LCivR 7.2(c), or with leave of the court, *see id.* 7.3(c). The Township's motion was not dispositive and the Township did not obtain the Court's leave to file a reply brief. It was thus not in compliance with this Court's rules, so Plaintiffs' motion to strike it will be granted.

I.

This District's rules treat dispositive motions and nondispositive motions differently. For dispositive motions, the rules allow movants to file a reply brief after parties opposing

1

their motion serve a responsive brief. *See* W.D. Mich. LCivR 7.2(c). For nondispositive motions, the rules allow for reply briefs only with leave of the court. *See id.* 7.3(c). Dispositive motions are defined as "motions for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, to involuntarily dismiss an action, and other dispositive motions as defined by law." *Id.* 7.2(a). Nondispositive motions are defined as "all motions not specifically listed in LCivR 7.2(a)." *Id.* 7.3(a).

The Federal Rules of Civil Procedure also distinguish between dispositive and nondispositive motions when outlining which motions a magistrate judge may decide without the parties' consent and which motions a magistrate judge may only issue a report and recommendation regarding. *Compare* Fed. R. Civ. P. 72(a) (allowing a magistrate judge to decide nondispositive matters), *with id.* 72(b) (allowing magistrate judges to issue reports and recommendations regarding dispositive matters). The statute empowering magistrate judges to do these things has a list very similar to the one in this District's local rule defining a "dispositive motion." *See* 28 U.S.C. § 636(b)(1)(A). When evaluating what a magistrate judge is empowered to do with a motion, courts in the Sixth Circuit employ a "functional analysis of the motion's potential effect on the litigation" to determine if an unlisted motion may be dispositive by dint of being "functionally equivalent to those listed." *Vogel v. U.S. Off. Prods. Co.*, 258 F.3d 509, 514-15 (6th Cir. 2001).

## II.

The motion the reply brief was supporting here was a motion to stay enforcement of a judgment and waive bond requirements while the case is on appeal. (*See* ECF No. 636).

As an initial matter, delaying the enforcement of a judgment would not dispose of a party's "claim or defense" as a typical dispositive motion would. *Vogel*, 258 F.3d at 514. Stays are routinely treated as nondispositive under both the District's local rules and under the applicable rules for magistrate judges. *See, e.g., Townsend v. Mich. Dep't of Corr.*, No. 1:23-cv-1023, 2025 WL 1545349, at *1 (W.D. Mich. Apr. 24, 2025); *Foreword Magazine, Inc. v. OverDrive, Inc.*, No. 1:10-cv-1144, 2011 WL 31044, at *1 (W.D. Mich. Jan. 5, 2011). They are not explicitly listed in Local Rule 7.2(a), and so would ordinarily be nondispositive under Local Rule 7.3(a). To evade this conclusion, under the *Vogel* test, the Township must demonstrate that their motion was "functionally equivalent" to one of the enumerated items in the 7.2(a) list. *See Vogel*, 258 F.3d at 515.

The Township analogizes this motion to those in two cases where courts treated ordinarily nondispositive motions as dispositive because of their effect, and neither analogy is persuasive. In *United States v. Stone*, the court considered the defendant's motion for a stay to be dispositive when granting the stay would functionally have denied the plaintiff's motion for a preliminary injunction. No. 1:06-CV-157, 2006 WL 2077579, at *1-2 (W.D. Mich. July 24, 2006). Here, delaying enforcement of the judgment does not dispose of the relief awarded by that judgment, whereas staying proceedings in *Stone* effectively denied preliminary injunctive relief by refusing to order that relief at a relevant time. The Township also cites *U.S. Fidelity & Guaranty Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1088 (6th Cir. 1992). There, the court found that a motion to realign the parties was dispositive because doing so would either maintain or destroy complete diversity and thus subject matter jurisdiction. *Id.* The Township argues that its motion in this case is similar because it is

"significant" and delays Plaintiffs' ability to enforce the judgment "for an extended period of time." (ECF No. 664 at PageID.33057). Significant though the motion may be, it is not at all similar to one which would deprive the Court of the ability to hear the case entirely and make granting relief impossible. The motion here is simply one that would delay enforcement of granted relief rather than deny it outright. It is thus nondispositive and subject to Local Rule 7.3(c).[1]

The Township argues Plaintiffs filed a reply brief supporting their motion for attorneys' fees, so the Court should either allow this reply brief or strike that one as well. Each motion must be evaluated individually based on whether it has the functional effect of a listed dispositive motion. *See Vogel*, 258 F.3d at 514-15. If the Township believes that Plaintiffs' motion for attorneys' fees is nondispositive, the Township is free to file its own motion to strike Plaintiffs' reply. That issue, though, has no bearing on whether the present brief complied with the relevant rules. It did not, so Plaintiff's motion to strike (ECF No. 660) is **GRANTED**. The Township's reply brief supporting its motion to stay enforcement of the judgment (ECF No. 658) shall be **STRICKEN**.

**IT IS SO ORDERED**.

Date: November 4, 2025              /s/ Paul L. Maloney
                                    Paul L. Maloney
                                    United States District Judge

---

[1] Plaintiffs raise other arguments for striking the Township's brief, including that it raises new arguments and that evidence within it is inadmissible. The Court need not, and does not, reach those issues.