UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WINERIES OF THE OLD MISSION PENINSULA ASSOCIATION, *ET AL.*,<br>　　　Plaintiffs,<br><br>v.<br><br>PENINSULA TOWNSHIP,<br>　　　Defendant,<br><br>and<br><br>PROTECT THE PENINSULA, INC.,<br>　　　Intervenor-Defendant. | No. 1:20-cv-1008<br><br>Honorable Paul L. Maloney |

## ORDER DENYING PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE

This matter comes before the Court on Plaintiffs' motion for an order to show cause related to Peninsula Township's failure to timely disclose an insurance policy. (ECF No. 648). Peninsula Township has not provided a substantial justification for its failure to disclose the Emcasco policy as either a supplement to its Rule 26 disclosures or in response to Court orders for production. At the same time, Plaintiffs learned of this policy years ago and have not credibly explained how the Township's failure to produce it caused them any prejudice. The Court thus finds inadequate reason to impose sanctions on either the Township or its current counsel, so Plaintiffs' motion will be denied.

I.

Federal Rule of Civil Procedure 37(b)(2) applies where parties fail to comply with court orders during discovery. Each of the sanctions listed in Rule 37(b)(2)(A) falls on a

1

spectrum of consequences making the case harder to win for the sanctioned party, from directing adverse findings of fact to dismissal or default judgment; the exception is the final potential consequence: finding the disobedient party in contempt of court. Rule 37(b)(2)(C) provides that "[i]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

Rule 37(c) applies where parties fail to provide information they must disclose under Rule 26(a) or fail to supplement those disclosures. Rule 37(c)(1) provides that parties failing to disclose or supplement their disclosures may not "use that information . . . to supply evidence . . . unless the failure was substantially justified or is harmless." Courts also have discretion to add to or replace those consequences with "payment of reasonable expenses, including attorney's fees, caused by the failure" or any of the consequences other than contempt from Rule 37(b)(2)(A). *See* Fed. R. Civ. P. 37(c)(1)(A)-(C).

## II.

In March of 2021, Peninsula Township served its initial disclosures under Rule 26 and indicated it was not aware of any applicable insurance policies to disclose. After a request for production from Plaintiffs, and a court order, Peninsula Township produced an insurance policy from Argonaut in October of 2021. In April 2023, it came to light that the Township failed to produce a policy from U.S. Specialty Insurance. The Court sanctioned the Township for this failure to produce the policy.

But there is a third company providing insurance to the Township, Emcasco. The Township provided this policy to its counsel along with a letter from Emcasco denying liability to cover litigation expenses in this case in December of 2020. In May of 2023, the Township had different counsel representing them, and the Township's counsel disclosed the Emcasco policy in a case in the Michigan courts involving one of the Plaintiffs, represented by Plaintiffs' counsel here. On August 12, 2025, Plaintiffs' counsel sent a letter to the Township's counsel demanding the Emcasco policy in response to a public statement made by the Township referring to three insurance policies potentially providing coverage. Early on August 13, 2025, the Township's counsel responded and turned over the Emcasco policy. Plaintiffs' counsel then placed one phone call each to two of the attorneys for the Township on August 15, 2025, left a voicemail for each of them, and filed the present motion two hours later without receiving any response.

### III.

Plaintiffs request sanctions on both Peninsula Township and its counsel. The Court finds sanctions are not warranted as to either but will discuss each separately. The Township itself relied on its counsel throughout the discovery process and appropriately provided all relevant material to its counsel. The Township's counsel is more at fault for failing to supplement the Rule 26 disclosures, but Plaintiffs were not prejudiced by that failure.

### A. Sanctions on Peninsula Township Are Not Warranted Because the Township Was Not at Fault for the Failure to Disclose.

Generally, "an innocent [party] should not be penalized for the conduct of an inept attorney." *Freeland v. Amigo*, 103 F.3d 1271, 1278 (6th Cir. 1997). The discovery sanctions

3

serve a deterrent function, discouraging parties and attorneys from behaving in ways that would hinder orderly progression of the judicial process. *See Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). A sanction fails to serve this deterrent function if the sanctioned party was not culpable for the failure. This is not to say that parties can never bear the consequences of their attorneys' mistakes, as they must when they are barred from using certain pieces of evidence or making certain arguments, but the concern of holding the right actor accountable is particularly acute because the Court is considering monetary sanctions only. If the Township did nothing to cause the failure, there is no behavior to warn future litigants against repeating by imposing the monetary sanction.

Plaintiffs offer no reason that the Township is responsible for the failure to disclose the insurance policy as opposed to the Township's counsel. The Township made all three insurance policies available to its counsel before Rule 26 disclosures or any discovery responses were due. (*See* ECF No. 663-5 at PageID.32981). Counsel is charged with knowledge of what to do with this information, not the Township. The Township's production of the insurance policies to its counsel distinguishes this case from other cases Plaintiffs cite where sanctions on the party were warranted, such as *Palacino v. Beech Mountain Resport, Inc.*, No. 1:13cv334, 2015 WL 8731779 (W.D.N.C. Dec. 11, 2015). In *Palacino*, the defendant's attorney requested that the defendant provide her with all applicable insurance policies and made no attempt to verify the completeness of the information she gathered. *See id.* at *3. The defendant sent her one policy but did not include another which "a cursory review of the existing policies" would have revealed. *Id.* The court imposed a sanction of $1000 on the attorney and $500 on the defendant, payable

4

to the registry of the court. *Id.* at *4. There, the defendant had clear culpability in failing to produce reasonably available documents to the attorney; that is not the case here. Plaintiffs offer no evidence of the Township's bad faith or intentional obfuscation of information during the discovery process. It made all of the relevant information available to its attorneys, and once they had the information, they bore the responsibility to provide it. The Court now turns to the question of possible sanctions on the Township's counsel.

### B. Sanctions on Peninsula Township's Current Counsel Are Not Warranted Because Plaintiffs Were Not Harmed by the Failure to Disclose the Insurance Policy.

The Township's counsel should have disclosed the Emcasco policy with the initial Rule 26 disclosures.[1] *See* Fed. R. Civ. P. 26(a)(1)(A)(iv) (requiring disclosure of "any insurance agreement under which an insurance business *may be* liable to satisfy all or party of a possible judgment in the action" (emphasis added)). The declination letter did not foreclose the possibility of Emcasco's liability, and the Township's current position in other litigation that Emcasco *is* liable suggests that counsel should have known that. The Township's prior counsel thus failed in its obligation, and its current counsel failed in its obligation to supplement the initial disclosures. Failures to supplement initial disclosures are governed by the "substantially justified or harmless" standard of Rule 37(c). *See Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transp.*, 596 F.3d 357, 370 (6th Cir. 2010).

---

[1] Plaintiffs also assert that the Township was obligated to turn over the Emcasco policy in response to a court order requiring it to produce any policy of insurance responsive to Request to Produce No. 22. The Township disputes whether the Emcasco policy would have been responsive to that request for production. (*See* ECF No. 663 at PageID.32938-39). Even assuming the Emcasco policy would have been responsive to the court order for production of documents, the Court would consider prejudice to Plaintiffs in its analysis. *See Freeland*, 103 F.3d at 1278. Because the Court is not convinced there was meaningful prejudice, the Court would not find sanctions justified at this point for either violation of the obligation to supplement the Rule 26 disclosures or for the failure to turn over the Emcasco policy with the other documents responsive to the 2021 order.

Here, there was no justification, but the error was harmless. To assess substantial justification and harmlessness, courts consider the surprise to the opposing party, the ability of that party to cure the surprise, the extent to which allowing the nondisclosed evidence would disrupt the trial, the importance of the evidence, and the nondisclosing party's explanation for its failure to provide the evidence. *See Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015). At this stage of the litigation, only some of these factors are relevant: the trial has come and gone and the evidence would not have been usable in it.

As to the surprise and cure of the surprise factors, Plaintiffs knew about the Emcasco policy soon after the Township's present counsel began their representation. Present counsel for the Township joined the case in early 2023, and prior counsel was terminated in this case soon afterward. Peninsula Township disclosed the Emcasco policy in state litigation in May of 2023, in which one of the Plaintiffs here was a plaintiff and Plaintiffs' counsel was the plaintiff's counsel. (*See* ECF No. 663-12 at PageID.33012). Despite this, it does not appear that Plaintiffs took any action with regard to the Emcasco policy until August of 2025. Once they did, the Township's counsel turned over the policy within a day. Counsel should have realized the error and corrected it earlier, but once Plaintiffs raised the issue, the Township's counsel rectified it without delay or court intervention.

As to the importance of the evidence, Plaintiffs have not produced any evidence that they were prejudiced by the Emcasco policy not being timely disclosed. Plaintiffs assert that they were "handicapped in preparing for" mediation and settlement conferences "by not knowing the full scope of the Township's insurance coverage." (ECF No. 650 at PageID.32379). Theoretically, failure to disclose an insurance policy can harm an opposing

6

party's ability to "properly assess litigation strategy" and "mediation strategy." *Palacino*, 2015 WL 8731779, at *3. But that harm must be substantiated beyond the party's assertion. *See id.* at *3-4 ("Plaintiffs overstate the extent of the harm[.] . . . [I]t does not appear that Defendant had any intention of settling this case at mediation for an amount that would have been acceptable to Plaintiffs, regardless of whether Plaintiffs knew about the existence of the umbrella policy."); *Caltrider v. Teva Sales & Mktg., Inc.*, No. 1:23-cv-536, 2025 WL 3478225, at *7 (W.D. Mich. Oct. 24, 2025) (finding prejudice when party at fault failed to produce documents relevant to defenses days before trial). Here, there were three insurance policies; Plaintiffs have not explained how the existence of the third would have materially impacted their positions in the litigation, mediation, or settlement discussions during the time period when they did not know about it. When they did know about it, any impact would be minimal. *See EEOC v. Dolgencorp, LLC*, 196 F. Supp. 3d 783, 797 (E.D. Tenn. 2016).

The Township's counsel's explanation for not disclosing the Emcasco policy, of course, does not reflect well on them. They shift blame onto prior counsel and did not act as "immediately" as they assert, instead failing in their continuing obligation to supplement the Rule 26 disclosures for years until Plaintiffs sent a demand letter for the Emcasco policy. (ECF No. 663 at PageID.32944). While the Court is mindful of the consequences of imputing every oversight of former counsel onto present counsel, the Court also will not minimize the importance of continuing obligations to supplement disclosures. However, this merely suggests that the justification for failure to disclose the Emcasco policy is inadequate, not that the failure to disclose it harmed Plaintiffs.

The Court finds that the Township's counsel bears the blame for failing to turn over the Emcasco policy when they should have and failing to correct the error of prior counsel. But the Court also finds that little to no harm was done, both because Plaintiffs have not adequately explained how not knowing of a third insurance policy could have harmed them and because Plaintiffs had actual knowledge of the policy years before they filed this motion. Sanctions beyond making a record of counsel's negligence are not warranted.

### C. Plaintiff's Counsel Failed to Follow This Court's Local Rules on Concurrence in Good Faith When Making This Motion.

This Court's rules require "good-faith effort[s] to resolve the dispute" before the filing of any nondispositive motion. W.D. Mich. LCivR 7.1(d)(ii)(A). These efforts must include a conference where the movant "reasonably explains the basis for the motion and allows for an interactive process aimed at reaching agreement on the matter[.] . . . The conference must be held sufficiently in advance of filing the motion to allow the opportunity for meaningful discussion." *Id.* Violation of this rule may result in sanctions, including "taxing costs and attorney's fees, denying the motion, and striking the filing." *Id.* 7.1(d)(iii). This reflects the importance of the rule in preventing routine matters from generating "mutual lapses in professionalism" and "behavior reminiscent of a schoolyard tiff." *Woodhull v. County of Kent*, No. 1:04-CV-203, 2006 WL 708662, at *1 (W.D. Mich. Mar. 21, 2006).

Here, Plaintiffs' certification of compliance with the concurrence rules indicates that on August 15, 2025, two of Plaintiffs' attorneys placed one phone call each to a different one of Defendants' attorneys, and in each case left a voice mail. (*See* ECF No. 651). Plaintiffs' counsel made the calls at 12:59 PM and 1:06 PM. (ECF Nos. 663-8, 663-9). Plaintiffs'

8

counsel then filed the instant motion at 3:12 PM the same day before receiving any response. (ECF No. 663-10). Such a short period of time between the supposed attempts at conferring and the filing of the motion illustrates less a good-faith attempt to resolve the dispute and more "impatience." *See Powers v. Thomas M. Cooley L. Sch.*, No. 5:05-CV-117, 2006 WL 2711512, at *3 (W.D. Mich. Sep. 21, 2006). Plaintiffs held no conference and did not attempt to schedule one "sufficiently in advance of filing the motion to allow the opportunity for meaningful discussion." W.D. Mich. LCivR 7.1(d)(ii)(A). While the Court sees no reason to impose monetary sanctions for this lapse in judgment, the Court notes that the lapses in professionalism revealed by this motion, while not equivalent, are mutual. *Cf. Woodhull*, 2006 WL 708662, at *1.

## IV.

Defendants' counsel failed to uphold their obligations to correct the mistakes of prior counsel and supplement their disclosures to include the Emcasco policy. But Plaintiffs do not credibly describe how the failure to turn over a third insurance policy, which they learned of anyway in 2023, could have prejudiced them, and rushed to file this motion without any real attempt at conferring with Defendants' counsel. The Court suggests that counsel on each side reflect on how to avoid the lapses in professionalism described herein in the future. Plaintiffs' motion (ECF No. 648) is **DENIED**.

**IT IS SO ORDERED**.

Date:  February 26, 2026                    /s/ Paul L. Maloney
                                                                              Paul L. Maloney
                                                                              United States District Judge